UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAND LITTLE,<br><br>    Plaintiff,<br><br>  v.<br><br>PACIFIC SEAFOOD PROCUREMENT, LLC, et al.,<br><br>    Defendants. | Case No. 23-cv-01098-AGT<br><br>**ORDER ON MOTION TO TRANSFER VENUE**<br><br>Re: Dkt. No. 23 |

  Defendants do not dispute that this Court has personal jurisdiction and that venue is proper in the Northern District of California. They have asked the Court, however, to transfer this case to the United States District Court for the District of Oregon, "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). For the reasons set forth below, the Court declines to do so.

* * *

  *First*, the named plaintiff, Brand Little, has considerable relevant ties to this District. He docks his fishing vessel in San Francisco, dkt. 31-1, Little Decl. ¶ 2; he fishes for Dungeness crab "exclusively under a California permit," *id.* ¶ 5; during the proposed class period, he fished for crab only "in coastal waters between Monterey County and the Oregon [b]order," *id.*; and

during the proposed class period, all of the Dungeness crab he caught was "landed and sold in San Francisco," *id.* ¶ 6. These connections dispel concerns about forum shopping.

Because this is a proposed class action, "the named plaintiff's choice of forum is given less weight" than it would be given in an individual action. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Even so, Little's choice of forum is entitled to more than minimal consideration. "Minimal consideration" would be warranted if "the operative facts [had] not occurred within the forum and the forum [had] no interest in the parties or subject matter." *Id.* That's not the case. Little has extensive contacts with the forum, including contacts relating to his claims. His choice of forum is entitled to deference. *See id.*

*Second*, although it would be easier for the defendants, all Oregon-based companies, to litigate in Oregon, it would be more convenient for Little to litigate here. If the Court were to transfer venue, it would only be shifting the inconvenience from one party to another. Such a shifting of inconvenience doesn't warrant a transfer. *See Hendricks v. StarKist Co.*, No. 13-CV-729 YGR, 2014 WL 1245880, at *4 (N.D. Cal. Mar. 25, 2014) ("[C]ourts have held that transfer is inappropriate where it would merely shift rather than eliminate the inconvenience.") (simplified).

*Third*, even though Oregon and Washington may be "the epicenters" of Dungeness crab fishing, dkt. 23-1, Occhipinti Decl. ¶ 10, California is home to more than a de minimis amount of the market. Between the three states, California accounted for 21.2% of Dungeness crab landings from 2019 through 2021. *See id.* And while a greater quantity of Dungeness crab, in pounds, was landed in Oregon and Washington, California issued more Dungeness crab fishing permits per season than either Oregon or Washington did. *See* Dkt. 31-2, Gross Decl. ¶ 8. This fact suggests that there may be more crabbers, and thus more class members, in California than

in Oregon or Washington. Closer scrutiny may not bear out this finding (defendants, in reply, note that Oregon and Washington have enacted a permitting reciprocity system, which may distort the calculation of how many crabbers are in each state, *see* dkt. 34 at 7). But it's clear enough that there are a significant number of Dungeness crabbers in California.

Further, although Little seeks to represent a class of crabbers from California, Oregon, and Washington, his allegations are the most specific when it comes to the "ex vessel" (i.e., off the boat) market for Dungeness crabs caught off the coast of Santa Cruz, San Mateo, San Francisco, Sonoma, and Mendocino counties, all of which are in this District. *See* Compl. ¶¶ 11 & n.1, 16, 70–71, 111–15, 140. Reflecting this focus, he seeks to represent a subclass of California crabbers, with the subclass pursuing California state-law claims. *See id.* ¶¶ 55–56, 222–42.

All this suggests that the interests of justice do not weigh against venue here and that relevant evidence and witnesses are likely to be found in this District.

*Fourth*, although the convenience of third-party witnesses is an important factor in the venue analysis, *see Hendricks*, 2014 WL 1245880, at *3, neither side has identified any third-party witnesses by name or expected testimony. The lack of such detail isn't surprising at this early stage, but its absence counts against the defendants, who bear the burden on their motion. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). "In establishing inconvenience to witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance." *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1193 (S.D. Cal. 2007). Defendants haven't done so.

*Fifth*, although a transfer to the District of Oregon may "facilitate ease of access to sources of proof, because [defendants'] documents are stored in Oregon," dkt. 23 at 15

3

(simplified), the Court doesn't place great weight on this factor. "[C]ourts have stated that the transportation of documents generally is not regarded as a burden because of technological advances in document storage and retrieval." *Hendricks*, 2014 WL 1245880, at *4.

* * *

The balance of relevant factors doesn't tip "strongly in favor of the defendants," *Sec. Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985), as would be needed to warrant a transfer. As a result, the plaintiff's choice of forum will not be disturbed.

The Court denies defendants' motion to transfer venue.

**IT IS SO ORDERED.**

Dated: June 29, 2023

Alex G. Tse
United States Magistrate Judge