UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAND LITTLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC SEAFOOD PROCUREMENT, LLC, et al.,<br><br>　　　　Defendants. | Case No.  23-cv-01098-AGT<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 60 |

　　　　1. Little may subpoena the California, Oregon, and Washington fish and wildlife departments for ex vessel sales records dating back to the 1999/2000 season. The agencies may move to quash the subpoenas if they have grounds for doing so. The agencies, not Pacific Seafood, have standing to object based on burden. *See Finley v. Pulcrano*, No. C 08-0248 PVT, 2008 WL 4500862, at *1 (N.D. Cal. Oct. 6, 2008) ("A party does not have standing to quash a subpoena on the basis that the non-party recipient of the subpoena would be subjected to an undue burden . . . .").

　　　　It remains to be seen how quickly the agencies will be able to gather and produce twenty-four years of ex vessel sales records. The Court isn't interested in delaying the case for months and months (or years) waiting for these records. The records have some relevance, but Little hasn't established that they are critical to his ability to successfully amend his complaint. If obtaining them will considerably delay the case, the Court may require Little to move forward even without them.

2. Little hasn't convinced the Court that he needs Pacific Seafood's Dungeness crab sales data to successfully amend his complaint. The Court dismissed Little's § 1 claim because Little hadn't plausibly alleged "that hundreds of direct purchasers [of Dungeness crab] [had] been coerced into joining a price-fixing conspiracy." Dkt. 59 at 4. The Court dismissed Little's § 2 claim because Little's market definition was "facially unsustainable." *Id.* at 7 (quoting another source). Little hasn't explained how the sales data he seeks would move the needle toward curing these deficiencies. Pacific Seafood need not produce it.

3. The Court agrees with Little that Pacific Seafood's "costs of shipping and processing Dungeness crab for the last four seasons" are relevant. Dkt. 60 at 3. It appears, however, that some of the data Little seeks isn't available. *See id.* at 4 ("Defendants do not maintain cost data in the form requested by Plaintiff . . . ."). The Court orders the parties to meet and confer further about this discovery topic, by June 13, 2024, with the expectation that Pacific Seafood will produce responsive cost data if the company has it.

4. Little may subpoena five ex vessel buyers for communications concerning "ex vessel prices, season opening dates, and purchases from buyers that control certain ports, during the last four seasons." Dkt. 60 at 4. If the subpoenaed buyers object to producing the requested communications, Little may seek to compel Pacific Seafood to produce responsive communications it has had with the subpoenaed buyers. The Court won't require Pacific Seafood to preemptively agree to produce such communications at this time.

**IT IS SO ORDERED.**

Dated: June 10, 2024

_____
Alex G. Tse
United States Magistrate Judge