UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAND LITTLE,<br><br>    Plaintiff,<br><br>v.<br><br>PACIFIC SEAFOOD PROCUREMENT, LLC, et al.,<br><br>    Defendants. | Case No. 23-cv-01098-AGT<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 65 |

    If this case moves past the pleading stage, Little may renew his request for discovery concerning documents Pacific Seafood may have destroyed after the case began. Little hasn't convinced the Court that such discovery is appropriate now.

    The Court has permitted only targeted discovery so far, on topics relevant to pleading deficiencies. *See* Dkt. 61; Dkt. 59 at 10. Little hasn't offered evidence supporting that Pacific Seafood has destroyed documents responsive to the targeted discovery requests permitted. Discovery on spoliation at this time would thus result in satellite litigation having next to no bearing on whether Little can state a claim and survive a motion to dismiss.

    This isn't to belittle the importance of evidence preservation. Parties must "preserve evidence which [they] know[] or reasonably should know is relevant to the action." *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006). Pacific Seafood

represents that it has fully complied with its preservation obligations. *See* Dkt. 65 at 2. Hopefully that's true. If the company destroys relevant documents, it may be sanctioned. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).

At this time, the Court won't bar Pacific Seafood from destroying *any* documents, as Little proposes. "Organizations are not generally required to preserve every email or electronic document," irrespective of relevance. *Doe LS 340 v. Uber Techs., Inc.*, No. 23-MD-03084-CRB-LJC, 2024 WL 107929, at *3 (N.D. Cal. Jan. 9, 2024) (simplified).

**IT IS SO ORDERED.**

Dated: July 12, 2024

Alex G. Tse
United States Magistrate Judge