[Submitting counsel listed below]

October 7, 2024

*VIA ECF*
Hon. Alex G. Tse
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

      Re:    **Brand Little v. Pacific Seafood Procurement, LLC, et al., No. 23-01098-AGT**

Dear Judge Tse:

      Plaintiffs Brand Little and Robin Burns ("Plaintiffs") and Defendant Bornstein Seafoods, Inc. ("Bornstein") (together, the "Parties") write to provide their positions with regard to Bornstein's obligation to respond to Plaintiffs' subpoena of June 12, 2024 and the necessity for an order compelling Bornstein to produce documents responsive to the same. Counsel for the Parties have met and conferred about this issue by videoconference on multiple occasions but have not succeeded in resolving it without the Court's intervention.

## I. **Plaintiff's Position**

### A. **The Fact that Bornstein Has Become a Defendant in This Action Since the Subpoena Was Issued Has No Impact on Bornstein's Obligation to Respond**

      Bornstein claims that Plaintiffs' properly issued subpoena, specifically authorized by the Court and served in accordance with the Federal Rules of Civil Procedure, does not apply to it because Bornstein is now a party to the action. That is incorrect.

#### 1. **Rule 45 Subpoenas Apply to Parties as Well as Non-Parties**

      In the first place, Rule 45 subpoenas can be used to obtain discovery from parties to an action as well as third parties. Rule 45 itself contains no limitation upon the types of persons who may be subpoenaed; it permits a subpoena to be directed to any "***person***," not any nonparty. Fed. R. Civ. P. 45(a)(1)(A)(iii); *see also id*. at 45(d)(2)(B)(i) ("At any time, on notice to the commanded ***person***, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.") (emphases added). In addition, considering that Rule 45 references "person who is…not a party" in limiting who may serve a subpoena, the drafters clearly made a conscious decision not to use the same language to limit who may be commanded to produce documents/ESI under that same rule. *Id*. at 45(b)(1).

      Accordingly, courts in the Ninth Circuit—and across the country—routinely acknowledge that the majority view is that a Rule 45 subpoena may in fact be served on and enforced against parties and nonparties alike. *See, e.g., Jacobs v. Advanced Dermatology & Skin Cancer Specialists PC*, No. MC-23-00032-PHX-DWL, 2023 WL 8185701, at *4 (D. Ariz. Nov. 27, 2023) ("the majority view is that Rule 45 subpoenas can be served on both parties and nonparties"); *McCall v. State Farm Mut. Auto. Ins. Co*., No. 216CV01058JADGWF, 2017 WL 3174914, at *6 (D. Nev. July 26, 2017) ("most courts hold that a subpoena duces tecum may be served on another party"); *Arseneau v. Allstate Ins. Co*., No. CV 09-117-M-JCL, 2010 WL 3834952, at *1 (D. Mont. Sept. 23, 2010) ("Rule 45 does not expressly prohibit its use with respect to a request for production of documents from a 'party'"); *Jackson v. Overhead Door Corp*., No. 4:08CV327-RH/WCS, 2009 WL 10674315, at *3 (N.D. Fla. Apr. 1, 2009) ("a Rule 45 subpoena may be directed to a party if properly used as discovery"); *Gaudin v. Remis*, No. 00-00765 SPKLEK, 2007 WL 294130, at *3 (D. Haw. Jan. 29, 2007) ("This Court…concludes that a Rule 45 subpoena may be served on a party"); *BF&W Assocs. v. Motorola, Inc*., No. C5-02381 JF HRL, 2006 WL 8442394, at *2 n.4 (N.D. Cal. Aug. 28, 2006) ("This court finds more

persuasive the majority of cases concluding that Rule 45 subpoenas may, at least in some situations, be used to acquire documents from parties."); *Mortg. Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 565 (W.D.N.C. 2002) ("in the absence of any explicit limitation from the drafters of the Federal Rules of Civil Procedure, the Court declines to adopt an interpretation of Rule 45 which would unduly limit its scope"); *First City, Texas-Houston, N.A. v. Rafidain Bank*, 197 F.R.D. 250, 255 n.5 (S.D.N.Y. 2000), *aff'd*, 281 F.3d 48 (2d Cir. 2002) ("While a Rule 45 subpoena is typically used to obtain the production of documents and/or testimony from a non-party to an action … nothing in the Federal Rules of Civil Procedure explicitly precludes the use of Rule 45 subpoenas against parties."); *accord Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) (stating Rule 45(d)(2)(B)(ii) "applies to parties and non-parties alike").

Nonetheless, Bornstein contends that its becoming a party has somehow changed the equation. Given the foregoing authority with regard to the applicability of Rule 45 subpoenas to parties, there is no logical reason this would be the case, and there is tellingly no caselaw that would support this idea. Indeed, cases like the one at hand go the other way. *See, e.g., Jacobs v. Advanced Dermatology & Skin Cancer Specialists PC*, 2023 WL 8185701, *supra* (finding that the change in a responding party's status from third party to named defendant did not impact the validity of a Rule 45 subpoena before transferring the motion to compel to the issuing court.)

### 2. The Discovery Stay in the Court's June 23, 2023 Order Does Not Preclude this Discovery

Alternatively, Bornstein claims that the discovery stay in the Court's June 23, 2023 order (Dkt. 38) should now apply to negate its obligations under this subpoena. The order itself, however, specifies that "The parties may ask the Court to reevaluate the stay of discovery and its scope after the motion to dismiss is decided." *Id*. at p. 1. Plaintiff Brand Little did just that, and the Court approved the issuance of the subpoena in question. In its order of June 10, 2024 (Dkt. 61) the Court specifically granted leave for Plaintiff Brand Little to serve on five non-party ex vessel buyers a subpoena for specific communications. Bornstein was one of the buyers that Plaintiff Little elected to subpoena. This discovery was therefore expressly excluded from the stay, and the idea that the stay—which formed the backdrop for the Court's order permitting this specific discovery—should now trump the Court's subsequent order is backwards.

### 3. This Discovery is Not Premature Under the F.R.C.P.

If Bornstein's contention is instead that it is premature for Bornstein to respond to discovery ahead of the Rule 26(f) conference, this contention can be addressed by the text of Rule 26 itself. That rule specifically contemplates that discovery may be obtained from parties prior to a Rule 26(f) conference where, as here, the court has so ordered. Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), *except*…when authorized by these rules, by stipulation, or by court order.") (emphases added). The Court's order of June 10, 2024 (Dkt. 61) at ¶ 4 expressly permitted Plaintiff Little to subpoena five ex vessel buyers for communications concerning "ex vessel prices, season opening dates, and purchases from buyers that control certain ports, during the last four seasons." The subpoena in question was issued pursuant to this order and is therefore not premature.

### B. Any Objections to the Subpoena Were Waived When Bornstein Failed to Timely Object

The subpoena in question was issued on June 12, 2024. Bornstein's response was due on July 19, 2024. "Under Rule 45, the nonparty served with the subpoena duces tecum may make objections to the subpoena duces tecum within 14 days after service or before the time for compliance, if less than 14 days." *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 384 (C.D. Cal. 2002). Bornstein did not object within that timeframe. Indeed, Bornstein did not respond to the

subpoena at all until August 16, 2024. This response, however, attached hereto as **Exhibit A**, still failed to state any objections. (Indeed, it constituted little more than a cover sheet for a small production of documents, and additionally failed to respond to each of the requests for production attached to the subpoena.)

A "nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that *any objection*, including attorney-client privilege, has been waived." *Id*. at 385 (emphasis added). Thus, to the extent that Bornstein's argument here is based on an objection with regard to the timing of the subpoena, those objections—and any others—have been waived and should be disregarded by the Court.

### C. The Court Should Order Bornstein to Produce All Documents Responsive to the Subpoena

While Bornstein provided a small number of text messages from certain custodians, Plaintiffs' counsel's discussions with Bornstein's former counsel (who has since been replaced) confirm that there are additional responsive messages and that only a limited search was performed. Plaintiffs' counsel and Bornstein's former counsel were in the midst of discussing appropriate search terms and custodians when Bornstein was named as a defendant in this action, and Bornstein has since broken off these discussions and refused to engage further on these topics or to produce additional documents, notwithstanding its obligation to do so.

For the foregoing reasons, Plaintiffs respectfully request that this Court order Bornstein to produce all documents responsive to the subpoena as issued and without any objections.[1]

## II. Bornstein's Position

### A. Bornstein Does Not have a Pending Obligation to Respond to the Subpoena Issued under Federal Rule of Civil Procedure 45

#### 1. Background

On May 21, 2024, the Court granted Defendant Pacific Seafood Procurement, LLC's motion to dismiss with leave to amend. (Dkt. 59). In its Order, the Court noted that Plaintiff Little could request *targeted* discovery if Plaintiff "believes some targeted discovery would improve his pleading without begetting a 'massive factual controversy' at the pleading stage." (Dkt. 59 at 10). On June 6, 2024, Plaintiff Little requested "targeted discovery *for the purpose of amending his complaint*." (Dkt. 60 at 1) (emphasis added). On June 10, 2024, the Court permitted Plaintiff Little limited discovery from five non-parties for such purpose. Order (Dkt. 61). Plaintiff Little served a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure on June 12, 2024, requesting certain documents from Bornstein as a non-party. On August 16, 2024, Bornstein made a production in response to the subpoena.

---

[1] In the event that the Court agrees with Bornstein's suggestion that before Bornstein is made to further respond to the document requests in the Subpoena the discovery stay should be lifted generally and the Parties engage in Rule 26(f) conference, Plaintiffs will separately request (1) that the stay be lifted in its entirety effective immediately and (2) that Plaintiffs and all Defendants be ordered to engage in the Rule 26(f) conference on or before November 26, 2024. Plaintiffs would further request that the Court order, now, that when Bornstein responds to the document requests in the Subpoena, it be ordered to do so without objection

On August 20 and 21, 2024, Plaintiffs filed its Amended Complaint, naming additional Defendants, some of whom Plaintiff Little had previously subpoenaed as non-parties, including Bornstein. (Dkt. 78 and 81). Given Plaintiffs have now amended their complaint, they have achieved the purpose for which they requested targeted discovery from non-parties. For the reasons discussed below, Plaintiffs should not be permitted to seek broad merits discovery from a party to this action through a Rule 45 subpoena that has no further purpose.

### 2. Rule 45 Subpoenas Do Not Generally Apply to Parties

Plaintiffs contend that Federal Rule of Civil Procedure 45 does not contain any limitation upon the types of persons who may be subpoenaed. Thus, Plaintiffs argue, Rule 45 permits them to compel documents from parties. But Rule 45 subpoenas exist to obtain documents from non-parties, not parties to the action. *Warren v. Las Vegas Metropolitan Police Dept.*, No. 2:23-cv-00065, 2023 WL 6785815, at *7 (D. Nev. Oct. 12, 2023) ("Court agrees with the Magistrate Judge that Plaintiff's subpoena duces tectum was improperly issued under Rule 45 because Defendant is a party to this action."). Rule 45, as well as the Advisory Committee notes, are replete with references to Rule 45's applicability to non-parties, not parties.

Further, while nothing in the Federal Rules of Civil Procedure *explicitly* precludes the use of Rule 45 subpoenas against parties, "it is apparent that discovery of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45." *Alper v. U.S.*, 190 F.R.D. 281, 283 (D. Mass. 2000) (citing *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D.Mass.1996)). Instead, Rule 34 "governs the discovery of documents in the possession or control of the parties themselves." 190 F.R.D. at 283; *see also Smith v. Pendergrass*, No. 1:02-cv-125; 1:02-cv-126, 2003 WL 21919182, at *3 (N.D. Ind. June 17, 2003) ("Plaintiff wants to serve his subpoenas on parties to this suit; however, he should properly obtain such discovery through Rule 34 document requests."); *Smith v. Transducer Technology, Inc.*, 197 F.R.D. 260 (D.V.I. July 19, 2000) ("[I]t is evident to this court that Rule 45, to the extent it concerns discovery, is still directed at non-parties and that Rule 34 governs the discovery of documents in the possession or control of the parties themselves . . . Indeed Rule 34, which unquestionably applies only to parties, illuminates the scope of Rule 45 when it directs that '[as provided in Rule 45, a nonparty] may be compelled to produce documents and [tangible] things or to [permit] an inspection []'"). Thus, because Bornstein is now a party, Rule 45 of the Federal Rules of Civil Procedure does not control. Bornstein cannot be compelled to further respond to the subpoena. If Plaintiffs seek further documents from Bornstein, they must issue Rule 34 requests if and when discovery opens in this action.

### 3. Even if the Rule 45 Subpoena Applies to Bornstein as a Party, the Subpoena is Now Subject to the Court's Order Staying Discovery

Even assuming, *arguendo*, that a Rule 45 subpoena applies to Bornstein as a party in this case, the subpoena is now subject to the Court's Order (Dkt. 38) staying discovery. A Rule 45 subpoena is considered discovery, and the Court has not lifted its stay on discovery that applies to all parties in this case, including Bornstein. Plaintiffs cannot circumvent the Court's Order staying discovery by seeking to compel production of documents under a Rule 45 subpoena. *See Burns v. Bank of Am.*, No. 03-cv-1685, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) (Rule

4

45 subpoenas are "clearly not meant to provide an end-run around the regular discovery process under Rules 26 and Rule 34."); 190 F.R.D. at 284 ("Plaintiff cannot now obtain through one means, Rule 45, what he has been precluded from obtaining through another[.]")

Furthermore, in its Order staying discovery, the Court acknowledged that "[d]iscovery in antitrust cases can be considerable, and rather than charging ahead now, it makes sense to first evaluate plaintiff's complaint." (internal citations omitted) (Dkt. 38 at 1). The Court noted "[a]djudicating the motion to dismiss will shed light on the best course for discovery." *Id.* Plaintiffs themselves highlight the Court's intention to only re-evaluate the stay of discovery per the parties' request "*after* the motion to dismiss is decided." (emphasis added) (Dkt. 38 at 1; Section I(A)(2) of this Joint Letter). Defendants have not yet filed their motion to dismiss Plaintiffs' Amended Complaint (Dkt. 81), and the parties are still negotiating a briefing schedule to do so.

### 4. It would be Improper to Open Merits Discovery as to a Small Sub-Set of Defendants Prior to a Rule 26(f) Conference

The parties have not yet conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure. Discovery is not open. *See* Fed. R. Civ. P. 26(d)(1). Yet, Plaintiffs seek to improperly open merits discovery as to only a small sub-set of Defendants, including Bornstein. Plaintiffs ignore the requirements of Rule 26 and this Court's stay Order (Dkt. 38). Plaintiffs instead contend that they are entitled to discovery because the Court's June 10, 2024 Order falls into the exception provided by Rule 26(d)(1). Not so. The Court permitted Plaintiff Little to seek *limited* discovery of five *non-parties* for the purpose of amending his complaint. Plaintiffs have completed their amendment. Thus, it would be improper and unfair for Plaintiffs to evade Rule 26(d)(1) and the Court's stay order as to Bornstein while all remaining parties—*including Plaintiffs*—are not subject to discovery requests.

For the foregoing reasons, Bornstein respectfully requests that this Court deny Plaintiffs' motion to compel. Document discovery should proceed pursuant to Rules 26 and 34 only if the Court lifts the stay order and the parties complete the Rule 26(f) conference.

Dated: October 7, 2024                                  Respectfully submitted,

*/s/Stuart G. Gross*                                         */s/ Christopher M. Wyant*
Stuart G. Gross (State Bar No. 251019)        Michael J. Storz (State Bar No. 139386)
sgross@grosskleinlaw.com                         Michael.Stortz@klgates.com
Travis H.A. Smith (State Bar No. 331305)    K&L Gates LLP
tsmith@grosskleinlaw.com                          Four Embarcadero Center, Suite 1200
Ross A. Middlemiss (State Bar No. 323737) San Francisco CA 94111
rmiddlemiss@grosskleinlaw.com               Tel.: (415) 882-8011
GROSS KLEIN PC
The Embarcadero                                       Christopher M. Wyant (pro hac vice)
Pier 9, Suite 100                                           chris.wyant@klgates.com

5

San Francisco, CA 94111
t (415) 671-4628
f (415) 480-6688

Steven N. Williams (State Bar No. 175489)
swilliams@stevenwilliamslaw.com
STEVEN WILLIAMS LAW, P.C.
201 Spear Street, 1100
San Francisco CA 94105
t (415) 260-7909

Matthew W. Ruan (State Bar No. 264409)
mruan@fklmlaw.com
FREED KANNER LONDON & MILLEN LLC
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
t (224) 632-4500
f (224) 632-4521

Matthew S. Weiler (SBN 236052)
SCHNEIDERWALLACE COTTRELL KONECKY, LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
(415) 421-7100

*Attorneys for Plaintiffs*

K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Tel.: (206) 623-7580

*Attorneys for Defendant Bornstein Seafoods, Inc.*

508433115.1

# EXHIBIT A

# UNITED STATES DISTRICT COURT

## for the

## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Brand Little, | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-cv-1098 |
| | ) | |
| Pacific Seafood Procurement, LLC, et al., | ) | |
|     *Defendants* | ) | |

### RESPONSE TO SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Bornstein Seafoods, Inc., a non-party to this action, hereby produces the attached documents, identified as follows, in response to Plaintiff's Subpoena:

    BORNSTEIN 0001 – 0013    Bornstein – Fathom texts

    BORNSTEIN 0014 – 0045    Bornstein – Pacific Dream texts

    BORNSTEIN 0046 – 0082    Frells – Pacific Seafood texts

Respectfully submitted,

THE WALTERS FIRM, PLLC
2219 Rimland Dr., Ste. 301
Bellingham, WA 98226
(360) 763-0006

By: */s/ Jonathan W. Charnitski*
Jonathan W. Charnitski
WSBA# 55197
Attorney for Non-Party,
Bornstein Seafoods, Inc.