Stuart G. Gross (SBN 251019)
Ross A. Middlemiss (SBN 323737)
Travis H.A. Smith (SBN 331305)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628

*Attorneys for Plaintiffs and the Proposed Classes*
[additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

**BRAND LITTLE** and **ROBIN BURNS**, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

**PACIFIC SEAFOOD PROCUREMENT, LLC**; **PACIFIC SEAFOOD PROCESSING, LLC**; **PACIFIC SEAFOOD FLEET, LLC**; **PACIFIC SEAFOOD DISTRIBUTION, LLC**; **PACIFIC SEAFOOD USA, LLC**; **DULCICH, INC.; PACIFIC SEAFOOD – EUREKA, LLC; PACIFIC SEAFOOD – CHARLESTON, LLC; PACIFIC SEAFOOD – WARRENTON, LLC; PACIFIC SEAFOOD – NEWPORT, LLC; PACIFIC SEAFOOD – BROOKINGS, LLC; PACIFIC SEAFOOD – WESTPORT, LLC; PACIFIC SURIMI – NEWPORT LLC; BLUE RIVER SEAFOOD, INC.; SAFE COAST SEAFOODS, LLC; SAFE COAST SEAFOODS WASHINGTON, LLC; OCEAN GOLD SEAFOODS, INC.; NOR-CAL SEAFOOD, INC.; KEVIN LEE; AMERICAN SEAFOOD EXP, INC.; CALIFORNIA SHELLFISH COMPANY, INC.; ROBERT BUGATTO ENTERPRISES, INC.; ALASKA ICE SEAFOODS, INC.; LONG FISHERIES, INC.;**

Case No. 3:23-cv-01098-AGT

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS MOTION TO DISMISS (DKT. 189-1)**

Date: January 24, 2025
Time: 10:00 a.m.
Courtroom: A, 15th Floor
Judge: Alex G. Tse

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

**CAITO FISHERIES, INC.; CAITO FISHERIES, LLC; SOUTHWIND FOODS, LLC; FISHERMEN'S CATCH, INC.; GLOBAL QUALITY FOODS, INC.; GLOBAL QUALITY SEAFOOD LLC; OCEAN KING FISH INC.; SOUTH BEND PRODUCTS LLC; SWANES SEAFOOD HOLDING COMPANY LLC; BORNSTEIN SEAFOODS, INC.; ASTORIA PACIFIC SEAFOODS, LLC; and DOES 29-60,**

                                          Defendants.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS MOTION TO DISMISS (DKT. 189-1); Case No. 3:23-cv-01098-AGT

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

**INTRODUCTION**

Plaintiffs Brand Little and Robin Burns ("Plaintiffs") hereby oppose Defendants Pacific Seafood, et al. ("Defendants")'s Request for Judicial Notice (ECF No. 189-1)(the "RJN").

In the first instance, Defendants ask the Court to take judicial notice of information that, contrary to Federal Rule of Evidence 201, is not generally known and cannot be readily determined from sources whose accuracy cannot be reasonably questioned. In particular, the documents relating to meetings held by the Oregon Department of Agriculture ("ODA") are not documents whose accuracy cannot be reasonably questioned. Defendants claim to have received these documents in response to a Public Records Act request, but provide no documents relating to the request itself or the response by the ODA. Thus, Plaintiffs and the Court are unable to either replicate the request or verify the accuracy and completeness of the records.

Further, Defendants' request goes beyond the appropriate scope of a request for judicial notice in any case. Defendants ask the Court to take judicial notice of the truth of facts contained in certain documents and of irrelevant information. The meeting minutes that Defendants advance in their RJN, for example, were recorded by an unknown declarant with unspecified interests and capacities and at an uncertain remove from the events in question. Neither the Court nor the Parties have any way of verifying the accuracy or completeness of the facts contained in these minutes, and they should therefore not be noticed for their truth. In addition to the documents and facts related to the ODA meetings, Defendants also ask the Court to take notice of documents from state government websites that Defendants assert indicate that the commercial season for Dungeness crab may be impacted by factors such as whale entanglements, domoic acid, and meat content. Because this information is not dispositive with regard to Plaintiffs' allegations, it is either irrelevant, on the one hand, or constitutes an improper attempt to turn the Motion to Dismiss into a dispute of fact, on the other.

Additionally, several of the facts of which Defendants seek judicial notice do not logically flow from the statements contained in the documents for which Defendants seek judicial notice, and the Court should therefore decline to take notice of these supposed facts.

Thus, and for the reasons more fully described below, the Court should deny Defendants'

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS MOTION TO DISMISS (DKT. 189-1); Case No. 3:23-cv-01098-AGT

1

Request for Judicial Notice in its entirety.

**LEGAL STANDARD**

"Judicial notice is reserved for matters 'generally known within the territorial jurisdiction of the trial court' or 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Jespersen v. Harrah's Operating Co., Inc.,* 444 F.3d 1104, 1110 (9th Cir.2006) (quoting *Fed. R. Evid. 201*). A "'***high degree of indisputability***'" is generally required to justify judicial notice. *Id.* (emphasis added).

"A judicially noticed fact may not be subject to reasonable dispute and must be relevant." *Pac. Gas & Elec. Co. v. Lynch*, 216 F. Supp. 2d 1016, 1025 (N.D. Cal. 2002). Further, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1323 (C.D. Cal. 2023). Even where "'[t]he existence and authenticity of a document which is a matter of public record is judicially noticeable, ... the veracity and validity of their contents (the underlying arguments made by the parties, disputed facts, and conclusions of fact) are not." *Agustin v. PNC Fin. Servs. Grp., Inc*., 707 F. Supp. 2d 1080, 1087 (D. Haw. 2010) (*quoting Cactus Corner, LLC v. U.S. Dep't of Agric*., 346 F.Supp.2d 1075, 1099 (E.D.Cal.2004).

**ARGUMENT**

**I. Documents Defendants Claim to Have Obtained Through Public Records Act Requests**

Under Federal Rule of Evidence 201, a court may take judicial notice of adjudicative facts that are "not subject to reasonable dispute." A fact is not subject to reasonable dispute if it "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). Thus, there is a two-part inquiry when determining whether to judicially notice a document. *See Khoja*, 899 F.3d at 999. First, a court must determine whether the "accuracy [of the document's source] cannot reasonably be questioned." *Id.* Second, the court must "consider—and identify—which fact or facts it is noticing" from the document. *Id*. "Just

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS MOTION TO DISMISS (DKT. 189-1); Case No. 3:23-cv-01098-AGT
2

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id*. In other words, even if an asserted fact appears in a public record, a court cannot take judicial notice of that asserted fact if it is disputed. *Id*.

The documents and facts of which Defendants ask the Court to take judicial notice from the response to its Public Records Act Request to ODA fail at both of the stages of the analysis. In the first place, Defendants offer no evidence to support the proposition that the documents are what they assert (i.e., meeting minutes and "pre-negotiation agreements"), and neither the Court nor the Plaintiffs can reasonably ascertain their accuracy or completeness. Beyond this failing—which applies to ***all*** of the records ostensibly relating to the meetings held by the ODA in 2018 and 2023—Defendants ask the Court to take judicial notice of third-party accounts of what was said and done at these meetings recorded by an unknown declarant (classic hearsay), and additionally ask the Court to infer from these documents facts that do not logically flow from the documents themselves.[1] The Court should not do so.

### A. <u>Defendants Have Produced No Evidence that the Documents in Question Are Accurate or Complete</u>

In order to be proper candidates for judicial notice, documents and facts must be "'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned'" and a "high degree of indisputability" is required. *Jespersen v. Harrah's Operating Co., Inc.,* 444 F.3d at 1110. In cases relating to documents on government websites, for example, this means that parties and the Court can navigate to the website and easily confirm the presence and content of the information at issue. That is not the case here.

Defendants ostensibly obtained the documents in question through a Public Records Act Request. Short of making such a request to ODA, however, neither Plaintiffs nor the Court can duplicate this result, and the accuracy, genuineness, and completeness of these records are therefore not "generally known" or "capable of accurate and ready determination." Fed. R. Evid.

[1] Items 2 and 3 from Defendants' RJN, and Exhibits 4-6 to the Declaration of Timothy Snider in Support of Defendants' Request for Judicial Notice (the "Snider Dec.").

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS MOTION TO DISMISS (DKT. 189-1); Case No. 3:23-cv-01098-AGT

3

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

201(b)(1)–(2). Further, Defendants have provided nothing to support the assertion that these documents were, in fact, created, maintained, or produced by the ODA; they have merely proffered the naked documents as an attachment to an attorney's declaration. This failure makes this case distinct from the cases Defendants cite in their RJN, where the parties seeking judicial notice included either the Public Records Act Request, the agency's response thereto, or both. *See*, *e.g.*, *Krzesniak v. Cendant Corp*., No. C 05-05156 MEJ, 2007 WL 640594, at *2 (N.D. Cal. Feb. 27, 2007) (taking judicial notice where the request for judicial notice included both the FOIA request itself and a declaration from DFEH responding to the request); *Sentz v. Euromarket Designs, Inc., No*. EDCV1300487VAPSPX, 2013 WL 12139140, at *1 (C.D. Cal. May 16, 2013) (taking judicial notice of "public records requests to [] seven public officials, along with their responses" and the fact that "[n]o official was able to furnish responsive information); *Scott v. California Med. Grp*., No. CV163084DSFRAOX, 2017 WL 10434016, at *7 (C.D. Cal. Oct. 30, 2017) (noting that the request for judicial notice contained a letter pertaining to the Public Records Act request).

Critically, in cases where parties have put forth similar evidence lacking adequate foundation, courts in in this circuit have declined to take judicial notice of the same. *See, e.g., Shook v. Indian River Transp. Co*., 72 F. Supp. 3d 1119, 1122 (E.D. Cal. 2014) (declining to take judicial notice where the requesting party did "not provide the court with any information related to the source of the 1947 meeting minutes, so the court cannot readily ascertain whether the document is in fact legislative history, as [the party] suggests, or that it is complete."). The same is true here; neither Plaintiffs nor the Court can be sure that these documents are what Defendants contend they are, nor can they be sure that the documents are complete. The Court should therefore decline to grant judicial notice for any of the documents related to the 2018 and 2023 ODA Price Negotiation meetings (items 2 and 3 from Defendants' RJN, and Exhibits 4-6 to the Declaration of the Snider Dec., as they are not "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Jespersen v. Harrah's Operating Co., Inc.,* 444 F.3d at 1110.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS MOTION TO DISMISS (DKT. 189-1); Case No. 3:23-cv-01098-AGT
4

**B. <u>The Court Should Not Take Judicial Notice of the Facts Contained in These Documents for their Truth</u>**

Further, even if the Court were to take judicial notice of the *existence* of these documents (which, for the foregoing reasons, it should not), it should not take judicial notice of the facts contained therein for the truth of those facts. Given the lack of evidentiary safeguards to ensure the accuracy and reliability of information contained in documents that are judicially noticed, even in cases where it is proper to take judicial notice of the existence of a document, it is not proper to assume the truth of disputed facts therein. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (overturning decision on motion to dismiss where the district court accepted as true disputed contents of public records); *see also Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 618 (N.D. Cal. 2021) (taking judicial notice of the existence of a report by the House of Representatives, but not the truth of the facts therein that were subject to reasonable dispute); *see also Luv n' care, Ltd. v. Jackel Int'l Ltd*., 502 F. Supp. 3d 1106, 1110 (W.D. La. 2020) ("To be clear, the Court is not taking notice of the truthfulness of the underlying facts. Instead, the Court is only taking notice that the identified documents exist ***and that they say what they say***.")(emphasis added).

This case is a perfect illustration of the reason for this rule, specifically with regard to the reliability of information contained in such documents. Several of the facts of which Defendants seek judicial notice are based on what amounts to an out-of-court statement by an unknown declarant, recounting what was said and done by others in an unsigned document not intended for public distribution (classic hearsay). The underlying truth of the "fact" at section 2(d) of the RJN, for example, which asserts that, based on the meeting minutes ODA facilitators "reviewed the price-negotiation agreement … with the group," is entirely dependent on the accuracy and truthfulness of the (unknown) declarant. Without testimony from said declarant, there is no way for Plaintiffs or the Court to be sure that all members of the group were included, to know at what level of detail the document was reviewed, or, indeed, to be sure that this review took place at all or was merely a formality. Similarly, the fact that certain individuals were recorded as being in attendance at these meetings, as discussed in RJN

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

sections 2(c) and 3(b) with regard to Exhibits 4 and 6 to the Snider Dec., does not mean that these individuals were *actually* present; these are unsworn, unsigned representations of an unknown declarant about the attendees at this meeting. We do not know how these individuals were identified, nor do we have any reason to trust the accuracy and/or completeness of this list.

Taking notice of the existence of these documents and "that they say what they say," rather than accepting the truth of the facts contained therein, would only show 1) that someone recorded what purport to be minutes for this meeting, 2) that forms were signed pertaining to said meeting, and 3) what language was on those forms. It would *not* show who was or was not present at this meeting or what was said and done at this meeting, as Defendants seek. Nor, critically, would it show that any meeting reflected in the documents actually accords with the policies of the state of Oregon with regard to such meetings.

Additionally, some of the facts that Defendants ask the Court to infer require an additional logical step. This is improper. *See EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1323 (C.D. Cal. 2023) (declining to take notice of facts that would require an "extra deductive step" beyond the facts properly subject to judicial notice). For example, the fact that all participants were *supposed* to sign such a "pre-negotiation agreement" agreement, as discussed in the pre-negotiation agreement attached to the Snider Dec. as Exhibit 4 (discussed in the RJN at section 2(b)), and that certain individuals appear to have signed a pre-negotiation agreement (Snider Dec., Exhibit 5, discussed in the RJN at section 2(e)), does not mean that each participant actually signed such an agreement or that each signatory actually participated, as Defendants suggest in section 2(e) of the RJN; it just means that those are the rules as laid out in that document, and that some people followed them. Thus, even if the Court were to take judicial notice of the *existence* of these documents—which it should not, given the dearth of information about their provenance discussed above—it should not make the extra logical leaps that Defendants request about what happened or who participated at those meetings.

Ultimately, because the most that Defendants could do is manufacture factual disputes, the facts at issue here are not the proper subject of judicial notice. *See*, *e.g.*, *EVO Brands*, 657 F.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS MOTION TO DISMISS (DKT. 189-1); Case No. 3:23-cv-01098-AGT

6

Supp. 3d at 1323 (finding that where the priority date in a trademark case was "a disputed fact, [it wa]s therefore an inappropriate subject for judicial notice."). Thus, the Court should decline to take notice of the documents offered by Defendants that were ostensibly obtained through a Public Records Act Request (sections 2 and 3 of the RJN, and Exhibits 4-6 to the Snider Dec.), and, barring that, should decline to take judicial notice of the truth of the facts contained therein.

## II. <u>Documents from Government Websites</u>

Even where "a court may take judicial notice of the contents of a government website, [it] need not take notice that the contents of the website are true." *EVO Brands*, 657 F. Supp. 3d at 1324. Thus, even if the Court is inclined to take judicial notice of the presence of the information on the various government websites, it should only do so for the fact of that publication and for the fact that the website "says what it says." Thus, taking judicial notice of the fact that the Oregon Department of Fish and Wildlife announced a specific date for the opening of the Dungeness crab season in 2021 on its website is one thing; accepting the truth of other statements on the website that do not constitute agency actions of distinct legal significance, however, (and assuming that this post was made on or before that date, as the post attached to the Snider Dec. as Exhibit 2 is undated) is another.

Even within these limits, only relevant information should be judicially noticed. *See Lynch*, 216 F. Supp. 2d at 1025. The facts of which Defendants seek judicial notice with regard to domoic acid and the reasons for delaying the opening of the Dungeness crab season are not relevant. The potential reasons for delaying the opening of the Dungeness crab season that Defendants suggest can be found in the documents at RJN section 1(a) (the announcement from the website of the Washington Department of Fish and Wildlife), section 1(b) (the announcement from the website of the Oregon Department of Fish and Wildlife), and section 4(a) (the factsheet about domoic acid from the Washington Department of Fish and Wildlife website) do not purport to provide a single justification that can account for all opening delays. Thus, they do not directly negate Plaintiffs' well-pleaded allegations with regard to the timing of the season opener and are therefore beside the point.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS MOTION TO DISMISS (DKT. 189-1); Case No. 3:23-cv-01098-AGT

7

Further, even to the extent that these facts create a dispute of fact about the reasons for which the opening of the season was delayed, they should be ignored, as all factual disputes should be resolved in favor of the Plaintiffs at this stage. *See CPI Advanced, Inc. v. Kong Byung Woo Comm. Ind., Co*., 135 F. App'x 81, 83 (9th Cir. 2005) ("judicial notice is not a proper basis for rejecting factual allegations appearing in the plaintiff's complaint"); *see also Epstein v. Washington Energy Co*., 83 F.3d 1136, 1140 (9th Cir. 1996) (on a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to Plaintiffs.").

Additionally (as discussed above with regard to the documents obtained by Public Records Act Request), some of the facts that Defendants ask the Court to infer with regard to information on state government websites require an additional logical step. In particular, Defendants suggest in the Motion to Dismiss (Mtn., 7:4-6) and at section 1(a) of the RJN with regard to the Washington Department of Fish and Wildlife's Industry Notice attached as Exhibit 1 to the Snider Dec., that the opening date of the 2021 Dungeness crab season was delayed because of testing for domoic acid. The Industry Notice itself does not say this. Instead, it says "Following two-months [sic] of weekly testing for domoic acid in Dungeness crab, Washington Department of Fish and Wildlife (WDFW) in close consultation with the Washington Department of Health (WDOH) will open the commercial Dungeness crab season as follows…" Snider Dec., Ex. 1, p. 1. This does not make clear how the domoic acid testing is implicated in the determination of the ultimate opening date.

Finally, the newsletter from the Oregon Department of Fish and Wildlife (Snider Dec., Exhibit 3, addressed in the RJN at section 1(c)), which asserts that crabbers did not go out fishing because they were waiting on price negotiations, has even less potential evidentiary value than the other websites. Instead of an announcement by an agency, it is an unsigned post-hoc newsletter, which gives a third party's vague account of the reasons for unknown crabbers' actions. Without more, the statement that Defendants offer from this newsletter is both hearsay and lacks adequate foundation to be taken as evidence, and it also runs into the issues discussed above with regard to

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS MOTION TO DISMISS (DKT. 189-1); Case No. 3:23-cv-01098-AGT

8

the proper subjects for judicial notice and this Court's obligations to accept as true, for the purposes of the Motion to Dismiss, Plaintiffs' well-pleaded allegations.[2]

Thus, the Court should decline to grant judicial notice of the documents from government websites (sections 1 and 4 of the RJN, Exhibits 1-3 and 7 of the Snider Dec.).

## III. Defendants' RJN Seeks to Introduce Factual Disputes into a Motion to Dismiss, Which is Not Proper

Defendants' RJN should be denied for a more fundamental reason, as well. Generally, courts "may not consider material outside the pleadings" when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d at 998. Requests for judicial notice constitute an exception to this general rule. *Id*. However, this does not permit defendants "to present their own version of the facts at the pleading stage." *Id*. at 998–99. Indeed, the Ninth Circuit has cautioned that the "overuse and improper application" can "lead to unintended and harmful results." *Id*. at 998.

Here, Defendants attempt to create factual disputes about the reason for the opening dates of the Dungeness crab season in 2021 and whether the meetings convened by ODA in 2018 and 2023 suffice to grant some immunity to some Defendants under Oregon law. Motions to dismiss, however, test the *legal* sufficiency of claims, and plaintiffs' well-pleaded allegations must be taken as true in the determination of the same. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1199–200 (9th Cir. 2003) ("Rule 12(b)(6)[] tests the legal sufficiency of the claims asserted in the complaint"); *see also Epstein*, 83 F.3d at 1140 (on a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to Plaintiffs."). Thus, Defendants' attempt to introduce factual information so as to dispute Plaintiffs' plausible, well-pleaded allegations is improper, and the RJN should be denied on this basis as well.

---

[2] In addition to the issues addressed above, Defendants appear to be confused about the relevant date with regard to the Oregon Department of Fish Wildlife announcement of the opening date at RJN Section 1(b). In particular, Defendants ask the Court to take judicial notice that the season opened on February 16, 2023. RJN 3:3-6. The linked document, Exhibit 2 to the Snider Dec., however, relates to the opening of the 2021 season.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS MOTION TO DISMISS (DKT. 189-1); Case No. 3:23-cv-01098-AGT

9

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully submit that Defendants' Request for Judicial Notice should be denied in its entirety.

Dated: December 6, 2024

GROSS KLEIN PC

By: */s/ Stuart G. Gross*
STUART G. GROSS

Stuart G. Gross (SBN 251019)
Travis H. A. Smith (SBN 331305)
Ross A. Middlemiss (SBN 323737)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628
*sgross@grosskleinlaw.com*
*tsmith@grosskleinlaw.com*
*rmiddlemiss@grosskleinlaw.com*

Matthew W. Ruan (SBN 264409)
**FREED KANNER LONDON & MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
(224) 632-4500
*mruan@fklmlaw.com*

Steven N. Williams (SBN 175489)
**STEVEN WILLIAMS LAW, P.C.**
201 Spear St, Suite 1100
San Francisco, CA 94105
(415) 671-4628
*swilliams@stevenwilliamslaw.com*

Matthew S. Weiler (SBN 236052)
**SCHNEIDER WALLACE COTTRELL KONECKY, LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS MOTION TO DISMISS (DKT. 189-1); Case No. 3:23-cv-01098-AGT
10

(415) 421-7100
*mweiler@schneiderwallace.com*

*Counsel for Plaintiffs and the Proposed Classes*

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS MOTION TO DISMISS (DKT. 189-1); Case No. 3:23-cv-01098-AGT

11