R. ISAAK HURST, ESQ. (*PRO HAC VICE*)
HURST@MARITIME.LAW
NICK GUNN (*PRO HAC VICE*)
GUNN@MARITIME.LAW
INTERNATIONAL MARITIME GROUP | PLLC
701 FIFTH AVENUE; 42ND FLOOR | SEATTLE, WA 98104
OFFICE: +1 (206) 707-8338

*ATTORNEYS FOR DEFENDANTS – ALASKA ICE SEAFOODS, INC. AND LONG FISHERIES, INC.*

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAND LITTLE and ROBIN BURNS, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>PACIFIC SEAFOOD PROCUREMENT, LLC, et al.,<br><br>*Defendants*. | Case No.: 3:23-CV-01098-AGT<br><br>**FATHOM DEFENDANTS' ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT** |

Defendants Alaska Ice Seafoods, Inc. and Long Fisheries, Inc. ("**Fathom**") hereby answer the allegations set forth in the Plaintiffs' Second Amended Class Action Complaint, dated February 7, 2025 (Dkt. 255) ("**Complaint**"). Any allegation not explicitly admitted is denied. By admitting that the Complaint purports to characterize or quote particular documents, Fathom does not admit the truth of any assertion in the referenced document.

**FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT**
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page **1** of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

Moreover, headings, footnotes, screenshots or other images, charts, graphs, and figures contained within the Complaint are not substantive allegations to which an answer is required. Any allegations contained therein do not comply with Federal Rule of Civil Procedure 10(b), providing that allegations be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To the extent headings are deemed to be substantive allegations to which an answer is required, Fathom denies the allegations. To the extent footnotes, screenshots, or other images, charts, graphs, or figures in the Complaint are deemed to be substantive allegations, then the response to the paragraph in which the footnotes or figure is found is Fathom's response to the footnote, chart, graph, or figure as well.

Fathom, by and for its Answer and Affirmative Defenses to Plaintiffs' Complaint, states and alleges as follows:

## INTRODUCTION

1. Fathom admits that there are currently more than 1,000 independent commercial crabbers who are licensed to land Dungeness crab in California, coastal Washington, including Puget Sound, and Oregon. Fathom lacks knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph, and accordingly denies the remaining allegations in this Paragraph on that basis. Unless expressly admitted, Fathom denies the allegations in this Paragraph.

2. Fathom admits that the Dungeness crab fishery has become an important fishery for Pacific Northwest commercial fishers. Fathom lacks knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph, and accordingly denies the remaining allegations in this Paragraph on that basis. Unless expressly admitted, Fathom denies the allegations in this Paragraph.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 2 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

3.     Fathom admits that the "ex vessel price" means the price off the boat. Unless expressly admitted, Fathom denies the allegations in this Paragraph.

4.     Fathom denies the allegations in this Paragraph.

5.     Fathom denies the allegations in this Paragraph.

6.     Fathom denies the allegations in this Paragraph.

7.     Fathom denies the allegations in this Paragraph.

8.     Fathom denies the allegations in this Paragraph and each of its subparagraphs.

9.     Fathom lacks knowledge or information sufficient to admit or deny allegations regarding the basis for Plaintiffs' assertions, and accordingly denies the allegations in this Paragraph pertaining to Plaintiffs' basis for the Complaint. Fathom denies the remaining allegations in this Paragraph.

10.     The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom denies the allegations in this Paragraph.

11.     The allegations in this Paragraph contain Plaintiffs' statement of relief to which no response is required. To the extent a response is required, Fathom denies the allegations in this Paragraph, and specifically denies that Fathom engaged in any illegal conduct, that Plaintiffs have been injured, and that Plaintiffs are entitled to any compensation or injunctive relief whatsoever.

## PARTIES

### I.     Plaintiffs

12.     Fathom admits that Plaintiff Little is an individual residing in Auburn, California, and a commercial fisherman who fishes in various California ports and sells seafood at farmers markets. Fathom lacks knowledge or information sufficient to admit or deny other allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Unnamed co-Conspirator #1" and

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 3 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

"Unnamed co-Conspirator #2," and for other reasons, and accordingly denies those allegations on that basis. Fathom denies that Fathom engaged in any unlawful conduct. Unless expressly admitted, Fathom denies the allegations in this Paragraph.

13.    Fathom admits that Plaintiff Burns is an individual residing in Eureka, California, whose late husband, Kenneth Burns, was a fisherman who fished for Dungeness crab, in addition to other species, throughout California and Oregon. Fathom lacks knowledge or information sufficient to admit or deny other allegations in this Paragraph, and accordingly denies those allegations in this Paragraph on that basis. Fathom denies that Fathom engaged in any unlawful conduct. Unless expressly admitted, Fathom denies the allegations in this Paragraph.

## II.    Defendants

### A.    Pacific Seafood Defendants

14.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

15.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

16.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

17.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

18.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

19.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 4 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

20.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

21.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

22.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

23.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

24.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

25.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

26.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

27.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

28.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

29.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

30.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

31.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 5 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

32.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

33.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

34.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

35.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

36.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

37.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

38.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

39.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

**B.  Safe Coast Defendants**

40.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

41.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

42.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 6 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

43.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

44.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

45.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph since Plaintiffs' counsel has refused to identify Confidential Buyer Informant #1, and accordingly denies the allegations in this Paragraph on that basis.

46.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

47.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

48.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

49.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

50.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

51.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

52.     The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

1. Paragraph on that basis.

2. **C. <u>Ocean Gold Defendants</u>**

3. 53.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

4. in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

5. 54.    This Paragraph purports to refer to a settlement in litigation that is a matter of public

6. record and to quote content from Ocean Gold's website. The public record and website speak for

7. themselves and do not require a response. To the extent a response is required, Fathom admits that

8. Ocean Gold's website states: "*Our markets are primarily international in eastern Europe and*

9. *Asia. Our marketing partner, Pacific Seafoods, manages the sales piece of our business.*" Unless

10. expressly admitted, Fathom denies the allegations in this Paragraph.

11. 55.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

12. in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

13. 56.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

14. in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

15. 57.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

16. in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

17. 58.    The allegations in this Paragraph contain legal conclusions to which no response is

18. required. To the extent a response is required, Fathom lacks knowledge or information sufficient

19. to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this

20. Paragraph on that basis.

21. **D. <u>Nor-Cal Defendant</u>**

22. 59.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

23. in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 8 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

60.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

61.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

62.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

63.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

64.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

65.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

66.     The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

**E.  ASE Defendant**

67.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

68.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

69.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 9 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

70.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

71.    The allegations in this Paragraph contain legal conclusions for which no response is required. To the extent a response is required, Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

**F.  Hallmark Defendants**

72.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

73.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

74.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

75.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

76.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

77.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

78.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

79.    The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom lacks knowledge or information sufficient

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page **10** of **58**

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

### G. __Fathom Defendants__

80.     This Paragraph purports to refer to content published by the Washington Secretary of State. Information published by the Washington Secretary of State is public record, and thus speaks for itself and does not require a response. To the extent a response is required, Fathom denies the allegations in this Paragraph, except that Fathom avers that the correct spelling for Solon Fowler is Solomon Fowler.

81.     This Paragraph purports to refer to content published by the Oregon Secretary of State. Information published by the Oregon Secretary of State is public record, and thus speaks for itself and does not require a response. To the extent a response is required, Fathom denies the allegations in this Paragraph, except that Fathom avers that the correct spelling for Solon Fowler is Solomon Fowler.

82.     This paragraph purports to refer to content published by the Washington Department of Revenue. Information published by the Washington Department of Revenue is public record, and thus speaks for itself and does not require a response. To the extent a response is required, Fathom admits the allegations in this Paragraph.

83.     Fathom admits only that the Complaint purports to collectively refer to certain defendants as "Fathom" and "Fathom Seafood." Unless expressly admitted, Fathom denies the allegations in this Paragraph.

84.     Fathom admits only that it employees Nick Mareno and Cody Mills. Unless expressly admitted, Fathom denies the allegations in this Paragraph.

85.     Fathom denies the allegations in this Paragraph.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page **11** of **58**

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

86.    Fathom denies the allegations in this Paragraph.

87.    Fathom denies the allegations in this Paragraph.

88.    The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

**H. Caito Defendants**

89.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

90.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

91.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

92.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

93.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

94.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

95.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

96.    The allegations in this Paragraph contain legal conclusions for which no response is required. To the extent a response is required, Fathom lacks knowledge or information sufficient

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

## I.  Fishermen's Catch Defendant

97.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

98.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

99.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

100.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

101.    The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

## J.  Global Quality Defendants

102.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

103.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

104.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

105.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 13 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

106.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

107.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

108.    The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

## K.  Ocean King Defendant

109.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

110.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

111.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

112.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

113.    The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

//

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 14 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

## L. **Bornstein Defendants**

114.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

115.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

116.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

117.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

118.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

119.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

120.    The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

## M. **Doe Defendants**

121.    The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom denies the allegations in this Paragraph on that basis.

## III.    **Agents and Co-Conspirators**

122.    The allegations in this Paragraph contain legal conclusions to which no response is

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page **15** of **58**

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

required. To the extent a response is required denies the allegations in this Paragraph on that basis.

123. The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom denies the allegations in this Paragraph.

124. The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom denies the allegations in this Paragraph.

125. The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom denies the allegations in this Paragraph.

126. The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom denies the allegations in this Paragraph.

127. The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom denies the allegations in this Paragraph.

128. The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom denies the allegations in this Paragraph.

129. The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom denies the allegations in this Paragraph.

130. Fathom denies the allegations in this Paragraph.

## JURISDICTION, VENUE, AND COMMERCE

131. The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom admits that the Court has subject matter jurisdiction to the extent Plaintiffs have suffered an injury cognizable under Article III of the United States Constitution.

132. The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom denies the allegations in this Paragraph,

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

including that Plaintiffs suffered antitrust injury.

133.    The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom admits that venue is this District is appropriate. Unless expressly admitted, Fathom denies the allegations in this Paragraph.

134.    The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom denies the allegations in this Paragraph, including that Fathom engaged in any anticompetitive conduct.

135.    The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom denies the allegations in this Paragraph, including that Fathom engaged in price-fixing or any unlawful activities.

## INTRADISTRICT ASSIGNMENT

136.    The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom admits that assignment of this case to the San Francisco Division of the United States District Court for the Northern District of California is proper. Unless expressly admitted, Fathom denies the allegations in this Paragraph.

## FACTUAL ALLEGATIONS

### I.    Pacific NW Area Ex Vessel Dungeness Crab Industry

137.    Fathom admits that Dungeness crab is a species of shellfish found in the Pacific Ocean and fished for human consumption. Unless expressly admitted, Fathom denies the allegations in this Paragraph.

138.    Fathom admits that Dungeness crab is enjoyed fresh by consumers along the West Coast, including during holidays, and that a portion of the catch is also exported live to Asian markets, particularly China, but also Korea, Vietnam, and other countries. Unless expressly

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 17 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

admitted, Fathom denies the allegations in this Paragraph.

139.    The first sentence of this Paragraph purports to refer to the requirements for obtaining a commercial Dungeness crab fishing permit, and no response is required because each state's permitting requirements for commercial Dungeness crab fishing speak for themselves. To the extent a response is required, Fathom admits that commercial Dungeness crab fishing requires a permit, known in California as a "registration," which is tied to a specific vessel; the Dungeness crab fishery is what is known as a "derby" fishery because there are no quotas and crabbers are permitted to catch as many Dungeness crabs as possible during the season. Unless expressly admitted, Fathom denies the allegations in this Paragraph.

140.    Fathom admits that unless delayed, the season for commercial crab fishing in California's District 10 could start on November 15. Unless expressly admitted, Fathom denies the allegations in this Paragraph.

141.    Fathom denies the allegations in this Paragraph.

142.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

143.    Fathom admits that ex vessel buyers of Dungeness crab for resale are required to hold a receiver license issued by the state in which they make ex vessel purchases. Unless expressly admitted, Fathom denies the allegations in this Paragraph.

144.    Fathom admits that Fathom and other buyers resell Dungeness crab either live, fresh cooked, in sections, frozen, or canned. Unless expressly admitted, Fathom denies the allegations in this Paragraph.

145.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

146.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

147.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Unnamed Co-Conspirator #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

148.    Fathom admits that the West Coast Seafood Processors Association ("WCSPA") is a seafood industry trade association whose members operate in Washington, Oregon, and California. Fathom lacks knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

149.    Fathom denies the allegations in this Paragraph.

150.    Fathom denies the allegations in this Paragraph.

151.    Fathom denies the allegations in this Paragraph.

## II.    Defendants' Price-Fixing Cartel

### A.    Defendants' Cartel Arose Out of a Marked Increase in Dungeness Ex Vessel Prices Being Paid to Crabbers in the Pacific NW Area that Started in 2006/2007 Season and Continued Through the 2014/15 Season

152.    Fathom denies the allegations in this Paragraph.

153.    Fathom admits that greater demand for crab, including from export markets in Asia, could have resulted in greater amounts of crab being purchased ex vessel on the West Coast. Unless expressly admitted, Fathom denies the allegations in this Paragraph.

154.    Fathom admits that some traditional processors are now significantly involved in the live export market. Unless expressly admitted, Fathom denies the allegations in this Paragraph.

155.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 19 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

156. Fathom denies the allegations in this Paragraph.

157. Fathom denies the allegations in this Paragraph.

158. Fathom denies the allegations in this Paragraph.

159. Fathom denies the allegations in this Paragraph.

160. Fathom admits that there are crab buyers that lack a processing operation or a physical presence in some ports, use independent hoists to offload the crab they purchase, and transport the crab using refrigerated vans. Unless expressly admitted, Fathom denies the allegations in this Paragraph.

161. Fathom admits that independent hoist operators are often compensated based on the weight of the crab being offloaded. Unless expressly admitted, Fathom denies the allegations in this paragraph.

162. Fathom admits that the ex vessel price received by a crabber for a load of crab can soon be widely known among other fishermen who may then use that information to negotiate with the same or different buyers to purchase their catches. Unless expressly admitted, Fathom denies the allegations in this Paragraph.

163. Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

164. Fathom denies the allegations in this Paragraph.

165. Fathom denies that it entered into any unlawful agreement with other ex vessel buyers. Fathom lacks knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph, and accordingly denies the remaining allegations in this Paragraph on that basis.

166. Fathom lacks knowledge or information sufficient to admit or deny the allegations

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page **20** of **58**

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

167.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

168.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

169.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

170.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

171.    Fathom denies the allegations in this Paragraph.

172.    Fathom denies the allegations in this Paragraph.

**B.    Defendants Have Agreed to Allow Pacific Seafood to Set the Opening Price, which Has Resulted in Delayed Opening and a Lower Opening Price, which Is the Price at which a Large Portion of the Season's Catch is Traditionally Sold and Which Sets the Baseline Price for the Remainder of the Season**

173.    Fathom denies the allegations in this Paragraph.

174.    Fathom denies the allegations in this Paragraph.

175.    Fathom denies the allegations in this Paragraph.

176.    Fathom denies the allegations in this Paragraph.

177.    Fathom denies the allegations in this Paragraph.

**1.    2019/20 Pacific NW Area Dungeness Crab Season**

178.    This Paragraph purports to quote correspondence, which, to the extent admissible, speaks for itself and does not require a response. To the extent a response is required, Fathom denies the allegations in this Paragraph.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 21 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

179.    This Paragraph purports to quote correspondence, which, to the extent admissible, speaks for itself and does not require a response. To the extent a response is required, Fathom denies the allegations in this Paragraph.

180.    This Paragraph purports to quote correspondence, which, to the extent admissible, speaks for itself and does not require a response. To the extent a response is required, Fathom denies the allegations in this Paragraph.

181.    This Paragraph purports to quote correspondence, which, to the extent admissible, speaks for itself and does not require a response. To the extent a response is required, Fathom denies the allegations in this Paragraph.

182.    This Paragraph purports to quote correspondence, which, to the extent admissible, speaks for itself and does not require a response. To the extent a response is required, Fathom denies the allegations in this Paragraph.

183.    Fathom denies the allegations in this Paragraph.

### 2.    2020/21 Pacific NW Area Dungeness Crab Season

184.    Fathom denies the allegations in this Paragraph.

185.    Fathom denies the allegations in this Paragraph.

186.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

187.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

188.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

189.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 22 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

1.   in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

2.   190.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

3.   in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

4.   191.    Fathom denies the allegations in this Paragraph.

5.   192.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

6.   in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

7.   **3.   2021/22 Pacific NW Area Dungeness Crab Season**

8.   193.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

9.   in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

10.   194.    Fathom denies the allegations in this Paragraph.

11.   195.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

12.   in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

13.   196.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

14.   in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

15.   197.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

16.   in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

17.   **4.   2022/23 Pacific NW Area Dungeness Crab Season**

18.   198.    Fathom denies the allegations in this Paragraph.

19.   199.    Fathom lacks knowledge or information sufficient to admit or deny the allegation

20.   that Pacific Seafood refused to state any price at all prior to the opening of the 2022/23, and

21.   accordingly denies the allegations on that basis. Fathom denies the remaining allegations in this

22.   Paragraph.

23.   200.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 23 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

201.    Fathom denies the allegations in this Paragraph.

202.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

203.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

204.    Fathom admits that it purchased ex vessel crab in Puget Sound in December of 2022. Unless expressly admitted, Fathom denies the remaining allegations in this Paragraph.

205.    Fathom denies the allegations in this Paragraph.

206.    The reference to the California Department of Fish and Wildlife announcement in the first sentence of this Paragraph speaks for itself and does not require a response. Fathom admits that the California Department of Fish and Wildlife announced that the Dungeness crab season for California ports would open on December 31, 2022. Fathom denies the allegations in the final sentence in this Paragraph. Unless expressly admitted, Fathom denies the allegations in this Paragraph.

207.    Fathom denies the allegations in the first sentence in this Paragraph. Fathom lacks knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

208.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

209.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

210.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 24 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

1.    in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

2.    211.    Fathom denies the allegation of the existence of any cartel or price fixing

3.    agreement. Fathom lacks knowledge or information sufficient to admit or deny the remaining

4.    allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

5.    212.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

6.    in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

7.    213.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

8.    in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

9.    214.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

10.    in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

11.    215.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

12.    in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

13.    216.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

14.    in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

15.    217.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

16.    in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

17.    218.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

18.    in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

19.    219.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

20.    in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

21.    220.    Fathom denies the allegations in this Paragraph.

22.    **5.    2023/24 Pacific NW Area Dungeness Crab Season**

23.    221.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page **25** of **58**

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

in this Paragraph, since Plaintiff's counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

222.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiff's counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

223.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiff's counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

224.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiff's counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

225.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiff's counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

226.    Fathom admits only that a representative of Fathom attended the "2023 Dungeness Crab Price Negotiations" organized by the Oregon Department of Agriculture.  Unless expressly admitted, Fathom denies the allegations in this Paragraph.

227.    Fathom admits only that a representative of Fathom attended the "2023 Dungeness Crab Price Negotiations" organized by the Oregon Department of Agriculture.  Unless expressly admitted, Fathom denies the allegations in this Paragraph

228.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

229.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 26 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

### C. **After the Opening, Defendants Closely Coordinate With One Another on Ex Vessel Prices**

230.    Fathom denies the allegations in this Paragraph.

231.    Fathom denies the allegations in this Paragraph.

232.    Fathom denies the allegations in this Paragraph.

233.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

234.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

235.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

236.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

237.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

238.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

239.    Fathom denies the allegations in this Paragraph.

240.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

241.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page **27** of **58**

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

242.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

243.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

244.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

245.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

246.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

247.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

248.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

249.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

250.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

251.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

252.     Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

253.     Fathom lacks knowledge or information sufficient to admit or deny the allegations

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 28 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

254.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

255.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

256.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

257.    Fathom denies the allegations in this Paragraph.

258.    Fathom denies the allegations in this Paragraph.

259.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

**D.  Defendants Have Consolidated Their Control of the Pacific NW Area Ex Vessel Dungeness Crab Market by Purchasing and in Many Cases Shutting Down Erstwhile Competitors, Entering Into Exclusivity Arrangements with Port Operators, and Limiting Non-Cartel Members' Access to Hoists**

**1.  Pacific Seafood**

260.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

261.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

262.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

263.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page **29** of **58**

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

264.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

265.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

266.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

267.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

268.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

269.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

270.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

271.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

272.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

273.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

### 2.    Ilwaco Landing Fishermen

274.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 30 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

275.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

276.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

277.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

### 3. Trinidad

278.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

279.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

280.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

281.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

### 4. Eureka

282.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

283.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

284.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 31 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

285.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

286.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

**E.  To Eliminate Price Pressure Formerly Created by Out of Port Buyers, Defendants Have Agreed to Buy and Sell "Out the Back Door"**

287.    Fathom denies the allegations in this Paragraph

288.    Fathom denies the allegations in this Paragraph.

**1.  South Bend**

289.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

290.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

**2.  Caito**

291.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

292.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

293.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

**3.  San Francisco**

294.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 32 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

in this Paragraph, since Plaintiffs' counsel refuses to identify "Unnamed Co-Conspirator #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

295.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Unnamed Co-conspirator #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

### 4. Crescent City

296.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

297.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

298.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

299.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

### F. Defendants Aggressively Coerce Compliance by Each Other by and by Other Buyers with the Agreed Upon Pricing

#### 1. During the 2022/23 and 2023/34 Seasons, a New Buyer Sought to Capture Market Share by Offering Higher Prices; Defendants Sought to Bring Him into the Cartel and When This Failed Inflicted Repeated Punishments

300.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 33 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

301.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

a.    **January 2023: Nor-Cal's Kevin Lee and Pacific Seafood's Frank Dulcich Solicited Confidential Buyer Informant #1 to Participate in Cartel, Then Punished Him When He Refused**

302.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

303.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

304.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

305.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

306.    Fathom denies any allegations in this Paragraph of the purported existence of any cartel. Fathom lacks knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

//

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

1.
2.
3.
4.
5.
6.
7.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.

**b. In Early 2023, Safe Coast's Max Boland Tried to Get Confidential Buyer Informant to Toe the Cartel's Line on Ex Vessel Prices Set by Pacific Seafood**

307.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

308.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

**c. February/March 2023: In Response to Confidential Buyer Informant #1's Publicized Offer of a Higher Ex Vessel Price, Multiple Cartel Members Told Confidential Buyer Informant #1 to Lower His Ex Vessel Price**

309.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

310.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

311.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

**d. April/May 2023: More Cartel Members Tell Confidential Buyer Informant to Lower His Ex Vessel Price**

312.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1,"

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 35 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

313.    Fathom denies the allegations in this Paragraph.

### e.    July/August 2023: Pacific Seafood Interfere in Confidential Informant's Effort to Establish a Buyer Operation in Eureka

314.    Fathom denies the allegations in this Paragraph of the purported existence of any cartel. Fathom lacks knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

315.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

316.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

317.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

### f.    August 2023: Bornstein's Andrew Bornstein and Mike Shirley Offer Confidential Buyer Informant Significant Benefits if He Joins the Cartel in the Up Coming Season

318.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page **36** of **58**

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

319.    Fathom denies the allegations in this Paragraph of the purported existence of any cartel. Fathom lacks knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

320.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

### g. Early/Mid-December 2023: Pacific Seafood's Brett Hester Threatened Confidential Buyer Informant #1 After He Did Not Comply With Pacific Seafood's Opening Price Instruction

321.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

322.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

323.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

### h. Late December 2023: Nor-Cal's Kevin Lee Again Sought to Bring Confidential Buyer Informant #1 into the Cartel

324.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1,"

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 37 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

1.   and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

2.       325.   Fathom lacks knowledge or information sufficient to admit or deny the allegations

3.   in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1,"

4.   and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

5.       326.   Fathom lacks knowledge or information sufficient to admit or deny the allegations

6.   in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1,"

7.   and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

8.       327.   Fathom lacks knowledge or information sufficient to admit or deny the allegations

9.   in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1,"

10.  and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

11.  
### i. December 2023/January 2024: Pacific Seafood Instructs Other Defendants Not to Do Business With Confidential Buyer Informant #1

12.  

13.      328.   Fathom lacks knowledge or information sufficient to admit or deny the allegations

14.  in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1,"

15.  and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

16.      329.   Fathom lacks knowledge or information sufficient to admit or deny the allegations

17.  in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1,"

18.  and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

19.      330.   Fathom lacks knowledge or information sufficient to admit or deny the allegations

20.  in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1,"

21.  and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

22.  //

23.  //

**FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT**
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page **38** of **58**

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

**j.    Early-January 2024: Confidential Buyer Informant #1 Is Threatened by Cartel Members for Raising Ex Vessel Prices and Has Business Deals Interfered With as Punishment**

331.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

332.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

333.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

334.    Fathom denies the allegations in this Paragraph.

335.    Fathom denies the allegations in this Paragraph.

336.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

**k.    January 2024: Defendants Take a Series of Actions in Charleston, OR to Punish Buyer Informant #1 and Drive Him Out of Port**

337.    Fathom denies the allegations in this Paragraph.

338.    Fathom denies the allegations in this Paragraph.

339.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

340.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 39 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

341.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

342.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

343.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

344.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

345.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

346.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

347.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 40 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

348.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

349.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

350.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

### l.    Mid/Late-January 2024: Representatives of Defendants and Other Co-Conspirators Met at San Francisco's Pier 45 and Devised a Plan to Run Confidential Buyer Informant #1 Out of Business

351.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Unnamed Co-Conspirators #1 and #2," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

352.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

353.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

354.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 41 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

355.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

356.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

357.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

358.    Fathom denies the allegations in this Paragraph of the purported existence of any cartel. Fathom lacks knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

359.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

360.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

//

//

//

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 42 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

**2.** **Other Buyers Have Also Been Threatened by Defendants About Breaking Ranks on Price and Have Been Punished for Doing So**

    **a.** **Early-January 2023: Nor-Cal and Unnamed Co-conspirator #1 Dropped the Ex Vessel Prices They Were Offering After Being Warned by Defendants to Toe the Line**

361.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

362.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Unnamed Co-conspirator #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

    **b.** **Mid-January 2023: Pacific Seafood Flooded the Sell-Side Markets of Non-Compliant Buyers with Cheap Crabs**

363.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

364.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

365.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

    **c.** **Late-December 2023: Pacific Seafood Sent Buyers, Including Non-Cartel Members, a Warning About Paying Over the Ex Vessel Price Set By It**

366.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

367.    Fathom denies the allegations in this Paragraph of the purported existence of any cartel. Fathom lacks knowledge or information sufficient to admit or deny the remaining

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 43 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

### d. Pacific Seafood Uses Its Dominance in Other Areas of Seafood to Enforce Compliance with the Cartel's Dungeness Crab Pricing Dictates

368.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

369.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

### 3. As a Result, When Defendants and Other Buyers Pay Ex Vessel Prices Above the "Fixed Price" They Seek to Hide that Fact, Which Doesn't Make Economic Sence Absent a Price-Fixing Agreement

370.    Fathom denies the allegations in this Paragraph.

371.    Fathom denies the allegations in this Paragraph.

372.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

373.    Fathom denies the allegations in this Paragraph.

374.    Fathom denies the allegations in this Paragraph.

375.    Fathom denies the allegations in this Paragraph.

376.    Fathom denies the allegations in this Paragraph.

377.    Fathom denies the allegations in this Paragraph of any price-fixing. Fathom lacks knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

378.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 44 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

379.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

380.    The California Department of Fish and Wildlife's landing records speak for themselves and do not require a response. To the extent a response is required, Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

381.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

382.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

383.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

384.    Fathom denies the allegations in this Paragraph.

385.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

386.    Fathom denies the allegations in this Paragraph.

387.    The allegations in this Paragraph purport to quote correspondence, which, to the extent admissible, speaks for itself and does not require a response. To the extent a response is required, Fathom denies the allegations in this Paragraph.

388.    This Paragraph purports to quote correspondence, which, to the extent admissible, speaks for itself and does not require a response. To the extent a response is required, Fathom denies the allegations in this Paragraph.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 45 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

389.    Fathom denies the allegations in this Paragraph.

390.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

391.    Fathom denies the allegations in this Paragraph.

392.    Fathom denies the allegations in this Paragraph.

393.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Unnamed Co-conspirator #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

394.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

395.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel refuses to identify "Unnamed Co-conspirator #2," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

### G. **In Order to Defend Their Cartel Pricing, Defendants Threaten and Punish Crabbers who Sell Crab Ex Vessel for Prices Higher than the Cartel Price**

396.    Fathom denies the allegations in this Paragraph.

397.    Fathom denies the allegations in this Paragraph.

398.    Fathom denies the allegations in this Paragraph.

399.    Fathom denies the allegations in this Paragraph.

#### 1. **Pacific Seafood**

400.    Fathom admits that the season for Dungeness crab on the West Coast is open for certain months of the year. Unless expressly admitted, Fathom denies the allegations in this Paragraph.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page **46** of **58**

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

401.    Fathom denies the allegations in this Paragraph of the purported existence of any cartel. Fathom lacks knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

402.    Fathom denies the allegations in this Paragraph.

403.    Fathom denies the allegations in this Paragraph of the purported existence of any cartel. Fathom lacks knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

404.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

### 2. **Hallmark**

405.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

406.    Fathom denies the allegations in this Paragraph of the purported existence of any cartel. Fathom lacks knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

407.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

408.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

409.    Fathom denies the allegations in this Paragraph of the purported existence of any cartel. Fathom lacks knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

410.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 47 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

in this Paragraph, since Plaintiffs' counsel has refused to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

411.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

412.    Fathom denies the allegations in this Paragraph of the purported existence of any cartel. Fathom lacks knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph, since Plaintiffs' counsel has refused to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

413.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel has refused to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

### 3. **Ocean Gold**

414.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel has refused to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

415.    Fathom lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph, since Plaintiffs' counsel has refused to identify "Confidential Buyer Informant #1," and for other reasons, and accordingly denies the allegations in this Paragraph on that basis.

## III. **Buyers Who Are Not Part of the Cartel, Nonetheless, Generally Obey Its Pricing Dictates in Order to Avoid Retaliatory Actions by Defendants**

416.    Fathom denies the allegations in this Paragraph.

417.    Fathom denies the allegations in this Paragraph.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page **48** of **58**

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

418.    Fathom denies the allegations in this Paragraph.

419.    Fathom denies the allegations in this Paragraph.

## ANTITRUST INJURY

420.    Fathom denies the allegations in this Paragraph.

421.    Fathom denies the allegations in this Paragraph.

422.    Fathom denies the allegations in this Paragraph.

423.    Fathom denies the allegations in this Paragraph.

424.    Fathom denies the allegations in this Paragraph.

## CLASS ACTION ALLEGATIONS

425.    The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom denies the allegations in this Paragraph.

426.    The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom denies the allegations in this Paragraph.

427.    Fathom admits that the Complaint purports to exclude from the alleged putative classes they propose: Defendants, their parent companies, subsidiaries and affiliates, officers, executives, and employees; Defendants' attorneys in this case; federal government entities and instrumentalities; states or their subdivisions; and all judges and jurors assigned to this case.

428.    The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom denies the allegations in this Paragraph.

429.    Fathom denies the allegations in this Paragraph.

430.    The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent a response is required, Fathom denies the allegations in this Paragraph.

431.    The allegations in this Paragraph contain legal conclusions to which no response is

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 49 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

1.  required. To the extent a response is required, Fathom denies the allegations in this Paragraph.

2.        432.    The allegations in this Paragraph contain legal conclusions to which no response is

3.  required. To the extent a response is required, Fathom denies the allegations in this Paragraph.

4.        433.    The allegations in this Paragraph contain legal conclusions to which no response is

5.  required. To the extent a response is required, Fathom denies the allegations in this Paragraph.

6.        434.    The allegations in this Paragraph contain legal conclusions to which no response is

7.  required. To the extent a response is required, Fathom denies the allegations in this Paragraph.

8.        435.    Fathom lacks knowledge or information sufficient to admit or deny the allegations

9.  in this Paragraph, and accordingly denies the allegations in this Paragraph on that basis.

10. **DELAYED DISCOVERY/FRAUDULENT CONCEALMENT**

11.       436.    Fathom denies the allegations in this Paragraph.

12.       437.    Fathom denies the allegations in this Paragraph.

13.       438.    Fathom denies the allegations in this Paragraph.

14.       439.    Fathom denies the allegations in this Paragraph.

15.       440.    Fathom denies the allegations in this Paragraph.

16.       441.    Fathom denies the allegations in this Paragraph.

17.       442.    Fathom denies the allegations in this Paragraph.

18. **CLAIMS FOR RELIEF**

19. **First Cause of Action – Unlawful Agreements in Restraint of Trade in Violation of Section
    1 of the Sherman Act, 15. U.S.C. § 1**

20. **(Against All Defendants on Behalf of Plaintiffs and the Sherman Act Class)**

21.       443.    Fathom incorporates its responses to each Paragraph above as if fully set forth

22. herein.

23.       444.    Fathom denies the allegations in this Paragraph.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 50 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

1.  445.    Fathom denies the allegations in this Paragraph.

2.  446.    Fathom denies the allegations in this Paragraph.

3.  447.    Fathom denies the allegations in this Paragraph.

4.  448.    Fathom denies the allegations in this Paragraph and its subparagraphs.

5.  449.    Fathom denies the allegations in this Paragraph.

6.  450.    Fathom denies the allegations in this Paragraph.

7.  451.    Fathom denies the allegations in this Paragraph.

8.  452.    Fathom denies the allegations in this Paragraph.

9.  WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

10. **Second Cause of Action – Combination in Restraint of Trade in Violation of the California Cartwright Act, Cal. Bus. And Prof. Code § 16720, *et seq.***

11. **(Against All Defendants on Behalf of Plaintiffs and the California Class)**

12. 453.    Fathom incorporates its response to each Paragraph above as if fully set forth

13. herein.

14. 454.    Fathom denies the allegations in this Paragraph.

15. 455.    Fathom denies the allegations in this Paragraph.

16. 456.    Fathom denies the allegations in this Paragraph.

17. 457.    Fathom denies the allegations in this Paragraph.

18. 458.    Fathom denies the allegations in this Paragraph.

19. WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

20. **Third Cause of Action – Violation of the California Unfair Competition Law, Cal. Bus. And Prof. Code § 17200, *et seq.***

21. **(Against All Defendants on Behalf of Plaintiff Little and the California Class)**

22. 459.    Fathom incorporates its responses to each Paragraph above as if fully set forth

23. herein.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 51 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

460.    Fathom denies the allegations in this Paragraph.

461.    Fathom denies the allegations in this Paragraph and its subparagraphs.

462.    Fathom denies the allegations in this Paragraph.

463.    Fathom denies the allegations in this Paragraph.

464.    Fathom denies the allegations in this Paragraph.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### Fourth Cause of Action – For Declaratory Relief Under 28 U.S.C. § 2201
### (Against All Defendants on Behalf of Plaintiff and All Classes)

465.    Fathom incorporates its responses to each Paragraph above as if fully set forth herein.

466.    Fathom denies the allegations in this Paragraph.

### ANSWER TO PRAYER FOR RELIEF AND DEMAND FOR JURY:

Fathom denies that Plaintiffs are entitled to certification of any class, declaratory judgment, damages of any kind, injunctive relief of any kind, or any of the other relief they purport to seek and accordingly, Fathom denies each and every factual allegation contained in Plaintiffs' Prayer for Relief. Fathom admits that Plaintiffs request "trial by jury for all matters so triable."

Without assuming any burden of proof that it would not otherwise bear, Fathom also asserts the following defenses:

### SEPARATE AND ADDITIONAL DEFENSES

### First Defense – Lack of Standing

Plaintiffs lack standing to assert their claims. Among other things, Plaintiffs have not sustained any injury, cognizable damage, or other harm as a result of conduct alleged in the Complaint because Plaintiffs did not sell Dungeness crab ex vessel to Fathom within the

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 52 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

limitations period. Claims of putative class members also fail for lack of standing. Fathom reserves the right to challenge the standing of each putative class member.

### Second Defense – Lack of Antitrust Injury

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs suffered no antitrust injury (i.e., a type of injury that the antitrust laws were intended to remedy). Among other things, Plaintiffs have not sustained any injury, cognizable damage, or other harm as a result of conduct alleged in the Complaint, or any alleged harm is too remote, because, among other things, Plaintiffs did not sell Dungeness crab ex vessel to Fathom within the limitations period, or to any ex vessel purchasers participating in the alleged conspiracy. In addition, Plaintiff Burns has never sold Dungeness crab ex vessel and does not have the legal right to assert claims that may have belonged to her deceased husband. Claims of putative class members also fail for lack of standing. Fathom reserves the right to challenge the antitrust standing of each putative class member.

### Third Defense – Failure to State a Claim

Plaintiffs' claims fail to state a claim upon which relief can be granted. Plaintiffs have not plausibly alleged that Fathom engaged in any unlawful conduct, and the evidence will show that Fathom did not enter into any alleged unlawful combination, contract, or conspiracy, as Plaintiffs allege.

### Fourth Defense – State Action Doctrine

Plaintiffs' and putative class members' claims are barred, in whole or in part, by immunity granted directly by state law or by the state action doctrine, *see Parker v. Brown*, 317 U.S. 341 (1943). Plaintiffs allege that Fathom can be liable for antitrust violations because of its participation in meetings that were actively supervised by state agencies pursuant to a clearly articulated and affirmatively expressed state legislative policy to displace competition and allow

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 53 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

1. fishermen and buyers to bargain and negotiate prices collectively, even though such conduct is

2. immunized by state and federal law.

3. **Fifth Defense – First Amendment and *Noerr-Pennington* Doctrine**

4.     Plaintiffs' and putative class members' claims are barred, in whole or in part, because all

5. of Fathom's conduct challenged by Plaintiffs was lawful, fair, non-deceptive, expressly authorized

6. by law, justified, and pro-competitive; it constituted a bona fide business practice consistent with

7. industry practices and was carried out in furtherance of legitimate business interests; and it was a

8. part of Fathom's lawful business operations.

9. **Sixth Defense – Justified and/or Pro-Competitive Conduct**

10.     Plaintiffs' and putative class members' claims are barred, in whole or in part, because all

11. of Fathom's conduct challenged by Plaintiffs was lawful, fair, non-deceptive, expressly authorized

12. by law, justified, and pro-competitive; it constituted a bona fide business practice consistent with

13. industry practices and was carried out in furtherance of legitimate business interests; and it was a

14. part of Fathom's lawful business operations.

15. **Seventh Defense – Statute(s) of Limitations**

16.     Plaintiffs' and putative class members' claims are barred, in whole or in part, by the

17. applicable statute(s) of limitations. Plaintiffs seek to recover damages from January 1, 2016 to the

18. present. Plaintiffs' claims are subject, however, to a four-year statute of limitations, and those

19. claims accrued at the time Plaintiffs were paid an ex vessel price that they claim was artificially

20. suppressed as the result of an alleged conspiracy. Accordingly, Plaintiffs' claims based on ex

21. vessel sales that occurred prior to March 13, 2019—four years before the original Complaint was

22. filed—are time-barred.

23. *//*

**FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT**
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page **54** of **58**

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

**Eighth Defense – Failure to Allege Fraud or Fraudulent Conspiracy with Particularity**

Plaintiffs' and putative class members' claims are barred, in whole or in part, because Plaintiffs have failed to allege fraud or fraudulent concealment with sufficient particularity. Plaintiffs attempt to avoid dismissal of their untimely claims by including "fraudulent concealment" allegations. Fraudulent concealment is subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiffs have not plead with particularity, and cannot prove with evidence, that Fathom affirmatively misled Plaintiffs, and that Plaintiffs had either actual nor constructive knowledge of the facts giving rise to their alleged claims despite exercising diligence to try to uncover those facts.

**Ninth Defense – Laches/Waiver/Estoppel**

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel. Plaintiffs delayed filing this lawsuit for an unreasonable and inexcusable length of time from the time Plaintiffs knew or reasonably should have known of their claims against Fathom. Plaintiffs failed to exercise diligence to discover their alleged claims, or Plaintiffs had either actual or constructive knowledge of the facts they contend give rise to their alleged claims but failed to assert those claims within a reasonable time. Plaintiffs were aware of the claims they allege and intended to relinquish them. Fathom has suffered prejudice in its ability to defend this case due to Plaintiffs' failure to assert their alleged claims within a reasonable time. Plaintiffs are now estopped form asserting their claims because of such delay and waiver.

**Tenth Defense – Unclean Hands**

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrine of unclean hands, to the extent that Plaintiffs and putative class members have engaged

**FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT**
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page **55** of **58**

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

in fraud or willful misconduct related to the subject matter of their claims or were significantly involved in illegal conduct, including illegal collective price-bargaining, price-fixing or other violations of the antitrust or unfair competition laws.

### Eleventh Defense – Lack of Damages/Mitigation

Antitrust plaintiffs have a duty to mitigate their damages. Plaintiffs and putative class members have no damages or have failed to mitigate damages, if any. Plaintiffs' and putative class members' alleged damages, if any, were not caused by Fathom.

### Twelfth Defense – Independent, Unforeseeable, Superseding, and/or Intervening Cause(s)

Plaintiffs' and putative class members' claims are barred, in whole or in part, because the injuries, damages, and losses alleged in the Complaint, none being admitted, may have resulted, at least in part, from independent, unforeseeable, superseding, and/or intervening causes including, but not limited to, independent market forces and actions by or decision made by other individuals or entities not party to this lawsuit.

### Thirteenth Defense – Failure to State a Claim for Certification of a Class

Plaintiffs' class allegations are vague, overbroad, and otherwise fail to state a claim for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure. Among other things, Plaintiffs will be unable to show that common issues predominate over individual ones or that class treatment will be a superior method for resolution of this case as required to certify a class under Rule 23(b)(3).

### Fourteenth Defense – Constitutional Right to Separate Trials

The class action claims are barred, in whole or in part, to the extent that certification of this action as a class action would violate Fathom's constitutional right to separate trials and/or to assert separate defenses for each claim by each putative class member.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page **56** of **58**

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

### Fifteenth Defense – Due Process

The class action claims are barred, in whole or in part, to the extent that they seek to deprive Fathom of procedural and substantive safeguards, including, but not limited to, traditional defenses to liability, or duplicative recovery of alleged overcharges, in violation of the due process clause of the United States Constitution and analogous provisions of the California Constitution. This includes that, to the extent Plaintiffs and the proposed class seek relief on behalf of purported class members who have not suffered any injury or damages, the Complaint and each of its claims for relief therein violate Fathom's rights to due process under the United States Constitution.

### Sixteenth Defense - Acquiescence

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the Plaintiffs' knowing acquiescence to the restraints of trade alleged in the Complaint. Among other things, Plaintiffs and putative class members acquiesced in that alleged conduct, and their claims are barred, because Plaintiffs chose to remain in port, rather than exercise the option to fish on open ticket.

### Seventeenth Defense – Duplicative Recovery

Plaintiffs' and putative class members' claims are barred in whole or in part to the extent that they seek or would recover double or duplicative recovery; for instance, by attempting to recover from Fathom any portion of their damages already paid by settling Defendants or other alleged co-conspirators, who have settled, or do settle, Plaintiffs' claims in this action.

### Eighteenth Defense – Setoff

Plaintiffs' and putative class members' claims are barred, in whole or in part, by Fathom's right to set off any amounts paid by any Defendants or other alleged co-conspirators, who have settled, or do settle, Plaintiffs' claims in this action.

FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page 57 of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104

## RESERVATIONS

Fathom adopts and incorporates by reference any and all other defenses asserted by any other Defendant to the extent that the defense would apply to Fathom. Fathom further reserves the right to amend this Answer for the purpose of asserting any such additional affirmative defenses. Fathom further reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

## **FATHOM DEFENDANTS' REQUESTED RELIEF**

WHEREFORE, Fathom prays for relief as follows:

1.     That the Court award Fathom judgment in its favor on all of Plaintiffs' claims and dismiss this action with prejudice.

2.     That the Court award Fathom such other and further relief as it deems just and reasonable.

Fathom hereby demands a trial by jury of all aspects of the case so triable.

DATED this 21st day of February, 2025.

Respectfully submitted,

INTERNATIONAL MARITIME GROUP | PLLC

By: */s/ /R. Isaak Hurst*
R. ISAAK HURST, ESQ. (*PRO HAC VICE*)
HURST@MARITIME.LAW
NICK GUNN (*PRO HAC VICE*)
GUNN@MARITIME.LAW

*ATTORNEYS FOR ALASKA ICE SEAFOODS, INC. AND LONG FISHERIES, INC. – DEFENDANTS*

**FATHOM'S ANSWER TO SECOND AMENDED COMPLAINT**
LITTLE V. PACIFIC SEAFOOD PROCUREMENT, LLC ET AL.
Case No: 3:23-CV-01098-AGT
Page **58** of 58

INTERNATIONAL MARITIME GROUP | PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, 42ND FLOOR
SEATTLE, WA 98104