

Stuart G. Gross (SBN 251019)
Ross A. Middlemiss (SBN 323737)
Travis H.A. Smith (SBN 331305)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628

*Attorneys for Plaintiffs and the Proposed Classes*
[additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

BRAND LITTLE and ROBIN BURNS,
Individually and on Behalf of All Others
Similarly Situated,

    Plaintiffs,

  v.

PACIFIC SEAFOOD PROCUREMENT,
LLC; PACIFIC SEAFOOD PROCESSING,
LLC; PACIFIC SEAFOOD FLEET, LLC;
PACIFIC SEAFOOD DISTRIBUTION,
LLC; PACIFIC SEAFOOD USA, LLC;
DULCICH, INC.; PACIFIC SEAFOOD –
EUREKA, LLC; PACIFIC SEAFOOD –
CHARLESTON, LLC;  PACIFIC
SEAFOOD – WARRENTON, LLC;
PACIFIC SEAFOOD – NEWPORT, LLC;
PACIFIC SEAFOOD – BROOKINGS,
LLC; PACIFIC SEAFOOD – WESTPORT,
LLC; PACIFIC SURIMI – NEWPORT
LLC; BLUE RIVER SEAFOOD, INC.;
SAFE COAST SEAFOODS, LLC; SAFE
COAST SEAFOODS WASHINGTON,
LLC; OCEAN GOLD SEAFOODS, INC.;
NOR-CAL SEAFOOD, INC.; KEVIN LEE;
AMERICAN SEAFOOD EXP, INC.;
CALIFORNIA SHELLFISH COMPANY,

Case No. 3:23-cv-01098-AGT

**JOINT CASE MANAGEMENT
STATEMENT**

Date:   February 28, 2025
Time:   2:00 p.m.
Dept:   Courtroom A, 5th Floor
Judge:   Hon. Alex G. Tse

Gross Klein PC
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111

1  **INC.; ROBERT BUGATTO**
2  **ENTERPRISES, INC.; ALASKA ICE SEAFOODS, INC.; LONG FISHERIES,**
3  **INC.; CAITO FISHERIES, INC.; CAITO FISHERIES, LLC; SOUTHWIND FOODS,**
4  **LLC; FISHERMEN'S CATCH, INC.; GLOBAL QUALITY FOODS, INC.;**
5  **GLOBAL QUALITY SEAFOOD LLC; OCEAN KING FISH INC.; BORNSTEIN**
6  **SEAFOODS, INC.; ASTORIA PACIFIC SEAFOODS, LLC; and DOES 30-60,**
7
8          Defendants.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

P JOINT CASE MANAGEMENT STATEMENT; Case No. 3:23-cv-01098-AGT

Plaintiffs Brand Little ("Little") and Robin Burns ("Burns") (collectively, "Plaintiffs") and Defendants Pacific Seafood Procurement, LLC, Pacific Seafood Distribution, LLC, Pacific Seafood Processing, LLC, Pacific Seafood USA, LLC, Dulcich, Inc., Pacific Seafood – Eureka, LLC; Pacific Seafood – Charleston, LLC,  Pacific Seafood – Warrenton, LLC, Pacific Seafood – Newport, LLC, Pacific Seafood – Brookings, LLC, Pacific Seafood – Westport, LLC, and Pacific Surimi – Newport LLC (collectively, "Pacific Seafood"), Blue River Seafood, Inc.; Safe Coast Seafoods, LLC; Safe Coast Seafoods Washington, LLC (collectively, "Safe Coast"), Ocean Gold Seafoods, Inc. ("Ocean Gold"), Nor-Cal Seafood, Inc. ("Nor-Cal"), Kevin Lee, American Seafood Exp, Inc. ("ASE"), California Shellfish Company, Inc. and Robert Bugatto Enterprises, Inc. (collectively, "Hallmark"), Alaska Ice Seafoods, Inc. and Long Fisheries, Inc.(collectively, "Fathom Seafood"), Caito Fisheries, Inc. ("Caito Fisheries, Inc."), Caito Fisheries, LLC, and Southwind Foods, LLC ("Caito Fisheries, LLC/Southwind"), Fishermen's Catch, Inc. ("Fishermen's Catch"), Global Quality Foods, Inc. ("Global Quality Foods, Inc."), Global Quality Seafood LLC ("Global Quality Seafood LLC"), Ocean King Fish Inc. ("Ocean King"), Bornstein Seafoods, Inc. and Astoria Pacific Seafoods, LLC, (collectively, "Bornstein")[1], jointly submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

## 1. Jurisdiction and Service

This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 (federal question), 1332 (class action diversity jurisdiction), 1337(a) (antitrust), and 1367 (supplemental jurisdiction). This Court additionally has jurisdiction over Plaintiffs' claim for injunctive relief pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26. There are no issues presently pending with regard to personal service, and no parties remain to be served.

---

[1] Plaintiffs understand that all Defendants have approved the contents of this document. However, as of the time of filing, formal approval to sign on behalf of certain counsel had not yet been received. Signatures for such counsel have been omitted.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

**2. <u>Facts</u>**

<u>Plaintiffs</u>

Plaintiffs allege that Defendants, who ostensibly compete as ex vessel Dungeness crab buyers, entered into, and continue to operate under a continuing agreement, understanding, and/or conspiracy in restraint of trade, the purpose of and effect of which is to fix, control, and suppress the prices paid for Dungeness crab in the Pacific NW Area by Defendants and other buyers. The Pacific NW Area is defined as California, coastal Washington (which excludes Puget Sound), and Oregon.

Plaintiffs allege that starting with at least the 2015-16 season and continuing to present, Defendants' conspiracy has operated, and has been maintained and furthered, by, among other things:

- Defendants allowing Pacific Seafood to set the opening price for the Pacific NW Area, refusing to offer a price, or even negotiate a price with crabbers, until Pacific Seafood offers one, and when Pacific Seafood refuses to offer or negotiate an opening price, Defendants following suit;

- Once Pacific Seafood sets the opening price, Defendants following that price in the ex vessel prices they offer to crabbers;

- Defendants actively coordinating the ex vessel prices that they offer to crabbers as the season progresses, including, without limitation, agreeing not to pay prices above specified levels;

- Defendants regularly sharing amongst themselves sensitive, current, and forward looking, competitive information, such as, without limitation, the ex vessel prices they are paying or will pay in the future (including any limits thereto), what other Defendants and non-defendant buyers are paying for crab, how much crab they are expecting or hoping to buy, what ex vessel prices crabbers are asking for;

- Defendants actively recruiting other buyers into their conspiracy by, *inter alia*, offering them economic benefits if they agree to "participate" in keeping ex vessel prices at the cartel's desired level and by threatening such buyers with economic harms if they refuse

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

1    to participate;

2    • Defendants punishing one another and other buyers for not abiding by the terms of the

3    conspiracy in ways that include, without limitation, offering unreasonably cheap crab to

4    the non-compliant buyer's customers, withholding business from the buyer, encouraging

5    crabbers and others not to do business with the buyer (including by making false

6    statements about the buyer), withholding payments to the buyer of moneys owed, and

7    taking actions to limit the buyers' access to port infrastructure such as dock space and

8    hoists;

9    • Defendants punishing crabbers who sell to non-cartel buyers by *inter alia*, refusing to buy

10    crab or other seafood products from the crabbers, which, because of consolidation of

11    control at the port level, means offending crabbers don't have anywhere to sell their

12    products; and

13    • Defendants buying and selling fresh crab from each other "out of the back door," which

14    allows a resident Defendant buyer in a given port to purchase the crab ex vessel, at the

15    artificially suppressed ex vessel price, before quickly selling it at or only slightly above

16    that price to another Defendant, removing the upwards price pressure previously created

17    by "white van" buyers—buyers that don't have facilities in a given port and instead bring

18    trucks in to load up and transport crab elsewhere—who previously bought crab directly

19    from the crabbers in those ports, driving up prices.

20    The primary factual issues to be resolved include:

21    a) Whether Defendants conspired to fix, control, and suppress the ex vessel price of

22    Dungeness crab in the Pacific NW Area during the Class Period (defined below);

23    b) Whether Defendants shared competitively sensitive information during the Class

24    Period;

25    c) Whether and by how much Defendants' conduct caused the Pacific NW Area ex

26    vessel price for Dungeness crab to be suppressed, injuring Plaintiffs and other

27    members of the proposed class during the Class Period;

28

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

1

2

d)   Whether Defendants actively concealed their illegal agreement, preventing Plaintiffs'
    discovery thereof;

3

e)   The amount of Plaintiffs' and class member damages.

4

5

6

The foregoing list of facts and factual issues are not intended to be exhaustive, and Plaintiffs
reserve the right to pursue discovery concerning and prove at trial other and additional facts and
factual issues.

7

<u>Defendants</u>

8

9

10

11

12

13

14

15

16

With the exception of Ocean King – who intends to file a Motion to Dismiss on March 14,
2025, Defendants have answered and denied (or will do so in advance of the CMC or soon
thereafter per stipulation with Plaintiffs) the material allegations of the operative complaint and
denied that Plaintiffs are entitled to certification of any class, damages, or any relief whatsoever.
Defendants deny that they have entered into a conspiracy, or any unlawful agreement at all, to
restrain trade or otherwise suppress the price of ex vessel Dungeness crab.  The more than 30
Defendants in this case have different business operations, different business models, operate in
different ports and utilize different supply chains.  Plaintiffs' allegations of a broad, coast-wide
conspiracy to fix the prices of ex vessel Dungeness crab is unsupported and implausible.

17

18

19

20

21

22

23

Defendants specifically deny any agreement to allow Pacific Seafood to set the season
opening ex vessel price for Dungeness crab, or the ex vessel at any time, and deny that they
engaged in any price coordination whatsoever.  Defendants deny recruiting any ex vessel buyers
into the non-existent conspiracy or punishing other buyers or crabbers for their pricing or other
market conduct.  Defendants further deny any wrongdoing in connection with Plaintiffs' "out of
the back door" buying claims, and deny any violations of the Sherman Act, the Cartwright Act, or
any other violations of federal or state law alleged.

24

25

26

27

28

The evidence in this case will show that the ex vessel Dungeness crab market is highly
competitive, and the prices fisherman receive result from the supply and demand in a particular
port on a given day.  The evidence will also show that Defendants act independently, each its own
economic self-interest, and vigorously compete with one another.  The allegations in the operative

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

1   complaint describe lawful, unilateral conduct typically found in a competitive marketplace.

2   Plaintiffs' allegations that Pacific Seafood always makes the first offer for ex vessel crab, which

3   is followed by the other Defendants, is not true and not the result of any coordinated conduct.  To

4   the extent Defendants price similarly, such conduct is consistent with independent decisions in

5   which buyer's act in their own self-interest and such price leadership is observed and recognized

6   in many markets in the absence of any collusion.  Similarly, Plaintiffs' contentions that buyers

7   and crabbers gather information on what others are paying is normal and routine business conduct

8   and can be procompetitive, and not necessarily indicative of a conspiracy or illegal agreement in

9   restraint of trade.

10          Defendants also deny the various meetings alleged in the operative complaint, including

11   the meetings that Confidential Informant #1 claims to have participated in, except that some

12   Defendants did participate in the lawful, state-supervised pricing negotiations in December 2023

13   organized by the Oregon Department of Agriculture pursuant to ORS 646.739 to set a season

14   opening price as authorized and required by Oregon law.  A private party's participation in that

15   meeting is immunized from federal and state antitrust liability.

16          Defendants agree that, at least at this early stage in the litigation, the primary factual

17   issues to be decided are likely to include those identified by Plaintiffs, but may also include,

18   without limitation, the following:

19          a)  Whether parallel ex vessel Dungeness crab pricing or price similarities, if any, during

20   the alleged class period was the result of unilateral conduct, or other lawful conduct, such as a

21   state-authorized process and decision;

22          b)  Whether Plaintiffs sold Dungeness crab to any buyers participating in an alleged

23   conspiracy as necessary to demonstrate standing and antitrust injury;

24          c)  Whether any such sales occurred during the applicable statute of limitations;

25          d)  Whether Ms. Burns has the right to assert antitrust claims that may have belonged to

26   her deceased husband, or whether those the rights to assert those claims are held by other non-

27   parties;

28          e)  Whether Plaintiffs suffered any injury as a result of Defendants' alleged conduct;

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

f)  Whether Defendants' alleged conduct had the effect of setting the prices of ex vessel crab below competitive levels; and

g)  Whether Plaintiffs can provide a methodology that uses common proof to show class-wide injury and a method for determining class member damages caused by any agreement in restraint of trade.

Defendants reserve rights to supplement this statement of facts and fact issues as the case progresses through discovery.

**3. <u>Legal Issues</u>**

The parties reserve the right to supplement or amend this statement of disputed legal issues. By submitting this joint list, no party concedes anything regarding any of the issues.  The primary legal issues to be resolved include:

a)  Whether Defendants engaged in a combination or conspiracy to fix, control, and/or suppress the ex vessel price of Dungeness crab in the Pacific NW Area, constituting a per se violation of Section 1 of the Sherman Act and the Cartwright Act;

b)  Whether Defendants' exchange of sensitive competitive information constitutes, in and of itself, an unlawful restraint of trade, in violation of Section 1 of the Sherman Act and Cartwright Act, including the appropriate standard of review;

c)  Whether Defendants' conduct violates the California's Unfair Competition Law;

d)  Whether Defendants' conduct caused the suppression of ex vessel prices in the Pacific NW Area that substantially injured Plaintiffs, and putative class members;

e)  Whether Plaintiffs have standing to assert their claims;

f)  Whether the Plaintiffs have sustained an antitrust injury proximately caused by Defendants' actions;

g)  Whether successor liability is applicable;

h)  Whether a class or classes should be certified, including whether the requirements of Rule 23(a) and (b) have been met, and whether there are common factual and legal issues that predominate over individualized issues sufficient to certify the alleged classes;

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

i) Whether Plaintiffs have suffered damages and, if so, the appropriate measure of damages;

j) Whether Defendants can prove cognizable affirmative defenses; and

k) Whether the Second Amended Complaint fails to state a claim a matter of law under FRCP 12(b)(6) as against Defendant Ocean King.

## 4. **Motions**

Following the Court's January 17, 2025 denial of Defendants' Omnibus Motion to Dismiss the First Amended Class Complaint, except as to Defendants Ocean King, South Bend and Swanes Holdings, Dkt. 242, on January 30, 2025, Plaintiffs filed a motion pursuant to Local Rule 7-11 requesting that the Court lift the discovery stay currently in place, Dkt. 246. On February 18, 2025, the Court granted Plaintiffs' motion and lifted the discovery stay. Dkt. 259.

Plaintiffs filed the Second Amended Class Complaint on February 7, 2025, adding allegations concerning Defendant Ocean King Fish, Inc. Dkt. 255. Ocean King's deadline to respond to the Second Amended Class Complaint is March 14, 2025, per stipulated order. Dkt. 260.

Plaintiffs intend to file a motion for class certification, expect to file *Daubert* motions, and will consider the appropriateness of dispositive motion practice. Defendants intend to oppose Plaintiffs' motion for class certification, and expect to file *Daubert* motions and dispositive motions after the close of fact and expert discovery.

## 5. **Amendment of Pleadings**

As provided in section 16, below, the Parties propose January 12, 2026 as the deadline for Plaintiffs to amend the pleadings to add additional defendants.

## 6. **Evidence Preservation**

The Parties certify that their respective counsel have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they met and conferred pursuant to Federal Rule of Civil Procedure 26(f) on February 3, 2025 (the "Rule 26(f) conference"). Discussion of the matters raised in the Rule 26(f) conference concerning

Gross Klein PC
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111

1    preservation of evidence of the personal electronic devices of certain Defendants' owners and

2    employees are ongoing, as further detailed in the Parties Joint Rule 26(f) Report, filed

3    concurrently herewith.

4    **7.  Disclosures**

5        In conformity with the parties' proposed case schedule provided below, and with the

6    exception of Defendant Ocean King, the Parties will exchange Initial Disclosures on or before

7    March 7, 2025.  Per agreement with Plaintiffs, Defendant Ocean King will serve its  Initial

8    Disclosures at the time set for it to answer the complaint.

9    **8.  Discovery**

10   Discovery to Date

11       The Court stayed discovery on June 23, 2023, pending resolution of the motion to dismiss

12   the original complaint. Dkt. 38. Prior to that order, Plaintiffs had served subpoenas on certain

13   third parties and had received a production of documents, in response, from South Wind.

14       Plaintiffs were permitted to conduct limited discovery of Pacific Seafood, Safe Coast,

15   Bornstein, Hallmark, ASE, Nor-Cal, the California Department of Fish and Wildlife, the Oregon

16   Department of Fish and Wildlife, and the Washington Department of Fish and Wildlife. Dkt. 61.

17   Productions in response were received from the fish and wildlife departments, Pacific Seafood,

18   Safe Coast, Bornstein, Hallmark, and Nor-Cal. Plaintiffs have served all Defendants the

19   documents that have been produced to Plaintiffs thus far.

20       On February 18, 2025, the Court lifted the discovery stay. Dkt. 259. Following that order,

21   Plaintiffs have served a first set of requests for production of documents on all Defendants.

22   Scope of Anticipated Discovery

23       This subject is addressed in the parties Rule 26(f) Report filed herewith.

24   Limitations or Modifications of Discovery Rules

25       This subject is addressed in the parties Rule 26(f) Report filed herewith.

26   ESI Protocol

27       The parties have exchanged drafts of an ESI protocol and expect to be able to resolve

28

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

differences in those drafts through the meet and confer process.

Identified Discovery Disputes

(1) Number and timing of interrogatories and requests for admission.

As discussed in the parties' Rule 26(f) Report, the parties disagree on what limitations should be placed on the numbers of interrogatories and requests for admissions allotted to each party and when responses to contention interrogatories and requests for admission should be due.

(2) Records of communications by employees and owners of Defendants on personal electronic devices made on behalf of a Defendant and/or in the scope of their employment by, or agency for, the Defendant.

Plaintiffs take the position that such records of communications are in the possession, custody, or control of the parties; therefore, Plaintiffs and Defendants are obligated to undertake efforts to search for and produce such records, including those that may exist on the cell phone or other personal electronic device of the employee or owner, whether the device is issued by the Defendant or is the personal property of the owner or employee.

Certain Defendants have committed to undertaking efforts to conduct such searches, irrespective of whether the cell phone or electronic device was issued by them or is the personal property of their employee or owner.

Certain other Defendants object to this assertion and maintain that personal electronic devices of employees are not within their possession, custody or control, and have advised Plaintiffs that they must subpoena any such individuals.

(3) Identification of Confidential Informant #1 and Unnamed Co-conspirators #1 and #2.

Plaintiffs have refused Defendants' requests to identify Confidential Informant #1 and Unnamed Co-conspirators #1 and #2 without a formal discovery request, such as an Interrogatory.

Defendants contend Plaintiffs should identify them now without forcing Defendants to use an Interrogatory since they are critical sources for allegations throughout the operative complaint. Defendants are concerned that Plaintiffs have not advised these third parties to preserve documents and ESI relating to the allegations in the operative complaint and Defendants are not

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

able to issue preservation letters. Defendants' counsel have requested that Plaintiffs provide the identities of Confidential Informant #1 and Unnamed Co-conspirators #1 and #2 during the Rule 26(f) conference, so that Defendants could send those entities document preservation requests. Defendants' counsel have now learned that Plaintiffs' counsel purports to have sent preservation requests to Confidential Informant # 1 and to Unnamed Co-conspirators #1 and #2, although disclaiming any obligation to do so.  Defendants intend to do the same once they learn the identities of these persons because they have no insight into the scope or timing of Plaintiffs' preservation request.

Plaintiffs contend that they have no obligation to provide substantive factual information going to the merits of this action, except in response to a formal discovery request or as part of their initial disclosures; and it would be inappropriate for Plaintiffs' counsel to do so informally, given various considerations, including the advocate witness rule.

Plaintiffs and their counsel further have no obligation to instruct any party, other than Plaintiffs, to preserve documents. Notwithstanding that lack of obligation, Plaintiffs' counsel has sent document preservation requests to Confidential Informant #1, as well as to Unnamed Co-conspirator #1 and #2.

**9. <u>Class Actions</u>**

Plaintiffs bring this case on behalf of themselves and two proposed classes consisting of:

1) Commercial crabbers who, from January 1, 2016 to present (the "Class Period"), sold ex vessel Dungeness crab they caught off the coast of, or landed in, California, Oregon, and/or Washington, seeking damages and injunctive relief for violations of § 1 of the Sherman Act; and

2)  Commercial crabbers who, during the Class Period, sold ex vessel Dungeness crab they caught off the coast of and/or landed in California, seeking damages and injunctive relief for violations of California state law.

Defendants will oppose class certification on the grounds that the proposed classes do not meet the requirements of Rule 23.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

1    The parties proposed briefing on Plaintiffs' motion for class certification commence on

2    August 23, 2027, in accordance with the proposed schedule below, after the completion of fact

3    and expert discovery.

4    The Parties certify that their counsel have reviewed the Procedural Guidance for Class

5    Action Settlements.

6    **10. <u>Related Cases</u>**

7    The parties are unaware of any related cases.

8    **11. <u>Relief</u>**

9    Plaintiffs request that the Court:

10    (a) Certify the aforementioned classes pursuant to Rule 23 of the Federal Rules of Civil

11    Procedure;

12    (b) Adjudge and decree that the misconduct alleged violates Section 1 of the Sherman Act,

13    California's Cartwright Act, and California's Unfair Competition Law;

14    (c) Grant injunctive and other equitable relief as is necessary to protect the interests of

15    Plaintiffs and the proposed class, including, but not limited to, an order barring

16    Defendants from continuing to engage in illegal agreements and other conduct restraining

17    competition in the Pacific NW Area ex vessel Dungeness crab market;

18    (d) Award damages to Plaintiffs and the proposed class to the maximum amount allowed,

19    and that judgment in favor of Plaintiffs and the proposed class be entered against

20    Defendants in an amount to be trebled to the extent the law permits;

21    (e) Award pre- and post-judgment interest, as provided by law, and that such interest be

22    awarded at the highest legal rate;

23    (f) Award Plaintiffs and the proposed class their reasonable costs and expenses incurred in

24    this action, including counsel fees and expert fees; and

25    (g) Grant such other further relief as the Court deems appropriate.

26    Defendants deny any wrongdoing and dispute that Plaintiffs or any member of the

27    putative classes have been harmed in any way or are entitled to any damages or other relief.

28

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

**12. <u>Settlement and ADR</u>**

Preliminary settlement discussions have occurred and are occurring between Plaintiffs and certain Defendants.

There do not appear at this time to be any key discovery or motions necessary to position the parties to negotiate a resolution.

As indicated in the parties' ADR certifications, the parties prefer to discuss ADR selection and any related schedule with the Court at the February 28, 2025 case management conference.

**13. <u>Other References</u>**

The Parties do not believe that this case is suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation, and the Parties are not aware of any arbitration agreement between the Parties.

**14. <u>Narrowing of Issues</u>**

The Parties agree to meet and confer in good faith regarding how resolution of these issues may be expedited, as the case develops and discovery proceeds.

**15. <u>Expedited Trial Procedure</u>**

The Parties do not believe these cases are of the type to be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**16. <u>Scheduling</u>**

Parties jointly propose the following case schedule:

- February 7, 2025: last day to meet and confer regarding initial disclosures, early settlement, ADR process selection, and discovery plan;
- February 21, 2025: last day to file a rule 26(f) report, and file a case management statement;
- February 28, 2025: case management conference;
- March 7, 2025: initial disclosures due;
- May 30, 2025: status conference;
- August 29, 2025: status conference;
- December 5, 2025: status conference;

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

- January 12, 2026: last day to amend pleadings/add parties;

- March 6, 2026: status conference;

- March 9, 2026: substantial completion of rolling document production;

- June 5, 2026: status conference;

- September 4, 2026: status conference;

- November 9, 2026: fact discovery closes;

- December 4, 2026: status conference;

- December 7, 2026: last day to file discovery motions relating to fact discovery;

- February 8, 2027: last day to exchange initial expert reports on issues for which the party bears the burden of proof;

- March 5, 2027: status conference;

- May 10, 2027: last day to exchange rebuttal expert reports;

- June 21, 2027: last day to exchange reply expert reports;

- July 9, 2027: close of expert discovery;

- June 4, 2027: status conference;

- August 23, 2027: last day for Plaintiffs to file class certification and all parties to file Daubert motions;

- October 4, 2027: last day for Defendants to file opposition to class certification and all parties to file oppositions to Daubert motions;

- September 3, 2027: status conference;

- November 1, 2027: last day to file replies ISO class certification and Daubert motions;

- December 17, 2027: hearing on class certification and Daubert motions;

- February 14, 2028: last day to file dispositive motions;

- December 3, 2027: status conference;

- March 27, 2028: last day to file oppositions to dispositive motions;

- April 24, 2028: last day to file replies ISO dispositive motions;

- May 12, 2028: hearing on dispositive motions;

- June 23, 2028: pretrial conference;

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

1          • July 24, 2028: first day of trial.

2          **17. Trial**

3          Plaintiffs have demanded a jury trial. The parties agree it is difficult to estimate the length

4   of a trial, but expect a jury trial to last approximately eight weeks.

5          **18. Disclosure of Non-party Interested Entities or Persons**

6          The Parties are not aware of any non-party interested entities or persons. The Parties have

7   all filed a "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

8          **19. Professional Conduct**

9          All attorneys of record for the Parties have reviewed the Guidelines for Professional

10  Conduct for the Northern District of California.

11  Dated: February __, 2025                            GROSS KLEIN PC

12

13

                                            By:    _____
14                                                 STUART G. GROSS

15                                                 Stuart G. Gross (SBN 251019)
16                                                 Travis H.A. Smith (SBN 331305)
                                                   Ross A. Middlemiss (SBN 323737)
17                                                 **GROSS KLEIN PC**
                                                   The Embarcadero
18                                                 Pier 9, Suite 100
                                                   San Francisco, CA 94111
19                                                 (415) 671-4628
20                                                 *sgross@grosskleinlaw.com*
                                                   *tsmith@grosskleinlaw.com*
21                                                 *rmiddlemiss@grosskleinlaw.com*

22                                                 Matthew W. Ruan (SBN 264409)
                                                   **FREED KANNER LONDON &**
23                                                 **MILLEN LLC**
                                                   100 Tri-State International, Suite 128
24                                                 Lincolnshire, IL 60069
                                                   (224) 632-4500
25                                                 *mruan@fklmlaw.com*

26                                                 Matthew S. Weiler (SBN 236052)
27                                                 Raymond S. Levine (SBN 348030)
                                                   **SCHNEIDER WALLACE COTTRELL**
28                                                 **KONECKY, LLP**

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

2000 Powell Street, Suite 1400
Emeryville, CA 94608
(415) 421-7100
mweiler@schneiderwallace.com
*rlevine@schneiderwallace.com*

Steven N. Williams (SBN 175489)
**STEVEN WILLIAMS LAW, P.C.**
201 Spear St, Suite 1100
San Francisco, CA 94105
(415) 671-4628
*swilliams@stevenwilliamslaw.com*

*Counsel for Plaintiffs and the Proposed Classes*

DATED: February 21, 2025

/s/ Timothy W. Snider
Edward C. Duckers (SBN 242113)
ed.duckers@stoel.com
Charles H. Samel (SBN 182019)
charles.samel@stoel.com
**STOEL RIVES LLP**
1 Montgomery Street, Suite 3230
San Francisco, CA 94104
Telephone: 415.617.8900

Matthew D. Segal (SBN 190938)
matthew.segal@stoel.com
Michelle J. Rosales (SBN 343519)
michelle.rosales@stoel.com
**STOEL RIVES LLP**
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700

Timothy W. Snider (appearing *Pro Hac Vice*)
timothy.snider@stoel.com
**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380

*Attorneys for Pacific Seafood Defendants*

DATED: February 21, 2025

/s/ Christopher J. Kayser
Christopher J. Kayser

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

Elizabeth E. Parker
**LARKINS VACURA KAYSER**
121 SW Morrison St. Suite 700
Portland, OR
Telephone: (503) 222-4424
cjkayser@lvklaw.com
eparker@lvklaw.com

Brian A. E. Smith
Joseph J. Fraresso
**BARTKO LLP**
1100 Sansome Street
San Francisco, CA 94111
Telephone: (415) 956-1900
bsmith@bartkolaw.com
jfraresso@bartkolaw.com

*Attorneys for Defendant Ocean Gold Seafoods, Inc.*

DATED: February 21, 2025            */s/ Bao-Quan P. Pham*
Bao-Quan P. Pham
**Law Office of Bao-Quan P. Pham**
345 N. 18th Street
San Jose, CA 95112
408-275-6701
baopham408@sbcglobal.net

*Attorneys for Defendant Global Quality Seafood LLC*

DATED: February 21, 2025            */s/ Jonathan W. Thames*
Jonathan W. Thames
**KENNEDYS LAW LLP**
455 Market Street, Suite 1900
San Francisco, CA 94105
Telephone: (415) 323 4464
Jonathan.Thames@kennedyslaw.com

*Attorneys for Defendant American Seafood EXP, Inc.*

DATED: February 21, 2025            */s/ Scott Cameron*
Scott Cameron
Josiah Prendergast
**WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN**

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

400 Capitol Mall, 11th Floor
Sacramento, California 95814
Telephone: (916) 558-6000
scameron@weintraub.com
Jprendergast@weintraub.com

*Attorneys for Defendant California Shellfish
Company, Inc. and Robert Bugatto Enterprises, Inc.*

DATED: February 21, 2025

/s/ Colin W. Morrow
Colin W. Morrow
**VANNUCCI MOMSEN MORROW**
45060 Ukiah St., Ste. A
P.O. Box 1214
Mendocino, CA 95460
Telephone: 707-380-1070
cmorrow@vmm-law.com

*Attorneys for Defendant Caito Fisheries, Inc.*

DATED: February 21, 2025

/s/ Steven J. Goon
Steven J. Goon
Sarah Van Buiten
**RUTAN & TUCKER, LLP**
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
sgoon@rutan.com
Svanbuiten@rutan.com

*Attorneys for Defendant Caito Fisheries, LLC and
Southwind Foods, LLC*

DATED: February 21, 2025

/s/ J. Timothy Hobbs
J. Timothy Hobbs (appearing *Pro Hac Vice*)
Henry J. Brockway
Victoria S. Duarte
**K&L Gates LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Telephone: (206) 370-7893
christopher.wyant@klgates.com

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

trudy.tessaro@klgates.com

Michael J. Stortz
**K&L Gates LLP**
4 Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: (415) 882-8011
Michael.Stortz@klgates.com

*Attorneys for Defendant Bornstein Seafoods, Inc.*
*and Astoria Pacific Seafoods, LLC*

DATED: February 21, 2025

/s/ Sean Gates
Sean Gates
**ILLOVSKY GATES & CALIA LLP**
155 N. Lake Avenue, Suite 800
Pasadena, California 91101
Telephone: (626) 508-1715
sean@illovskygates.com

*Attorneys for Defendant Safe Coast Seafoods, LLC,*
*Safe Coast Seafoods Washington, LLC, and Blue*
*River Seafood, Inc.*

DATED: February 21, 2025

/s/ Ann A. P. Nguyen
Ann A.P. Nguyen
**MESSNER REEVES LLP**
160 W Santa Clara Street, Suite 1000
San Jose, CA 95113
Telephone: (408) 298-7120
anguyen@messner.com

*Attorneys for Defendant Global Quality Foods, Inc.*

127983398.2 0052902-00054

1   DATED: February 21, 2025

2

/s/ Nick Gunn

Duncan Macfarlane

3   **MACFARLANE LAW**

710 Ericksen Ave. NE, Suite 201

4   Bainbridge Is, WA 98110

Telephone: (206) 451-4058

5   Duncan@Macfarlane-Law.com

6   Nick Gunn, Esq. (appearing *Pro Hac Vice*)

7   **INTERNATIONAL MARITIME GROUP, PLLC**

8   701 Fifth Avenue, 42nd Floor

Seattle, WA 98104

9   Telephone: (206) 707-8338

Gunn@Maritime.Law

10

11   *Attorneys for Defendants Alaska Ice Seafoods, Inc. and Long Fisheries, Inc.*

12   DATED: February 21, 2025

13

/s/ Philip J. Wang

Philip J. Wang

Traci Michelle Keith

14   **PUTTERMAN YU WANG LLP**

15   345 California St. Suite 1160

San Francisco, CA 94104

16   pwang@plylaw.com

tkeith@plylaw.com

17

18   *Attorneys for Defendant Ocean King Fish Inc.*

19   DATED: February 21, 2025

/s/ Steven McLellan

Steven McLellan

20   **MCLELLAN LAW GROUP LLP**

21   900 E. Hamilton Ave. Suite 100

Campbell, CA 95008

22   Mclellanlawgroup.com

23   *Attorneys for Defendant Fisherman's Catch Inc.*

24

25

26

27

28

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

1  DATED: February 21, 2025

2                                           _____
                                            Huechi Wong, Esq.
3                                           HH LEGAL GROUP
                                            2443 Fillmore Street, #380-4372
                                            San Francisco, CA 94115
4                                           huechi@hhdisputes.com

5                                           *Attorney for Defendants Nor-Cal Seafood, Inc. and
                                            Kevin Lee*

6

7

8                          **ATTESTATION UNDER L.R. 5-1(i)(3)**

9          Pursuant to Civil Local Rule 5-1(i)(3), I attest under the penalty of perjury that the above

10  signatories authorized the use of an electronic signature and concurred in the filing of this

11  document.

12

13  Dated: February 21, 2025                    by: */s/ Stuart G. Gross*
                                                    STUART G. GROSS
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111