UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAND LITTLE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>PACIFIC SEAFOOD PROCUREMENT, LLC, et al.,<br><br>        Defendants. | Case No. 23-cv-01098-AGT<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 334 |

      Plaintiffs haven't convinced the Court that they need to depose Crystal Adams, a former employee of defendant Hallmark Fisheries, twice. Plaintiffs want to depose Adams now to ask her about text messages she lost upon trading in her cell phone, and to depose her again on merits issues later in discovery. The Court doesn't see why the spoliation and merits topics cannot be covered in a single deposition.

      Adams traded in her phone over a year ago. There's no reason to believe that her old phone can be recovered, let alone with her text messages, which she didn't back up, restored. There is thus no clear urgency that warrants an immediate deposition on spoliation. Even so, Adams "is willing to sit for her deposition now, just not twice." Dkt. 334 at 3. If plaintiffs believe time is of the essence, they may speed up their merits prep work and promptly depose

Adams on spoliation and the merits together. Leave to depose Adams twice is denied.

Plaintiffs also seek an order compelling Hallmark to send current and former employees a supplemental evidence preservation order. *See id.* at 1. Hallmark didn't join the letter brief in which plaintiffs made this request. The brief was filed only on behalf of plaintiffs and Adams. It is thus unclear whether plaintiffs and Hallmark met and conferred about the need for such an order. They must do so by May 21, 2025.

**IT IS SO ORDERED.**

Dated: May 16, 2025

_____
Alex G. Tse
United States Magistrate Judge