UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAND LITTLE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>PACIFIC SEAFOOD PROCUREMENT, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-01098-AGT<br><br>**ORDER ON OCEAN KING FISH'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 288 |

　　　　In their first amended complaint, plaintiffs plausibly alleged a price-fixing agreement between Pacific Seafood and over a dozen other Dungeness crab buyers. The group agreed to offer crabbers prices no higher than the prices Pacific Seafood set.

　　　　Plaintiffs linked almost every defendant to the conspiracy except Ocean King Fish, Inc. Ocean King knew about Pacific Seafood's prices and asked another buyer if he planned to follow them. But plaintiffs' allegations didn't support a finding that Ocean King adopted the group's prices. The Court held that "Ocean King's curiosity, without more, [didn't] plausibly implicate the company in the conspiracy." Order on MTD FAC, Dkt. 242 at 8.

　　　　In their second amended complaint, plaintiffs have done enough to connect Ocean King to the conspiracy. Plaintiffs allege that in January 2021, conspiracy member Bornstein Seafoods, Inc., told Ocean King that Bornstein wouldn't pay crabbers "more than $5/lb."

SAC ¶ 236. Ocean King's representative responded, "Exactly. I agree." *Id.* ¶ 237. The same month, "no Defendant, including Ocean King and Bornstein, . . . paid more than $5/lb. ex vessel for Dungeness crab," even though "various non-Defendant buyers paid substantially over $5/lb. ex vessel for Dungeness crab." *Id.* ¶ 239 (emphasis omitted).

Plaintiffs' allegations, which the Court accepts as true at this stage, *Fort v. Washington*, 41 F.4th 1141, 1144 (9th Cir. 2022), plausibly support a finding that Ocean King and other defendants agreed not to pay crabbers more than a fixed price, i.e., a maximum-price agreement. "[M]aximum-price-fixing agreements" are "unlawful *per se* under the Sherman Act." *Arizona v. Maricopa Cnty. Med. Soc.*, 457 U.S. 332, 345–46 (1982) (simplified).

Ocean King insists that plaintiffs have taken the $5/lb. discussion out of context. The conversation, which took place over text message, was about a single transaction with "a crabber named Ben," Ocean King says:

> Ocean King had outfitted the boat of a crabber named Ben with $3,000 worth of bait. . . . [Ocean King] asked if Bornstein would match any offer on Ben's crabs so Ocean King could invoice Bornstein for the bait fee . . . . It is in this context that Bornstein stated that he would not match prices over $5.00/lb.

MTD, Dkt. 288 at 15.

The complaint refers extensively to Ocean King's text messages with Bornstein, so the Court incorporates them into the complaint. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); Dkt. 288-1, Wang Decl., Ex. A. The messages reference a crabber named Ben; but from the texts alone, it isn't obvious that the $5/lb. price ceiling related only to him. Ocean King mentioned all "boats," not just Ben's. Dkt. 288-1 at 11.

Ocean King's text messages may raise a factual dispute, but the Court cannot resolve such a dispute now. "[I]t is improper to assume the truth of an incorporated document if such

assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. Plaintiffs have plausibly alleged that Ocean King and other buyers agreed not to offer crabbers more than a fixed price, violating the Sherman Act and related state laws. The Court denies Ocean King's motion to dismiss the second amended complaint.

The Court vacates the stay on discovery involving Ocean King. The Court is inclined to bind Ocean King to the current case management schedule. *See* Dkt. 282. If Ocean King has good cause to advocate for a different schedule, Ocean King and plaintiffs may submit a joint statement regarding the schedule by May 26, 2025.

**IT IS SO ORDERED.**

Dated: May 20, 2025

Alex G. Tse
United States Magistrate Judge