1    Stuart G. Gross (SBN 251019)
     Ross A. Middlemiss (SBN 323737)
2    Travis H.A. Smith (SBN 331305)
     **GROSS KLEIN PC**
3    The Embarcadero
     Pier 9, Suite 100
4    San Francisco, CA 94111
     (415) 671-4628
5

6    *Attorneys for Plaintiffs and the Proposed Classes*
     [additional counsel listed on signature page]
7

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10                      **SAN FRANCISCO DIVISION**

11

12   **BRAND LITTLE** and **ROBIN BURNS**,          Case No. 3:23-cv-01098-AGT
     Individually and on Behalf of All Others Similarly
13   Situated,                                       **PLAINTIFFS' NOTICE OF
                                                      MOTION AND MOTION FOR AN
14                    Plaintiffs,                     ORDER ALLOWING NON-
              v.                                      PARTIES OZZIE GREGORIO
15                                                    AND TRIPLE G SEAFOOD
     **PACIFIC SEAFOOD PROCUREMENT, LLC;**            CORPORATION TO RECOVER
16   **PACIFIC SEAFOOD PROCESSING, LLC;**             FEES AND COSTS INCURRED
     **PACIFIC SEAFOOD FLEET, LLC; PACIFIC**          COMPLYING WITH
17   **SEAFOOD DISTRIBUTION, LLC; PACIFIC**           DEFENDANTS' DOCUMENT
     **SEAFOOD USA, LLC; DULCICH, INC.;**             SUBPOENAS AND OTHER
18   **PACIFIC SEAFOOD – EUREKA, LLC;**               DISCOVERY IN THIS ACTION
     **PACIFIC SEAFOOD – CHARLESTON, LLC;**
19   **PACIFIC SEAFOOD – WARRENTON, LLC;**
     **PACIFIC SEAFOOD – NEWPORT, LLC;**            Date:       July 11, 2025
20   **PACIFIC SEAFOOD – BROOKINGS, LLC;**          Time:       10:00 a.m.
     **PACIFIC SEAFOOD – WESTPORT, LLC;**           Courtroom:  A, 15th Floor
21   **PACIFIC SURIMI – NEWPORT LLC; BLUE**         Judge:      Alex G. Tse
     **RIVER SEAFOOD, INC.; SAFE COAST**
22   **SEAFOODS, LLC; SAFE COAST SEAFOODS**
     **WASHINGTON, LLC; OCEAN GOLD**
23   **SEAFOODS, INC.; NOR-CAL SEAFOOD,**
     **INC.; KEVIN LEE; AMERICAN SEAFOOD**
24   **EXP, INC.; CALIFORNIA SHELLFISH**
     **COMPANY, INC.; ROBERT BUGATTO**
25   **ENTERPRISES, INC.; ALASKA ICE**
     **SEAFOODS, INC.; LONG FISHERIES, INC.;**
26   **CAITO FISHERIES, INC.; CAITO**
     **FISHERIES, LLC; SOUTHWIND FOODS,**
27   **LLC; FISHERMEN'S CATCH, INC.;**
     **GLOBAL QUALITY FOODS, INC.; GLOBAL**
28   **QUALITY SEAFOOD LLC; OCEAN KING**

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

1  **FISH INC.; SOUTH BEND PRODUCTS LLC;**
   **SWANES SEAFOOD HOLDING COMPANY**
2  **LLC; BORNSTEIN SEAFOODS, INC.;**
   **ASTORIA PACIFIC SEAFOODS, LLC; and**
3  **DOES 29-60,**

4                                    Defendants.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

---

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER ALLOWING NON-PARTIES OZZIE GREGORIO
AND TRIPLE G SEAFOOD CORPORATION TO RECOVER FEES AND COSTS INCURRED COMPLYING WITH
DEFENDANTS' DOCUMENT SUBPOENAS AND OTHER DISCOVERY IN THIS ACTION; Case No. 3:23-cv-01098-AGT    2

# **TABLE OF CONTENTS**

NOTICE OF MOTION ................................................................................................................. 1

RELIEF SOUGHT ...................................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 1

I.      INTRODUCTION ............................................................................................................ 1

II.     BACKGROUND ............................................................................................................... 2

    A.    Ozzie Gregorio: Confidential Buyer Informant #1 and the Source of Several Significant Allegations in the SAC ............................................................................................. 2

    B.    Procedural History ............................................................................................... 3

III.    LEGAL STANDARD ....................................................................................................... 2

IV.     ARGUMENT .................................................................................................................... 3

    A.    Mr. Gregorio Will Incur Expenses in Complying with Defendants' Subpoenas and Other Discovery in this Action ............................................................................... 3

    B.    These Expenses Will Be Significant. ................................................................... 3

    C.    Plaintiffs Will Withdraw Their Motion if Defendants Stipulate to a Fee-Shifting Agreement ............................................................................................................ 4

CONCLUSION ........................................................................................................................... 4

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

1

## TABLE OF AUTHORITIES

2

**CASES**

*Gamefam, Inc. v. WowWee Grp. Ltd.*, 2024 U.S. Dist. LEXIS 47464 (N.D. Cal. Mar. 18, 2024)..................................................................................................................3

*Legal Voice v. Stormans Inc.*, 738 F.3d 1178 (9th Cir. 2013) ..............................................2, 3, 4

*Spears v. First Am. eAppraiseIT*, 2014 U.S. Dist. LEXIS 169944 (N.D. Cal. Dec. 8, 2014) .............................................................................................................................3

*United States v. McGraw-Hill Companies, Inc.*, 302 F.R.D. 532 (C.D. Cal. 2014) .................3, 4

*Williams v. City of Dallas*, 178 F.R.D. 103 (N.D. Tex. 1998).........................................................4

**RULES**

Fed. R. Civ. Pro. 45(d)(1) ...............................................................................................................2

Fed. R. Civ. Pro. 45(d)(2)(B)(ii) .....................................................................................................2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## NOTICE OF MOTION

2    PLEASE TAKE NOTICE that on July 11, 2025, at 10:00 a.m., or as soon thereafter as the

3   matter may be heard, in the United States District Court for the Northern District of California, at

4   450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom A, 15th Floor, before the

5   Honorable Alex G. Tse, Plaintiffs will, and hereby do, move the Court for an order allowing non-

6   parties Ozzie Gregorio and Triple G Seafood Corporation to recover attorneys' fees and costs

7   incurred in complying with Defendants' document subpoenas and other discovery in this action

8   pursuant to Rule 45 of the Federal Rules of Civil Procedure. This motion is based on this Notice of

9   Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Stuart G.

10   Gross ("Gross Dec.") filed herewith and inclusive of the exhibits thereto, the materials on file in

11   this action, and any oral argument presented to the Court at the time of hearing.

12

## RELIEF SOUGHT

13    Plaintiffs seek an order permitting non-party Ozzie Gregorio and his company Triple G

14   Seafood Corporation ("Triple G") to recover, from Plaintiffs in the first instance, attorneys' fees

15   and costs that they incur in compliance with Defendants' document subpoenas ("Defendants'

16   Subpoenas") and other discovery in this action.[1]

17

## MEMORANDUM OF POINTS AND AUTHORITIES

18   **I.    INTRODUCTION**

19    Plaintiffs respectfully move this Court to enter an Order pursuant to Federal Rule of Civil

20   Procedure 45 that non-parties Ozzie Gregorio and Triple G may recover the attorneys' fees and

21   costs they incur in complying with Defendants' Subpoenas and other discovery in this action, in the

22   first instance, from Plaintiffs. Mr. Gregorio is "Confidential Fish Buyer Informant #1," whom

23   Defendants pressured to join their pricing cartel. Information from him formed the basis of many

24   allegations in the operative Second Amended Complaint ("SAC"). Because of this, Mr. Gregorio

25   and his fish-buying company Triple G will be called on to provide extraordinary participation in

26   this litigation's discovery process, incurring very significant expense thereby. Indeed, each of the

27

28
_____
[1] Plaintiffs reserve their rights to later seek reimbursement from Defendants for some are all of the attorneys' fees and costs paid by Plaintiffs pursuant to such an order.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER ALLOWING NON-PARTIES OZZIE GREGORIO AND TRIPLE G SEAFOOD CORPORATION TO RECOVER FEES AND COSTS INCURRED COMPLYING WITH DEFENDANTS' DOCUMENT SUBPOENAS AND OTHER DISCOVERY IN THIS ACTION; Case No. 3:23-cv-01098-AGT    1

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

1    Defendants' Subpoenas contains 120 separate requests, inclusive of subparts. Responding to

2    Defendants Subpoenas alone, without considering the need to comply with other discovery issued

3    in this case, will require that Mr. Gregorio and Triple G hire counsel to whom they will incur very

4    substantial attorneys' fees and costs.

5          However, it appears that Mr. Gregorio and Triple G may not be able to retain counsel to

6    represent them in complying with Defendants' Subpoenas and other discovery in this action unless

7    the Court enters an order that establishes their entitlement to recover attorneys' fees and costs

8    incurred in doing so. Plaintiffs do not object to paying those attorneys' fees and costs, in the first

9    instance (and subject to their right to later seek reimbursement of some of all the amount paid from

10   Defendants), and believe that it is important that Mr. Gregorio and Triple G be represented both for

11   the equitable reasons that animate the fee shifting provisions of Rule 45 and for the orderly

12   management of this action. Accordingly, Plaintiffs respectfully request that the Court issue an order

13   entitling Mr. Gregorio and Triple G to recover from Plaintiffs, in the first instance, attorneys' fees

14   and costs that they incur in compliance with Defendants' Subpoenas and other discovery in this

15   action.

16   **II.     BACKGROUND**

17        **A.     Ozzie Gregorio: Confidential Buyer Informant #1 and the Source of Several
18               Significant Allegations in the SAC**

          Mr. Gregorio is the individual known as "Confidential Buyer Informant #1," and the SAC
19
     contains extensive allegations based on information he provided. Gross Dec., ¶ 2.
20
          This includes, without limitation, numerous instances in which Mr. Gregorio was told by
21
     various representatives of Defendants what ex-vessel price they were paying and pressured him to
22
     lower his price to that level, with both threats and promised benefits. *See, e.g.,* Dkt. 255, ¶¶ 221-
23
     225, 298-99, 302-03, 306-13, 318-19, 321-27. The SAC further details how Mr. Gregorio and
24
     Triple G's crab-buying business were targeted by the Defendants with various punishing actions
25
     when they refused to toe the line. *See, e.g., id.*, ¶¶ 303-05, 314-17, 320, 328-60.
26
          In addition, the SAC details other important events and communications of which Mr.
27
     Gregorio was a witness. These include, without limitation, John Caito's communication to Mr.
28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER ALLOWING NON-PARTIES OZZIE GREGORIO
AND TRIPLE G SEAFOOD CORPORATION TO RECOVER FEES AND COSTS INCURRED COMPLYING WITH
DEFENDANTS' DOCUMENT SUBPOENAS AND OTHER DISCOVERY IN THIS ACTION; Case No. 3:23-cv-01098-AGT     2

1  Gregorio that he and the other owners of Caito Fisheries sold their fish-buying business "to

2  Southwind … in reaction to the filing of the instant case." *Id.* ¶ 93. Mr. Gregorio was also one of

3  those in the room in November 2023 when representatives of "Pacific Seafood (Dan Obrador and

4  Mike Moody), Bornstein (Mike Shirley), Fathom, Hallmark (Scott Adams) and Safe Coast [where

5  they] expressed a uniform position they did not want to offer crabbers more than $2.50/lb. as an

6  opening ex-vessel price" because "there was no demand" for ex-vessel Dungeness crab. *Id.* ¶ 226-

7  27. And circa August 7, 2024, John Caito contacted Mr. Gregorio to inform him that "Caito

8  Fisheries, and by extension Southwind, had an agreement with Pacific Seafood whereby Ocean

9  Gold would receive a significant portion of the Dungeness crab that Caito Fisheries lands in

10  California in the upcoming seasons, just as in 2024. In exchange … Pacific Seafood would give

11  Caito Fisheries increased control over the California groundfish market, via near-exclusive access

12  to the volume that Pacific Seafood now controls." *Id.* ¶ 293.

### B.    Procedural History

13

14        On April 11, 2025, Defendants served on Plaintiffs notice of document subpoenas to Mr.

15  Gregorio and Triple G, which were superseded by amended subpoenas, i.e., Defendants'

16  Subpoenas, notice of which was served on Plaintiffs on May 20, 2025. Declaration of Stuart G.

17  Gross ("Gross Dec."), ¶ 3. Plaintiffs understand that Defendants' Subpoenas were served on Mr.

18  Gregorio and Triple G on or around May 29, 2025. *Id.*, ¶ 4. Defendants Subpoenas have a return

19  date of June 13, 2025, but Defendants have stipulated to an extension of that to fourteen days after

20  the Court resolves the instant motion. *See* Dkt. 354.

21        On April 23, 2025, for preservation and other purposes, Plaintiffs served on Defendants

22  notice of subpoenas to Mr. Gregorio and Triple G that were effectively identical in substance to the

23  subpoenas for which Defendants provided notice on April 11, 2025. Gross Dec., ¶ 5. Plaintiffs have

24  not yet served the subpoenas on Mr. Gregorio or Triple G. *Id.*, ¶ 6.

25        Defendants' Subpoenas contain 34 numbered requests, with 86 separate subparts. For

26  example, Request No. 14 alone has 25 subparts seeking:

27        All Documents related to any of the following individuals, and/or the owners,
          employees, agents of such individuals:

28

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER ALLOWING NON-PARTIES OZZIE GREGORIO
AND TRIPLE G SEAFOOD CORPORATION TO RECOVER FEES AND COSTS INCURRED COMPLYING WITH
DEFENDANTS' DOCUMENT SUBPOENAS AND OTHER DISCOVERY IN THIS ACTION; Case No. 3:23-cv-01098-AGT    3

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

| | | | |
|---|---|---|---|
| (1) | Joe Cincotta | (14) | George Lay |
| (2) | Brett Hester | (15) | Kevin Lee |
| (3) | Dan Obrador | (16) | Kevin Zheng |
| (4) | John Moody | (17) | Max Boland |
| (5) | Mike Moody | (18) | John Caito |
| (6) | Delbert Stauffer | (19) | Scott Adams |
| (7) | Frank Dulcich | (20) | Crystal Adams |
| (8) | The sender of the email referred to in Paragraphs 366-367 of the Second Amended Complaint | (21) | Eugene Bugatto |
| | | (22) | Michael Bugatto |
| | | (23) | Peter Nguyen |
| (9) | Dan Obradovich | (24) | Ozzie Gregorio's uncle, as identified and referenced in Paragraph 306 of the Second Amended Complaint. |
| (10) | Rick Harris | | |
| (11) | George Borstein | | |
| (12) | Mike Shirley | | |
| (13) | Nick Moreno | (25) | Bill Carvalho |

Gross Dec., Ex. A, at pdf pp. 14-15.

Defendants' Subpoenas, furthermore, require that "[d]ocuments which are maintained in electronic form in the ordinary course of business shall be produced in such electronic forms, i.e., in their native form, unless another agreement is reached with counsel for [Defendants], except if the information requested is contained in a database." *Id.*, Ex. A, at p. 7 (Instruction No. 10). And they define "documents" to include *inter alia* text messages and other direct messages. *Id.*, pdf p. 4 (Definition No. 8).

Thus, in order to adequately comply with Defendants' Subpoenas and other discovery in this action, Mr. Gregorio and Triple G will expend considerable time and money, and almost certainly will need the assistance of counsel and vendors; and it is Plaintiffs' understanding that neither Mr. Gregorio nor Triple G has the resources necessary to pay for such counsel's or vendor's fees. Gross Dec., ¶ 7.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

1    On May 21, 2025, an attorney, Nicholas Connon, sent a letter to Plaintiffs' and Defendants'

2  counsel concerning his potential representation of Mr. Gregorio in complying with Defendants'

3  Subpoenas and other discovery in this action. Gross Dec., ¶ 8, Ex. C. In his letter, Mr. Connon

4  indicated *inter alia* "that compliance with the subpoena will require Mr. Gregorio to consult legal

5  counsel and obtain advice regarding compliance and various objections that he may have." *Id.* He

6  further noted that "As a third-party witness, Rule 45 protects third-party witnesses from undue

7  burden and expense." *Id.* He, therefore, requested that the parties agree to cover the attorneys' fees

8  and costs incurred by Mr. Gregorio in complying with Defendants' Subpoenas and other discovery

9  in this action and that such agreement be memorialized in an order of this Court. *Id.* Mr. Connon

10  further indicated that a condition of his representing Mr. Gregorio in this action was that such an

11  order be entered. *Id.*

12    On May 22, 2025, Plaintiffs' counsel responded to Mr. Connon's request, copying

13  Defendants' counsel, indicating that Plaintiffs were agreeable to covering Mr. Gregorio's and Triple

14  G's attorneys' fees and costs incurred in complying with Defendants' Subpoenas. Gross Dec., ¶ 9,

15  Ex. D. Plaintiffs are unaware of any response by Defendants to Mr. Connon's request. *Id.*, ¶ 11.

16    During the May 30, 2025 further case management order conference, in response to

17  Plaintiffs' counsel's description of the situation, the Court instructed that if a stipulation cannot be

18  entered that addresses the situation, Plaintiffs should file the instant motion.

19  **III.    LEGAL STANDARD**

20    Federal Rule of Civil Procedure 45 requires that parties who issue a subpoena "take

21  reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena"

22  and empowers to court to make appropriate orders to ensure that result. Fed. R. Civ. Pro. 45(d)(1);

23  *see also* Fed. R. Civ. Pro. 45(d)(2)(B)(ii). These provisions have been interpreted by the Ninth

24  Circuit to "require the district court to shift a non-party's costs of compliance with a subpoena, if

25  those costs are significant." *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013).

26  Thus, in determining whether to shift costs under Rule 45, "'[o]nly two considerations are relevant'

27  …: '(1) whether the subpoena imposes expenses on the non-party, and (2) whether those expenses

28  are significant.'" *United States v. McGraw-Hill Companies, Inc.*, 302 F.R.D. 532, 536 (C.D. Cal.

1   2014) (quoting *Legal Voice*, 738 F.3d at 1184) (internal quotation omitted). Both requirements are

2   readily met here.

3        Furthermore, costs may be shifted under Rule 45(d)(2)(B) "in the absence of a court order

4   'if the requesting party is on notice that the non-party will seek reimbursement of costs.'" *See*

5   *Gamefam, Inc. v. WowWee Grp. Ltd.*, 2024 U.S. Dist. LEXIS 47464, at *17 (N.D. Cal. Mar. 18,

6   2024) (quoting *Spears v. First Am. eAppraiseIT*, 2014 U.S. Dist. LEXIS 169944, at *9 (N.D. Cal.

7   Dec. 8, 2014)).

8   **IV.    ARGUMENT**

9        An order establishing Mr. Gregorio's and Triple G's entitlement to receive reimbursement

10   of the attorneys' fees and costs that they will incur in complying with Defendants Subpoena and

11   other discovery in this action, in the first instance from Plaintiffs, is appropriate as the expense that

12   will be imposed on them as non-parties in doing so will be significant.

13        **A.    Mr. Gregorio Will Incur Expenses in Complying with Defendants' Subpoenas**
             **and Other Discovery in this Action**
14
        Reimbursable "expense[s]" under Rule 45 are those that are "necessary to the third party's
15
    compliance [with the subpoena] and thus benefit the requesting party or are of assistance to the
16
    court." *Gamefam*, 2024 U.S. Dist. LEXIS 47464, at *18 (quoting *McGraw-Hill*, 302 F.R.D. at 536).
17
    These expenses include attorneys' fees to the extent counsel aids in complying with, but not
18
    resisting, the subpoena, including negotiations on subpoena scope, locating and collecting
19
    potentially responsive documents, assembling privilege logs, preparing and defending depositions,
20
    lost wage/salary time, preparing a fee-shifting motion, and hiring vendors to find, preserve, and
21
    review potentially responsive documents. *Id.* at *18-26.
22
        Plaintiffs' motion seeks precisely this: that Mr. Gregorio's and Triple G's legal expenses
23
    incurred in complying with Defendants' Subpoena and other discovery in this action be reimbursed,
24
    in the first instance by Plaintiffs.
25
        **B.    These Expenses Will Be Significant.**
26
        Whether an expense is "significant" depends upon "the ability of the producing non-party to
27
    bear the costs of the production." *McGraw-Hill*, 302 F.R.D. at 536.
28

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

1    Mr. Gregorio and Triple G cannot feasibly bear the cost of complying with Defendants'

2    Subpoenas and other discovery in this action. This was specifically represented to Plaintiffs'

3    counsel by Mr. Gregorio, Gross Dec., ¶ 7; and it is corroborated by the fact that Mr. Connon has

4    conditioned his retention by Mr. Gregorio on the entry of an order establishing his entitlement to

5    reimbursement of attorneys' fees and costs by the parties, *see id.*, Ex. C. Indeed, in a related meet

6    and confer, Mr. Connon expressed his discomfort with even appearing for Mr. Gregorio and Triple

7    G in this action for the limited purpose of entry of a stipulation with Plaintiffs that would provide

8    for such reimbursement. Gross Dec., ¶ 11.

9    These concerns of Mr. Gregorio, Triple G, and Mr. Connon are not unfounded. By

10    Plaintiffs' estimation, the attorneys' fees and costs that Mr. Gregorio and Triple G will likely incur

11    in complying with Defendants' Subpoenas and other discovery in this action could easily exceed

12    $50,000. Gross Dec., ¶ 12.  By way of comparison, costs of $20,000 have been found "significant"

13    for a non-profit legal advocacy group. *See Legal Voice*, 738 F.3d at 1181, 85. And costs of $9,000

14    have been found potentially 'significant" for two attorneys. *See McGraw-Hill*, 302 F.R.D. at 536

15    (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 113-14 (N.D. Tex. 1998)).

16    Accordingly, the significance factor is met here as well.

17    **C.**    **Plaintiffs Will Withdraw Their Motion if Defendants Stipulate to a Fee-Shifting**
             **Agreement**
18

19    Because such an agreement would obviate the instant Motion, Plaintiffs will withdraw this

20    Motion should Defendants stipulate to a fee shifting agreement with respect to subpoena

21    compliance costs, including attorney fees, for Ozzie Gregorio and Triple G.

      **CONCLUSION**
22

23    For the reasons discussed above, Plaintiffs respectfully move this Court to enter an order

24    permitting Ozzie Gregorio and Triple G Seafood Corporation to recover, from Plaintiffs in the first

25    instance, attorneys' fees and costs that they incur in compliance with Defendants' document

26    subpoenas and other discovery in this action

27

28

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

1  Respectfully Submitted,

2  Dated: April 18, 2025                    GROSS KLEIN PC

3

4  By:      */s/ Stuart G. Gross*
             STUART G. GROSS

5

6  Stuart G. Gross (SBN 251019)
   Travis H. A. Smith (SBN 331305)
   Ross A. Middlemiss (SBN 323737)
7  **GROSS KLEIN PC**
   The Embarcadero
8  Pier 9, Suite 100
   San Francisco, CA 94111
9  (415) 671-4628
   *sgross@grosskleinlaw.com*
10 *tsmith@grosskleinlaw.com*
   *rmiddlemiss@grosskleinlaw.com*

11 Matthew W. Ruan (SBN 264409)
   **FREED KANNER LONDON &**
12 **MILLEN LLC**
   100 Tri-State International, Suite 128
13 Lincolnshire, IL 60069
   (224) 632-4500
14 *mruan@fklmlaw.com*

15 Matthew S. Weiler (SBN 236052)
   **SCHNEIDER WALLACE COTTRELL**
16 **KONECKY, LLP**
   2000 Powell Street, Suite 1400
17 Emeryville, CA 94608
   (415) 421-7100
18 *mweiler@schneiderwallace.com*

19 Steven N. Williams (SBN 175489)
   **STEVEN WILLIAMS LAW, P.C.**
20 201 Spear St, Suite 1100
   San Francisco, CA 94105
21 (415) 671-4628
   *swilliams@stevenwilliamslaw.com*

22

23 *Counsel for Plaintiffs and the Proposed Classes*

24

25

26

27

28