# EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| Brand Little, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:23-cv-01098-AGT |
| Pacific Seafood Procurement, LLC et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Triple G Seafood Corporation
535 W. Creighton Street, Eureka, CA

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached hereto.

| Place: Coleman Reporters<br>730 Fifth Street, Suite M<br>Eureka, CA 95501 | Date and Time:<br>06/13/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/20/2025

CLERK OF COURT                                                OR    /s/ Michelle J. Rosales

*Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants** Pacific Seafood , who issues or requests this subpoena, are:
Michelle Rosales, Stoel Rives, 1 Montgomery ST, STE 3230, San Francisco, CA 94104, michelle.rosales@stoel.com, 916-319-4660

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:23-cv-01098-AGT

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 3:23-cv-01098-AGT   Document 355-3   Filed 06/06/25   Page 4 of 19

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA IN CIVIL ACTION

## I.   DEFINITIONS

As used in the Requests herein, the following terms shall have the definitions and constructions listed below. Terms not defined shall have the meanings assigned to them, if any, by the Federal Rules of Civil Procedure and or Local Rules.

1.   The terms "**You**" and "**Your**," including their possessives, refer to Triple G Seafood Corporation and any predecessors, successors, subsidiaries, departments, divisions, affiliates, and any organization or entity which the responding person or entity manages, controls, or has an ownership interest in, or did manage, control or have an ownership interest in, as well as all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding person or entity.

2.   The phrase "**Action**," including its possessive, refers to the case in the United States District Court, Northern District of California, San Francisco Division, titled, Little v. Pacific Seafood Procurement, LLC, Case No. 3:23-cv-01098-AGT.

3.   The term "**Second Amended Complaint**" means the current operative complaint in this Action (which, at the time of these Document Requests, is ECF No. 255) and any superseding pleading in this Action. The Second Amended Complaint is attached as **Exhibit B** to this Subpoena.

4.   The term "**Plaintiff(s)**," including its possessive, refers to: (a) Plaintiffs in this Action (Brand Little and Robin Burns, Individually and on Behalf of All Others Similarly Situated), in addition to Plaintiffs' alter-egos, agents, representatives, employees, attorneys, and any other Persons under Plaintiffs' control or acting or purporting to act on Plaintiffs' behalf; (b) Robin Burns, as personal representative for her deceased husband Kenneth Burns, as if Kenneth Burns were a Plaintiff in this Action and each of Request for Production had been propounded to him; and (c) Jeff Burns, Kyle Burns, and Roscoe Burns, sons of Kenneth Burns, to the extent any of them operates, or has an ownership interest, in any Entity that participates in

Commercial Fishing, or in the successor to any such Entity, in which Kenneth Burns had an ownership interest.

5. The term "**Defendants**," including its possessive, refers to the defendants named in this Action.

6. The term "**Party**," including its possessive, refers to any Plaintiff or Defendant in this Action.

7. The term "**Pacific Seafood**," including its possessive, refers to Pacific Seafood Procurement, LLC, Pacific Seafood Processing, LLC, Pacific Seafood Fleet, LLC, Pacific Seafood Distribution, LLC, Pacific Seafood USA, LLC, Dulcich, Inc., Pacific Seafood – Eureka, LLC, Pacific Seafood – Charleston, LLC, Pacific Seafood – Warrenton, LLC, Pacific Seafood – Newport, LLC, Pacific Seafood – Brookings, LLC, Pacific Seafood – Westport, LLC, and/or Pacific Surimi-Newport LLC, in addition to its employees, agents, representatives, attorneys, and any other Persons under its control or acting or purporting to act on its behalf; any company owned or controlled by Pacific Seafood; and any company doing business as "Pacific Seafood" or "Pacific Choice."

8. "**Document(s)**" is used in the broadest sense permissible under Rule 34 and shall refer to all writings and recordings of data, text, or information of any kind, including the originals and non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise. "Document(s)" includes, without limitation: correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, transcripts, contracts, reports, studies, checks, statements, fish tickets, landing records, receipts, returns, summaries, pamphlets, books, inter-office and intra-office communications, electronic mailings, notations of any sort of conversation, telephone calls, calendar entries, meetings or other communications, bulletins, printed matter, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, and graphic and oral records or representations of any kind, including without limitation: photographs, microfilm, and electronic recordings such as tapes and cassettes. "Document(s)" encompasses writings and recordings in any form, including audio or

Page 2

video recordings (analog or digital), computer data, emails, papers, and all electronically stored information (including text messages, instant messages, webpages, social media posts, ephemeral messaging applications, and messages in workplace collaboration tools like Slack, Microsoft Teams, Google Meet, or Google Chat), and includes any information stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form or any designated tangible thing.

9. The term "**Communication**(**s**)" means and includes any oral, written, or electronic contact or transmission of information between two or more Persons, including, without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic, telex, email, and facsimile communications or transmittals of documents and all documents concerning such writing or oral conversation.

10. "**Entity**" or "**Entities**" means legal entities including, without limitation, businesses, associations, proprietorships, sole proprietorships, corporations, nonprofit corporations (whether public or private), public corporations, municipal corporations, local, state, federal, or foreign governments or governmental agencies, political subdivisions, general partnerships, limited partnerships, business trusts, trusts, estates, clubs, groups, unincorporated associations, or other business or public organizations. "Entity" or "Entities" further refers to, without limitation, any officer, director, employee, agent, attorney, paralegal, representative, parent, subsidiary, predecessor, successor, or other Person affiliated with or purporting to act on behalf of such legal entity.

11. The term "**Person**(**s**)" refers to natural persons and Entities.

12. The terms "**Relating to**," "**relates to**," "**in relation to**," "**regarding**," and "**refers**" are used in the broadest sense conceivable and mean, without limitation, concerning, referring to, alluding to, responding to, in connection with, commenting on, in response to, regarding, explaining, discussing, showing, indicating, describing, studying, reflecting, analyzing, constituting, containing, supporting, or contradicting.

13. The use of singular form includes plural, and vice versa, to make the request inclusive rather than exclusive.

14. The use of present tense includes past tense, and vice versa, to make the request inclusive rather than exclusive.

15. The use of the masculine form includes the feminine form, and vice versa.

16. The terms "**And**" and "**or**" shall be construed either conjunctively or disjunctively to bring within the scope of the request all responses that might otherwise fall outside it.

17. The terms "**All**," "**any**," "**each**," and "**every**" encompass any and all of the matter discussed.

18. The term "**Commercial Fishing**" means any conduct related to fishing for purposes of selling to another party, including, without limitation, the sale of fish or shellfish to another party in California, Oregon, or Washington.

19. The term "**Crabber(s)**" means Persons that participate in Commercial Fishing with respect to Dungeness crab.

20. The term "**Buyer(s)**" means any Person who buys Dungeness crab from Crabbers for purposes other than consuming, such as, without limitation, processing, distributing, or reselling.

21. The term "**Ex Vessel**" refers to a purchase of Dungeness crab by a licensed buyer directly from the vessel that caught the Dungeness crab.

22. The term "**Ex Vessel Price**" refers to the price paid per pound for Ex Vessel Dungeness crab.

23. The term "**Fish Ticket**" refers to an individual landing record made each time commercial seafood is unloaded from a licensed fishing vessel, and recorded by the Department of Fish and Wildlife of the state in which the seafood is landed, that provides the unique ticket number, date, location, vessel name, fisher license number, vessel number, species landed, weight landed, Ex Vessel price, total price, condition of the seafood, the name of the entity

buying the seafood, and license number of the buyer, among other information that varies by state.

24. The term "**Consumer(s)**" means any Person who buys Dungeness crab for purposes of consumption.

25. The terms "**Third Party**" or "**Third Parties**" mean any Person who participates in Commercial Fishing with respect to Dungeness crab who is not a Plaintiff, Crabber, Buyer, or Consumer. Third Party and Third Parties include, without limitation, ports, docks, hoists, warehouses, trade organizations, unions, cooperatives, state and local government agencies, municipalities, and public bodies.

26. The term "**Buyer-to-Buyer**" refers to a transaction between two licensed seafood buyers where one licensed buyer sells unprocessed Dungeness crab to another licensed buyer.

27. The term "**Call Detail Record**" is a data record produced and maintained by a telecommunications carrier documenting the details of telephone calls or other telecommunications transactions (e.g., a text message) that pass through that telecommunications carrier. The record may contain attributes of the call, for example, time, duration, completion status, source number, and destination number. The Call Detail Record for any number is available to the customer/subscriber through the carrier.

## II. INSTRUCTIONS

1. These requests seek the production of all responsive Documents and Communications in Your possession, custody, or control, or in the possession, custody, or control of any other Person acting or purporting to act on Your behalf, including Your employees, affiliates, partners, joint venturers, brokers, accountants, financial advisors, and representatives and agents, without regard to the physical location of such Documents and Communications. A document is deemed to be in a party's care, custody, or control if it is in the party's physical custody or if it is in the physical custody of any other Person and the party **(a)** owns such document in whole or in part; **(b)** has a right by contract, statute, or otherwise to use, inspect, examine, or copy such document on any terms; **(c)** has an understanding, express or

Page 5

implied, that the party may use, inspect, examine or copy such document on any terms; or

**(d)** has, as a practical matter, been able to use, inspect, examine or copy such document when the party has sought to do so. You have an affirmative duty to investigate.

      2.      If any requested Documents or Communications, or categories thereof, do not exist, state that the requested Documents or Communications do not exist.

      3.      If any requested Documents or Communications are not within Your possession or custody, describe in detail the unsuccessful efforts You made to locate each such Document and Communication. If Your response is that such Documents or Communications are not under Your control, identify who has control and the location of the Documents or Communications.

      4.      If any Documents or Communications were, but no longer are, in Your possession, subject to Your control, or in existence, include a statement:

         a.  Identifying the Documents or Communications;

         b.  Describing where the Documents or Communications are now;

         c.  Identifying who has control of the Documents or Communications now;

         d.  Describing how the Document or Communication became lost or destroyed or was transferred; and

         e.  Identifying each Person with knowledge about the loss, destruction, or transfer of the Documents or Communications.

      5.      If any Documents or Communications is withheld, in whole or in part, for any reason including, without limitation, attorney-client privilege, work-product privilege, or other reason, set forth separately with respect to each withheld Document or Communication:

         a.  The ground of privilege or protection claimed;

         b.  Each basis under which the Document or Communication is withheld;

         c.  The type of Document or Communication;

         d.  Its general subject matter;

         e.  The date of the Document or Communication; and

   f. Other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by Federal Rule of Civil Procedure 26(b)(5) and the Local Rules for the United States District Court, Northern District of California.

 6. If You assert that a Document or Communication contains information that should be protected from disclosure and also contains non-privileged information, the non-privileged portions of the Document or Communication must be produced. For each such document, indicate the portion of the Document or Communication withheld by stamping the words "MATERIAL REDACTED AS [BASIS FOR PROTECTION]" on the Document or Communication in an appropriate location that does not obscure the remaining text.

 7. Each of these Document Requests contemplates production of all Documents and Communications in their entirety. If only a portion of a Document or Communication is responsive to one or more Document Request, produce the Document or Communication in its entirety. The documents produced in response to these Requests shall include all attachments and enclosures.

 8. Documents and Communications produced should be organized and labeled to correspond with the request(s) to which they are responsive.

 9. All Documents and Communications are to be produced as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein.

 10. Documents which are maintained in electronic form in the ordinary course of business shall be produced in such electronic forms, i.e., in their native form, unless another agreement is reached with counsel for Plaintiff, except if the information requested is contained in a database. Thus, for example, excel spreadsheets should be produced as electronic files, with an .xlsx or .xls extension, and emails should be produced as electronic files, with a .eml or .msg or similar extension. If the requested information is contained in a database, You should produce reports from the database that contain the requested information, indicating the type of database

Page 7

(e.g., Quickbooks) from which the report came (Plaintiff reserves all rights to make further requests concerning such databases but will work with you to reduce burdens associated therewith).

11. These Document Requests are continuing, and Your responses must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e) and the Local Rules for the United States District Court, Northern District of California.

12. If you have any questions or concerns regarding these instructions or how to respond to these requests, Your or Your attorney should contact Plaintiff's counsel at the email address or phone number immediately.

13. Please produce each and all of the documents requested herein by delivering true and correct copies of such documents by delivery of the appropriate media containing the documents to Coleman Reporters, 730 Fifth Street, Suite M, Eureka, CA 95501 (or, if via email or another form of electronic transfer, to michelle.rosales@stoel.com, timothy.snider@stoel.com and brandon.vinsant@stoel.com), or at such other time and place as mutually agreed on by counsel.

### III. RELEVANT TIME PERIOD

Unless otherwise noted herein, these Document Requests cover the time period from January 1, 2015 through the present (the "Relevant Time Period"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

### IV. DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:** Documents sufficient to show Your ownership interest in any Entity, including but not limited to partnerships, corporations, and limited liability corporations, involved in the Commercial Dungeness Crab Industry.

**REQUEST NO. 2:** Documents sufficient to show all partnerships You have with Entities involved in the Commercial Dungeness Crab Industry.

Page 8

**REQUEST NO. 3:** Documents sufficient to show the identities, positions and job responsibilities of Your employees, principals, agents, family relations, and representatives involved in the commercial Dungeness crab industry.

**REQUEST NO. 4:** Documents sufficient to show all physical assets, including but not limited to dock space, hoists, storage facilities, and processing facilities, owned or leased by You concerning your commercial Dungeness crab business.

**REQUEST NO. 5:** All Documents related to Your policies, practices, procedures, and decision-making protocols concerning the timing, quantity, type and price of Your Dungeness crab purchases.

**REQUEST NO. 6:** All Documents concerning any consideration provided by You to any Crabber, including, but not limited to, any monetary payment for the Ex Vessel Price listed on a Fish Ticket associated with an Ex Vessel purchase, any monetary payments exceeding, or made in addition to, the Ex Vessel Price listed on a Fish Ticket associated with an Ex Vessel purchase, and any in-kind consideration such as free bait, fuel or ice provided to any Crabber.

**REQUEST NO. 7:** All Documents concerning Buyer-to-Buyer purchases of Dungeness crab made by You from any Person.

**REQUEST NO. 8:** All Documents concerning Buyer-to-Buyer sales of Dungeness crab made by You to any Person.

**REQUEST NO. 9:** All communications between You and any other Ex Vessel Dungeness crab Buyer concerning the opening or closing date of any Dungeness crab season.

**REQUEST NO. 10:** All communications between You and any other Ex Vessel Dungeness crab Buyer concerning any Ex Vessel price for Dungeness crab (whether offered or paid and whether by you or any other Buyer).

**REQUEST NO. 11:** All communications between You and any other Ex Vessel Dungeness crab Buyer concerning the timing, location, price, and/or amount of Ex Vessel Dungeness crab purchases (whether past, future, or present and whether by You or another Buyer).

Page 9

**REQUEST NO. 12:** All communications between You and any other Ex Vessel Dungeness crab Buyer concerning supply of Dungeness crab.

**REQUEST NO. 13:** All Documents related to any of the following Persons and/or the owners, employees, agents of such Persons:

    (1)    Pacific Seafood Procurement, LLC

    (2)    Pacific Seafood Processing, LLC

    (3)    Pacific Seafood Fleet, LLC

    (4)    Pacific Seafood Distribution, LLC

    (5)    Pacific Seafood USA, LLC

    (6)    Dulcich, Inc.

    (7)    Pacific Seafood – Eureka, LLC

    (8)    Pacific Seafood – Charleston, LLC

    (9)    Pacific Seafood – Warrenton, LLC

    (10)    Pacific Seafood – Newport, LLC

    (11)    Pacific Seafood – Brookings, LLC

    (12)    Pacific Seafood – Westport, LLC

    (13)    Pacific Surimi – Newport, LLC

    (14)    Blue River Seafood, Inc.

    (15)    Safe Coast Seafoods, LLC

    (16)    Safe Coast Seafoods Washington, LLC

    (17)    Ocean Gold Seafoods, Inc.

    (18)    Nor-Cal Seafood, Inc.

    (19)    Kevin Lee

    (20)    American Seafood Exp, Inc.

    (21)    California Shellfish Company, Inc.

 (22) Robert Bugatto Enterprises, Inc.

 (23) Alaska Ice Seafoods, Inc.

 (24) Long Fisheries, Inc.

 (25) Caito Fisheries, Inc.

 (26) Caito Fisheries, LLC

 (27) Southwind Foods, LLC

 (28) Fisherman's Catch, Inc.

 (29) Global Quality Foods, Inc.

 (30) Global Quality Seafood LLC

 (31) Ocean King Fish Inc.

 (32) Bornstein Seafoods, Inc.

 (33) Astoria Pacific Seafoods, LLC

 (34) Fisherman's Catch

 (35) Fisherman's Choice, LLC

 (36) San Francisco Community Fishing Association, Inc.

 (37) Southern California Seafood

**REQUEST NO. 14:** All Documents related to any of the following individuals, and/or the owners, employees, agents of such individuals:

 (1) Joe Cincotta

 (2) Brett Hester

 (3) Dan Obrador

 (4) John Moody

 (5) Mike Moody

 (6) Delbert Stauffer

 (7) Frank Dulcich

Page 11

(8) The sender of the email referred to in Paragraphs 366-367 of the Second Amended Complaint

(9) Dan Obradovich

(10) Rick Harris

(11) Andrew Bornstein

(12) Mike Shirley

(13) Nick Moreno

(14) George Lay

(15) Kevin Lee

(16) Kevin Zheng

(17) Max Boland

(18) John Caito

(19) Scott Adams

(20) Crystal Adams

(21) Eugene Bugatto

(22) Michael Bugatto

(23) Peter Nguyen

(24) Ozzie Gregorio's uncle, as identified and referenced in Paragraph 306 of the Second Amended Complaint.

(25) Bill Carvalho

**REQUEST NO. 15:** All Documents related to any of the allegations in the Second Amended Complaint, including, without limitation, those in Paragraphs: 45, 47, 93, 221-223, 224, 225, 226-227, 279, 293, 298, 299, 300-360, 366, 372, 383, 403, 410-416, 437.

**REQUEST NO. 16:** All Documents that relate to any of the following Persons and to any hoist or the planned, desired, attempted, or actual landing of crab or fish:

(1) Manuel Silveira

Page 12

 (2) Humbolt Seafood Unloaders

 (3) Charleston, Oregon

 (4) Harbormaster Ray Dyer

 (5) City of Eureka

 (6) Oregon State Police

 (7) Trinidad Rancheria

 (8) Any other Third Party engaged in the business of selling, renting, or otherwise making available any hoist for use

**REQUEST NO. 17:** For each month in the period 2023-2024, the Call Detail Record for each telephone number you used for any communication with any of the Parties.

**REQUEST NO. 18:** All documents related to any San Francisco Bay Area retailer's order, pre-order, or unperformed agreement to buy crab from you in the 2022-2023 season, with such retailers to include Lucky's Seafood Market, California Fish Market SF, Seafood Center SF, Fresh Meat Seafood SF, Liangs Seafood, Long Ling Supermarket Oakland, New Century Seafood Market; and San Bruno Market.

**REQUEST NO. 19:** Any Documents, including police reports or insurance claims, related to any of your equipment or property damaged in Charleston, Oregon in January or February 2024.

**REQUEST NO. 20:** All Documents relating to any court proceeding (including, without limitation, documents sufficient to identify any applicable court or case number) in which You were a plaintiff, defendant, or witness.

**REQUEST NO. 21:** All Documents related to any Third Party's claim that You have owed such Third Party payment for 90 days or more.

**REQUEST NO. 22:** All Documents relating to any prior testimony offered by You, including testimony offered in a deposition, declaration, trial, or affidavit.

**REQUEST NO. 23:** All Documents related to any Communications with any Party to this Action and/or any Party's employee, agent, attorney, or representative.

Page 13

**REQUEST NO. 24:** All Documents relating to any Communications with Crabbers related to price or payment.

**REQUEST NO. 25:** All Documents relating to any Communications with Buyers who are not Defendants.

**REQUEST NO. 26:** All Documents relating to any trade organization, association, club, group, social media group (private or public), union, cooperative, partnership, or other Entity relating to Commercial Fishing of which You are a member or affiliate or in which you meet, communicate, or interact with others who participate in Commercial Fishing.

**REQUEST NO. 27:** All Documents constituting, containing, referring to, or relating to any post, comment, direct message, or other Communication by You on social media (including, without limitation, Facebook, Instagram, Twitter/X, LinkedIn, YouTube, TikTok, or WhatsApp) relating to Commercial Fishing, this Action, or the facts alleged in the Second Amended Complaint, and all comments, direct messages, or other Communications related to your post, comment, direct message, or other Communication.

**REQUEST NO. 28:** All Documents constituting, containing, referring to, or relating to any post, comment, direct message, or other Communication by any Person other than You on social media (including, without limitation, Facebook, Instagram, Twitter/X, LinkedIn, YouTube, TikTok, or WhatsApp) of which you have possession, access, or control relating to this Action or the facts alleged in the Second Amended Complaint.

**REQUEST NO. 29:** All Documents constituting, containing, referring to, or relating to any announcement, advertisement, broadcast, notice, public statement, or publication made by You relating to the purchase of, potential purchase, or offer to purchase Dungeness crab.

**REQUEST NO. 30:** All Documents relating to all purchases of Dungeness crab made by You, including, without limitation, **(a)** the date(s) of purchase, **(b)** the location of purchase, **(c)** the identity of the seller, **(d)** the identity of any Person participating in the transaction, **(e)** the amount in pounds or other unit measure of Dungeness crab purchased, **(f)** the price per pound of

Dungeness crab paid for the purchase, **(g)** any bonuses, retros, free bait, or other additional value exchanged, and **(h)** the total amount paid to the seller.

**REQUEST NO. 31:** All Documents relating to all sales of Dungeness crab made by You, including, without limitation, **(a)** the date(s) of sale, **(b)** the location of sale, **(c)** the identity of the purchaser, **(d)** the identity of any Person participating in the transaction, **(e)** the amount in pounds or other unit measure of Dungeness crab sold, **(f)** the price per pound of Dungeness crab received, **(g)** any bonuses, retros, free bait, or other additional value exchanged, and **(h)** the total amount received by You.

**REQUEST NO. 32:** All Documents relating to document preservation, including, without limitation, Your document retention policies or practices, and Documents sufficient to show each location where physical or electronic records are stored, including all personal devices, and Documents constituting, containing, referring to, or relating to Your Communications to or from any Person regarding document preservation.

**REQUEST NO. 33:** All Documents relating to Your destruction of Documents concerning Commercial Fishing or this Action, including, without limitation, Documents constituting, containing, referring to, or relating to Your Communications to or from any Person regarding document destruction.

**REQUEST NO. 34:** All Documents relating to the destruction by others of Documents concerning Commercial Fishing or this Action, including, without limitation, Documents constituting, containing, referring to, or relating to Your Communications to or from any Person regarding document preservation.