# EXHIBIT C



San Francisco | New York
The Embarcadero, Pier 9, Suite 100, San Francisco, CA 94111  ph: 415.671.4628  fx: 415.480.6688
www.grosskleinlaw.com

sender's email: sgross@grosskleinlaw.com

March 20, 2022

Hallmark Fisheries
c/o California Shellfish Company, Inc.
505 Beach St STE 200
San Francisco, CA 94133

    Re:    **DEMAND FOR PRESERVATION OF DOCUMENTS-*Little v. Pacific Seafood***

To whom it may concern:

On March 13, 2023, my office filed a lawsuit entitled *Brand Little v. Pacific Seafood Procurement, et. al.*, Case No. 3:23-cv-01098, in federal court in the Northern District of California, alleging antitrust injury to Dungeness crab fishers as a result of Pacific Seafood Procurement, other Pacific Seafood entities, and owner Dulcich, Inc. (collectively "Pacific Seafood")'s control of the market for Dungeness crab. Hallmark Seafoods was not named as a party in this suit, but, given its participation in the purchase and sale of Dungeness crab, the company and/or its agents may have information relevant to the claims at issue therein. In order to fully investigate the circumstances that underlie the claims in this action, we will soon serve a subpoena for the production of documents on Hallmark Seafoods, Inc. We therefore write to respectfully demand that Hallmark Seafoods as well as yourself and all of its current or former employees, owners, agents, attorneys, accountants, or other persons occupying similar positions or performing similar functions, preserve all documents, tangible things, and electronically stored information potentially relevant to the claims at issue in this lawsuit, as described at greater length below.

Please let us know if you and/or Hallmark Seafoods has retained legal counsel to whom we should direct this subpoena. Additionally, please let us know whether Hallmark Seafoods will accept service of this subpoena via email, and, if so, to which email address we should send it. After the subpoena is served, we will work with you, Hallmark Seafoods, and/or counsel to define and narrow the scope of responsive documents and accordingly reduce Hallmark Seafoods' burden in relation to this subpoena.

**SCOPE AND NATURE OF MATERIAL TO BE PRESERVED**

Given the claims at issue in the aforementioned lawsuit, the material to be preserved includes but is not limited to documents and communications relating to:

- the ex vessel price for Dungeness crab;



- the wholesale price for Dungeness crab;
- the retail price for Dungeness crab;
- any discussions, negotiations, or reference to how any of the aforementioned prices were set;
- Hallmark Seafoods' actual purchases and sales of Dungeness crab; and
- any communication with or about a Pacific Seafood entity (or entities), the agents of a Pacific Seafood entity (or entities), or the owner of Pacific Seafood, Frank Dulcich.

You, Hallmark Seafoods and all of its employees, agents, owners, attorneys, accountants, or other persons occupying similar positions or performing similar functions have a legal duty to preserve material that may be responsive to the forthcoming subpoena. Accordingly, we respectfully demand that Hallmark Seafoods take all steps necessary to prevent the destruction, loss, or alteration of any paper, document, or electronically stored information ("ESI") and other data or information generated by and/or stored on its computers and storage media (e.g., hard disks, floppy disks, backup tapes, etc.) or those of its employees agents, owners, attorneys, accountants, or other persons occupying similar positions or performing similar functions, that may fall into any of the above categories, and, when in doubt, to err on the side of preservation.

ESI, in this context, includes, but is not limited to, all digital communications (e.g., email, voice mail, instant messaging), word processed documents (e.g. Word and WordPerfect documents and drafts), spreadsheets and tables (e.g. Excel and Lotus 123 worksheets), accounting application data (such as QuickBooks, Money, or Peachtree), image and facsimile files (including PDF, TIFF, JPG, and GIF images), sound recordings (including WAV and MP3 files), video recordings, all databases, all contact and relationship management data, calendar and diary application data, online access data (including temporary, internet files, History, and Cookies), all presentations (including PowerPoint and Corel), all network access and server activity logs, all data created with the use of any Personal Data Assistant (PDA) or smart phone, all CAD files, and all back-up and archival files.

Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence. Hallmark Seafoods and its agents must also intervene to prevent loss due to routine operations and employ proper techniques to safeguard all such evidence. Because hard copies do not preserve electronic searchability or metadata, they are not an adequate substitute for ESI. If information exists in both electronic and paper form, Hallmark Seafoods must preserve them both.

**LITIGATION HOLD**

In order to meet the above requirement, we respectfully demand that Hallmark Seafoods initiate a litigation hold for potentially relevant ESI, documents, and tangible things, and to act diligently and in good faith to secure and audit compliance with such litigation hold. Please additionally preserve all passwords, decryption procedures (including, if necessary, the software to decrypt the files), network access codes, ID names, manuals, tutorials, written instructions,

GROSS KLEIN PC

Hallmark Fisheries
March 20, 2023

decompression or reconstruction software, and any and all other information and things necessary to access, view, and (if necessary) reconstruct any ESI.

Hallmark Seafoods should also identify and modify or suspend features of its operations, information systems, and devices that, in routine operations, operate to cause the loss of documents, tangible items, or ESI. Examples of such features and operations include, but are not limited to, purging the contents of email repositories by age, capacity, or other criteria; using data or media wiping, disposal, erasure, or encryption utilities or devices; overwriting, erasing, or discarding back-up media; re-assigning, re-imaging or disposing of systems, servers, devices, or media; running antivirus or other programs that alter metadata; using metadata stripper utilities; and eliminating documents or any ESI by age or other criteria.

**EVIDENCE CREATED OR ACQUIRED IN THE FUTURE**

With regard to documents, tangible things, and ESI that are created or come into Hallmark Seafoods' custody, possession, or control subsequent to the date of delivery of this letter, potentially relevant evidence is to be preserved. Hallmark Seafoods and all its agents, employees, and owners should take all appropriate action to the loss of potentially relevant evidence.

Please forward a copy of this letter to all persons and entities possessing or controlling potentially relevant evidence. Hallmark Seafoods' obligation to preserve potentially relevant evidence is required by law.

**CONCLUSION**

We appreciate your prompt attention to this matter. Once the above-referenced subpoena is issued, my firm and I will work with you and/or your attorneys to home in on the specific categories of information to be retained and produced in order to reduce the burden of responding to this subpoena. Feel free to have your counsel reach out to us about any of the foregoing.

Sincerely,

STUART G. GROSS

cc: Steven N. Williams
Ronnie S. Spiegel
Elissa A. Buchanan
Travis H. A. Smith
Ian Atkinson-Young

3