# EXHIBIT E

1  W. Scott Cameron, State Bar No. 229828
2  Josiah M. Prendergast, State Bar No. 292840
   Carly M. Moran, State Bar No. 333661
3  **weintraub tobin** chediak coleman grodin
   LAW CORPORATION
4  400 Capitol Mall, 11th Floor
   Sacramento, California 95814
5  Telephone:    916.558.6000
   Facsimile:    916.446.1611
6  Email: SCameron@weintraub.com
7          JPrendergast@weintraub.com
           CMoran@weintraub.com
8
   *Attorneys for non-party*
9  *Crystal Adams*

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13

14  BRAND LITTLE, and ROBIN BURNS,            Case No.: 3:23-cv-01098-AGT
15  Individually and on Behalf of All Others
    Similarly Situated,
16                                            **NON-PARTY CRYSTAL ADAMS'**
            Plaintiff,                        **RESPONSE TO SUBPOENA**
17
        v.
18
    PACIFIC SEAFOOD PROCUREMENT,
19  LLC; PACIFIC SEAFOOD PROCESSING,
    LLC; PACIFIC SEAFOOD FLEET, LLC;
20  PACIFIC SEAFOOD DISTRIBUTION,
    LLC; PACIFIC SEAFOOD USA, LLC;
21  DULCICH, INC.; PACIFIC SEAFOOD
    EUREKA, LLC; PACIFIC SEAFOOD         Judge:  The Honorable Alex G. Tse
22  CHARLESTON, LLC; PACIFIC SEAFOOD
    – WARRENTON, LLC; PACIFIC
23  SEAFOOD – NEWPORT, LLC; PACIFIC
    SEAFOOD – BROOKINGS, LLC, PACIFIC
24  SEAFOOD – WESTPORT, LLC; PACIFIC
    SURIMI – NEWPORT, LLC; BLUE RIVER
25  SEAFOOD, INC.; SAFE COAST
    SEAFOODS, LLC; SAFE COAST
26  SEAFOODS WASHINGTON, LLC;
    OCEAN GOLD SEAFOODS, INC.; NOR-
27  CAL SEAFOOD, INC.; AMERICAN
    SEAFOOD EXP, INC.; CALIFORNIA
28  SHELLFISH COMPANY, INC.; ROBERT
    BUGATTO ENTERPRISES, INC.;

*weintraub* **tobin** chediak coleman grodin
law corporation

1
                     RESPONSE TO SUBPOENAS TO CRYSTAL ADAMS

ALASKA ICE SEAFOODS, INC.; LONG
FISHERIES, INC.; CAITO FISHERIES,
INC.; CATIO FISHERIES, LLC;
SOUTHWIND FOODS, LLC;
FISHERMEN'S CATCH, INC.; GLOBAL
QUALITY FOODS, INC.; GLOBAL
QUALITY SEAFOOD LLC; OCEAN KING
FISH, INC.; SOUTH BEND PRODUCTS
LLC; SWANES SEAFOOD HOLDING
COMPANY LLC; BORNSTEIN
SEAFOODS, INC.; ASTORIA PACIFIC
SEAFOODS, LLC; and DOES 29-60,

Defendants.

RESPONSE TO SUBPOENAS TO CRYSTAL ADAMS

weintraub **tobin** chediak coleman grodin
law corporation

**NON-PARTY CRYSTAL ADAMS** submits the following objections and responses to the subpoena served on her through counsel on April 1, 2025.

## PRELIMINARY STATEMENT

In responding to the Requests, and in making available any of the information requested, Ms. Adams does not concede the truth or accuracy of any of Plaintiffs' characterizations of fact or law, the factual expressions or assumptions contained in the Requests, the propriety of any Request, or the relevance, authenticity, or admissibility of any information requested, and expressly reserves the right to object to the relevance, authenticity, and/or admissibility of such information at any point in the future. Ms. Adams' responses are not to be considered a waiver of their objections.

Ms. Adams left her employment with Hallmark Fisheries in October 2023. When she left, she took no documents with her. Any documents she had in connection with her employment with Hallmark Fisheries, including but not limited to email communications, were left at Hallmark. Moreover, at around the same time, Ms. Adams changed cell phone providers and traded in her cell phone. As a result, she lost all data, including text messages, that were saved on her cell phone.

## GENERAL OBJECTIONS

The following General Objections apply to each of Ms. Adams' responses below and are incorporated into Ms. Adams' specific objections. Notwithstanding the specific response to any Request, Ms. Adams does not waive any general objections.

1.      Ms. Adams objects to the Requests to the extent that they purport to impose discovery obligations on Ms. Adams broader in scope than those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable law. Ms. Adams will respond to the Requests consistent with these rules and applicable laws.

2.      Ms. Adams objects to the Requests to the extent that they seek information or documents protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege, or any other applicable privilege, doctrine, or immunity from discovery. Ms. Adams will not produce any information subject to such privileges, doctrines, or immunities, and nothing in these responses and objections is intended to be, or in any way constitutes, a waiver of any such privilege, doctrine, or immunity. To the extent that any inadvertent production of information

RESPONSE TO SUBPOENA TO CRYSTAL ADAMS

subject to a privilege, doctrine, or immunity from discovery is made in response to the Requests, such production shall not constitute a waiver of any applicable privilege or protection. Specific objections to a Request on the grounds of privilege are provided below for emphasis and clarity only, and the absence of a specific objection should not be interpreted as evidence that Ms. Adams does not object to a Request on the grounds of privilege.

3.     Ms. Adams objects to the Requests as unreasonably burdensome on a non-party to the litigation, and no attempt has been made to obtain the documents sought from parties to this litigation.

4.     Ms. Adams objects to the Requests to the extent that they call for the creation of documents that do not currently exist.

5.     Ms. Adams objects to each of the Requests seeking "all," "each," "any," "relating to," and "regarding" the referenced information or documents. Such requests are unduly burdensome or expensive, seek cumulative information, and do not describe the information sought with sufficient particularity. Ms. Adams will construe the terms of all Requests to request that Ms. Adams use reasonable diligence to locate responsive non-privileged information and documents.

6.     Ms. Adams objects to the Requests to the extent that they are repetitive, duplicative, overly broad, seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive, or to the extent they otherwise impose an undue burden upon Ms. Adams.

7.     Ms. Adams objects to the Requests to the extent that they seek documents, data, or information that is not within her possession, custody, or control.

8.     Ms. Adams objects to the Requests to the extent that they seek documents, data, or information that already is within Plaintiffs' possession, custody, or control.

9.     Ms. Adams objects to the Requests to the extent that they seek documents, data, or information in the possession, custody, or control of third parties or that is publicly available, and thus equally or more easily available to Plaintiffs from those sources.

10.     Ms. Adams objects to the Requests to the extent that they are vague, ambiguous, overboard, and/or unduly burdensome.

RESPONSE TO SUBPOENA TO CRYSTAL ADAMS

weintraub **tobin** chediak coleman grodin
law corporation

11. A response indicating that Ms. Adams will provide documents, data, or information shall not be construed as an admission that such information exists, or that it exists within her possession, custody, or control.

**OBJECTIONS TO DEFINITIONS**

1. Ms. Adams objects to the definition of the terms "You" or "Your" to the extent that it includes "any predecessors, successors, subsidiaries, departments, divisions, affiliates, and any organization or entity which the responding person or entity manages, controls, and any organization or entity which the responding person or entity manages, controls, or has an ownership interest in, or did manage, control, or have an ownership interest in, as well as all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding person or entity." Ms. Adams is an individual. Her responses are limited to herself as an individual, and to no one else beyond herself. For avoidance of any doubt, Ms. Adams will not search for or produce any documents that she may have or may have received based on her current position as Executive Director, Oregon Dungeness Crab Commission. Ms. Adams will search for and produce only documents related to her prior employment with Hallmark Fisheries, whether received before or after Ms. Adams' employment with Hallmark Fisheries.

2. Ms. Adams objects to the definition of the term "Fisher" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to "commercial fishing" and "commercial fishing vessel" to the extent such terms are undefined terms subject to multiple interpretations.

3. Ms. Adams objects to the definition of the term "Buyer" on the grounds that the definition is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it includes purchases of "other fishes directly from a Fisher with the purposes of reselling the fish, with or without further processing" not relevant to the claims and defenses in the litigation.

4. Ms. Adams objects to the definition of the term "Ex Vessel" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible

RESPONSE TO SUBPOENA TO CRYSTAL ADAMS

weintraub **tobin** chediak coleman grodin
law corporation

evidence, specifically with respect to "fresh commercial seafood" where "commercial seafood" is undefined.

5.      Ms. Adams objects to the definition of the term "Ex Vessel Price" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with the incorporation of the definition of Ex Vessel and "fresh commercial seafood" where "commercial seafood" is undefined.

6.      Ms. Adams objects to the definition of the term "Out the Back Door" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to "unprocessed Dungeness crab" and purchases of "Dungeness crab Ex Vessel" that incorporates the vagueness and ambiguity of "Ex Vessel."

7.      Ms. Adams objects to the definition of the term "Processed Dungeness Crab" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to "commercial Dungeness crab" and "cooked", as well as "Ex Vessel purchase" that incorporates the vagueness and ambiguity of "Ex Vessel."

8.      Ms. Adams objects to the definition of the term "Document" to the extent that it requires Ms. Adams to conduct searches broader than a reasonable and diligent search of reasonably accessible files (including electronic files) where responsive information reasonably would be expected to be found or would to impose on her duties and obligations beyond those imposed by the Federal Rules of Civil Procedure; Local Rules; the Stipulated Protective Order (Dkt. No. 63); any forthcoming Stipulated Order Regarding Production of Electronically Stored Information and Paper Documents; or any other order of the Court.  Ms. Adams will give this term its ordinary meaning.

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show Your ownership interest in any entity, including but not limited to partnerships, corporations, and limited liability corporations, involved in the Commercial Dungeness Crab Industry.

/ / /

/ / /

weintraub **tobin** chediak coleman grodin
law corporation

**RESPONSE REQUEST FOR PRODUCTION NO. 1:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Ms. Adams objects to this request on the grounds that it is vague and ambiguous as to the meeting of the term "Commercial Dungeness Crab Industry" and that term is not defined.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a reasonable and diligent search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show the duration and nature of Your employment by Hallmark, including by not limited to the date of commencement and date of termination of your employment, all job titles held, the scope of work within each position, and the geographic range over which your employment responsibilities extended.

**RESPONSE REQUEST FOR PRODUCTION NO. 2:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a reasonable and diligent search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 3:**

All Communications Concerning the preservation of Documents Concerning the Commercial Dungeness Crab Industry or this Action, including, without limitation, instructions provided by Hallmark or counsel for Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 3:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Ms. Adams objects to this request on the grounds that it is vague and ambiguous as to the meeting of the term "Commercial Dungeness Crab Industry" and that term is not defined.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 4:**

All Communications Concerning the destruction of Documents Concerning the Commercial

Dungeness Crab Industry or this Action, including, without limitation, instructions provided by Hallmark or counsel for Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 4:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Ms. Adams objects to this request on the grounds that it is vague and ambiguous as to the meeting of the term "Commercial Dungeness Crab Industry" and that term is not defined.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 5:**

All Communications, including, without limitation, text messages and emails, between You and any Ex Vessel Dungeness crab Buyer, excluding Hallmark, Concerning the opening of any Dungeness crab season, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 5:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 6:**

All Communications, including, without limitation, text messages and emails, between You and any Ex Vessel Dungeness crab Buyer Concerning the opening of any Dungeness crab season, sent or received after You left Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 6:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 7:**

All Communications, including, without limitation, text messages and emails, between You

RESPONSE TO SUBPOENA TO CRYSTAL ADAMS

weintraub **tobin** chediak coleman grodin
law corporation

1    and any Ex Vessel Dungeness crab Buyer, excluding Hallmark, Concerning the closing date of any

2    Dungeness crab season, sent or received prior to You leaving Your position with Hallmark.

3    **RESPONSE REQUEST FOR PRODUCTION NO. 7:**

4         Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

5    and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

6    diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

7    control.

8    **REQUEST FOR PRODUCTION NO. 8:**

9         All Communications, including, without limitation, text messages and emails, between You

10   and any Ex Vessel Dungeness crab Buyer Concerning the closing date of any Dungeness crab

11   season, sent or received after You left Your position with Hallmark.

12   **RESPONSE REQUEST FOR PRODUCTION NO. 8:**

13        Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

14   and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

15   diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

16   control.

17   **REQUEST FOR PRODUCTION NO. 9:**

18        All Communications, including, without limitation, text messages and emails, between You

19   and any Ex Vessel Dungeness crab Buyer, excluding Hallmark, concerning any Ex Vessel price for

20   Dungeness crab, sent or received prior to You leaving Your position with Hallmark.

21   **RESPONSE REQUEST FOR PRODUCTION NO. 9:**

22        Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

23   and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

24   diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

25   control.

26   **REQUEST FOR PRODUCTION NO. 10:**

27        All Communications, including, without limitation, text messages and emails, between You

28   and any Ex Vessel Dungeness crab Buyer Concerning any Ex Vessel price for Dungeness crab, sent

**weintraub tobin chediak coleman grodin**
law corporation

1    or received after You left Your position with Hallmark.

2    **RESPONSE REQUEST FOR PRODUCTION NO. 10:**

3    Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

4    and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

5    diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

6    control.

7    **REQUEST FOR PRODUCTION NO. 11:**

8    All Communications, including, without limitation, text messages and emails, between You

9    and any Ex Vessel Dungeness crab Buyer, excluding Hallmark, Concerning the commercial Ex

10   Vessel purchase of Dungeness crab, sent or received prior to You leaving Your position with

11   Hallmark.

12   **RESPONSE REQUEST FOR PRODUCTION NO. 11:**

13   Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

14   and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

15   diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

16   control.

17   **REQUEST FOR PRODUCTION NO. 12:**

18   All Communications, including, without limitation, text messages and emails, between You

19   and any Ex Vessel Dungeness crab Buyer Concerning the commercial Ex Vessel purchase of

20   Dungeness crab, sent or received after You left Your position with Hallmark.

21   **RESPONSE REQUEST FOR PRODUCTION NO. 12:**

22   Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

23   and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

24   diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

25   control.

26   **REQUEST FOR PRODUCTION NO. 13:**

27   All Communications, including, without limitation, text messages and emails, between You

28   and any Ex Vessel Dungeness crab Buyer, excluding Hallmark, Concerning the supply of

weintraub **tobin** chediak coleman grodin
law corporation

Dungeness crab, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 13:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 14:**

All Communications, including, without limitation, text messages and emails, between You and any Ex Vessel Dungeness crab Buyer Concerning the supply of Dungeness crab, sent or received after You left Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 14:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 15:**

All Communications, including, without limitation, text messages and emails, between You and any Ex Vessel Dungeness crab Buyer, excluding Hallmark, Concerning the demand for Dungeness crab, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 15:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 16:**

All Communications, including, without limitation, text messages and emails, between You and any Ex Vessel Dungeness crab Buyer Concerning the demand for Dungeness crab, sent or received after You left Your position with Hallmark.

RESPONSE TO SUBPOENA TO CRYSTAL ADAMS

**RESPONSE REQUEST FOR PRODUCTION NO. 16:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 17:**

All Communications, including, without limitation, text messages and emails, between You and any Ex Vessel Dungeness crab Buyer, excluding Hallmark, sent or received prior to You leaving Your position with Hallmark, that are not responsive to Requests Nos. 5, 7, 9, 11, 13, or 15.

**RESPONSE REQUEST FOR PRODUCTION NO. 17:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 18:**

All Communications, including, without limitation, text messages and emails, between You and any Ex Vessel Dungeness crab Buyer, sent or received prior to You leaving Your position with Hallmark, that are not responsive to Requests Nos. 6, 8, 10, 12, 14, or 16.

**RESPONSE REQUEST FOR PRODUCTION NO. 18:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 19:**

All Communications, including, without limitation, text messages and emails, between You and any Crabber Concerning the opening of any commercial Dungeness crab fishery, sent or received prior to You leaving Your position with Hallmark.

/ / /

weintraub **tobin** chediak coleman grodin
law corporation

weintraub **tobin** chediak coleman grodin
law corporation

**RESPONSE REQUEST FOR PRODUCTION NO. 19:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Ms. Adams objects to the request on the grounds it is vague and ambiguous as to the meaning of the term "commercial Dungeness crab fishery" and that term is not defined.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 20:**

All Communications, including, without limitation, text messages and emails, between You and any Crabber Concerning the opening of any commercial Dungeness crab fishery, sent or received after You left Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 20:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Ms. Adams objects to the request on the grounds it is vague and ambiguous as to the meaning of the term "commercial Dungeness crab fishery" and that term is not defined.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 21:**

All Communications, including, without limitation, text messages and emails, between You and any Crabber Concerning the closing date of any commercial Dungeness crab fishery, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 21:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Ms. Adams objects to the request on the grounds it is vague and ambiguous as to the meaning of the term "commercial Dungeness crab fishery" and that term is not defined.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 22:**

All Communications, including, without limitation, text messages and emails, between You

1  and any Crabber Concerning the closing date of any commercial Dungeness crab fishery, sent or

2  received after You left Your position with Hallmark.

3  **RESPONSE REQUEST FOR PRODUCTION NO. 22:**

4       Ms. Adams incorporates her General Objections and Objections to Definitions.  Ms. Adams

5  objects to the request on the grounds it is vague and ambiguous as to the meaning of the term

6  "commercial Dungeness crab fishery" and that term is not defined.  Subject to and without waiving

7  the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable

8  search, Ms. Adams has no responsive documents in her care, custody or control.

9  **REQUEST FOR PRODUCTION NO. 23:**

10      All Communications, including, without limitation, text messages and emails, between You

11  and any Crabber Concerning the commercial Ex Vessel purchase of Dungeness crab, sent or

12  received prior to You leaving Your position with Hallmark.

13  **RESPONSE REQUEST FOR PRODUCTION NO. 23:**

14      Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

15  and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

16  diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

17  control.

18  **REQUEST FOR PRODUCTION NO. 24:**

19      All Communications, including, without limitation, text messages and emails, between You

20  and any Crabber Concerning the commercial Ex Vessel purchase of Dungeness crab, sent or

21  received after You left Your position with Hallmark.

22  **RESPONSE REQUEST FOR PRODUCTION NO. 24:**

23      Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

24  and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

25  diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

26  control.

27  **REQUEST FOR PRODUCTION NO. 25:**

28      All Communications, including, without limitation, text messages and emails, between You

RESPONSE TO SUBPOENA TO CRYSTAL ADAMS

weintraub **tobin** chediak coleman grodin
law corporation

and any Crabber Concerning the Ex Vessel Price of Dungeness crab, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 25:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 26:**

All Communications, including, without limitation, text messages and emails, between You and any Crabber Concerning the Ex Vessel Price of Dungeness crab, sent or received after you left Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 26:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 27:**

All Communications, including, without limitation, text messages and emails, between You and any Crabber Concerning the supply of Dungeness crab, sent or received prior to you leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 27:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 28:**

All Communications, including, without limitation, text messages and emails, between You and any Crabber Concerning the supply of Dungeness crab, sent or received after You left Your

RESPONSE TO SUBPOENA TO CRYSTAL ADAMS

1  position with Hallmark.

2  **RESPONSE REQUEST FOR PRODUCTION NO. 28:**

3      Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

4  and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

5  diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

6  control.

7  **REQUEST FOR PRODUCTION NO. 29:**

8      All Communications, including, without limitation, text messages and emails, between You

9  and any Crabber Concerning the demand for Dungeness crab, sent or received prior to you leaving

10  Your position with Hallmark.

11  **RESPONSE REQUEST FOR PRODUCTION NO. 29:**

12      Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

13  and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

14  diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

15  control.

16  **REQUEST FOR PRODUCTION NO. 30:**

17      All Communications, including, without limitation, text messages and emails, between You

18  and any Crabber Concerning the demand for Dungeness crab, sent or received after You left Your

19  position with Hallmark.

20  **RESPONSE REQUEST FOR PRODUCTION NO. 30:**

21      Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

22  and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

23  diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

24  control.

25  **REQUEST FOR PRODUCTION NO. 31:**

26      All Communications, including, without limitation, text messages and emails, between You

27  and any Crabber, sent or received prior to You leaving Your position with Hallmark, that are not

28  responsive to Requests Nos. 19, 21, 23, 25, 27, and 29.

RESPONSE TO SUBPOENA TO CRYSTAL ADAMS

weintraub **tobin** chediak coleman grodin
law corporation

**RESPONSE REQUEST FOR PRODUCTION NO. 31:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 32:**

All Communications, including, without limitation, text messages and emails, between You and any Crabber, sent or received prior to You leaving Your position with Hallmark, that are not responsive to Requests Nos. 20, 22, 24, 26, 28, or 30.

**RESPONSE REQUEST FOR PRODUCTION NO. 32:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 33:**

All Communications, including, without limitation, text messages and emails, between You and Hallmark Concerning the Ex Vessel prices being offered by other Buyers for Dungeness crab, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 33:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 34:**

All Communications, including, without limitation, text messages and emails, between You and Hallmark Concerning the Ex Vessel prices being offered by other Buyers for Dungeness crab, sent or received after You left Your position with Hallmark.

/ / /

RESPONSE TO SUBPOENA TO CRYSTAL ADAMS

**RESPONSE REQUEST FOR PRODUCTION NO. 34:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 35:**

All Communications, including, without limitation, text messages and emails, between You and Hallmark Concerning the purchase of Dungeness crab by other Buyers, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 35:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 36:**

All Communications, including, without limitation, text messages and emails, between You and Hallmark Concerning the purchase of Dungeness crab by other Buyers, sent or received after You left Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 37:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 37:**

All Communications, including, without limitation, text messages and emails, between You and Hallmark Concerning any decision to not do business with any Crabber, including by not limited to buying Dungeness crab or other commercial seafood, selling bait, selling ice, allowing use of hoists, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 37:**

Ms. Adams incorporates her General Objections and Objections to Definitions. Subject to and without waiving the foregoing objections, Ms. Adams responds as follows: Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 38:**

All Communications, including, without limitation, text messages and emails, between You and Hallmark Concerning any decision to not do business with any Crabber, including by not limited to buying Dungeness crab or other commercial seafood, selling bait, selling ice, allowing use of hoists, sent or received after You left Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 38:**

Ms. Adams incorporates her General Objections and Objections to Definitions. Subject to and without waiving the foregoing objections, Ms. Adams responds as follows: Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 39:**

All Communications, including, without limitation, text messages and emails, Concerning Triple G Seafood, Ozzie Gregorio, and/or the owners, employees, agents or representatives of Triple G Seafood, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 39:**

Ms. Adams incorporates her General Objections and Objections to Definitions. Subject to and without waiving the foregoing objections, Ms. Adams responds as follows: Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 40:**

All Communications, including, without limitation, text messages and emails, Concerning Triple G Seafood, Ozzie Gregorio, and/or the owners, employees, agents or representatives of Triple G Seafood, sent or received after you left Your position with Hallmark.

RESPONSE TO SUBPOENA TO CRYSTAL ADAMS

**RESPONSE REQUEST FOR PRODUCTION NO. 40:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams will produce all responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 41:**

All Communications, including, without limitation, text messages and emails, with Triple G Seafood, Ozzie Gregorio, and/or the owners, employees, agents or representatives of Triple G Seafood, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 41:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 42:**

All Communications, including, without limitation, text messages and emails, with Triple G Seafood, Ozzie Gregorio, and/or the owners, employees, agents or representatives of Triple G Seafood, sent or received after you left Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 42:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams will produce all responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 43:**

All Communications, including, without limitation, text messages and emails, between You and Nor-Cal Seafoods or Kevin Lee Concerning Crabbers selling Dungeness crab to Buyers other than Hallmark or Nor-Cal Seafoods in Port Orford, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 43:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

RESPONSE TO SUBPOENA TO CRYSTAL ADAMS

**weintraub tobin** chediak coleman grodin
law corporation

1    and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

2    diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

3    control.

4    **REQUEST FOR PRODUCTION NO. 44:**

5          All Communications, including, without limitation, text messages and emails, between You

6    and Nor-Cal Seafoods or Kevin Lee Concerning Crabbers selling Dungeness crab to Buyers other

7    than Hallmark or Nor-Cal Seafoods in Port Orford, sent or received after You left Your position

8    with Hallmark.

9    **RESPONSE REQUEST FOR PRODUCTION NO. 44:**

10         Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

11   and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

12   diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

13   control.

14   **REQUEST FOR PRODUCTION NO. 45:**

15         All Communications, including, without limitation, text messages and emails, between You

16   and Nor-Cal Seafoods or Kevin Lee Concerning Buyers other than Hallmark or Nor-Cal Seafoods

17   making Ex Vessel purchases in Port Orford, sent or received prior to You leaving Your position

18   with Hallmark.

19   **RESPONSE REQUEST FOR PRODUCTION NO. 45:**

20         Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

21   and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

22   diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

23   control.

24   **REQUEST FOR PRODUCTION NO. 46:**

25         All Communications, including, without limitation, text messages and emails, between You

26   and Nor-Cal Seafoods or Kevin Lee Concerning Buyers other than Hallmark or Nor-Cal Seafoods

27   making Ex Vessel purchases in Port Orford, sent or received after You left Your position with

28   Hallmark.

RESPONSE TO SUBPOENA TO CRYSTAL ADAMS

**RESPONSE REQUEST FOR PRODUCTION NO. 46:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 47:**

All Communications, including, without limitation, text messages and emails, Concerning Joel Purkey, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 47:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 48:**

All Communications, including, without limitation, text messages and emails, Concerning Joel Purkey, sent or received after You left Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 48:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 49:**

All Communications, including, without limitation, text messages and emails, with Joel Purkey, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 49:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

RESPONSE TO SUBPOENA TO CRYSTAL ADAMS

1  control.

2  **REQUEST FOR PRODUCTION NO. 50:**

3      All Communications, including, without limitation, text messages and emails, with Joel

4  Purkey, sent or received after You left Your position with Hallmark.

5  **RESPONSE REQUEST FOR PRODUCTION NO. 50:**

6      Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

7  and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

8  diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

9  control.

10  **REQUEST FOR PRODUCTION NO. 51:**

11     All communications Concerning This Action, including but not limited to the allegations

12  made in it, sent or received prior to You leaving Your position with Hallmark.

13  **RESPONSE REQUEST FOR PRODUCTION NO. 51:**

14     Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

15  and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

16  diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

17  control.

18  **REQUEST FOR PRODUCTION NO. 52:**

19     All communications Concerning This Action, including but not limited to the allegations

20  made in it, sent or received after You left Your position with Hallmark.

21  **RESPONSE REQUEST FOR PRODUCTION NO. 52:**

22     Ms. Adams incorporates her General Objections and Objections to Definitions.  Ms. Adams

23  objects to this request on the grounds that it seeks documents protected by the attorney-client

24  privilege, attorney work product doctrine, or other privileges.  Subject to and without waiving the

25  foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search,

26  Ms. Adams has no non-privileged, responsive documents in her care, custody or control.

27  / / /

28  / / /

RESPONSE TO SUBPOENA TO CRYSTAL ADAMS

Dated:  May 14, 2025

**weintraub tobin** chediak coleman grodin
law corporation


By:_____/s/ W. Scott Cameron_____
W. Scott Cameron

*Attorneys for Non-Party*
*Crystal Adams*

RESPONSE TO SUBPOENA TO CRYSTAL ADAMS

**PROOF OF SERVICE**

I, the undersigned, declare:

I am a citizen of the United States, employed in the City and County of Sacramento, California.  My business address is 400 Capitol Mall, 11th Floor, Sacramento, California 95814 and my email address is daguillen@weintraub.com.  I am over the age of 18 years and not a party to the within action.

On the date below, I caused to be served the attached, and all exhibits thereto:

RESPONSE TO SUBPOENAS TO CRYSTAL ADAMS

[ X ]    (VIA EMAIL)  I caused each such document to be sent by electronic mail to the addressees at the email addresses listed below.

| | |
|---|---|
| Stuart G. Gross<br>Travis H.A. Smith<br>Ross A. Middlemiss<br>GROSS KLEIN PC<br>The Embarcadero Pier 9, Suite 100<br>San Francisco, CA 94111<br>(415) 671-4628<br><br>*sgross@grosskleinlaw.com*<br>*tsmith@grosskleinlaw.com*<br>*rmiddlemiss@grosskleinlaw.com*<br>*iatkinsonyoung@grosskleinlaw.com* | Counsel for Plaintiffs and the Proposed Classes |
| Matthew W. Ruan<br>FREED KANNER LONDON & MILLEN LLC<br>100 Tri-State International, Suite 128<br>Lincolnshire, IL 60069<br>(224) 632-4500<br><br>*mruan@fklmlaw.com* | Counsel for Plaintiffs and the Proposed Classes |
| Matthew S. Weiler<br>Raymond S. Levine<br>SCHNEIDER WALLACE COTTRELL KONECKY, LLP<br>2000 Powell Street, Suite 1400<br>Emeryville, CA 94608<br>(415) 421-7100<br><br>*mweiler@schneiderwallace.com*<br>*rlevine@schneiderwallace.com* | Counsel for Plaintiffs and the Proposed Classes |
| Steven N. Williams<br>STEVEN WILLIAMS LAW, P.C.<br>201 Spear St, Suite 1100<br>San Francisco, CA 94105<br>(415) 671-4628<br><br>*swilliams@stevenwilliamslaw.com* | Counsel for Plaintiffs and the Proposed Classes |

*weintraub* **tobin** chediak coleman grodin
law corporation

1

Edward C. Duckers
Charles H. Samel
STOEL RIVES LLP
1 Montgomery Street, Suite 3230
San Francisco, CA 94104

Matthew D. Segal
Michelle J. Rosales
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814

Timothy W. Snider
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205

*charles.samel@stoel.com*
*ed.duckers@stoel.com*
*timothy.snider@stoel.com*
*matthew.segal@stoel.com*
*michelle.rosales@stoel.com*
*roxanne.forestiere@stoel.com*

Sean Gates
ILLOVSKY GATES & CALIA LLP
155 N. Lake Avenue, Suite 800
Pasadena, California 91101

Eva Schueller
ILLOVSKY GATES & CALIA LLP
1611 Telegraph Avenue, Suite 806
Oakland, California 94612

*sean@illovskygates.com*
*eschueller@illovskygates.com*

Christopher J. Kayser
Elizabeth E. Parker
LARKINS VACURA KAYSER
121 SW Morrison St. Suite 700
Portland, OR

Brian A. E. Smith
Joseph J. Fraresso
BARTKO LLP
1100 Sansome Street
San Francisco, CA 94111

*cjkayser@lvklaw.com*
*eparker@lvklaw.com*
*bsmith@bartkolaw.com*
*jfraresso@bartkolaw.com*

Counsel for Defendants
Pacific Seafood Procurement, LLC, Pacific Seafood Processing, LLC, Pacific Seafood Fleet, LLC, Pacific Seafood Distribution, LLC, Pacific Seafood Usa, LLC, Dulcich, Inc., Pacific Seafood – Eureka, LLC, Pacific Seafood – Charleston, LLC, Pacific Seafood – Warrenton, LLC, Pacific Seafood – Newport, LLC, Pacific Seafood – Brookings, LLC, Pacific Seafood – Westport, LLC, and Pacific Surimi – Newport LLC

Counsel for Defendants
Blue River Seafood, Inc., Safe Coast Seafoods, LLC, and Safe Coast Seafoods Washington, LLC

Counsel for Defendants
Ocean Gold Seafoods, Inc.

RESPONSE TO SUBPOENA TO CRYSTAL ADAMS

weintraub **tobin** chediak coleman grodin
law corporation

1

HUECHI WONG HH LEGAL GROUP
2443 Fillmore St #380-4372
San Francisco, CA 94115
*hwonglegal@gmail.com*
*huechi@hhdisputes.com*

Counsel for Defendants
Nor-Cal Seafood, Inc. and Kevin Lee

2

3

4

Jonathan W. Thames
Colin Crug
KENNEDYS LAW LLP
455 Market Street, Suite 1900
San Francisco, CA 94105

Counsel for Defendants
American Seafood Exp, Inc.

5

6

7

*Jonathan.Thames@kennedyslaw.com*
*Colin.Crug@kennedyslaw.com*

8

9

Nick Gunn
Lauren B. Mauer
INTERNATIONAL MARITIME GROUP PLLC
701 Fifth Avenue, 42nd Floor
Seattle, WA 98104

Counsel for Defendants
Alaska Ice Seafoods, Inc. and Long
Fisheries, Inc.

10

11

12

*mauer@maritime.law*
*Hurst@maritime.law*
*Gunn@maritime.law*

13

14

Tim Fitzgerald
Micah Allred
MCNAUL EBEL
One Union Square
600 Universitty Street, Suite 2700
Seattle, WA 98101

15

16

17

*TFitzgerald@mcnaul.com*
*MAllred@mcnaul.com*

18

19

Colin W. Morrow
VANNUCCI MOMSEN MORROW
45060 Ukiah St., Ste. A
P.O. Box 1214
Mendocino, CA 95460

Counsel for Defendants
Caito Fisheries, Inc.

20

21

22

*cmorrow@vmm-law.com*

23

Steven J. Goon
Sarah Buiten
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612

Counsel for Defendants
Caito Fisheries, LLC and Southwind Foods,
LLC

24

25

26

*sgoon@rutan.com*
*Svanbuiten@rutan.com*
*Dghani@rutan.com*
*cpatel@rutan.com*

27

28

RESPONSE TO SUBPOENA TO CRYSTAL ADAMS

weintraub **tobin** chediak coleman grodin
law corporation

1   Steven McLellan                                    Counsel for Defendants
2   Claire Melehani                                    Fishermen's Catch, Inc
    MCLELLAN LAW GROUP, LLP
3   20665 4th Street, Suite 202
    Saratoga, CA 95070
4
    Steven@mclellanlawgroup.com
5   claire@mclellanlawgroup.com
    Sara@mclellanlawgroup.com
6   elizabeth@mclellanlawgroup.com

7   Ann A.P. Nguyen                                    Counsel for Defendants
    Bonnie M. Ross                                     Global Quality Foods, Inc.
8   MESSNER REEVES LLP
    160 W Santa Clara Street, Suite 1000
9   San Jose, CA 95113

10  anguyen@messner.com
    bross@messner.com
11  akitagawa@messner.com

12  Bao-Quan P. Pham                                   Counsel for Defendants
    BAO-QUAN PHAM LAW                                  Global Quality Seafood LLC
13  345 N. 18th Street
    San Jose, CA 95112
14
    baopham408@sbcglobal.net
15
    Philip J. Wang                                     Counsel for Defendants
16  Traci Michelle                                     Ocean King Fish Inc.
    Keith Putterman
17  YU WANG LLP
    345 California St. Suite 1160
18  San Francisco, CA 94104

19  pwang@plylaw.com
    ayoung@plylaw.com
20

21

22

23

24

25

26

27

28

1  J. Timothy Hobbs                        Counsel for Defendants
2  Trudy D. Tessaro                         Bornstein Seafoods, Inc. and Astoria Pacific
   Henry J. Brockway                        Seafoods, LLC
3  Victoria S. Duarte
   K&L GATES LLP
4  925 Fourth Ave, Suite 2900
   Seattle, WA 98104
5
   Michael J. Stortz
6  K&L GATES LLP
   4 Embarcadero Center, Suite 1200
7  San Francisco, California 94111
8  Victoria S. Pereira Duarte
   K&L GATES LLP
9  70 W. Madison Street, Suite 3300,
   Chicago, Illinois 60602
10
   *tim.hobbs@klgates.com*
11  *Michael.Stortz@klgates.com*
   *trudy.tessaro@klgates.com*
12  *Henry.Brockway@klgates.com*
   *Victoria.Duarte@klgates.com*
13

14      I declare under the penalty of perjury under the laws of the United States of America and the

15  State of California that the foregoing is true and correct.  Executed at Sacramento, California, on

16  May 14, 2025.

17  _____
                Deseree Aguillen
18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO SUBPOENA TO CRYSTAL ADAMS