# EXHIBIT F

1  W. Scott Cameron, State Bar No. 229828
2  Josiah M. Prendergast, State Bar No. 292840
   Carly M. Moran, State Bar No. 333661
3  **weintraub tobin** chediak coleman grodin
   LAW CORPORATION
4  400 Capitol Mall, 11th Floor
   Sacramento, California 95814
5  Telephone:    916.558.6000
   Facsimile:    916.446.1611
6  Email: SCameron@weintraub.com
7          JPrendergast@weintraub.com
           CMoran@weintraub.com
8
   *Attorneys for non-party*
9  *Crystal Adams*

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

14  BRAND LITTLE, and ROBIN BURNS,          Case No.: 3:23-cv-01098-AGT
15  Individually and on Behalf of All Others
    Similarly Situated,
16                                          **NON-PARTY CRYSTAL ADAMS'**
                 Plaintiff,                 **AMENDED RESPONSE TO SUBPOENA**
17
           v.
18
    PACIFIC SEAFOOD PROCUREMENT,
19  LLC; PACIFIC SEAFOOD PROCESSING,
    LLC; PACIFIC SEAFOOD FLEET, LLC;
20  PACIFIC SEAFOOD DISTRIBUTION,
    LLC; PACIFIC SEAFOOD USA, LLC;
21  DULCICH, INC.; PACIFIC SEAFOOD
    EUREKA, LLC; PACIFIC SEAFOOD         Judge:  The Honorable Alex G. Tse
22  CHARLESTON, LLC; PACIFIC SEAFOOD
    – WARRENTON, LLC; PACIFIC
23  SEAFOOD – NEWPORT, LLC; PACIFIC
    SEAFOOD – BROOKINGS, LLC, PACIFIC
24  SEAFOOD – WESTPORT, LLC; PACIFIC
    SURIMI – NEWPORT, LLC; BLUE RIVER
25  SEAFOOD, INC.; SAFE COAST
    SEAFOODS, LLC; SAFE COAST
26  SEAFOODS WASHINGTON, LLC;
    OCEAN GOLD SEAFOODS, INC.; NOR-
27  CAL SEAFOOD, INC.; AMERICAN
    SEAFOOD EXP, INC.; CALIFORNIA
28  SHELLFISH COMPANY, INC.; ROBERT
    BUGATTO ENTERPRISES, INC.;

1  ALASKA ICE SEAFOODS, INC.; LONG
   FISHERIES, INC.; CAITO FISHERIES,
2  INC.; CATIO FISHERIES, LLC;
   SOUTHWIND FOODS, LLC;
3  FISHERMEN'S CATCH, INC.; GLOBAL
   QUALITY FOODS, INC.; GLOBAL
4  QUALITY SEAFOOD LLC; OCEAN KING
   FISH, INC.; SOUTH BEND PRODUCTS
5  LLC; SWANES SEAFOOD HOLDING
   COMPANY LLC; BORNSTEIN
6  SEAFOODS, INC.; ASTORIA PACIFIC
   SEAFOODS, LLC; and DOES 29-60,
7
                Defendants.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**weintraub tobin** chediak coleman grodin
law corporation

NON-PARTY CRYSTAL ADAMS' AMENDED RESPONSE TO SUBPOENA

**NON-PARTY CRYSTAL ADAMS** submits the following objections and amended responses to the subpoena served on her through counsel on April 1, 2025.

## PRELIMINARY STATEMENT

In responding to the Requests, and in making available any of the information requested, Ms. Adams does not concede the truth or accuracy of any of Plaintiffs' characterizations of fact or law, the factual expressions or assumptions contained in the Requests, the propriety of any Request, or the relevance, authenticity, or admissibility of any information requested, and expressly reserves the right to object to the relevance, authenticity, and/or admissibility of such information at any point in the future. Ms. Adams' responses are not to be considered a waiver of their objections.

Ms. Adams left her employment with Hallmark Fisheries in October 2023. When she left, she took no documents with her. Any documents she had in connection with her employment with Hallmark Fisheries, including but not limited to email communications, were left at Hallmark. Moreover, at around the same time, Ms. Adams changed cell phone providers and traded in her cell phone. As a result, she lost all data, including text messages, that were saved on her cell phone.

## GENERAL OBJECTIONS

The following General Objections apply to each of Ms. Adams' responses below and are incorporated into Ms. Adams' specific objections. Notwithstanding the specific response to any Request, Ms. Adams does not waive any general objections.

1. Ms. Adams objects to the Requests to the extent that they purport to impose discovery obligations on Ms. Adams broader in scope than those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable law. Ms. Adams will respond to the Requests consistent with these rules and applicable laws.

2. Ms. Adams objects to the Requests to the extent that they seek information or documents protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege, or any other applicable privilege, doctrine, or immunity from discovery. Ms. Adams will not produce any information subject to such privileges, doctrines, or immunities, and nothing in these responses and objections is intended to be, or in any way constitutes, a waiver of any such privilege, doctrine, or immunity. To the extent that any inadvertent production of information

weintraub **tobin** chediak coleman grodin
law corporation

1  subject to a privilege, doctrine, or immunity from discovery is made in response to the Requests,

2  such production shall not constitute a waiver of any applicable privilege or protection.  Specific

3  objections to a Request on the grounds of privilege are provided below for emphasis and clarity

4  only, and the absence of a specific objection should not be interpreted as evidence that Ms. Adams

5  does not object to a Request on the grounds of privilege.

6      3.    Ms. Adams objects to the Requests as unreasonably burdensome on a non-party to

7  the litigation, and no attempt has been made to obtain the documents sought from parties to this

8  litigation.

9      4.    Ms. Adams objects to the Requests to the extent that they call for the creation of

10  documents that do not currently exist.

11     5.    Ms. Adams objects to each of the Requests seeking "all," "each," "any," "relating

12  to," and "regarding" the referenced information or documents.  Such requests are unduly

13  burdensome or expensive, seek cumulative information, and do not describe the information sought

14  with sufficient particularity.  Ms. Adams will construe the terms of all Requests to request that Ms.

15  Adams use reasonable diligence to locate responsive non-privileged information and documents.

16     6.    Ms. Adams objects to the Requests to the extent that they are repetitive, duplicative,

17  overly broad, seek information that may be obtained from other sources or through other means of

18  discovery that are more convenient, more efficient, more practical, less burdensome, and/or less

19  expensive, or to the extent they otherwise impose an undue burden upon Ms. Adams.

20     7.    Ms. Adams objects to the Requests to the extent that they seek documents, data, or

21  information that is not within her possession, custody, or control.

22     8.    Ms. Adams objects to the Requests to the extent that they seek documents, data, or

23  information that already is within Plaintiffs' possession, custody, or control.

24     9.    Ms. Adams objects to the Requests to the extent that they seek documents, data, or

25  information in the possession, custody, or control of third parties or that is publicly available, and

26  thus equally or more easily available to Plaintiffs from those sources.

27     10.   Ms. Adams objects to the Requests to the extent that they are vague, ambiguous,

28  overboard, and/or unduly burdensome.

**weintraub tobin chediak coleman grodin**
law corporation

11.     A response indicating that Ms. Adams will provide documents, data, or information shall not be construed as an admission that such information exists, or that it exists within her possession, custody, or control.

**OBJECTIONS TO DEFINITIONS**

1.     Ms. Adams objects to the definition of the terms "You" or "Your" to the extent that it includes "any predecessors, successors, subsidiaries, departments, divisions, affiliates, and any organization or entity which the responding person or entity manages, controls, and any organization or entity which the responding person or entity manages, controls, or has an ownership interest in, or did manage, control, or have an ownership interest in, as well as all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding person or entity." Ms. Adams is an individual. Her responses are limited to herself as an individual, and to no one else beyond herself. For avoidance of any doubt, Ms. Adams will not search for or produce any documents that she may have or may have received based on her current position as Executive Director, Oregon Dungeness Crab Commission. Ms. Adams will search for and produce only documents related to her prior employment with Hallmark Fisheries, whether received before or after Ms. Adams' employment with Hallmark Fisheries.

2.     Ms. Adams objects to the definition of the term "Fisher" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to "commercial fishing" and "commercial fishing vessel" to the extent such terms are undefined terms subject to multiple interpretations.

3.     Ms. Adams objects to the definition of the term "Buyer" on the grounds that the definition is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it includes purchases of "other fishes directly from a Fisher with the purposes of reselling the fish, with or without further processing" not relevant to the claims and defenses in the litigation.

4.     Ms. Adams objects to the definition of the term "Ex Vessel" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to "fresh commercial seafood" where "commercial seafood" is

weintraub **tobin** chediak coleman grodin
law corporation

1  undefined.

2      5.     Ms. Adams objects to the definition of the term "Ex Vessel Price" on the grounds

3  that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of

4  admissible evidence, specifically with the incorporation of the definition of Ex Vessel and "fresh

5  commercial seafood" where "commercial seafood" is undefined.

6      6.     Ms. Adams objects to the definition of the term "Out the Back Door" on the grounds

7  that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of

8  admissible evidence, specifically with respect to "unprocessed Dungeness crab" and purchases of

9  "Dungeness crab Ex Vessel" that incorporates the vagueness and ambiguity of "Ex Vessel."

10     7.     Ms. Adams objects to the definition of the term "Processed Dungeness Crab" on the

11 grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the

12 discovery of admissible evidence, specifically with respect to "commercial Dungeness crab" and

13 "cooked", as well as "Ex Vessel purchase" that incorporates the vagueness and ambiguity of "Ex

14 Vessel."

15     8.     Ms. Adams objects to the definition of the term "Document" to the extent that it

16 requires Ms. Adams to conduct searches broader than a reasonable and diligent search of reasonably

17 accessible files (including electronic files) where responsive information reasonably would be

18 expected to be found or would to impose on her duties and obligations beyond those imposed by the

19 Federal Rules of Civil Procedure; Local Rules; the Stipulated Protective Order (Dkt. No. 63); any

20 forthcoming Stipulated Order Regarding Production of Electronically Stored Information and Paper

21 Documents; or any other order of the Court.  Ms. Adams will give this term its ordinary meaning.

22 **REQUEST FOR PRODUCTION NO. 1:**

23     Documents sufficient to show Your ownership interest in any entity, including but not

24 limited to partnerships, corporations, and limited liability corporations, involved in the Commercial

25 Dungeness Crab Industry.

26 **RESPONSE REQUEST FOR PRODUCTION NO. 1:**

27     Ms. Adams incorporates her General Objections and Objections to Definitions.  Ms. Adams

28 objects to this request on the grounds that it is vague and ambiguous as to the meeting of the term

weintraub **tobin** chediak coleman grodin
law corporation

weintraub **tobin** chediak coleman grodin
law corporation

"Commercial Dungeness Crab Industry" and that term is not defined.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a reasonable and diligent search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show the duration and nature of Your employment by Hallmark, including by not limited to the date of commencement and date of termination of your employment, all job titles held, the scope of work within each position, and the geographic range over which your employment responsibilities extended.

**RESPONSE REQUEST FOR PRODUCTION NO. 2:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a reasonable and diligent search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 3:**

All Communications Concerning the preservation of Documents Concerning the Commercial Dungeness Crab Industry or this Action, including, without limitation, instructions provided by Hallmark or counsel for Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 3:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Ms. Adams objects to this request on the grounds that it is vague and ambiguous as to the meeting of the term "Commercial Dungeness Crab Industry" and that term is not defined.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**AMENDED RESPONSE REQUEST FOR PRODUCTION NO. 3:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Ms. Adams objects to this request on the grounds that it is vague and ambiguous as to the meeting of the term "Commercial Dungeness Crab Industry" and that term is not defined.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Ms. Adams will produce all

1 nonprivileged responsive documents in her care, custody or control located following a diligent and

2 reasonable search.

3 **REQUEST FOR PRODUCTION NO. 4:**

4      All Communications Concerning the destruction of Documents Concerning the Commercial

5 Dungeness Crab Industry or this Action, including, without limitation, instructions provided by

6 Hallmark or counsel for Hallmark.

7 **RESPONSE REQUEST FOR PRODUCTION NO. 4:**

8      Ms. Adams incorporates her General Objections and Objections to Definitions.  Ms. Adams

9 objects to this request on the grounds that it is vague and ambiguous as to the meeting of the term

10 "Commercial Dungeness Crab Industry" and that term is not defined.  Subject to and without

11 waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and

12 reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

13 **REQUEST FOR PRODUCTION NO. 5:**

14      All Communications, including, without limitation, text messages and emails, between You

15 and any Ex Vessel Dungeness crab Buyer, excluding Hallmark, Concerning the opening of any

16 Dungeness crab season, sent or received prior to You leaving Your position with Hallmark.

17 **RESPONSE REQUEST FOR PRODUCTION NO. 5:**

18      Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

19 and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

20 diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

21 control.

22 **REQUEST FOR PRODUCTION NO. 6:**

23      All Communications, including, without limitation, text messages and emails, between You

24 and any Ex Vessel Dungeness crab Buyer Concerning the opening of any Dungeness crab season,

25 sent or received after You left Your position with Hallmark.

26 **RESPONSE REQUEST FOR PRODUCTION NO. 6:**

27      Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

28 and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

weintraub **tobin** chediak coleman grodin
law corporation

1  diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

2  control.

3  **REQUEST FOR PRODUCTION NO. 7:**

4      All Communications, including, without limitation, text messages and emails, between You

5  and any Ex Vessel Dungeness crab Buyer, excluding Hallmark, Concerning the closing date of any

6  Dungeness crab season, sent or received prior to You leaving Your position with Hallmark.

7  **RESPONSE REQUEST FOR PRODUCTION NO. 7:**

8      Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

9  and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

10 diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

11 control.

12 **REQUEST FOR PRODUCTION NO. 8:**

13     All Communications, including, without limitation, text messages and emails, between You

14 and any Ex Vessel Dungeness crab Buyer Concerning the closing date of any Dungeness crab

15 season, sent or received after You left Your position with Hallmark.

16 **RESPONSE REQUEST FOR PRODUCTION NO. 8:**

17     Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

18 and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

19 diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

20 control.

21 **REQUEST FOR PRODUCTION NO. 9:**

22     All Communications, including, without limitation, text messages and emails, between You

23 and any Ex Vessel Dungeness crab Buyer, excluding Hallmark, concerning any Ex Vessel price for

24 Dungeness crab, sent or received prior to You leaving Your position with Hallmark.

25 **RESPONSE REQUEST FOR PRODUCTION NO. 9:**

26     Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

27 and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

28

NON-PARTY CRYSTAL ADAMS' AMENDED RESPONSE TO SUBPOENA

weintraub **tobin** chediak coleman grodin
law corporation

diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 10:**

All Communications, including, without limitation, text messages and emails, between You and any Ex Vessel Dungeness crab Buyer Concerning any Ex Vessel price for Dungeness crab, sent or received after You left Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 10:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 11:**

All Communications, including, without limitation, text messages and emails, between You and any Ex Vessel Dungeness crab Buyer, excluding Hallmark, Concerning the commercial Ex Vessel purchase of Dungeness crab, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 11:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 12:**

All Communications, including, without limitation, text messages and emails, between You and any Ex Vessel Dungeness crab Buyer Concerning the commercial Ex Vessel purchase of Dungeness crab, sent or received after You left Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 12:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

NON-PARTY CRYSTAL ADAMS' AMENDED RESPONSE TO SUBPOENA

**weintraub tobin chediak coleman grodin**
law corporation

diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 13:**

All Communications, including, without limitation, text messages and emails, between You and any Ex Vessel Dungeness crab Buyer, excluding Hallmark, Concerning the supply of Dungeness crab, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 13:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 14:**

All Communications, including, without limitation, text messages and emails, between You and any Ex Vessel Dungeness crab Buyer Concerning the supply of Dungeness crab, sent or received after You left Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 14:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 15:**

All Communications, including, without limitation, text messages and emails, between You and any Ex Vessel Dungeness crab Buyer, excluding Hallmark, Concerning the demand for Dungeness crab, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 15:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

NON-PARTY CRYSTAL ADAMS' AMENDED RESPONSE TO SUBPOENA

weintraub **tobin** chediak coleman grodin
law corporation

diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 16:**

All Communications, including, without limitation, text messages and emails, between You and any Ex Vessel Dungeness crab Buyer Concerning the demand for Dungeness crab, sent or received after You left Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 16:**

Ms. Adams incorporates her General Objections and Objections to Definitions. Subject to and without waiving the foregoing objections, Ms. Adams responds as follows: Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 17:**

All Communications, including, without limitation, text messages and emails, between You and any Ex Vessel Dungeness crab Buyer, excluding Hallmark, sent or received prior to You leaving Your position with Hallmark, that are not responsive to Requests Nos. 5, 7, 9, 11, 13, or 15.

**RESPONSE REQUEST FOR PRODUCTION NO. 17:**

Ms. Adams incorporates her General Objections and Objections to Definitions. Subject to and without waiving the foregoing objections, Ms. Adams responds as follows: Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 18:**

All Communications, including, without limitation, text messages and emails, between You and any Ex Vessel Dungeness crab Buyer, sent or received prior to You leaving Your position with Hallmark, that are not responsive to Requests Nos. 6, 8, 10, 12, 14, or 16.

**RESPONSE REQUEST FOR PRODUCTION NO. 18:**

Ms. Adams incorporates her General Objections and Objections to Definitions. Subject to and without waiving the foregoing objections, Ms. Adams responds as follows: Following a

weintraub **tobin** chediak coleman grodin
law corporation

1  diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

2  control.

3  **REQUEST FOR PRODUCTION NO. 19:**

4      All Communications, including, without limitation, text messages and emails, between You

5  and any Crabber Concerning the opening of any commercial Dungeness crab fishery, sent or

6  received prior to You leaving Your position with Hallmark.

7  **RESPONSE REQUEST FOR PRODUCTION NO. 19:**

8      Ms. Adams incorporates her General Objections and Objections to Definitions.  Ms. Adams

9  objects to the request on the grounds it is vague and ambiguous as to the meaning of the term

10  "commercial Dungeness crab fishery" and that term is not defined.  Subject to and without waiving

11  the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable

12  search, Ms. Adams has no responsive documents in her care, custody or control.

13  **REQUEST FOR PRODUCTION NO. 20:**

14      All Communications, including, without limitation, text messages and emails, between You

15  and any Crabber Concerning the opening of any commercial Dungeness crab fishery, sent or

16  received after You left Your position with Hallmark.

17  **RESPONSE REQUEST FOR PRODUCTION NO. 20:**

18      Ms. Adams incorporates her General Objections and Objections to Definitions.  Ms. Adams

19  objects to the request on the grounds it is vague and ambiguous as to the meaning of the term

20  "commercial Dungeness crab fishery" and that term is not defined.  Subject to and without waiving

21  the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable

22  search, Ms. Adams has no responsive documents in her care, custody or control.

23  **AMENDED RESPONSE REQUEST FOR PRODUCTION NO. 20:**

24      Ms. Adams incorporates her General Objections and Objections to Definitions.  Ms. Adams

25  objects to the request on the grounds it is vague and ambiguous as to the meaning of the term

26  "commercial Dungeness crab fishery" and that term is not defined.  Subject to and without waiving

27  the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable

28  search, Ms. Adams has no responsive documents in her care, custody or control outside of her role

**weintraub tobin** chediak coleman grodin
law corporation

NON-PARTY CRYSTAL ADAMS' AMENDED RESPONSE TO SUBPOENA

as Executive Director for the Oregon Dungeness Crab Commission.

**REQUEST FOR PRODUCTION NO. 21:**

All Communications, including, without limitation, text messages and emails, between You and any Crabber Concerning the closing date of any commercial Dungeness crab fishery, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 21:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Ms. Adams objects to the request on the grounds it is vague and ambiguous as to the meaning of the term "commercial Dungeness crab fishery" and that term is not defined.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 22:**

All Communications, including, without limitation, text messages and emails, between You and any Crabber Concerning the closing date of any commercial Dungeness crab fishery, sent or received after You left Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 22:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Ms. Adams objects to the request on the grounds it is vague and ambiguous as to the meaning of the term "commercial Dungeness crab fishery" and that term is not defined.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 23:**

All Communications, including, without limitation, text messages and emails, between You and any Crabber Concerning the commercial Ex Vessel purchase of Dungeness crab, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 23:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

NON-PARTY CRYSTAL ADAMS' AMENDED RESPONSE TO SUBPOENA

weintraub **tobin** chediak coleman grodin
law corporation

1  diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

2  control.

3  **REQUEST FOR PRODUCTION NO. 24:**

4         All Communications, including, without limitation, text messages and emails, between You

5  and any Crabber Concerning the commercial Ex Vessel purchase of Dungeness crab, sent or

6  received after You left Your position with Hallmark.

7  **RESPONSE REQUEST FOR PRODUCTION NO. 24:**

8         Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

9  and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

10 diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

11 control.

12 **REQUEST FOR PRODUCTION NO. 25:**

13        All Communications, including, without limitation, text messages and emails, between You

14 and any Crabber Concerning the Ex Vessel Price of Dungeness crab, sent or received prior to You

15 leaving Your position with Hallmark.

16 **RESPONSE REQUEST FOR PRODUCTION NO. 25:**

17        Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

18 and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

19 diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

20 control.

21 **REQUEST FOR PRODUCTION NO. 26:**

22        All Communications, including, without limitation, text messages and emails, between You

23 and any Crabber Concerning the Ex Vessel Price of Dungeness crab, sent or received after you left

24 Your position with Hallmark.

25 **RESPONSE REQUEST FOR PRODUCTION NO. 26:**

26        Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

27 and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

28 diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

**weintraub tobin** chediak coleman grodin<br>law corporation

NON-PARTY CRYSTAL ADAMS' AMENDED RESPONSE TO SUBPOENA

1   control.

2   **REQUEST FOR PRODUCTION NO. 27:**

3       All Communications, including, without limitation, text messages and emails, between You

4   and any Crabber Concerning the supply of Dungeness crab, sent or received prior to you leaving

5   Your position with Hallmark.

6   **RESPONSE REQUEST FOR PRODUCTION NO. 27:**

7       Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

8   and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

9   diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

10  control.

11  **REQUEST FOR PRODUCTION NO. 28:**

12      All Communications, including, without limitation, text messages and emails, between You

13  and any Crabber Concerning the supply of Dungeness crab, sent or received after You left Your

14  position with Hallmark.

15  **RESPONSE REQUEST FOR PRODUCTION NO. 28:**

16      Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

17  and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

18  diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

19  control.

20  **REQUEST FOR PRODUCTION NO. 29:**

21      All Communications, including, without limitation, text messages and emails, between You

22  and any Crabber Concerning the demand for Dungeness crab, sent or received prior to you leaving

23  Your position with Hallmark.

24  **RESPONSE REQUEST FOR PRODUCTION NO. 29:**

25      Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

26  and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

27  diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

28  control.

**weintraub tobin** chediak coleman grodin
law corporation

NON-PARTY CRYSTAL ADAMS' AMENDED RESPONSE TO SUBPOENA

weintraub **tobin** chediak coleman grodin
law corporation

**REQUEST FOR PRODUCTION NO. 30:**

All Communications, including, without limitation, text messages and emails, between You and any Crabber Concerning the demand for Dungeness crab, sent or received after You left Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 30:**

Ms. Adams incorporates her General Objections and Objections to Definitions. Subject to and without waiving the foregoing objections, Ms. Adams responds as follows: Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 31:**

All Communications, including, without limitation, text messages and emails, between You and any Crabber, sent or received prior to You leaving Your position with Hallmark, that are not responsive to Requests Nos. 19, 21, 23, 25, 27, and 29.

**RESPONSE REQUEST FOR PRODUCTION NO. 31:**

Ms. Adams incorporates her General Objections and Objections to Definitions. Subject to and without waiving the foregoing objections, Ms. Adams responds as follows: Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 32:**

All Communications, including, without limitation, text messages and emails, between You and any Crabber, sent or received prior to You leaving Your position with Hallmark, that are not responsive to Requests Nos. 20, 22, 24, 26, 28, or 30.

**RESPONSE REQUEST FOR PRODUCTION NO. 32:**

Ms. Adams incorporates her General Objections and Objections to Definitions. Subject to and without waiving the foregoing objections, Ms. Adams responds as follows: Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

/ / /

**REQUEST FOR PRODUCTION NO. 33:**

All Communications, including, without limitation, text messages and emails, between You and Hallmark Concerning the Ex Vessel prices being offered by other Buyers for Dungeness crab, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 33:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 34:**

All Communications, including, without limitation, text messages and emails, between You and Hallmark Concerning the Ex Vessel prices being offered by other Buyers for Dungeness crab, sent or received after You left Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 34:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 35:**

All Communications, including, without limitation, text messages and emails, between You and Hallmark Concerning the purchase of Dungeness crab by other Buyers, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 35:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

/ / /

weintraub **tobin** chediak coleman grodin
law corporation

**REQUEST FOR PRODUCTION NO. 36:**

All Communications, including, without limitation, text messages and emails, between You and Hallmark Concerning the purchase of Dungeness crab by other Buyers, sent or received after You left Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 37:**

Ms. Adams incorporates her General Objections and Objections to Definitions. Subject to and without waiving the foregoing objections, Ms. Adams responds as follows: Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 37:**

All Communications, including, without limitation, text messages and emails, between You and Hallmark Concerning any decision to not do business with any Crabber, including by not limited to buying Dungeness crab or other commercial seafood, selling bait, selling ice, allowing use of hoists, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 37:**

Ms. Adams incorporates her General Objections and Objections to Definitions. Subject to and without waiving the foregoing objections, Ms. Adams responds as follows: Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 38:**

All Communications, including, without limitation, text messages and emails, between You and Hallmark Concerning any decision to not do business with any Crabber, including by not limited to buying Dungeness crab or other commercial seafood, selling bait, selling ice, allowing use of hoists, sent or received after You left Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 38:**

Ms. Adams incorporates her General Objections and Objections to Definitions. Subject to and without waiving the foregoing objections, Ms. Adams responds as follows: Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

NON-PARTY CRYSTAL ADAMS' AMENDED RESPONSE TO SUBPOENA

weintraub **tobin** chediak coleman grodin
law corporation

1  control.

2  **REQUEST FOR PRODUCTION NO. 39:**

3  All Communications, including, without limitation, text messages and emails, Concerning

4  Triple G Seafood, Ozzie Gregorio, and/or the owners, employees, agents or representatives of

5  Triple G Seafood, sent or received prior to You leaving Your position with Hallmark.

6  **RESPONSE REQUEST FOR PRODUCTION NO. 39:**

7  Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

8  and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

9  diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

10  control.

11  **REQUEST FOR PRODUCTION NO. 40:**

12  All Communications, including, without limitation, text messages and emails, Concerning

13  Triple G Seafood, Ozzie Gregorio, and/or the owners, employees, agents or representatives of

14  Triple G Seafood, sent or received after you left Your position with Hallmark.

15  **RESPONSE REQUEST FOR PRODUCTION NO. 40:**

16  Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

17  and without waiving the foregoing objections, Ms. Adams will produce all responsive documents in

18  her care, custody or control.

19  **AMENDED RESPONSE REQUEST FOR PRODUCTION NO. 40:**

20  Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

21  and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

22  diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

23  control.

24  **REQUEST FOR PRODUCTION NO. 41:**

25  All Communications, including, without limitation, text messages and emails, with Triple G

26  Seafood, Ozzie Gregorio, and/or the owners, employees, agents or representatives of Triple G

27  Seafood, sent or received prior to You leaving Your position with Hallmark.

28  / / /

**weintraub tobin** chediak coleman grodin
law corporation

**RESPONSE REQUEST FOR PRODUCTION NO. 41:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 42:**

All Communications, including, without limitation, text messages and emails, with Triple G Seafood, Ozzie Gregorio, and/or the owners, employees, agents or representatives of Triple G Seafood, sent or received after you left Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 42:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams will produce all responsive documents in her care, custody or control.

**AMENDED RESPONSE REQUEST FOR PRODUCTION NO. 42:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 43:**

All Communications, including, without limitation, text messages and emails, between You and Nor-Cal Seafoods or Kevin Lee Concerning Crabbers selling Dungeness crab to Buyers other than Hallmark or Nor-Cal Seafoods in Port Orford, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 43:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

NON-PARTY CRYSTAL ADAMS' AMENDED RESPONSE TO SUBPOENA

**REQUEST FOR PRODUCTION NO. 44:**

All Communications, including, without limitation, text messages and emails, between You and Nor-Cal Seafoods or Kevin Lee Concerning Crabbers selling Dungeness crab to Buyers other than Hallmark or Nor-Cal Seafoods in Port Orford, sent or received after You left Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 44:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 45:**

All Communications, including, without limitation, text messages and emails, between You and Nor-Cal Seafoods or Kevin Lee Concerning Buyers other than Hallmark or Nor-Cal Seafoods making Ex Vessel purchases in Port Orford, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 45:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 46:**

All Communications, including, without limitation, text messages and emails, between You and Nor-Cal Seafoods or Kevin Lee Concerning Buyers other than Hallmark or Nor-Cal Seafoods making Ex Vessel purchases in Port Orford, sent or received after You left Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 46:**

Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

weintraub **tobin** chediak coleman grodin
law corporation

**weintraub tobin** chediak coleman grodin
law corporation

diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 47:**

All Communications, including, without limitation, text messages and emails, Concerning Joel Purkey, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 47:**

Ms. Adams incorporates her General Objections and Objections to Definitions. Subject to and without waiving the foregoing objections, Ms. Adams responds as follows: Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 48:**

All Communications, including, without limitation, text messages and emails, Concerning Joel Purkey, sent or received after You left Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 48:**

Ms. Adams incorporates her General Objections and Objections to Definitions. Subject to and without waiving the foregoing objections, Ms. Adams responds as follows: Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 49:**

All Communications, including, without limitation, text messages and emails, with Joel Purkey, sent or received prior to You leaving Your position with Hallmark.

**RESPONSE REQUEST FOR PRODUCTION NO. 49:**

Ms. Adams incorporates her General Objections and Objections to Definitions. Subject to and without waiving the foregoing objections, Ms. Adams responds as follows: Following a diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or control.

**REQUEST FOR PRODUCTION NO. 50:**

All Communications, including, without limitation, text messages and emails, with Joel

1  Purkey, sent or received after You left Your position with Hallmark.

2  **RESPONSE REQUEST FOR PRODUCTION NO. 50:**

3       Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

4  and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

5  diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

6  control.

7  **REQUEST FOR PRODUCTION NO. 51:**

8       All communications Concerning This Action, including but not limited to the allegations

9  made in it, sent or received prior to You leaving Your position with Hallmark.

10  **RESPONSE REQUEST FOR PRODUCTION NO. 51:**

11       Ms. Adams incorporates her General Objections and Objections to Definitions.  Subject to

12  and without waiving the foregoing objections, Ms. Adams responds as follows:  Following a

13  diligent and reasonable search, Ms. Adams has no responsive documents in her care, custody or

14  control.

15  **REQUEST FOR PRODUCTION NO. 52:**

16       All communications Concerning This Action, including but not limited to the allegations

17  made in it, sent or received after You left Your position with Hallmark.

18  **RESPONSE REQUEST FOR PRODUCTION NO. 52:**

19       Ms. Adams incorporates her General Objections and Objections to Definitions.  Ms. Adams

20  objects to this request on the grounds that it seeks documents protected by the attorney-client

21  privilege, attorney work product doctrine, or other privileges.  Subject to and without waiving the

22  foregoing objections, Ms. Adams responds as follows:  Following a diligent and reasonable search,

23  Ms. Adams has no non-privileged, responsive documents in her care, custody or control.

24  Dated:  June 9, 2025                    **weintraub tobin** chediak coleman grodin
                                            law corporation

25

26                                          By:_____/s/ W. Scott Cameron_____
                                               W. Scott Cameron
27
                                            *Attorneys for Non-Party*
28                                          *Crystal Adams*

**weintraub tobin** chediak coleman grodin
law corporation

## PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States, employed in the City and County of Sacramento, California. My business address is 400 Capitol Mall, 11th Floor, Sacramento, California 95814 and my email address is daguillen@weintraub.com. I am over the age of 18 years and not a party to the within action.

On the date below, I caused to be served the attached, and all exhibits thereto:

**NON-PARTY CRYSTAL ADAMS' AMENDED RESPONSE TO SUBPOENA**

[ X ]    (VIA EMAIL) I caused each such document to be sent by electronic mail to the addressees at the email addresses listed below.

| | |
|---|---|
| Stuart G. Gross<br>Travis H.A. Smith<br>Ross A. Middlemiss<br>GROSS KLEIN PC<br>The Embarcadero Pier 9, Suite 100<br>San Francisco, CA 94111<br>(415) 671-4628<br><br>*sgross@grosskleinlaw.com*<br>*tsmith@grosskleinlaw.com*<br>*rmiddlemiss@grosskleinlaw.com*<br>*iatkinsonyoung@grosskleinlaw.com* | Counsel for Plaintiffs and the Proposed Classes |
| Matthew W. Ruan<br>FREED KANNER LONDON & MILLEN LLC<br>100 Tri-State International, Suite 128<br>Lincolnshire, IL 60069<br>(224) 632-4500<br><br>*mruan@fklmlaw.com* | Counsel for Plaintiffs and the Proposed Classes |
| Matthew S. Weiler<br>Raymond S. Levine<br>SCHNEIDER WALLACE COTTRELL KONECKY, LLP<br>2000 Powell Street, Suite 1400<br>Emeryville, CA 94608<br>(415) 421-7100<br><br>*mweiler@schneiderwallace.com*<br>*rlevine@schneiderwallace.com* | Counsel for Plaintiffs and the Proposed Classes |
| Steven N. Williams<br>STEVEN WILLIAMS LAW, P.C.<br>201 Spear St, Suite 1100<br>San Francisco, CA 94105<br>(415) 671-4628<br><br>*swilliams@stevenwilliamslaw.com* | Counsel for Plaintiffs and the Proposed Classes |

1  Edward C. Duckers
2  Charles H. Samel
   STOEL RIVES LLP
3  1 Montgomery Street, Suite 3230
   San Francisco, CA 94104
4
   Matthew D. Segal
5  Michelle J. Rosales
   STOEL RIVES LLP
6  500 Capitol Mall, Suite 1600
   Sacramento, CA 95814
7
   Timothy W. Snider
8  STOEL RIVES LLP
   760 SW Ninth Avenue, Suite 3000
9  Portland, OR 97205

10 *charles.samel@stoel.com*
   *ed.duckers@stoel.com*
11 *timothy.snider@stoel.com*
   *matthew.segal@stoel.com*
12 *michelle.rosales@stoel.com*
   *roxanne.forestiere@stoel.com*

13 Sean Gates
   ILLOVSKY GATES & CALIA LLP
14 155 N. Lake Avenue, Suite 800
   Pasadena, California 91101
15
   Eva Schueller
16 ILLOVSKY GATES & CALIA LLP
   1611 Telegraph Avenue, Suite 806
17 Oakland, California 94612

18 *sean@illovskygates.com*
   *eschueller@illovskygates.com*
19
   Christopher J. Kayser
20 Elizabeth E. Parker
   LARKINS VACURA KAYSER
21 121 SW Morrison St. Suite 700
   Portland, OR
22
   Brian A. E. Smith
23 Joseph J. Fraresso
   BARTKO LLP
24 1100 Sansome Street
   San Francisco, CA 94111
25
   *cjkayser@lvklaw.com*
26 *eparker@lvklaw.com*
   *anieves@lvklaw.com*
27 *bsmith@bartkolaw.com*
   *jfraresso@bartkolaw.com*
28

Counsel for Defendants
Pacific Seafood Procurement, LLC, Pacific
Seafood Processing, LLC, Pacific Seafood
Fleet, LLC, Pacific Seafood Distribution,
LLC, Pacific Seafood Usa, LLC, Dulcich,
Inc., Pacific Seafood – Eureka, LLC,
Pacific Seafood – Charleston, LLC, Pacific
Seafood – Warrenton, LLC, Pacific
Seafood – Newport, LLC, Pacific Seafood
– Brookings, LLC, Pacific Seafood –
Westport, LLC, and Pacific Surimi –
Newport LLC

Counsel for Defendants
Blue River Seafood, Inc., Safe Coast
Seafoods, LLC, and Safe Coast Seafoods
Washington, LLC

Counsel for Defendants
Ocean Gold Seafoods, Inc.

*weintraub* **tobin** chediak coleman grodin
law corporation

#4740422v1

NON-PARTY CRYSTAL ADAMS' AMENDED RESPONSE TO SUBPOENA

1

HUECHI WONG HH LEGAL GROUP                    Counsel for Defendants
2443 Fillmore St #380-4372                    Nor-Cal Seafood, Inc. and Kevin Lee
2
San Francisco, CA 94115
hwonglegal@gmail.com
3
huechi@hhdisputes.com

4
Sean Tamura-Sato                              Counsel for Defendants
Minami Tamaki LLP                             American Seafood Exp, Inc.
5
101 Montgomery Street, Suite 825
San Francisco, CA 94104
6
Phone: 415-788-9000

7
seant@minamitamaki.com
8
creyes@minamitamaki.com |

9
Tim Fitzgerald                                Counsel for Defendants
Micah Allred                                  Alaska Ice Seafoods, Inc. and Long
10
MCNAUL EBEL                                    Fisheries, Inc.
One Union Square
11
600 Universitty Street, Suite 2700
Seattle, WA 98101
12

13
TFitzgerald@mcnaul.com
MAllred@mcnaul.com
14
ozimmerman@mcnaul.com
sredfield@mcnaul.com
15
JHickman@mcnaul.com

16
Colin W. Morrow                               Counsel for Defendants
VANNUCCI MOMSEN MORROW                         Caito Fisheries, Inc.
17
45060 Ukiah St., Ste. A
P.O. Box 1214
18
Mendocino, CA 95460

19
cmorrow@vmm-law.com
20
Steven J. Goon                                Counsel for Defendants
Sarah Buiten                                  Caito Fisheries, LLC and Southwind Foods,
21
RUTAN & TUCKER, LLP                           LLC
18575 Jamboree Road, 9th Floor
22
Irvine, CA 92612

23
sgoon@rutan.com
Svanbuiten@rutan.com
24
Dghani@rutan.com
cpatel@rutan.com

25

26

27

28

NON-PARTY CRYSTAL ADAMS' AMENDED RESPONSE TO SUBPOENA

weintraub **tobin** chediak coleman grodin
law corporation

| | |
|---|---|
| Steven McLellan<br>Claire Melehani<br>McLELLAN LAW GROUP, LLP<br>20665 4th Street, Suite 202<br>Saratoga, CA 95070<br><br>*Steven@mclellanlawgroup.com*<br>*claire@mclellanlawgroup.com*<br>*Sara@mclellanlawgroup.com*<br>*elizabeth@mclellanlawgroup.com* | Counsel for Defendants<br>Fishermen's Catch, Inc |
| Ann A.P. Nguyen<br>Bonnie M. Ross<br>MESSNER REEVES LLP<br>160 W Santa Clara Street, Suite 1000<br>San Jose, CA 95113<br><br>*anguyen@messner.com*<br>*bross@messner.com*<br>*akitagawa@messner.com* | Counsel for Defendants<br>Global Quality Foods, Inc. |
| Bao-Quan P. Pham<br>BAO-QUAN PHAM LAW<br>345 N. 18th Street<br>San Jose, CA 95112<br><br>*baopham408@sbcglobal.net* | Counsel for Defendants<br>Global Quality Seafood LLC |
| Philip J. Wang<br>Traci Michelle<br>Keith Putterman<br>YU WANG LLP<br>345 California St. Suite 1160<br>San Francisco, CA 94104<br><br>*pwang@plylaw.com*<br>*ayoung@plylaw.com* | Counsel for Defendants<br>Ocean King Fish Inc. |

NON-PARTY CRYSTAL ADAMS' AMENDED RESPONSE TO SUBPOENA

weintraub **tobin** chediak coleman grodin
law corporation

1    J. Timothy Hobbs                          Counsel for Defendants
2    Trudy D. Tessaro                          Bornstein Seafoods, Inc. and Astoria Pacific
     Henry J. Brockway                         Seafoods, LLC
3    Victoria S. Duarte
     K&L GATES LLP
4    925 Fourth Ave, Suite 2900
     Seattle, WA 98104
5
     Michael J. Stortz
6    K&L GATES LLP
     4 Embarcadero Center, Suite 1200
7    San Francisco, California 94111

8    Victoria S. Pereira Duarte
     K&L GATES LLP
9    70 W. Madison Street, Suite 3300,
     Chicago, Illinois 60602
10
     *tim.hobbs@klgates.com*
11   *Michael.Stortz@klgates.com*
     *trudy.tessaro@klgates.com*
12   *Henry.Brockway@klgates.com*
     *Victoria.Duarte@klgates.com*
13

14        I declare under the penalty of perjury under the laws of the United States of America and the

15   State of California that the foregoing is true and correct.  Executed at Sacramento, California, on

16   June 9, 2025.

17   _____

18   Deseree Aguillen

19

20

21

22

23

24

25

26

27

28

weintraub **tobin** chediak coleman grodin
law corporation