1  CHARLES H. SAMEL (SBN 182019)
   charles.samel@stoel.com
2  EDWARD C. DUCKERS (SBN 242113)
   ed.duckers@stoel.com
3  STOEL RIVES LLP
   1 Montgomery Street, Suite 3230
4  San Francisco, CA 94104
   Telephone: 415.617.8900
5
   MATTHEW D. SEGAL (SBN 190938)
6  matthew.segal@stoel.com
   MICHELLE J. ROSALES (SBN 343519)
7  michelle.rosales@stoel.com
   STOEL RIVES LLP
8  500 Capitol Mall, Suite 1600
   Sacramento, CA 95814
9  Telephone: 916.447.0700

10 TIMOTHY W. SNIDER (OSBN 034577, appearing *pro hac vice*)
   timothy.snider@stoel.com
11 ALEX T. VAN RYSSELBERGHE (OSBN 174836, appearing *pro hac vice*)
   alex.vanrysselberghe@stoel.com
12 ALEXANDRA CHOI GIZA (OSBN 214485, appearing *pro hac vice*)
   alexandra.giza@stoel.com
13 STOEL RIVES LLP
   760 SW Ninth Avenue, Suite 3000
14 Portland, OR 97205
   Telephone: 503.224.3380
15

*Attorneys for Pacific Seafood Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAND LITTLE and ROBIN BURNS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC SEAFOOD PROCUREMENT, LLC, et al.,<br><br>Defendants. | Case No. 3:23-cv-01098-AGT<br><br>**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION TO PAY ATTORNEYS' FEES FOR NONPARTY WITNESS OZZIE GREGORIO AND TRIPLE G SEAFOOD CORPORATION**<br><br>Date:      July 11, 2025<br>Time:      10:00 a.m.<br>Courtroom: A, 15th Floor<br>Judge:     The Honorable Alex G. Tse |

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO PAY FEES FOR
NONPARTY OZZIE GREGORIO & TRIPLE G
129302745.5 0052902-00054

3:23-CV-01098-AGT

## I.  INTRODUCTION

Rule 45 does not require the Court to issue a prospective, blank check for Ozzie Gregorio and his company Triple G Seafood Corporation (together, "Gregorio") to recover fees or other expenses "in the first instance" from Plaintiffs, who say they reserve their right to seek reimbursement from Defendants. Plaintiffs do not have standing to assert Gregorio's rights under Rule 45, and, anyway, such an assertion would require an evidentiary record that is completely absent from Plaintiffs' filing. Plaintiffs' Motion[1] is also unnecessary because they are free to start paying Gregorio's legal fees right now, without any court order. The Court should deny Plaintiffs' Motion without prejudice to Gregorio making a motion with a proper showing.

Plaintiffs have an understandable interest in seeing that Gregorio is represented by counsel. Mr. Gregorio, the individual, is a key witness for Plaintiffs. He is "Confidential Buyer Informant 1" in Plaintiffs' Second Amended Complaint ("SAC"), and many of the allegations in the SAC rely on his testimony. As Plaintiffs emphasize in their motion, "the SAC contains extensive allegations based on information he provided." Mot. at 2:19.

Mr. Gregorio also has a history of flouting the judicial process. In 2015, a federal district judge in Oregon found that Mr. Gregorio's failure to comply with discovery and other orders was "willful conduct" and had "caused prejudice" to both the opposing party and the district court. (Declaration of Matthew D. Segal ("Segal Decl.") ¶ 3, Ex. B.) The district court struck Mr. Gregorio's answer and entered a default judgment against him for $505,500. (*Id.* ¶ 5, Ex. D.) Since then, Mr. Gregorio has been party to both civil and criminal cases and has continued to build a record of default in civil cases and a failure to appear in criminal ones.[2]

Mr. Gregorio is not off to a good start in this case, either. He ***recently threatened to shoot Defendants' process server*** when the latter attempted to serve Defendants' subpoenas that prompted this motion. (Segal Decl. ¶ 14, Ex. M at p. 2, ¶ 6.) The process server returned to Mr. Gregorio's residence with a law enforcement officer to effect service. (*Id.*) This appears to have

---

[1] Plaintiffs' Motion for an Order Allowing Non-Parties Ozzie Gregorio and Triple G Seafood Corporation to Recover Fees and Costs Incurred Complying with Defendants' Document Subpoenas and Other Discovery In This Action.  (Dkt. 355) (the "Motion").

[2] These various Ozzie Gregorio cases from Northern California and Oregon are believed to be Mr. Gregorio based on the name and other information in the cases.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO PAY FEES FOR     - 1 -     3:23-CV-01098-AGT
NONPARTY OZZIE GREGORIO & TRIPLE G

129302745.5 0052902-00054

1  occurred while Mr. Gregorio was on summary probation from a case that had begun when Mr.
2  Gregorio was arrested for, among other things, criminal threats.
3       Rule 45 does not support Plaintiffs' request that the Court prospectively authorize
4  Gregorio to receive attorneys' fees from Plaintiffs, with a reservation of rights to seek
5  reimbursement from Defendants. Plaintiffs do not need the Court's permission to pay for
6  Gregorio's legal representation. For that, they only need a proper third-party payer agreement that
7  complies with California Rule of Professional Conduct 1.8.6.
8       The record is vague about the relationships among Gregorio, the attorney who apparently
9  will represent Gregorio with a guarantee of payment (Mr. Connon), and Plaintiffs' counsel (Mr.
10 Gross). From Plaintiffs' motion, it is clear that Plaintiffs' counsel communicated with Mr.
11 Gregorio about his need for counsel and alleged inability to pay for a lawyer; "met and conferred"
12 with Mr. Connon about the terms under which he would represent Gregorio; and secured, on
13 Gregorio's behalf, a stipulation to suspend the return date for Defendants' subpoenas. This record
14 does not show compliance with Rule 1.8.6. There is no evidence from Mr. Connon or Mr.
15 Gregorio—only a declaration from Plaintiffs' counsel, which relies on hearsay in material
16 respects. Plaintiffs do not explain how and by whom the proposed arrangement to pay fees
17 originated, or how Mr. Connon learned about Defendants' subpoena even *before* service on Mr.
18 Gregorio. Plaintiffs also do not clarify whether Mr. Gregorio selected Mr. Connon to represent
19 him, or, if not, whether he has even spoken with Mr. Connon.
20      At bottom, Plaintiffs lack standing to invoke Gregorio's rights under Rule 45, and their
21 Motion fails to comply with the plain terms of the rule. Plaintiffs are free to pay for Gregorio's
22 legal representation without court order. Accordingly, Plaintiffs' Motion is both needless and
23 baseless and it should be denied.
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## II. STATEMENT OF FACTS

### A. Mr. Gregorio Has Been a Defendant in Both Civil and Criminal Cases, Which Have Resulted in Defaults and Bench Warrants.

Mr. Gregorio has a long history of flouting the judicial process. In 2014, Mr. Gregorio was sued as an individual defendant in *Swanson v. Morrow, et al.*, Case No. 3:14-cv-25 (D. Or. 2014), a Jones Act case in which plaintiff alleged that Mr. Gregorio and other owners were responsible for negligence and their vessel's unseaworthiness. (Segal Decl. ¶ 2, Ex. A.) The district court's first sanctions order in that case recites a lengthy course of obstructive and defiant conduct. The district court writes:

> As the law makes clear, I am obligated to warn Gregorio that his failure to provide the requested discovery and make himself available for a deposition could lead to his Answer being stricken and to the entering of a default judgment against him. His conduct has prejudiced Plaintiff's ability to prepare for trial. It has also caused the Court problems with scheduling by making last minute requests for extensions of deadlines and by jeopardizing the trial date. He has offered no excuse for his failure to comply with the scheduling order and the motion to compel other than an unsupported reference to an unspecified "pulmonary problem." He has refused the Court's request, and then the Court's Order, to provide medical documentation of his inability to produce discovery or sit for a deposition. While such conduct is suggestive of a deliberate obstruction of the litigation process, I am not ready to make a finding of willfulness at this point. Rather, I offer Gregorio the opportunity to comply with the Court's Order herein. Should he fail to do so, the support for a willful or bad faith finding will be apparent.

(*Id.* ¶ 6, Ex. E at 8.)

Mr. Gregorio continued to defy the district court and the law, and his attorney withdrew. (*Id.* ¶ 4, Ex. C.) Ultimately, the district court ordered dispositive sanctions based on Mr. Gregorio's "willful conduct:"

> Based on the record in the case and the law as explained in my July 8, 2015 Order, I find that Gregorio's failure to comply with the Court's previous orders is willful conduct and, as previously explained in that Order, has caused prejudice to both Plaintiff and the Court. Lesser sanctions have proved ineffective. Gregorio has received ample warning of the consequences of his conduct. Striking his Answer and entering an order of default are the only appropriate sanctions at this point.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO PAY FEES FOR NONPARTY OZZIE GREGORIO & TRIPLE G

-3-

3:23-CV-01098-AGT

129302745.5 0052902-00054

(*Id.* ¶ 5, Ex. D at 5.) The district court entered judgment in the amount of $505,500.00, plus attorneys' fees of $5,480.00. (*Id.*)

Since then, Mr. Gregorio has continued to be the subject of default orders and bench warrants. The following is a table of docket entries from seven different cases following the sanctions order in Oregon:

| Date | Court | Event | Citation |
|---|---|---|---|
| Nov. 12, 2015 | Humbolt Superior Court | Default judgment entered | *T. Bronder-Lewis v. Gregorio* CV 150731 Register of Actions at 1[3] |
| Sept. 11, 2017 | Humbolt Superior Court | Default judgment entered | *Cardarelli v. Gregorio*, DR170264 Register of Actions at 2[4] |
| Apr. 27, 2021 | U.S. District Court, District of Oregon | Default judgment entered | *J and P Fishing, Inc. v. Ozzie Gregorio, et al.*, 6:20-cv-427 AA, Dkt. 20[5] |
| Oct. 4, 2021 | Humbolt Superior Court | Violation of probation | *People v. Gregorio*, CR1601687B Register of Actions at 4[6] |
| Apr. 6, 2023 | Trinity Superior Court | Bench warrant | *People v. Gregorio*, 21M488, Register of actions at 3[7] |
| Sept. 9, 2023 | Trinity Superior Court | Default on payment plan | *People v. Gregorio*, 21M488, Register of actions at 2[8] |
| Nov. 21, 2024 | Trinity Superior Court | Bench warrant | *People v. Gregorio*, 24M250[9] |

Defendants do not have access to law enforcement databases such as CLETS or NCIC, but it appears from the docket in Trinity Superior Court that Mr. Gregorio's November 21, 2024, warrant was active in the week of this filing. (*Id.* ¶ 13, Ex. L.)

---

[3] Segal Decl. ¶ 7, Ex. F.
[4] *Id.* ¶ 8, Ex. G.
[5] *Id.* ¶ 9, Ex. H.
[6] *Id.* ¶ 10, Ex. I.
[7] *Id.* ¶ 11, Ex. J.
[8] *Id.*
[9] *Id.* ¶ 15, Ex. N.

### B. Mr. Gregorio Threatened to Shoot the Process Server Who Served Defendants' Subpoena.

Mr. Gregorio's conduct so far in this case is even worse than in past cases. On September 25, 2021, Mr. Gregorio was arrested for a raft of offenses including drunk driving, vandalism, and criminal threats. (*Id.* ¶ 11, Ex. J. at 1.) On April 6, 2023, the Superior Court issued a bench warrant, but on June 15, 2023, it appears that Mr. Gregorio voluntarily came to court and pleaded guilty to misdemeanor driving under the influence and was sentenced to three years of probation and a fine. (*Id.* ¶ 11, Ex. J. at 3; ¶ 12, Ex. K.) One condition was that Mr. Gregorio obey all laws. (*Id.* ¶ 12, Ex. K at 2.) He never paid the fine and caught a new case in Trinity County for driving with a suspended license. (*Id.* ¶ 13, Ex. L) Then, Mr. Gregorio failed to appear in that case and the judge issued a bench warrant. (*Id.* ¶ 15, Ex. N.)

On May 28, 2025, within three years of the imposition of Mr. Gregorio's three-year probationary sentence, and while Mr. Gregorio's Trinity County bench warrant appears to have been active, Leonard Perry, a process server, and his associate, Elle Marquez, went to Mr. Gregorio's residence in Fortuna, California to serve Defendants' subpoenas on Mr. Gregorio. (Segal Decl. ¶ 14, Ex. M [Proof of Service, dated May 29, 2025, ¶¶ 3, 6].) Upon arrival, Mr. Perry observed four individuals outside the dwelling, including one who affirmatively identified himself as Ozzie Gregorio. (*Id.*, [Proof of Service ¶ 6].). When Mr. Perry attempted to serve the subpoenas, Mr. Gregorio, without provocation, threatened to sic his dogs on Mr. Perry. (*Id.*) When Mr. Perry explained that he was merely a process server attempting to perform lawful duties, Mr. Gregorio then threatened to *shoot* Mr. Perry. (*Id.*) This conduct implicates federal and state criminal law. *See* 18 U.S.C. § 1501 (assault on process server); Cal. P.C. § 422 (criminal threats).

Fearing for their personal safety, Mr. Perry and Ms. Marquez left Mr. Gregorio's residence and contacted the Fortuna Police Department, which dispatched a peace officer to Mr. Gregorio's residence. (*Id.*) In the presence of the officer, Mr. Perry was able to serve Mr. Gregorio with Defendants' subpoenas. (*Id.*, [Proof of Service ¶ 7].).

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO PAY FEES FOR NONPARTY OZZIE GREGORIO & TRIPLE G
129302745.5 0052902-00054

-5-

3:23-CV-01098-AGT

**C.     The Relationships Among Messrs. Gregorio, Connon, and Gross Are Unclear.**

Mr. Connon somehow knew of the subpoenas at least a week before Mr. Gregorio threatened to shoot the process server. On May 21, 2025, Mr. Connon's office sent correspondence to the parties regarding a subpoena that was "in the process of being served on a third-party witness, Ozzie Gregorio." (Declaration of Stuart Gross ("Gross Decl.") (Dkt. 355-001) Ex. C (Dkt. 355-004) at 1.) Mr. Connon stated his "understanding that compliance with subpoena will require Mr. Gregorio to consult legal counsel and obtain advice regarding compliance and various objections that he may have." *Id.* After indicating that he did not currently represent Gregorio, Mr. Connon proposed that his firm would represent Mr. Gregorio regarding compliance, provided *all* legal fees and costs necessary to advise Gregorio "are paid by legal counsel representing the parties" in this litigation. *Id.*

Mr. Connon submitted no declaration with the instant motion, and there are no facts in the record that explain how he came to be connected to Mr. Gregorio and this litigation *before* the attempted service of the subpoena and Mr. Gregorio's threats to the process server. Also unexplained is how it happened that Mr. Connon stood ready to represent Mr. Gregorio on the condition that the parties' *counsel* stipulate to pay his legal fees. Neither Mr. Connon's letter, nor the declaration filed by Mr. Gross, clarifies whether Mr. Connon has ever met Mr. Gregorio, whether Mr. Connon has any prior relationship with Mr. Gross or Plaintiffs, or how Mr. Connon learned about Defendants' notice to serve subpoenas on Mr. Gregorio. Defendants learned, for the first time when Plaintiffs filed their motion, that Mr. Gross and Mr. Connon had a "meet and confer" in which they discussed the conditions under which Mr. Connon would represent Gregorio in this action, although Mr. Gross did not indicate *when* that conversation took place. (*Id.*, ¶ 11.)

Similarly, from the hearsay in Mr. Gross' declaration, Defendants first learned that Mr. Gregorio had told Mr. Gross on some unknown date that he cannot afford to pay an attorney to assist him in responding to Defendants' subpoena. (*Id.*, ¶ 7.) Plaintiffs have not shown anyone a copy of a written third-party payer agreement under which they plan to compensate Mr. Connon or evidence of Gregorio's informed consent to the arrangement.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO PAY FEES FOR     -6-     3:23-CV-01098-AGT
NONPARTY OZZIE GREGORIO & TRIPLE G
129302745.5 0052902-00054

Mr. Gross seems to be acting consistently with Mr. Gregorio's interests, at least to a degree. On June 2, 2025, the parties agreed that it was appropriate to extend Mr. Gregorio's subpoena compliance date until such time as the Court has ruled on the instant motion. (Dkt. 354.) No Defendant has served Mr. Gregorio with the extension of time, nor has Mr. Gregorio contacted any Defendant regarding production. It appears that somehow Mr. Gregorio received news of the extension.

### III.   ARGUMENT

#### A.   Rule 45 Is Inapplicable and Does Not Authorize Plaintiffs to Move on Behalf of a Nonparty.

Plaintiffs argue that Rule 45 "requires" the Court to issue an order permitting Gregorio to "recover, from Plaintiffs in the first instance," attorneys' fees and costs. (*See* Proposed Ord. (Dkt. 355-006); Mot. (Dkt. 355) at 4: 23-24.) Plaintiffs' counsel then speculates (without identifying any hours, rates, or the scope of production) that compliance by Gregorio "could easily exceed $50,000." (Gross Decl. (Dkt. 355-001), ¶ 12.) At this time, the record is devoid of any evidence of what, if anything, Gregorio has done towards compliance with the subpoenas.

Plaintiffs' reliance on Rule 45 is misplaced. A party lacks standing to make a claim for relief based on a subpoena's burden on a third party. *See, e.g., Doe v. Kaiser Found. Health Plan, Inc.*, No. 23CV02865EMCPHK, 2023 WL 8714880, at *3 (N.D. Cal. Dec. 17, 2023) (party lacks standing to object to subpoenas directed to third parties based on relevance or burden). Rule 45(d)(1) permits recovery of attorneys' fees by "a person subject to the subpoena," and Rule 45(d)(2)(B)(ii) allows a person who is "neither a party nor a party's officer" to seek to shift the costs of compliance with the subpoena.

Contrary to Plaintiffs' assertion, Rule 45 does not provide any mechanism for a party to the litigation to advance the attorneys' fees on behalf of a nonparty. Rule 45(d)(1) authorizes the *nonparty witness* to seek sanctions from the *propounding party or its attorney* but only *after* a showing that there was a failure to take reasonable steps to avoid imposing undue burden or expense on the witness. Similarly, Rule 45(d)(2)(B)(ii) permits the *nonparty witness* to seek *recovery* of attorneys' fees and costs from the *propounding party* as ancillary to an order

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO PAY FEES FOR NONPARTY OZZIE GREGORIO & TRIPLE G
129302745.5 0052902-00054

-7-

3:23-CV-01098-AGT

compelling production to protect a nonparty from significant expense resulting from compliance with the order. None of those provisions is applicable here on this record.

The cases cited by Plaintiffs do not support Plaintiffs' invocation of Rule 45. For example, in *Legal Voice v. Stormans, Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013), a *nonparty* that had already complied with a subpoena appealed the district court's order denying its request to recover both sanctions under Rule 45(d)(1) and cost-shifting under Rule 45(d)(2), from the propounding party. Similarly, *Gamefam, Inc. v. WowWee Group Ltd.*, No. 23-MC-80310-SI, 2024 WL 1181001, at *10 (N.D. Cal. Mar. 18, 2024), involved a motion by a *nonparty* to recover its already-incurred fees and costs for complying with a subpoena under both Rule 45(d)(1) and Rule 45(d)(2), from the propounding party. Moreover, *Gamefam* cuts against Plaintiffs' blanket request for payment of all of Gregorio's future fees because "Rule 45 does not require that all [of] a non-party's legal fees be reimbursed just because they are somehow related to responding to a subpoena." *Id.* at *6 (third party could not recover fees for attorney time spent objecting to discovery and preparing motion).

The foregoing cases involve third parties who moved for reimbursement of qualifying expenses that they had already incurred and could prove. Plaintiffs offer no record that Gregorio has done anything to comply. Plaintiffs' authority involves expenses that were either uncontested, *Legal Voice*, 738 F.3d at 1185, or proven up and analyzed in detail. *Gamefam,* 2024 WL 1181001, at *6-10. Rule 45 provides no basis for *Plaintiffs* to seek blank-check, prospective relief for Gregorio without any record of expenses at all. For this reason alone, the Motion should be denied without prejudice to Gregorio making a motion with an appropriate evidentiary record.

Whether and to what degree Gregorio might be entitled to recovery will depend on facts that have not yet occurred, and evidence that has not yet been presented.[10] Even if Gregorio were the movant, it would be proper for the Court not to rule until "after documents have been produced and a meaningful record has been established." *United States v. McGraw-Hill-Companies, Inc.*, 302 F.R.D. 532, 536–37 (C.D. Cal. 2014). Based on Mr. Gregorio's record in

---

[10] *See, e.g., Prairie Walk Condo. Ass'n v. Am. Ins. Co.*, No. 22-cv-00870-DDD-NRN, 2022 WL 18024718, at *3 (D. Colo. Dec. 30, 2022) ("Multiple courts have commented that the putative non-party's interest in the litigation outcome is an important consideration in the cost shifting.").

the federal and state courts of Oregon and California, a substantial amount of attorney work may be required in representing Gregorio, but not all of that work might be of the kind that this Court would accept as necessary for Gregorio's compliance. *See Balfour Beatty Infrastructure, Inc. v. PB & A, Inc.*, 319 F.R.D. 277, 282 (N.D. Cal. 2017) (denying recovery where not all costs of production clearly resulted from compliance with the subpoena). In sum, the Rule 45 motion is made by the wrong movants, at the wrong time, with the wrong evidence.

### B. Plaintiffs Can Pay Gregorio's Attorneys' Fees Without Court Order.

Apart from lacking any basis in Rule 45, Plaintiffs' Motion also is completely unnecessary because Plaintiffs are free to pay Gregorio's fees without order of this Court. Mr. Connon or any attorney could receive payment from Plaintiffs to represent Gregorio under California Rule of Professional Conduct 1.8.6, which provides that a lawyer may enter into an agreement to "accept compensation for representing a client from one other than the client" if "there is no interference with the lawyer's independent professional judgment or with the lawyer-client relationship" and "the lawyer obtains the client's informed written consent." Provided they comply with that rule, Plaintiffs can provide the assurances that are purportedly necessary for an attorney to take on the representation of Mr. Gregorio.[11]

### IV. CONCLUSION

There is no basis under Rule 45 for this Court to authorize Gregorio to prospectively "recover" unspecified fees and costs at this time. Mr. Gregorio has not engaged with Defendants on the subpoenas, the costs of production, and possible measures to mitigate the expenses. Indeed, it is not even clear he has engaged with Mr. Connon or any attorney who purports to be willing to represent him. Rule 45 is inapplicable now. The undersigned Defendants submit that the Motion should be denied without prejudice.

/ / /

/ / /

/ / /

---

[11] This Opposition is concerned only with financial arrangements. It does not analyze California Rule of Professional Conduct 7.3's limits on solicitation of clients.

| | | |
|---|---|---|
| 1 | DATED: June 20, 2025 | STOEL RIVES LLP |
| 2 | | |
| 3 | | /s/ Matthew D. Segal |
| | | CHARLES H. SAMEL |
| 4 | | charles.samel@stoel.com |
| | | EDWARD C. DUCKERS |
| 5 | | ed.duckers@stoel.com |
| | | TIMOTHY W. SNIDER (Appearing *Pro Hac Vice*) |
| 6 | | timothy.snider@stoel.com |
| | | MATTHEW D. SEGAL |
| 7 | | matthew.segal@stoel.com |
| | | MICHELLE J. ROSALES |
| 8 | | michelle.rosales@stoel.com |
| 9 | | *Attorneys for Pacific Seafood Defendants* |
| 10 | | |
| 11 | DATED: June 20, 2025 | /s/ Elizabeth Parker |
| | | Christopher J. Kayser |
| 12 | | Elizabeth E. Parker |
| | | **LARKINS VACURA KAYSER** |
| 13 | | 121 SW Morrison St. Suite 700 |
| | | Portland, OR |
| 14 | | Telephone: (503) 222-4424 |
| | | cjkayser@lvklaw.com |
| 15 | | eparker@lvklaw.com |
| 16 | | Brian A. E. Smith |
| | | Joseph J. Fraresso |
| 17 | | **BARTKO LLP** |
| | | 1100 Sansome Street |
| 18 | | San Francisco, CA 94111 |
| | | Telephone: (415) 956-1900 |
| 19 | | bsmith@bartkolaw.com |
| | | jfraresso@bartkolaw.com |
| 20 | | |
| 21 | | *Attorneys for Defendant Ocean Gold Seafoods, Inc.* |

| | | |
|---|---|---|
| 1 | DATED: June 20, 2025 | /s/ Bao-Quan P. Pham |
| 2 | | Bao-Quan P. Pham |
| | | **Law Office of Bao-Quan P. Pham** |
| 3 | | 345 N. 18th Street |
| | | San Jose, CA 95112 |
| 4 | | 408-275-6701 |
| | | baopham408@sbcglobal.net |
| 5 | | |
| | | *Attorneys for Defendant Global Quality Seafood LLC* |
| 6 | | |
| 7 | DATED: June 20, 2025 | /s/ Sean Tamura-Sato |
| 8 | | Sean Tamura-Sato |
| | | **MINAMI TAMAKI LLP** |
| 9 | | 101 Montgomery Street, Suite 825 |
| | | San Francisco, CA 94104 |
| 10 | | Telephone: 415-788-9000 |
| | | seant@minamitamaki.com |
| 11 | | |
| 12 | | *Attorneys for Defendant American Seafood EXP, Inc.* |
| 13 | DATED: June 20, 2025 | /s/ Scott Cameron |
| 14 | | Scott Cameron |
| | | Josiah Prendergast |
| 15 | | **WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN** |
| 16 | | 400 Capitol Mall, 11th Floor |
| | | Sacramento, California 95814 |
| 17 | | Telephone: (916) 558-6000 |
| | | scameron@weintraub.com |
| 18 | | Jprendergast@weintraub.com |
| 19 | | *Attorneys for Defendant California Shellfish Company, Inc. and Robert Bugatto Enterprises, Inc.* |
| 20 | | |
| 21 | DATED: June 20, 2025 | /s/ Colin W. Morrow |
| 22 | | Colin W. Morrow |
| | | **VANNUCCI MOMSEN MORROW** |
| 23 | | 45060 Ukiah St., Ste. A |
| | | P.O. Box 1214 |
| 24 | | Mendocino, CA 95460 |
| | | Telephone: 707-380-1070 |
| 25 | | cmorrow@vmm-law.com |
| 26 | | *Attorneys for Defendant Caito Fisheries, Inc.* |
| 27 | | |
| 28 | | |

DATED: June 20, 2025

       *s/ Sarah Van Buiten*
Steven J. Goon
Sarah Van Buiten
**RUTAN & TUCKER, LLP**
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
sgoon@rutan.com
Svanbuiten@rutan.com

*Attorneys for Defendant Caito Fisheries, LLC and Southwind Foods, LLC*

DATED: June 20, 2025

       */s/ Tim Hobbs*
**K&L GATES LLP**
J. Timothy Hobbs, Jr. (*pro hac vice*)
501 Commerce Street, Ste. 1500
Nashville, Tennessee 37203
Telephone: (615) 780-6700
Tim.Hobbs@klgates.com

Henry J. Brockway (*pro hac vice*)
925 Fourth Avenue, Ste. 2900
Seattle, Washington 98104
Telephone: (206) 623-7580
Henry.Brockway@klgates.com

Victoria S. Pereira Duarte (*pro hac vice*)
70 W. Madison St., Ste. 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
Victoria.Duarte@klgates.com

Michael Stortz (SBN 139386)
4 Embarcadero Ctr., Ste 1200
San Francisco, California 94111
Telephone: (415) 882-8200
Michael.Stortz@klgates.com

*Attorneys for Defendant Bornstein Seafoods, Inc. and Astoria Pacific Seafoods, LLC*

DATED: June 20, 2025

/s/ Sean Gates
Sean Gates
**ILLOVSKY GATES & CALIA LLP**
155 N. Lake Avenue, Suite 800
Pasadena, California 91101
Telephone: (626) 508-1715
sean@illovskygates.com

*Attorneys for Defendant Safe Coast Seafoods, LLC, Safe Coast Seafoods Washington, LLC, and Blue River Seafood, Inc.*

DATED: June 20, 2025

/s/ Ann A. P. Nguyen
Ann A.P. Nguyen
**MESSNER REEVES LLP**
160 W Santa Clara Street, Suite 1000
San Jose, CA 95113
Telephone: (408) 298-7120
anguyen@messner.com

*Attorneys for Defendant Global Quality Foods, Inc.*

DATED: June 20, 2025

/s/ Micah Allred
Micah C. Allred
Timothy B. Fitzgerald
**McNaul Ebel Nawrot & Helgren PLLC**
600 University Street, Suite 2700
Seattle, WA 98101
(206) 467-1816
mallred@mcnaul.com
tfitzgerald@mcnaul.com

Lukas Sosnicki
**Thompson Coburn LLP**
10100 Santa Monica Blvd, Suite 500
Los Angeles, CA 90067
(310) 282-2500
lsosnicki@thompsoncoburn.com

*Attorneys for Defendants Alaska Ice Seafoods, Inc. and Long Fisheries, Inc.*

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO PAY FEES FOR NONPARTY OZZIE GREGORIO & TRIPLE G
129302745.5 0052902-00054

-13-

3:23-CV-01098-AGT

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: June 20, 2025 | */s/ Philip J. Wang* |
| | | Philip J. Wang |
| 3 | | Traci Michelle Keith |
| | | **PUTTERMAN YU WANG LLP** |
| 4 | | 345 California St. Suite 1160 |
| | | San Francisco, CA 94104 |
| 5 | | pwang@plylaw.com |
| | | tkeith@plylaw.com |
| 6 | | |
| | | *Attorneys for Defendant Ocean King Fish Inc.* |

DATED: June 20, 2025        */s/ Steven McLellan*
Steven McLellan
**MCLELLAN LAW GROUP LLP**
900 E. Hamilton Ave. Suite 100
Campbell, CA 95008
Mclellanlawgroup.com

*Attorneys for Defendant Fisherman's Catch Inc.*

### ATTESTATION UNDER L.R. 5-1(i)(3)

Pursuant to Civil Local Rule 5-1(i)(3), I attest under the penalty of perjury that the above signatories authorized the use of an electronic signature and concurred in the filing of this document.

DATED: June 20, 2025        STOEL RIVES LLP

*/s/ Matthew D. Segal*
Matthew D. Segal