UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAND LITTLE, et al.,<br><br>      Plaintiffs,<br><br>      v.<br><br>PACIFIC SEAFOOD PROCUREMENT, LLC, et al.,<br><br>      Defendants. | Case No. 23-cv-01098-AGT<br><br>**ORDER ON MOTION RE: NONPARTY FEES AND COSTS**<br><br>Re: Dkt. No. 355 |

    Ozzie Gregorio is a nonparty whom plaintiffs refer to as "Confidential Fish Buyer Informant #1" in their complaint. Dkt. 355 at 5. Defendants have subpoenaed Gregorio and his company, Triple G Seafood Corporation. *See* Dkt. 355-1, Gross Decl., Exs. A–B.

    Concerned that Gregorio and Triple G won't be able to "feasibly bear the cost" of complying with the subpoenas and other discovery, dkt. 355 at 11, plaintiffs seek an order, under Federal Rule of Civil Procedure 45, declaring that Gregorio and Triple G may recover their attorneys' fees and costs from plaintiffs, without prejudice to plaintiffs "later seek[ing] reimbursement from defendants for some [or] all of the attorneys' fees and costs paid by plaintiffs pursuant to such an order," *id.* at 5 & n.1 (select capitalization omitted).

    The Court denies plaintiffs' request. As defendants correctly note, "Rule 45 does not

provide any mechanism for a party to the litigation to advance the attorneys' fees on behalf of a nonparty." Opp'n, Dkt. 360 at 8. In time, Gregorio and Triple G may be able to bring their own motion for cost-shifting or subpoena-related sanctions under Rule 45(d). *See Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184–86 (9th Cir. 2013). But plaintiffs lack standing to do so now on Gregorio and Triple G's behalf.

**IT IS SO ORDERED.**

Dated: June 30, 2025

_____
Alex G. Tse
United States Magistrate Judge