JIN WEI LIU
L&C Seafood LLC
1530 22nd St NW, Ste 101
Auburn, WA 98001
Phone: (917) 584-2625
Email: jinliu@lcseafoods.com
Pro Se Non-Party

FILED

JUL 03 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



| | |
|---|---|
| Brand Little, et al.,<br>  Plaintiff,<br><br>v.<br><br>Pacific Seafood Procurement, LLC, et al.,<br>  Defendant. | ) Case No.: 23-cv-1098<br>)<br>) MEMORANDUM OF POINTS AND AUTHORITIES<br>) IN SUPPORT OF MOTION TO QUASH SUBPOENA<br>)<br>)<br>)<br>)<br>) |

I. INTRODUCTION

On or about June 5, 2025, we received a subpoena commanding us to produce the following records covering the period of January 1, 2015 through present, and to deliver the documents to a location in San Francisco, California by July 3, 2025:

a. Documents sufficient to show All non-ex-vessel purchases of Unprocessed Dungeness Crab made by You (such as, but not limited to, Out the Back Door purchases) made by You, including date, price, weight, and seller of each transaction.

b. Documents sufficient to show All sales of Unprocessed Dungeness Crab made by You (such as, but not limited to, Out the Back Door sales), including date, price, weight, buyer of each purchase, and, if exported, export destination and location in the U.S. from which exported.

c. Documents sufficient to show All Your purchases of Processed Dungeness Crab, including documents sufficient to show date, price, weight, seller, and type of processing of each purchase.

d. Documents sufficient to show All Your sales of Processed Dungeness Crab, including documents sufficient to show date, price, weight, buyer, type of processing of each sale, and, if exported, export destination and location in the U.S. from which exported.

e. Documents sufficient to show, on a monthly basis, Your inventory of Processed and Unprocessed Dungeness Crab, including but not limited to cost, weight type of processing, date of processing and/or date of purchase, and any inventory aging, expiration or shelf-life tracking information. [do you have this information for past years?]

f. Documents sufficient to show, on a monthly basis, the following information concerning Your storage of Processed and Unprocessed Dungeness crab: costs, type of product, storage location, storage type (e.g., freezer) and inventory. [do you have this information for past years?]

g. Documents sufficient to show, on a monthly basis, the following information concerning Your shipping or transportation of Processed and Unprocessed Dungeness crab: costs, type of product, weight, origin, destination, shipping method, shipping provider. [would you have to go through and actually create a document to share this information? do you have any running records like this?]

h. Documents sufficient to show Your ownership interest in any entity, including but not limited to partnerships, corporations, and limited liability corporations, involved in the Commercial Dungeness Crab Industry.

i. Documents sufficient to show the ownership interest in You of any entity (including but not limited to partnerships, corporations, and limited liability corporations) or individual, involved in the Commercial Dungeness Crab Industry.

j. Documents sufficient to show all partnerships You have with entities or individuals involved in the Commercial Dungeness Crab Industry. I am a non-party located in [City, State], and the subpoena designates the place of compliance in San Francisco, California—well over 100 miles from my residence and place of business.

Compliance with this subpoena would require me to manually locate and review thousands of paper records, as I do not maintain this information in digital form. The task would take several

months and place an undue burden on me, especially as a non-party. I therefore respectfully request that the Court quash the subpoena.

II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 45(d)(3), a court must quash or modify a subpoena that:

- (A)(ii) requires a person to comply beyond 100 miles from where the person resides, is employed, or regularly transacts business;

- (B)(i) subjects a person to undue burden.

Federal Rule of Civil Procedure FRCP 26(b)(1) also requires that the burden and expense of the discovery should not outweigh its likely benefit.

The Ninth Circuit has emphasized that "nonparties are afforded extra protection from the courts" and that "[t]he burden on the nonparty must be balanced against the need for the discovery." Moon, 232 F.R.D. at 637.

III. ARGUMENT

1. The Subpoena Violates the 100-Mile Rule (FRCP 45(c)(2)(A))

I reside and operate my business in Washington State, and the subpoena requires production of documents in San Francisco, California—approximately 700 miles away. Rule 45(c) plainly prohibits requiring a non-party to travel or produce documents more than 100 miles from their location. In addition, the company has never conducted any business in California. The four orders of Dungeness crab that were sold to a Northern California based company were picked up at our Washington facility by the company, or a shipper hired by the company, directly. Upon delivery in Washington, the business transaction was complete.

2. The Subpoena Imposes an Undue Burden (FRCP 45(d)(3)(A)(iv)) and Violates Proportionality Principles (FRCP 26(b)(1))

I am a non-party with limited resources. The records requested are not maintained electronically, and compiling them would involve extensive manual review. There are only six employees of this company, and dedicating even one person to this effort would be a huge burden. Given the ten-year scope of the request and the thousands of physical documents

involved, responding would take potentially months and would severely disrupt operations of this small company. Courts routinely quash subpoenas that impose such burdens on non-parties. (See Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812 (5th Cir. 2004)).

I also believe there must be other companies that buy and sell Dungeness crab in Washington state and other states on the Pacific coast that could, without such undue burden, provide information on their transactions with this type of crab that might help the parties establish their case much more effectively than anything I can provide in my relatively small operation.

IV. CONCLUSION

Because the subpoena violates the 100-mile limitation of Rule 45(c), subjects me to undue burden under Rule 45(d)(3) and is not proportional as to a third party to the case under rule Rule 26(b)(1), I respectfully request that the Court quash the subpoena.

DATED: July 2, 2025

_____
Jin Wei Liu On behalf of L&C Seafood LLC, Pro Se