Stuart G. Gross (SBN 251019)
Ross A. Middlemiss (SBN 323737)
Travis H.A. Smith (SBN 331305)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628

*Attorneys for Plaintiffs and the Proposed Classes*
[additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **BRAND LITTLE** and **ROBIN BURNS**, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>PACIFIC SEAFOOD PROCUREMENT, LLC; PACIFIC SEAFOOD PROCESSING, LLC; PACIFIC SEAFOOD FLEET, LLC; PACIFIC SEAFOOD DISTRIBUTION, LLC; PACIFIC SEAFOOD USA, LLC; DULCICH, INC.; PACIFIC SEAFOOD – EUREKA, LLC; PACIFIC SEAFOOD – CHARLESTON, LLC; PACIFIC SEAFOOD – WARRENTON, LLC; PACIFIC SEAFOOD – NEWPORT, LLC; PACIFIC SEAFOOD – BROOKINGS, LLC; PACIFIC SEAFOOD – WESTPORT, LLC; PACIFIC SURIMI – NEWPORT LLC; BLUE RIVER SEAFOOD, INC.; SAFE COAST SEAFOODS, LLC; SAFE COAST SEAFOODS WASHINGTON, LLC; OCEAN GOLD SEAFOODS, INC.; NOR-CAL SEAFOOD, INC.; KEVIN LEE; AMERICAN SEAFOOD EXP, INC.; CALIFORNIA SHELLFISH COMPANY, INC.; ROBERT BUGATTO ENTERPRISES, INC.; ALASKA ICE SEAFOODS, INC.; LONG FISHERIES, INC.; CAITO FISHERIES, INC.; CAITO FISHERIES, LLC; SOUTHWIND FOODS, LLC; FISHERMEN'S CATCH, INC.; GLOBAL QUALITY FOODS, INC.; GLOBAL QUALITY SEAFOOD LLC; OCEAN KING | Case No. 3:23-cv-01098-AGT<br><br>**PLAINTIFFS' OPPOSITION TO NONPARTY L&C SEAFOOD LLC'S MOTION TO QUASH SUBPOENA** |

| | |
|---|---|
| 1<br>2<br>3<br>4 | **FISH INC.; SOUTH BEND PRODUCTS LLC; SWANES SEAFOOD HOLDING COMPANY LLC; BORNSTEIN SEAFOODS, INC.; ASTORIA PACIFIC SEAFOODS, LLC; and DOES 29-60,**<br><br>                    Defendants. |

PLAINTIFFS' OPPOSITION TO NONPARTY L&C SEAFOOD LLC'S MOTION TO QUASH SUBPOENA; Case No. 3:23-cv-01098-AGT

## I. INTRODUCTION

Plaintiffs Brand Little and Robin Burns ("Plaintiffs") respectfully ask the Court to deny nonparty L & C Seafood LLC's ("L&C") motion to quash the lawful subpoena for the production of documents Plaintiffs served on L&C on June 10, 2025 (the "Subpoena"). Plaintiffs seek electronic records concerning L&C's participation in the commercial Dungeness Crab industry, and compliance with the Subpoena would not unduly burden L&C nor would compliance violate Rule 45's 100-mile provision. Plaintiffs do not seek to require L&C to comb through mountains of paper records, nor to appear in San Francisco, but rather wish only to obtain electronic records, as they are kept in the ordinary course of business, in a manner that is minimally burdensome to L&C. L&C will be able to comply with the Subpoena by uploading or emailing responsive records, and thus the 100-mile restriction is not applicable. Plaintiffs ask that the Court deny the motion to quash, and permit the parties to meet and confer in order to facilitate L&C's expeditious and efficient compliance with the Subpoena.

## II. BACKGROUND

On June 10, 2025 L&C was served with the Subpoena, which requested the production of certain records concerning its Dungeness crab business. Declaration of Ross A. Middlemiss in support of Plaintiffs' Opposition to Nonparty L&C Seafood LLC's Motion to Quash Subpoena ("Middlemiss Dec."), ¶ 2, Ex. A. Plaintiffs have served nearly identical, subpoenas for the production of records on other nonparty seafood buyers in the Pacific Northwest Area, seeking relevant records to support their case. *Id*., ¶ 3. Plaintiffs have initiated meet and confer discussions with many of the nonparty subpoena recipients, with both attorneys and principals of the entities themselves, wherein Plaintiffs sought to understand the nonparty's record keeping practices, namely what type of electronic record keeping system is maintained, in order to find ways to get responsive electronic records in a manner that minimizes burden on the nonparty. *Id*., ¶ 4. Plaintiffs did not have the opportunity to conduct such meet and confer with L&C prior to its filing of the instant motion to quash. *Id*., ¶ 5. On July 11 and July 14, Plaintiffs called L&C's principal, Mr. Liu, and discussed the subpoena, and Plaintiffs clarified their goal in serving the subpoena was to get electronic records—structured data such as Quickbooks reports or other

1  accounting reports concerning L&C's transactional data—and not to force L&C to comb through
2  and produce paper records. *Id*., ¶ 6. During this call, L&C indicated that it had electronic profit
3  and loss statements with information concerning Dungeness crab, but most of the company's
4  records were paper. *Id*.[1] Plaintiffs asked if L&C would produce the electronic records that it had,
5  but L&C stated its position that it would not engage with Plaintiff any further until the Court
6  ruled on the motion to quash. *Id*., ¶ 7.

### III. LEGAL STANDARD

"A Rule 45 subpoena is subject to the relevance requirements set forth in Rule 26(b). Although the party who moves to quash has the burden of persuasion under Rule 45(c)(3), the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, No. 12-CV-080082-LHK PSG, 2012 WL 1980361, at *1 (N.D. Cal. June 1, 2012) (internal citations omitted); *see also Chevron Corp. v. Donziger*, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (the party moving to quash a subpoena bears the burden of persuasion).

"A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial." Fed. Rule Civ. Proc. 45(d)(2)(A).

### IV. ARGUMENT

#### A. The Subpoena Seeks Records That Are Relevant to Plaintiffs' Claims

The Subpoena seeks requests that are relevant to Plaintiffs price-fixing case concerning the ex vessel price of Dungeness crab in the Pacific NW Area. The Subpoena seeks transactional data—ex vessel price, shipping, storage, processing costs, and the sale price for processed and unprocessed Dungeness crab—from L&C. *See* Middlemiss Dec., ¶ 2, Ex. A. L&C is an ex vessel

---

[1] A profit and loss statement is derived from data concerning a company's revenue, costs, and expenses. *See* https://www.investopedia.com/terms/p/plstatement.asp. Accordingly, it appears highly likely that if L&C has electronic profit and loss statements, it has underlying electronic revenue, cost, and expense data from which reports could easily be created in response to the Subpoena.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

buyer in the Puget Sound Dungeness crab fishery, and therefore its transactional data is relevant to Plaintiffs' use of the Puget Sound fishery as a benchmark against which the alleged price-fixing impacts on the coastal fishery can be measured. *See* ECF No. 255, ¶¶ 203-04, 220, 229, 422. The records sought are relevant to Plaintiffs' claims, and the production of which poses minimal burden to L&C.

### B. L&C Will Not Be Unduly Burdened By Producing the Records Plaintiff Seeks

Plaintiffs do not want a mountain of paper records from L&C, nor do they expect L&C to scan and transmit thousands of pages of documents, and thus compliance with the Subpoena will not result in undue burden. Plaintiffs, as they are doing with each of the nonparty subpoena recipients they are conferring with, wish to understand what type of records, if any, L&C keeps concerning its Dungeness crab business, and find the least burdensome way for L&C to produce those records. Middlemiss Dec., ¶¶ 4, 6. Plaintiffs expect that once the parties can meet and confer and delineate the universe of responsive documents, a straight forward production transmitted via secured file-share location or email can be arranged, and that it will not take up more than a few hours of L&C's time, at most. The burden outlined in L&C's motion associated with processing and compiling paper records, *see* ECF No 368-5 at 3-4, is simply not at issue. Plaintiffs were not able to assuage L&C's concerns before the motion was filed, but Plaintiffs are confident the parties can reach a non-burdensome resolution should the Court deny the motion to quash and allow the parties to engage earnestly in a meet and confer process.

### C. The Production Plaintiffs Seek Does Not Violate Rule 45's 100-mile Restriction

The Subpoena seeks the production of documents in a manner that does not require L&C's representatives to travel to San Francisco, but instead seeks the digital transmission of electronic records. Because the Subpoena does not instruct L&C to appear at the production location along with the requested documents, Rule 45(c)(2)(A)'s 100-mile limitation does not apply. *See Cartessa Aesthetics LLC v. Aesthetics Biomedical Inc.*, No. CV-19-05827-PHX-DWL, 2020 WL 5846603, at *1 (D. Ariz. Oct. 1, 2020) ("Rule 45(c)(2)(A)'s 100-mile boundary [does] not apply where, as here, the subpoenaed person is not instructed to also appear at the production

1  location along with the requested documents") (citations omitted); *see also Elsom v. Global Life*

2  *& Accident Ins. Co.*, 2018 WL 4092020, *2 (D. Or. 2018) (same). Plaintiffs want electronic

3  transaction data concerning L&C's Dungeness crab purchase and sale business, and this data, to

4  the extent it exists, can be easily uploaded to a secured shared folder, or emailed to Plaintiffs,

5  without requiring any L&C representatives to even leave their Washington office.

## **CONCLUSION**

For the forgoing reasons, Plaintiffs respectfully request the Court to deny L&C's motion to quash the Subpoena.

Respectfully Submitted,

Dated: July 17, 2025              GROSS KLEIN PC

By:      */s/ Stuart G. Gross*
         STUART G. GROSS

Stuart G. Gross (SBN 251019)
Travis H. A. Smith (SBN 331305)
Ross A. Middlemiss (SBN 323737)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628
*sgross@grosskleinlaw.com*
*tsmith@grosskleinlaw.com*
*rmiddlemiss@grosskleinlaw.com*

Matthew W. Ruan (SBN 264409)
**FREED KANNER LONDON & MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
(224) 632-4500
*mruan@fklmlaw.com*

Matthew S. Weiler (SBN 236052)
**SCHNEIDER WALLACE COTTRELL KONECKY, LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
(415) 421-7100
*mweiler@schneiderwallace.com*

Steven N. Williams (SBN 175489)
**STEVEN WILLIAMS LAW, P.C.**
201 Spear St, Suite 1100
San Francisco, CA 94105
(415) 671-4628
*swilliams@stevenwilliamslaw.com*

*Counsel for Plaintiffs and the Proposed Classes*

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

PLAINTIFFS' OPPOSITION TO NONPARTY L&C SEAFOOD LLC'S MOTION TO QUASH SUBPOENA; Case No. 3:23-cv-01098-AGT

5