Stuart G. Gross (SBN 251019)
Ross A. Middlemiss (SBN 323737)
Travis H.A. Smith (SBN 331305)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628

*Attorneys for Plaintiffs and the Proposed Classes*
[additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **BRAND LITTLE** and **ROBIN BURNS**, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>PACIFIC SEAFOOD PROCUREMENT, LLC; PACIFIC SEAFOOD PROCESSING, LLC; PACIFIC SEAFOOD FLEET, LLC; PACIFIC SEAFOOD DISTRIBUTION, LLC; PACIFIC SEAFOOD USA, LLC; DULCICH, INC.; PACIFIC SEAFOOD – EUREKA, LLC; PACIFIC SEAFOOD – CHARLESTON, LLC; PACIFIC SEAFOOD – WARRENTON, LLC; PACIFIC SEAFOOD – NEWPORT, LLC; PACIFIC SEAFOOD – BROOKINGS, LLC; PACIFIC SEAFOOD – WESTPORT, LLC; PACIFIC SURIMI – NEWPORT LLC; BLUE RIVER SEAFOOD, INC.; SAFE COAST SEAFOODS, LLC; SAFE COAST SEAFOODS WASHINGTON, LLC; OCEAN GOLD SEAFOODS, INC.; NOR-CAL SEAFOOD, INC.; KEVIN LEE; AMERICAN SEAFOOD EXP, INC.; CALIFORNIA SHELLFISH COMPANY, INC.; ROBERT BUGATTO ENTERPRISES, INC.; ALASKA ICE SEAFOODS, INC.; LONG FISHERIES, INC.; CAITO FISHERIES, INC.; CAITO FISHERIES, LLC; SOUTHWIND FOODS, LLC; FISHERMEN'S CATCH, INC.; GLOBAL QUALITY FOODS, INC.; GLOBAL QUALITY SEAFOOD LLC; OCEAN KING | Case No. 3:23-cv-01098-AGT<br><br>**DECLARATION OF ROSS A. MIDDLEMISS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO NONPARTY L&C SEAFOOD LLC'S MOTION TO QUASH SUBPOENA** |

DECLARATION OF ROSS A. MIDDLEMISS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO NONPARTY L&C SEAFOOD LLC'S MOTION TO QUASH SUBPOENA; Case No. 3:23-cv-01098-AGT

1

| | |
|---|---|
| 1 | **FISH INC.; BORNSTEIN SEAFOODS, INC.; ASTORIA PACIFIC SEAFOODS, LLC; and DOES 29-60,** |
| 2 | |
| 3 | Defendants. |

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

DECLARATION OF ROSS A. MIDDLEMISS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO NONPARTY L&C SEAFOOD LLC'S MOTION TO QUASH SUBPOENA; Case No. 3:23-cv-01098-AGT

2

I, Ross A. Middlemiss, declare as follows:

1. I am an associate at Gross Klein PC and counsel for Plaintiffs. I submit this declaration in support of Plaintiffs' Opposition to Nonparty L&C Seafood LLC's Motion to Quash Subpoena. If called as a witness, I could and would truthfully testify to the following based on my personal knowledge.

2. On June 10, 2025 L&C Seafood LLC was personally served with a subpoena for the production of records, which requested the production of certain records concerning its Dungeness crab business. A true and correct copy of the subpoena is attached hereto as **Exhibit A**.

3. Plaintiffs have served nearly identical subpoenas for the production of records on other nonparty seafood buyers, seeking documents related to those entities' Dungeness crab business.

4. Plaintiffs have initiated meet and confer discussion with many of the nonparty subpoena recipients, wherein Plaintiffs seek to understand the nonparty's record keeping practices, namely what type of electronic record keeping system is maintained, in order to find ways to get responsive documents in a manner that minimizes burden on the nonparty.

5. L&C did not reach out to Plaintiffs before it filed its motion to quash, and Plaintiffs did not have a phone number or email address for Mr. Liu, L&C's principal, until Plaintiffs received the motion to quash when it was electronically filed.

6. I called Mr. Liu, using the number listed on the motion to quash filings, on Friday July 11, 2025, and we spoke briefly about the subpoena, before Mr. Liu needed to end our call. Mr. Liu and I spoke again on July 14, 2025, where I explained that we were most interested in electronic records, and I asked what sort, if any, of electronic records, such as Quickbooks or anything in Excel spreadsheets, L&C kept concerning its purchases and sales of Dungeness crab. I stated that Plaintiffs are not interested in making L&C produce paper records. Mr. Liu noted that while the company was old school and used paper records, L&C had electronic profit and loss statements with information concerning Dungeness crab.

DECLARATION OF ROSS A. MIDDLEMISS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO NONPARTY L&C SEAFOOD LLC'S MOTION TO QUASH SUBPOENA; Case No. 3:23-cv-01098-AGT

1

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

7. Plaintiffs asked if L&C would produce the electronic records that it had, but L&C stated its position that it would not engage with Plaintiff any further until the Court ruled on the motion to quash

I declare under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 17, 2025.

By:    */s/ Ross A. Middlemiss*
       ROSS A. MIDDLEMISS

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

DECLARATION OF ROSS A. MIDDLEMISS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO NONPARTY L&C SEAFOOD LLC'S MOTION TO QUASH SUBPOENA; Case No. 3:23-cv-01098-AGT

2

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| Brand Little, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 23-cv-1098 |
| Pacific Seafood Procurement, LLC, et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: L&C Seafood LLC
c/o Jin Wei Liu, 1530 22nd St Nw Ste 101, Auburn, WA, 98001-3312

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Gross Klein PC<br>The Embarcadero, Pier 9, Suite 100<br>San Francisco, CA 94111 | Date and Time:<br>07/03/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/03/2025

*CLERK OF COURT*                    OR                    Stuart G. Gross

*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Brand Little and Robin Burns , who issues or requests this subpoena, are:

Stuart G. Gross, The Embarcadero, Pier 9, Ste 100, S.F.,CA 94111, sgross@grosskleinlaw.com (415) 671-4628

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## **L&C SEAFOOD LLC**

### SCHEDULE A

I. **DEFINITIONS**

As used in the Requests herein, the following terms shall have the definitions and constructions listed below. Terms not defined shall have the meanings assigned to them, if any, by the Federal Rules of Civil Procedure and or Local Rules.

1. The terms "**You**" and "**Your**," including its possessive, refer to L&C Seafood LLC, and any predecessors, successors, subsidiaries, departments, divisions, affiliates, and any organization or entity which the responding person or entity manages, controls, and any organization or entity which the responding person or entity manages, controls, or has an ownership interest in, or did manage, control or have an ownership interest in, as well as all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding person or entity.

2. The phrase "**this Action**," including its possessive, refers to the instant action, *Brand Little, et al. v. Pacific Seafood Procurement, LLC, et al.* No. 23-cv-01098 (N.D. Cal.).

3. The term "**Plaintiffs**," including its possessive, refers to Plaintiffs Brand Little and Robin Burns.

4. The term "**Defendants**," including its possessive, refers, collectively, to Defendants Pacific Seafood Procurement, LLC, Pacific Seafood Distribution, LLC, Pacific Seafood Processing, LLC, Pacific Seafood USA, LLC, Dulcich, Inc., Pacific Seafood – Eureka, LLC; Pacific Seafood – Charleston, LLC,  Pacific Seafood – Warrenton, LLC, Pacific Seafood – Newport, LLC, Pacific Seafood – Brookings, LLC, Pacific Seafood – Westport, LLC, and Pacific Surimi – Newport LLC, Blue River Seafood, Inc.; Safe Coast Seafoods, LLC; Safe Coast Seafoods Washington, LLC, which collectively do business and are commonly known as a single entity named "Safe Coast" (collectively, "Safe Coast"), Ocean Gold Seafoods, Inc. ("Ocean Gold"), Nor-Cal Seafood, Inc. "Nor-Cal"), Kevin Lee, American Seafood Exp, Inc. ("ASE"),

---

California Shellfish Company, Inc. and Robert Bugatto Enterprises, Inc., which collectively do business and are commonly known as a single entity named "Hallmark" (collectively, "Hallmark"), Alaska Ice Seafoods, Inc. and Long Fisheries, Inc., which collectively do business and are commonly known as a single entity named "Fathom Seafood" (collectively, "Fathom Seafood"), Caito Fisheries, Inc., Caito Fisheries, LLC, and Southwind Foods, LLC, which collectively do business and are commonly known as a single entity named "Caito" (collectively, "Caito"), Fishermen's Catch, Inc. ("Fishermen's Catch"), Global Quality Foods, Inc. and Global Quality Seafood LLC, which collectively do business and are commonly known as a single entity named "Global Quality Seafood" (collectively, "Global Quality"), Ocean King Fish Inc. ("Ocean King"), Bornstein Seafoods, Inc. and Astoria Pacific Seafoods, LLC, which collectively do business and are commonly known as a single entity named "Bornstein" (collectively, "Bornstein"), and where applicable, their owners, officers, executives, directors, employees, partners, consultants, divisions, branches, offices, and agents, including without limitation legal counsel.

5. The term "**Pacific Seafood**," including its possessive, refers, collectively, to Defendants Pacific Seafood Procurement, LLC, Pacific Seafood Distribution, LLC, Pacific Seafood Processing, LLC, Pacific Seafood USA, LLC, Dulcich, Inc., Pacific Seafood – Eureka, LLC; Pacific Seafood – Charleston, LLC, Pacific Seafood – Warrenton, LLC, Pacific Seafood – Newport, LLC, Pacific Seafood – Brookings, LLC, Pacific Seafood – Westport, LLC, and Pacific Surimi – Newport LLC, which collectively do business and are commonly known as a single entity named "Pacific Seafood"; any company owned or controlled by Pacific Seafood; and any company doing business as "Pacific Seafood" or "Pacific Choice."

6. The term "**Safe Coast**" refers, collectively, to Defendants Blue River Seafood, Inc.; Safe Coast Seafoods, LLC; Safe Coast Seafoods Washington, LLC, which collectively do business and are commonly known as a single entity named "Safe Coast"; any company owned or controlled by Safe Coast, and any company doing business as "Safe Coast."

_____
2

7. The term "**Ocean Gold**" refers to Defendant Ocean Gold Seafoods, Inc.; any company owned or controlled by Ocean Gold, and any company doing business as "Ocean Gold."

8. The term "**Nor-Cal Seafood**" refers to Defendant Nor-Cal Seafood, Inc.; any company owned or controlled by Nor-Cal Seafood, and any company doing business as "Nor-Cal Seafood."

9. The terms "**ASE**" and "**American Seafood Exp.**" refer to Defendant American Seafood Exp, Inc., any company owned or controlled by ASE, and any company doing business as "ASE" or "American Seafood Exp."

10. The term "**Hallmark**" refers, collectively, to Defendants California Shellfish Company, Inc. and Robert Bugatto Enterprises, Inc., any company owned or controlled by Hallmark, and any company doing business as "Hallmark" or "The Tides."

11. The term "**Fathom Seafood**" refers, collectively, to Defendants Alaska Ice Seafoods, Inc. and Long Fisheries, Inc.; any company owned or controlled by Fathom Seafood, and any company doing business as "Fathom Seafood" or Fathom.

12. The term "**Caito Fisheries**" refers, collectively, to Defendants Caito Fisheries, Inc., and Caito Fisheries, LLC; any company owned or controlled by either Caito Fisheries, Inc. or Caito Fisheries, LLC, and any company doing business as "Caito Fisheries" or "Caito."

13. The term "**Southwind**" refers to Defendant Southwind Foods, LLC; any company owned or controlled by Southwind, and any company doing business as "Southwind."

14. The term "**Fishermen's Catch**" refers to Defendant Fishermen's Catch, Inc.; any company owned or controlled by Fishermen's Catch, and any company doing business as "Fishermen's Catch."

15. The term "**Global Quality**" refers, collectively, to Defendants Global Quality Foods, Inc. and Global Quality Seafood LLC, any company owned or controlled by Global Quality Foods, Inc. or Global Quality Seafood LLC, and any company doing business as "Global Quality" or "Global Quality Foods" or "Global Quality Seafood."

_____

16. The Term "**Ocean King**" refers to Defendant Ocean King Fish Inc.; any company owned or controlled Ocean King, and any company doing business as "Ocean King."

17. The term "**Bornstein Seafoods**" refers, collectively, to Defendants Bornstein Seafoods, Inc. and Astoria Pacific Seafoods, LLC, any company owned or controlled by Bornstein Seafoods, Inc. or Astoria Pacific Seafoods, LLC, and any company doing business as "Bornstein Seafoods."

18. The term "**Pacific NW Area**," refers to California, coastal Washington (which excludes Puget Sound), and Oregon.

19. The term "**Puget Sound Area**" refers to areas within and adjacent to Puget Sound, Washington, where commercial Dungeness crab fishing is permitted.

20. The term "**Crabber**," including its possessives, refers to individuals that participate in commercial Dungeness crab fishing, either as a licensed captain and/or operator of a commercial Dungeness crab fishing vessel or as a crew member of a commercial Dungeness crab fishing vessel.

21. The term "**Fisher**," including its possessives, refers to individuals that participate in commercial fishing, either as a licensed captain and/or operator of a commercial fishing vessel or as a crew member of a commercial fishing vessel.

22. The term "**Buyer**" refers to a Person who purchases Dungeness crab and/or other fishes directly from a Fisher with the purpose of reselling the fish, with or without further processing.

23. The term "**Person**" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

24. The term "**Ex Vessel**" refers to a purchase of fresh commercial seafood by a licensed buyer directly from the vessel that caught the commercial seafood.

25. The term "**Ex Vessel Price**" refers to the price paid per pound for Ex Vessel seafood.

_____

26. The term "**Fish Ticket**," including its possessives, refers to an individual landing record made each time commercial seafood is unloaded from a licensed fishing vessel, and recorded by the Department of Fish and Wildlife of the state in which the seafood is landed, that provides the unique ticket number, date, location, vessel name, Fisher license number, vessel number, species landed, weight landed, Ex Vessel price, total price, condition of the seafood, the name of the entity buying the seafood, and license number of the buyer, among other information that varies by state.

27. The term "**Out the Back Door**" refers to a transaction between two licensed seafood buyers where one buyer purchases Dungeness crab Ex Vessel, and is listed as the buyer on the corresponding Fish Ticket, and then sells that same unprocessed Dungeness crab to the other licensed seafood buyer.

28. The term "**Processed Dungeness Crab**" refers to commercial Dungeness crab that has been cooked after its Ex Vessel purchase and before its sale.

29. The term "**Unprocessed Dungeness Crab**" refers to commercial Dungeness crab that has been not been cooked after its Ex Vessel purchase and before its sale.

30. The term "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. Pro. 34(a)(1)(A). Documents include Communications.

31. The term "**Communication**" means the transmission or transfer of information of any kind, orally, in writing, electronically, or in any other manner, at any time or place, and under any circumstances whatsoever. Communication includes, without limitation, emails, text messages, voice records, etc.

32. The term "**Concerning**" means relating to, referring to, applicable to, describing, evidencing or constituting.

33. References to the singular include the plural, and plural includes the singular.

34. The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

_____
5

35. The use of the disjunctive form, *e.g.* "or," shall be considered to also include within its meaning the conjunctive form, *e.g.* "and," and vice versa.

36. "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

37. "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request, or any other request, in any way.

## INSTRUCTIONS

1. Unless otherwise indicated the temporal scope of the Requests is from January 1, 2015 to the date of Your responses.

2. If you have any questions or concerns regarding these instructions or how to respond to these requests, Your or Your attorney should contact Plaintiffs' counsel at the email address or phone number immediately.

3. Your response to these Requests must include documents known to You, or in Your possession, custody, or control from any source wherever situated, including but not limited to, any documents in the possession of Your agents, employees, attorneys, investigators, consultants, and all persons acting on Your behalf or under Your control. You have an affirmative duty to investigate.

4. Documents which are maintained in electronic form in the ordinary course of business shall be produced in such electronic forms, i.e., in their native form, unless another agreement is reached with counsel for Plaintiffs, except if the information requested is contained in a database. Thus, for example, excel spreadsheets should be produced as electronic files, with an .xlsx or .xls extension, and emails should be produced as electronic files, with a .eml or .msg or similar extension. If the requested information is contained in a database, You should produce reports from the database that contain the requested information, indicating the type of database (e.g., Quickbooks) from which the report came (Plaintiffs reserve all rights to make further

requests concerning such databases but will work with you to reduce burdens associated therewith).

5. If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date, and subject matter, and the reasons why the documents were lost or destroyed shall be explained with sufficient particularity.

6. Each Request to produce a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in, or subject to, directly or indirectly, Your control. In addition, each Request should be considered as including a Request for separate production of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (*e.g.*, by reason of difference in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

7. All documents produced in response to the Requests shall be produced in their entirety notwithstanding the fact that portions thereof may contain information not requested.

8. The documents produced in response to these Requests shall include all attachments and enclosures.

9. With respect to any document requested that was once in Your possession, custody, or control, but which no longer is, please indicate the date the document ceased to be Your possession, custody, or control, the manner in which it ceased, and the name and address of its present custodian.

10. If You object to part of any Request, please state the objection and the basis of the objection, including citations to relevant authority, as appropriate, and furnish documents responsive to the remainder of the Request.

11. All documents or portion of documents called for by these Requests, for which You claim a privilege, statutory authority, or regulatory authority as a ground for nonproduction shall be identified in a privilege log containing information sufficient to evaluate the claimed privilege or authority.

12. If anything is deleted or redacted from a document produced, please state: the reason for the deletion; the subject matter of the deletion; and the name of the person or persons who decided to delete such matter.

13. All documents produced in response to these Requests shall be segregated and identified by the Request to which they are primarily responsive. Where required by a particular paragraph of these Requests, documents produced shall be further segregated and identified as indicated in the paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

14. These Requests are continuing in nature; if, after responding, You obtain or become aware of any further information or documents responsive to these Requests, a supplementary answer and/or production is required. Fed. R. Civ. P. 26(c).

15. Please produce each and all of the documents requested herein on or before April 9, 2025 by delivering true and correct copies of such documents by delivery of the appropriate media containing the documents to Stuart G. Gross, Gross & Klein PC, The Embarcadero, Pier 9, Suite 100, San Francisco, CA 94111, or, if via email or another form of electronic transfer, to sgross@grosskleinlaw.com and iatkinsonyoung@grosskleinlaw.com.

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show All ex-vessel purchases of Dungeness crab made by YOU, including date, price, weight, quality, type of crab, and seller of each transaction.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show all consideration provided by You to any Crabber in connection with an ex-vessel purchase of Dungeness crab by You, including consideration that was in addition to the price listed on the associated Fish Ticket, including, without limitation, any bait or retroactive payments made.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show All non-ex-vessel purchases of Unprocessed Dungeness Crab made by You (such as, but not limited to, Out the Back Door purchases) made by You, including date, price, weight, and seller of each transaction.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show All sales of Unprocessed Dungeness Crab made by You (such as, but not limited to, Out the Back Door sales), including date, price, weight, buyer of each purchase, and, if exported, export destination and location in the U.S. from which exported.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show All Your purchases of Processed Dungeness Crab, including documents sufficient to show date, price, weight, seller, and type of processing of each purchase.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show All Your sales of Processed Dungeness Crab, including documents sufficient to show date, price, weight, buyer, type of processing of each sale, and, if exported, export destination and location in the U.S. from which exported.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show, on a monthly basis, Your inventory of Processed and Unprocessed Dungeness Crab, including but not limited to cost, weight type of processing, date of processing and/or date of purchase, and any inventory aging, expiration or shelf-life tracking information.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show, on a monthly basis, the following information concerning Your storage of Processed and Unprocessed Dungeness crab: costs, type of product, storage location, storage type (e.g., freezer) and inventory.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show, on a monthly basis, the following information concerning Your shipping or transportation of Processed and Unprocessed Dungeness crab: costs, type of product, weight, origin, destination, shipping method, shipping provider.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to show Your ownership interest in any entity, including but not limited to partnerships, corporations, and limited liability corporations, involved in the Commercial Dungeness Crab Industry.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show the ownership interest in You of any entity (including but not limited to partnerships, corporations, and limited liability corporations) or individual, involved in the Commercial Dungeness Crab Industry.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show all partnerships You have with entities or individuals involved in the Commercial Dungeness Crab Industry.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-1098

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* L&C Seafood LLC c/o Jin Wei Liu on *(date)* 6/6/25 .

☒ I served the subpoena by delivering a copy to the named person as follows:
Robert Hernandez, Manager
on *(date)* 6/10/25 11:40AM ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 6/10/25

*a. haines*
Server's signature

Alexandria Haines
Printed name and title

108 Wells Ave S, Renton, WA 98057
Server's address

Additional information regarding attempted service, etc.: