

Stuart G. Gross (SBN 251019)
Ross A. Middlemiss (SBN 323737)
Travis H.A. Smith (SBN 331305)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628

*Attorneys for Plaintiffs and the Proposed Classes*
[additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **BRAND LITTLE** and **ROBIN BURNS**, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>**PACIFIC SEAFOOD PROCUREMENT, LLC; PACIFIC SEAFOOD PROCESSING, LLC; PACIFIC SEAFOOD FLEET, LLC; PACIFIC SEAFOOD DISTRIBUTION, LLC; PACIFIC SEAFOOD USA, LLC; DULCICH, INC.; PACIFIC SEAFOOD – EUREKA, LLC; PACIFIC SEAFOOD – CHARLESTON, LLC; PACIFIC SEAFOOD – WARRENTON, LLC; PACIFIC SEAFOOD – NEWPORT, LLC; PACIFIC SEAFOOD – BROOKINGS, LLC; PACIFIC SEAFOOD – WESTPORT, LLC; PACIFIC SURIMI – NEWPORT LLC; BLUE RIVER SEAFOOD, INC.; SAFE COAST SEAFOODS, LLC; SAFE COAST SEAFOODS WASHINGTON, LLC; OCEAN GOLD SEAFOODS, INC.; NOR-CAL SEAFOOD, INC.; KEVIN LEE; AMERICAN SEAFOOD EXP, INC.; CALIFORNIA SHELLFISH COMPANY,** | Case No. 3:23-cv-01098-AGT<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:       September 5, 2025<br>Time:      2:00 p.m.<br>Dept:      Courtroom A, 5th Floor<br>Judge:    Hon. Alex G. Tse |

Gross Klein PC
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111

1   **INC.; ROBERT BUGATTO**
2   **ENTERPRISES, INC.; ALASKA ICE**
    **SEAFOODS, INC.; LONG FISHERIES,**
3   **INC.; CAITO FISHERIES, INC.; CAITO**
    **FISHERIES, LLC; SOUTHWIND FOODS,**
4   **LLC; FISHERMEN'S CATCH, INC.;**
    **GLOBAL QUALITY FOODS, INC.;**
5   **GLOBAL QUALITY SEAFOOD LLC;**
    **OCEAN KING FISH INC.; BORNSTEIN**
6   **SEAFOODS, INC.; ASTORIA PACIFIC**
    **SEAFOODS, LLC; and DOES 30-60,**
7

8                   Defendants.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

Plaintiffs Brand Little ("Little") and Robin Burns ("Burns") (collectively, "Plaintiffs") and Defendants Pacific Seafood Procurement, LLC, Pacific Seafood Distribution, LLC, Pacific Seafood Processing, LLC, Pacific Seafood USA, LLC, Dulcich, Inc., Pacific Seafood – Eureka, LLC; Pacific Seafood – Charleston, LLC, Pacific Seafood – Warrenton, LLC, Pacific Seafood – Newport, LLC, Pacific Seafood – Brookings, LLC, Pacific Seafood – Westport, LLC, and Pacific Surimi – Newport LLC (collectively, "Pacific Seafood"), Blue River Seafood, Inc.; Safe Coast Seafoods, LLC; Safe Coast Seafoods Washington, LLC (collectively, "Safe Coast"), Ocean Gold Seafoods, Inc. ("Ocean Gold"), Nor-Cal Seafood, Inc. ("Nor-Cal"), Kevin Lee, American Seafood Exp, Inc. ("ASE"), California Shellfish Company, Inc. and Robert Bugatto Enterprises, Inc. (collectively, "Hallmark"), Alaska Ice Seafoods, Inc. and Long Fisheries, Inc.(collectively, "Fathom Seafood"), Caito Fisheries, Inc. ("Caito Fisheries, Inc."), Caito Fisheries, LLC, and Southwind Foods, LLC ("Caito Fisheries, LLC/Southwind"), Fishermen's Catch, Inc. ("Fishermen's Catch"), Global Quality Foods, Inc. ("Global Quality Foods, Inc."), Global Quality Seafood LLC ("Global Quality Seafood LLC"), Ocean King Fish Inc. ("Ocean King"), Bornstein Seafoods, Inc. and Astoria Pacific Seafoods, LLC, (collectively, "Bornstein"), jointly submit this Subsequent Joint Case Management Statement pursuant to Civil Local Rule 16-10. Pursuant to the Court's direction during the February 28, 2025 Case Management Conference, the Parties provide herein a brief update on where things stand regarding certain matters, and incorporate by reference their Joint Case Management Statements (Dkt. 273 & Dkt. 344), filed February 21, 2025 and May 30, 2025, respectively, to the extent the statements contain background information concerning the facts and claims of the case that are useful to the Court.

1. **Stipulations**

The Court previously entered the Parties' Stipulated Protective Order. Dkt. 62.

The Parties agreed to, and the Court entered, an ESI protocol for this action on May 15, 2025. Dkt. 335.

The Parties have yet to discuss a deposition protocol, but intend to meet and confer on the matter in short order.

1    The Parties will discuss whether any other Stipulations concerning discovery or case

2    management are necessary, as the case proceeds.

3    **2.  Ocean King's Answer, Initial Disclosures and Discovery Responses**

4    On May 20, 2025, the Court denied Ocean King's Motion to Dismiss the Second

5    Amended Class Complaint and vacated the stay of discovery as to Ocean King. (Dkt. 339.) Per

6    agreement with Plaintiffs, Defendant Ocean King answered the Second Amended Complaint and

7    served its Initial Disclosures by June 12, 2025. Ocean King has also been served, and has

8    responded to, each set of Plaintiffs' All-Defendant requests for production of documents

9    ("RFPDs") and interrogatories that were previously served on the other defendants.

10    **3.  Plaintiffs' Motion for Leave to File a Third Amended Complaint**

11    On August 29, 2025, the Court granted Plaintiffs' a motion for leave to file a Third

12    Amended Class Action Complaint, subject to the stipulated order between Plaintiffs and Pacific

13    Dream, Inc. Dkt. 390. Consistent with the stipulated order between Plaintiffs and Pacific Dream,

14    Inc. (Dkt. 391), Plaintiffs intend to file the Third Amended Complaint, adding only Da Yang

15    Seafood, Inc. and Great Ocean Seafood Inc. In the event that a settlement is not reached with

16    Pacific Dream, Inc., in the timeline set forth in the stipulated order, Plaintiffs intend to request

17    leave from the Court to amend the complaint to add Pacific Dream, Inc. as a defendant.

18    **4.  Discovery**

19    A.  Discovery Served to Date

20    •   Plaintiffs served a first set of RFPD on all Defendants except Ocean King, on February
21       21, 2025, which was superseded by an amended first set of RFPDs, which Plaintiffs
         served on March 11, 2025, after Plaintiffs' receipt of most Defendants' initial
22       disclosures.

23    •   All Defendants jointly served a first set of requests for production of documents
24       ("RFPDs") on Plaintiffs on March 17, 2025.

25    •   All Defendants jointly served a first set of interrogatories ("ROGs") on Plaintiffs on
         March 19, 2025.
26
      •   Plaintiffs served a first set of interrogatories ("ROGs") on all Defendants, on March 21,
27       2025.

28

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

- Plaintiffs served on Ocean King the above described amended first set of RFPDs and first set of interrogatories, on May 21, 2025.

- Plaintiffs served a second set of RFPDs and Interrogatories on all Defendants, on June 3, 2025.

- Plaintiffs served a third set of RFPDs on all Defendants, on August 25, 2025

B. <u>Status of the Parties' Responses to Discovery</u>

Since the May 30, 2025 CMC, Defendants Nor-Cal, Kevin Lee, and Ocean King have served initial disclosures, meaning all parties have now served their initial disclosures.

C. <u>Meet and Confer Discussions of Keywords for ESI Review and Production</u>

Defendants and Plaintiffs have each exchanged drafts of keywords for each party's use in reviewing and producing ESI in response to the parties' discovery requests, on July 1, 2025, and August 14, 2025, respectively. Meet and confer is ongoing between the parties over an agreeable set of keywords to be used in reviewing ESI.

D. <u>Plaintiffs' Responses and Productions to Date</u>

Plaintiffs timely served responses and objections to set 1 of the All-Defendant RFPDs and ROGs. Following meet and confer with counsel for Pacific Seafood, who is conducting meet and confer with Plaintiffs on behalf of all Defendants regarding Plaintiffs' responses to All-Defendant discovery, Plaintiffs have served amended responses to certain set 1 RFPDs and ROGs. Where applicable, Plaintiffs have addressed their responses to specific requests during meet and confer with individual Defendant groups. Meet and confer concerning Plaintiffs' responses to Defendants' discovery requests is ongoing.

On May 22, 2025, Plaintiffs made an initial production of documents in response to Defendants' joint RFPDs.

On July 19, 2025, Plaintiffs produced to Defendants documents produced by third parties in response to Plaintiffs' document subpoenas.

On August 29, 2025, Plaintiffs made a subsequent production of third-party documents received in response to subpoenas served by Plaintiffs.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

Plaintiffs expect to produce text messages and emails responsive to Defendants' set one RFPDs on September 3, 2025.

Plaintiffs continue to collect and review emails, text messages, and other documents, and will continue to make rolling productions of responsive documents.

E. <u>Defendants' Responses and Productions to Date</u>

Most Defendant groups have timely served responses and objections to Set One of Plaintiffs' RFPDs and ROGs. Following numerous meet-and-confers with Plaintiffs' counsel, certain Defendant groups have served amended responses to certain Set One RFPDs and ROGs. Meet-and-confers regarding Defendants' responses to Plaintiffs' requests are ongoing.

The focus of meet and confer discussions has been the productions of Defendants' communications responsive to RFPD 26 (communications between Defendants' custodians, on the one hand, and other ex vessel buyers on the other) and RFPD 33 (communications between Defendants' custodians, on the one hand, and crabbers on the other), with Plaintiffs requesting that Defendants prioritize the production of text messages. Plaintiffs have provided all Defendants with lists of buyer contacts, and crabbers, including phone numbers and emails, where known, to aid Defendants' collection of responsive communications. Plaintiffs have continued to circulate updated contact lists as discovery progresses. Plaintiffs have instructed Defendants that the lists are intended as a starting place for collection of texts and emails, and should not be used to limit the collection of responsive communications with buyers and crabbers not included in either list. Plaintiffs and Defendants continue to meet and confer concerning these, and Plaintiffs' other, RFPDs and ROGs.

Plaintiffs assert that certain issues have arisen with regard to the format of production of text messages by certain Defendants; and the parties are currently meeting and conferring with the goal of resolving such issues. In the event that the Court's intervention is desired, the parties will request it.

Overall, in response to Plaintiffs' RFPDs, Defendants have collectively produced almost 100,000 documents (more than 435,000 pages) to Plaintiffs. Defendants have also undertaken significant efforts (and expense) to collect, process, and review further materials that may be

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

responsive to Plaintiffs' discovery requests. The status of each Defendant group's responses to Plaintiffs' discovery requests and productions made to date, are provided below:

**Pacific Seafood**

Pacific Seafood served timely responses to Plaintiffs' discovery requests, and has served amended responses pursuant to the extensive meet and confer it has had with Plaintiffs concerning Plaintiffs' discovery requests. Pacific Seafood's counsel has attended at least six videoconference meet-and-confers with Plaintiffs' counsel, over 10 collective hours, to discuss Pacific Seafood's responses to Plaintiffs' requests and Plaintiffs' responses to Defendants' joint requests.

To date, Pacific Seafood has collected, reviewed, and produced at least 67,952 documents (336,215 pages) responsive to at least 29 of Plaintiffs' Requests for Production of Documents, not including tens of thousands of other documents that Pacific Seafood has produced that Pacific Seafood received from third parties in response to subpoenas. Pacific Seafood has made productions in response to Plaintiffs' Requests for Production of Documents on at least March 7, June 2, July 11, July 15, July 23, August 1, August 8, and August 25, 2025. These productions include, among other categories of documents, emails and text messages responsive to Plaintiffs' RFPDs 1–12, 14, 15, 17, 23, 24, 26, 27, 29, 30, 33, 35, 40, 41, and 44–47. Pacific Seafood has also undertaken significant efforts (and expense) to collect, process, and review further materials that may be responsive to Plaintiffs' requests, including collecting and processing (so far) over 2.7 million documents, for purposes of further reviewing and narrowing. Pacific Seafood's gathering and review of responsive documents, including additional text messages and emails from its custodians, is ongoing.

**Safe Coast**

Safe Coast served timely responses to Plaintiffs' discovery requests, and has served amended responses since then.

Safe Coast produced communications of certain of its custodians on July 11, 2025.

**Bornstein**

Bornstein served timely objections and responses to Plaintiffs' discovery requests and has

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

since provided amended responses. Counsel for Bornstein has engaged in multiple meet-and-confer discussions and has exchanged extensive written correspondence with Plaintiffs' counsel in a good faith effort to address and resolve issues related to Bornstein's responses and objections to Plaintiffs' discovery requests.

Bornstein is in the process of collecting, reviewing, and producing documents responsive to Plaintiffs' RPFs, including Requests Nos. 26 and 33. A production of documents responsive to these requests, to the extent identified thus far, will be made by September 5, 2025. Bornstein continues to devote substantial efforts and incur significant expense in the collection, processing, and review of potentially responsive materials. Bornstein's document collection and review process remains ongoing.

**Hallmark**

Hallmark timely served responses to Plaintiffs' discovery requests, and has served amended responses since. Hallmark is currently working on additional amended responses and will be serving them soon.

Hallmark has collected tens of thousands of text messages and emails potentially responsive to Plaintiffs' document requests. Hallmark is working through additional issues with the collection, and will be collecting additional emails and text messages as soon as possible. Hallmark has started reviewing the documents it has collected in order to produce responsive documents. Hallmark believes it will be able to begin producing text messages in response to Plaintiffs' document request within the next two weeks, with email messages following shortly thereafter.

**Fathom**

Fathom served timely responses to Plaintiffs' discovery requests and has served amended responses since. Fathom has also met and conferred with Plaintiffs on several occasions.

Fathom began producing text messages on August 15, 2025, continues to gather responsive documents, and will continue producing documents on a rolling basis.

**Ocean Gold**

Ocean Gold served timely responses to Plaintiffs' discovery requests, and has served

Gross Klein PC
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111

amended responses pursuant to the extensive correspondence and conferrals it has had with Plaintiffs concerning Plaintiffs' discovery requests.

Ocean Gold has produced 16,841 documents (roughly 61,700 pages) responsive to Plaintiffs' RFPDs, continues to gather responsive documents, and will make additional productions on a rolling basis. Ocean Gold's initial productions include documents, emails, and text messages responsive to Plaintiffs' RFPD Nos. 8–12, 14, 15, 17, 23, 26-28, 33, 35, 36–40, and 44–47. Ocean Gold has also undertaken significant efforts and expense to collect, process, and review further materials that may be responsive to Plaintiffs' requests, including collecting and processing an additional 120,000 documents, for purposes of further reviewing and narrowing consistent with Ocean Gold's objections and responses to Plaintiffs' requests. Ocean Gold's gathering and review of responsive documents, including additional text messages and emails from its custodians, is ongoing.

**Nor-Cal & Kevin Lee**

Kevin Lee and Nor-Cal served untimely written responses to Plaintiffs' set 1 discovery requests, and thus waived any objections thereto. Kevin Lee and Nor-Cal have also failed to timely respond to Plaintiffs' set 2 discovery requests, which were due on July 3 (RFPDs) and July 7 (Rogs), again waiving all objections thereto.

Kevin Lee produced text messages on June 2 and 3, July 1, and August 11, 2025. Nor-Cal has not yet produced any responsive documents from custodians other than Kevin Lee. Both Kevin Lee and Nor-Cal indicate they continue to gather responsive documents, and will produce on a rolling basis. Efforts to meet and confer with counsel for Nor-Cal and Kevin Lee have been difficult, as a result of counsel's delays in responding to Plaintiffs' outreach and challenges getting meetings on calendar.

**ASE**

ASE served timely responses to Plaintiffs' discovery requests.

ASE produced text messages on July 31, 2025, and continue to gather responsive documents, and will produce on a rolling basis.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

**Fishermen's Catch**

Fishermen's Catch served timely responses to Plaintiffs' discovery requests, and has served amended responses since.

Fishermen's Catch has not yet produced documents in response to Plaintiffs' discovery.

**Ocean King**

Ocean King served timely responses to Plaintiffs discovery requests.

Ocean King has not yet produced documents in response to Plaintiffs' discovery requests. Ocean King was served Plaintiffs' requests later than the other Defendants, and has engaged in meet and confer with Plaintiffs and is in the process of gathering and reviewing responsive documents.

**Global Quality Foods**

Global Quality Foods served timely responses to Plaintiffs discovery requests.

Global Quality Foods produced text messages on August 14, 2025, and continues to gather responsive documents, and will produce on a rolling basis.

**Global Quality Seafoods**

Global Quality Seafood served timely responses to Plaintiffs discovery requests.

Global Quality Seafood produced text messages on July 16 and August 3, and emails and transactional data on August 4, 2025, and continues to gather responsive documents, and will produce on a rolling basis.

**Southwind & Caito Fisheries LLC**

Southwind served timely responses to Plaintiffs discovery requests.

After producing more than 14,000 documents in response to Plaintiffs' subpoena, Southwind has produced additional documents on April 10, and June 13, 2025, which span several thousand pages, and continues to gather responsive documents, and will produce on a rolling basis.

By the date of the Case Management Conference, the Southwind Defendants anticipate producing an additional several thousand emails related to the asset purchase transaction entered with Caito Fisheries, Inc.  The Southwind Defendants have prioritized the production of materials

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

related to the asset purchase transaction and request that the Court permit the Southwind

Defendants to file an early motion for summary judgment on the issue of successor liability.

The Southwind Defendants request that the Court permit service of individualized

discovery requests or, at very least, permit individualized discovery into the discrete issue of the

Southwind Defendants' purported successor liability.[1]

**Caito Fisheries Inc.**

Caito Fisheries Inc. served timely responses to Plaintiffs' discovery requests, and has

served amended responses since.

Caito Fisheries Inc. has not yet produced documents in response to Plaintiffs' discovery

requests. Caito Fisheries Inc. has gathered and reviewed numerous documents (including text

messages as Plaintiffs have asked to be prioritized) and is working to convert those documents

into a production format that is compliant with the ESI protocol.

F.   Third party discovery

Pursuant to the Court's order granting Plaintiffs leave to serve limited discovery in

advance of their filing the First Amended Complaint, (Dkt. 61), Plaintiffs served document

subpoenas, in June 2024, on the departments of fish and wildlife of Washington, Oregon, and

California, as well as on now Defendants Bornstein, Hallmark, ASE, Safe Coast, and Nor-Cal.

Plaintiffs produced to all Defendants documents obtained via these subpoenas and Southwind's

---

[1] Plaintiffs oppose the Southwind Defendants' requests. Plaintiffs' theory of liability as to the Southwind Defendants is not dependent on successor liability, as Plaintiffs allege, and have already obtained evidence of, the Southwind Defendants direct participation in the price-fixing conspiracy that occurred after what the Southwind Defendants describe as the acquisition of assets from Caito Fisheries, Inc. The Southwind Defendants are aware of this evidence. (Note, contrary to Plaintiffs' representation, the Southwind Defendants are not aware of any such evidence of liability; even assuming ad arguendo such evidence exists, this does not impact the Southwind Defendants' entitlement to file the motion.) Moreover, because antitrust liability is joint and several, regardless of when a defendant joined the cartel, and Plaintiffs have evidence of the Southwind Defendants' participation, the question of successor liability is not determinative. Expediting summary judgment on the issue of successor liability would unnecessarily disrupt the case schedule and open the door to serial motions for summary judgment on tangential issues, while not impacting the Southwind Defendants' position as defendants in the case.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

1    response to Plaintiffs' subpoena for documents served on March 29, 2023.[2]

2        On March 4, 2025, after the Court's order lifting the stay on discovery (Dkt. 259), the

3    Parties served subpoenas on a number of third-party Dungeness crab buyers, the departments of

4    fish and wildlife of California, Oregon, and Washington, and certain other third parties.

5    Responses received by Plaintiffs to these subpoenas have been produced by Plaintiffs to

6    Defendants on May 22, and on July 19, 2025. Pacific Seafood has also produced to Plaintiffs and

7    other Defendants at least 60,495 documents it has received in response to third party subpoenas it

8    issued.

9        On May 20, 2025, Pacific Seafood issued a subpoena for documents to Ozzie Gregorio

10   and Triple G Seafood ("Gregorio").[3]  Gregorio has objected to the subpoena, and counsel for

11   Pacific Seafood and Gregorio are currently meeting and conferring regarding Gregorio's

12   objections and responses. Should the Court's intervention be needed, the parties will request it.

13       Plaintiffs have filed motions to compel compliance with regard to certain third-party

14   subpoena recipients. Dkt. 383-85. Plaintiffs are engaged in meet and confer discussions with

15   multiple other subpoena recipients regarding their responses and productions.

**5.  Settlement and ADR**

16       Pursuant to stipulation, the Court has referred Plaintiffs and certain Defendants to

17

18   settlement conferences before Magistrate Judge Spero. The status of such referrals is as follows:

19   • Safe Coast: Plaintiffs and Safe Coast held a settlement conference before Magistrate

20       Spero on May 20, 2025, and a further conference was set for August 19, 2025.

21       Thereafter, at Safe Coast's request, a stipulation was filed on August 12, 2025 and the

22       settlement conference was taken off calendar.

23

24

25

---

26   [2] In March of 2023, Plaintiffs served third party subpoenas on certain parties, in response to which only Southwind (then a third party) produced documents in response before the Court's

27   order granting Pacific Seafood's motion to stay discovery (Dkt. 38).
     [3] The May 20, 2025 subpoena superseded a subpoena issued on April 11, 2025. Plaintiffs also

28   issued a nearly identical subpoena on April 23, 2025.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

- <u>ASE</u>: Plaintiffs and ASE were scheduled to have a settlement conference before Judge Spero on April 29, 2025. Subsequent thereto the parties stipulated to the settlement conference being adjourned. A further settlement scheduling conference was set for August 26, 2025. At this conference, Magistrate Judge Spero ordered ASE to provide certain documents to Plaintiffs and to respond to Plaintiffs' demand, and set a further scheduling conference for October 28, 2025.

- <u>Fathom</u>: Plaintiffs and Fathom were scheduled to have a settlement conference before Judge Spero on May 15, 2025. Fathom subsequently requested that the settlement conference be adjourned, and Plaintiffs stipulated to the request. On May 15, 2025, Judge Spero held a scheduling conference for a further settlement conference, at which the settlement conference between Fathom and Plaintiffs was reset for November 13, 2025.

- <u>Fishermen's Catch</u>: A settlement conference was scheduled for August 13, 2025. The Parties stipulated to the adjournment of this conference, and Magistrate Judge Spero therefore converted this event into a scheduling conference, at which time a further scheduling conference was set for November 12, 2025. Plaintiffs and Fishermen's Catch will revisit whether to schedule a settlement conference at that time.

- <u>Global Quality</u>: A scheduling conference was held between Plaintiffs, Global Quality Foods, and Global Quality Seafoods on June 17, 2025, at which time a settlement conference was scheduled for October 16, 2025.

- <u>Pacific Dream</u>: A settlement conference between Plaintiffs and Pacific Dream, Inc. has been tentatively scheduled for September 16, 2025.

There are no other active settlement discussions between Plaintiffs and any other Defendant.

**6.** **<u>Scheduling</u>**

On March 3, 2025, the Court set the case schedule for this action through a hearing on class certification and *Daubert* motions, provided below for convenience of the Court:

- May 30, 2025: further case management conference;

- August 29, 2025: further case management conference;

- December 5, 2025: further case management conference;

- January 12, 2026: last day to move to join parties or amend pleadings;

- March 6, 2026: further case management conference;

- June 5, 2026: further case management conference;

- September 4, 2026: further case management conference;

- November 9, 2026: fact discovery closes;

- December 4, 2026: further case management conference;

- December 7, 2026: last day to file joint discovery letter briefs relating to fact discovery;

- February 8, 2027: last day to exchange initial expert reports;

- March 5, 2027: further case management conference;

- May 10, 2027: last day to exchange rebuttal expert reports;

- June 4, 2027: further case management conference

- June 21, 2027: last day to exchange reply expert reports;

- July 9, 2027: close of expert discovery;

- August 23, 2027: last day for Plaintiffs to file motion for class certification and all parties to file *Daubert* motions;

- September 3, 2027: further case management conference;

- October 4, 2027: last day for Defendants to file opposition to class certification and all parties to file oppositions to *Daubert* motions;

- November 1, 2027: last day to file replies in support of class certification and *Daubert* motions;

- December 17, 2027: hearing on class certification and *Daubert* motions.

The Parties ask that the deadline of March 9, 2026 for the substantial completion of rolling document production be added to the current case schedule.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

1    At this time, the Parties do not believe any other modifications are necessary. Given

2    various issues relating to discovery, including the current pace of production, Plaintiffs note that

3    the schedule may ultimately need to be modified and will promptly raise any such issues if and

4    when they arise.

5

6    Dated:  August 29, 2025                          GROSS KLEIN PC

7

8

                                        By:    */s/ Stuart G. Gross*

9                                              STUART G. GROSS

10

                                              Stuart G. Gross (SBN 251019)
11                                             Travis H.A. Smith (SBN 331305)
                                              Ross A. Middlemiss (SBN 323737)
12                                             **GROSS KLEIN PC**
                                              The Embarcadero
13                                             Pier 9, Suite 100
                                              San Francisco, CA 94111
14                                             (415) 671-4628
15                                             *sgross@grosskleinlaw.com*
                                              *tsmith@grosskleinlaw.com*
16                                             *rmiddlemiss@grosskleinlaw.com*

17                                             Matthew W. Ruan (SBN 264409)
                                              Samantha Gupta (*admitted pro hac vice*)
18                                             **FREED KANNER LONDON &**
                                              **MILLEN LLC**
19                                             100 Tri-State International, Suite 128
                                              Lincolnshire, IL 60069
20                                             (224) 632-4500
                                              *mruan@fklmlaw.com*
21                                             *sgupta@fklmlaw.com*

22                                             Matthew S. Weiler (SBN 236052)
23                                             Raymond S. Levine (SBN 348030)
                                              **SCHNEIDER WALLACE COTTRELL**
24                                             **KONECKY, LLP**
                                              2000 Powell Street, Suite 1400
25                                             Emeryville, CA 94608
                                              (415) 421-7100
26                                             mweiler@schneiderwallace.com
                                              *rlevine@schneiderwallace.com*
27

28                                             Steven N. Williams (SBN 175489)

Gross Klein PC
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111

1

2

3

4

5

6

7    DATED: August 29, 2025

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    DATED: August 29, 2025

24

25

26

27

28

**STEVEN WILLIAMS LAW, P.C.**
201 Spear St, Suite 1100
San Francisco, CA 94105
(415) 671-4628
*swilliams@stevenwilliamslaw.com*

*Counsel for Plaintiffs and the Proposed
Classes*

 /s/ Timothy W. Snider
Edward C. Duckers (SBN 242113)
ed.duckers@stoel.com
Charles H. Samel (SBN 182019)
charles.samel@stoel.com
**STOEL RIVES LLP**
1 Montgomery Street, Suite 3230
San Francisco, CA 94104
Telephone: 415.617.8900

Matthew D. Segal (SBN 190938)
matthew.segal@stoel.com
Michelle J. Rosales (SBN 343519)
michelle.rosales@stoel.com
**STOEL RIVES LLP**
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700

Timothy W. Snider (appearing *Pro Hac Vice*)
timothy.snider@stoel.com
**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380

*Attorneys for Pacific Seafood Defendants*

Christopher J. Kayser
Elizabeth E. Parker
**LARKINS VACURA KAYSER**
121 SW Morrison St. Suite 700
Portland, OR
Telephone: (503) 222-4424
cjkayser@lvklaw.com
eparker@lvklaw.com

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

1

2     Brian A. E. Smith
      Joseph J. Fraresso
3     **BARTKO LLP**
      1100 Sansome Street
4     San Francisco, CA 94111
      Telephone: (415) 956-1900
5     bsmith@bartkolaw.com
      jfraresso@bartkolaw.com
6

7     *Attorneys for Defendant Ocean Gold Seafoods, Inc.*

DATED: August 29, 2025     _____
8
      Bao-Quan P. Pham
9     **Law Office of Bao-Quan P. Pham**
      345 N. 18th Street
10    San Jose, CA 95112
      408-275-6701
11    baopham408@sbcglobal.net

12    *Attorneys for Defendant Global Quality Seafood*
13    *LLC*

14
DATED: August 29, 2025     */s/ Sean Tamura-Sato*
15    Sean Tamura-Sato
      **MINAMI TAMAKI LLP**
16    101 Montgomery Street, Suite 825
      San Francisco, CA 94104
17    Telephone: 415-788-9000
      *seant@minamitamaki.com*
18

19    *Attorneys for Defendant American Seafood EXP,*
20    *Inc.*

21    DATED: August 29, 2025     */s/ Scott Cameron*
      Scott Cameron
22    Josiah Prendergast
23    **WEINTRAUB TOBIN CHEDIAK COLEMAN**
      **GRODIN**
24    400 Capitol Mall, 11th Floor
      Sacramento, California 95814
25    Telephone: (916) 558-6000
      scameron@weintraub.com
26    Jprendergast@weintraub.com

27
      *Attorneys for Defendant California Shellfish*
28

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

*Company, Inc. and Robert Bugatto Enterprises, Inc.*

DATED: August 29, 2025

_____

Colin W. Morrow
**VANNUCCI MOMSEN MORROW**
45060 Ukiah St., Ste. A
P.O. Box 1214
Mendocino, CA 95460
Telephone: 707-380-1070
cmorrow@vmm-law.com

*Attorneys for Defendant Caito Fisheries, Inc.*

DATED: August 29, 2025

*/s/ Steven J. Goon*
Steven J. Goon
Sarah Van Buiten
**RUTAN & TUCKER, LLP**
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
sgoon@rutan.com
Svanbuiten@rutan.com

*Attorneys for Defendant Caito Fisheries, LLC and Southwind Foods, LLC*

DATED: August 29, 2025

*/s/ Victoria S. Pereira Duarte*
**K&L GATES LLP**
J. Timothy Hobbs, Jr. (*pro hac vice*)
501 Commerce Street, Ste. 1500
Nashville, Tennessee 37203
Telephone: (615) 780-6700
Tim.Hobbs@klgates.com

Henry J. Brockway (*pro hac vice*)
925 Fourth Avenue, Ste. 2900
Seattle, Washington 98104
Telephone: (206) 623-7580
Henry.Brockway@klgates.com

Victoria S. Pereira Duarte (*pro hac vice*)
70 W. Madison St., Ste. 3300

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

Chicago, Illinois 60602
Telephone: (312) 372-1121
Victoria.Duarte@klgates.com

Michael Stortz (SBN 139386)
4 Embarcadero Ctr., Ste 1200
San Francisco, California 94111
Telephone: (415) 882-8200
Michael.Stortz@klgates.com

*Attorneys for Defendant Bornstein Seafoods, Inc.*
*and Astoria Pacific Seafoods, LLC*

DATED: August 29, 2025

*/s/ Sean Gates*
Sean Gates
**ILLOVSKY GATES & CALIA LLP**
155 N. Lake Avenue, Suite 800
Pasadena, California 91101
Telephone: (626) 508-1715
sean@illovskygates.com

*Attorneys for Defendant Safe Coast Seafoods, LLC,*
*Safe Coast Seafoods Washington, LLC, and Blue*
*River Seafood, Inc.*

DATED: August 29, 2025

*/s/ Ann A.P. Nguyen*
Ann A.P. Nguyen
**MESSNER REEVES LLP**
160 W Santa Clara Street, Suite 1000
San Jose, CA 95113
Telephone: (408) 298-7120
anguyen@messner.com

*Attorneys for Defendant Global Quality Foods, Inc.*

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

JOINT CASE MANAGEMENT STATEMENT; Case No. 3:23-cv-01098-AGT

17

DATED: August 29, 2025

/s/ Micah Allred
Micah C. Allred
Timothy B. Fitzgerald
**McNaul Ebel Nawrot & Helgren PLLC**
600 University Street, Suite 2700
Seattle, WA 98101
(206) 467-1816
mallred@mcnaul.com
tfitzgerald@mcnaul.com

Lukas Sosnicki
**Thompson Coburn LLP**
10100 Santa Monica Blvd, Suite 500
Los Angeles, CA 90067
(310) 282-2500
lsosnicki@thompsoncoburn.com

*Attorneys for Defendants Alaska Ice Seafoods, Inc.*
*and Long Fisheries, Inc.*

DATED: August 29, 2025

/s/ Philip J. Wang
Philip J. Wang
Traci Michelle Keith
**PUTTERMAN YU WANG LLP**
345 California St. Suite 1160
San Francisco, CA 94104
pwang@plylaw.com
tkeith@plylaw.com

*Attorneys for Defendant Ocean King Fish Inc.*

DATED: August 29, 2025

/s/ Steven McLellan
Steven McLellan
**MCLELLAN LAW GROUP LLP**
900 E. Hamilton Ave. Suite 100
Campbell, CA 95008
Mclellanlawgroup.com

*Attorneys for Defendant Fisherman's Catch Inc.*

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

1

DATED: August 29, 2025

2
                                          _____
                                          Huechi Wong, Esq.
3                                         **HH LEGAL GROUP**
                                          2443 Fillmore Street, #380-4372
4                                         San Francisco, CA 94115
                                          huechi@hhdisputes.com

5
                                          *Attorney for Defendants Nor-Cal Seafood, Inc. and*
6                                         *Kevin Lee*

7

8                      **ATTESTATION UNDER L.R. 5-1(i)(3)**

9          Pursuant to Civil Local Rule 5-1(i)(3), I attest under the penalty of perjury that the above

10   signatories authorized the use of an electronic signature and concurred in the filing of this

11   document.

12

13   Dated: August 29, 2025                    by: */s/ Stuart G. Gross*
                                                  STUART G. GROSS
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gross Klein PC
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111