# EXHIBIT C

| | |
|---|---|
| 1 | CHARLES H. SAMEL (SBN 182019) |
|   | charles.samel@stoel.com |
| 2 | EDWARD C. DUCKERS (SBN 242113) |
|   | ed.duckers@stoel.com |
| 3 | STOEL RIVES LLP |
|   | 1 Montgomery Street, Suite 3230 |
| 4 | San Francisco, CA 94104 |
|   | Telephone: 415.617.8900 |
| 5 | |
|   | MATTHEW D. SEGAL (SBN 190938) |
| 6 | matthew.segal@stoel.com |
|   | MICHELLE J. ROSALES (SBN 343519) |
| 7 | michelle.rosales@stoel.com |
|   | STOEL RIVES LLP |
| 8 | 500 Capitol Mall, Suite 1600 |
|   | Sacramento, CA 95814 |
| 9 | Telephone: 916.447.0700 |
| 10 | TIMOTHY W. SNIDER (OSBN 034577, appearing *pro hac vice*) |
|   | timothy.snider@stoel.com |
| 11 | STOEL RIVES LLP |
|   | 760 SW Ninth Avenue, Suite 3000 |
| 12 | Portland, OR 97205 |
|   | Telephone: 503.224.3380 |

*Attorneys for Pacific Seafood Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAND LITTLE and ROBIN BURNS, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:23-cv-01098-AGT |
| Plaintiff, | **NOTICE OF SERVICE OF SUBPOENAS** |
| v. | |
| PACIFIC SEAFOOD PROCUREMENT, LLC; PACIFIC SEAFOOD PROCESSING, LLC; PACIFIC SEAFOOD FLEET, LLC; PACIFIC SEAFOOD DISTRIBUTION, LLC; PACIFIC SEAFOOD USA, LLC; DULCICH, INC.; PACIFIC SEAFOOD – EUREKA, LLC; PACIFIC SEAFOOD – CHARLESTON, LLC; PACIFIC SEAFOOD – WARRENTON, LLC; PACIFIC SEAFOOD – NEWPORT, LLC; PACIFIC SEAFOOD – BROOKINGS, LLC; PACIFIC SEAFOOD – WESTPORT, LLC; | |

|   |   |
|---|---|
| 1 | PACIFIC SURIMI – NEWPORT, LLC; BLUE RIVER SEAFOOD, INC.; SAFE COAST SEAFOODS, LLC; SAFE COAST SEAFOODS WASHINGTON, LLC; OCEAN GOLD SEAFOODS, INC.; NOR-CAL SEAFOOD, INC.; KEVIN LEE; AMERICAN SEAFOOD EXP, INC.; CALIFORNIA SHELLFISH COMPANY, INC.; ROBERT BUGATTO ENTERPRISES, INC.; ALASKA ICE SEAFOODS, INC.; LONG FISHERIES, INC. CAITO FISHERIES, INC.; CAITO FISHERIES, LLC; SOUTHWIND FOODS, LLC; FISHERMAN'S CATCH, INC.; GLOBAL QUALITY FOODS, INC.; GLOBAL SEAFOOD LLC; OCEAN KING FISH INC.; SOUTH BEND PRODUCTS LLC; SWANES SEAFOOD HOLDING COMPANY LLC; BORNSTEIN SEAFOODS, INC.; ASTORIA PACIFIC SEAFOODS, LLC and DOES 29-60, |
| | Defendants. |

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, Defendants will serve the following subpoenas, attached hereto as the following exhibits:

| Exhibit # | Recipient |
|---|---|
| 1. | Dale Adams |
| 2. | John Atkinson, Jr |
| 3. | Ryan Barrett |
| 4. | George Bradshaw |
| 5. | Robert Burchell |
| 6. | Jeffrey Burns |
| 7. | Kyle W. Burns |
| 8. | Roscoe D. Burns |
| 9. | Chester Bushnell |
| 10. | Tony Cannia |
| 11. | Shane Chambers |
| 12. | Daniel Crome |

| | | |
|---|---|---|
| 13. | Shaun Cutting |
| 14. | Brian Cutting |
| 15. | Joseph Daignault |
| 16. | Patrick Davis |
| 17. | Bob Eder |
| 18. | Nick Edwards |
| 19. | Tom Estes |
| 20. | Tim Estes |
| 21. | Jeff Fletcher |
| 22. | Christopher Fox |
| 23. | Curtis Gann |
| 24. | Brett Hearne |
| 25. | Sean Hodges |
| 26. | Nicholaus Jardstrom |
| 27. | Jim Kary |
| 28. | Michael Kurtz-Harvie |
| 29. | Georgon Lapham |
| 30. | Patrick Lazzari |
| 31. | Dan Melling |
| 32. | Travis Michel |
| 33. | Rod Miller |
| 34. | Aaron Newman |
| 35. | Brian Nolte |
| 36. | Amy Rambo Palmby |
| 37. | Tony Pettis |
| 38. | David Quashnick Jr |
| 39. | Chris Retherford |

| 40. | Mike Retherford |
|---|---|
| 41. | Karla Richardson |
| 42. | Gary Ripka |
| 43. | Colin Roberts |
| 44. | James Roberts |
| 45. | Mark Rydman |
| 46. | Jen K. Schile |
| 47. | Jon Silva |
| 48. | Heather Soule |
| 49. | Joe Spier |
| 50. | Don Standley |
| 51. | Robert Stedman |
| 52. | Dennis Sturgell Jr |
| 53. | John Tarantino |
| 54. | Kaleb Thoreson |
| 55. | Michael Ryan Towle |
| 56. | Mark Towle |
| 57. | Troy Wakefield |
| 58. | Doug Westerlund |
| 59. | Seth Whitsett |
| 60. | David Wolfenberger |
| 61. | Justin Yager |

1

2  DATED: October 22, 2025

STOEL RIVES LLP

3

_____
CHARLES H. SAMEL
charles.samel@stoel.com
EDWARD C. DUCKERS
ed.duckers@stoel.com
TIMOTHY W. SNIDER (appearing *pro hac vice*)
timothy.snider@stoel.com
MATTHEW D. SEGAL
matthew.segal@stoel.com
MICHELLE J. ROSALES
michelle.rosales@stoel.com

*Attorneys for Pacific Seafood Defendants*

# EXHIBIT 1.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| Brand Little, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 23-cv-1098 |
| Pacific Seafood Procurement, LLC et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Dale Adams

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached hereto.

| Place: Stoel Rives, LLP<br>760 SW Ninth Ave., Suite 3000<br>Portland, OR 97205 | Date and Time:<br>11/21/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/23/2025

*CLERK OF COURT*   OR   /s/ Timothy Snider

*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Pacific Seafood Procurement, LLC et al. , who issues or requests this subpoena, are:

Tim Snider, Stoel Rives, 760 SW 9 AVE, STE 3000, PORTLAND, OR 97205, timothy.snider@stoel.com, 503-294-9557

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-1098

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A TO SUBPOENA IN A CIVIL ACTION

## I.     DEFINITIONS

1. "**You**" or "**Your**" refer to **Dale Adams** including any members, officers, partners, directors, employees, agents, assigns, predecessors, successors, subsidiaries, departments, divisions, and/or associated entities or organizations.

1. "**Document**" is used as broadly as permitted under Federal Rule of Civil Procedure 34, referring to all writing and records of data, text, or information of any kind in any form. "Document(s)" includes, without limitation, all electronically stored information, including emails, text messages, instant messages, WhatsApp messages, webpages, social media posts, ephemeral messaging applications, and messages in workplace collaboration tools like Slack, Microsoft Teams, Google Meet, or Google Chat. This includes any information stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form or any designated tangible thing.

2. The term "**Communication(s)**" means and includes any oral, written, or electronic contact or transmission of information between two or more persons, including, without limitation, personal conversations, telephone conversations, letters, meetings, text messages, instant messages, WhatsApp messages, email, and facsimile communications or transmittals of documents and all documents concerning such writing or oral conversation.

2. The term "**Crabber(s)**" means persons who fish for Dungeness crab in California, Oregon, and/or Washington for purposes of selling commercially.

3. The term "**Buyer(s)**" means any person or entity that buys Dungeness crab from Crabbers for purposes other than consuming, such as, without limitation, processing, distributing, or reselling.

4. The term "**Ex Vessel**" refers to a purchase of Dungeness crab by a licensed buyer directly from the vessel that caught the Dungeness crab.

5. The term "**relating to**" is used in the broadest sense conceivable to mean, without limitation, concerning, referring to, applicable to, alluding to, responding to, in connection with, commenting on, in response to, regarding, explaining, discussing, showing, indicating, describing, evidencing, concerning, studying, reflecting, analyzing, constituting, supporting, or contradicting.

## II.   INSTRUCTIONS

1. This subpoena seeks production of all Documents in Your possession, custody or control, or in the possession, custody, or control of any other person acting or purporting to act on Your behalf, whether as an attorney, employee, agent, sponsor, spokesperson or otherwise. Documents are considered to be within Your control if You are entitled to receive them upon request to a third party.

2. Documents should be produced in their native form (i.e., the format which they are kept ordinarily) unless a different agreement is reached with the attorneys issuing this Subpoena.

3. If any Documents requested herein have been lost or destroyed, said Documents shall be identified by author, date, and subject matter, and the reasons why the Documents were lost or destroyed shall be explained with sufficient particularity.

4.       All Documents or portions of Documents called for by these requests, for which You claim a privilege, statutory authority, or regulatory authority as a ground for nonproduction shall be identified in a privilege log containing information sufficient to evaluate the claimed privilege or authority.

5.       If You have questions or concerns about these instructions or how to respond to these requests, You or Your attorney should contact the attorneys issuing this Subpoena at the email addresses listed in paragraph 6 below.

6.       Please produce each and all of the documents requested herein no later than the date indicated above by delivering true and correct copies of such Documents to Timothy Snider at:

> **Stoel Rives, LLP**
> **760 SW Ninth Ave., Suite 3000**
> **Portland, OR 97205**

or via email or other form of secure electronic file transfer protocol, to timothy.snider@stoel.com and brandon.vinsant@stoel.com.

### III.     DOCUMENTS TO BE PRODUCED

1.       All Documents reflecting Communications with other Crabbers relating to the price of, and/or negotiations about, Ex Vessel Dungeness crab including, without limitation, text messages.

2.       All Documents reflecting Communications with Buyers relating to the price of, and/or negotiations about, Ex Vessel Dungeness crab, including, without limitation, text messages.