UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAND LITTLE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PACIFIC SEAFOOD PROCUREMENT, LLC, et al.,<br><br>    Defendants. | Case No.  23-cv-01098-AGT<br><br>**ORDER RE: MOTIONS TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA**<br><br>Re: Dkt. Nos. 436, 438 |

    Plaintiffs filed motions to compel two nonparty telephone service providers, Verizon Value, Inc. and Verizon Wireless, to comply with Plaintiffs' Rule 45 document subpoenas. Dkts. 436, 438. The subpoenas seek ten years of phone logs from, respectively, 117 and 145 individuals (some parties, some nonparties, with significant overlap between the two lists of individuals) involved in the commercial ex vessel Dungeness crab market. The subpoenas do not request the contents of text messages or transcripts of phone calls, but rather records about texts and calls, such as time and date, duration, and origin and destination numbers. Plaintiffs assert these records, showing the existence of communications between various defendants at specific times, will produce "evidence showing a cohesive timeline of communications, meeting and conduct at the heart of the alleged conspiracy."

    Verizon Value and Verizon Wireless both told Plaintiffs they would not comply with the subpoenas absent a court order. Verizon Value asserted that California Public Utilities Code § 2891 and California Code of Civil Procedure § 1985.3 prohibit Verizon Value from

producing a subscriber's records for civil lawsuit purposes absent the subscriber's consent. Verizon Value requested that Plaintiffs submit either records of consent from the various individual subscribers or a court order compelling Verizon Value's compliance notwithstanding California law. Dkt. 436-3, Ex. B. Verizon Value indicated it would not oppose Plaintiffs' motion to compel and indeed did not file an opposition. Dkt. 438-4, Ex. C.

Verizon Wireless also objected to compliance on grounds that California Public Utilities Code § 2891 requires either records of subscriber consent or a court order. Dkt. 436-4, Ex. B. Verizon Wireless also raised various other objections (e.g., not reasonably tailored, calls for production of privileged documents, vague and overly broad) but did not raise California Code of Civil Procedure § 1985.3. Verizon Wireless did not confirm whether it would oppose Plaintiffs' motion to compel, but as Plaintiffs point out, dkt. 471, it did not oppose by the deadline, nor did any other party.

However, several nonparties filed motions to quash the subpoenas directed to the Verizon entities. *See* Dkts. 458, 475, 476; *see also* Dkt. 463 (motion to quash similar subpoena directed to AT&T).

Both Verizon entities' primary concern about Plaintiffs' subpoena appears to be potential liability under California Public Utilities Code § 2891. The law creates civil liability for telephone corporations if the corporation discloses subscriber data without the express permission of the subscriber. However, a telephone corporation is not liable if it discloses the information "in good faith compliance with the terms of a . . . federal court . . . order[.]" Cal. Pub. Util. Code § 2894. Several courts have found disclosure of phone records permissible under Sec. 2891 where a court issues an order compelling compliance. *See Lee v. Glob. Tel\*Link Corp.*, No. 15-cv-2495-ODW, 2017 WL 11272587, at \*5 (C.D. Cal. Dec. 6, 2017)

2

("the Court interprets Section 2894 to shield telephone companies from civil liability where they disclose subscriber information in good faith, and subject to a court order"); *McArdle v. AT & T Mobility LLC*, No. 09-cv-1117-CW-MEJ, 2010 WL 1532334, at *6 (N.D. Cal. Apr. 16, 2010). Further, by failing to oppose Plaintiffs' motions to compel, the Verizon entities have waived any argument that an order from this Court is insufficient to require their compliance. Accordingly, the Court concludes that California law does not prevent it from ordering compliance with Plaintiffs' subpoenas.

The Court is aware that an order to compel compliance with Plaintiffs' subpoenas would expose a decade's worth of cellphone records for over a hundred individuals, implicating privacy concerns. From the motions to quash that have been filed, at least two non-party individuals indicated they had received notice from their service provider about the existence of Plaintiffs' subpoenas; the notices provide the individuals a chance to object. Dkt. 458-1, Ex. A (notice from Verizon); Dkt. 463-1, Ex. B (notice from AT&T). The Court is not aware of any legal requirement that Plaintiffs or the telephone companies provide such notices in the context of federal court litigation,[1] and the Verizon entities waived any argument that Plaintiffs must provide notice to the individuals.

Accordingly, the Court GRANTS Plaintiff's motions to compel Verizon Value and Verizon Wireless to comply with Plaintiffs' subpoenas.[2] The order does not extend to the

---

[1] Cal. Civ. P. § 1985.3 seems to impart such a requirement, but not in federal court litigation. Fed. R. Civ. P. 1.

[2] Plaintiffs filed two corresponding Motions to Consider Whether Another Party's Material Should be Sealed. Dkts. 437, 439. Plaintiffs' motions to compel include exhibits containing information that certain Defendants had labeled as confidential. Defendants had seven days from the filing of the plaintiffs' motion, or until October 16, 2025, to file a statement in support of sealing. *See* Civil. L.R. 79-5(f)(3). They did not file such a statement. In the absence of any good cause shown, Plaintiffs' administrative motion to seal is denied. Plaintiffs shall file unredacted public versions of the motions to compel and associated exhibits by November 17, 2025.

3

nonparties who have filed motions to quash, as those motions are still pending. *See* Dkts. 458, 475, 476.

    **IT IS SO ORDERED.**

Dated: November 10, 2025

_____
Alex G. Tse
United States Magistrate Judge

4