CHARLES H. SAMEL (SBN 182019)
charles.samel@stoel.com
EDWARD C. DUCKERS (SBN 242113)
ed.duckers@stoel.com
STOEL RIVES LLP
1 Montgomery Street, Suite 3230
San Francisco, CA 94104
Telephone: 415.617.8900

MATTHEW D. SEGAL (SBN 190938)
matthew.segal@stoel.com
MICHELLE J. ROSALES (SBN 343519)
michelle.rosales@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700

TIMOTHY W. SNIDER (admitted *pro hac vice*)
timothy.snider@stoel.com
ALEX VAN RYSSELBERGHE (admitted *pro hac vice*)
alex.vanrysselberghe@stoel.com
ALEXANDRA CHOI GIZA (admitted *pro hac vice*)
alexandra.giza@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380

*Attorneys for Pacific Seafood Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAND LITTLE and ROBIN BURNS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC SEAFOOD PROCUREMENT, LLC, et al.,<br><br>Defendants. | Case No. 3:23-cv-01098-AGT<br><br>**PACIFIC SEAFOOD'S NOTICE OF MOTION AND MOTION TO COMPEL NONPARTIES OZZIE GREGORIO AND TRIPLE G SEAFOOD TO COMPLY WITH SUBPOENA**<br><br>Date:      December 19, 2025<br>Time:      10:00 a.m.<br>Location:  Courtroom A, 15th Floor<br>Judge:     The Honorable Alex G. Tse |

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOT OF MOT AND MOT TO COMPEL
COMPLIANCE WITH SUBPOENAS

3:23-CV-01098-AGT

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................................. ii
NOTICE OF MOTION ........................................................................................................................... 1
RELIEF SOUGHT ................................................................................................................................... 1
MEMORANDUM OF POINTS AND AUTHORITIES ......................................................................... 1
I.  INTRODUCTION ....................................................................................................................... 1
II. STATEMENT OF RELEVANT FACTS .................................................................................... 3
    A. The Subpoena Seeks Documents Relevant to Core Allegations in the Complaint that Were Based on Information Provided to Plaintiffs by Gregorio. ........................................................................................................................ 3
    B. Gregorio Has Evaded Compliance with the Subpoena for More than Five Months. ............................................................................................................................ 4
    C. Pacific's Good-Faith Efforts to Confer with Gregorio Are at an Impasse. .............. 5
III. LEGAL STANDARD ................................................................................................................. 5
IV. ARGUMENT ............................................................................................................................... 6
    A. The Documents Requested Are Highly Relevant and Important, and Cannot Be Obtained from Another Source, at Least Not Feasibly. ........................ 6
        1. Gregorio has failed to substantiate his boilerplate objection that compliance would cause him undue burden and expense. ........................ 7
        2. Gregorio's remaining objections based on "privilege," and that the requests are "vague," "ambiguous," "overbroad," and "disproportionate," should be overruled. ....................................................... 9
    B. Gregorio Agreed to Produce Documents in Partial Response to Request Nos. 10, 15, 18, and 19, but then Withheld Them Based on Meritless Preconditions. .................................................................................................................. 10
        1. Gregorio cannot withhold documents on the condition that Pacific reimburse him for attorneys' fees and other expenses. ............................. 10
        2. Gregorio's confidentiality concerns are no basis to withhold documents because he can produce them pursuant to the Protective Order in this case. .................................................................................................. 11
IV. CONCLUSION ............................................................................................................................ 11
APPENDIX ............................................................................................................................................. 13
PROOF OF SERVICE ............................................................................................................................ 15

# TABLE OF AUTHORITIES

Page

**Cases**

*Balfour Beatty Infrastructure, Inc. v. PB & A, Inc.*,
  319 F.R.D. 277 (N.D. Cal. 2017) .......................................................................... 11

*British Telecomms. PLC v. IAC/InteractiveCorp.*,
  No. 3:20-mc-80028-AGT, ECF No. 25 (Tse, J.) ................................................ 7, 10

*Cratty v. City of Wyandotte*,
  296 F. Supp. 3d 854 (E.D. Mich. 2017) ................................................................. 8

*Gamefam, Inc. v. WowWee Grp. Ltd.*,
  No. 23-MC-80310-SI, 2024 WL 1181001 (N.D. Cal. Mar. 18, 2024) .................. 11

*In re Grand Jury Investigation*,
  974 F.2d 1068 (9th Cir. 1992) ................................................................................ 9

*Harris v. Best Buy Stores, L.P.*,
  No. 3:15-cv-00657, 2016 WL 6024556 (N.D. Cal. Oct. 14, 2016) ........................ 8

*Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*,
  173 F.R.D. 651 (D. Md. 1997) .............................................................................. 10

*KFD Enters., Inc. v. City of Eureka*,
  No. C 08-4571 MMC (JL), 2010 WL 11484695, at *8 (N.D. Cal. Nov. 12,
  2010) ....................................................................................................................... 8

*Legal Voice v. Stormans Inc.*,
  738 F.3d 1178 (9th Cir. 2013) .............................................................................. 11

*In re Motion to Compel Compliance with Subpoena Directed to Cooke Legal Grp.,
  PLLC*,
  333 F.R.D. 291 (D.D.C. 2019) ............................................................................... 8

*Nat'l Grange of the Order of Patrons of Husbandry v. Cal. Guild*,
  No. CV 2:16-201 WBS DB, 2018 WL 1899922, at *2 (E.D. Cal. Apr. 20,
  2018) ....................................................................................................................... 6

*Shaw v. Experian Info. Sols., Inc.*,
  306 F.R.D. 293 (S.D. Cal. 2015) ............................................................................ 8

*Sia Chue Yang v. Schwarzenegger*,
  No. C 09-2306 CW (JL), 2010 WL 11587074 (N.D. Cal. May 12, 2010) ............. 9

# TABLE OF CONTENTS
(continued)

Page

*In re Subpoena to Paypal Holdings, Inc.*,
   No. 20-mc-80041-AGT, 2020 WL 3073221, at *2 (June 10, 2020), ECF No.
   31 at 3 .................................................................................................................. 6, 8, 9

*United States v. McGraw-Hill Cos.*,
   302 F.R.D. 532 (C.D. Cal. 2014) .................................................................................... 11

**Rules**

Fed. R. Civ. P. 26(b)(1) .................................................................................................... 6, 7

Fed. R. Civ. P. 26(b)(2) ....................................................................................................... 5

Fed. R. Civ. P. 45(d)(2)(B)(i) .............................................................................................. 5

Fed. R. Civ. P. 45(e)(2) ....................................................................................................... 9

Fed. R. Civ. P. 45(e)(2)(A) ................................................................................................. 9

Local Rule 37-2 .............................................................................................................. 3, 5

Rule 26 ............................................................................................................................ 6, 8

Rule 34(b) ......................................................................................................................... 10

Rule 37(a)(3) .................................................................................................................... 10

Rule 45 .............................................................................................................................. 11

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on December 19, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, at 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom A, 15th Floor, before the Honorable Alex G. Tse, Defendants Pacific Seafood Procurement, LLC; Pacific Seafood Processing, LLC; Pacific Seafood Fleet, LLC; Pacific Seafood Distribution, LLC; Pacific Seafood USA, LLC; Dulcich, Inc.; Pacific Seafood – Eureka, LLC; Pacific Seafood – Charleston, LLC; Pacific Seafood – Warrenton, LLC; Pacific Seafood – Newport, LLC; Pacific Seafood – Brookings, LLC; Pacific Seafood – Westport, LLC; Pacific Surimi – Newport, LLC ("Pacific Seafood," and collectively referred to here as "Pacific") will, and hereby do, move the Court for an order compelling nonparties Ozzie Gregorio and Triple G Seafood (collectively, "Gregorio") to comply with Pacific's Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action issued to each of them by Pacific on May 20, 2025, and served on both Subpoenaed Parties on May 28, 2025. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Matthew D. Segal ("Segal Decl.") and Alex Van Rysselberghe ("Van Rysselberghe Decl.") and their attachments, the pleadings on file in this action, and upon such other matters presented to the Court at hearing.

# RELIEF SOUGHT

Pacific respectfully seeks an order compelling Gregorio to produce all documents responsive to Request Nos. 10, 15, 18, 19, and 24 of Pacific's subpoenas, served on Gregorio on May 28, 2025, within 21 days.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pacific Seafood ("Pacific") moves to compel nonparty Ozzie Gregorio and his company, Triple G Seafoods (collectively, "Gregorio"), to comply with the subpoenas *duces tecum* that Pacific served on May 28, 2025. Ozzie Gregorio is Confidential Buyer Informant #1 in the complaint, and the subpoenas seek evidence related to the 87 allegations sourced or related to

him. Pacific has received not one responsive document. Instead, after five months of extensions and futile attempts to meet and confer, Pacific indicated it would bring the matter to the Court for resolution. Gregorio's former counsel responded that he no longer represented Gregorio.

Pacific seeks an order compelling Gregorio to produce documents in response to five specifications, each of which calls for information central to this case: the negotiation of ex vessel Dungeness crab prices. Three of the requests are directly related to Gregorio's own allegations, which underpin Plaintiffs' cartel theory and were repeatedly cited in the Court's denial of Defendants' motion to dismiss. The two other requests seek evidence to defend against Plaintiffs' cartel and price-fixing claims; they call for Gregorio's pricing discussions with crabbers and crab buyers—the *exact* discovery requests *Plaintiffs* have been serving on Defendants and numerous other nonparty crab buyers (other than Gregorio). (*See* Van Rysselberghe Decl. ¶ 3, Ex. A at 19–20; ECF Nos. 358-5, 383-2, 384-2, 385-2.) Pricing discussions between all parts of the market—buyers and crabbers—are needed to complete the picture and evaluate the competitive landscape in this marketplace.

Gregorio once agreed to produce at least some responsive documents, but then decided to withhold them based on unsubstantiated objections and improper demands for Pacific to take Plaintiffs' place as the payor of Gregorio's legal fees.[1] Gregorio has demonstrated himself to be a recalcitrant witness, closely aligned with Plaintiffs, who has a history of failing to comply with court orders and flouting the judicial process, a history that continues to the present day. (*See* ECF No. 360.) As the latest example, a bankruptcy court in this District recently dismissed Gregorio's personal bankruptcy petition because Gregorio had, despite warning, refused to provide a list of creditors or his tax returns. (Segal Decl. ¶ 16.) Gregorio even failed to appear on Zoom for his 341 hearing. (*Id.*)

Pacific respectfully requests that the Court overrule Gregorio's objections and order production of all documents responsive to Request Nos. 10, 15, 18, 19, and 24 within 21 days.

---

[1] Given his importance to their case, Plaintiffs have volunteered to cover his legal costs at least "in the first instance," and both Plaintiffs' counsel and Gregorio have indicated to Pacific that Plaintiffs and Gregorio have a common interest agreement. (Segal Decl. ¶ 11, Ex. G; Van Rysselberghe Decl. ¶ 5, Ex. C at 1.)

## II. STATEMENT OF RELEVANT FACTS

### A. The Subpoena Seeks Documents Relevant to Core Allegations in the Complaint that Were Based on Information Provided to Plaintiffs by Gregorio.

Pacific served identical subpoenas on Gregorio and his company, Triple G Seafood. (Segal Decl. ¶ 3, Ex. A.) Pacific now moves to compel compliance with limited specifications: (1) documents related to the 87 complaint paragraphs sourced to Gregorio ("Gregorio Allegations"), including documents substantiating or refuting specific events Gregorio allegedly experienced; and (2) Gregorio's communications with Dungeness crab fishermen and crab buyers regarding prices—evidence relating to the core issue in this case. Pacific seeks to compel production of documents in response to Request Nos. 10, 15, 18, 19, and 24, which seek:

> **REQUEST NO. 10:** All communications between You and any other Ex Vessel Dungeness crab Buyer concerning any Ex Vessel price for Dungeness crab (whether offered or paid and whether by you or any other Buyer).
>
> **REQUEST NO. 15:** All Documents related to any of the allegations in the Second Amended Complaint, including, without limitation, those in Paragraphs: 45, 47, 93, 221–223, 224, 225, 226–227, 279, 293, 298, 299, 300–360, 366, 372, 383, 403, 410–416, 437.
>
> **REQUEST NO. 18:** All documents related to any San Francisco Bay Area retailer's order, preorder, or unperformed agreement to buy crab from you in the 2022–2023 season, with such retailers to include Lucky's Seafood Market, California Fish Market SF, Seafood Center SF, Fresh Meat Seafood SF, Liangs Seafood, Long Ling Supermarket Oakland, New Century Seafood Market; and San Bruno Market.
>
> **REQUEST NO. 19:** Any Documents, including police reports or insurance claims, related to any of your equipment or property damaged in Charleston, Oregon in January or February 2024.
>
> **REQUEST NO. 24:** All Documents relating to any Communications with Crabbers related to price or payment.[2]

(*Id.*) Pursuant to Local Rule 37-2, each of these requests, and Gregorio's responses and objections thereto, are set out in full in the Appendix to this Memorandum of Points and Authorities.

The Gregorio Allegations have already played a significant role in this case. The Court will recall that it dismissed Plaintiffs' original complaint for failure to state a claim. (ECF

---

[2] Pacific reserves the right, if necessary and appropriate, to move to compel compliance with other specifications in the subpoenas.

1  No. 59.) Thereafter, Plaintiffs revived their case by emphasizing a cartel theory, based largely on the Gregorio Allegations. (ECF No. 255.)

The Court allowed Plaintiffs' new complaint to go forward to discovery, based largely on the Gregorio Allegations. The Court's order denying the motion to dismiss contains a six-bullet-point list of allegations that the Court determined raised a reasonable expectation that discovery will reveal evidence of a conspiracy. (ECF No. 242 at 2.) Five of the six bullet points cite complaint paragraphs containing the Gregorio Allegations. (*See id.*, citing FAC ¶¶ 225, 224, 228, 334–36, 296, 301, 308, 320, 342, 398.) In the Court's analysis of the sufficiency of the evidence that Defendants other than Pacific participated in the conspiracy, the *only* complaint paragraphs cited are Gregorio Allegations. (ECF No. 242 at 5–7.)

### B. Gregorio Has Evaded Compliance with the Subpoena for More than Five Months.

Gregorio has been trying to defeat discovery since May 28, 2025, when he threatened to sic his dogs on, and then to shoot, Pacific's process server. (Segal Decl. ¶ 4, Ex. B.) Thereafter, *Plaintiff* requested, and Pacific agreed to, an extension of time for *Gregorio* to respond to the subpoena, from approximately June 13 until July 14. (ECF No. 354.) Gregorio then got counsel, who contacted Pacific and obtained a second consensual extension, until August 14. (Segal Decl. ¶ 5, Ex. C.) Gregorio's counsel then sought a third extension, until September 11, representing he would "attempt to make a production" on that date. (*Id.*) Only after Pacific agreed to the third extension, Gregorio stated that he would "only produce records not requiring more than an insignificant burden" and would withhold other records unless Pacific reimbursed his costs (*Id.*)

Gregorio produced no documents on September 11. (*Id.* ¶ 6.) Indeed, today, over six weeks later, Gregorio has still produced nothing. He has refused to provide any estimated date of production and will not say what efforts he has made to produce documents, what documents will be produced, or what documents will be withheld and why. (*Id.* ¶¶ 6, 8, 11, 14, Ex. G.) Gregorio's most recent correspondence through his former counsel indicated that Gregorio had not even begun evaluating or collecting certain documents. (*Id.* ¶ 11, Ex. G.) Gregorio will not even confirm that he has made efforts to *preserve* responsive records. (*Id.* ¶ 8.)

### C. Pacific's Good-Faith Efforts to Confer with Gregorio Are at an Impasse.

Pacific's attempts to confer have proven futile. Gregorio served objections to the Subpoenas on August 14, which were largely boilerplate and blanket "undue burden" objections. (*Id.* ¶ 7, Ex. D.) In a nearly one-hour videoconference on August 29, Gregorio's counsel refused to discuss specifics and insisted that Pacific needed to "confer" in writing about any specific requests. (*Id.* ¶ 8.) So, on September 10, Pacific sent Gregorio a detailed 20-page letter to explain Pacific's needs and ask targeted questions about Gregorio's alleged "burden" associated with particular requests. (*Id.* ¶ 9, Ex. E.) Gregorio responded on October 9. In three pages, he refused to "respond point-by-point to [Pacific's] letter" and insisted that Pacific first reduce its number of requests and prepay Gregorio's legal costs before Gregorio would "confer further" or produce certain documents. (*Id.* ¶¶ 10, 11, Exs. F, G.)

Pacific wrote Gregorio's counsel on October 20 to request to confer in person or by videoconference as soon as possible, or else Pacific would move to enforce the subpoenas. (*Id.* ¶ 12, Ex. H.) Counsel then announced that he no longer represented Gregorio. (*Id.* ¶ 13, Ex. I.) Gregorio has not subsequently contacted Pacific regarding the subpoenas. (*Id.*) Pacific currently has no information about whether Gregorio intends to retain new counsel or whether he intends to do anything at all to respond to Pacific's subpoenas. (*Id.*)

## III. LEGAL STANDARD

A party that has served a lawful subpoena may move to compel compliance "[a]t any time." Fed. R. Civ. P. 45(d)(2)(B)(i). Under Local Rule 37-2, a motion to compel must "set forth each request in full, followed immediately by the objections and/or responses thereto," and further must "detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied." Pursuant to Local Rule 37-2, each of Pacific's requests, and Gregorio's responses and objections thereto, are set out in the Appendix to this Memorandum of Points and Authorities.

## IV. ARGUMENT

### A. The Documents Requested Are Highly Relevant and Important, and Cannot Be Obtained from Another Source, at Least Not Feasibly.

Rule 26 allows discovery on matters "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, [and] the parties' relative access to relevant information," among other factors. Fed. R. Civ. P. 26(b)(1); *see In re Subpoena to Paypal Holdings, Inc.*, No. 20-mc-80041-AGT, 2020 WL 3073221, at *2 (June 10, 2020), ECF No. 31 at 3 (Tse, J.) ("'Courts generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial.'" (quoting *Nat'l Grange of the Order of Patrons of Husbandry v. Cal. Guild*, No. CV 2:16-201 WBS DB, 2018 WL 1899922, at *2 (E.D. Cal. Apr. 20, 2018))). Request Nos. 10, 15, 18, 19, and 24 seek documents directly relevant and proportional to the needs of the case. Request Nos. 15, 18, and 19 target key cartel and price-fixing allegations, many of which Plaintiffs acknowledge Gregorio is the sole or primary source or which otherwise expressly concern Gregorio. (Van Rysselberghe Decl. ¶ 4, Ex. B at 15, 19, 24, 26, 32, 37, 76.) Request Nos. 10 and 24 seek pricing communications between Gregorio and other crabbers and crab buyers, which is the exact document requests Plaintiffs have served on Defendants and other nonparty crab buyers seeking their discussions about crab. (Van Rysselberghe Decl. ¶ 3, Ex. A at 19–20; ECF Nos. 358-5, 383-2, 384-2, 385-2.) Pacific needs this discovery for its defense in this case.

Gregorio is an unusually important third-party witness. According to Plaintiffs' counsel's personal declaration, the complaint "contains extensive allegations based on information [Gregorio] provided." (ECF No. 355-1, ¶ 2.) When it appeared that Gregorio would be cooperative, Plaintiffs told the Court that Gregorio would "be called upon to provide extraordinary participation in this litigation's discovery process." (ECF No. 355 at 5.) Gregorio's information forms the basis for at least 87 paragraphs of the complaint's allegations, and the Court relied on many of those paragraphs as factual allegations sufficient to support denial of

Defendants' motions to dismiss. (Segal Decl. ¶ 15, Ex. J.[3]) Fairness dictates that Defendants have the right to test the validity of such significant allegations, including by using process to obtain relevant documents. *See* Fed. R. Civ. P. 26(b)(1). The amount in controversy in the case also is substantial—at least according to Plaintiffs—so proportionality arguments must be viewed skeptically.

The materials sought also are uniquely within Gregorio's possession and cannot be obtained from another source in most cases, or in some cases not without engaging in the gross inefficiency of attempting to identify all of the crabbers and other nonparties with whom Gregorio had pricing communications and serving them with subpoenas. Plaintiffs rely heavily, and in many cases exclusively, on Gregorio's claims and alleged observations. For instance, Gregorio claims to have been the sole nonparty witness to multiple events. *See British Telecomms. PLC v. IAC/InteractiveCorp.*, No. 3:20-mc-80028-AGT, ECF No. 25 at 3 (Tse, J.) (nonparty discovery is "needed" where it involves unique eyewitness observation of notable events). No other party or witness, and certainly no single witness, has been identified as having access to all of the same documents or information regarding these events. In civil discovery, the door swings both ways. The rules, as well as fundamental fairness, require that Pacific be able to obtain discovery from a witness of such alleged importance.

### 1. Gregorio has failed to substantiate his boilerplate objection that compliance would cause him undue burden and expense.

Gregorio's main objection is "undue burden." Pacific has repeatedly offered to discuss reasonable accommodations, but Gregorio has refused to specify what documents he possesses, their volume, storage, including the number of phones, computers, or other devices, or the time and cost required for production. (*See* Segal Decl. ¶¶ 8, 11, Ex. G.)

As this Court has recognized, it is the party "'opposing discovery [that] has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining

---

[3] Exhibit J is a copy of the Court's Order Denying Motion to Dismiss with its citations to Gregorio Allegations highlighted. (Segal Decl. ¶ 15 Ex. J.) For almost every Defendant, the decision that the allegations of participation were sufficient cited only Gregorio Allegations. (*See id.* Ex. J at 5–7.)

and supporting its objections with competent evidence.'" *In re Subpoena to Paypal Holdings, Inc.*, 2020 WL 3073221, at *2 (Tse, J.) (quoting *Harris v. Best Buy Stores, L.P.*, No. 3:15-cv-00657, 2016 WL 6024556, at *1 (N.D. Cal. Oct. 14, 2016)); *accord KFD Enters., Inc. v. City of Eureka*, No. C 08-4571 MMC (JL), 2010 WL 11484695, at *8 (N.D. Cal. Nov. 12, 2010)). Where one objects on the basis of "undue burden," one must "'provide sufficient detail regarding the time, money and procedures required to produce the requested documents.'" *Shaw v. Experian Info. Sols., Inc.*, 306 F.R.D. 293, 301 (S.D. Cal. 2015) (citation omitted).[4]

To date, Gregorio has provided *no* information from which Pacific can understand the extent and nature of the documents he even possesses, let alone any "'detail'" regarding the "'time, money and procedures required to produce the requested documents.'" *Shaw*, 306 F.R.D. at 301 (citation omitted). Gregorio has accordingly not met his threshold responsibility to substantiate his objection on the basis of "undue burden." *See In re Motion to Compel Compliance with Subpoena Directed to Cooke Legal Grp., PLLC*, 333 F.R.D. 291, 295 (D.D.C. 2019) (overruling objections where respondent "failed to articulate, let alone demonstrate by affidavit or evidence, that compliance with the subpoena would be overly burdensome or unfeasible").

In any event, Gregorio will likely be unable to establish any burden that outweighs Pacific's need for his evidence in this case. All indications are that Gregorio is a small business operator with no more than a handful of employees and a limited number of relevant devices or custodians. (*E.g.*, Van Rysselberghe Decl. ¶ 4, Ex. B at 32.) Even if some burden exists, there is no basis to find that the burden is "undue," and Pacific's requests remain reasonable in light of Gregorio's central role in Plaintiffs' claims, the importance of the evidence sought, and the overall scale of the litigation. *See Shaw*, 306 F.R.D. at 301 ("[T]hat production of documents will

---

[4] *Accord Cratty v. City of Wyandotte*, 296 F. Supp. 3d 854, 861 (E.D. Mich. 2017) ("'[A] responding party still must meet its burden of explaining how costly or time-consuming responding to a set of discovery requests will be, because that information is ordinarily better known to the responder than the requester.'" (citation omitted)); Fed. R. Civ. P. 26 advisory committee's note 2015 amendment ("[The party] claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination.").

be time consuming and expensive is not ordinarily a sufficient reason to refuse to produce material if the requested material is relevant and necessary to the discovery of admissible evidence."). Without specific, credible evidence from Gregorio demonstrating that compliance would be *either unduly or disproportionately* burdensome, his objections should be overruled.

### 2.    Gregorio's remaining objections based on "privilege," and that the requests are "vague," "ambiguous," "overbroad," and "disproportionate," should be overruled.

The Court should reject Gregorio's conclusory objections that the attorney-client and work product privileges might apply to support withholding certain unspecified responsive documents. Gregorio, "as the party resisting production of subpoenaed information on privilege grounds, has the burden of showing that the material withheld fits within the asserted privilege or protection." *In re Subpoena to Paypal Holdings, Inc.*, 2020 WL 3073221, at *4 (citing Fed. R. Civ. P. 45(e)(2); *In re Grand Jury Investigation*, 974 F.2d 1068, 1070–71 (9th Cir. 1992)). Gregorio "'cannot carry this burden by mere ipse dixit assertions that [a] privilege applies and, instead, must provide more substantial proof of eligibility for the privilege.'" *In re Subpoena to Paypal Holdings, Inc.*, 2020 WL 3073221, at *4 (quoting *Sia Chue Yang v. Schwarzenegger*, No. C 09-2306 CW (JL), 2010 WL 11587074, at *8 (N.D. Cal. May 12, 2010)). In particular, Gregorio must "'describe the nature of the withheld documents [or] communications . . . in a manner that, without revealing the information itself privileged or protected, will enable the parties to assess the claim.'" *Id.* (citing Fed. R. Civ. P. 45(e)(2)(A)).

Gregorio's objections that certain terms in Request Nos. 10, 15 and 18 are "vague," "ambiguous," "overbroad," and "disproportionate" all fail. Contrary to Gregorio's objection that the term "related to" in Request No. 15 is "vague," "ambiguous," "overbroad," and "disproportionate to the needs of the case," the term "related to" is an expressly defined term in the subpoena, and Gregorio has offered no explanation as to why the provided definition is unclear. Meanwhile, Gregorio fails to specify how exactly the term "concerning" in Request No. 10 is overbroad, lacking in specificity, or disproportionate to the needs of the case or, similarly, what part of Request No. 18 is "vague" or "ambiguous." On the contrary, Request No. 18 is narrow and particularized, seeking documents only related to specific San Francisco

Bay Area retailer accounts that purchased crab from Gregorio in a particular time period and referenced in the complaint.

Finally, Gregorio's objections that Request Nos. 10, 15, and 24 are "not limited in time period" are misplaced. Request No. 15 seeks documents relating to specific events in the complaint, which Gregorio claims to have personally witnessed at the particular times or dates that they occurred. Thus, Request No. 15 is inherently narrow in time, and further such limitations are unnecessary. In any event, Gregorio has failed to show, as discussed above, that the scope of Request Nos. 10, 15, and 24 cause him any undue burden or expense. Unless and until he makes that showing, Gregorio's time-based and scope-based objections should be overruled.[5]

**B.  Gregorio Agreed to Produce Documents in Partial Response to Request Nos. 10, 15, 18, and 19, but then Withheld Them Based on Meritless Preconditions.**

**1.  Gregorio cannot withhold documents on the condition that Pacific reimburse him for attorneys' fees and other expenses.**

Although Gregorio responded he would produce some documents in response to Request Nos. 15, 18, and 19, Gregorio refuses to provide any details about when any production will be made, how it will be made, what documents will be produced, and what other responsive documents he intends to withhold from production. (Segal Decl. ¶¶ 8, 11, Ex. G.) This amounts to a failure to answer. *See Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 656 (D. Md. 1997) ("[A] response to a request for production of documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific time, place and manner, is not a complete answer as required by Rule 34(b) and, therefore, pursuant to Rule 37(a)(3) is treated as a failure to answer or respond."). Gregorio also refuses to complete review and production of some documents and "other records [Gregorio] may have responsive to the subpoenas" "unless and until Pacific stipulates" to prepaying Gregorio's legal costs. (Segal Decl. ¶ 11, Ex. G.) Notably, Gregorio has not chosen to seek relief from this Court to shift the

---

[5] Gregorio has also suggested that he deserves special protection as a nonparty. (Segal Decl. ¶ 11, Ex. G.) But unlike typical nonparties, Gregorio knowingly and voluntarily inserted himself into this case. *See British Telecomms.*, No. 20-mc-80028-AGT, ECF No. 25 ("extra protections" sometimes exist for nonparties specifically because nonparties *typically* cannot control the scope of litigation and discovery). Given the complaint's reliance on his allegations, Gregorio reasonably could have expected that commensurate discovery would follow.

cost of compliance with the subpoena to Pacific. Rather, he simply refuses to comply with Rule 45 until Pacific takes Plaintiffs' place as the third-party payor of his costs.

If any cost-shifting from Defendants ever becomes appropriate in this case, the general rule is that cost-shifting is only appropriate to consider *after* Gregorio complies with the subpoena—not before. *See United States v. McGraw-Hill Cos.*, 302 F.R.D. 532, 536–37 (C.D. Cal. 2014) (cost-shifting inquiry appropriate "after documents have been produced and a meaningful record has been established"); *accord Gamefam, Inc. v. WowWee Grp. Ltd.*, No. 23-MC-80310-SI, 2024 WL 1181001, at *10 (N.D. Cal. Mar. 18, 2024); *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013). Following this general rule is especially sensible here. For example, Pacific would contest reimbursement for the fees of former counsel, who, it seems, wrote letters, but did not collect responsive documents. *See Balfour Beatty Infrastructure, Inc. v. PB & A, Inc.*, 319 F.R.D. 277, 282 (N.D. Cal. 2017) (denying recovery where not all costs of production clearly resulted from compliance with the subpoena). At this stage, Gregorio has no legitimate interest in whether Plaintiffs or Defendants pay his costs. *His* burden is relieved.

**2. Gregorio's confidentiality concerns are no basis to withhold documents because he can produce them pursuant to the Protective Order in this case.**

Finally, confidentiality or privacy concerns do not justify withholding documents. A Protective Order is already in place. (*See* ECF No. 63.) Pacific will not object to Gregorio's production under the Protective Order so long as Gregorio sufficiently shows (as all parties must) that the documents meet the conditions for nondisclosure.

**IV. CONCLUSION**

For all the reasons above, Pacific respectfully requests that the Court issue an order granting this motion and compelling Gregorio to produce all nonprivileged documents responsive to Request Nos. 10, 15, 18, 19, and 24 within 21 days.

DATED: November 10, 2025      STOEL RIVES LLP

*/s/Matthew D. Segal*
CHARLES H. SAMEL
charles.samel@stoel.com
EDWARD C. DUCKERS
ed.duckers@stoel.com
TIMOTHY W. SNIDER (appearing *pro hac vice*)
timothy.snider@stoel.com
MATTHEW D. SEGAL
matthew.segal@stoel.com
MICHELLE J. ROSALES
michelle.rosales@stoel.com

*Attorneys for Pacific Seafood Defendants*

# APPENDIX

**REQUEST NO. 10:** All communications between You and any other Ex Vessel Dungeness crab Buyer concerning any Ex Vessel price for Dungeness crab (whether offered or paid and whether by you or any other Buyer).

**RESPONSE TO REQUEST NO. 10:**



**REQUEST NO. 15:** All Documents related to any of the allegations in the Second Amended Complaint, including, without limitation, those in Paragraphs: 45, 47, 93, 221–223, 224, 225, 226–227, 279, 293, 298, 299, 300–360, 366, 372, 383, 403, 410–416, 437.

**RESPONSE TO REQUEST NO. 15:**



**REQUEST NO. 18:** All documents related to any San Francisco Bay Area retailer's order, preorder, or unperformed agreement to buy crab from you in the 2022–2023 season, with such retailers to include Lucky's Seafood Market, California Fish Market SF, Seafood Center SF, Fresh Meat Seafood SF, Liangs Seafood, Long Ling Supermarket Oakland, New Century Seafood Market; and San Bruno Market.

**RESPONSE TO REQUEST NO. 18:**

**REQUEST NO. 19:** Any Documents, including police reports or insurance claims, related to any of your equipment or property damaged in Charleston, Oregon in January or February 2024.

**RESPONSE TO REQUEST NO. 19:**

**REQUEST NO. 24:** All Documents relating to any Communications with Crabbers related to price or payment.

**RESPONSE TO REQUEST NO. 24:**

# PROOF OF SERVICE

I, Jennifer Calvo, declare:

I am a citizen of the United States and employed in Portland, Oregon. I am over the age of eighteen and not a party to the within-entitled action. My business address is 760 SW Ninth Avenue, Suite 3000 Portland, OR 97205. On November 7, 2025, I served a copy of the following documents:

- Pacific Seafood's Notice of Motion and Motion to Compel Nonparties Ozzie Gregorio and Triple G Seafood to Comply with Subpoena

- Declaration of Matthew D. Segal in Support of Pacific Seafood Defendants' Motion to Compel Nonparties Ozzie Gregorio and Triple G Seafood to Comply with Subpoena, an Exhibits A–I

- Declaration of Alex Van Rysselberghe in Support of Pacific Seafood Defendants' Motion to Compel Nonparties Ozzie Gregorio and Triple G Seafood to Comply with Subpoena, an Exhibits A–C

- Proposed Order Granting Pacific Seafood's Motion to Compel Nonparties Ozzie Gregorio and Triple G Seafood to Comply with Subpoena

by transmitting on this date via email and mail to the addresses listed below a true and correct copy scanned into an electronic file in Adobe "pdf" format. The email transmission was reported as complete and without error.

**Via US First Class Mail:**

Ozzie Gregorio
400 Main Street
Fortuna, CA 95540

Ozzie Gregorio
2624 Visser CT
McKinleyville, CA 95519

Ozzie Gregorio
P.O. Box 150
Burnt Ranch, CA 95527

**Via Email:**

Ozzie Gregorio
triplegseafoodowner@gmail.com
lienmike32@gmail.com

I declare under the penalty of perjury under the laws of the United States of America and the State of Oregon that the foregoing is true and correct.

DATE: November 10, 2025

*/s/ Jennifer Calvo*
Jennifer Calvo, Practice Assistant