Stuart G. Gross (SBN 251019)
Ross A. Middlemiss (SBN 323737)
Travis H.A. Smith (SBN 331305)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628

*Attorneys for Plaintiffs and the Proposed Classes*
[additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **BRAND LITTLE** and **ROBIN BURNS**, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br>v.<br><br>**PACIFIC SEAFOOD PROCUREMENT, LLC,** et al.,<br><br>    Defendants. | Case No. 3:23-cv-01098-AGT<br><br>**PLAINTIFFS' OPPOSITION TO (1) JONATHAN MARK'S MOTION TO QUASH SUBPOENA TO VERIZON WIRELESS (DKT. 458); (2) JEROD GOODIN'S MOTION TO QUASH SUBPOENA TO VERIZON WIRELESS (DKT. 475); AND (3) JONATHAN MARK AND JEROD GOODIN'S MOTION TO QUASH SUBPOENA TO AT&T INC. (DKT. 476)**<br><br>Date: December 19, 2025<br>Time: 10:00 a.m.<br>Judge: Honorable Alex G. Tse<br>Courtroom: A, 15th Floor |

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1

BACKGROUND .............................................................................................................................. 1

LEGAL STANDARD ....................................................................................................................... 2

ARGUMENT .................................................................................................................................... 2

I.    Subpoenas to Verizon and AT&T Seek Relevant Documents ............................................ 3

II.    Only Carriers can Produce the Subpoenaed Records........................................................... 4

III.    Jonathan Mark and Jerod Goodin Cannot Meet their Burden to Quash .............................. 4

      A.    Neither Jonathan Mark nor Jerod Goodin have Standing to Object on Burden. ..... 4

      B.    Plaintiffs Seek a Breadth of Text Messages Congruent to the Complaint............... 4

CONCLUSION ................................................................................................................................. 6

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

# TABLE OF AUTHORITIES

### CASES

*Geller v. Hagens*, 2012 U.S. Dist. LEXIS 67962 (N.D. Cal. Apr. 19, 2012) ............................... 2

*Gonzales v. Google*, 234 F.R.D. 674 (N.D. Cal. 2006) ................................................................. 2

*King v. Nat'l Gen. Ins. Co.*, 2023 U.S. Dist. LEXIS 67867 (N.D. Cal. Apr. 18, 2023) ................................................................................................................................ 6

*Kuang Xuan Liu v. Win Woo Trading, LLC*, 2016 U.S. Dist. LEXIS 20559 (N.D. Cal. Feb. 18, 2016) ............................................................................................................ 4

*Loop AI Labs Inc. v. Gatti*, 2016 U.S. Dist. LEXIS 25416 (N.D. Cal. Feb. 29, 2016) ........................................................................................................................................ 2

*Moon v. SCP Pool Corp.*, 232 F.R.D. 633 (C.D. Cal. 2005) ......................................................... 5

*Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281 (C.D. Cal. 1998) ............................................. 6

*S.H. Silver Co. v. Sentinel Ins. Co., Ltd.*, 2025 U.S. Dist. LEXIS 28852 (N.D. Cal. Feb. 18, 2025) ........................................................................................................................ 2, 5

*Sidibe v. Sutter Health*, 103 F.4th 675 (9th Cir. 2024) .................................................................. 6

*Syposs v. United States*, 181 F.R.D. 224 (W.D.N.Y. 1998) .......................................................... 4

### RULES

Fed. R. Civ. P. 26(b) ...................................................................................................................... 2

Fed. R. Civ. P. 26(b)(1) .................................................................................................................. 6

## INTRODUCTION

Jonathan Mark ("Mark") and Jerod Goodin ("Goodin") have abandoned all bases to quash Plaintiffs' subpoenas on Verizon Wireless ("Verizon") and AT&T Inc. ("AT&T") save for burden and relevance. Neither is grounds to quash Plaintiffs' subpoenas. Plaintiffs subpoenaed <u>mobile carriers</u>, not Mark and Goodin, thus they bear no burden on which to object. And Plaintiffs allege a conspiracy period spanning 2015 to present, with economic conditions fomenting the conspiracy dating back to at least the early 2000s. The 10 years of records requested fall squarely within that relevant period. Plaintiffs respectfully move this Court to deny Mark and Goodin's motions to quash Plaintiffs subpoenas on Verizon and AT&T.

## BACKGROUND

Plaintiffs served subpoenas on Verizon and AT&T on August 6, 2025, and served an amended subpoena on Verizon on August 22, 2025.[1] These subpoenas sought text message and call records for phone numbers of known commercial crabbers and commercial Dungeness crab buyers.[2] This subpoena included the phone numbers of Mark and Goodin. On October 22, 2025, counsel for Mark and Goodin moved to quash Plaintiffs' Verizon subpoena on Mark's behalf.[3] Plaintiffs' counsel and counsel for Mark and Goodin conferred telephonically several times on November 3 and 4, 2025 regarding this motion to quash.[4] Counsel for Mark and Goodin then moved to quash Plaintiffs' subpoena on AT&T on November 5, 2025, as well as the Verizon subpoena on behalf of Goodin.[5] The parties filed a stipulation and proposed order on that same day,[6] which the Court entered on November 7, 2025[7] so the parties could continue to meet and confer to reach an agreement which would vitiate the pending motion to quash. The parties met and conferred again on November 17, 2025.

---

[1] Declaration of Stuart G. Gross in Support of Plaintiffs' Opposition to Motions to Quash ("Gross Decl."), ¶¶ 4-5, Exs. 3-4.
[2] *Id.*
[3] ECF 458.
[4] *Id.*, ¶ 10.
[5] ECF 475 and ECF 476.
[6] ECF 474.
[7] ECF 479.

Counsel for Mark and Goodin, understanding that any production from Verizon and AT&T would not include the content of any communications, would be subject to a protective order, as well as counsel's review and redaction for relevance, nonetheless took the position that Mark and Goodin would only stipulate to the production of four years of records.[8] With only the timespan of productions at issue, Plaintiffs respectfully move this Court to deny Mark and Goodin's motions to quash.

## LEGAL STANDARD

The party resisting discovery bears the burden of demonstrating that discovery should not be permitted. *See Geller v. Hagens*, 2012 U.S. Dist. LEXIS 67962, at *5 (N.D. Cal. Apr. 19, 2012) (citing Fed. R. Civ. P. 26(b)). Courts "determining the propriety of a subpoena balanc[e] the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Loop AI Labs Inc. v. Gatti*, 2016 U.S. Dist. LEXIS 25416, at *4-5 (N.D. Cal. Feb. 29, 2016) (quoting *Gonzales v. Google*, 234 F.R.D. 674, 680 (N.D. Cal. 2006)) (internal quotation omitted). The complaint defines the scope of relevance. *See S.H. Silver Co. v. Sentinel Ins. Co., Ltd.*, 2025 U.S. Dist. LEXIS 28852, at *8-9 (N.D. Cal. Feb. 18, 2025).

## ARGUMENT

The discovery sought by Plaintiffs' subpoenas to Verizon and AT&T is relevant, necessary to Plaintiffs' case, and would be produced at effectively no burden to Mark and Goodin. Only the time period of these carriers' production is in dispute.[9] Accordingly, Counsel for Mark and Goodin have confirmed that their objections regarding attorney-client privilege, the marital communications privilege, personal privacy, trade secrets, confidential business communications, and the Stored Communications Act[10] are satisfied by the terms of the

---

[8] Gross Decl. Ex 1.
[9] Gross Decl. Ex 1.
[10] *See* ECF 458 (Part III.A. (privilege objection under Fed. R. Civ. P. 45), B. (attorney-client privilege, marital communications privilege, personal privacy, confidential business communications), C. (Stored Communications Act)); *see also* ECF 475(Part III. A. (privilege objection under Fed. R. Civ. P. 45), B. (attorney client privilege, trade secret, marital communications privilege, proprietary business information), C. (personal privacy), E. (Stored Communications Act)); *see also* ECF 476 (Part III. A. (privilege objection under Fed. R. Civ. P.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

stipulation that Plaintiffs reached regarding productions from Don Alber, as discussed during the parties' meet and confers.[11] Only Mark and Goodin's burden and overbreadth arguments remain. They cannot carry their burden on either objection.

I. **Subpoenas to Verizon and AT&T Seek Relevant Documents**

Plaintiffs' subpoenas seek records of texts and calls involving specified phone numbers.[12] The records will not contain the contents of the calls or texts, just the phone numbers involved in the communications and the time of the communications.[13]

These records will allow Plaintiffs to identify when texts and calls between a Defendant and another buyer, or a Defendant and a class member, took place. This information is relevant because several text messages indicate, for instance, that Defendants communicated with each other regarding Dungeness crab prices, then requested to move the conversation to the telephone, or vice versa.[14]

These phone records are probative of whether such phone calls took place. Knowing this is probative of Plaintiffs' fraudulent concealment allegations,[15] as the evidence makes it more likely that price fixing conversations took place over the phone, and that those conversations continued telephonically to prevent written records of, thus discovery of, Defendants' cartel. These records are also likely to lead to the discovery of other relevant information, be it through depositions or further written discovery requests, confirming the details of these conversations – namely, whether price fixing occurred through these phone calls.

The records also allow Plaintiffs to verify the completeness of text messages produced. If the contents of text messages produced are cut-off, but subpoenaed records indicate that text

---

45), B. (attorney client privilege, trade secret, marital communications privilege, proprietary business information), C. (personal privacy), E. (Stored Communications Act)).
[11] Gross Decl. Ex. 2.
[12] Gross Decl. Exs. 3 & 4.
[13] *Id.* ¶ 9.
[14] *See, e.g., id.* Exs. 5-7 [CSF_000783 (switching to call regarding a canceled order following price discussions); *see also* FATHOM0008022 (call preceding price discussions); FATHOM0008579-8582 (call interspersed in pricing discussions)].
[15] *See* ECF 394 ¶¶ 476-82.

messages were further exchanged on a given date, these records would facilitate discussions between Plaintiffs and Defendants for Defendants to correct their production.

## II. Only Carriers can Produce the Subpoenaed Records.

Only mobile carriers have the text and call logs that Plaintiffs seek. Mark and Goodin are incorrect that Plaintiffs might obtain this information from a party Defendant.[16] Plaintiffs may obtain text message contents from Defendants, but not full call text and logs, which are records maintained solely by carriers.

## III. Jonathan Mark and Jerod Goodin Cannot Meet their Burden to Quash

### A. Neither Jonathan Mark nor Jerod Goodin have Standing to Object on Burden.

A burden objection must be lodged by a party that actually bears the burden of preparing a production. *See Kuang Xuan Liu v. Win Woo Trading, LLC*, 2016 U.S. Dist. LEXIS 20559, at *6-7 (N.D. Cal. Feb. 18, 2016). Thus, in *Kuang Xuan Liu*, this Court held that a movant cannot plausibly claim to be "unduly burdened" by a subpoena when "the bulk of the burden in responding to the subpoena is born by … third parties." *Id.* Particularly when the third party does not object to or seek to quash the subpoena itself. *Id.*

Precisely so, here. Plaintiffs seek productions from Verizon and AT&T, <u>not</u> from Mark and Goodin. Any burden that Mark, Goodin, or their counsel would face is self-imposed. The burden would be uniquely self-imposed, as Mark and Goodin are the sole individuals raising a time objection out of 120 individuals named in the AT&T subpoena, and 145 individuals named in the Verizon subpoena.[17] Verizon and AT&T are ready to proceed. The Court should reject Mark and Goodin's baseless burden assertion.

### B. Plaintiffs Seek a Breadth of Text Messages Congruent to the Complaint.

The scope of a subpoena "is subject to the general relevancy standard applicable to discovery." *See Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998).[18] Allegations in

---

[16] *See* ECF 458 at 5; *see also* ECF 475 at 5-7; *see also* EFC 476 at 7-8.
[17] Gross Decl. Exs. 3, 4.
[18] *See* AT&T Opp. at 7.

the complaint define the bounds of relevance. *See S.H. Silver Co.*, 2025 U.S. Dist. LEXIS 28852, at *8-9.

Plaintiffs allege a conspiracy period beginning in 2015, with economic conditions prompting the conspiracy beginning "in the late 1990s and accelerating in the mid-2000s…."[19] Accordingly, documents spanning ten years are wholly relevant, as are documents in the decade-plus runup to the conspiracy period.

Mark and Goodin's sole authority on this point, *Moon v. SCP Pool Corp.*, is inapposite. *See* AT&T Opp. at 7 (citing 232 F.R.D. 633, 635 (C.D. Cal. 2005)). First, the *Moon* subpoena sought productions from the nonparty <u>itself</u>, not a third party which would instead bear the burden of production. 232 F.R.D. at 635. Second, in *Moon*, a breach of contract case, the contract was alleged to have formed in 1999, thus documents going back to 1995 were deemed irrelevant because they "cover[ed] years the … Agreement … was not in effect." *Id.* at 636.

But here, Plaintiffs alleged a conspiracy period spanning 2015 to the present, and subpoenaed records fit squarely within that time period. Seeking documents within the defined conspiracy period – the burden of which Mark and Goodin do not bear – is no basis to quash.

Nor is the request unbounded in scope. Plaintiffs have agreed to let counsel for Mark and Goodin review and redact produced logs for relevance, provided that counsel provides the reason for redaction.[20] Plaintiffs are interested only in phone records of commercial crabbers and commercial Dungeness crab buyers. Any scope concerns are moot.

Mark and Goodin's statute of limitations argument is no remedy.[21] Plaintiffs raised multiple tolling theories in their Third Amended Complaint, which the Court declined to reject on Defendants' Motion to Dismiss.[22] These are live issues on which Plaintiffs are entitled to discovery. Indeed, Mark and Goodin invite reversible error by their proffered time limitation. Documents prior to the conspiracy period detailing the formation of the conspiracy are so relevant

---

[19] *See* ECF 394 ¶¶ 159, 179.
[20] *See* Gross Decl. ¶ 10.
[21] *See* EFC 475 at 6; *see also* ECF 476 at 7; this argument is not raised in ECF 458.
[22] ECF 242 at 4.

1   that their exclusion has resulted in the reversal of a verdict for the defense. *See Sidibe v. Sutter*

2   *Health*, 103 F.4th 675, 693-95 (9th Cir. 2024).

3         And in raising six text messages between Mark, Goodin, and Mr. Boland of Defendant

4   Safe Coast, Mark and Goodin concede that they are operators within the Dungeness crab

5   commercial fishing market familiar with principals of named Defendants.[23] This alone is

6   sufficient basis for discovery. *See* Fed. R. Civ. Proc. 26(b)(1) ("Parties may obtain discovery

7   regarding any nonprivileged matter that is relevant to any party's claim or defense and

8   proportional to the needs of the case…."); *see also King v. Nat'l Gen. Ins. Co.*, 2023 U.S. Dist.

9   LEXIS 67867, at *5 (N.D. Cal. Apr. 18, 2023) (" Rule 26(b) is liberally interpreted to permit

10  wide-ranging discovery of all information reasonably calculated to lead to discovery of

11  admissible evidence.") (quoting *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal.

12  1998)). Neither Mark nor Goodin have articulated a cognizable basis on which to quash

13  Plaintiffs' subpoenas.

14  **CONCLUSION**

15        For the foregoing reasons, Plaintiffs respectfully move this Court to deny Mark and

16  Goodin's motions to quash Plaintiffs' subpoenas on Verizon and AT&T.

---

[23] *See* ECF 458 at 7; *see also* ECF 475 at 6; *see also* ECF 476 at 7

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

Dated: November 19, 2025          Respectfully submitted,

By:                               */s/ Stuart G. Gross*
                                  Stuart G. Gross (SBN 251019)
                                  Travis H.A. Smith (SBN 331305)
                                  Ross A. Middlemiss (SBN 323737)
                                  **GROSS KLEIN PC**
                                  The Embarcadero
                                  Pier 9, Suite 100
                                  San Francisco, CA 94111
                                  (415) 671-4628
                                  *sgross@grosskleinlaw.com*
                                  *tsmith@grosskleinlaw.com*
                                  *rmiddlemiss@grosskleinlaw.com*

                                  Matthew W. Ruan (SBN 264409)
                                  *Samantha Gupta (admitted pro hac vice)*
                                  **FREED KANNER LONDON & MILLEN LLC**
                                  100 Tri-State International, Suite 128
                                  Lincolnshire, IL 60069
                                  (224) 632-4500
                                  *mruan@fklmlaw.com*
                                  *sgupta@fklmlaw.com*

                                  Matthew S. Weiler (SBN 236052)
                                  Raymond S. Levine (SBN 348030)
                                  **SCHNEIDER WALLACE COTTRELL KONECKY, LLP**
                                  2000 Powell Street, Suite 1400
                                  Emeryville, CA 94608
                                  (415) 421-7100
                                  *mweiler@schneiderwallace.com*
                                  *rlevine@schneiderwallace.com*

                                  Steven N. Williams (SBN 175489)
                                  **STEVEN WILLIAMS LAW, P.C.**
                                  201 Spear St, Suite 1100
                                  San Francisco, CA 94105
                                  (415) 671-4628
                                  *swilliams@stevenwilliamslaw.com*


                                  *Counsel for Plaintiffs and the Proposed Classes*