# EXHIBIT 4

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Northern District of California ▾

| | |
|---|---|
| Brand Little, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 23-cv-1098 |
| Pacific Seafood Procurement, LLC, et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:               AT&T  Inc.
            c/o AT&T Global Legal Demand Center, Fax: (888) 938-4715, GLDC@att.com

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Gross Klein PC<br>The Embarcadero, Pier 9, Suite 100<br>San Francisco, CA 94111 | Date and Time:<br><br>September 8, 2025 10:00 a.m. |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      8/6/2025

CLERK OF COURT

                                        OR

_____                    _____
_Signature of Clerk or Deputy Clerk_                Stuart G. Gross
                                                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_    Plaintiffs
Brand Little and Robin Burns                    , who issues or requests this subpoena, are:
Stuart G. Gross, The Embarcadero, Pier 9, Ste 100, S.F.,CA 94111, sgross@grosskleinlaw.com (415) 671-4628

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-1098

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**AT&T Inc.**

**SCHEDULE A**

## I.    DEFINITIONS

As used in the Requests herein, the following terms shall have the definitions and constructions listed below. Terms not defined shall have the meanings assigned to them, if any, by the Federal Rules of Civil Procedure and or Local Rules.

1.    The terms "**You**" and "**Your**," including its possessive, refer to AT&T Inc., and any predecessors, successors, subsidiaries, departments, divisions, affiliates, and any organization or entity which the responding person or entity manages, controls, and any organization or entity which the responding person or entity manages, controls, or has an ownership interest in, or did manage, control or have an ownership interest in, as well as all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding person or entity.

2.    The term "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. Pro. 34(a)(1)(A). Documents include Communications.

3.    The term "**Communication**" means the transmission or transfer of information of any kind, orally, in writing, electronically, or in any other manner, at any time or place, and under any circumstances whatsoever. Communication includes, without limitation, emails, text messages, voice records, etc.

4.    The term "**Concerning**" means relating to, referring to, applicable to, describing, evidencing or constituting.

5.    References to the singular include the plural, and plural includes the singular.

6.    The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

7.     The use of the disjunctive form, *e.g.* "or," shall be considered to also include within its meaning the conjunctive form, *e.g.* "and," and vice versa.

8.     "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

9.     "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request, or any other request, in any way.

## **INSTRUCTIONS**

1.     The requested phone records should be produced in an electronic format such as .xls or .csv, separated by the phone numbers of the associated phone records, with the records for each such phone number contained in a separate file or as separate tabs in a single file.

2.     All of the requested phone records, regardless of date, should be produced to the extent they exist.

3.     If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified, and the reasons why the documents were lost or destroyed shall be explained with sufficient particularity.

4.     If You object to part of any Request, please state the objection and the basis of the objection, including citations to relevant authority, as appropriate, and furnish documents responsive to the remainder of the Request.

5.     All documents or portion of documents called for by these Requests, for which You claim a privilege, statutory authority, or regulatory authority as a ground for nonproduction shall be identified in a privilege log containing information sufficient to evaluate the claimed privilege or authority.

6.     If anything is deleted or redacted from a document produced, please state: the reason for the deletion; the subject matter of the deletion; and the name of the person or persons who decided to delete such matter.

7.    These Requests are continuing in nature; if, after responding, You obtain or become aware of any further information or documents responsive to these Requests, a supplementary answer and/or production is required. Fed. R. Civ. P. 26(c).

8.    If You have any questions or concerns regarding these instructions or how to respond to these requests, Your or Your attorney should contact Plaintiffs' counsel at the email address or phone number immediately.

9.    If it would be helpful to receive the table of phone numbers and names contained in Request 1 in excel format, please contact Ian Atkinson-Young at iatkinsonyoung@grosskleinlaw.com.

10.    Please produce each and all of the documents requested herein on or before the date indicated in the subpoena to which this schedule is attached by delivering true and correct copies of such documents by delivery of the appropriate media containing the documents to Stuart G. Gross, Gross & Klein PC, The Embarcadero, Pier 9, Suite 100, San Francisco, CA 94111, or, if via email or another form of electronic transfer, to sgross@grosskleinlaw.com and iatkinsonyoung@grosskleinlaw.com.

## DOCUMENTS TO BE PRODUCED

### REQUEST FOR PRODUCTION NO. 1:

Records of all call and text message activity (including SMS and MMS communications), both incoming and outgoing, including, without limitation, time and date, duration, and origin and destination number, for the following cellular telephone numbers:

|   | Name | Phone number(s) |
|---|------|-----------------|
| 1 | Don Alber | (206) 499-6988 |
| 2 | Angela Alioto | (415) 673-5868 (415) 509-4855 |
| 3 | Kevin Ma | (415) 860-1256 |
| 4 | Annalicia Svedise | (707) 318-5286 |
| 5 | Mike Manning | (541) 531-1827 |
| 6 | Doug Heater | (503) 791-7126 |

| 7 | Colin Bornstein | (360) 961-5515 |
|---|---|---|
| 8 | John B. Caito | (707) 272-3241 |
| 9 | Steve Downing | 707-845-2232 |
| 10 | Mike Sallinen | 707-367-1715 |
| 11 | Ray Bemis | 707-951-0989 |
| 12 | Mike Gutierez | 510-780-6612 |
| 13 | Jose Martin Soto | 707-339-6011 |
| 14 | Chang Lee | (503) 381-7596 |
| 15 | Kyle Horgan | (503) 707-2974 |
| 16 | Tyler Long | 541-260-1732 |
| 17 | Stein Fricke | (360) 480-1992 |
| 18 | Peter Nguyen | (415) 798-8889 |
| 19 | Kyle Gavin | 707-951-7191 |
| 20 | Kara Chau | (650) 383-8999 |
| 21 | Tuoi Le | (415) 994-6693 |
| 22 | Gerald Wetle | (831) 760-0042 |
| 23 | Andy Yang | (510) 599-8869 |
| 24 | Steven Le | (626) 215-7663 |
| 25 | Thi Vo | (218) 888-9999<br>(415) 992-9999 |
| 26 | Tan Vo, aka Chu Tan | 0909028999<br>(650) 669-8999 |
| 27 | Eric Neff | (510) 634-0473 |
| 28 | Wayne Gavin | (707) 465-3911 |
| 29 | Linh Quach | (626) 448-9222 |
| 30 | Cari Brandberg | (541) 961-7209 |
| 31 | Geoffry Molfino | (808) 936-7052 |
| 32 | Sal Tringali | (831) 601-3738 |
| 33 | Martin Soto | (707) 339-6011<br>(415) 409-3474 |
| 34 | Geoff Bettencourt | (650) 245-7965 |
| 35 | Kevin Lee | (510) 816-8333<br>(510) 532-7823<br>(510) 532-7821 |
| 36 | Donald | 707-951-3704 |
| 37 | Robin Creed | (510) 367-0050 |
| 38 | Mike Lucas | (707) 875-3522<br>(707) 292-0302 |
| 39 | Scott Hockett | (707) 357-0518 |

| 40 | Robert Juntz | (707) 357-4519 |
|---|---|---|
| 41 | Jack Bunnel | (206) 612-0558 |
| 42 | Jerod Goodin | (425) 466-1669 |
| 43 | Jonathan L. Mark | (360) 927-8543 |
| 44 | Austin Sterkel | (503) 836-2975 |
| 45 | Jamie Gonzalez | (425) 753-3567 |
| 46 | Betsy Kunert | (425) 802-2628 |
| 47 | Bill Weidman | (360) 310-0158 |
| 48 | Cal Bowser | (209) 401-1905 |
| 49 | Charles Kirschbaum | (503) 805-2283 |
| 50 | Dan "Clutch" Kammerer | (707) 480-4159 |
| 51 | Frank Dulcich | (503) 830-0014 |
| 52 | John Steinman | (971) 285-2238 |
| 53 | Justin Ottman | 971-242-9450 |
| 54 | Mike Koskela | (510) 677-9630 |
| 55 | Richard Morgan | (916) 997-2832 |
| 56 | Ron Hensley | (707) 498-1384 |
| 57 | Ronnie Pezzolo | (415) 310-4449<br>(415) 760-8383 |
| 58 | Joe Pezzolo | (415) 760-8239 |
| 59 | Mel Wickliffe | (415) 717-0833 |
| 60 | Max Boland | (415) 205-8206 |
| 61 | Chris Lam | (510) 828-2378 |
| 62 | Christine Lang | (510) 274-7830<br>(415) 298-1677 |
| 63 | Nhui Lac | (510) 604-2299 |
| 64 | Jeff McEntarffer | (360) 214-0192 |
| 65 | Lait Ung | (415) 810-1351 |
| 66 | Tony Lam | (408) 690-0201 |
| 67 | Martin Cornejo | (415) 244-6761 |
| 68 | Abel Martinez | (415) 350-5139 |
| 69 | Angel Wirkkala | (360) 484-6022 |
| 70 | Dana Ferguson | (503) 741-0142 |
| 71 | Rebecca Koehler | (707) 360-1239 |
| 72 | Brigg Lindsey | (707) 218-8375 |
| 73 | Jeff Princehouse | (360) 214-8118 |
| 74 | Xia Zhou | (559) 690-8742 |
| 75 | Rocky Caldero | (360) 214-4354<br>(424) 450-9668 |

| 76 | Bret Hamrick | (541) 270-5365 |
|----|--------------|----------------|
| 77 | Larry Collins | 415-279-1894 |
| 78 | Joe Garofalo | 707-919-2370 |
| 79 | Ross Swanes | (360) 581-2669 |
| 80 | Jeff (last name unknown) | (707) 362-0606 |
| 81 | Sal Perri | (323) 842-7197 |
| 82 | Sebastiano Galletti | (323) 262-8222<br>(323) 263-2321<br>(213) 300-0075 |
| 83 | Tony Anello | 707-953-7743 |
| 84 | Lisa Anello | 707-875-9472 |
| 85 | Larry Fortado | (650) 740-0362 |
| 86 | Ozzie Gregorio | (707) 834-2241 |
| 87 | Nate Goodman | (707) 499-5503 |
| 88 | Joseph Conte | (415) 823-1464 |
| 89 | Tony Bettencourt | (541) 961-9928 |
| 90 | Bill Carvahlo | (707) 840-9116<br>(707) 839-7012<br>(707) 839-3260<br>(707) 845-1248<br>(707) 441-6083 |
| 91 | James G. Caito | (707) 964-6368 |
| 92 | Kevin Browning | (707) 372-9996 |
| 93 | George Sargent | (503) 313-0714 |
| 94 | Ricardo Garcia Fernandez | (541) 961-4602 |
| 95 | Kenny Belov | (415) 307-7649 |
| 96 | Paul La Rocca | (415) 279-5857 |
| 97 | Henry Ichinose | (415) 713-0756 |
| 98 | Tony Tran | (604) 657-6106 |
| 99 | Joe Roggio | (831) 901-9137 |
| 100 | Conn Ellington | (415) 320-5120 |
| 101 | Leticia Connors | (510) 514-4073 |
| 102 | Adrian Hoffman | (415) 505-3288 |
| 103 | Linda Mouangvong | (415) 517-6793 |
| 104 | Virginia Chan | (415) 370-3584 |
| 105 | Ismael Matias | (415) 794-9619 |
| 106 | Benny Liang | (415) 819-0756 |
| 107 | Jack | (503) 939-1991<br>(503) 224-1611 |
| 108 | Mike Osprey | (925) 285-4726 |

| 109 | Jim Gonzalez | (425) 443-2275 |
|---|---|---|
| 110 | Mike Carlson | (415) 746-0170 |
| 111 | George Alexander | (360) 244-5060 |
| 112 | Blake Wheeler | (310) 621-2939 |
| 113 | Shevis K. Shima | (310) 886-7924 |
| 114 | Sal Svedise | (707) 570-9972 |
| 115 | Nick Svedise | (707) 280-1168 |
| 116 | Branson Spiers | (907) 738-7278 |
| 117 | Jeremy Streig | (408) 603-0022 |
| 118 | John Tara | (831) 588-3214 |
| 119 | Warren K. Nobusada | (702) 353-6714 |
| 120 | Ricky Giang | (510) 981-9741 |