UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAND LITTLE, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>PACIFIC SEAFOOD PROCUREMENT,<br>LLC, et al.,<br><br>                    Defendants. | Case No.  23-cv-01098-AGT<br><br>**ORDER FOR ADDITIONAL BRIEF-<br>ING ON PLAINTIFFS' MOTION TO<br>QUASH SUBPOENAS TO PUTATIVE<br>CLASS MEMBERS**<br><br>Re: Dkt. No. 480 |

Plaintiffs filed a motion to quash, dkt. 480, set for hearing on December 19, 2025. The Court construes Plaintiffs' motion to request three orders, each pursuant to a different Federal Rule of Civil Procedure.  First, under Rule 45(d)(3), Plaintiffs seek an order quashing subpoenas sent by Defendants to 58 putative class members.  Second, under Rule 26(c), Plaintiffs seek a protective order preventing Defendants from serving further discovery on putative class members without leave of the Court and from contacting putative class members generally.  Third, under Rule 23(d), Plaintiffs request the Court issue a corrective notice to the putative class members who received subpoenas.

Having reviewed the papers, the Court is left with questions and orders additional briefing, no longer than five pages, from each party,[1] by **December 17, 2025**.

    1.   Rule 45 envisions local adjudication of motions to quash or compel compliance

---

[1] Defendants shall collectively file one response to this order, as they did in their opposition to Plaintiffs' motion to quash.

with document subpoenas.  *See* Fed. R. Civ. P. 45(d)(3)(A), (B) ("the court for the district where compliance is required" may or must quash a subpoena under certain circumstances); *id.* 45(c)(2) (the "place of compliance" for a document subpoena is "a place within 100 miles of where the person resides, is employed, or regularly transacts business in person"); *id.* 45, Notes to 2013 Amendment ("To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c).").

Plaintiffs provided with their motion an example of a subpoena to a putative class member, *see* dkt. 480-4, Ex. C, which states that the place of compliance is in Portland, Oregon.  Presumably (though the record is uncertain on the matter), Defendants also sent subpoenas to other putative class members located in Northern California and Washington. For any subpoenas with a place of compliance in the Northern District of California, this Court could issue an order to quash, but for subpoenas outside of the district, it appears that an order to quash is properly sought from the "the court for the district where compliance is required," i.e., the district courts located in Oregon and Washington.

Neither party raised the issue of geographic limitations on orders to quash.  How can this Court adjudicate disputes over subpoenas sent to putative class members where the place of compliance is in a district besides the Northern District of California?

2.    Does this Court have the legal authority to issue a protective order under Rules 23 or 26 that would effectively quash the subpoenas to the 58 putative class members, regardless of where the place of compliance for each subpoena is?  If so, please provide authority.

**IT IS SO ORDERED.**

Dated: December 11, 2025

Alex G. Tse
United States Magistrate Judge