Stuart G. Gross (SBN 251019)
Ross A. Middlemiss (SBN 323737)
Travis H.A. Smith (SBN 331305)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628

*Attorneys for Plaintiffs and the Proposed Classes*
[additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **BRAND LITTLE** and **ROBIN BURNS**, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:23-cv-01098-AGT |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Date:        March 6, 2026 |
| **PACIFIC SEAFOOD PROCUREMENT, LLC; PACIFIC SEAFOOD PROCESSING, LLC; PACIFIC SEAFOOD FLEET, LLC; PACIFIC SEAFOOD DISTRIBUTION, LLC; PACIFIC SEAFOOD USA, LLC; DULCICH, INC.; PACIFIC SEAFOOD – EUREKA, LLC; PACIFIC SEAFOOD – CHARLESTON, LLC; PACIFIC SEAFOOD – WARRENTON, LLC; PACIFIC SEAFOOD – NEWPORT, LLC; PACIFIC SEAFOOD – BROOKINGS, LLC; PACIFIC SEAFOOD – WESTPORT, LLC; PACIFIC SURIMI – NEWPORT LLC; BLUE RIVER SEAFOOD, INC.; SAFE COAST SEAFOODS, LLC; SAFE COAST SEAFOODS WASHINGTON, LLC; OCEAN GOLD SEAFOODS, INC.; NOR-CAL SEAFOOD, INC.; KEVIN LEE; AMERICAN SEAFOOD EXP, INC.; CALIFORNIA SHELLFISH COMPANY,** | Time:        2:00 p.m.<br>Dept:        Courtroom A, 5th Floor<br>Judge:      Hon. Alex G. Tse |

---

JOINT CASE MANAGEMENT STATEMENT; Case No. 3:23-cv-01098-AGT

152173382.1 0052902-00054

**INC.; ROBERT BUGATTO ENTERPRISES, INC.; ALASKA ICE SEAFOODS, INC.; LONG FISHERIES, INC.; CAITO FISHERIES, INC.; CAITO FISHERIES, LLC; SOUTHWIND FOODS, LLC; FISHERMEN'S CATCH, INC.; GLOBAL QUALITY FOODS, INC.; GLOBAL QUALITY SEAFOOD LLC; OCEAN KING FISH INC.; BORNSTEIN SEAFOODS, INC.; ASTORIA PACIFIC SEAFOODS, LLC; DA YANG SEAFOOD INC.; GREAT OCEAN SEAFOOD INC.; PACIFIC DREAM SEAFOOD, INC; JOHN CAITO; JOSEPH CAITO; JAMES CAITO; JEANETTE CAITO; and DOES 37-60,**

Defendants.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

JOINT CASE MANAGEMENT STATEMENT; Case No. 3:23-cv-01098-AGT

152173382.1 0052902-00054

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

Plaintiffs Brand Little ("Little") and Robin Burns ("Burns") (collectively, "Plaintiffs") and Defendants Pacific Seafood Procurement, LLC, Pacific Seafood Distribution, LLC, Pacific Seafood Processing, LLC, Pacific Seafood USA, LLC, Dulcich, Inc., Pacific Seafood – Eureka, LLC; Pacific Seafood – Charleston, LLC, Pacific Seafood – Warrenton, LLC, Pacific Seafood – Newport, LLC, Pacific Seafood – Brookings, LLC, Pacific Seafood – Westport, LLC, and Pacific Surimi – Newport LLC (collectively, "Pacific Seafood"); Blue River Seafood, Inc.; Safe Coast Seafoods, LLC; Safe Coast Seafoods Washington, LLC (collectively, "Safe Coast"); Ocean Gold Seafoods, Inc. ("Ocean Gold"); American Seafood Exp, Inc. ("ASE");California Shellfish Company, Inc. and Robert Bugatto Enterprises, Inc. (collectively, "Hallmark");Alaska Ice Seafoods, Inc. and Long Fisheries, Inc.(collectively, "Fathom Seafood"); Caito Fisheries, Inc. ("Caito Fisheries, Inc."); Caito Fisheries, LLC, and Southwind Foods, LLC ("Caito Fisheries, LLC/Southwind"); Fishermen's Catch, Inc. ("Fishermen's Catch"); Global Quality Seafood LLC ("Global Quality Seafood LLC"); Global Quality Foods, Inc.; Ocean King Fish Inc. ("Ocean King"); Bornstein Seafoods, Inc. and Astoria Pacific Seafoods, LLC, (collectively, "Bornstein"); ; Pacific Dream Seafood, Inc. ("Pacific Dream"), John Caito, Joseph Caito, James Caito, and Jeanette Caito (collectively, the "Caito Siblings") jointly submit this Subsequent Joint Case Management Statement pursuant to Civil Local Rule 16-10. Pursuant to the Court's previous direction, the parties provide herein a brief update on where things stand regarding certain matters, and incorporate by reference their Joint Case Management Statements (Dkt. 273, 344, 392 & 577), filed February 21, 2025, May 30, 2025, September 5, 2025, and January 16, 2026, respectively, to the extent the statements contain background information concerning the facts and claims of the case that are useful to the Court.

1. **<u>Stipulations</u>**

The Court previously entered the parties' Stipulated Protective Order. Dkt. 63.

The parties agreed to, and the Court entered, an ESI protocol for this action on May 15, 2025. Dkt. 335.

Various other miscellaneous stipulations have been entered on an *ad hoc* basis as needed. This includes a stipulation attaching a proposed joint notice to the putative class members to

JOINT CASE MANAGEMENT STATEMENT; Case No. 3:23-cv-01098-AGT

152173382.1 0052902-00054

which a subpoena was issued by Defendants, in accordance with the Court's order on Plaintiffs' motion to quash (Dkt. 583), which was filed on February 26, 2026. Dkt. 624.

The parties are negotiating a Stipulation Regarding Expert Discovery and a Deposition Protocol: and the parties intend to file both stipulations before the next Case Management Conference scheduled for March 6, 2026.

The parties intend to negotiate a stipulation concerning the business record admissibility of certain documents and the reliability/admissibility of certain records produced by the California, Oregon, and Washington Departments of Fish and Wildlife, in order to streamline the discovery process.

The parties will discuss whether any other Stipulations concerning discovery or case management are necessary, as the case proceeds.

## 2. Plaintiffs' Fifth Amended Complaint

Plaintiffs filed a Fifth Amended Complaint (the "5AC") on February 3, 2026 (Dkt. 596). Defendants Pacific Seafood, Borstein, Ocean Gold, Caito Fisheries, LLC/Southwind, Safe Coast, Hallmark, Global Quality Foods, Inc., Ocean King, Fathom Seafood, and ASE have answered the Fifth Amended Complaint. Caito Fisheries, Inc. and the Caito Siblings' obligation to respond to the Fifth Amended Complaint, or any superseding complaint, has been adjourned unless and until the Court denies final approval of a settlement reached between them and Plaintiffs or the Court otherwise orders based on a good cause showing. Dkt. 623. Defendants Nor-Cal, Fisherman's Catch, Global Quality Seafood LLC, and Pacific Dream have not answered the Fifth Amended Complaint, despite their responses being due on February 17, 2026.

On February 6, 2026, the Court granted Da Yang and Great Ocean's motion to dismiss the 5AC, with leave to amend, and at the same time denied Da Yang and Great Ocean's motion to stay discovery. Dkt. 600. Plaintiffs intend to file a Sixth Amended Complaint and will negotiate with Da Yang and Great Ocean a proposed schedule for such filing and related responses, which will be submitted to the Court for approval.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

### 3. **Motions**

    i)    <u>Nor-Cal/Kevin Lee</u>

The Court issued an Order to Show Cause to counsel for Nor-Cal and Kevin Lee on January 26, 2026, requiring a response by January 30, 2026, "for why the Court shouldn't impose sanctions for [their counsel's] repeated failures to attend CMCs… [which] may include…striking the answer and entering default." Dkt. 587.[1] Counsel for Nor-Cal and Kevin Lee has not responded to the Order to Show Cause.

On January 16, 2026, the Court had previously entered an Order On Motion to Compel against Defendants Nor-Cal and Kevin Lee, which required that required, *inter alia*, that they produce all communications responsive to Plaintiffs' first set of requests for production of documents by February 6, 2026 and pay Plaintiffs $3,557 in attorneys' fees by February 17, 2026. Dkt. 554. While Nor-Cal and Kevin Lee made a further partial production of communications from Mr. Lee, on February 16, 2026, they have made no productions of communications for certain other identified custodians, including Vicky Nowlin and Robin Creed, and their productions of communications of Kevin Lee and Hubert Wong are incomplete. They have also failed to make payment of the ordered sanctions. These failures are despite commitments made during a video conference on January 30, 2026 by Mr. Wong to comply with the Order On Motion to Compel.

Several efforts made by Plaintiffs to engage with Mr. Wong since February 16, 2026 have been ignored, and, as indicated above, Nor-Cal and Kevin Lee have failed to file any response to the Fifth Amended Complaint.

Accordingly, Plaintiffs intend to move the Court for an order striking Nor-Cal and Kevin Lee's previous answer and entering default judgment against them. *See Quotient Tech. Inc. v. Begley,* No. 16-CV-05954 NC, 2017 WL 11575363 (N.D. Cal. July 18, 2017).

    ii)    <u>West Coast Seafood and Other Non-Compliant Third Parties</u>

Plaintiffs have initiated the process to file a motion to compel the response of West Coast

---

[1] This is the second Order to Show Cause that the Court has entered regarding the failure of counsel for Nor-Cal and Kevin Lee to attend case management conferences. *See* Dkt. 399

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

Seafood LLC in the District of Oregon to Plaintiffs' subpoena for documents that was served on October 30, 2025, but to which no response has been received. The principal of West Coast Seafood is Xia Zhou, a former employee of Defendant Safe Coast, who Plaintiffs have alleged engaged in the cartel activity at the heart of this action. *See* Dkt. 596, ¶¶ 305-09. Plaintiffs sought on several occasions to gain West Coast Seafood's compliance with the subpoena before initiating the process of filing a motion to compel.

Certain other third parties are also not in compliance with Plaintiffs' subpoenas and/or related orders, and Plaintiffs are working to gain their voluntary compliance. However, if such measures are unsuccessful, Plaintiffs will seek remedies from this Court or another court, as appropriate under Rule 45.

  iii) <u>Ozzie Gregorio</u>

Defendants served Ozzie Gregorio (Confidential Buyer Informant #1) on December 15, 2025, with the Court's December 15, 2025, Order granting Defendants' Motion to Compel. Defendants and Mr. Gregorio stipulated and the Court granted an extension until February 4, 2026, for Mr. Gregorio to comply with the Court's December 15, 2025 (Order. Dkt. 563.) Counsel for Pacific Seafood reached out to Mr. Gregorio before the extended February 4, 2026, deadline to offer to help facilitate production of responsive records, but Mr. Gregorio did not respond. Mr. Gregorio did not comply with the Court's Order, and Defendants filed a Motion for Order to Show Cause Why Non-Party Gregorio Should Not Be Held in Contempt (Dkt. 602), which the Court granted on February 13, 2026 (Dkt. 603). Defendants promptly served Mr. Gregorio with the Court's Order to Show Cause on February 13, 2026, by electronically sending it to two of Mr. Gregorio's known email addresses and by mailing it via U.S. First Class Mail to four of Mr. Gregorio's known mailing addresses. Dkt. 604. Mr. Gregorio has not responded or otherwise communicated with Defendants' counsel since service of the show cause order. Mr. Gregorio must show cause by March 6, 2026, why the Court should not impose sanctions for his failure to comply with the Court's order.

Plaintiffs understand that Mr. Gregorio has been unable to secure legal counsel. Plaintiffs have connected Mr. Gregorio with a discovery vendor and are hopeful the vendor can assist Mr.

Gregorio in the process of collecting his ESI and producing documents in response to the subpoena. Plaintiffs understand that Mr. Gregorio intends to respond by the Court's Order to Show Cause deadline. Plaintiffs also intend to file a response.

**4. Discovery**

    i) Discovery concerning Da Yang and Great Ocean

Both Da Yang and Great Ocean have served their initial disclosures, on January 23, 2026 and January 26, 2026, respectively. Following the Court's granting of Da Yang and Great Ocean's motion to dismiss with leave to amend, the parties met and conferred concerning Da Yang and Great Ocean's responses to Plaintiffs' All-Defendant requests for production of documents ("RFPDs") and interrogatories, Set 1. Plaintiffs and Da Yang and Great Ocean have agreed that, until such time as there are claims pending against Da Yang and Great Ocean that have survived a motion to dismiss, Plaintiffs will only seek the production of text messages response to RFPDs 26 (texts between Da Yang and Great Ocean custodians and representatives other ex vessel buyers) and 33 (texts between Da Yang and Great Ocean custodians and crabbers), reserving all rights. The parties have agreed on the identity of the custodian from which responsive text messages will be produced, in the first instance. Plaintiffs have provided lists of buyer and crabber contact information to Da Yang, to be used as a guide for their collection and production, making clear that the lists are not to be used to limit production to the extent there are communications with buyers or crabbers that are not on the lists.

    ii) Recently Added Plaintiff Cherry Fisheries Inc.

Defendants expect to serve requests for production of documents ("RFPDs"), set 1, and interrogatories, set 1, on new plaintiff Cherry Fisheries during the week of March 2, 2026.

    iii) Status of the Other Parties' Responses to Discovery

        a) Negotiations Regarding the Scope of Plaintiffs RFPDs to All Defendants

After meeting and conferring between Plaintiffs and various Defendants, it was agreed that certain issues related to Plaintiffs' RFPDs to all Defendants would be negotiated jointly. Plaintiffs have engaged in fruitful meet and confer with Pacific Seafood which has yielded a framework agreement as to the scope of responsive documents for each of Plaintiffs' RFPDs.

Plaintiffs are close to similar agreements with certain Defendants. Plaintiffs have shared with all Defendants a summary of the agreements reached with Pacific Seafood, and requested meet and confer concerning any outstanding disputes for the week of March 2-6. If disputes concerning the scope of Plaintiffs' requests or sufficiency of Defendants' responses arise, the parties will jointly brief such issues for the Court's resolution.

   b) <u>Text Messages</u>

 Since the January 26, 2026 CMC certain Defendants have produced further text messages responsive to RFPDs 26 and 33.[2] As a result, Defendants have now having collectively produced several tens of thousands of responsive text messages.[3] Plaintiffs continue to meet and confer with certain Defendants over some remaining technical issues and, in certain cases, the lack of productions from certain custodian and/or the appropriate scope of certain Defendants' search for responsive communications. The parties hope to resolve these issues soon, but if issues persist, the parties will seek the Court's assistance.

 Plaintiffs and Pacific Seafood have also completed negotiations regarding keywords to be used to search for other responsive text messages, and, as part of this process, have reached agreements regarding keyword sets that will be used by Pacific Seafood in searching for other responsive texts sent or received during "in season," "preseason," and "off-season" periods.[4] Modified versions of those sets have been created by Plaintiffs for each of the other Defendants; and such sets have, or soon will be, provided to them. Plaintiffs understand that the other Defendants will use the keywords agreed to by Pacific Seafood and Plaintiffs, with certain exceptions, unless there is a substantiated objection to doing so. Certain Defendants have asserted that they need only consider using the keywords. On February 24, 2026, Plaintiffs have requested

---

[2] As used herein "text message" is used a shorthand for various types of mobile messaging, including, e.g., SMS, iMessage, WhatsApp, etc.

[3] Pacific Seafood, for example, produced at least 9,931 RSMF documents (19,801 pages) containing text messages responsive to Plaintiffs' RFPDs 26 and 33, across more than a dozen different productions. Pacific Seafood, further, expects to substantially increase its pace of production in the coming weeks and months.  Other Defendants have similarly collected and produced thousands of responsive messages.

[4] Plaintiffs and Pacific Seafood are currently negotiating the proper scope of text messages against which these keywords are intended to be used to search.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

JOINT CASE MANAGEMENT STATEMENT; Case No. 3:23-cv-01098-AGT

6

152173382.1 0052902-00054

meet and confer calls with most of the other Defendants, during the week of March 2-6, to discuss the proposed keywords; however, as yet, have only heard back from Fisherman's Catch.

Plaintiffs Brand Little and Robin Burns have produced all text messages between Plaintiff Little or Kenny Burns (Plaintiff Burn's Robins deceased husband) and representatives of ex vessel buyers, and are in the process of identifying and producing text messages between both and other crabbers that are responsive to Defendants' requests. Plaintiffs expect to make a production of such responsive text messages from Plaintiff Little before the March 6, 2026, CMC.

Defendants' position is that Plaintiff Little should produce all text messages between him and other crabbers (like Defendants have agreed to do with regarding to their text messages with other ex vessel buyers, at Plaintiffs' request). Plaintiffs disagree and the parties are meeting and conferring about the issue. To the extent the parties cannot agree, the parties will seek a ruling on the issue in a joint letter.

Collection of documents, including text messages, from Plaintiff Cherry Fisheries, Inc. is underway.

c)    Email Communications and other ESI, Excluding Structured Data

Certain Defendants have produced a limited amount of email communications and/or other ESI responsive to Plaintiffs' requests.

Plaintiffs and Pacific Seafood have been diligently negotiating various sets of keywords, and are nearing agreement on a set of keywords for email communications and other ESI. Plaintiffs understand that the keywords agreed with Pacific Seafood are intended, with certain modifications, to be used by other Defendants, as well. Certain Defendants have asserted that they need only consider using the keywords. The parties expect that review using agreed upon keywords can commence in the coming weeks, and that Defendants can begin document production thereafter.

Defendants continue to await production of several categories of Plaintiffs' documents, including Plaintiff Little's emails, Plaintiff Little's social media posts, Plaintiff Little's financial records, Plaintiff Little's other commercial crabbing documents, Plaintiff Burns' financial records, and Plaintiff Burns' other commercial crabbing documents.

JOINT CASE MANAGEMENT STATEMENT; Case No. 3:23-cv-01098-AGT

7

152173382.1 0052902-00054

In the planned production in advance of March 6, Plaintiffs anticipate including a large portion of Plaintiff Little's responsive social media posts and certain documents of Plaintiff Burns, in addition to the text messages referenced above. Plaintiffs will continue to work diligently to produce other responsive documents, including in the categories referenced above.

d) Structured Data

After meeting and conferring between Plaintiffs and various Defendants, it was agreed the scope of Plaintiffs requests to all Defendants concerning structured data would be negotiated jointly. Subsequently, Plaintiffs and Pacific Seafood have made significant progress in agreeing on the nature and content of structured data and expect that progress to accelerate, as scope issues are resolved through joint negotiations. Most recently, Pacific Seafood has produced multiple sample reports, data dictionaries, and SKU information and is currently negotiating with Plaintiffs various date, field, and other parameters with which to run data reports responsive to Plaintiffs' requests.

Plaintiffs anticipate adopting similar approaches with other Defendants.

iv) Interrogatories

The parties have been focused on document discovery, but as negotiations concerning related matters complete; the parties intend to take up various issues related to the parties' interrogatory responses. As those negotiations proceed, there may be issues that require the Court's assistance in resolving, in which case the parties will utilize the Court's joint letter brief process.

v) Third Party Document Discovery

Plaintiffs and Defendants continue to serve document subpoenas on third party individuals, businesses and government entities, including former employees of Defendants and other non-Defendant buyers.

Plaintiffs are engaged in meet and confer discussions with these subpoena recipients regarding their responses and productions, with the goal of attaining requested documents and avoiding the need to request contempt orders and the like.

Plaintiffs have also subpoenaed structured transactional data from the California, Oregon,

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

JOINT CASE MANAGEMENT STATEMENT; Case No. 3:23-cv-01098-AGT

152173382.1 0052902-00054

and Washington Departments of Fish and Wildlife, as well as updates thereto; and do not anticipate significant issues related thereto. Pursuant to the agreement between Plaintiff and certain Defendants to stipulate to the admissibility of Department of Fish and Wildlife Data, the parties are meeting and conferring and coordinating with the state departments of fish and wildlife to reconcile differences between data sets to select the proper data sets to be used in the case going forward.

Plaintiffs also subpoenaed records from various cellular phone carriers and are working through issues related thereto, but expect them to be resolved shortly.

Defendants have issued several subpoenas duces tecum to various state agencies and fact witnesses. Defendants anticipate noticing and serving several more subpoenas to other individuals and industry participants in the months to come.

### vi) Fact Depositions

There have been no fact depositions to date. The parties are negotiating a Deposition Protocol, which they expect to file with the Court prior to the March 6, 2026, CMC.

The parties anticipate that at least one hundred percipient Rule 30(b)(1) depositions will be taken, as well as a number of Rule 30(b)(6) depositions.

## 5. Scheduling

### iv) Joint Request to Extend Discovery

In light of the volume and complexity of discovery, the parties believe it is prudent, and therefore jointly request, to extend certain case schedule deadlines to facilitate the completion of fact discovery. In addition, the parties agree and stipulate to a deadline of September 1, 2026, for the substantial completion of document productions. The parties are also negotiating earlier deadlines for the substantial completion of production of certain documents, including (a) texts responsive to RFPDs 26 & 33, not including the results of any supplemental collection, and (b) structured data. The parties anticipate filing proposed stipulations regarding such deadlines upon reaching an agreement.

As previously raised with the Court, the parties initially hoped to substantially complete document production in March of 2026 (Dkt. 392 at p. 12), to be followed by depositions. Given

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

the volume of text messages, the technical difficulties associated with searching and producing them, and the large volume of potentially-responsive ESI (including emails and other ESI), the parties need additional time to collect, review and produce responsive discovery.

The parties have been diligent in their efforts to advance discovery. As noted above, Defendants have made considerable progress in producing external text messages responsive to Plaintiffs' RFPDs 26 and 33. Defendants' have agreed to produce entire text strings between their dozens of custodians, on the one hand, and other buyers and crabbers identified by Plaintiffs, on the other. Defendants collectively produced several tens of thousands of external text messages responsive to these requests.

Defendants have also collected significant volumes of internal text messages and ESI and prepared for the review and production process. Pacific Seafood alone has identified 17 text message and ESI custodians and has collected over 100,000 RSMF text message documents and over 2.6 million electronic documents (emails, attachments, and other ESI). Other defendants have identified numerous custodians and collected tens, if not hundreds, of thousands of text messages and hundreds of thousands of emails and other electronic documents. The parties have worked since July 2025 to negotiate search terms to apply to other text messages not responsive to RFPDs 26 & 33, and other ESI.

The parties, however, have encountered significant unanticipated challenges in this process. For one, as discussed, the production of responsive text messages has been delayed, in part, by technical issues with the format of some Defendants' productions. As of the new year, most of those issues have been resolved, and text productions responsive to Plaintiffs' RFPDs Nos. 26 and 33 have resumed.

The parties also encountered challenges in crafting efficient search parameters for internal text messages and other ESI that, on one hand, effectively target responsive texts (despite their significant lack of contextual information) and, on the other hand, do not return excessive nonresponsive hits. Over the last several months, the parties have painstakingly refined and tested multiple search term sets that are separated according to date parameters (specifically, whether the text was sent and received *during* crab season, shortly *before* crab season, or *outside* of crab

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

season). As of this week, Plaintiffs and Pacific Seafood have agreed to final search term sets for each dates range (in-season, pre-season, and off-season—in other words, all text message search categories), with nearly every search term set containing more than 1,000 search terms, multiple tiers, and/or multiple subgroups. With these baseline sets, Plaintiffs have now tailored in-season and preseason text keywords to the other Defendant groups, which have been or soon will be distributed, will do the same with outside season text keywords, and will continue negotiating with other Defendants with these keywords, as a baseline.

Meanwhile, Plaintiffs and Pacific Seafood are finishing negotiations of several search term sets for emails and other ESI. Plaintiffs and Pacific Seafood expect to complete negotiations of search terms for all other ESI by March 31, 2026, after Plaintiffs will tailor those search terms of the other Defendants, as they have done with text message keywords.

Time has also been spent in connection with the joint negotiation process concerning Plaintiffs' RFPDs to all Defendants; it is hoped that the results of that process will ultimately expedite completion of Defendants' document collection and production.

While the parties are now clearing these hurdles, the parties still must complete review and production of ESI. Assuming the final search parameters are substantially similar to Pacific Seafood's proposed terms—and that the final search terms do not return excessive hits against Pacific Seafood's 2.6 million document collection—Pacific Seafood expects to substantially complete a linear review and production of all responsive documents by September 1, 2026, as well as meet the two other interim deadlines identified above.  Other Defendants likewise believe that September 1 will afford them sufficient time to utilize search terms negotiated by Plaintiffs and Pacific Seafood, and review and produce responsive text messages, emails and other ESI.

Following the substantial completion of document production, the parties will turn their focus to fact depositions, whose number will almost certainly exceed one hundred.

Accordingly, the parties request an extension to the close of fact discovery, from November 9, 2026, to June 9, 2027, and a corresponding extension to all other case schedule

JOINT CASE MANAGEMENT STATEMENT; Case No. 3:23-cv-01098-AGT

11

152173382.1 0052902-00054

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

deadlines. An amended case schedule, which includes the parties' requested an extension and such modifications to expert report deadlines, will result in the following revised schedule[5]:

- July 10, 2026: further case management conference;

- September 1, 2026: substantial completion of all document production;

- October 2, 2026: further case management conference;

- January 8, 2027: further case management conference;

- April 2, 2027: further case management conference;

- June 9, 2027: fact discovery closes;

- July 7, 2027: last day to file joint discovery letter briefs relating to fact discovery;

- August 6, 2027: further case management conference

- August 10, 2027: last day for Plaintiffs to serve to serve initial expert reports;

- November 10, 2027: last day for Defendants to serve rebuttal expert reports;

- December 21, 2027: last day for Plaintiffs to serve reply expert reports;

- January 11, 2028: close of expert discovery;

- February 23, 2028: last day for Plaintiffs to file motion for class certification and all parties to file *Daubert* motions;

- March 3, 2028: further case management conference;

- April 4, 2028: last day for Defendants to file opposition to class certification and all parties to file oppositions to *Daubert* motions;

- May 2, 2028: last day to file replies in support of class certification and *Daubert* motions;

- June 16, 2028: hearing on class certification and *Daubert* motions.

## 6. **Settlement and ADR**

In addition to the efforts to move discovery along, Plaintiffs and certain Defendants and third parties have spent considerable time pursuing settlement negotiations. Pursuant to stipulation, the Court has referred Plaintiffs and certain Defendants to settlement conferences

[5] The parties have also agreed to make slight revisions to the case schedule as it pertains to expert reports, to clarify each side's obligations, as noted below.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

152173382.1 0052902-00054

before Magistrate Judge Spero.

As soon as practicable, Plaintiffs intend to move for preliminary approval of three settlements that have been reached, respectively, with: (1) Defendants Caito Fisheries, Inc. and the Caito Siblings (collectively, the "Caito Inc. Defendants");[6] (2) Defendant Pacific Dream Seafood; and (3) non-party Fisherman's Choice, LLC, which has been referred to in this action as Unnamed Co-Conspirator #2, and its principal Gerald Wettle (collectively "Fisherman's Choice"). Plaintiffs' motion for preliminary approval will also seek appointment of Stuart Gross of Gross Klein PC as lead counsel, as well Matt Ruan of Freed Kanner London and Millen LLP and Matt Weiler of Schneider Wallace Cottrell Kim LLP as executive committee members.

Caito Inc Defendants

A settlement agreement was put on the record which stated that it was "binding and enforceable subject to the requirements for approval," between Plaintiffs and a proposed settlement class, on the one hand, and the Caito Inc. Defendants, on the other hand, on January 28, 2026. Dkt. 592. Plaintiffs and the Caito Inc. Defendants are currently engaged in drafting a written agreement further memorializing that settlement and anticipate completing this process shortly.

Fisherman's Choice

A settlement agreement, subject to court approval, between Plaintiffs and a proposed settlement class and Fisherman's Choice was executed on January 28, 2026.

Pacific Dream

Following multiple settlement conferences, a binding settlement, subject to Court approval, was reached between Plaintiffs and a proposed settlement class and Pacific Dream and put on the record on December 16, 2025. Since that time Plaintiffs and Pacific Dream have negotiated a written agreement further memorializing the agreement. There remains a single outstanding issue that the parties are currently attempting to resolve without the need for Court intervention. However, if that does not occur shortly, Plaintiffs will move the Court for an order

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

---

[6] A settlement has not been reached with Defendant Caito Fisheries, **_LLC_**, which is affiliated with Defendant Southwind.

152173382.1 0052902-00054

enforcing the settlement based on the agreement that was entered on the record and the agreed upon terms of the draft written agreement.

Other Settlement Conferences and Discussions

Plaintiffs and Fathom are scheduled to attend a settlement conference before the Honorable Judge Joseph Spero, on March 24, 2026.

Plaintiffs and ASE are scheduled to attend a settlement conference before the Honorable Judge Joseph Spero, on April 21, 2026.

There are no other settlement conferences set at this time, though information settlement discussions with various parties are ongoing.

DATED: February 27, 2026

/s/ Stuart G. Gross
Stuart G. Gross (SBN 251019)
Ross A. Middlemiss (SBN 323737)
Travis H.A. Smith (SBN 331305)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628
sgross@grosskleinlaw.com
tsmith@grosskleinlaw.com
rmiddlemiss@grosskleinlaw.com

Matthew W. Ruan (SBN 264409)
Samantha Gupta (admitted pro hac vice)
**FREED KANNER LONDON & MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
(224) 632-4500
mruan@fklmlaw.com
sgupta@fklmlaw.com

Matthew S. Weiler (SBN 236052)
Raymond S. Levine (SBN 348030)
**SCHNEIDER WALLACE COTTRELL KONECKY, LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
(415) 421-7100
mweiler@schneiderwallace.com

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

JOINT CASE MANAGEMENT STATEMENT; Case No. 3:23-cv-01098-AGT

14

152173382.1 0052902-00054

rlevine@schneiderwallace.com

Steven N. Williams (SBN 175489)
**STEVEN WILLIAMS LAW, P.C.**
201 Spear St, Suite 1100
San Francisco, CA 94105
(415) 671-4628
swilliams@stevenwilliamslaw.com

*Counsel for Plaintiffs and the Proposed Classes*

DATED: February 27, 2026

/s/ Timothy W. Snider
Edward C. Duckers (SBN 242113)
ed.duckers@stoel.com
Charles H. Samel (SBN 182019)
charles.samel@stoel.com
**STOEL RIVES LLP**
1 Montgomery Street, Suite 3230
San Francisco, CA 94104
Telephone: 415.617.8900

Matthew D. Segal (SBN 190938)
matthew.segal@stoel.com
Michelle J. Rosales (SBN 343519)
michelle.rosales@stoel.com
**STOEL RIVES LLP**
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700

Timothy W. Snider (appearing *Pro Hac Vice*)
timothy.snider@stoel.com
**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380

*Attorneys for Pacific Seafood Defendants*

DATED: February 27, 2026

/s/ Elizabeth Parker
Christopher J. Kayser
Elizabeth E. Parker
**LARKINS VACURA KAYSER**
121 SW Morrison St. Suite 700
Portland, OR
Telephone: (503) 222-4424

Gross Klein PC
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111

152173382.1 0052902-00054

cjkayser@lvklaw.com
eparker@lvklaw.com

Brian A. E. Smith
Joseph J. Fraresso
**BARTKO LLP**
1100 Sansome Street
San Francisco, CA 94111
Telephone: (415) 956-1900
bsmith@bartkolaw.com
jfraresso@bartkolaw.com

*Attorneys for Defendant Ocean Gold Seafoods, Inc.*

DATED: February 27, 2026          */s/ Bao-Quan P. Pham*
Bao-Quan P. Pham
**Law Office of Bao-Quan P. Pham**
345 N. 18th Street
San Jose, CA 95112
408-275-6701
baopham408@sbcglobal.net

*Attorneys for Defendant Global Quality Seafood LLC*

DATED: February 27, 2026          */s/ Sean Tamura-Sato*
Sean Tamura-Sato
**MINAMI TAMAKI LLP**
101 Montgomery Street, Suite 825
San Francisco, CA 94104
Telephone: 415-788-9000
*seant@minamitamaki.com*

*Attorneys for Defendant American Seafood EXP, Inc.*

DATED: February 27, 2026          */s/ Scott Cameron*
Scott Cameron
Josiah Prendergast
**WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN**
400 Capitol Mall, 11th Floor
Sacramento, California 95814
Telephone: (916) 558-6000
scameron@weintraub.com
Jprendergast@weintraub.com

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

JOINT CASE MANAGEMENT STATEMENT; Case No. 3:23-cv-01098-AGT

16

152173382.1 0052902-00054

*Attorneys for Defendant California Shellfish Company, Inc. and Robert Bugatto Enterprises, Inc.*

DATED: February 27, 2026

    */s/ Colin Morrow*
Colin W. Morrow
**VANNUCCI MOMSEN MORROW**
45060 Ukiah St., Ste. A
P.O. Box 1214
Mendocino, CA 95460
Telephone: 707-380-1070
cmorrow@vmm-law.com

*Attorneys for Defendant Caito Fisheries, Inc.*

DATED: February 27, 2026

    */s/ Steven J. Goon*
Steven J. Goon
Sarah Van Buiten
**RUTAN & TUCKER, LLP**
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
sgoon@rutan.com
Svanbuiten@rutan.com

*Attorneys for Defendant Caito Fisheries, LLC and Southwind Foods, LLC*

DATED: February 27, 2026

    */s/ Victoria S. Pereira Duarte*
**K&L GATES LLP**
J. Timothy Hobbs, Jr. (*pro hac vice*)
501 Commerce Street, Ste. 1500
Nashville, Tennessee 37203
Telephone: (615) 780-6700
Tim.Hobbs@klgates.com

Henry J. Brockway (*pro hac vice*)
925 Fourth Avenue, Ste. 2900
Seattle, Washington 98104
Telephone: (206) 623-7580
Henry.Brockway@klgates.com

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

JOINT CASE MANAGEMENT STATEMENT; Case No. 3:23-cv-01098-AGT

17

152173382.1 0052902-00054

Victoria S. Pereira Duarte (*pro hac vice*)
70 W. Madison St., Ste. 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
Victoria.Duarte@klgates.com

Michael Stortz (SBN 139386)
4 Embarcadero Ctr., Ste 1200
San Francisco, California 94111
Telephone: (415) 882-8200
Michael.Stortz@klgates.com

*Attorneys for Defendant Bornstein Seafoods, Inc.
and Astoria Pacific Seafoods, LLC*

DATED: February 27, 2026

/s/ Sean Gates

Sean Gates
**ILLOVSKY GATES & CALIA LLP**
155 N. Lake Avenue, Suite 800
Pasadena, California 91101
Telephone: (626) 508-1715
sean@illovskygates.com

*Attorneys for Defendant Safe Coast Seafoods, LLC,
Safe Coast Seafoods Washington, LLC, and Blue
River Seafood, Inc.*

DATED: February 27, 2026

/s/ Micah Allred

Micah C. Allred
Timothy B. Fitzgerald
**McNaul Ebel Nawrot & Helgren PLLC**
600 University Street, Suite 2700
Seattle, WA 98101
(206) 467-1816
mallred@mcnaul.com
tfitzgerald@mcnaul.com

Lukas Sosnicki
**Thompson Coburn LLP**
10100 Santa Monica Blvd, Suite 500
Los Angeles, CA 90067
(310) 282-2500
lsosnicki@thompsoncoburn.com

*Attorneys for Defendants Alaska Ice Seafoods, Inc.*

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

JOINT CASE MANAGEMENT STATEMENT; Case No. 3:23-cv-01098-AGT

18

152173382.1 0052902-00054

*and Long Fisheries, Inc.*

DATED: February 27, 2026        /s/ *Philip J. Wang*
Philip J. Wang
Traci Michelle Keith
**PUTTERMAN YU WANG LLP**
345 California St. Suite 1160
San Francisco, CA 94104
pwang@plylaw.com
tkeith@plylaw.com

*Attorneys for Defendant Ocean King Fish Inc.*

DATED: February 27, 2026        /s/ *Steven McLellan*
Steven McLellan
**MCLELLAN LAW GROUP LLP**
900 E. Hamilton Ave. Suite 100
Campbell, CA 95008
Mclellanlawgroup.com

*Attorneys for Defendant Fisherman's Catch Inc.*

DATED: February 27, 2026        /s/ *Theresa H. Rava*
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4000
Seattle, WA 98101
trava@williamskastner.com

*Attorneys for Defendant Pacific Dream Seafood Inc.*

## ATTESTATION UNDER L.R. 5-1(i)(3)

Pursuant to Civil Local Rule 5-1(i)(3), I attest under the penalty of perjury that the above signatories authorized the use of an electronic signature and concurred in the filing of this document.

Dated: February 27, 2026        by: /s/ *Stuart G. Gross*
STUART G. GROSS

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

JOINT CASE MANAGEMENT STATEMENT; Case No. 3:23-cv-01098-AGT

19

152173382.1 0052902-00054