UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BRAND LITTLE, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>PACIFIC SEAFOOD PROCUREMENT,<br>LLC, et al.,<br><br>        Defendants. | Case No.  23-cv-01098-AGT<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 630, 631 |

Concerning Plaintiffs' subpoenas to AT&T and Verizon Wireless, Plaintiffs and non-parties Jerod Goodin and Jonathan Mark have reached an impasse again, on two points. They have presented their positions in two separate (non-joint) letter briefs, which aren't especially helpful because the briefs refer to meet-and-confer agreements that aren't reflected in the competing proposed orders. *Compare* Pls.' Letter Brief, Dkt. 631 at 3 (stating that Goodin and Mark "insist that 'putative class members' be used" in the proposed order), *with* Goodin and Mark's Proposed Order, Dkt. 630 at 5–6 (not using "putative class members").

To aid the Court's review, Plaintiffs, Goodin, and Mark shall file a joint letter brief on the disputed points, by March 11, 2026. The joint letter brief should also address the following two questions, which relate to the disputed points:

(1) Why do Plaintiffs need a log that identifies Goodin's and Mark's phone calls and text messages with crabbers? Previously, Plaintiffs only explained why they needed a log that identified Goodin's and Mark's calls and texts with other crab buyers. Dkt. 498 at 6.

 (2) Given that the proposed class period now runs from January 1, 2016, to the present, dkt. 596, 5th Amend. Compl. ¶ 12, why do Plaintiffs need a log that includes calls and texts dating back to August 2015?

 **IT IS SO ORDERED.**

Dated: March 4, 2026

_____
Alex G. Tse
United States Magistrate Judge