UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BRAND LITTLE, et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>PACIFIC SEAFOOD PROCUREMENT,<br>LLC, et al.,<br><br>                    Defendants. | Case No. 23-cv-01098-AGT<br><br>**ORDER DENYING STIPULATED<br>DEPOSITION PROTOCOL**<br><br>Re: Dkt. No. 638 |

The parties have stipulated to a deposition protocol that, if approved, would allow Plaintiffs to take at least up to 75 party depositions under Rule 30(b)(1), and perhaps up to 90, and for Defendants to take 11. Dkt. 638 ¶ 3. Seventy-five is well in excess of the default number of 30(b)(1) depositions, which is 10. Fed. R. Civ. P. 30(a)(2)(A)(i). Plaintiffs may have good cause for taking 75 (or 90) depositions, but their protocol doesn't provide it.[1]

The Court accordingly denies the protocol, without prejudice to Plaintiffs filing an

---

[1] The protocol is ambiguous about whether Plaintiffs are proposing 75 or 90 as their upper limit. In relevant part, the protocol reads as follows: "Plaintiffs collectively may take no more than seventy-five (75) percipient depositions under Rule 30(b)(1) of any owner or current employee of any Defendant Group or former employees of any Defendant Group, and no more than fifteen (15) of any Defendant Group, including depositions of owners or current employees of the Defendant Group or former employees of the Defendant Group, but not including depositions taken pursuant to Rule 30(b)(6)." Dkt. 638 ¶ 3(a). As written, it's not entirely clear whether 75 and 15 are additive, or whether 15 is a subset of 75.

amended version, along with a statement that offers more detail about who they intend to depose, what purpose the depositions will serve, and why good cause warrants more depositions than the default number. The amended protocol should also clarify whether Plaintiffs are proposing 75 or 90 as their upper limit. Rule 30(a)(2)(A) contemplates that the parties may stipulate to exceed the default deposition number without leave of court. But the Court has discretion to limit the scope of discovery if warranted. Fed. R. Civ. P. 26(b)(2)(C).

As for Defendants, the protocol explains that their 11 depositions under 30(b)(1) would consist of the following: "one (1) deposition of Plaintiff Burns; up to five (5) depositions of Plaintiff Brand Little and his business, inclusive of any current or former employees; and up to five (5) depositions of Plaintiff Cherry Fisheries, inclusive of any current or former employees." Dkt. 638 ¶ 3(b). Given the modest number proposed and the detail provided, Defendants' proposal is sufficient as is. If the parties submit an amended protocol, Defendants needn't provide more information about their proposed depositions.

**IT IS SO ORDERED.**

Dated: March 13, 2026

Alex G. Tse
United States Magistrate Judge