Stuart G. Gross (SBN 251019)
Ross A. Middlemiss (SBN 323737)
Travis H.A. Smith (SBN 331305)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628

*Attorneys for Plaintiffs and the Proposed Classes*
[additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **BRAND LITTLE, ROBIN BURNS**, and **CHERRY FISHERIES INC.**, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>**PACIFIC SEAFOOD PROCUREMENT, LLC,** et al.,<br><br>Defendants. | Case No. 3:23-cv-01098-AGT<br><br>**PLAINTIFFS' OBJECTION TO OCEAN GOLD'S NEW EVIDENCE OFFERED IN REPLY IN SUPPORT OF DKT. 651**<br><br>Date:        Friday, May 1, 2026<br>Time:        10:00 a.m.<br>Judge:       Honorable Alex G. Tse<br>Courtroom: A, 15th Floor |

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

**INTRODUCTION**

Ocean Gold impermissibly offers new evidence in its reply brief. Plaintiffs accordingly object to Ocean Gold's new evidence under Civil Local Rule 7-3(d)(1) and respectfully move the Court to strike this new evidence or, in the alternative, grant Plaintiffs leave to file a sur-reply.

Ocean Gold offers the following pieces of impermissible new evidence: 1) vessel revenue data offered on the declaration of Christopher Kayser,[1] 2) insight on the distinctions between the interests of large and small fishing vessels offered on the declaration of Mark Rydman,[2] 3) opinions on the economic effects of crabber bargaining conduct related to *inter alia* strikes,[3] and 4) prices during the 2017/2018 season.[4]

**LEGAL STANDARD**

It is "well accepted that raising of new issues and submission of new facts in [a] reply brief is improper." *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999) (internal quotation omitted). Accordingly, court may strike new evidence raised for the first time in a reply. *See Roe v. Doe*, No. C 09–0682 PJH, 2009 WL 1883752, at *5 (N.D. Cal. June 30, 2009) (striking facts in reply brief as improper new facts).

**ARGUMENT**

**I.   Ocean Gold's New Evidence is Far Afield of its Opening Brief and Plaintiffs' Opposition.**

Ocean Gold's opening brief identified the following bases for discovery upon class member Patrick Davis: he was a percipient witness listed in Plaintiffs' complaint;[5] there has been antitrust litigation in the seafood industry before;[6] Ocean Gold thinks Brand Little, Robin Burns, or Cherry Fisheries are "poor representatives of fishermen."[7] Plaintiffs' opposition can be summarized in three points: Ocean Gold's motion improperly seeks reconsideration of the

---

[1] Dkt. 676 at p. 6
[2] *Id.* at pp. 5-8.
[3] *Id.* at pp. 8-11.
[4] *Id.* at p. 11.
[5] Dkt. 651 at pp. 3-4.
[6] *Id.* at p. 5.
[7] *Id.* at p. 6.

Court's January 22, 2026 Discovery Order;[8] Ocean Gold did not, and cannot, demonstrate any "clear need" for the subpoenaed records beyond events percipiently witnessed;[9] and that Ocean Gold did not even attempt to show its subpoenas would unduly burden Mr. Davis.[10]

To what in either brief does Ocean Gold's airdrop of market insight and econometrics respond? Nothing. These are new arguments on new evidence. These facts in the declarations of Messrs. Rydman and Kayser are new facts to which Plaintiffs would have no opportunity to respond; their inclusion in the brief is thus impermissible. *See Rodgers v. Chevys Restaurants, LLC*, No. C13–03923 HRL, 2015 WL 909763, at *5 (N.D. Cal. Feb. 24, 2015) ("raising new facts in a reply brief … is not permitted."). Nor would "oral rebuttal … be sufficient," as the new evidence proffered includes declaration testimony about complicated market dynamics and two datasets, requiring at the very least a sur reply to adequately address the new evidence. *C.f., Gray v. County of Riverside*, No. EDCV 13–00444–VAP (OPx), 2014 WL 5304915, at *15 n.7 (C.D. Cal. Sept. 2, 2014).

## II.   Ocean Gold's New Argument on Undue Burden is Waived.

As Plaintiffs noted, Ocean Gold raised no undue burden in its opening brief.[11] That argument is therefore waived. *Dytch v. Yoon*, No. C 10–02915 MEJ, 2011 WL 839421, at *3 (N.D. Cal. Mar. 7, 2011) ("Issues raised for the first time in the reply brief are waived." (internal quotation omitted). Ocean Gold cannot now raise this argument on reply. The Court should either strike this argument or grant Plaintiffs leave to file a sur-reply.

## III.   Ocean Gold's New Evidence Concedes that its Request Discovery is Needless.

Among the key arguments of Ocean Gold's opening brief was that it needed discovery on Mr. Davis to determine:

- "why the season-opening prices in Washington, where Ocean Gold buys most of its crab, are often different than the season-opening prices in Oregon and California…"
- "why ex-vessel prices always change as the season progresses…"

---

[8] Dkt. 664 at p. 6.
[9] *Id.* at 7-10.
[10] *Id.* at 10-13.
[11] *See* Dkt. 664 at pp. 1, 6, 10-13.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

- "[or] why fishermen participate in coast-wide calls, seek a common season-opening ex-vessel price and will often refuse to go fishing until they get a common opening price…."

Dkt. 651 at pp. 4-5.

Ocean Gold's reply confirms that it already has the information it needs. Mr. Rydman was, himself, a fisherman, and seems more than willing to provide testimony under oath about what fishermen do and how they negotiate.[12] Indeed, the Court observed as much in finding that "crabber-to-buyer texts would be better evidence of how crabbers and buyers negotiate prices" and that this is discovery Ocean Gold "can obtain … *from the buyers themselves*."[13] Or, apparently, from Ocean Gold's own principals.

### CONCLUSION

For the foregoing reasons, the Court should disregard Ocean Gold's new evidence and arguments or, in the alternative, grant Plaintiffs leave to file a sur-reply.

Dated: April 22, 2026                    Respectfully submitted,

By:                                      */s/ Stuart G. Gross*
                                         Stuart G. Gross (SBN 251019)
                                         Ross A. Middlemiss (SBN 323737)
                                         Travis H.A. Smith (SBN 331305)
                                         **GROSS KLEIN PC**
                                         The Embarcadero
                                         Pier 9, Suite 100
                                         San Francisco, CA 94111
                                         (415) 671-4628
                                         *sgross@grosskleinlaw.com*
                                         *tsmith@grosskleinlaw.com*
                                         *rmiddlemiss@grosskleinlaw.com*

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

[12] *See* Dkt. 678 at ¶¶ 5-8.
[13] Dkt. 583 at pp. 203.



Matthew W. Ruan (SBN 264409)
Samantha Gupta *(admitted pro hac vice)*
**JUSTICE JAGHER LONDON & MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
(224) 632-4500
*mruan@jjlmlaw.com*
*sgupta@jjlmlaw.com*

Matthew S. Weiler (SBN 236052)
Raymond S. Levine (SBN 348030)
**SCHNEIDER WALLACE COTTRELL KIM, LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
(415) 421-7100
*mweiler@schneiderwallace.com*
*rlevine@schneiderwallace.com*

*Counsel for Plaintiffs and the Proposed Classes*

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

PLAINTIFFS' OBJECTION TO OCEAN GOLD'S NEW EVIDENCE OFFERED IN REPLY IN SUPPORT OF DKT. 651; CASE NO. 3:23-CV-01098-AGT