UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BRAND LITTLE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC SEAFOOD PROCUREMENT, LLC, et al., <br><br> Defendants. | Case No.  23-cv-01098-AGT <br><br> **DISCOVERY ORDER** <br><br> Re: Dkt. No. 645 |

Pacific Seafood may serve its proposed document and deposition subpoenas on the 20 Dungeness crab marketing associations it has identified. *See* Dkt. 645-1, Snider Decl. ¶ 3. Pacific Seafood has articulated a clear need for the discovery it seeks.

Pacific Seafood suggests that the reason ex vessel Dungeness crab prices are similar in the Pacific NW isn't because purchasers like Pacific Seafood are fixing prices, but because crabbers collectively negotiate prices through marketing associations. Pacific Seafood needs discovery from the marketing associations to fully develop this theory.

The marketing associations are not putative class members. As a result, the Court's concern about burdening putative class members with discovery doesn't directly apply. *See* Order, Dkt. 583. Relatedly, Pacific Seafood has identified only 20 marketing associations, whereas the proposed class is comprised of approximately 1,400 commercial fishermen. *See*

Dkt. 480-1, Gross Decl. ¶ 18. Given this numerical difference, the efficiencies of the class action shouldn't be materially diminished even if the marketing associations need to retain counsel to respond to Pacific Seafood's subpoenas.

After Pacific Seafood serves the subpoenas, any subpoenaed marketing association may seek to quash or modify the subpoena if necessary, under Rule 45, if the marketing association contends that the subpoena is unduly burdensome or otherwise objectionable.

**IT IS SO ORDERED.**

Dated: April 27, 2026

Alex G. Tse
United States Magistrate Judge

2