UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAND LITTLE, et al., <br><br>      Plaintiffs, <br><br>   v. <br><br> PACIFIC SEAFOOD PROCUREMENT, LLC, et al., <br><br>      Defendants. | Case No.  23-cv-01098-AGT <br><br> **DISCOVERY ORDER** <br> Re: Dkt. Nos. 662, 720 |

Previously, the Court determined that the list of keywords agreed to by Plaintiffs and Pacific Seafood would provide "a helpful starting point for ESI searches." Dkt. 720 at 2. But because the Southwind Defendants said they "would need to retain an outside vendor (rather than relying on counsel's litigation support staff)" to run the searches and generate hit reports (dkt. 662 at 5), the Court offered them the chance to substantiate their burden objection.

The Court explained that "[f]or a small company, retaining an outside vendor to run hit reports could be unduly burdensome." Dkt. 720 at 2. But because the Southwind Defendants' "size and resources [were] unknown to the Court," *id.*, the Court asked them to provide "more information, preferably financial statements documenting their assets, liabilities, owners' equity, revenues, and profits." *Id.*; *see also* Fed. R. Civ. P. 26(b)(1) (noting that

courts consider "the parties' resources" in determining the scope of discovery).

Responding to the Court's request, the Southwind Defendants state that their "burden objection is not based on their financial condition," so they "do not intend to submit financial records." Dkt. 725, Goon Decl. ¶ 3. Instead, they offer an estimate of how much it will cost to run Plaintiffs' proposed keyword searches on text messages—$16,625. *Id.* ¶ 14.

In reply, Plaintiffs contend that "the Southwind Defendants cannot establish undue burden simply by asserting that running the keyword searches will cost $16,625 without providing context for their resources to bear such an expense." Dkt. 734 at 6. The Court agrees. Costs of $16,625 may be too high for a small company, but the Southwind Defendants haven't proven that they are small companies. And as Plaintiffs note, Southwind's website suggests that they are not. *See* https://www.southwindfoods.com (last visited June 12, 2026) (stating that Southwind Foods generates "$600 + million" in annual revenue).

The Southwind Defendants haven't established that they will be unduly burdened by Plaintiffs and Pacific Seafood's proposed keyword searches. They must use those keywords in the manner contemplated by the Court's May 29, 2026, order. Dkt. 720.

**IT IS SO ORDERED.**

Dated: June 12, 2026

Alex G. Tse
United States Magistrate Judge

2