# EXHIBIT A

*Further Revised Execution Draft – 5/20/2026*

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is made and entered into as of the Execution Date (defined below), by and between all named Class Representatives, including but not limited to Plaintiffs Brand Little and Robin Burns (together, "Class Representatives" or "Plaintiffs"), on behalf of themselves and on behalf of each Settlement Class Member (the "Settlement Class" as defined below), and Pacific Dream Seafoods, Inc. (the "Settling Defendant" and collectively with Plaintiffs and the Settlement Class, the "Parties").

WHEREAS, Plaintiffs are prosecuting claims on their own behalf and on behalf of the Settlement Class in *Little, et al. v. Pacific Seafood Procurement, LLC, et al.*, Case No. 23-cv-1098 (N.D. Cal) (the "Action");

WHEREAS, Plaintiffs, on behalf of themselves and the Settlement Class, allege that Settling Defendant participated in a conspiracy to fix the ex vessel price paid to crabbers in the Pacific NW area (including fisheries in California, Oregon, and Washington and excluding Puget Sound) in violation of Section 1 of the Sherman Act, the California Cartwright Act, and the California Unfair Competition Law, and that Plaintiffs are or would be entitled to damages and injunctive relief;

WHEREAS, Settling Defendant denies Plaintiffs' allegations and denies any and all purported wrongdoing in connection with the conspiracy alleged in this Action;

WHEREAS, Plaintiffs and Settling Defendant participated in settlement conferences before the Honorable Judge Joseph C. Spero on October 30, 2025 and again on December 16, 2025, engaging in arm's-length negotiations that resulted in a binding settlement that was read into the record on December 16, 2025 and is embodied and memorialized in this Agreement, which is the product of further arm's-length negotiations by counsel for the Parties and embodies all of the terms and conditions of the Settlement;

WHEREAS, Plaintiffs, through their counsel, have investigated the facts and law relating to the Action and Settling Defendant's alleged conduct, and have concluded that resolving the claims against Settling Defendant, according to the terms set forth below, is in the best interests of

1

Docusign Envelope ID: 9E7E2C3D-6C97-8F34-801D-930ABD1582B0

*Further Revised Execution Draft – 5/20/2026*

Plaintiffs and the Settlement Class because of the payment of the Settlement Amount (defined below), collectability issues that would likely have arisen in connection with any efforts to enforce any judgment that might be obtained against Settling Defendant, Settling Defendant's alleged relative culpability, the timing of the Settlement, the Plaintiffs and the Settlement Class's interest in Settling Defendant's continued viability, and other factors;

WHEREAS, while continuing to deny liability or wrongdoing, Settling Defendant nevertheless elects to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, to obtain the release, order, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against it in this Action, including without limitation, claims based in whole or in part on the facts, occurrences, transactions, or other matters alleged in the Action, or otherwise the subject of this Action, or that could have been alleged in this Action or otherwise have been the subject of this Action;

WHEREAS, the Parties wish to preserve all arguments, defenses, and responses to all claims in the Action, including any arguments, defenses, and responses to any proposed litigation class proposed by Plaintiffs in the event this Agreement does not obtain Final Approval (defined below);

WHEREAS, the Parties have had a full opportunity to examine the facts and circumstances surrounding their respective decisions to accept the terms of this Agreement and have not relied on any representations (or the lack thereof) made by any other Party concerning the facts and circumstances leading to this Agreement;

NOW THEREFORE, in consideration of the foregoing, the terms and conditions set forth below, and other good and valuable consideration, it is agreed by and among the Parties that the claims of Plaintiffs and the Settlement Class be settled, compromised, and dismissed on the merits with prejudice as to Settling Defendant subject to Court approval on the following terms and conditions:

*Further Revised Execution Draft – 5/20/2026*

1.      **<u>General Definitions</u>**. The terms below and elsewhere in this Agreement with initial capital letters shall have the meanings ascribed to them for purposes of this Agreement.

a.      "Class Notice" means the notice to any Class Members approved by the Court.

b.      "Court" means the United States District Court for the Northern District of California and the Honorable Alex G. Tse.

c.      "Effective Date" shall have the meaning set forth in Paragraph 2 of this Agreement.

d.      "Execution Date" means the last date of the execution of this Agreement by all Parties.

e.      "Opt-Out" means only persons and entities who file a timely and valid written request for exclusion from the Settlement in accordance with the exact procedures set forth in the Court-approved Class Notice.

f.      "Opt-Out Deadline" means the Court-ordered date set forth in the Class Notice by which all persons and entities seeking exclusion must submit a written request for exclusion.

g.      "Plaintiffs' Executive Committee Members" means Matthew W. Ruan of Freed Kanner London & Millen LLC and Matthew S. Wieler of Schneider Wallace Cottrell Kim LLP.

h.      "Plaintiffs' Lead Counsel" means Stuart G. Gross of Gross Klein PC.

i.      "Plan of Allocation" means the plan of allocation of the Settlement Fund to be approved by the Court.

j.      "Released Claims" shall have the meaning set forth in Paragraph 4 of this Agreement.

k.      "Releasees" means Settling Defendant and any and all of its past, present, and future, direct and indirect, owners, parent companies, subsidiary companies, affiliated

*Further Revised Execution Draft – 5/20/2026*

companies, affiliated partnerships, and joint venturers, including all of their respective predecessors, successors and assigns, and each and all of their present, former, and future owners, principals, partners, officers, directors, supervisors, employees, agents, stockholders, members, representatives, insurers, attorneys, heirs, executors, administrators, beneficiaries, and representatives of any kind.

l.      "Releasors" means Plaintiffs, the Settlement Class, and each and every Settlement Class member and their past, present, and future, direct and indirect, parent companies, subsidiary companies, affiliated companies, affiliated partnerships, divisions, and joint venturers, including all of their respective predecessors, successors and assigns, and each and all of their present, former, and future owners, principals, partners, officers, directors, supervisors, employees, agents, stockholders, members, representatives, insurers, attorneys, servants, accounts, plans, groups, heirs, wards, assigns, beneficiaries, estates, next of kin, family members, relatives, personal representatives, executors, administrators, beneficiaries, and representatives of any kind, and all other persons, partnerships, or corporations, with whom any of the foregoing have been, or are now or will be, affiliated, and the predecessors, successors, heirs, executors, administrators, and assigns of any of the foregoing, as well as any party claiming by, for, or through the Releasors.

m.      "Settlement Administrator" means the firm defined in Paragraph 7 below.

n.      "Settlement Amount" means the amount defined Paragraph 5.

o.      "Settlement Class" means the class defined in Paragraph 3 below.

p.      "Settlement Class Counsel" shall collectively refer to Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee Members, together with members of their respective law firms.

q.      "Settlement Class Member" means each member of the Settlement Class who has not validly elected to be excluded from the Settlement Class.

*Further Revised Execution Draft – 5/20/2026*

r.　　　"Settlement Class Period" means from January 1, 2016, to the present.

s.　　　"Settlement Fund" means the Settlement Amount plus accrued interest on said amount as set forth in Paragraph 6.

t.　　　"Taxes" means any and all federal, state and local income taxes, excise taxes, estimated taxes, gross receipt taxes, or any other taxes, as well as interest, penalties, tax detriments, and any other additions to taxes.

**2.　　　Approval of This Agreement and Dismissal of Claims Against Settling Defendant.**

a.　　　Plaintiffs shall use their reasonable best efforts in connection with Settlement Class Counsel's motions for approval of the Settlement and any related documents necessary to effectuate and implement the terms and conditions of the Agreement. Subject to the approval of the Court, the Parties will undertake their reasonable best efforts, including all steps and efforts consistent with the Agreement that may be reasonably necessary or appropriate, by order of the Court or otherwise, to carry out the terms of the Agreement.

b.　　　Plaintiffs shall submit to the Court a motion seeking preliminary approval of this Agreement (the "Preliminary Approval Motion"). The Preliminary Approval Motion shall include the proposed form of an order preliminarily approving this Agreement.

c.　　　Plaintiffs, at a time to be decided in their sole discretion but not longer than sixty (60) days from the Execution Date, absent agreement by Settling Defendant, shall submit to the Court a motion for authorization to disseminate notice of the Settlement and final judgment contemplated by this Agreement to the Settlement Class (the "Notice Motion"). The Notice Motion shall include a proposed form of, method for, and proposed dates of dissemination of Class Notice.

d.　　　Plaintiffs shall seek the entry of an order and final judgment. The terms of that proposed order and final judgment will include, at a minimum, the substance of the following provisions:

i.    certifying the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure solely for purposes of this Settlement as a Settlement Class for the Action;

ii.    approving finally this Settlement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

iii.    directing that all Releasors shall, by operation of law, be deemed to have released all Releasees from the Released Claims and claims to be waived and released pursuant to Paragraph 4;

iv.    directing that the Action be dismissed as to Settling Defendant with prejudice and without costs;

v.    reserving exclusive jurisdiction over the settlement and this Agreement, including the interpretation, administration, and consummation of this settlement, as well as over Settling Defendant for its completion of discovery obligations pursuant to this Agreement;

vi.    determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal with prejudice in the Action as to Settling Defendant shall be final; and providing that (a) the Court's certification of the Settlement Class is for settlement purposes only and without prejudice to, or waiver of, the rights of any Defendant or Settling Defendant to contest certification of any other class proposed in the Action, (b) the Court's findings in this order and final judgment in the Action shall have no effect on the Court's ruling on any motion to certify any class in the Action or on the Court's rulings concerning any Defendant's motion; and (c) no Party may cite or refer to the Court's approval of the Settlement Class as persuasive or

*Further Revised Execution Draft – 5/20/2026*

binding authority with respect to any motion to certify any such class or any Defendant's motion.

e.      This Agreement shall become final and be deemed to have received "Final Approval" when (i) the Court has entered a final order in the Action certifying the Settlement Class described in Paragraph 3 and approving this Agreement under Federal Rule of Civil Procedure 23(e) and has entered a final judgment dismissing the Action with prejudice as to Settling Defendant and without costs, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of the order and the final judgment as to Settling Defendant described in (i) hereof has expired in the Action or, if appealed, approval of this Agreement and the order and final judgment in the Action as to Settling Defendant have been affirmed in their entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review (the "Effective Date"). It is agreed that the provisions of Rule 60 of the Federal Rules of Civil Procedure shall not be taken into account in determining the above-stated times. On the Execution Date, Plaintiffs and Settling Defendant shall be bound by the terms of this Agreement, and this Agreement shall not be terminated or rescinded except in accordance with Paragraph 12.

**3.      Certification of a Settlement Class**. Plaintiffs shall move the Court for certification of the following Settlement Class for settlement purposes only:

> All persons who, during the Settlement Class Period, made ex vessel sales of Dungeness crab caught off the coast of, or landed in, California, Oregon, and/or coastal Washington (not including Puget Sound), on their own behalf. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries, affiliates, officers, directors, employees, assigns, successors, agents, or co-conspirators; the court, court staff, defense counsel, all respective immediate family members of these excluded entities, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

Settling Defendant agrees that, for purposes of obtaining approval of this Settlement, it will not oppose Plaintiffs' motion(s) for certification of the Settlement Class for settlement purposes only. The Parties agree that, if the Court does not approve the Agreement, then each side shall be

7

*Further Revised Execution Draft – 5/20/2026*

returned to their pre-Settlement positions and Settling Defendant shall have the full ability to oppose any motion for certification of a litigation class, and Plaintiffs may not use anything in the Agreement or preliminary approval papers against Settling Defendant.

4.      **Settlement Class's Release.**

        a.      Upon the Effective Date and in consideration of the Settlement Amount and the other terms of this Agreement, the Releasors shall be deemed to completely, finally and forever release, acquit, and discharge the Releasees from any and all claims, counterclaims, demands, actions, potential actions, suits, and causes of action, losses, obligations, damages, matters and issues of any kind or nature whatsoever, and liabilities of any nature, including without limitation claims for costs, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise, that the Releasors, or any of them, ever had or now has directly, representatively, derivatively or in any other capacity against any of the Releasees, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, accrued or unaccrued, matured or unmatured, disclosed or undisclosed, apparent or unapparent, liquidated or unliquidated, or claims that have been, could have been, or in the future might be asserted in law or equity, on account of or arising out of or resulting from or in any way related to any conduct regardless of where it occurred at any time prior to the Effective Date concerning the claims alleged in this Action, including without limitation, claims based in whole or in part on the facts, occurrences, transactions, or other matters alleged in the Action, or otherwise the subject of the Action, or that could have been alleged in the Action or otherwise have been the subject of the Action, which arise under any antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, consumer protection, unjust enrichment, civil conspiracy law, fraud, RICO, or any other law, code, rule, or regulation of any country or jurisdiction worldwide, including under federal or state law, and regardless of the type or amount of damages claimed, from the beginning of time through the Effective Date (the "Released Claims").

        b.      In addition to the provisions of Paragraph 4(a), the Releasors acknowledge they understand Section 1542 of the California Civil Code and expressly waive and release any

8

*Further Revised Execution Draft – 5/20/2026*

and all provisions of and rights and benefits conferred by Section 1542 of the California Civil Code, or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, with respect to the claims released herein. Section 1542 of the California Civil Code provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

   c.    The Parties intend that the releases in this Agreement be interpreted and enforced broadly and to the fullest extent permitted by law.

   d.    The Releasors agree that they may hereafter discover facts in addition to or different from those they believe to be true with respect to the subject matter of this Agreement. The Releasors agree that, notwithstanding the discovery of the existence of any such additional or different facts that, if known, would materially affect their decision to enter into this Agreement, and absent any fraud by Settling Defendant that induced the Releasors to grant the releases herein, the releases herein given shall be and remain in effect as a full, final, and complete general release of the Released Claims and the Releasors shall not be entitled to modify or set aside this Agreement, either in whole or in part, by reason thereof.

   **5.    Settlement Amount**. Settling Defendant agrees to pay one million dollars ($1,000,000) ("Settlement Amount"), all in cash, via wire transfer in settlement of the Action, inclusive of Settlement Class recovery amounts, fees (including attorneys' fees and any other fees), and costs, in full resolution of the claims made by the Plaintiffs and the Settlement Class in the Action. The payment described above shall constitute the total amount to be paid by Settling Defendant in settlement of these claims. The Settlement Amount shall be paid into an escrow account (the "Escrow Account") within seventy-two (72) hours after Final Approval and Settling Defendant's receipt of Plaintiffs' escrow agent and transmittal instructions. Prior to the Effective

*Further Revised Execution Draft – 5/20/2026*

Date, Plaintiffs shall also provide Settling Defendant with a duly completed and executed Internal Revenue Service Form W-9. The Parties agree and acknowledge that the Settlement Amount paid by Settling Defendant under this Agreement shall not be deemed to be, in any way, a penalty or a fine of any kind.

      **6.** **Escrow Account**. An Escrow Account shall be maintained by Settlement Class Counsel at a bank designated by Settlement Class Counsel. The Escrow Account shall be administered under the Court's continuing supervision and control.

      a. All payments into the Escrow Account shall, at the direction of Settlement Class Counsel, be invested in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury Bills, U.S. Treasury Money Market Funds, or a bank account insured by the Federal Deposit Insurance Corporation ("FDIC") up to the guaranteed FDIC limit. Any interest earned on any of the foregoing shall become a part of the Settlement Fund. Settling Defendant shall have no responsibility for, or liability in connection with, the Settlement Fund or Escrow Account, including, without limitation, the investment, administration, maintenance, or distribution thereof.

      b. The Settlement Fund held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund shall be distributed pursuant to the Plan of Allocation approved by the Court.

      c. The Settlement Administrator, under the supervision of Settlement Class Counsel, shall be solely responsible for filing all informational and other tax returns necessary to report any net taxable income earned by the Escrow Account and shall file all informational and other tax returns necessary to report income earned by the Escrow Account and will work with the Escrow Agent and Settlement Class Counsel to take out of the Escrow Account, as and when legally required, any tax payments, including interest and penalties due on income earned by the Escrow Account. All taxes (including any interest and penalties) due with respect

*Further Revised Execution Draft – 5/20/2026*

to the income earned by the Escrow Account shall be paid from the Escrow Account. Settling Defendant shall bear no responsibility or liability for the Escrow Account or Settlement Fund, including having no responsibility to make any filings relating to the Escrow Account and will have no responsibility to pay tax on any income earned by the Escrow Account or to pay any taxes on the Escrow Account.

      d.      The Escrow Account is intended by the Parties to be treated as a "qualified settlement fund" (a "QSF") for U.S. federal income tax purposes pursuant to Treas. Reg. § 1.468B- 1, *et seq.,* and to that end the Parties shall cooperate with each other and the Settlement Administrator in providing any statements or making any elections or filings or taking any other actions to satisfy all requirements for such treatment and shall not take a position in any filing or before any tax authority that is inconsistent with such treatment, except as otherwise required pursuant to a "determination" within the meaning of Section 1313 of the Internal Revenue Code of 1986, as amended (the "Code"). Without limiting the foregoing, at the request of Settling Defendant, a "relation back election" as described in Treas. Reg. § 1.468B-l(j) shall be made so as to enable the Escrow Account to be treated as a qualified settlement fund from the earliest date possible, and the Parties shall take all actions as may be necessary or appropriate to this end. Settling Defendant shall be the "transferor" to the QSF within the meaning of Treas. Reg. § 1.468B-1(d)(1) with respect to the Settlement Amount. The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Treas. Reg. § 1.468B-1(k)(3), responsible (in addition to those responsibilities set forth in the immediately preceding paragraph) for complying with any applicable information reporting or tax withholding requirements on or with respect to the QSF (including the distribution of any amount to any Releasing Party from the Escrow Account) consistent with Treas. Reg. § 1,468B-2(l)(2) or any other applicable tax law. The Settlement Administrator shall deliver to Settling Defendant prior to the deposit of the Settlement Amount into the Escrow Account a properly completed and duly executed Internal Revenue Service Form W-9 from the QSF.

      e.      The Releasees do not make and have not made any representations

*Further Revised Execution Draft – 5/20/2026*

regarding the taxability of any settlement benefit, Fee and Expense Award, and/or any other payments made pursuant to this Settlement or Agreement. Plaintiffs and Settlement Class Counsel on behalf of themselves and the Settlement Class Members represent that they have not relied upon any representation of Settling Defendant, its attorneys, or the Releasees on the subject of taxability of any consideration provided pursuant to this Settlement or Agreement. Plaintiffs and Settlement Class Counsel on behalf of themselves and the Settlement Class Members understand and expressly agree that any income or other tax, including any interest, penalties, or other payment obligations ultimately determined to be payable from or with respect to any settlement benefit, Fee and Expense Award, and/or any other payments made pursuant to this Settlement or Agreement, as well as any state or federal reporting obligations imposed on them arising therefrom or attributable thereto, shall not be the responsibility of either Settling Defendant or the Releasees.

7. **Class Administration and Notice.** As soon as practicable, Plaintiffs will retain one or more professional and independent entities that, jointly or separately, are responsible for all aspects of settlement administration ("Settlement Administrator"). Such Settlement Administrator shall be approved by the Court and, if approved, overseen by Plaintiffs following the Effective Date. Plaintiffs shall be solely responsible for the payment of all costs and fees associated with settlement administration, including the costs and fees charged by the Settlement Administrator for work performed by the Settlement Administrator under this Agreement (excluding, for the avoidance of doubt, any Taxes, penalties, or other assessments imposed by a taxing authority in connection with settlement administration). Settling Defendant shall not be responsible for paying any amount related to settlement administration or the Settlement Administrator.

a.      If necessary, the Settlement Administrator will consult with Settlement Class Counsel to answer any questions or resolve any disputes that arise.

b.      At no time and under no circumstances shall Plaintiffs, Settling Defendant, Settlement Class Counsel, counsel for Settling Defendant, the Releasors, or the Releasees have

12

any liability for claims of wrongful or negligent conduct on the part of the Settlement Administrators or their agents.

c.    Notice to Settlement Class Members of this Agreement shall be in conformance with the notice plan approved by the Court after submission by Plaintiffs. Written notice to Settlement Class Members of this Agreement shall conform to the form of notice(s) approved by the Court, after proposed notice(s) are submitted to the Court by Plaintiffs. The claim form and procedures for submitting claims shall conform to the form and procedures approved by the Court after proposed submissions by Plaintiffs. The Parties shall jointly agree on, subject to approval by the Court, the content of any supplemental notice to Class Members, if deemed necessary by Settlement Class Counsel, regarding the Agreement or the Settlement.

8.    **Exclusions**.

a.    Settling Defendant reserves all legal rights and defenses with respect to any potential Settlement Class Member that requests exclusion.

b.    Subject to Court approval, a request for exclusion must be in writing and state the full name, street address, telephone number, and email address of the person or entity seeking exclusion from the Settlement Class by the Opt-Out Deadline. Further, the written request for exclusion must include a statement that he, she, or it wishes to be excluded from the Settlement. Subject to Court approval, a request for exclusion that does not comply with these and any other requirements set forth in the Class Notice shall be invalid, and each person or entity submitting an invalid request shall be deemed a Settlement Class Member and shall be bound by this Agreement upon Final Approval.

c.    Settling Defendant or Settlement Class Counsel may dispute an exclusion request in accordance with the Notice Plan approved by the Court.

d.    Plaintiffs, Settlement Class Counsel, Settling Defendant, and Settling Defendant's counsel covenant and agree to take no actions, directly or indirectly, designed or intended to influence any member or putative member of the potential Settlement Class to opt out of the Settlement, or to assist others in doing so.

*Further Revised Execution Draft – 5/20/2026*

9. **The Settlement Fund.**

a. The Releasors shall look solely to the Settlement Fund for settlement and satisfaction, as provided herein, of all Released Claims against the Releasees, and shall have no other recovery against the Releasees as to the Released Claims.

b. After Final Approval, the Settlement Fund shall be distributed in accordance with a Plan of Allocation to be submitted to the Court at the appropriate time by Settlement Class Counsel, subject to approval by the Court. Settling Defendant will take no position with respect to such proposed Plan of Allocation, or such plan as may be approved by the Court. In no event shall any of the Releasees have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, allocation, or administration of the Settlement Fund.

c. Plaintiffs and Settlement Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses and costs, as provided by Court Order. The Releasees shall not be liable for any costs, fees, or expenses of the Plaintiffs or the Settlement Class's respective attorneys, experts, advisors, agents, or representatives. Instead, all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

10. **Fee Awards, Costs, and Expenses.**

a. The procedure for and the allowance or disallowance by the Court of any application by Settlement Class Counsel for attorneys' fees, costs and expenses to be paid out of the Settlement Fund are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement, and any order or proceeding relating to a request for attorneys' fees and

14

*Further Revised Execution Draft – 5/20/2026*

reimbursement of expenses, or any appeal from any such order, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving the Settlement.

      b.     The Releasees under this Agreement shall have no responsibility for, or interest in, or liability whatsoever with respect to any payment to Settlement Class Counsel and/or Plaintiffs of any fee and expense award  in the Action.

      c.     The Releasees under this Agreement shall have no responsibility for, or interest in, or liability whatsoever with respect to the allocation among Settlement Class Counsel and/or any other person who may assert some claim thereto, of any fee and expense award that the Court may make in the Action.

      d.     Settling Defendant will take no position on the terms of Settlement Class Counsel's request for attorneys' fees, costs or expenses, the appropriateness of any award by any court, or the timing of payment to Settlement Class Counsel. Nothing in this Paragraph 10, nor anything related to Settlement Class Counsel's request(s) for fees, costs or expenses shall impact the finality of this Agreement. No order of a court or modification or reversal on appeal of any order of the court concerning any attorney's fees, costs, or expenses shall constitute grounds for termination of this Agreement, provided that it does not otherwise affect the rights of Settling Defendant or the Releasees, under this Agreement.

      **11.**     **Discovery Obligations.** The Parties further agree that:

      a.     Settling Defendant will produce text messages between Jerod Goodin and Jonathan Mark, on the one hand, and other buyers of Dungeness crab in the California, Oregon, and/or coastal Washington (not including Puget Sound) fisheries from the proposed class period identified in the Action (January 1, 2016) through the date of production.

15

*Further Revised Execution Draft – 5/20/2026*

b.      Plaintiffs and the Settlement Class Members shall not seek or subpoena text messages or other communications from other current employees of Settling Defendant.

c.      Plaintiffs and the Settlement Class Members shall not seek or subpoena text messages or other communications from former employees of Settling Defendant through Settling Defendant.

d.      Plaintiffs and the Settlement Class Members shall not subpoena for deposition or notice the deposition of any employees or principal of Settling Defendant except for Jerod Goodin and/or Jonathan Mark.

e.      Plaintiffs and the Settlement Class Members may only subpoena Settling Defendant's Dungeness crab purchase records for the four-year period prior to the Effective Date. For clarity, Plaintiffs and the Settlement Class Members may not seek or subpoena, and are not entitled to, any other records of Settling Defendant.

f.      *Discovery Dispute Venue*: Any discovery disputes between Plaintiffs and Settling Defendant, including, *inter alia*, any motion to compel or to quash, shall be adjudicated by the Court.

## 12.   TERMINATION AND RESCISSION.

a.      *Rejection or Alteration of Settlement Terms*. If (a) the Court does not grant preliminary or final approval of this Agreement or certify the Settlement Class; (b) preliminary or final approval of this Agreement or certification of the Settlement Class is set aside on appeal; (c) the Court does not enter a final judgment with respect to Settling Defendant; or (d) the Court enters a final judgment with respect to Settling Defendant, appellate review is sought, and, upon such review, a final judgment is not affirmed, Settling Defendant and Plaintiffs each have the option at their sole discretion to rescind the Agreement. If the Court provides feedback such that its approval is conditioned on material modifications to the Agreement, Settling Defendant and Plaintiffs will

*Further Revised Execution Draft – 5/20/2026*

discuss in good faith within sixty (60) days whether any adjustments to the Settlement Agreement are appropriate or whether termination is appropriate. In the event the Parties are unable to reach an agreement as to the acceptability of the Court's modifications to the Agreement, then the Agreement shall be deemed rescinded.

b.    *Termination or rescission of Settlement.* In the event of termination or rescission pursuant to this Paragraph 12, then the Agreement shall be deemed null and void and the Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and the Parties shall proceed in all respects as if no settlement had been reached and the Agreement had not been executed.

c.    Plaintiffs, the Settlement Class, Settlement Class Counsel, and Settling Defendant agree that, whether or not the Court finally approves the Agreement, neither the fact of nor content of settlement negotiations, discussion, or attorney proffers will constitute admissions, nor be used as evidence of any violation of any statute or law, or of any liability or wrongdoing by Settling Defendant or any Releasee, or the truth of any of the claims or allegations contained in the Action or any pleading filed by Plaintiffs, the Settlement Class, or Settlement Class Counsel in the Action. Nothing in this Agreement shall affect the application of Federal Rule of Evidence 408.

13.    **Covenant Not To Sue**. The Releasors hereby covenant and agree that they shall not, hereafter, sue or otherwise seek to establish liability against Settling Defendant or any of the Releasees based, in whole or part, upon any of the Released Claims.

14.    **No Admission of Liability**. The Parties expressly agree that this Agreement is purely a compromise of a disputed claim and, whether or not this Agreement shall become final, nothing in this Agreement, nor any negotiations, documents, or discussions associated with it, shall be deemed or construed to be an admission or evidence of (i) a violation of any statute or law or of any liability or wrongdoing, fault, or damages whatsoever by Settling Defendant or any Releasees, or of (ii) the truth or the merits of any of the claims or allegations contained in the complaint or any other pleading filed in the Action, all of which are expressly denied. All settlement negotiations, offers, counteroffers, and related communications are intended to be

17

*Further Revised Execution Draft – 5/20/2026*

confidential compromise discussions and shall be treated as such under Federal Rule of Evidence 408 and any applicable state equivalents. Further, this Agreement and any and all negotiations, documents, and discussions associated with this Agreement shall not be used against Settling Defendant or the other Releasees, and evidence thereof shall not be discoverable or used in any way, whether in the Action or in any other action or proceeding. Nothing in this Paragraph 14 shall prevent Plaintiffs from using the information produced by Settling Defendant in Paragraph 11 above in the prosecution of this Action against other Defendants subject to the terms and conditions in the Stipulated Protective Order filed in this Action.

15.    **Non-Disparagement**. Named Class Representatives agree not to make disparaging comments or statements specific to Settling Defendant or its current owners, officers, or employees.

16.    **Joint and Several Liability Preserved Against Other Defendants**. This Agreement does not settle or compromise any claim by Plaintiffs or any Settlement Class Member asserted against any Defendant or alleged co-conspirator other than Settling Defendant and the Releasees. All claims against such other Defendants or alleged co-conspirators are specifically reserved by Plaintiffs and the Settlement Class. All claims based on alleged illegal conduct concerning ex vessel sales of Dungeness crab caught off the coast of, or landed in, California, Oregon, and/or coastal Washington (not including Puget Sound) by any Settlement Class Member against any and all former, current, or future Defendants or co-conspirators or any other person other than Settling Defendant and the Releasees are specifically reserved by Plaintiffs and members of the Settlement Class.

17.    **Plaintiffs' Cooperation in Seeking Good Faith Determination**. The Parties agree that Settling Defendants shall have the option to file a motion for a good faith determination pursuant to California Code of Civil Procedure sections 877 and 877.6 to be heard concurrently with the Plaintiffs' motion for preliminary settlement approval. The Parties agree to cooperate in good faith to coordinate with one another regarding the scheduling of their motions before any motion is filed and, if Settling Defendant chooses to have its good faith determination motion

18

*Further Revised Execution Draft – 5/20/2026*

heard concurrently with Plaintiffs' motion for preliminary settlement approval, the Parties shall jointly select and request the same hearing date for both motions with the intent that they be heard concurrently. Plaintiffs shall not unilaterally notice or set a hearing on a date that would prevent Settling Defendants from having its motion heard on the same date.

    a. Plaintiffs' Lead Counsel agrees to fully and reasonably cooperate with and assist Settling Defendant in obtaining a good faith determination from the Court. This cooperation shall include, but is not limited to providing non-privileged information, declarations, and/or evidentiary materials in their possession that the Court may require to evaluate whether the Settlement was made in good faith under the factors set forth in *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Cal.3d 488 (1985), and as applied in *Toyota Motor Sales U.S.A., Inc. v. Superior Court*, 220 Cal.App.3d 864 (1990). Such information shall include but is not limited to: (1) Plaintiffs' Lead Counsel's good faith estimate of Plaintiffs' potential total recovery and evidence and support for this estimate; (2) evidence, support, and reasoned explanation for Settling Defendant's proportionate liability; (3) Plaintiffs' proposed allocation of settlement proceeds among Plaintiffs; (4) a declaration, joinder, or other appropriate filing supporting the motion for a good faith determination, including that this Agreement was not entered into as a result of collusion, fraud, or tortious conduct between the Parties; and (5) any additional requests from the Court related to the good faith determination.

    b. Settling Defendant agrees it will not object to a request by Plaintiffs' Lead Counsel for *in camera* review of any information required of Plaintiffs related to the good faith determination.

    18.   **CAFA**. Settling Defendant shall submit all materials required to be sent to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and notify the Court that CAFA compliance has been accomplished.

*Further Revised Execution Draft – 5/20/2026*

19.    **Continuing Jurisdiction.** Except for claims arising under Paragraph 15 of this Agreement, the Court shall retain jurisdiction over the implementation, interpretation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Settling Defendant, including challenges to the reasonableness of any party's actions. Settling Defendant will not object to complying with any of the provisions outlined in this Agreement on the basis of jurisdiction. The Parties also agree that, in the event of such dispute, they are and shall be subject to the jurisdiction of the Court and that the Court is a proper venue and convenient forum.

20.    **Entire Agreement**. This Agreement constitutes the entire, complete, and integrated agreement between Plaintiffs and Settling Defendant pertaining to the settlement of the Action against Settling Defendant, and supersedes all prior and contemporaneous undertakings, communications, representations, understandings, negotiations, and discussions, either oral or written, between Plaintiffs and Settling Defendant in connection herewith. This Agreement may not be modified or amended except in writing executed by Plaintiffs and Settling Defendant, and approved by the Court.

21.    **Binding Effect**. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Plaintiffs and Settling Defendant. Without limiting the generality of the foregoing, upon Final Approval of this Agreement, each and every covenant and agreement made herein by Plaintiffs or Settlement Class Counsel shall be binding upon all Settlement Class Members and Releasors. The Releasees (other than the Settling Defendant, which is a party to this Agreement) are third-party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them. Nothing expressed or implied in this Agreement is intended to or shall be construed to confer upon or give any person or entity other than Settlement Class Members, Releasors, and Releasees any right or remedy under or by reason of this Agreement.

20

*Further Revised Execution Draft – 5/20/2026*

22.     **Execution in Counterparts**. This Agreement may be executed in counterparts by Plaintiffs and Settling Defendant, and a facsimile or Portable Document Format (.pdf) image of a signature shall be deemed an original signature for purposes of executing this Agreement.

23.     **Notice**. Where this Agreement requires either Party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication or document shall be provided by facsimile, or electronic mail (provided that the recipient acknowledges having received that email, with an automatic "read receipt" or similar notice constituting an acknowledgement of an email receipt for purposes of this Paragraph 23), or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

24.     **Privilege**. Nothing in this Agreement is intended to waive any right to assert that any information or material is protected from discovery by reason of any individual or common interest privilege, attorney-client privilege, work product protection, or other privilege, protection, or immunity, or is intended to waive any right to contest any such claim of privilege, protection, or immunity.

25.     **Voluntary Settlement and Agreement; Advice of Counsel**. Each Party agrees and acknowledges that it has (1) thoroughly read and fully understands this Agreement and (2) received or had an opportunity to receive independent legal advice from attorneys of its own choice with respect to the advisability of entering into this Agreement and the rights and obligations created by this Agreement. Each Party agrees that this Agreement was negotiated in good faith by the Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. Each Party enters into this Agreement knowingly and voluntarily, in consideration of the promises, obligations, and rights set forth herein.

26.     **No Party is the Drafter**. This Agreement was jointly negotiated, prepared, and drafted by Settlement Class Counsel and counsel for Settling Defendant. None of the Parties hereto shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of

*Further Revised Execution Draft – 5/20/2026*

any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter thereof.

27.    **Headings**. The headings used in this Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement.

28.    **Opportunity to Cure**. If one Party to this Agreement considers another Party to be in breach of its obligations under this Agreement, that Party must provide the breaching Party with written notice of the alleged breach and provide a reasonable opportunity to cure the breach before taking any action to enforce any rights under this Agreement.

29.    **Governing Law**. All terms of this Agreement shall be governed and interpreted according to the substantive laws of California without regard to its choice of law or conflict of laws principles.

30.    **Reasonable Extensions**. Unless otherwise ordered by the Court, the Parties may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement.

31.    **Signors' Express Authority**. Each of the undersigned signors represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, including, as applicable, on behalf of his or her respective client(s), subject to Court approval.

FOR PLAINTIFFS:

Dated:  5/20/26

Stuart G. Gross (SBN 251019)
Ross A. Middlemiss (SBN 323737)
Travis H. A. Smith (SBN 331305)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628
sgross@grosskleinlaw.com
rmiddlemiss@grosskleinlaw.com
tsmith@grosskleinlaw.com

Matthew W. Ruan (SBN 264409)
Samantha M. Gupta (*Pro Hac Vice*)

22

*Further Revised Execution Draft – 5/20/2026*

**JUSTICE JAGHERLONDON & MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
(224) 632-4500
mruan@jjlmlaw.com
sgupta@jjlmlaw.com

Matthew S. Weiler (SBN 236052)
Raymond S. Levine (SBN 348030)
**SCHNEIDER WALLACE COTTRELL KONECKY, LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
(415) 421-7100
mweiler@schneiderwallace.com
rlevine@schneiderwallace.com

*Attorneys for Plaintiffs Brand Little and Robin Burns*

FOR PACIFIC DREAM SEAFOODS, INC.:

Dated: 6/5/2026

DocuSigned by:

209342DF84DB448...

By: Jerod Goodin

Title: President

23