# EXHIBIT C

**SETTLEMENT AGREEMENT**

THIS SETTLEMENT AGREEMENT ("Agreement," "Settlement Agreement," or "Settlement") is made and entered into as of January 28, 2026 ("Execution Date"), by and between the Plaintiffs Brand Little and Robin Burns (together, "Plaintiffs"), on behalf of themselves and on behalf of each Settlement Class Member (the "Settlement Class" as defined below), Fisherman's Choice, LLC ("Fisherman's Choice"), and Gerard "Jerry" Wetle Jr. Plaintiffs, the Settlement Class, Fisherman's Choice, and Gerard "Jerry" Wetle Jr are collectively referred to herein as the "Parties."

WHEREAS, Plaintiffs are prosecuting claims on their own behalf and on behalf of the Settlement Class in *Little, et al. v. Pacific Seafood Procurement, LLC, et al.*, Case No. 23-cv-1098 (N.D. Cal) (the "Action");

WHEREAS, Fisherman's Choice is referred to in the operative complaint in the Action as Unnamed Co-conspirator #2;

WHEREAS, Plaintiffs, on behalf of themselves and as representatives of the Settlement Class, assert that they were injured as a result of Fisherman's Choice's alleged participation (voluntary or involuntary) in an unlawful conspiracy to fix, depress, and control the ex vessel price paid to crabbers in the Pacific NW area in violation of Section 1 of the Sherman Act (15 U.S.C. § 1), the California Cartwright Act (Cal. Bus. & Prof. Code §§ 16720, *et seq.*) and the California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*);

WHEREAS, Plaintiffs assert that they and the Settlement Class would be entitled to actual damages, treble damages, and injunctive relief for loss or damage, and threatened loss or damage, as a result of violations of the laws as alleged in the Action, arising from Fisherman's Choice's alleged conduct;

WHEREAS, Fisherman's Choice denies Plaintiffs' allegations and assertions, denies any and all purported wrongdoing in connection with the facts and claims that have been or could have been alleged against it in the Action, and asserts that it has a number of valid defenses to Plaintiffs' claims and that the claims are without merit;

1

WHEREAS, this Action has involved substantial discovery, including obtaining and analyzing an extensive volume of documents, and the investigation and analysis of the facts and underlying events relating to the subject matter of their claims and the applicable legal principles;

WHEREAS, counsel for the Parties have engaged in arm's-length negotiations on the terms of this Agreement, and this Agreement embodies all of the terms and conditions of the Settlement;

WHEREAS, Plaintiffs, through their counsel, conducted an investigation into the facts and law regarding the Action, and have concluded that resolving the claims against Fisherman's Choice, according to the terms set forth below, is in the best interests of Plaintiffs and the Settlement Class because of the value of the cooperation that Fisherman's Choice has agreed to provide pursuant to this Agreement, collectability issues that would likely arise in connection with any efforts to enforce any judgment against Fisherman's Choice, Fisherman's Choice relative culpability, and other factors;

WHEREAS, Fisherman's Choice, despite its belief that it is not liable for the claims asserted by Plaintiffs (or which could be asserted by them) and its belief that it has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the release, order, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Fisherman's Choice with respect to the ex vessel price paid to crabbers in the fisheries of California, Oregon, and coastal Washington (collectively, the "Pacific NW Coastal Fisheries"), including without limitation, claims based in whole or in part on the facts, occurrences, transactions, or other matters alleged in the Action, or otherwise the subject of the Action, or that could have been alleged in the Action or otherwise have been the subject of the Action, as more particularly set out below;

WHEREAS, the Parties wish to preserve all arguments, defenses, and responses to all claims in the Action, including any arguments, defenses, and responses to any proposed litigation class proposed by Plaintiffs in the event this Agreement does not obtain Final Approval (defined below);

2

WHEREAS, the Parties have had a full opportunity to examine the facts and circumstances surrounding their respective decisions to accept the terms of this Agreement and have not relied on any representations (or the lack thereof) made by any other Party concerning the facts and circumstances leading to this Agreement;

NOW THEREFORE, in consideration of the foregoing, the terms and conditions set forth below, and other good and valuable consideration, it is agreed by and among the Parties that the claims of the Plaintiffs and the Settlement Class be settled, compromised, and dismissed on the merits with prejudice as to Fisherman's Choice, subject to Court approval, on the following terms and conditions:

1.    **GENERAL DEFINITIONS**. The terms below and elsewhere in this Agreement with initial capital letters shall have the meanings ascribed to them for purposes of this Agreement.

a.    "Class Notice" means the notice to any Class Members approved by the Court.

b.    "Class Representatives" mean Brand Little, Robin Burns, and/or any other person named to that position.

c.    "Complaint" refers to the operative complaint in the Action.

d.    "Court" means the United States District Court for the Northern District of California and the Honorable Alex G. Tse.

e.    "Defendants" means those Defendants named in Plaintiffs' Complaint.

f.    "Effective Date" shall have the meaning set forth in Paragraph 2 of this Settlement Agreement.

g.    "Execution Date" means January 28, 2026.

h.    "Opt-Out" means only persons and entities who file a timely and valid written request for exclusion from the Settlement in accordance with the exact procedures set forth in the Court-approved Class Notice.

i.    Opt-Out Deadline" means the Court-ordered date set forth in the Class Notice by which all persons and entities seeking exclusion must submit a written request for exclusion.

j.    "Plaintiffs' Executive Committee Members" means Matthew W. Ruan of Freed Kanner London & Millen LLC and Matthew S. Wieler of Schneider Wallace Cottrell Kim LLP.

k.    "Plaintiffs' Lead Counsel" means Stuart G. Gross of Gross Klein PC.

l.    "Released Claims" shall have the meaning set forth in Paragraph 4 of this Settlement Agreement.

m.    "Releasees" means Fisherman's Choice, LLC. and any and all of its past, present, and future, direct and indirect, parent companies, subsidiary companies, affiliated companies, affiliated partnerships, and joint venturers, including all of their respective predecessors, successors and assigns, and each and all of their present, former, and future owners, principals, partners, officers, directors, supervisors, employees, agents, stockholders, members, representatives, insurers, attorneys, heirs, executors, administrators, beneficiaries, and representatives of any kind.

n.    "Releasors" means Plaintiffs, the Settlement Class, and each and every Settlement Class member and their past, present, and future, direct and indirect, parent companies, subsidiary companies, affiliated companies, affiliated partnerships, divisions, and joint venturers, including all of their respective predecessors, successors and assigns, and each and all of their present, former, and future owners, principals, partners, officers, directors, supervisors, employees, agents, stockholders, members, representatives, insurers, attorneys, servants, accounts, plans, groups, heirs, wards, assigns, beneficiaries, estates, next of kin, family members, relatives, personal representatives, executors, administrators, beneficiaries, and representatives of any kind, and all other persons, partnerships, or corporations, with whom any of the foregoing have been, or are now or will be, affiliated, and the predecessors, successors, heirs, executors, administrators, and assigns of any of the foregoing, as well as any party claiming by, for, or through the Releasors.

o.    "Settlement Administrator" means the firm defined in Paragraph 5 below.

p.    "Settlement Class" means the class defined in Paragraph 3 below.

q.    "Settlement Class Counsel" shall collectively refer to Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee Members, together with members of their respective law firms.

r.    "Settlement Class Member" means each member of the Settlement Class who has not validly elected to be excluded from the Settlement Class.

s.    "Settlement Class Period" means from January 1, 2016, to the present.

**2.    Approval of This Agreement and Dismissal of Claims Against Fisherman's Choice.**

a.    The Parties shall use their reasonable best efforts in connection with Plaintiffs' Counsel's motions for approval of the Settlement and any related documents necessary to effectuate and implement the terms and conditions of the Settlement Agreement. Subject to the approval of the Court, the Parties will undertake their reasonable best efforts, including all steps and efforts consistent with the Settlement Agreement that may be reasonably necessary or appropriate, by order of the Court or otherwise, to carry out the terms of the Settlement Agreement.

b.    Plaintiffs shall submit to the Court a motion seeking preliminary approval of this Agreement (the "Preliminary Approval Motion"). The Preliminary Approval Motion shall include the proposed form of an order preliminarily approving this Agreement.

c.    Plaintiffs, at a time to be decided in their sole discretion but not longer than twelve months from the Execution Date, absent agreement by Fisherman's Choice, shall submit to the Court a motion for authorization to disseminate notice of the Settlement and final judgment contemplated by this Agreement to the Settlement Class (the "Notice Motion"). The Notice Motion shall include a proposed form of, method for, and proposed dates of dissemination of Class Notice.

d.    Plaintiffs shall seek the entry of an order. The terms of that proposed order will include, at a minimum, the substance of the following provisions:

i.     certifying the Settlement Class described in Paragraph 3, pursuant to Rule 23 of the Federal Rules of Civil Procedure, solely for purposes of this Settlement as a Settlement Class for the Action;

ii.    approving finally this Settlement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

iii.   directing that all Releasors shall, by operation of law, be deemed to have released all Releasees from the Released Claims (as defined in Paragraph 4) and claims to be waived and released pursuant to Paragraph 4;

iv.   reserving exclusive jurisdiction over the Settlement and this Agreement, including the interpretation, administration, and consummation of this Settlement, as well as over Fisherman's Choice for its provision of cooperation pursuant to this Agreement, to the Court;

e.     This Agreement shall become final and be deemed to have received "Final Approval" when (i) the Court has entered in the Action a final order certifying the Settlement Class described in Paragraph 3 and approving this Agreement under Federal Rule of Civil Procedure 23(e) and has entered a final judgment dismissing the Action with prejudice as to Fisherman's Choice and without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of the order and the final judgment as to Fisherman's Choice described in (i) hereof has expired in the Action or, if appealed, approval of this Agreement and the order and final judgment in the Action as to Fisherman's Choice have been affirmed in their entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review (the "Effective Date"). It is agreed that the provisions of Rule 60 of the Federal Rules of Civil

6

Procedure shall not be taken into account in determining the above-stated times. On the Execution Date, the Parties shall be bound by the terms of this Agreement, and this Agreement shall not be rescinded except in accordance with Paragraphs 8.

3.      **CERTIFICATION OF A SETTLEMENT CLASS**. Plaintiffs shall move the Court for certification of the following Settlement Class for settlement purposes only:

> All persons who, during the Class Period, made ex vessel sales of Dungeness crab caught off the coast of, or landed in, California, Oregon, and/or coastal Washington (not including Puget Sound), on their own behalf. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries, affiliates, officers, directors, employees, assigns, successors, agents, or co-conspirators; the court, court staff, defense counsel, all respective immediate family members of these excluded entities, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

Fisherman's Choice agrees that, for purposes of obtaining approval of this Settlement, it will not oppose Plaintiffs' motion(s) for certification of the Settlement Class for settlement purposes only. The Parties agree that, if the Court does not approve the Settlement Agreement, then each side shall be returned to their pre-Settlement positions. At such point, Fisherman's Choice shall have the full ability to oppose any motion for certification of a litigation class, and Plaintiffs may not use anything in the Final Settlement Agreement or preliminary approval papers against Fisherman's Choice.

4.      **SETTLEMENT CLASS'S RELEASE.**

        a.      Upon the occurrence of the Effective Date and in consideration of the cooperation provided pursuant to Paragraph 7 of this Agreement, the Releasors shall be deemed to completely, finally and forever release, acquit, and discharge the Releasees from any and all claims, counterclaims, demands, actions, potential actions, suits, and causes of action, losses, obligations, damages, matters and issues of any kind or nature whatsoever, and liabilities of any nature, including without limitation claims for costs, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise, that the Releasors, or any of them, ever had or now has directly, representatively, derivatively or in any other capacity against any of the Releasees, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or

unforeseen, actual or contingent, accrued or unaccrued, matured or unmatured, disclosed or undisclosed, apparent or unapparent, liquidated or unliquidated, or claims that have been, could have been, or in the future might be asserted in law or equity, on account of or arising out of or resulting from or in any way related to any conduct regardless of where it occurred at any time prior to the Effective Date concerning the ex vessel price paid to the holders of commercial vessel permits for Dungeness crab caught off the coast of, or landed in, California, Oregon, and/or coastal Washington (not including Puget Sound), including without limitation, claims based in whole or in part on the facts, occurrences, transactions, or other matters alleged in the Action, or otherwise the subject of the Action, or that could have been alleged in the Action or otherwise have been the subject of the Action, which arise under any antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, consumer protection, unjust enrichment, civil conspiracy law, fraud, RICO, or any other law, code, rule, or regulation of any country or jurisdiction worldwide, including under federal or state law, and regardless of the type or amount of damages claimed, from the beginning of time through the Effective Date (the "Released Claims"). However, nothing herein shall release any claims for product liability, breach of warranty, breach of contract, or tort of any kind (other than a breach of contract, breach of warranty or tort based on any factual predicate in this Action), a claim arising out of violation of the Uniform Commercial Code, or personal or bodily injury.

b.      In addition to the provisions of Paragraph 4(a), the Releasors acknowledge they understand Section 1542 of the California Civil Code and expressly waive and release any and all provisions of and rights and benefits conferred by Section 1542 of the California Civil Code, or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, with respect to the claims released herein. Section 1542 of the California Civil Code provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
> CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE

RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

c.     The Parties intend that the releases in this Agreement be interpreted and enforced broadly and to the fullest extent permitted by law.

d.     The Releasors agree that they may hereafter discover facts in addition to or different from those they believe to be true with respect to the subject matter of this Agreement.

e.     The Releasors agree that, notwithstanding the discovery of the existence of any such additional or different facts that, if known, would materially affect their decision to enter into this Agreement, and absent any fraud by Fisherman's Choice that induced the Releasors to grant the releases herein, the releases herein given shall be and remain in effect as a full, final, and complete general release of the Released Claims and the Releasors shall not be entitled to modify or set aside this Agreement, either in whole or in part, by reason thereof.

**5.** **Class Administration and Notice.** As soon as practicable, Plaintiffs will retain one or more professional and independent entities that, jointly or separately, are responsible for all aspects of settlement administration ("Settlement Administrator"). Such Settlement Administrator shall be approved by the Court and, if approved, overseen by Plaintiffs following the Effective Date. Plaintiffs shall be solely responsible for the payment of all costs and fees associated with settlement administration, including the costs and fees charged by the Settlement Administrator for work performed by the Settlement Administrator under this Agreement (excluding, for the avoidance of doubt, any Taxes, penalties, or other assessments imposed by a taxing authority in connection with settlement administration). Fisherman's Choice shall not be responsible for paying any amount related to settlement administration or the Settlement Administrator. The procedures related to settlement administration shall be jointly agreed upon by the Parties. Plaintiffs will make reasonable efforts to notice multiple settlements with multiple Defendants in a single notice to the extent possible. Plaintiffs and the Settlement Class agree not to provide notice of settlement with Fisherman's Choice until it is economically feasible to do so, as adjudged by Settlement Class Counsel and the Court.

a. If necessary, the Settlement Administrator will consult with Settlement Class Counsel to answer any questions or resolve any disputes that arise.

b. At no time and under no circumstances shall Plaintiffs, Fisherman's Choice, Settlement Class Counsel, counsel for Fisherman's Choice, the Releasors, or the Releasees have any liability for claims of wrongful or negligent conduct on the part of the Settlement Administrators or their agents.

c. Notice to Settlement Class Members of this Agreement shall be in conformance with the notice plan approved by the Court, after submission by Plaintiffs. Written notice to Settlement Class Members of this Agreement shall conform to the form of notice(s) approved by the Court, after proposed notice(s) are submitted to the Court by Plaintiffs. The claim form and procedures for submitting claims shall conform to the form and procedures approved by the Court after proposed submissions by Plaintiffs. The Parties shall jointly agree on, subject to approval by the Court, the content of any supplemental Notice to Class Members, if deemed necessary by Settlement Class Counsel, regarding the Agreement or the Settlement.

**6. EXCLUSIONS.**

a. Fisherman's Choice reserves all legal rights and defenses with respect to any potential Settlement Class Member that requests exclusion.

b. Subject to Court approval, a request for exclusion must be in writing and state the full name, street address, telephone number, and email address of the person or entity seeking exclusion from the Settlement Class by the Opt-Out Deadline. Further, the written request for exclusion must include a statement that he, she, or it wishes to be excluded from the Settlement. Subject to Court approval, a request for exclusion that does not comply with these and any other requirements set forth in the Class Notice shall be invalid, and each person or entity submitting an invalid request shall be deemed a Settlement Class Member and shall be bound by this Settlement Agreement upon Final Approval.

c. Fisherman's Choice or Settlement Class Counsel may dispute an exclusion request in accordance with the Notice Plan approved by the Court.

d.       Plaintiffs, Settlement Class Counsel, Fisherman's Choice, and Fisherman's Choice's counsel covenant and agree to take no actions, directly or indirectly, designed or intended to influence any member or putative member of the potential Settlement Class to opt out of the Settlement, or to assist others in doing so.

**7.   COOPERATION OBLIGATIONS.**

a.       Fisherman's Choice shall provide certain cooperation to Plaintiffs, as described below.

b.       *Simply Truthful Testimony*: Nothing in this Paragraph 7 or in any other portion of the Settlement Agreement obligates or requires any representative of Fisherman's Choice to testify to any particular fact or as may be requested by Plaintiffs or of Settlement Class Counsel; rather, it is understood any representative of Fisherman's Choice will simply testify truthfully.

c.       *Maintenance of Privileges*: Fisherman's Choice, its principals, or its representatives will not be required to divulge information to Plaintiffs and/or Settlement Class Counsel that is protected by the attorney-client privilege, attorney work-product doctrine, and/or any other applicable privilege or protection.

d.       *Documents:* In addition to any documents already produced to Plaintiffs, Fisherman's Choice shall produce any documents reasonably requested by Plaintiffs, in the format requested by Plaintiffs, subject to Fisherman's Choice's assertion of applicable privileges and Plaintiffs' agreement to cover the costs of such production, not including attorneys' fees.

e.       *Authentication and Admissibility*: At the request of Settlement Class Counsel, Fisherman's Choice will provide declarations, certifications, or affidavits regarding the authentication of documents, including their certification as records of a regularly conducted activity pursuant to Federal Rule of Evidence 803(6). If, for any reason, the declarations, certifications, or affidavits are deemed insufficient by the Court for purposes of the admissibility of the documents, Fisherman's Choice may make available a records custodian to testify by deposition and/or at trial, as mutually agreed by the Parties, but only in the event that declarations,

11

certifications, or affidavits regarding the authentication of documents are for some reason insufficient.

f.        *Conferring/Meeting with Settlement Class Counsel*: Upon reasonable request by Settlement Class Counsel, Fisherman's Choice shall make its representatives, including Gerard "Jerry" Wetle Jr., reasonably available to confer and/or meet with Settlement Class Counsel, to assist them in their pursuit of claims in this Action. Such reasonable assistance shall include, without limitation: answering, from time to time, Settlement Class Counsel's questions concerning particular persons, events, practices, documents, etc.; assisting Settlement Class Counsel prepare for the taking of testimony by various witnesses, whether at deposition or trial; and meeting with Settlement Class Counsel to discuss, more generally, issues related to the Dungeness crab ex vessel market and Fisherman's Choice experience therein. As determined by Fisherman's Choice, its counsel may participate in such meetings and/or discussions; however, Fisherman's Choice shall be responsible for any attorneys' fees incurred in connection with such participation.

g.        *Provision of Truthful Oral Testimony*: Fisherman's Choice's principal, Gerard "Jerry" Wetle Jr., hereby agrees to make himself available to provide truthful testimony at deposition or trial, as reasonably requested by Settlement Class Counsel; and Fisherman's Choice agrees to make any other representative available to provide truthful testimony at deposition or trial, as reasonably requested by Settlement Class Counsel. Neither Mr. Wetle nor Fisherman's Choice shall assert any right to limit questioning by Plaintiffs' counsel or refuse to sit for a deposition, as requested by Plaintiffs, on any ground otherwise provided by Fed. R. Civ. Pro. 30(d)(1). Mr. Wetle and Fisherman's Choice agree to accept service by Plaintiffs of any subpoena for testimony at deposition or at trial via email sent to hanni@mlf-llp.com (or to another email address provided by Mr. Wetle and Fisherman's Choice to Class Counsel), and waive entitlement to any witness fee, mileage fee, and/or their equivalent. As determined by Fisherman's Choice and/or Mr. Wetle, their counsel may participate in such depositions or trial; however, Fisherman's

12

Choice and/or Mr. Wetle shall be responsible for any attorneys' fees incurred in connection with such participation.

h.    *Provision of Truthful Testimony by Declaration*: Fisherman's Choice's principal, Gerard "Jerry" Wetle Jr., hereby agrees to make himself available to provide truthful testimony by declaration, as reasonably requested by Settlement Class Counsel; and Fisherman's Choice agrees to make any other representative available to provide truthful testimony by declaration, as reasonably requested by Settlement Class Counsel. As determined by Fisherman's Choice and/or Mr. Wetle, their counsel may participate in such provision of testimony by declaration; however, Fisherman's Choice and/or Mr. Wetle shall be responsible for any attorneys' fees incurred in connection with such participation.

i.    *Plaintiffs' Entitlement to Injunctive Relief and Fisherman's Choice's and Gerald Wetle's Consent to Jurisdiction to Enforce*: Fisherman's Choice and Gerard "Jerry" Wetle Jr. acknowledge that damages alone would not be an adequate remedy for the breach of any of the provisions of this Agreement, including, in particular, the obligations contained within this Paragraph 7. Accordingly, without prejudice to any other rights and remedies it may have, the Plaintiffs shall be entitled to the granting of equitable relief (including without limitation injunctive relief) concerning any threatened or actual breach of any of the provisions of this Agreement; and Fisherman's Choice and Gerard "Jerry" Wetle Jr. hereby consent to the jurisdiction of the District Court of the Northern District of California and/or the Superior Court for the County of San Francisco, as determined by Plaintiffs, to adjudicate any claim by Plaintiffs that Fisherman's Choice and/or Gerald Wetle have failed to comply with the terms of this Agreement and to seek compulsion of such compliance. As determined by Fisherman's Choice and/or Mr. Wetle, their counsel may participate in any such action brought by Plaintiffs to seek compliance; however, Fisherman's Choice and/or Mr. Wetle shall be responsible for any attorneys' fees incurred in connection with such participation.

13

8.    **TERMINATION AND RESCISSION.**

a.    *Rejection or Alteration of Settlement Terms*. If (a) the Court refuses to grant preliminary or final approval of this Agreement or certify the Settlement Class; (b) preliminary or final approval of this Agreement or certification of the Settlement Class is set aside on appeal; or (c) the Court does not enter Final Judgment with respect to Fisherman's Choice, Fisherman's Choice and Plaintiffs each have the option at their sole discretion to rescind the Settlement Agreement. Alternatively, if the Court provides feedback such that its approval is conditioned on material modifications to the Settlement Agreement, Fisherman's Choice and Plaintiffs agree to discuss in good faith within sixty (60) days whether any adjustments to the Settlement Agreement are appropriate, including whether termination is appropriate. A refusal to approve, modification or reversal on appeal based solely on or relating solely to the Settlement Class Counsel's fees and expenses award shall not be deemed a refusal to approve or modification of the terms of the Settlement Agreement.

b.    *Termination of Settlement*. In the event of termination or rescission pursuant to this Paragraph 8, then the Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date. Except as otherwise expressly provided herein, the Parties shall proceed in all respects as if the Settlement Agreement had not been executed. Plaintiffs, the Settlement Class, Settlement Class Counsel, and Fisherman's Choice agree that, whether or not the Court finally approves the Settlement Agreement, neither the fact of nor content of settlement negotiations, discussion, or attorney proffers will constitute admissions, nor be used as evidence of any violation of any statute or law, or of any liability or wrongdoing by Fisherman's Choice or any Releasee, or the truth of any of the claims or allegations contained in the Action or any pleading filed by Plaintiffs, the Settlement Class, or Settlement Class Counsel in the Action. Nothing in this Settlement Agreement shall affect the application of Federal Rule of Evidence 408.

9.    **<u>COVENANT NOT TO SUE</u>**. The Releasors hereby covenant and agree that they shall not, hereafter, sue or otherwise seek to establish liability against any of the Releasees based, in whole or part, upon any of the Released Claims.

14

10.    **FISHERMAN'S CHOICE RELEASE**. Upon final judicial approval of the Settlement, Fisherman's Choice shall release Plaintiffs, Settlement Class Members, and Settlement Class Counsel from any claims relating to the institution, prosecution, or settlement of the pending Action.

11.    **NO ADMISSION OF LIABILITY**. The Parties expressly agree that this Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of (i) a violation of any statute or law or of any liability or wrongdoing whatsoever by Fisherman's Choice, or any Releasees, or of (ii) the truth or the merits of any of the claims or allegations contained in the Complaint or any other pleading filed in the Action, and shall not be used against Fisherman's Choice or the other Releasees, and evidence thereof shall not be discoverable or used in any way, whether in the Action or in any other action or proceeding, against Fisherman's Choice or the Releasees. Nothing in this Paragraph 11 shall prevent Plaintiffs from using information produced by Fisherman's Choice pursuant to the cooperation provisions of this Settlement Agreement.

12.    **JOINT AND SEVERAL LIABILITY PRESERVED**. This Agreement does not settle or compromise any claim by Plaintiffs or any Settlement Class Member asserted against any Defendant or alleged co-conspirator other than Fisherman's Choice and the Releasees. All claims against such other Defendants or alleged co-conspirators are specifically reserved by Plaintiffs and the Settlement Class. All claims based on alleged illegal conduct concerning ex vessel sales of Dungeness crab caught off the coast of, or landed in, California, Oregon, and/or coastal Washington (not including Puget Sound) by any Settlement Class Member against any and all former, current, or future Defendants or co-conspirators or any other person other than Fisherman's Choice and the Releasees are specifically reserved by Plaintiffs and members of the Settlement Class.

15

13. **CAFA**. Fisherman's Choice shall submit all materials required to be sent to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and notify the Court that CAFA compliance has been accomplished.

14. **CONTINUING JURISDICTION.** The Court shall retain jurisdiction over the implementation, interpretation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by the Parties, including challenges to the reasonableness of any party's actions. Fisherman's Choice will not object to complying with any of the provisions outlined in this Agreement on the basis of jurisdiction. The Parties also agree that, in the event of such dispute, they are and shall be subject to the jurisdiction of the Court and that the Court is a proper venue and convenient forum.

15. **ENTIRE AGREEMENT**. This Agreement constitutes the entire, complete, and integrated agreement between the Parties pertaining to the settlement of the Action against Fisherman's Choice, and supersedes all prior and contemporaneous undertakings, communications, representations, understandings, negotiations, and discussions, either oral or written, between the Parties in connection herewith. This Agreement may not be modified or amended except in writing executed by the Parties, and approved by the Court.

16. **BINDING EFFECT**. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties. Without limiting the generality of the foregoing, upon Final Approval of this Agreement, each and every covenant and agreement made herein by Plaintiffs or Settlement Class Counsel shall be binding upon all Settlement Class Members and Releasors. The Releasees (other than the Fisherman's Choice entities, which are parties to this Agreement) are third-party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them. Nothing expressed or implied in this Agreement is intended to or shall be construed to confer upon or give any person or entity other than Settlement Class Members, Releasors, and Releasees any right or remedy under or by reason of this Agreement.

16

17.     **EXECUTION IN COUNTERPARTS**. This Agreement may be executed in counterparts by the Parties, and a facsimile or Portable Document Format (.pdf) image of a signature shall be deemed an original signature for purposes of executing this Agreement.

18.     **NOTICE**. Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication or document shall be provided by facsimile, or electronic mail (provided that the recipient acknowledges having received that email, with an automatic "read receipt" or similar notice constituting an acknowledgement of an email receipt for purposes of this Paragraph 18), or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

19.     **PRIVILEGE**. Nothing in this Agreement is intended to waive any right to assert that any information or material is protected from discovery by reason of any individual or common interest privilege, attorney-client privilege, work product protection, or other privilege, protection, or immunity, or is intended to waive any right to contest any such claim of privilege, protection, or immunity.

20.     **VOLUNTARY SETTLEMENT AND AGREEMENT; ADVICE OF COUNSEL**. Each Party agrees and acknowledges that it has (1) thoroughly read and fully understands this Agreement and (2) received or had an opportunity to receive independent legal advice from attorneys of its own choice with respect to the advisability of entering into this Agreement and the rights and obligations created by this Agreement. Each Party agrees that this Agreement was negotiated in good faith by the Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. Each Party enters into this Agreement knowingly and voluntarily, in consideration of the promises, obligations, and rights set forth herein.

21.     **NO PARTY IS THE DRAFTER**. This Agreement was jointly negotiated, prepared, and drafted by Settlement Class Counsel and counsel for Fisherman's Choice. None of the Parties hereto shall be considered to be the drafter of this Agreement or any provision hereof

17

for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter thereof.

22. **HEADINGS**. The headings used in this Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement.

23. **OPPORTUNITY TO CURE**: If one Party to this Agreement considers another Party to be in breach of its obligations under this Agreement, that Party must provide the breaching Party with written notice of the alleged breach and provide a reasonable opportunity to cure the breach before taking any action to enforce any rights under this Agreement.

24. **GOVERNING LAW**: All terms of this Agreement shall be governed and interpreted according to the substantive laws of California without regard to its choice of law or conflict of laws principles.

25. **REASONABLE EXTENSIONS**: Unless otherwise ordered by the Court, the Parties may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement.

26. **COUNSEL'S EXPRESS AUTHORITY**. Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement on behalf of his or her respective client(s), subject to Court approval.

FOR PLAINTIFFS:

Dated: 1/28/26

_____
Stuart G. Gross (SBN 251019)
Ross A. Middlemiss (SBN 323737)
Travis H. A. Smith (SBN 331305)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628
sgross@grosskleinlaw.com

18

rmiddlemiss@grosskleinlaw.com
tsmith@grosskleinlaw.com

Matthew W. Ruan (SBN 264409)
Samantha M. Gupta (*Pro Hac Vice*)
**FREED KANNER LONDON & MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
(224) 632-4500
mruan@fklmlaw.com
sgupta@fklmlaw.com

Matthew S. Weiler (SBN 236052)
Raymond S. Levine (SBN 348030)
**SCHNEIDER WALLACE COTTRELL KONECKY, LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
(415) 421-7100
mweiler@schneiderwallace.com
rlevine@schneiderwallace.com

*Attorneys for Plaintiffs Brand Little and Robin Burns*

FOR FISHERMAN'S CHOICE, LLC
AND GERARD "Jerry" WETLE JR.:

Dated: 1/28/26

Hanni Fakhoury
**MOEEL LAH FAKHOURY LLP**
2006 Kala Bagai Way, Suite 16
Berkeley, CA 94704
(510) 500-9994
hanni@mlf-llp.com

*Attorneys for Fishermen's Choice, LLC and Gerard "Jerry" Wetle Jr.*

19