# EXHIBIT G

**LEGAL NOTICE**

*United States District Court for the Northern District of California (Little, et al. v. Pacific Seafood Procurement, LLC, et al.)*

# IF YOU ARE A COMMERCIAL DUNGENESS CRABBER OPERATING IN CALIFORNIA, OREGON, AND/OR WASHINGTON (EXCLUDING PUGET SOUND) WHO HAS MADE EX VESSEL SALES OF DUNGENESS CRAB ON YOUR OWN BEHALF FROM JANUARY 1, 2016 TO THE PRESENT

# YOU MAY BE ELIGIBLE TO PARTICIPATE IN CLASS ACTION SETTLEMENTS OF LITIGATION ARISING OUT OF AN ALLEGED CONSPIRACY TO FIX EX VESSEL DUNGENESS CRAB PRICES

*The Court has authorized this Notice. It is not a solicitation from a lawyer.*
*You are not being sued.*

- This notice relates to three proposed class action settlements (the "First Round Settlements") of the claims of commercial Dungeness crab fishers operating in California, Oregon, and Washington (excluding Puget Sound) in the class action *Little, et al. v. Pacific Seafood Procurement, LLC, et al.*, filed by fishers Brand Little, Robin Burns, and Cherry Fisheries, Inc., on behalf of commercial Dungeness crabbers against certain parties alleged to have conspired to fix, stabilize, and/or suppress the ex-vessel price for Dungeness crab. The lawsuit claims that commercial Dungeness crabbers operating in California, Oregon, and Washington (excluding Puget Sound) were injured financially by the alleged conspiracy, and that the named Defendants are responsible for those injuries.

- If you are a Dungeness crabber who has made ex vessel sales of Dungeness crab on your own behalf in California, Oregon, or Washington (excluding Puget Sound) between January 1, 2016 and the present, you may qualify for membership in the First Round Settlement Class, the Court has provisionally certified for the purposes of the First Round Settlements and may therefore be a "First Round Settlement Class Member."

- As part of the First Round Settlements, the Settling Defendants—Pacific Dream Seafood, Inc.; Caito Fisheries, Inc.; John Caito; James Caito; Joseph Caito; and Jeanette Caito—have agreed to pay certain amounts to settle the claims against them. Another two parties—alleged co-conspirator Fisherman's Choice, LLC and its owner Gerard Wetle, Jr.—have agreed to settle in exchange for providing Plaintiffs cooperation in pursuit of their claims against the remaining Defendants. The Settling Defendants, Fisherman's Choice, LLC, and Gerard Wetle, Jr. are known collectively as the "Settling Buyers."

- In exchange for this Settlement Consideration, First Round Settlement Class Members will be required to completely release the Settling Buyers and related parties (collectively "Released Parties") from liability for any financial injuries that they have suffered or may suffer as a result of the conspiracy. This release will ***not*** affect First Round Settlement Class Members' claims against the other Defendants, which will continue to be pursued.

# A Summary of Your Rights and Choices:

*Your Legal Rights Are Affected Even If You Do Not Act.*
*Read This Notice Carefully.*

| **You May:** | | **Due Date:** |
|---|---|---|
| **Do Nothing** | If you do nothing, you will give up your rights to be part of any other lawsuit against the Released Parties for financial injuries resulting from the effect of the alleged conspiracy, though you will still have the opportunity to participate in settlements with other buyers, should they occur. [See Question 11] | ***N/A*** |
| **Submit an Intent to Participate Form** | You may submit a form that indicates your interest in participating in the First Round Settlements, participating in future settlements, and/or receiving further information about the First Round Settlements and any future settlements. If you submit such a form, Plaintiffs' representatives will contact you via your preferred method of communication in the event that further settlements are reached and/or when funds are to be distributed from a settlement. | ***[####]*** |
| **Exclude Yourself** | ***Opt-out of the Class*** You may write and ask to opt-out of the First Round Settlement Class and retain your right to sue the Released Parties on your own about the impact of the alleged conspiracy. [See Question 13 and 14] | ***[#####]*** |
| **Object to the Settlement** | ***Object or comment on the Settlement*** If you do not exclude yourself, you may appear and speak at the Final Approval Hearing on your own or through your own lawyer to object to or comment on the First Round Settlements. (Settlement Class Counsel has been appointed to represent you in connection with the First Round Settlements but cannot represent you in connection with an objection.) [See Question 15] | ***[######]*** |
| | | |

**THESE RIGHTS AND OPTIONS**
**– AND THE DEADLINES TO EXERCISE THEM –**
**ARE EXPLAINED IN THIS NOTICE.**

## *WHAT THIS NOTICE CONTAINS*

**BASIC INFORMATION** ..... **4**
1. Who is a First Round Settlement Class Member? ..... 4
2. Why did I get this Notice? ..... 5
3. What is the lawsuit about? ..... 5
4. What do the First Round Settlements provide? ..... 5
5. Will payments be made to First Round Settlement Class Members now? ..... 5
6. If payments are made, how will they be calculated? ..... 6
7. Why is it a class action? ..... 6
8. Why are there Settlements? ..... 7
9. What kind of records or proof do I need to provide to be eligible for potential payments? ..... 7

**REMAINING IN THE CLASS** ..... **7**
10. What do I need to do in order to participate in the First Round Settlements? ..... 7
11. What happens if I do nothing? ..... 7
12. If I remain in the First Round Settlement Class, what claims am I specifically giving up? ..... 7

**EXCLUDING YOURSELF FROM THE FIRST ROUND SETTLEMENT CLASS** ..... **8**
13. What if I don't want to be in the First Round Settlement Class? ..... 8
14. How do I exclude myself from the First Round Settlement Class? ..... 8

**OBJECTING TO OR COMMENTING ON THE FIRST ROUND SETTLEMENTS** ..... **8**
15. May I object to or comment on the First Round Settlements? ..... 8
16. What is the difference between objecting and excluding myself from the First Round Settlements? ..... 9

**THE LAWYERS REPRESENTING YOU** ..... **10**
17. Do I have a lawyer representing my interests in these cases? ..... 10
18. How will the lawyers be paid? ..... 10
19. Should I get my own lawyer? ..... 11

**THE COURT'S FINAL APPROVAL HEARING** ..... **11**
20. When and where will the Court decide on whether to grant final approval of the First Round Settlements? ..... 11
21. Must I attend the Final Approval Hearing? ..... 11
22. May I speak at the Final Approval Hearing? ..... 11

**GETTING MORE INFORMATION** ..... **12**
23. Where do I obtain more information? ..... 12

## BASIC INFORMATION

### 1. Who is a First Round Settlement Class Member?

A First Round Settlement Class Member is any individual or business that made commercial ex vessel sales of Dungeness crab on his, her, or its own behalf in California, Oregon, or Washington (excluding Puget Sound) between January 1, 2016 and the date of Final Approval of the First Round Settlements, which is estimated to be around December 2026 (the "First Round Settlement Class Period").

You received this Notice because you have been identified as either (a) a current holder of a commercial Dungeness crab vessel permit or license for California, Oregon, and/or Washington (excluding Puget Sound); or (b) someone who has commercially landed Dungeness crab in California, Oregon, and/or Washington (excluding Puget Sound) during the First Round Settlement Class Period. However, this identification does *not* necessarily mean you qualify for membership in the Settlement Class.

Owner-operators of commercial fishing vessels that were permitted to fish for Dungeness crab in California, Oregon, and/or Washington (excluding Puget Sound) during the First Round Settlement Class Period and who sold Dungeness crab that they landed in such areas during the First Round Settlement Class Period are part of the First Round Settlement Class. Thus, in *most* circumstances, an individual or business is a First Round Settlement Class member if: (a) they are listed, in the records of the applicable Department of Fish and Wildlife, as the holder of Dungeness crab vessel permit or license and (b) the applicable Department of Fish and Wildlife records list ex vessel sales of Dungeness crab in California, Oregon, and/or Washington (excluding Puget Sound), during the First Round Settlement Class Period, associated with that Dungeness crab vessel permit or license.

In addition to such owner-operators in whose name a Dungeness crab vessel permit or license is listed, a business or individual not listed as the holder of a Dungeness crab vessel permit or license, at the time qualifying ex vessel sales of Dungeness crab were made, may still be a First Round Settlement Class Member. Such circumstances include, without limitation:

1. Where an individual or business leased a commercial vessel permitted to fish for Dungeness crab in California, Oregon, and/or Washington and the individual or business made commercial ex vessel sales of Dungeness crab on their own behalf in California, Oregon, or Washington (excluding Puget Sound) during the First Round Settlement Class Period; OR

2. Where an individual or business purchased a commercial vessel permitted to fish for Dungeness crab in California, Oregon, and/or Washington and they made commercial ex vessel sales of Dungeness crab their own behalf in California, Oregon, or Washington (excluding Puget Sound) during the First Round Settlement Class Period, but the Dungeness crab vessel permit or license was not in their name at the time of those ex vessel sales, as a result of a vessel seller-financing arrangement or otherwise.

The following individuals and businesses are *not* First Round Settlement Class members: (a) Defendants, their affiliates, and their co-conspirators; (b) crewmembers and hired captains; and (c) federal government officials.

## 2. Why did I get this Notice?

You received this Notice because you have been identified, in the records of an applicable Department of Fish and Wildlife, as either or both (a) a holder of a commercial Dungeness crab vessel permit or license for California, Oregon, or Washington (excluding Puget Sound) during the First Round Settlement Class Period; or (b) an individual whose commercial fishing license number was recorded on a fish ticket issued in association with an ex vessel sale of Dungeness crab in California, Oregon, or Washington (excluding Puget Sound) during the First Round Settlement Class Period.

Again, your receipt of this notice does *not* necessarily mean you qualify for membership in the First Round Settlement Class.

## 3. What is the lawsuit about?

The lawsuit claims that the named Defendants—of whom there are 38 distinct entities, who together make up approximately a dozen related company families—conspired with one another to fix, suppress, and/or stabilize the price of ex vessel Dungeness crab in California, Oregon, and Washington (excluding Puget Sound), which caused harm to commercial Dungeness crabers by artificially reducing the amount they were paid for their catch.

## 4. What do the First Round Settlements provide?

The First Round Settlements provide for the Settling Defendants to pay $2,250,000 into a common fund and for Settling Buyer Fisherman's Choice to cooperate with Plaintiffs and the Class in their pursuit of claims against non-settling Defendants this litigation. Money from the First Round Settlements will be placed into a Qualifying Settlement Fund, where it will accrue interest. From time to time, Settlement Class Counsel (which, as defined in the Court's order granting Preliminary Approval, docket number ##, includes Stuart G. Gross of Gross Klein PC; Matthew Ruan of Justice Jager London & Millen, LLC; and Matthew Weiler of Schneider Wallace Cottrel Kim, LLP) will request permission from the Court to use funds from that account to pay certain out-of-pocket litigation expenses incurred on behalf of the First Round Settlement Class (but not attorneys' fees) in pursuit of claims against non-settling Defendants. This will allow Settlement Class Counsel to use these funds to further this litigation in the interests of the Plaintiffs and the First Round Settlement Class. If there is any money from these settlements remaining at the end of the litigation, Settlement Class Counsel intends to either include those funds in payments to the First Round Settlement Class or, if there is not enough to make such payments economically feasible, to distribute them to an appropriate *cy pres* recipient.

In exchange for these payments and this cooperation, participating First Round Settlement Class Members will release the Settling Buyers and related entities from liability for any claims related to those raised in this lawsuit from January 1, 2016 until the date of Final Approval, which, at this time, is expected to be around December 2026 (the "First Round Settlement Class Period"), and will additionally release Defendants Southwind Foods, LLC and Caito Fisheries, LLC for successor liability and the like related to its purchase of Caito Fisheries, Inc., on July 28, 2023.

## 5. Will payments be made to First Round Settlement Class Members now?

No. The Court has preliminarily approved Settlement Class Counsel's request to place the money from these settlements into a Qualified Settlement Fund, where it will earn interest, and to use the money for out-of-pocket expenses (but not attorneys' fees) incurred in the course of litigating the case on behalf of the class members against the non-settling defendants.

These Settlements do not otherwise impact First Round Settlement Class Members' claims with regard to the rest of the Defendants, which Settlement Class Counsel will continue to pursue. It is Settlement Class Counsel's expectation that such further litigation will result in additional settlements and/or judgments against Defendants, which will result in payments directly to class members in the future.

If there is money remaining from the First Round Settlements at the end of the case, Settlement Class Counsel intends to distribute it with any payments that are made at that time or, if there is not enough to make such payments economically feasible, to distribute it to an appropriate *cy pres* recipient.

**6. If payments are made, how will they be calculated?**

In the event that payments are ultimately made from the First Round Settlements, Settlement Class Counsel intends to allocate those funds between First Round Settlement Class Members proportionally based on the percentage that each First Round Settlement Class Member's ex vessel sales of Dungeness crab in California, Oregon, and/or Washington (excluding Puget Sound), during the First Round Settlement Class Period, represent as a portion of the total of such sales by participating First Round Settlement Class Members, during the First Round Settlement Class Period.

**7. Why is it a class action?**

In a class action lawsuit, one or more people called "class representatives" sue on behalf of people who have similar claims. The people together are a "class" or "class members."

The people that sued—Brand Little, Robin Burns, and Cherry Fisheries, Inc. ("Class Representatives")—and certain of the Defendants—Pacific Dream Seafood, Inc.; Caito Fisheries, Inc.; John Caito; James Caito; Joseph Caito; Jeanette Caito (the "Settling Defendants")—as well as non-Defendant buyer Fisherman's Choice, LLC and its owner Gerald Wetle Jr. (together with the Settling Defendants, the "Settling Buyers"), have reached Settlements of claims relating to the alleged effect of the conspiracy. In the case of the Settling Defendants, the settlements were reached with active assistance of federal Magistrate Judge Joseph C. Spero, who presided over several in-person and telephonic settlement conferences with the parties.

The Class Representatives decided to reach the First Round Settlements based on their conclusion that they and other members of the First Round Settlement Class would do better by settling their claims together, as a class, rather than individually.

The Court has preliminarily approved the First Round Settlements, but the Court must still determine if it will allow the claims against the Settling Buyers to be settled as a class action. If it does, all decisions made by the Class Representatives will affect everyone in the First Round Settlement Class.

There will be a Final Approval Hearing for the Court to decide whether to give final approval to the First Round Settlements. (See Questions 20-22.)

### 8. Why are there Settlements?

A settlement is an agreement between a plaintiff and a defendant or other person following negotiation. Settlements conclude litigation, but this does not mean that the court has ruled in favor of the plaintiff or the defendant. A settlement allows both parties to avoid the cost and risk of a trial and permits both parties to establish a just, fair, and final resolution that is best for all involved. In this case, two of the First Round Settlements were reached after participating in several in-person and telephonic settlement conferences before a judge (federal Magistrate Judge Joseph C. Spero), additional arms-length negotiation, and after substantial discovery and expert analyses, and the third was reached in the same way but without the assistance of judge.. If the Court approves the First Round Settlements, then the Released Parties (defined below) will no longer be legally responsible for the Released Claims (defined below).

In each case, the lawyers representing the First Round Settlement Class ("Settlement Class Counsel") and the Settling Buyers have engaged in extensive, arm's-length negotiations regarding the issues presented in the lawsuit and the possible terms of a settlement. The Settling Buyers are willing to settle the claims in this lawsuit and Settlement Class Counsel believes the First Round Settlements are fair, reasonable and adequate, and in the best interests of the First Round Settlement Class.

Settlement Class Counsel is Stuart G. Gross of Gross Klein PC; Matthew Ruan of Justice Jagher London & Millen, LLC; and Matthew Weiler of Schneider Wallace Cottrel Kim, LLP.

### 9. What kind of records or proof do I need to provide to be eligible for potential payments?

Settlement Class Counsel intends to use records from the Departments of Fish and Wildlife of California, Oregon, and Washington to identify individuals and businesses that made commercial ex vessel sales of Dungeness crab on their own behalf in California, Oregon, or Washington (excluding Puget Sound) during the First Round Settlement Class Period and to calculate the amount of such sales.

However, if you are not listed as the holder of the Dungeness crab vessel permit or license in the records of such sales but still meet the criteria for inclusion in the First Round Settlement Class (See Question 1 above), you will need to provide documentation that demonstrates that you landed Dungeness crab on your own behalf in the California, Oregon, or Washington (excluding Puget Sound) during the First Round Settlement Class Period.

## <u>REMAINING IN THE CLASS</u>

### 10. What do I need to do in order to participate in the First Round Settlements?

In order to participate in the First Round Settlements, you need to submit an Intent to Participate Form. This form can be found at <u>www.[SettlementWebsite].com</u>, or a paper version can be sent to you upon request.

### 11. What happens if I do nothing?

If you do nothing, you will be included in the First Round Settlement Class. You will be bound by the terms and conditions of the First Round Settlements. You will never be able to pursue any other lawsuit against the Released Parties concerning the Released Claims, although you will still have the opportunity to participate in settlements with other Defendants, should they occur. <u>However</u>, if you do nothing, you will not be eligible for disbursements of funds from the First Round Settlements.

### 12. If I remain in the First Round Settlement Class, what claims am I specifically giving up?

The First Round Settlements provide that First Round Settlement Class Members fully, finally and forever release,

relinquish, and discharge the Released Parties from the Released Claims, including any and all claims of any kind or nature whatsoever for any harm of any kind or nature whatsoever arising out of or relating to the claims that were or could have been alleged in the lawsuit *Little, et al. v. Pacific Seafood Procurement, LLC, et al.*

"Released Parties" mean (a) Pacific Dream Fisheries, Inc.; (b) Caito Fisheries, Inc.; (c) John Caito; (d) James Caito; (e) Joseph Caito; (g) Jeanette Caito; (h) Fisherman's Choice, LLC; and (i) Gerard Wettle, Jr. (together, the "Settling Parties"); (j) the Settling Parties' counsel, experts, consultants, and vendors; (k) any and all of the Settling Parties' past, present, and future, direct and indirect, parent companies, subsidiary companies, affiliated companies, affiliated partnerships, and joint venturers, including all of their respective predecessors, successors and assigns, and each and all of their present, former, and future owners, principals, partners, officers, directors, supervisors, employees, agents, stockholders, members, representatives, insurers, attorneys, heirs, executors, administrators, beneficiaries, and representatives of any kind.

If you remain in the First Round Settlement Class, you will also give up claims against Defendants Southwind Foods, LLC and Caito Fisheries, LLC for liability related to the operation of Caito Fisheries, Inc., prior to July 28, 2023, including claims on a theory of successor liability, but not claims related to whether Southwind Foods, LLC or Caito Fisheries, LLC joined the conspiracy and did so knowingly.

If you stay in the class, you won't be able to be part of any other lawsuit against the Settling Buyers about the issues that these Settlements cover. The 'Releases' section of each Settlement Agreement describes the specific legal claims that you give up if you remain in the Class. The First Round Settlement Agreements are available at www.[SettlementWebsite].com.

## EXCLUDING YOURSELF FROM THE FIRST ROUND SETTLEMENT CLASS

### 13. What if I don't want to be in the First Round Settlement Class?

If you do not want to be in the First Round Settlement Class and you want to keep the right to sue the Released Parties for the same claims on your own, you must take steps to get out of the First Round Settlement Class. This is called excluding yourself. By excluding yourself, you keep the right to file your own lawsuit against the Released Parties for the Released Claims.

If you exclude yourself from the First Round Settlement Class, you will not be able to receive a payment from the First Round Settlements if such payments are issued at a later date, and you cannot object to the First Round Settlements.

However, if you exclude yourself from the First Round Settlement Class, you can still choose to participate in future settlements or any later certified litigation class.

### 14. How do I exclude myself from the First Round Settlement Class?

If you wish to be excluded from the First Round Settlement Class, you must complete and send via email or mail the enclosed request for exclusion **postmarked on or before [DATE]** to:

Settlement Administrator
###

## OBJECTING TO OR COMMENTING ON THE FIRST ROUND SETTLEMENTS

### 15. May I object to or comment on the First Round Settlements?

You can ask the Court to deny approval of one or more of the First Round Settlements by filing an objection. You can also comment on one or more of the First Round Settlements. You can't ask the Court to order different

settlements; the Court can only approve or reject the settlements. If the Court denies approval, the settlements will not take effect, and the lawsuit will continue. If that is what you want to happen, you should object.

Any objection to one or more of the First Round Settlements must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Little, et al. v. Pacific Seafood Procurement, et al.*, Case No. 3:23-cv-01098), (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, [insert appropriate Court location here], and (c) be filed or postmarked on or before [DATE]."

You should review the Court's rules regarding filing to ensure your document is properly filed. Copies of the objection or comment and any supporting documents must **also** be mailed to each of the following addresses **on or before <u>[DATE]</u>.**

| Settlement Class Counsel: | Counsel for Settling Buyers: |
|---|---|
| Stuart G. Gross<br>GROSS KLEIN PC<br>The Embarcadero<br>Pier 9, Suite 100<br>San Francisco, California 94111 | Theresa Rava<br>601 Union Street, Suite 4000<br>WILLIAMS KASTNER<br>Seattle, WA 98101-2341<br>*Counsel for Pacific Dream*<br><br>Colin Morrow<br>VANNUCCI MOMSEN MORROW<br>AN ASSOCIATION OF SOLE PRACTITIONERS<br>P.O. Box 1214<br>Mendocino, CA 95460<br>*Counsel for Caito Fisheries, Inc., John Caito, James Caito, Joseph Caito, and Jeanette Caito*<br><br>Tamara Crepet<br>TAMARA CREPET LAW<br>The Embarcadero<br>Pier 9, Suite 100<br>San Francisco, CA 94111<br>*Counsel for Fisherman's Choice and Gerard Wetle, Jr.* |

If you or your attorney wishes to appear at the Final Approval Hearing, your objection must include your notice of intention to appear.

### 16. What is the difference between objecting and excluding myself from the First Round Settlements?

You object to one or more of the First Round Settlements when you wish to remain a First Round Settlement Class Member and be subject to the First Round Settlements, but disagree with some aspect of one or more of the First Round Settlements. An objection allows your views to be heard in Court. If you object, you <u>are</u> still eligible to receive Settlement Consideration if it is distributed from the First Round Settlements.

In contrast, exclusion (aka opting out) means that you are no longer a First Round Settlement Class Member and ultimately do not want to be subject to terms and conditions of the First Round Settlements. Once excluded, you lose any right to object to any aspect of the First Round Settlements because the First Round Settlements no longer affect you.

## THE LAWYERS REPRESENTING YOU

### 17. Do I have a lawyer representing my interests in these cases?

Yes. The Court has appointed the following lawyer to represent you and other First Round Settlement Class Members:

Stuart G. Gross
GROSS KLEIN PC
The Embarcadero
Pier 9, Suite 100
San Francisco, California 94111
Telephone: (415) 671-4628
*Lead Counsel*

Matthew Ruan
100 Tri-State International Dr, Suite 128
Lincolnshire, IL 60069*Executive Committee Member*

Matthew Weiler
2000 Powell Street, Suite 1400
Emeryville, California 94608
*Executive Committee Member*

These lawyers are called Settlement Class Counsel. You will not be charged personally for these lawyers, but they will ask the Court to order the Settling Defendants to pay their attorneys' fees and reimburse their expenses or allow for them to deduct their fees from future settlements.

### 18. How will the lawyers be paid?

Settlement Class Counsel are not asking to be paid any attorneys' fees from the First Round Settlements. Rather, they intend to request that the Court, from time to time, allow them to use the funds from the First Round Settlements to reimburse out-of-pocket costs that they have paid in pursuing claims on behalf of the class against the remaining defendants. Out-of-pocket costs include such things as the fees charged by experts, court-reporters, and document review platform providers, as well as the cost of administration of the First Round Settlements.

Settlement Class Counsel may request that the Court award them attorneys' fees and/or the additional reimbursement of out-of-pocket costs from future settlements or judgments. Members of the applicable classes will be provided notice in advance of any such request and will have the right to object to it.

**19. Should I get my own lawyer?**

You do not need to hire your own lawyer, but if you want your own lawyer to speak for you or appear in Court, you must file a Notice of Intent to Appear (See Question 22 to find out how to submit a Notice of Intent to Appear). If you hire a lawyer to appear for you in the lawsuit, you will have to pay for that lawyer on your own.

## THE COURT'S FINAL APPROVAL HEARING

**20. When and where will the Court decide on whether to grant final approval of the First Round Settlements?**

The Court will hold a Final Approval Hearing on [DATE] at [TIME] to consider whether the First Round Settlements are fair, reasonable and adequate. At the Final Approval Hearing, the Court will decide whether to approve the First Round Settlements. If comments or objections have been received, the Court will consider them at this time.

Note: The Final Approval Hearing may be postponed to a different date without additional notice. If you wish to attend the Final Approval Hearing, you should contact the Settlement Administrator via email at ## to ensure that you have the correct date for the hearing.

**21. Must I attend the Final Approval Hearing?**

No. Attendance is not required, even if you properly mailed a written response. Settlement Class Counsel is prepared to answer the Court's questions on your behalf. If you or your personal attorney wants to attend the Final Approval Hearing, you are more than welcome to do so at your expense. As long as your objection was postmarked before the deadline, the Court will consider it.

**22. May I speak at the Final Approval Hearing?**

Yes. You may speak at the Final Approval Hearing or hire your own lawyer to speak on your behalf. If you want to do so, you must give the Court a paper that is called a "Notice of Intent to Appear." The Notice of Intent to Appear should include the name and number of the lawsuit; it should also state that you wish to enter an appearance at the Final Approval Hearing. It also must include your name, address, telephone number and signature, as well as the name and address of your lawyer, if one is appearing for you. You cannot speak at the Final Approval Hearing if you have asked to be excluded from the First Round Settlement Class. Your Notice of Intent to Appear **must** be filed with the Court **on or before <u>[DATE]</u>** at the following address:

Clerk of Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Copies of the Notice of Intent to Appear must be sent to each of the following addresses, postmarked no later than **[DATE]:**

| Settlement Class Counsel: | Counsel for Settling Buyers: |
|---|---|
| Stuart G. Gross<br>GROSS KLEIN PC<br>The Embarcadero<br>Pier 9, Suite 100<br>San Francisco, California 94111 | Theresa Rava<br>601 Union Street, Suite 4000<br>WILLIAMS KASTNER<br>Seattle, WA 98101-2341<br>*Counsel for Pacific Dream* |

| | |
|---|---|
| | Colin Morrow<br>VANNUCCI MOMSEN MORROW<br>AN ASSOCIATION OF SOLE PRACTITIONERS<br>P.O. Box 1214<br>Mendocino, CA 95460<br>*Counsel for Caito Fisheries, Inc., John Caito, James Caito, Joseph Caito, and Jeanette Caito*<br><br>Tamara Crepet<br>TAMARA CREPET LAW<br>The Embarcadero<br>Pier 9, Suite 100<br>San Francisco, CA 94111<br>*Counsel for Fisherman's Choice and Gerard Wetle, Jr.* |

## GETTING MORE INFORMATION

### 23. Where do I obtain more information?

This notice summarizes the proposed settlements. For the precise terms of the settlements, please see the settlement agreements available at www.[SettlementWebsite].com, by contacting the Settlement Administrator, Simpluris, at (###) ###-###, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

In addition, if you have any questions about the lawsuit or this Notice, you may:

- Write to:

  Dungeness Crab Antitrust Settlement
  c/o Settlement Administrator
  P.O. Box ###
  Santa Ana, CA 92799-9958

Claims will be handled by an independent administrator. Do not contact the Court directly about this settlement.