**K&L GATES LLP**
J. Timothy Hobbs, Jr. (*pro hac vice*)
501 Commerce Street, Ste. 1500
Nashville, Tennessee 37203
Telephone: (615) 780-6700
Tim.Hobbs@klgates.com

Henry J. Brockway (*pro hac vice*)
925 Fourth Avenue, Ste. 2900
Seattle, Washington 98104
Telephone: (206) 623-7580
Henry.Brockway@klgates.com

**K&L GATES LLP**
Victoria S. Pereira Duarte (*pro hac vice*)
70 W. Madison St., Ste. 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
Victoria.Duarte@klgates.com

Michael Stortz (SBN 139386)
4 Embarcadero Ctr., Ste 1200
San Francisco, California 94111
Telephone: (415) 882-8200
Michael.Stortz@klgates.com

*Attorneys for Defendants Bornstein Seafoods,*
*Inc. and Astoria Pacific Seafoods, LLC*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAND LITTLE and ROBIN BURNS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC SEAFOOD PROCUREMENT, LLC; PACIFIC SEAFOOD PROCESSING, LLC; PACIFIC SEAFOOD FLEET, LLC; PACIFIC SEAFOOD DISTRIBUTION, LLC; PACIFIC SEAFOOD USA, LLC; DULCICH, INC.; PACIFIC SEAFOOD – EUREKA, LLC; PACIFIC SEAFOOD – CHARLESTON, LLC; PACIFIC SEAFOOD – WARRENTON, LLC; PACIFIC SEAFOOD – NEWPORT, LLC; PACIFIC SEAFOOD – BROOKINGS, LLC; PACIFIC SEAFOOD – WESTPORT, LLC; PACIFIC SURIMI – NEWPORT LLC; BLUE RIVER SEAFOOD, INC.; SAFE COAST SEAFOODS, LLC; SAFE COAST SEAFOODS WASHINGTON, LLC; OCEAN GOLD SEAFOODS, INC.; NOR-CAL SEAFOOD, INC.; KEVIN LEE; AMERICAN SEAFOOD EXP, INC.; CALIFORNIA SHELLFISH COMPANY, INC.; ROBERT BUGATTO ENTERPRISES, INC.; ALASKA ICE | Case No.: 3:23-cv-01098-AGT<br><br>**CERTAIN DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS**<br><br>Judge: Honorable Alex G. Tse |

CERTAIN DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENTS | Case No. 3:23-cv-01098-AGT

SEAFOODS, INC.; LONG FISHERIES, INC.; CAITO FISHERIES, INC.; CAITO FISHERIES, LLC; SOUTHWIND FOODS, LLC; FISHERMEN'S CATCH, INC.; GLOBAL QUALITY FOODS, INC.; GLOBAL QUALITY SEAFOOD LLC; OCEAN KING FISH INC.; BORNSTEIN SEAFOODS, INC.; ASTORIA PACIFIC SEAFOODS, LLC; DA YANG SEAFOOD INC.; GREAT OCEAN SEAFOOD INC.; PACIFIC DREAM SEAFOOD, INC.; JOHN CAITO; JOSEPH CAITO; JAMES CAITO; JEANETTE CAITO; and DOES 37-60,

Defendants.

ii

## I.     __INTRODUCTION__

Plaintiffs seek preliminary approval of a "First Round Settlement Class" that will admittedly "create a cash fund of $2.25 million" for Plaintiffs' lawyers to continue litigating this case, with nothing reserved for any purported class.  ECF No. 740 at 8, 15.  Defendants continue to maintain that Plaintiffs' claims lack merit and that any settlement amount exceeds the value of the claims, but they recognize that other Defendants may choose to settle to avoid the substantial and unrecoverable costs of continued litigation.  *See, e.g.*, ECF No. 743 at 9 ("While the Caito Inc. Defendants vigorously deny the allegations of this meritless lawsuit, they made a strictly pragmatic determination, driven by the profound nonrecoupable expenses of federal antitrust litigation and the years of prolonged uncertainty that such lawsuits entail, to settle this case.").  Certain Defendants nevertheless submit this response because Rule 23 requires the Court to make certain findings before granting preliminary approval, and Plaintiffs' motion omits information that courts in this District routinely require.

## II.     __PLAINTIFFS HAVE NOT PROVIDED THE INFORMATION NECESSARY FOR PRELIMINARY APPROVAL__

### a.     Rule 23(e) Requires the Court to Compare the Settlement to the Estimated Value of the Class's Claims

Rule 23(e)(2)(C) requires the Court to determine whether "the relief provided for the class is adequate."  Courts in this District have repeatedly explained that they cannot perform that analysis without information regarding the putative class's estimated maximum recovery.  Courts in this District have consistently held that this analysis requires comparing the proposed settlement to the estimated value of the claims being released.  "To determine whether the amount offered in settlement is fair, district courts in the Ninth Circuit must compare the settlement amount to what the parties estimate would be the maximum recovery in a successful litigation." *Grady v. RCM Techs., Inc.*, 671 F. Supp. 3d 1065, 1075 (C.D. Cal. 2023) (district courts "require that motions for preliminary approval of class settlements include estimates of the defendant's maximum potential liability").  "This Court has more than once denied motions for approval where the plaintiffs provide[d] no information about the maximum amount that the putative class members could have recovered if they ultimately prevailed on the merits of their claims…This is because any fraction has a denominator, and without knowing what it is the Court cannot

1

balance plaintiffs' expected recovery against the proposed settlement amount." *Livingston v. MiTAC Digital Corp.*, 2019 WL 8504695, at *4 (N.D. Cal. Dec. 4, 2019) (internal quotation marks omitted; citing *Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 969 (N.D. Cal. 2019); *K.H. v. Sec'y of Dep't of Homeland Sec.*, 2018 WL 3585142, at *5 (N.D. Cal. July 26, 2018)); *see also Cotter v. Lyft, Inc.*, 176 F. Supp. 3d 930, 935 (N.D. Cal. 2016) ("In determining whether the proposed settlement falls within the range of reasonableness, perhaps the most important factor to consider is plaintiffs' expected recovery balanced against the value of the settlement offer."); *Custom Led, LLC v. eBay, Inc.*, 2013 WL 4552789, at *9 (N.D. Cal. Aug. 27, 2013) (denying preliminary approval in part because "the parties have provided the Court with no information as to the class members' potential range of recovery"). *See also* U.S. Dist. Ct. for the N. Dist. of Cal., *Procedural Guidance for Class Action Settlements* § 1.3 (Sept. 5, 2024) (motion for preliminary approval should state "the potential class recovery if plaintiffs had fully prevailed on each of their claims, claim by claim, and a justification of the discount applied to the claims").

### b. Plaintiffs Do Not Identify the Estimated Maximum Recovery or Explain Their Damages Methodology

To make an adequate showing, Plaintiffs must provide detailed explanations for how they value their claims, identify the source for any figures used, and explain why any assumptions used are reasonable. In *Louangamath v. Spectranetics Corp.*, for example, the court denied for a second time plaintiffs' motion for preliminary approval of a class action settlement. No. 18-cv-03634-JST, 2021 WL 9274552, at *1 (N.D. Cal. May 19, 2021). While the plaintiffs had attempted "to explain the basis for the estimated maximum value of Plaintiff's claims," there remained "information gaps which interfered with the Court's ability to fully assess the settlement." *Id*. at *2. In particular, plaintiffs provided some calculations for the asserted value of each claim, but failed to "explain the source of many of the figures or, if they are based on assumptions, why those assumptions are reasonable."

## III. CONCLUSION

Plaintiffs ask the Court to conclude that a $2.25 million settlement is adequate without identifying the estimated value of the claims being compromised. Put differently, Plaintiffs provide the numerator—the $2.25 million settlement amount—but omit the denominator against which that figure must be measured. *See Livingston*, 2019 WL 8504695, at *4. Plaintiffs necessarily possess this

2

information.  Plaintiffs represent that they have retained "econometricians, forensic accountants, and other experts who have, *inter alia*, analyzed the data Plaintiffs have gathered to model and quantify the damages resulting from the conspiracy." ECF No. 740 at 18.  Plaintiffs necessarily relied on some estimate of classwide damages in determining that these settlements are fair, reasonable, and adequate.  Requiring Plaintiffs to disclose that estimate—and the methodology supporting it—therefore imposes no new analytical burden.  Only then can the Court determine whether the proposed settlements provide adequate relief under Rule 23(e)(2)(C).  Accordingly, Plaintiffs should be required to provide their estimate of the putative class's maximum potential recovery, together with the methodology and assumptions supporting that estimate, in order to seek preliminary approval of the settlements.

Dated: July 6, 2026

/s/ J. Timothy Hobbs, Jr.

**K&L GATES LLP**
J. Timothy Hobbs, Jr. (*pro hac vice*)
501 Commerce Street, Ste. 1500
Nashville, Tennessee 37203
Telephone: (615) 780-6700
Tim.Hobbs@klgates.com

Henry J. Brockway (*pro hac vice*)
925 Fourth Avenue, Ste. 2900
Seattle, Washington 98104
Telephone: (206) 623-7580
Henry.Brockway@klgates.com

Victoria S. Pereira Duarte (*pro hac vice*)
70 W. Madison St., Ste. 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
Victoria.Duarte@klgates.com

Michael Stortz (SBN 139386)
4 Embarcadero Ctr., Ste 1200
San Francisco, California 94111
Telephone: (415) 882-8200
Michael.Stortz@klgates.com

*Attorneys for Defendants Bornstein Seafoods, Inc. and Astoria Pacific Seafoods, LLC*

Respectfully submitted,

/s/ Timothy W. Snider

**STOEL RIVES LLP**
Edward C. Duckers, Bar No. 242113
Charles H. Samel, Bar No. 182019
1 Montgomery Street, Suite 3230
San Francisco, CA 94104
Email: ed.duckers@stoel.com
        charles.samel@stoel.com

Matthew D. Segal, Bar No. 190938
Michelle J. Rosales, Bar No. 343519
Stoel Rives LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Email: matthew.segal@stoel.com
        michelle.rosales@stoel.com

Timothy W. Snider (*pro hac vice*)
Alex Van Rysselberghe (*pro hac vice*)
Alexandra Choi Giza (*pro hac vice*)
Stoel Rives LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Email: timothy.snider@stoel.com
        alex.vanrysselberghe@stoel.com
        alexandra.giza@stoel.com

*Attorneys for Defendants Pacific Seafood Procurement, LLC; Pacific Seafood Processing, LLC; Pacific Seafood Fleet, LLC; Pacific Seafood Distribution, LLC; Pacific Seafood USA, LLC;*

3

*Dulcich, Inc.; Pacific Seafood – Eureka, LLC; Pacific Seafood – Charleston, LLC; Pacific Seafood – Warrenton, LLC; Pacific Seafood – Newport, LLC; Pacific Seafood – Brookings, LLC; Pacific Seafood –Westport, LLC; Pacific Surimi – Newport LLC*

/s/ Christopher J. Kayser

**LARKINS VACURA KAYSER LLP**
Christopher J. Kayser (*pro hac vice*)
Elizabeth E. Parker (*pro hac vice*)
121 SW Morrison Street, Ste # 700
Portland, OR 97204
Tel:     503-222-4424
Email: cjkayser@lvklaw.com
          eparker@lvklaw.com

**BARTKO LLP**
Brian A. E. Smith, Bar No. 188147
Joseph John Fraresso, Bar No. 289228
1100 Sansome Street
San Francisco, CA 94111
Tel:     415-956-1900
Email: bsmith@bartkolaw.com
          jfraresso@bartkolaw.com

*Attorneys for Defendant Ocean Gold Seafoods, Inc.*

/s/ Ann Anh Phuong Nguyen

**MESSNER REEVES LLP**
Ann Anh Phuong Nguyen, Bar No. 178712
Bonnie Margaret Ross, Bar No. 178591
160 W. Santa Clara St., Su 1000
San Jose, CA 95113
Tel: 408-298-7120
Email: anguyen@messner.com
          bross@messner.com

*Attorneys for Defendant Global Quality Foods, Inc.*

/s/ W. Scott Cameron

**WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN LAW CORPORATION**
William Scott Cameron, Bar No. 229828
Josiah Prendergast, Bar No. 292840
Carly M. Moran, Bar No. 333661
400 Capitol Mall, Suite 1100
Sacramento, CA 95814
Tel:     916-558-6000
Email: scameron@weintraub.com
          jprendergast@weintraub.com
          cmoran@weintraub.com

*Attorneys for Defendants California Shellfish Company, Inc. and Robert Bugatto Enterprises, Inc.*

/s/ Bao-Quan P. Pham

**LAW OFFICE OF BAO-QUAN P. PHAM**
Bao-Quan P. Pham, Bar No. 201281
345 N. 18th Street
San Jose, CA 95112
Tel:     408-275-6701
Email: baopham408@sbcglobal.net

*Attorney for Defendant Global Quality Seafood LLC*

4

## FILER'S ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), I, Timothy Hobbs, hereby attest that concurrence in the filing of this document has been obtained from each of the above signatories.

Dated: July 6, 2026

By: */s/ J. Timothy Hobbs, Jr.*
J. Timothy Hobbs, Jr.

CERTAIN DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENTS | Case No. 3:23-cv-01098-AGT