Stuart G. Gross (SBN 251019)
Jan W. A. Jorritsma (SBN 326772)
Travis H. A. Smith (SBN 331305)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628

*Attorneys for Plaintiffs and the Proposed Classes*
[additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **BRAND LITTLE, ROBIN BURNS, AND CHERRY FISHERIES INC.,** Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>**PACIFIC SEAFOOD PROCUREMENT, LLC,** et al.,<br><br>Defendants. | Case No. 3:23-cv-01098-AGT<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH DEFENDANTS PACIFIC DREAM SEAFOOD, CAITO FISHERIES, INC., JOHN CAITO, JAMES CAITO, JOSEPH CAITO, AND JEANETTE CAITO AND NON-PARTIES FISHERMAN'S CHOICE, LLC AND GERARD WETLE, JR.**<br><br>Date:  July 31, 2026<br>Time:  10:00 a.m.<br>Judge:  Honorable Alex G. Tse<br>Courtroom: A, 15th Floor |

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................ 1

CONCLUSION ..................................................................................................................... 5

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

# TABLE OF AUTHORITIES
## CASES

*Campbell v. Facebook, Inc.*, 951 F.3d 1106 (9th Cir. 2020) ......................................................2

*Cavazos v. Salas Concrete Inc.*, No. 119CV00062DADEPG, 2022 WL 506005
    (E.D. Cal. Feb. 18, 2022) ...................................................................................................2, 3

*Cotter v. Lyft, Inc.*, 176 F. Supp. 3d 930 (N.D. Cal. 2016) .........................................................4

*Custom Led, LLC v. eBay, Inc*, No. 12-CV-00350-JST, 2013 WL 4552789 (N.D.
    Cal. Aug. 27, 2013) ................................................................................................................4

*Fisher Bros., Inc. v. Mueller Brass Co.*, 630 F.Supp. 493 (E.D.Pa.1985) ..................................4

*Flintkote Co. v. Lysfjord,* 246 F.2d 368 (9th Cir. 1957) .............................................................2

*Four In One Co. v. S.K. Foods, L.P.*, No. 2:08-CV-3017 KJM EFB, 2014 WL
    28808 (E.D. Cal. Jan. 2, 2014).............................................................................................4

*Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, No. 1:15-CV-1489 JLT BAM,
    2025 WL 2591396 (E.D. Cal. Sept. 8, 2025).......................................................................3

*Grady v. RCM Techs., Inc.*, 671 F. Supp. 3d 1065 (C.D. Cal. 2023)..........................................4

*Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959 (N.D. Cal. 2019) ........................4

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011).................................2

*In re California Bail Bonds Antitrust Litigation*, No. 4:19-cv-00717, Dkt. 512
    (N.D. Cal. Dec. 11, 2024) .....................................................................................................4

*In re Capacitors Antitrust Litigation*, No. 3:14-cv-03264; Dkt. 1455 (N.D. Cal.
    Jan. 27, 2017) ........................................................................................................................5

*In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-2509-LHK, 2013 WL 6328811
    (N.D. Cal. Oct. 30, 2013) ......................................................................................................2

*In re Xyrem (Sodium Oxybate) Antitrust Litig.,* No. 20-MD-02966-RS, 2024 WL
    1683640 (N.D. Cal. Apr. 17, 2024) ...................................................................................3, 4

*K.H. v. Sec'y of Dep't of Homeland Sec.*, No. 15-CV-02740-JST, 2018 WL
    3585142 (N.D. Cal. July 26, 2018).......................................................................................4

*Livingston v. MiTAC Digital Corp.*, No. 18-CV-05993-JST, 2019 WL 8504695
    (N.D. Cal. Dec. 4, 2019) .......................................................................................................4

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

**INTRODUCTION**

Plaintiffs have negotiated settlement agreements between Plaintiffs and Defendants John Caito, Joseph Caito, James Caito, Jeanette Caito (collectively, the "Caito Siblings"), and Caito Fisheries, Inc. ("Caito Inc." and together with the Caito Siblings, the "Caitos"); between Plaintiffs and Defendant Pacific Dream Seafood, Inc. ("Pacific Dream" and together with the Caitos, the "Settling Defendants"); and between Plaintiffs and non-parties Fisherman's Choice, LLC, and Gerard Wetle, Jr. (collectively "Fisherman's Choice," and together with the Settling Defendants, the "Settling Buyers"). On June 22, 2026, Plaintiffs moved for preliminary approval of the settlements and for certification of the putative class. Dkt. 740. Now, certain Defendants (the "Opposing Defendants) have submitted a response in opposition, arguing that Plaintiffs – approximately one year before the close of fact discovery and the due date for Plaintiffs' initial expert report, *see* Dkt. 710 – should be required to submit a damages calculation of the total maximum damages recoverable jointly and severally from all Defendants in the event that Plaintiffs are successful at trial. Dkt. 755.  No such requirement exists, and the Opposing Defendants' response is nothing more than a veiled attempt to get sneak peek at Plaintiffs' expert materials. Accordingly, Plaintiffs submit this Reply in further support of their Motion for Preliminary Approval of Class Settlements ("Motion for Preliminary Approval), Dkt. 740, and, for the reasons stated therein and below, it should be granted.

**ARGUMENT**

The Opposing Defendants argue the Court should deny preliminary approval of the class settlement because Plaintiffs have not provided sufficient "information regarding the putative class's estimated maximum recovery." Dkt. 755 at 1. In particular, the Opposing Defendants claim Plaintiffs must provide "detailed explanations for how they value their claims, identify the sources for any figures used, and explain why any assumptions used are reasonable." *Id.* at 2. "Put differently," they argue, "Plaintiffs provide the numerator— the $2.25 million settlement amount—but omit the denominator against which that figure must be measured." *Id.* at 2.

That is inaccurate. The Ninth Circuit has laid out in the nine factors district courts generally must consider in evaluating the fairness of a proposed class settlement.  These are:

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (citations omitted). This is a fact-specific inquiry, however, and "[t]he factors in a court's fairness assessment will naturally vary from case to case[.]" *Id.* at 946. Ultimately, "[i]n evaluating the fairness of a settlement award, 'the settlement's benefits must be considered by comparison to what the class actually gave up by settling.'" *Cavazos v. Salas Concrete Inc.*, No. 119CV00062DADEPG, 2022 WL 506005, at \*14 (E.D. Cal. Feb. 18, 2022) (quoting *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1123 (9th Cir. 2020)).

Here, there is no question the putative class is forfeiting, at most, a tiny fraction of the total maximum possible recovery for which the remaining Defendants in this case will be jointly and severally liable, particularly after damages are trebled. *See Flintkote Co. v. Lysfjord,* 246 F.2d 368, 398 (9th Cir. 1957) (non-settling defendants in antitrust cases only entitled at judgment to an offset, ***after total damages have been trebled,*** for amounts previously paid by settling defendants). And, to the extent that future settlements are based on relative total market share, each of the Settling Buyers has a small share of the ex vessel Dungeness Crab market compared to the total overall market share of the Defendants. *See* Declaration of Stuart Gross ("Gross Dec."), Dkt. 740-1, ¶¶ 26, 34, 37. Pacific Dream holds approximately 2.3% market share, Caito held 2.9% market share, and Fisherman's Choice held 0.14% market share. By contrast, Defendants held at least 63.3% of the total overall market share for the 2023/24 season alone. *See* Sixth Amended Complaint, Dkt. 745, ¶ 180. And if this litigation proceeds to trial, "the Non–Settling Defendants remain jointly and severally liable for all damages caused by the conspiracy, including damages from the Settling Defendants' conduct." *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-2509-LHK, 2013 WL 6328811, at \*1 (N.D. Cal. Oct. 30, 2013).

Additionally, in the case of Caito, the maximum possible recovery is constrained by Caito's remaining available assets. *See* Gross Dec., ¶¶ 31-32. Courts have routinely considered

the defendants' available assets when considering the reasonableness of a settlement. *See, e.g., Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, No. 1:15-CV-1489 JLT BAM, 2025 WL 2591396, at *25 (E.D. Cal. Sept. 8, 2025) ("Although the financial recovery in this action is limited because Defendant ceased operations, Class Counsel were able to obtain Defendant's total remaining assets for the Settlement Class."); *Cavazos v. Salas Concrete Inc.*, No. 119CV00062DADEPG, 2022 WL 506005, at *15 (E.D. Cal. Feb. 18, 2022) (approving settlement where "Defendant's financial condition [was] the primary reason Plaintiff's counsel recommended Plaintiff accept the [s]ettlement on behalf of the Class.").

And in exchange, the putative class receives monetary compensation to cover the costs and expenses of pursuing recovery against the remaining Defendants, along with cooperation from each of the Settling Buyers, which will improve the chances and amount of a larger overall recovery in the litigation.[1] *Accord, e.g., In re Xyrem (Sodium Oxybate) Antitrust Litig.,* No. 20-MD-02966-RS, 2024 WL 1683640, at *5 (N.D. Cal. Apr. 17, 2024) ("The Settling Defendants have agreed to pay $3.4 million, which will be used to pay costs and expenses incurred in the ongoing litigation against the Remaining Defendants, … [which] provide[s] substantial benefit to Settlement Class members, as the proceeds of the Settlement will be used to advance the pursuit of recoveries from the Remaining Defendants."). Weighing what the putative class is giving up – at most a small percentage of their total possible recovery – against what is received in return – monetary compensation to cover the costs of further litigation and cooperation in discovery to facilitate a larger overall recovery – demonstrates the settlement is fair.

Further, the cases cited by Defendants to support a formalistic requirement that Plaintiffs provide a damages assessment of the maximum total damages recoverable against all Defendants are readily distinguishable. In those cases, the Court was considering settlements which would

---

[1] Plaintiffs' proposed allocation plan requests that the Court allow Plaintiffs to deposit the settlement proceeds in an interest bearing qualified settlement fund, from which Plaintiffs' counsel will request reimbursement of out-of-pocket litigation expenses from time-to-time, with any remaining proceeds distributed to Settlement Class Members on a pro rata basis. Plaintiffs' counsel has not requested payment of any attorneys' fees from the settlement proceeds. Dkt. 740 at 22.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

resolve *all* remaining claims against *all* remaining Defendants. *See Grady v. RCM Techs., Inc.*, 671 F. Supp. 3d 1065, 1071 (C.D. Cal. 2023) (under settlement, plaintiff "agreed to release all of the class claims"); *Livingston v. MiTAC Digital Corp.*, No. 18-CV-05993-JST, 2019 WL 8504695, at *1 (N.D. Cal. Dec. 4, 2019) (settlement would resolve the "entire matter"); *Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 964 (N.D. Cal. 2019) ("settlement resolve[d] claims between [the sole defendant] and the settlement class"); *K.H. v. Sec'y of Dep't of Homeland Sec.*, No. 15-CV-02740-JST, 2018 WL 3585142, at *2 (N.D. Cal. July 26, 2018) (same); *Cotter v. Lyft, Inc.*, 176 F. Supp. 3d 930, 934 (N.D. Cal. 2016) (same); *Custom Led, LLC v. eBay, Inc*, No. 12-CV-00350-JST, 2013 WL 4552789, at *3 (N.D. Cal. Aug. 27, 2013) (same). There is no such formalistic requirement under Rule 23 or Ninth Circuit case law.

In fact, where, as here, proposed settlements only resolves claims against certain, among several, defendants in a price-fixing case – in this case, six defendants from a total of approximately forty defendants (or two defendant families from a total of fourteen defendant families) – courts routinely grant approval of proposed settlements based on a comparison of the settlement amounts with the settling defendants' total commerce in the relevant market. *See, e.g., Four In One Co. v. S.K. Foods, L.P.*, No. 2:08-CV-3017 KJM EFB, 2014 WL 28808, at *9 (E.D. Cal. Jan. 2, 2014) (settlement amounting to 1% of defendants' U.S. sales of tomatoes during the class period "compares favorably with antitrust class action settlements ultimately approved by other courts"); *Fisher Bros., Inc. v. Mueller Brass Co.*, 630 F.Supp. 493, 499 (E.D.Pa.1985) (approving antitrust class action settlement that "represented approximately .2% of sales of $240 million during 1979–82.").

Indeed, in complex, multi-defendant class actions, this Court has regularly approved first round settlements with a subset of defendants used to cover costs and expenses of seeking recovery from the remaining defendants. *See, e.g., In re Xyrem (Sodium Oxybate) Antitrust Litig.*, No. 20-MD-02966-RS, 2024 WL 1683640, at *5 (N.D. Cal. Apr. 17, 2024) (granting final approval of a settlement "which will be used to pay costs and expenses incurred in the ongoing litigation against the Remaining Defendants"); *In re California Bail Bonds Antitrust Litigation*, No. 4:19-cv-00717, Dkt. 512 (N.D. Cal. Dec. 11, 2024) (granting preliminary approval of

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

PLAINTIFFS' REPLY ISO MOTION FOR PRELIMINARY APPROVAL OF FIRST ROUND CLASS ACTION SETTLEMENTS;
Case No. 3:23-cv-01098-AGT                                                                                          4

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

settlements with smaller defendants, deferring payments to the class, and authorizing payments of administration expenses from the settlements); *In re Capacitors Antitrust Litigation*, No. 3:14-cv-03264; Dkt. 1455 (N.D. Cal. Jan. 27, 2017) (granting preliminary approval for certain defendants and authorizing payment of notice expenses from settlements). Thus, in *In re California Bail Bonds Antitrust Litigation*, the Court approved a first round settlement with a comparatively small monetary component relative to the overall damages in the case where "[t]he monetary component reflect[ed] the realities of [one defendant's] small share of Class transactions and [another defendant's] ability to pay." No. 4:19-cv-00717, Dkt. 512 at 17 (first alteration in original). In that case, plaintiffs provided only a "rough estimate" of the settling defendants' approximate exposure. *Id.*

For the reasons stated in Plaintiffs' Motion for Preliminary Approval, the proposed settlements are fair and reasonable and should be approved and certain Defendants' efforts to create doubt in that regard in order to manufacture a basis for them to receive a sneak peek at Plaintiffs' expert work should be rejected.[2]

### CONCLUSION

For the foregoing reasons and those stated in the Motion for Preliminary Approval, Plaintiffs respectfully request that the Court preliminarily approve the First Round Settlement Agreements; certify the First Round Settlement Class; approve the proposed notice plan; set a schedule for the notice, as well as deadlines to comment on or object to the settlements; designate Stuart G. Gross, Matthew Ruan, and Matthew Weiler as Settlement Class Counsel; and schedule a hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to determine whether the proposed First Round Settlement Agreements are fair, reasonable, and adequate and should be finally approved.

---

[2] In the event the Court does wish to see an overall damages estimate, however, Plaintiffs do not oppose providing a damages assessment to the Court *in camera*, upon the Court's request.

PLAINTIFFS' REPLY ISO MOTION FOR PRELIMINARY APPROVAL OF FIRST ROUND CLASS ACTION SETTLEMENTS;
Case No. 3:23-cv-01098-AGT                                                                 5

Dated: July 13, 2026          Respectfully submitted,

By:                      */s/ Stuart G. Gross*

                             Stuart G. Gross (SBN 251019)
Jan W. A. Jorritsma (SBN 326772)
Travis H.A. Smith (SBN 331305)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628
*sgross@grosskleinlaw.com*
*tsmith@grosskleinlaw.com*
*rmiddlemiss@grosskleinlaw.com*

Matthew W. Ruan (SBN 264409)
*Samantha Gupta (admitted pro hac vice)*
**JUSTICE JAGHER LONDON & MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
(224) 632-4500
*mruan@fklmlaw.com*
*sgupta@fklmlaw.com*

Matthew S. Weiler (SBN 236052)
Raymond S. Levine (SBN 348030)
**SCHNEIDER WALLACE COTTRELL KONECKY, LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
(415) 421-7100
mweiler@schneiderwallace.com
*rlevine@schneiderwallace.com*

*Counsel for Plaintiffs and the Proposed Classes*

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111