Stuart G. Gross (SBN 251019)
Jan W. Jorritsma (SBN 326772)
Travis H.A. Smith (SBN 331305)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628

*Attorneys for Plaintiffs and the Proposed Classes*
[additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **BRAND LITTLE** and **ROBIN BURNS**, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>**PACIFIC SEAFOOD PROCUREMENT, LLC,** et al.,<br><br>　　　　　　Defendants. | Case No. 3:23-cv-01098-AGT<br><br>**REPLY TO PACIFIC SEAFOOD'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5**<br><br>Judge:  Honorable Alex G. Tse |

REPLY TO PACIFIC SEAFOOD'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5[; Case No. 3:23-cv-01098-AGT

**INTRODUCTION**

Together with the filing of the Sixth Amended Complaint, Dkt.745, Plaintiffs filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Dkt. 746. Defendants Pacific Seafood Procurement, LLC; Pacific Seafood Processing, LLC; Pacific Seafood Fleet, LLC; Pacific Seafood Distribution, LLC; Pacific Seafood USA, LLC; Dulcich, Inc.; Pacific Seafood – Eureka, LLC; Pacific Seafood – Charleston, LLC; Pacific Seafood – Warrenton, LLC; Pacific Seafood – Newport, LLC; Pacific Seafood – Brookings, LLC; Pacific Seafood – Westport, LLC; Pacific Surimi – Newport, LLC ("Pacific Seafood") have responded, arguing certain text message communications involving their custodians should be kept under seal. Dkt. 756. Pacific Seafood essentially argues that, because it disputes Plaintiffs' interpretation of its custodians' text messages as supporting Plaintiffs' claims, those messages are included in the Sixth Amended Complaint "for an improper purpose" and "solely to embarrass and harass" those individuals. *Id.* at 1-2. That is false. Because Pacific Seafood has not identified any genuine, legally cognizable basis for keeping these communications under seal and no other Defendant has asked that any portion of the Sixth Amended Complaint ("6AC") remain under seal, Plaintiffs respectfully submit the 6AC should be unsealed in its entirety.[1]

**LEGAL STANDARD**

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). But "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Rather, the moving party must show both "[t]he lack of probative

---

[1] Plaintiffs acknowledge that this response should have been filed on July 10; however, because of a calendaring error, Plaintiffs did not do so. Plaintiffs respectfully request that the Court exercise its discretion to consider this response.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

value" of the documents and "their private nature." *Pryor v. City of Clearlake*, No. C 11-0954 CW, 2012 WL 3276992, at *4 (N.D. Cal. Aug. 9, 2012). Where the information has significant probative value, an individual's privacy concerns do not outweigh the substantial public interest in public disclosure. *See Hunter v. City & Cnty. of San Francisco*, No. 11-4911 JSC, 2013 WL 2319064, at *3 (N.D. Cal. May 28, 2013).

**ARGUMENT**

Pacific Seafood identifies six paragraphs containing text message communications with its custodians, which it claims "are not probative of any of the claims or defenses in this action." Dkt. 756 at 1. To the contrary, each of these paragraphs is probative of Plaintiffs' price fixing allegations, and support Plaintiffs claims about the mechanics of the conspiracy at issue in this litigation. In each of the paragraphs identified, Plaintiffs have a clear good faith basis for construing these messages as supportive of their core price fixing allegations and including them in the Sixth Amended Complaint. Pacific Seafood's disagreement with the merits of Plaintiffs' claims, however vehement, is not a basis for keeping these communications under seal.

That is probative of Plaintiffs' allegation that Defendants retaliated and boycotted buyers who did not abide by the ex vessel prices established by the cartel, in general, and that they specifically retaliated against Mr. Gregorio for offering higher ex vessel prices. Plaintiffs allege that Pacific Seafood in particular enforces participation in the price fixing conspiracy, in part, by denying other lines of business. *See, e.g.* 6AC, ¶ 454. And, Plaintiffs allege, "if those buyers do not toe the line with regards to ex vessel pricing of Dungeness crab, Pacific Seafood can and will deny them access to such products in retaliation." *Id.* That general allegation about the mechanics of the price fixing conspiracy at issue is supported by a reasonable interpretation of the exchange in Paragraph 587.

REPLY TO PACIFIC SEAFOOD'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5[; Case No. 3:23-cv-01098-AGT

██████████████████████████████████████████████████████████

███████████████████████████████ Again, that is plainly probative of Plaintiffs' allegations that Defendants, including Pacific Seafood, retaliated against buyers who did not participate in the conspiracy, and particularly Mr. Gregario. In paragraph 9 of the Sixth Amended Complaint, for example, Plaintiffs allege their allegations are based, in part, on "an individual whose recent entrance into the Pacific NW Area Dungeness crab ex vessel market was met first by concerted attempts by Defendants to bring the new entrant into their pricing cartel and, when that failed, with threats and retaliation." The conversation in Paragraphs 594-98 between price fixing conspiracy participants, expressing a strong desire to harm Mr. Gregario is strongly supportive of that allegation.

Specific communications supporting allegations that the price fixing conspiracy operated, in part, by retaliating against buyers who refused to cooperate with cartel activity has substantial probative value to the nature and existence of the conspiracy. And while Pacific Seafood is correct that there is no need to provide further allegations supporting Pacific Seafood's participation in that conspiracy, it is not for that purpose that Plaintiffs included the allegations in Paragraphs 587 or 594-98. Rather, Plaintiffs included these allegations to support their claim that Da Yang was a participant in the conspiracy. The fact that a representative of Da Yang had a conversation with an employee of Pacific Seafood about retaliating against Mr. Gregorio, at or around the time that the California Department of Justice was actively investigating the cartel is plainly probative of Da Yang's participation with Pacific Seafood in the conspiracy. *See* 6AC, ¶¶ 594-98. And the fact that the employee of Pacific Seafood with whom he had that conversation had previously expressed to other Pacific Seafood employees and its owner the desire to retaliate again Mr. Gregorio adds to that probity. *See id.*, ¶ 587. Thus, Plaintiffs respectfully submit Pacific Seafood's request these paragraphs remain under seal be denied, and the 6AC should be filed on the public docket in its entirety.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

REPLY TO PACIFIC SEAFOOD'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5[; Case No. 3:23-cv-01098-AGT

3

Dated: July 13, 2026                    Respectfully submitted,


By:                                     */s/ Stuart G. Gross*

                                        Stuart G. Gross (SBN 251019)
                                        Travis H.A. Smith (SBN 331305)
                                        Ross A. Middlemiss (SBN 323737)
                                        **GROSS KLEIN PC**
                                        The Embarcadero
                                        Pier 9, Suite 100
                                        San Francisco, CA 94111
                                        (415) 671-4628
                                        *sgross@grosskleinlaw.com*
                                        *tsmith@grosskleinlaw.com*
                                        *jjorritsma@grosskleinlaw.com*

                                        Matthew W. Ruan (SBN 264409)
                                        Samantha Gupta *(admitted pro hac vice)*
                                        **JUSTICE JAGHER LONDON & MILLEN
                                        LLC**
                                        100 Tri-State International, Suite 128
                                        Lincolnshire, IL 60069
                                        (224) 632-4500
                                        *mruan@jjlmlaw.com*
                                        *sgupta@jjlmlaw.com*

                                        Matthew S. Weiler (SBN 236052)
                                        Raymond S. Levine (SBN 348030)
                                        **SCHNEIDER WALLACE COTTRELL
                                        KONECKY, LLP**
                                        2000 Powell Street, Suite 1400
                                        Emeryville, CA 94608
                                        (415) 421-7100
                                        mweiler@schneiderwallace.com
                                        *rlevine@schneiderwallace.com*

                                        Steven N. Williams (SBN 175489)
                                        **STEVEN WILLIAMS LAW, P.C.**
                                        201 Spear St, Suite 1100
                                        San Francisco, CA 94105
                                        (415) 671-4628
                                        *swilliams@stevenwilliamslaw.com*


                                        *Counsel for Plaintiffs and the Proposed Classes*

REPLY TO PACIFIC SEAFOOD'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5[; Case No. 3:23-cv-01098-AGT