Stuart G. Gross (SBN 251019)
Jan W. Jorritsma (SBN 326772)
Travis H.A. Smith (SBN 331305)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628

*Attorneys for Plaintiffs and the Proposed Classes*
[additional counsel listed on signature page]

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

**BRAND LITTLE, ROBIN BURNS, AND CHERRY FISHERIES INC.,** Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

**PACIFIC SEAFOOD PROCUREMENT, LLC,** et al.,

Defendants.

Case No. 3:23-cv-01098-AGT

**DECLARATION OF STUART G. GROSS IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION FOR AN ADVERSE INFERENCE AS A SANCTION AGAINST CERTAIN DEFENDANTS FOR SPOLIATION OF EVIDENCE**

Date: August 28, 2026
Time: 10:00 a.m.
Judge: Honorable Alex G. Tse
Courtroom: A, 15th Floor

**REDACTED COPY OF DOCUMENT FILED UNDER SEAL**

I, Stuart G. Gross, declare as follows:

1. I am a principal at Gross Klein PC and counsel for Plaintiffs. I submit this declaration in support of Plaintiffs' Omnibus Motion for an Adverse Inference as a Sanction Against Certain Defendants for Spoliation of Evidence. If called as a witness, I could and would truthfully testify to the following based on my personal knowledge and upon my review of the documents and other materials related to this Action. All capitalized terms in this declaration have the meanings assigned to them in Plaintiffs' Omnibus Motion for an Adverse Inference as a Sanction Against Certain Defendants for Spoliation of Evidence, unless otherwise indicated.

2. Plaintiffs first initiated this action on March 13, 2023, against certain Pacific Seafood entities. *See* Dkt. 1.

3. Since naming Pacific Seafood as a Defendant, Plaintiffs have sought text message communications by and between Pacific Seafood custodians and other Buyers and Crabbers. Nonetheless, the discovery produced by Pacific Seafood contains significant gaps, detailed in their Responses to Plaintiffs Third Set of Interrogatories. Plaintiffs learned of these substantial preservation issues for the first time, from Pacific Seafood's Responses to Plaintiffs' Third Set of Interrogatories.

4. Attached hereto as Exhibit 1 is a true and correct copy of the Pacific Seafood Defendants' Responses and Objections to Plaintiffs' Third Set of Interrogatories, served on June 12, 2026.

5. On June 23, 2023, the Court stayed discovery in this matter, pending Pacific Seafood's motion to dismiss. Dkt. 38.

6. While discovery was stayed, Plaintiffs conducted their own factual investigation, including through third-party subpoenas to wholesale Dungeness crab buyers that Plaintiffs had reason to believe were involved in Pacific Seafood's price fixing activities.

7. Attached collectively here as Exhibit 2 are a true and correct copy of Plaintiffs' subpoena to California Shellfish Company, Inc., d/b/a Hallmark Fisheries, ("Hallmark") dated May 25, 2023, and proof of service thereof on Hallmark's agent, dated May 31, 2023.

8. Attached collectively here as Exhibit 3 are a true and correct copy of Plaintiffs' subpoena to Bornstein Seafoods, Inc. ("Bornstein"), dated May 25, 2023, and proof of service thereof on Bornstein's agent, dated May 31, 2023.

9. Attached collectively here as Exhibit 4 is a true and correct copy of Plaintiffs' subpoena to Nor-Cal Seafood, Inc. ("Nor-Cal"), dated May 25, 2023, and proof of service thereof on Nor-Cal's agent, dated June 1, 2023.

10. Attached collectively here as Exhibit 5 is a true and correct copy of Plaintiffs' subpoena to Kevin Lee, dated May 25, 2023, and proof of service thereof on Mr. Lee, dated June 1, 2023.

11. In advance of filing their First Amended Complaint, Plaintiffs also served a second round of subpoenas on several now-Defendants, including Bornstein and Nor-Cal.

12. Attached collectively here as Exhibit 6 are a true and correct copy of Plaintiffs' subpoena to Bornstein, dated June 12, 2024, and proof of service thereof on Bornstein's agent, dated June 20, 2024.

13. Attached hereto as Exhibit 7 is a true and correct copy of Plaintiffs' subpoena to Nor-Cal, dated June 12, 2024.

14. Defendant Nor-Cal did not serve any response of any kind to any of Plaintiffs' subpoenas.

15. Based on the documents received in response to these subpoenas – as well as Plaintiffs broader fact investigation – on August 20, 2024, Plaintiffs filed their First Amended Complaint in this action, naming, *inter alia* Nor-Cal, Hallmark, Bornstein. *See* Dkt. 78.

16. The responses to the above subpoenas and other evidence show that text messages are the most common means by which Defendants' custodians communicate with one another, and communicate with Crabbers. Consequently, text messages have been the focus of the parties' ESI discovery efforts. *See* Dkt. 392 (Joint Case Management Statement), at 4. And Plaintiffs have requested and prioritized text message communications in discovery.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

17. Attached hereto as Exhibit 8 is a true and correct copy of Plaintiffs' Amended Requests for Production of Documents to All Defendants, Except Ocean King Fish, Inc., Set One, served on March 11, 2025.

18. The discovery Plaintiffs have received to-date shows that each of the four Spoliating Defendants have custodians who deleted, lost, and/or destroyed relevant text message communications after they were on notice of this litigation and the relevance of their text message communications.

19. Attached hereto as Exhibit 9 is a true and correct copy of a series of text messages between [redacted], produced by the Safe Coast Defendants and Bates numbered BRSC0000003830.

20. Attached hereto as Exhibit 10 is a true and correct copy of an entry in Apple's iPhone User Guide titled "Delete messages and attachments in Messages on iPhone," downloaded on July 20, 2026 from https://support.apple.com/guide/iphone/delete-messages-and-attachments-iph2c9c4bfcb/ios.

21. Attached hereto as Exhibit 11 is a true and correct copy of a series of text messages [redacted] produced by the Pacific Seafood Defendants and Bates numbered PacificSeafood00027570.

22. Attached hereto as Exhibit 12 is a true and correct copy of a web page from Apple Support titled "Use Quick Start to transfer data to a new iPhone or iPad," downloaded on July 22, 2026 from https://support.apple.com/en-us/102659.

23. Attached hereto as Exhibit 13 is a true and correct copy of a series of text messages between [redacted] produced by the Pacific Seafood Defendants and Bates numbered PacificSeafood00043653.

24. Attached hereto as Exhibit 14 is a true and correct copy of a series of text messages [redacted] produced by the Pacific Seafood Defendants and Bates numbered PacificSeafood00045266.

25. Attached hereto as Exhibit 15 is a true and correct copy of a series of text messages between [redacted] produced by the Pacific Seafood Defendants and Bates numbered PacificSeafood00029928-29929.

26. Attached hereto as Exhibit 16 is a true and correct copy of a series of text messages between [redacted] produced by the Pacific Seafood Defendants and Bates numbered PacificSeafood00029765-29766.

27. Attached hereto as Exhibit 17 is a true and correct copy of a text message from [redacted] produced by the Pacific Seafood Defendants and Bates numbered PacificSeafood00050222-50223.

28. Following the Court's order staying discovery, Plaintiffs issued preservation letters to various Buyers, including Bornstein, Hallmark, and Nor-Cal. Attached hereto as Exhibit 18 is a true and correct copy of such a letter from me to Kevin Lee dated March 20, 2023. Plaintiffs preservation letters to Bornstein and Halmark were substantively the same.

29. On January 30, 2026, I met and conferred with Chris Wong, Esq., counsel for Nor-Cal, regarding the status of their ESI production. During that meet and confer I raised Nor-Cal's preservation issues.

30. Attached hereto as Exhibit 19 is a true and correct copy of a letter addressed to me from Huechi Wong, counsel for Nor-Cal and Kevin Lee, dated May 14, 2026.

31. Attached hereto as Exhibit 20 is a true and correct copy of Defendant Nor-Cal Seafood, Inc.'s Responses to Plaintiffs Brand Little, Robin Burns, And Cherry Fisheries Inc.'s Third Set of Special Interrogatories, served on June 2, 2026.

32. Attached hereto as Exhibit 21 is a true and correct copy of a series of text messages between Nor-Cal employees Vicky Nowlin and Kevin Lee dated February 28, 2023, produced by Kevin Lee and Bates numbered LITTLE_LEE015135.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

33. Attached hereto as Exhibit 22 is a true and correct copy of a series of text messages between Nor-Cal employees Vicky Nowlin and Kevin Lee dated January 11, 2024, produced by Kevin Lee and Bates numbered LITTLE_LEE015681-15682.

34. I have reviewed the documents received by Plaintiffs in discovery. Communications with Nor-Cal's Todd Kirkland are absent from the documents produced to-date.

35. On June 28, 2026, I met and conferred with Scott Cameron, Esq., counsel for Hallmark, regarding the status of Hallmark's ESI production. During that meet and confer, Mr. Cameron informed me that Hallmark had not preserved or collected text messages from Mike Ryder. Mr. Cameron informed me this was based on an oral conversation he had with Hallmark employee Scott Adam, in which Mr. Adam informed Mr. Cameron that Mike Ryder "doesn't text" and so Mr. Ryder was not, to his knowledge, issued a preservation letter.

36. After that meet and confer, I requested that Hallmark provide Plaintiffs with Mr. Ryder's forwarding address to facilitate service of a third-party subpoena. To date, Hallmark has insisted the only address it has for Mr. Ryder is a P.O. Box, making service of a third-party subpoena infeasible.

37. Attached hereto as Exhibit 23 is a true and correct copy of Defendant California Shellfish Company, Inc.'s Response to Interrogatories, Set Three, served on June 18, 2026.

38. Attached hereto as Exhibit 24 is a true and correct copy of a series of text messages between Nor-Cal's Kevin Lee and Hallmark's Mike Ryder dated May 5, 2023, produced by Kevin Lee and Bates numbered LITTLE_LEE002285-2287.

39. Attached hereto as Exhibit 25 is a true and correct copy of a series of text messages between Nor-Cal's Kevin Lee and Hallmark's Mike Ryder dated March 23, 2021, produced by Kevin Lee and Bates numbered LITTLE_LEE002237-2238.

40. Attached hereto as Exhibit 26 is a true and correct copy of a series of text messages between Nor-Cal's Kevin Lee and Hallmark's Scott Adams dated April 8, 2020, produced by Kevin Lee and Bates numbered LITTLE_LEE009544-9545.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

41. Attached hereto as Exhibit 27 is a true and correct copy of an email chain between counsel for Plaintiffs and counsel for the Hallmark Defendants, dated December 17, 2025 to May 22, 2026.

42. Attached hereto as Exhibit 28 is a true and correct copy of an email chain between counsel for Plaintiffs and counsel for the Hallmark Defendants, dated April 1, 2025 to April 8, 2025.

43. Attached hereto as Exhibit 29 is a true and correct copy of an email chain between counsel for Plaintiffs and counsel for the Hallmark Defendants, dated March 20, 2025.

44. Attached hereto as Exhibit 30 is a true and correct copy of a screenshot of text messages between Hallmark's Crystal Adams and Joel Purkey, obtained from Mr. Purkey.

45. Attached hereto as Exhibit 31 is a true and correct copy of a series of text messages between Nor-Cal's Kevin Lee and Hallmark's Crystal Adams dated August 8, 2021, produced by Kevin Lee and Bates numbered LITTLE_LEE009426-9427.

46. Attached hereto as Exhibit 32 is a true and correct copy of an email chain between counsel for Plaintiffs and former counsel for Bornstein dated July 22, 2024 to August 21, 2024.

47. Attached hereto as Exhibit 33 is a true and correct copy of a letter from J. Timothy Hobbs, counsel for Bornstein, to me, dated June 9, 2026.

48. Attached hereto as Exhibit 34 is a true and correct copy of a letter from my co-counsel, Ray Levine, to Mr. Hobbs dated November 21, 2025.

49. Attached hereto as Exhibit 35 is a true and correct copy of a letter from Mr. Hobbs to Mr. Levine dated December 9, 2025.

50. Attached hereto as Exhibit 36 is a true and correct copy of Plaintiffs' proof of service of their Notice of Service of Subpoena to Marco Vargas, dated January 21, 2026.

51. Attached hereto as Exhibit 37 is a true and correct copy of Non-Party Marco Vargas's Objections and Responses to Subpoena to Produce Documents, served on February 18, 2025.

52. Attached hereto as Exhibit 38 is a true and correct copy of a letter from me to Mr. Hobbs dated May 14, 2026.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

53. Attached here as Exhibit 39 is a true and correct copy of Bornstein Defendants' Objections and Responses to Plaintiffs' Interrogatories to All Defendants, Set Three, served on June 1, 2026.

54. Attached hereto as Exhibit 40 is a true and correct copy of a series of text messages between [redacted], produced by Bornstein and Bates stamped Bornstein_000004411-4412.

55. Attached hereto as Exhibit 41 is a true and correct copy of a series of text messages [redacted] produced by Bornstein and Bates stamped Bornstein_000028349-28350.

56. Attached hereto as Exhibit 42 is a true and correct copy of a series of text messages [redacted] produced by Pacific Seafood and Bates stamped PacificSeafood00027827-27828.

57. Attached hereto as Exhibit 43 is a true and correct copy of a series of text messages between Pacific Seafood's Joe Cincotta and Safe Coast's Max Boland, dated January 20, 2024, produced by Safe Coast and Bates stamped BRSC0000003960-3961.

58. Attached hereto as Exhibit 44 is a true and correct copy of an email chain between counsel for Plaintiffs and counsel for Bornstein, dated July 9, 2025 to January 21, 2026.

59. No Defendant has identified a complete list of the relevant external buyer and crabber contacts with whom their employees communicated. Consequently, Plaintiffs have amended their list of relevant crabber and buyer contacts for purposes of document searches multiple times.

60. Plaintiffs have had to compile a list of relevant crabber and buyer contacts iteratively based on the documents received in discovery.

61. Plaintiffs have explored all available avenues to obtain messages by and between the spoliating custodians through other means.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

62. Plaintiffs, at their own expense, paid for a full ESI extraction from third-party Ozzie Gregario's cell phone. This extraction included communications with the Spoliating Defendants' custodians that were not produced in discovery.

63. Plaintiffs have also subpoenaed phone records for each of the spoliating custodians, but the carriers have confirmed that they do not have records of texts sent or received.

64. I have reviewed Fish and Wildlife landings records showing total Dungeness crab purchases for the 2023/2024 season and consulted with others to calculate each Defendants' approximate market share for the Pacific Northwest market in the 2023/2024 season. During the 2023/24 season, Pacific Seafood directly purchased ex vessel 19.4% of the total crab landed in the Pacific NW Area by volume. Ocean Gold, Bornstein, Safe Coast, Hallmark, Caito, Fathom, Nor-Cal, ASE, Ocean King, Fishermen's Catch, Da Yang, and Pacific Dream directly purchased ex vessel approximately 8.8%, 6.6%, 5.2%, 3.9%, 2.7%, 2.5%, 2.3%, 1.8%, 1.6%, 1.2%, 2.5%, and 4.8% of the total crab landed in the Pacific NW Area by volume, respectively. The Spoliating Defendants thus collectively comprise 32.2% of the total market share, while all Defendants collectively comprise 63.3% of the overall market share.

I declare under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 22, 2026.

By: *\/s/ Stuart G. Gross*
STUART G. GROSS

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111