# EXHIBIT 1

CHARLES H. SAMEL (SBN 182019)
charles.samel@stoel.com
EDWARD C. DUCKERS (SBN 242113)
ed.duckers@stoel.com
STOEL RIVES LLP
1 Montgomery Street, Suite 3230
San Francisco, CA 94104
Telephone: 415.617.8900

MATTHEW D. SEGAL (SBN 190938)
matthew.segal@stoel.com
MICHELLE J. ROSALES (SBN 343519)
michelle.rosales@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700

TIMOTHY W. SNIDER (OSBN 034577, appearing *pro hac vice*)
timothy.snider@stoel.com
ALEX T. VAN RYSSELBERGHE (OSBN 174836, appearing *pro hac vice*)
alex.vanrysselberghe@stoel.com
ALEXANDRA CHOI GIZA (OSBN 214485, appearing *pro hac vice*)
alexandra.giza@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380

*Attorneys for Pacific Seafood Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

BRAND LITTLE, ROBIN BURNS, and CHERRY FISHERIES INC., Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

PACIFIC SEAFOOD PROCUREMENT, LLC, et al.,

Defendants.

Case No. 3:23-cv-01098-AGT

**PACIFIC SEAFOOD DEFENDANTS' RESPONSES TO PLAINTIFFS' INTERROGATORIES TO ALL DEFENDANTS, SET THREE**

Under Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33 of the Local Rules of Practice for the Northern District of California (the "Local Rules"), Defendants Pacific Seafood Procurement, LLC; Pacific Seafood Processing, LLC; Pacific Seafood Fleet, LLC; Pacific Seafood Distribution, LLC; Pacific Seafood USA, LLC; Dulcich, Inc.; Pacific Seafood – Eureka, LLC; Pacific Seafood – Charleston, LLC; Pacific Seafood – Warrenton, LLC; Pacific Seafood – Newport, LLC; Pacific Seafood – Brookings, LLC; Pacific Seafood – Westport, LLC; And Pacific Surimi – Newport, LLC ("Pacific Seafood" or "Pacific Seafood Defendants"), by and through their attorneys, respond and object to Plaintiffs' BRAND LITTLE, ROBIN BURNS, and CHERRY FISHERIES INC. ("Plaintiffs") Third Set of Requests for Interrogatories, dated April 30, 2026 ("Interrogatories" or, individually, "Interrogatory").

## PRELIMINARY STATEMENT

In responding to the Interrogatories, and in making available any of the information requested, Pacific Seafood discloses information for purposes of this action only and does not concede the truth or accuracy of any of Plaintiffs' characterizations of fact or law, the factual expressions or assumptions contained in the Interrogatories, the propriety of any Interrogatory, or the relevance, authenticity, foundation, privilege, or admissibility of any information requested, and expressly reserves the right to object to the relevance, authenticity, foundation, privilege, and/or admissibility of such information at any point in the future. Pacific Seafood's responses are not to be considered a waiver of their objections.

Information produced in response to these Interrogatories, and the information therein, are provided solely for use in this litigation and for no other purpose, and any documents or data produced by Pacific Seafood in response to the Interrogatories shall be subject to current or future confidentiality orders, search terms, agreed custodians and other discovery agreements or orders effective in the above-captioned action. Discovery and Pacific Seafood's investigation are ongoing. Pacific Seafood reserves the right to supplement, amend, and/or qualify the objections and responses.

## GENERAL OBJECTIONS

The following General Objections apply to each of Pacific Seafood's responses below and are incorporated into Pacific Seafood's specific objections. Notwithstanding the specific response to any Interrogatory, Pacific Seafood does not waive any general objections.

1. Pacific Seafood objects to the Interrogatories to the extent that they purport to impose discovery obligations on Pacific Seafood broader in scope than those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable law. Pacific Seafood will respond to the Interrogatories consistent with these rules and applicable laws.

2. Pacific Seafood objects to the Interrogatories to the extent that they seek information or documents protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the right of privacy, or any other applicable privilege, doctrine, or immunity from discovery. Pacific Seafood will not produce any information subject to such privileges, doctrines, or immunities, and nothing in these responses and objections is intended to be, or in any way constitutes, a waiver of any such privilege, doctrine, or immunity. To the extent that any inadvertent production of information subject to a privilege, doctrine, or immunity from discovery is made in response to the Interrogatories, such production shall not constitute a waiver of any applicable privilege or protection. Specific objections to an Interrogatory on the grounds of privilege are provided below for emphasis and clarity only, and the absence of a specific objection should not be interpreted as evidence that Pacific Seafood does not object to an Interrogatory on the grounds of privilege.

3. To the extent an Interrogatory seeks the disclosure of protected material, including but not limited to trade secrets, business plans and strategies, confidential research, development, or competitively sensitive commercial information, private personally identifiable information, or other sensitive personal information, any disclosure of such information shall be subject to the Protective Order entered on June 26, 2024. (Dkt. No. 63.)

4. Pacific Seafood objects to the Interrogatories as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent they seek documents created prior to

January 1, 2016, given that Plaintiffs allege a Class Period beginning January 1, 2016 (Fifth Amended Complaint, Dkt. No. 596 (the "5AC") ¶ 12:12-13) and a conspiracy period beginning with the 2015/2016 Dungeness crab season (5AC ¶ 187:3-6).

5. Pacific Seafood objects to the Interrogatories to the extent they lack any limitations on geographic scope. The action implicates purchases of Dungeness crab in the geographic area defined in the Interrogatories as the "Pacific NW Area," and Pacific Seafood objects to furnishing information related to their activities outside of that geographic area.

6. Pacific Seafood objects to each of the Interrogatories seeking "all," "each," "any," "relating to," and "regarding" the referenced information. Such requests are unduly burdensome or expensive, seek cumulative information, and do not describe the information sought with sufficient particularity. Pacific Seafood will construe the terms of all Interrogatories to request that Pacific Seafood use reasonable diligence to locate responsive non-privileged information, based upon inquiry of those persons who reasonably may be expected to possess such information and on examination of those sources that reasonably may be expected to yield such information.

7. Pacific Seafood objects to the Interrogatories to the extent that they are repetitive, duplicative, overly broad, seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive, or to the extent they otherwise impose an undue burden upon Pacific Seafood.

8. Pacific Seafood objects to the Interrogatories to the extent that they seek information that is not within Pacific Seafood's possession, custody, or control.

9. Pacific Seafood objects to the Interrogatories to the extent that they seek information that already is within Plaintiffs' possession, custody, or control.

10. Pacific Seafood objects to the Interrogatories to the extent that they seek information in the possession, custody, or control of third parties or that is publicly available, and thus equally or more easily available to Plaintiffs from those sources.

11. Pacific Seafood objects to the Interrogatories to the extent that they are vague, ambiguous, overboard, and/or unduly burdensome.

12. Pacific Seafood objects to the Interrogatories to the extent that they seek information the disclosure of which would violate the terms of agreements entered into with third parties, or violate the intellectual property, contractual, privacy, or other rights of third parties.

13. Pacific Seafood objects to the Interrogatories to the extent that they seek information not relevant to any claim or defense of any party in this action or reasonably calculated to lead to the discovery of admissible evidence.

14. Pacific Seafood objects to the Interrogatories to the extent that they call for the premature discovery of expert materials.

15. A response indicating that Pacific Seafood will provide information shall not be construed as an admission that such information exists, or that it exists within Pacific Seafood's possession, custody, or control.

16. Pacific Seafood's responses to these Interrogatories are made without waiving their right to object to the relevance, materiality, or admissibility of any such response in this or any subsequent or related litigation, or their rights to object to other discovery requests concerning the subject matter of these Interrogatories.

17. Pacific Seafood objects to the Interrogatories, including Plaintiffs' definitions of terms, to the extent that they contain disputed factual assertions, assumptions, characterizations, or contentions. Any use of a Plaintiff-defined term by Pacific Seafood should not be treated as an admission as to any fact or conclusion of law.

18. A partial answer to any Interrogatory that Pacific Seafood has objected to is not a waiver of the objection. By asserting certain objections, Pacific Seafood does not waive other objections that may become available.

19. The objections and responses set forth herein are based on information known to Pacific Seafood at this time and are without prejudice to their rights to supplement their responses or to assert additional objections should they discover additional information or grounds for

objection at any time before trial. Pacific Seafood reserves the right to amend further these objections and/or responses, or any portion thereof.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. The Interrogatories set forth a time period of January 1, 2005 to the present. Pacific Seafood generally objects to this lack of time period on the basis that the Interrogatories are overbroad, unduly burdensome, and inconsistent with the 5AC's allegations of a conspiracy period beginning with the 2015/2016 Dungeness crab season (5AC ¶ 187:3-6). In the specific objections and responses below, this objection shall be referred to as the "Relevant Time Period Objection."

2. Pacific Seafood objects to the definition of the terms "You" and "Your" to the extent that it includes "its officers, executives, directors, employees, partners, consultants, divisions, branches, offices, and agents, including without limitation legal counsel." Pacific Seafood cannot answer for such other entities or for any person other than the Pacific Seafood Defendants. Pacific Seafood further objects to the definition of the terms "You" and "Your" on the grounds that they are overly broad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and seek to require Pacific Seafood to produce documents not in Pacific Seafood's possession, custody, or control. Pacific Seafood will give these terms their ordinary meanings.

3. Pacific Seafood objects to the definition of the term "Defendants" as vague, ambiguous, overbroad, and unduly burdensome because the definition includes Defendants' "officers, executives, directors, owners, employees, partners, consultants, divisions, branches, affiliates, offices, and agents, including without limitation legal counsel." Pacific Seafood cannot possibly know or identify all "partners," "affiliates," "agents," etc., of the dozens of Defendants named in this action.

4. Pacific Seafood objects to the definition of the term "Commercial Dungeness Crab Industry" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to the "harvest,

procurement, processing, marketing and sale of Dungeness crab" to the extent "harvest, procurement, processing, marketing and sale" are undefined terms subject to multiple interpretations.

5. Pacific Seafood objects to the definition of the term "Fisher" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to "commercial fishing" and "commercial fishing vessel" to the extent such terms are undefined terms subject to multiple interpretations.

6. Pacific Seafood objects to the definition of the term "Buyer" on the grounds that the definition is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it includes purchases of "other fishes directly from a Fisher with the purposes of reselling the fish, with or without further processing" not relevant to the claims and defenses in the litigation.

7. Pacific Seafood objects to the definition of the term "Ex Vessel" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to "fresh commercial seafood" where "commercial seafood" is undefined and vague, ambiguous, overbroad and unduly burdensome.

8. Pacific Seafood objects to the definition of the term "Ex Vessel Price" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with the incorporation of the definition of "Ex Vessel" and "fresh commercial seafood" where "commercial seafood" is undefined and vague, ambiguous, overbroad and unduly burdensome.

9. Pacific Seafood objects to the definition of the term "Out the Back Door" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to "unprocessed Dungeness crab" and purchases of "Dungeness crab Ex Vessel" that incorporates the vagueness and ambiguity of "Ex Vessel."

10. Pacific Seafood objects to the definition of the term "Processed Dungeness Crab" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to "commercial Dungeness crab" and "cooked," as well as "Ex Vessel purchase" that incorporates the vagueness and ambiguity of "Ex Vessel."

11. Pacific Seafood objects to the definition of the term "Document" to the extent that it requires Pacific Seafood to conduct searches broader than a reasonable and diligent search of reasonably accessible files (including electronic files) where responsive information reasonably would be expected to be found or would impose on Pacific Seafood duties and obligations beyond those imposed by the Federal Rules of Civil Procedure; Local Rules; the Stipulated Protective Order (Dkt. No. 63); any forthcoming Stipulated Order Regarding Production of Electronically Stored Information and Paper Documents; or any other order of the Court. Pacific Seafood will give this term its ordinary meaning.

12. Pacific Seafood objects to the definition of the term "Communications" to the extent that it requires Pacific Seafood to conduct searches broader than a reasonable and diligent search of reasonably accessible files (including electronic files) where responsive information reasonably would be expected to be found or would impose on Pacific Seafood duties and obligations beyond those imposed by the Federal Rules of Civil Procedure; Local Rules; the Stipulated Protective Order (Dkt. No. 63); any forthcoming Stipulated Order Regarding Production of Electronically Stored Information and Paper Documents; or any other order of the Court. Pacific Seafood further objects to the definition of "Communications" as imposing undue burden and expense to the extent that, in the context of any particular request, it would encompass emails or other electronically stored information without reasonable limits paced on the number of custodians and keywords to reduce the burden and expense of collection, processing, review, and production. Pacific Seafood will give this term its ordinary meaning.

13. Pacific Seafood objects to the instruction regarding claiming a privilege, statutory authority, or regulatory authority as a ground for nonproduction (including ¶ 11(a)–(i)) to the

extent this requires Pacific Seafood to conduct searches broader than a reasonable and diligent search of reasonably accessible files (including electronic files) where responsive information reasonably would be expected to be found or would impose on Pacific Seafood duties and obligations beyond those imposed by the Federal Rules of Civil Procedure; Local Rules; the Stipulated Protective Order (Dkt. No. 63); any forthcoming Stipulated Order Regarding Production of Electronically Stored Information and Paper Documents; or any other order of the Court.

14. Pacific Seafood objects to the Interrogatories to the extent they seek information or materials that Plaintiffs already possess or that are equally available to Plaintiffs from materials already produced in this action or from other sources, including third parties. These requests are duplicative and cumulative, and Plaintiffs have not explained why additional collection from Pacific Seafood—or detailed information about Pacific Seafood's collection methods—would yield non-duplicative information or be proportional to the needs of the case. Pacific Seafood therefore objects on the grounds of undue burden, lack of proportionality, and cumulative discovery.

Subject to the foregoing, and without waiver, modification, or limitation, Pacific Seafood objects and responds to these Interrogatories as follows.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 13:**

For all types of Communications—including, but not limited to, emails, text messages, and WhatsApp or other electronic messages—that You have collected of any person—including, without limitation, from any of Your principals or employees (current or former)—in connection with This Action—including, without limitation, any collection conducted by You in response to any Request for Production of Documents or Subpoena—provide, for each instance that You collected Communications: (a) the Identity of the person whose Communications were collected; (b) the type of Communications that were collected; (c) the date on which the collection took place; (d) the method used for the collection; (e) the earliest send date of each type of

Communications collected; (f) the earliest received date of each type of Communications collected; (g) as applicable, the type of device—e.g., mobile phone—or file location—e.g., company email server or local PST of user—from which each type of Communications was collected; (h) the Identity of the owner of the device or file location from which each type of Communications was collected; and (i) the current physical location of each device or file location from which each type of Communications was collected.

**RESPONSE:**

Pacific Seafood incorporates the General Objections and Objections to Definitions and Instructions. In addition, Pacific Seafood objects to this Interrogatory on the basis that it is vague, overbroad, unduly burdensome, compound with many subparts, not proportional to the needs of the case, and seeks information not relevant or not reasonably calculated to lead to the discovery of admissible evidence including, without limitation, because it seeks information undefined in its substantive and temporal scope and it seeks information about Pacific Seafood's "collection" of Communications when the Parties have agreed to the collection, review, and production of Communications from specific custodians as more fully described below. Pacific Seafood further objects to this Interrogatory to the extent that it seeks information protected by the Attorney Client Privilege and Work Product Doctrine. Pacific Seafood objects to this Interrogatory as premature as discovery is ongoing and Pacific Seafood is still in the process of collecting, reviewing, and producing documents.

Subject to and without waiving the foregoing objections: Following the Court's Order Lifting Discovery Stay, dated February 18, 2025, Dkt. No. 259, Plaintiffs and Pacific Seafood agreed to the collection and production of Communications and Documents from 16 Pacific Seafood custodians. Plaintiffs and Pacific Seafood further agreed to the collection and production of specific Communications and Documents responsive to specific Requests for Production of Documents ("RFPDs"), including RFPD Nos. 1–6, 8, 10–12, 14, 29, 35, and 44–47 (seeking, among other things, financial documents, agreements, and leases), from certain non-custodial sources, including general Pacific Seafood shared drives, archives, and records. Plaintiffs and

Pacific Seafood agreed to negotiate the production of "Structured Data" in response to several RFPDs, including RFPD Nos. 18, 19, 21, 23, 26, 37, 38, 39, and 40. Plaintiffs and Pacific Seafood further negotiated thousands of search terms to be run against certain of Pacific Seafood's Communications and Documents. The parties reached final agreement on search terms in April 2026. In accordance with the Parties' agreements relating to the collection, review, and production of Communications and Documents from certain custodians and non-custodial sources, Structured Data, specified Communications and Documents, and the use of search terms to identify and produce Communications and Documents, Pacific Seafood limits its Response to this Interrogatory to Communications collected from agreed-upon custodians and sources. Pacific Seafood otherwise objects to this Interrogatory as seeking information protected by the Attorney-Client Privilege and Work Product Doctrine.

Pacific Seafood has worked, and is continuing to work, with an outside vendor to collect Communications from personal cell phones, using methods that include Targeted ModeOne Collection, Advanced Logical Collection, iCloud Collection, and/or Full File System Collection. To date, Pacific Seafood has collected Communications from the agreed custodians as follows[1]:

| Custodian | Collection Date(s) | Communications Collected | Earliest Personal Cell Text Message | Earliest Email | Sources / Devices |
|---|---|---|---|---|---|
| **Ashton Meier** | April 30, 2025; July 23, 2025; August 12, 2025 | Text messages, emails | Sent: 4/30/24 Received: 4/29/24 | Sent: 12/5/18 Received: 12/5/18 | Personal cell phone, iCloud, company email server |
| **Brett Hester** | April 21, 2025; July 3, 2025; July 23, 2025; February 9, 2026 | Text messages, emails | Sent: 11/25/24 Received: 11/25/24 | Sent: 8/9/16 Received: 8/9/16 | Personal cell phone, iCloud, company email server |
| **Charlie Kirschbaum** | May 14, 2025; July 23, 2025; July 29, 2025; July 31, 2025 | Text messages, emails | Sent: 9/20/19 Received: 9/20/19 | Sent: 8/25/15 Received: 4/10/14 | Personal cell phone, iCloud, company email server |
| **Michael Koskela** | April 25, 2025; July 23, 2025; June 4, 2026 | Text messages, emails | Sent: 2/6/23 Received: 2/6/23 | Sent: 1/17/23 Received: 1/17/23 | Personal cell phone, company email server |
| **Brian Boudreau** | May 12, 2025; July 23, 2025 | Text messages, emails | Sent: 10/4/22 Received: 9/30/22 | Sent: 3/13/23 Received: 10/18/22 | Personal cell phone, company email server |

[1] Pacific Seafood understands this Interrogatory to seek information about Pacific Seafood's collections and not information that may have been collected by another party or non-party, including Plaintiffs.

| Custodian | Collection Date(s) | Communications Collected | Earliest Personal Cell Text Message | Earliest Email | Sources / Devices |
|---|---|---|---|---|---|
| **Brian McLarrin** | May 22, 2025; July 23, 2025; July 24, 2025; December 11, 2025 | Text messages, emails | Sent: 5/8/24<br>Received: 5/8/24 | Sent: 9/7/16<br>Received: 6/7/16 | Personal cell phone, iCloud, company email server |
| **Dan Obradovich** | April 24, 2025; July 23, 2025 | Text messages, emails | Sent: 7/14/19<br>Received: 7/14/19 | Sent: 6/4/20<br>Received: 5/14/20 | Personal cell phone, company email server |
| **Frank Dulcich** | Collection ongoing | Collection ongoing | Collection ongoing | Sent: 12/21/2001<br>Received: 5/4/2000 | Personal cell phone, company email server |
| **George Sargent** | June 5, 2025; July 23, 2025 | Text messages, emails | Sent: 1/22/18<br>Received: 1/22/18 | Sent: 2/15/16<br>Received: 6/4/14 | Personal cell phone, company email server |
| **Joe Cincotta** | April 22, 2025; July 3, 2025; July 23, 2025; December 10, 2025 | Text messages, emails | Sent: 3/22/25<br>Received: 3/22/25 | Sent: 5/5/11<br>Received: 1/1/08 | Personal cell phone, iCloud, company email server |
| **John Moody** | May 5, 2025; July 15–17, 2025; July 23, 2025; August 18, 2025; December 10, 2025 | Text messages, emails | Sent: 3/25/19<br>Received: 3/25/19 | Sent: 4/27/15<br>Received: 4/27/15 | Personal cell phone, iCloud, company email server |
| **Juan Delgado** | May 9, 2025; July 23, 2025 | Text messages, emails | Sent: 11/24/22<br>Received: 11/24/22 | Sent: 9/8/22<br>Received: 6/17/22 | Personal cell phone, company email server |
| **Ricardo Garcia Fernandez** | June 5, 2025; July 23, 2025; July 29, 2025; August 14, 2025; October 22, 2025 | Text messages, emails | Sent: 1/23/19<br>Received: 1/22/19 | Sent: 6/25/19<br>Received: 6/23/19 | Personal cell phone, iCloud, company email server |
| **Rick Harris** | June 19, 2025; July 23, 2025 | Text messages, emails | Sent: 5/13/15<br>Received: 5/13/15 | Sent: 5/20/11<br>Received: 4/6/05 | Personal cell phone, company email server |
| **Ron Hensley** | May 12, 2025; July 23, 2025; July 29–30, 2025 | Text messages, emails | Sent: 7/22/22<br>Received: 8/16/22 | Sent: 12/6/13<br>Received: 12/6/13 | Personal cell phone, iCloud, company email server |
| **Tyson Yeck** | May 13, 2025; May 30, 2025; July 23, 2025 | Text messages, emails | Sent: 6/4/23<br>Received: 6/4/23 | Sent: 3/21/02<br>Received: 3/21/02 | Personal cell phone, company email server |

While Pacific Seafood is providing the earliest dates for Communications collected from agreed custodians, Pacific Seafood does not concede that any such Communications are responsive or otherwise relevant to the issues in dispute and does not waive its objections to limit the production of responsive Communications to a different date range.

Each personal mobile device from which text messages were collected is or was a personal mobile device and owned by the respective custodian. Pacific Seafood does not own or control the agreed custodians' personal mobile devices, and accordingly does not know the

"physical location" of each custodians' personal mobile phone except that Pacific Seafood understands each phone to be in the custody and control of each respective custodian.

All other Communications, including emails, were collected from Pacific Seafood's Microsoft Office 365 cloud servers and archived servers, which are owned by Pacific Seafood. Regarding all other Communications, including email, collected from Pacific Seafood's Microsoft Office 365 cloud servers, that information is not physically located within a "device or file location," but rather is stored and accessed on the cloud.

Discovery continues and Pacific Seafood's collections are ongoing and it reserves the right to supplement this response.

**INTERROGATORY NO. 14:**

For all types of Communications—including, but not limited to, emails, text messages, and WhatsApp or other electronic messages—that You have collected of any person—including, without limitation, from any of Your principals or employees (current or former)—in connection with This Action—including, without limitation, any collection conducted by You in response to any Request for Production of Documents or Subpoena—explain, by person and by category of Communications, why no Communications sent or received prior to the dates provided in Your response to subsections (e) and (f), respectively, of Interrogatory Number 13 were collected.

**RESPONSE:**

Pacific Seafood incorporates the General Objections and Objections to Definitions and Instructions. Pacific Seafood objects to this Interrogatory on the basis that it is vague, overbroad, unduly burdensome, not proportional to the needs of the case, and seeks information not relevant or not reasonably calculated to lead to the discovery of admissible evidence including, without limitation, because it seeks information undefined in its substantive and temporal scope and it seeks information about Pacific Seafood's "collection" of Communications when the Parties have agreed to the collection, review, and production of Communications from specific custodians as more fully described below. Pacific Seafood further objects to this Interrogatory to the extent that

it seeks information protected by the Attorney Client Privilege and Work Product Doctrine. Pacific Seafood objects to this Interrogatory as premature as discovery is ongoing and Pacific Seafood is still in the process of collecting, reviewing, and producing documents.

Subject to and without waiving the foregoing objections: Plaintiff Brand Little filed his Complaint on March 13, 2023, asserting claims against Pacific Seafood relating to a purported monopoly. Pacific Seafood issued a litigation hold notice on March 15, 2023, to Pacific Seafood employees who were identified to be relevant custodians at that time. On June 23, 2023, the Court granted Pacific Seafood's Motion to Stay Discovery, Dkt. No. 38, and on May 21, 2024, the Court granted Pacific Seafood's Motion to Dismiss, Dkt. No. 59. On August 20, 2024, Plaintiffs filed their First Amended Complaint, asserting claims against Pacific Seafood relating to a purported horizontal price-fixing conspiracy, expressly naming and asserting claims against multiple competing buyers. Dkt. No. 78. The Court denied Pacific Seafood's Second Motion to Dismiss on January 17, 2025, Dkt. No. 242, and lifted the Order staying discovery on February 18, 2025, Dkt. No. 259. Pacific Seafood issued a supplemental litigation hold notice on April 23, 2025, to additional agreed custodians.

As of the filing of the Complaint, on March 13, 2023, Pacific Seafood's document retention policy relating to emails stated that "e-mails are automatically deleted from general Inbox, Sent Items and Deleted Items, and other subfolders after two (2) years." Regarding Back-Up Systems, Pacific Seafood's document retention policy provided that "[b]ack-up tapes, back-up servers, and other redundancy systems are for disaster recovery purposes only and back-ups stored on these systems are destroyed without review after six (6) months." While Pacific Seafood custodians may have archived older emails, there was no system, policy, or requirement to archive older emails. Pacific Seafood's document retention policy also provided that:

> Electronic Records should be stored in a way that: 1) is secure from loss or destruction; and 2) facilitates efficient retrieval for business purposes (e.g., audit). Electronic Records may, for example, be stored via internal Pacific servers, secure cloud storage, or other comparable system. Electronic Records may not be permanently stored on Team Member computers, personal communication devices (e.g., tablets and smartphones), or other external drives or storage devices (e.g.,

> disks, CD-ROMS, and DVDs) that are not backed-up to a centralized system. In managing electronic Records, all associated metadata must also be captured and retained.

Once the litigation hold notice was sent to custodians and put in place in March 2023, Pacific Seafood's retention policy was suspended and custodians' emails were archived. While Pacific Seafood's document retention policy advised that no Electronic Records should be stored on personal communication devices, Pacific Seafood instructed potential custodians to preserve all documents, emails, text messages, chats, voicemails, files, notes and other information and communications that could potentially be relevant to the issues in the litigation, including any Electronic Records stored on personal communication devices, such as tablets and smartphones.

With regard to emails and other Communications collected from Pacific Seafood's Microsoft Office 365 cloud servers, no Communications sent or received prior to the dates provided in Pacific Seafood's responses to Interrogatory Number 13 were collected due to Pacific Seafood's document retention policy, which automatically deleted sent and received emails after two years. The document retention policy was turned off in March 2023 when Plaintiff filed the instant lawsuit. To the extent that Pacific Seafood collected emails and other Communications from Pacific Seafood's Microsoft Office 365 cloud servers and archived servers dated prior to March 2021—i.e., two years prior to the filing of the Complaint—it is either because individual custodians archived their Communications or because the document retention policy was suspended for that particular custodian for unrelated reasons.

Regarding text messages and other Communications collected from personal cell phones, Pacific Seafood collected all available Communications from each custodian's personal phone(s) and corresponding personal backup accounts (if applicable) on the dates and in the manner identified in response to Interrogatory 13. Pacific Seafood collected no sent or received Communications that occurred prior to the dates provided in Pacific Seafood's response to Interrogatory 13 because no earlier Communications could be collected at that time. The facts and circumstances surrounding each custodian's use of his personal communication device(s) and efforts to preserve Communications, both before and after the initiation of litigation and the

issuance of a litigation hold notice, are unique to each individual custodian, and summarized below.

- Pacific Seafood issued a litigation hold notice to **Brian Boudreau** on April 23, 2025, which, among other things, required Mr. Boudreau to preserve any documents, information, and electronic records that could potentially be relevant to this Action including ESI, text messages, chats, voicemails, and other information on his personal cell phone. Pacific Seafood collected text messages from Mr. Boudreau's personal cell phone on May 12, 2025, using ModeOne. After analyzing that collection, Pacific Seafood observed that the earliest text messages available from Mr. Boudreau's device were from approximately September 2022.
- Pacific Seafood issued a litigation hold notice to **Joe Cincotta** on March 15, 2023, which, among other things, required Mr. Cincotta to preserve any documents, information, and electronic records that could potentially be relevant to this Action including ESI, text messages, chats, voicemails, and other information on his personal cell phone. Pacific Seafood understands that, in approximately October 2024, Mr. Cincotta's personal cell phone fell into Humboldt Bay while he was working on the dock. Mr. Cincotta subsequently obtained a replacement personal phone. Pacific Seafood collected text messages from Mr. Cincotta's replacement personal phone on April 22, 2025, via ModeOne. During that collection, Pacific Seafood discovered that a 30-day auto-delete setting for text messages was active. Mr. Cincotta disabled the setting that day to ensure no further auto-deletions. Pacific Seafood collected Mr. Cincotta's personal iCloud account on July 3, 2025, and imaged Mr. Cincotta's personal replacement phone on December 10, 2025, using Full File System imaging. After analyzing those collections, Pacific Seafood observed that the earliest text messages available from Mr. Cincotta's personal devices were from March 2025. Pacific Seafood is analyzing data obtained from other sources, including Communications from other defendant custodians and third parties, to determine if any Communications may have been inadvertently auto-deleted

from Mr. Cincotta's personal replacement cell phone and, if so, whether they are available and potentially recoverable. Pacific Seafood is also analyzing these Communications and data to try to recover any Communications that may have been stored on Mr. Cincotta's personal cell phone prior to losing it in the ocean in approximately October 2024.

- Pacific Seafood issued a litigation hold notice to **Juan Delgado** on March 15, 2023, which, among other things, required Mr. Delgado to preserve any documents, information, and electronic records that could potentially be relevant to this Action including ESI, text messages, chats, voicemails, and other information on his personal cell phone. Pacific Seafood collected text messages from Mr. Delgado's personal cell phone on May 9, 2025, via ModeOne. After analyzing that collection, Pacific Seafood observed that the earliest text messages available from Mr. Delgado's device were from November 2022.
- Pacific Seafood issued a litigation hold notice to **Frank Dulcich** on March 15, 2023, which, among other things, required Mr. Dulcich to preserve any documents, information, and electronic records that could potentially be relevant to this Action including ESI, text messages, chats, voicemails, and other information on his personal cell phone. He has worked, and is continuing to work, with Pacific Seafood and counsel to collect and produce responsive text messages and other communications from his personal cell phone, to the extent available. Collection is ongoing.
- Pacific Seafood issued a litigation hold notice to **Ricardo Garcia Fernandez** on April 23, 2025, which, among other things, required Mr. Garcia Fernandez to preserve any documents, information, and electronic records that could potentially be relevant to this Action including ESI, text messages, chats, voicemails, and other information on his personal cell phone. Pacific Seafood collected text messages from Mr. Garcia Fernandez's personal cell phone on June 5, 2025, via ModeOne, collected data from his iCloud account on July 29, 2025, collected additional data from an older personal cell phone on August 14, 2025, via ModeOne, and collected additional data from his iCloud account on October

22, 2025. After analyzing those collections, Pacific Seafood observed that the earliest text messages available from Mr. Garcia Fernandez's collections were from January 2019.

- Pacific Seafood issued a litigation hold notice to **Rick Harris** on April 23, 2025, which, among other things, required Mr. Harris to preserve any documents, information, and electronic records that could potentially be relevant to this Action including ESI, text messages, chats, voicemails, and other information on his personal cell phone. Pacific Seafood collected text messages from Mr. Harris's personal cell phone on June 19, 2025, via ModeOne. After analyzing that collection, Pacific Seafood observed that the earliest text messages available from Mr. Harris's device were from May 2015.
- Pacific Seafood issued a litigation hold notice to **Ron Hensley** on April 23, 2025, which, among other things, required Mr. Hensley to preserve any documents, information, and electronic records that could potentially be relevant to this Action including ESI, text messages, chats, voicemails, and other information on his personal cell phone. Pacific Seafood collected text messages from Mr. Hensley's personal cell phone on May 12, 2025, via ModeOne, and collected additional data from his iCloud account on July 29 and July 30, 2025. After analyzing those collections, Pacific Seafood observed that the earliest text messages available from Mr. Hensley's collections were from July 2022.
- Pacific Seafood issued a litigation hold notice to **Brett Hester** on March 15, 2023, which, among other things, required Mr. Hester to preserve any documents, information, and electronic records that could potentially be relevant to this Action including ESI, text messages, chats, voicemails, and other information on his personal cell phone. Pacific Seafood collected text messages from Mr. Hester's personal cell phone on April 21, 2025, via Mode One, performed a July 3, 2025, collection from his iCloud backup account, and imaged Mr. Hester's phone on February 9, 2026, using Advanced Logical Extraction. After analyzing those collections, Pacific Seafood observed that no text messages predating November 25, 2024, were available on Mr. Hester's device. Pacific Seafood understands that Mr. Hester replaced his personal mobile phone in November 2024. Mr.

Hester kept his old phone for future collection but it was lost before it could be searched for potentially responsive Communications. Pacific Seafood is collecting and analyzing data obtained from other sources, including Communications from other defendant custodians and third parties, to determine if any earlier Communications are available and potentially recoverable.

- Pacific Seafood issued a litigation hold notice to **Charlie Kirschbaum** on April 23, 2025, which, among other things, required Mr. Kirschbaum to preserve any documents, information, and electronic records that could potentially be relevant to this Action including ESI, text messages, chats, voicemails, and other information on his personal cell phone. Pacific Seafood collected text messages from Mr. Kirschbaum's personal cell phone on May 14, 2025, via ModeOne, and later collected data from his associated iCloud account on July 29, 2025, and from an older phone on July 31, 2025, via ModeOne. After analyzing those collections, Pacific Seafood observed that the earliest text messages available from Mr. Kirschbaum's device were from approximately September 2019.
- Pacific Seafood issued a litigation hold notice to **Michael Koskela** on April 23, 2025, which, among other things, required Mr. Koskela to preserve any documents, information, and electronic records that could potentially be relevant to this Action including ESI, text messages, chats, voicemails, and other information on his personal cell phone. Pacific Seafood collected text messages from Mr. Koskela's personal cell phone on April 25, 2025, via ModeOne. After analyzing that collection, Pacific Seafood observed that the earliest text messages available from Mr. Koskela's device were from February 2023.
- Pacific Seafood issued a litigation hold notice to **Brian McLarrin** on March 15, 2023, which, among other things, required Mr. McLarrin to preserve any documents, information, and electronic records that could potentially be relevant to this Action including ESI, text messages, chats, voicemails, and other information on his personal cell

phone. Pacific Seafood collected text messages from Mr. McLarrin's personal cellphone on May 22, 2025, using ModeOne. During that collection, Pacific Seafood discovered that a one-year auto-delete setting for text messages remained inadvertently active on Mr. McLarrin's personal cell phone. Mr. McLarrin disabled that setting that day to ensure no further auto-deletions. Pacific Seafood collected Mr. McLarrin's personal iCloud account backup on July 24, 2025, and imaged Mr. McLarrin's personal cell phone on December 11, 2025, using Advanced Logical Extraction. After analyzing those collections, Pacific Seafood observed that the earliest text messages available from Mr. McLarrin's device were from May 2024. In May 2026, Pacific Seafood learned that Mr. McLarrin is in possession of an older mobile phone, which Pacific Seafood is evaluating for responsive Communications. In addition, Pacific Seafood is analyzing data obtained from other sources, including Communications from other defendant custodians and third parties, to determine if any Communications may have been inadvertently auto-deleted from Mr. McLarrin's personal cell phone and, if so, whether they are available and potentially recoverable.

- Pacific Seafood issued a litigation hold notice to **Ashton Meier** on March 15, 2023, which, among other things, required Mr. Meier to preserve any documents, information, and electronic records that could potentially be relevant to this Action including ESI, text messages, chats, voicemails, and other information on his personal cell phone. Pacific Seafood collected text messages from Mr. Meier's personal cell phone on April 30, 2025, via ModeOne, and collected data from Mr. Meier's iCloud account on August 12, 2025. After analyzing those collections, Pacific Seafood observed that the earliest text messages available from Mr. Meier's collections were from April 2024. Pacific Seafood understands that Mr. Meier purchased a new phone in April 2024 and that at least some content from Mr. Meier's prior device, which Mr. Meier factory reset before giving to his daughter, may not have been preserved through the normal backup and phone-transfer process, such that some data, including prior text messages, may not have

carried over to his new phone. Pacific Seafood is collecting and analyzing data obtained from other sources, including Communications from other defendant custodians and third parties, to determine if any earlier Communications are available and potentially recoverable.

- Pacific Seafood issued a litigation hold notice to **John Moody** on March 15, 2023, which, among other things, required Mr. Moody to preserve any documents, information, and electronic records that could potentially be relevant to this Action including ESI, text messages, chats, voicemails, and other information on his personal cell phone. Pacific Seafood collected text messages from Mr. Moody's personal cell phone on May 5, 2025, via ModeOne. Pacific Seafood collected Mr. Moody's personal iCloud account on July 15 and July 17, 2025, performed a follow-up collection of text messages from Mr. Moody's personal phone via ModeOne on August 18, 2025, and imaged Mr. Moody's personal phone on December 10, 2025, using Full File System imaging. After analyzing Mr. Moody's collections, Pacific Seafood observed that the earliest text messages available from Mr. Moody's personal device were from March 2019.

- Pacific Seafood issued a litigation hold notice to **Dan Obradovich** on March 15, 2023, which, among other things, required Mr. Obradovich to preserve any documents, information, and electronic records that could potentially be relevant to this Action including ESI, text messages, chats, voicemails, and other information on his personal cell phone. Pacific Seafood collected text messages from Mr. Obradovich's personal cell phone on April 24, 2025, using ModeOne. After analyzing that collection, Pacific Seafood discovered that Mr. Obradovich's personal cell phone contained very few text messages from before April 2023. Pacific Seafood is collecting and analyzing data obtained from other sources, including from Mr. Obradovich's iCloud backup account, and Communications from other defendant custodians and third parties, to determine if any Communications prior to April 2023 are available and potentially recoverable.

- Pacific Seafood issued a litigation hold notice to **George Sargent** on April 23, 2025, which, among other things, required Mr. Sargent to preserve any documents, information, and electronic records that could potentially be relevant to this Action including ESI, text messages, chats, voicemails, and other information on his personal cell phone. Pacific Seafood collected text messages from Mr. Sargent's personal cell phone on June 5, 2025, via ModeOne. After analyzing that collection, Pacific Seafood observed that the earliest text messages available from Mr. Sargent's personal device were from January 2018.

- Pacific Seafood issued a litigation hold notice to **Tyson Yeck** on March 15, 2023, which, among other things, required Mr. Yeck to preserve any documents, information, and electronic records that could potentially be relevant to this Action including ESI, text messages, chats, voicemails, and other information on his personal cell phone. Pacific Seafood collected text messages from Mr. Yeck's personal cell phone on May 13, 2025, and May 30, 2025, both via ModeOne. After analyzing those collections, Pacific Seafood observed that no text messages predating June 2023, were available on Mr. Yeck's device. Pacific Seafood is collecting and analyzing data obtained from other sources, including Mr. Yeck's iCloud backup account, and Communications from other defendant custodians and third parties, to determine if any Communications prior to June 2023 are available and potentially recoverable.

Discovery continues and Pacific Seafood's collections are ongoing. Pacific Seafood continues to work with its custodians to identify phones from which additional collections can be performed. Pacific Seafood reserves the right to supplement this response.

**INTERROGATORY NO. 15:**

Describe any collection by You of any Phone Log of any person, including: (a) the Identity of the person from whose phone the Phone Log was collected; (b) the date(s) on which each Phone Log was collected; (c) the Identity of the owner of the device from which a phone log was

collected; and (d) the current physical location of each device from which a phone log was collected.

**RESPONSE:**

Pacific Seafood incorporates the General Objections and Objections to Definitions and Instructions. Pacific Seafood objects to this Interrogatory on the basis that it is vague, overbroad, unduly burdensome, compound with many subparts, not proportional to the needs of the case, and seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence including, without limitation, because it seeks information undefined in its substantive and temporal scope and it seeks information about Pacific Seafood's "collection" of Communications when the Parties have agreed to the collection, review, and production of Communications from specific custodians as more fully described below. Pacific Seafood further objects that this Interrogatory is unnecessary, duplicative, and cumulative because Plaintiffs have sought and obtained (or can obtain) phone log information from third-party sources such as telecommunications carriers and other records, and Plaintiffs have not explained what additional, non-duplicative information they seek or why further collection from custodians' personal devices is necessary. Pacific Seafood further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Pacific Seafood objects to this Interrogatory as premature as discovery is ongoing and Pacific Seafood is still in the process of collecting, reviewing, and producing documents.

Subject to and without waiving the foregoing objections: After the Court lifted the stay of discovery on February 18, 2025, Dkt. 259, Plaintiffs served their initial RFPDs, Set One, on February 21, 2025, requesting text messages and other written electronic communications but not Phone Logs. Pacific Seafood, at Plaintiffs' request, prioritized collection of text messages and similar communications from custodians' personal cell phones for purposes of responding to, *inter alia*, RFPDs Nos. 26 and 33. Phone Logs were not collected at that time because Plaintiffs had not requested them.

On August 25, 2025, Plaintiffs issued RFPD No. 60, seeking for the first time custodians' Phone Logs. Pacific Seafood objected, explaining both in writing and in meet-and-confers that performing additional collections from custodians' personal phones was unduly burdensome, not proportional, and violated custodians' privacy rights. Pacific Seafood further objected that Plaintiffs' Request was duplicative of discovery sought from third-party sources like telecommunication carriers (and Plaintiffs had already done so for many custodians). Pacific Seafood maintains its objection where Plaintiffs have, to date, already obtained complete Phone Logs for many—if not all—of Pacific Seafood custodians via third-party telecommunication carriers and related sources.

Without waiving those objections, Pacific Seafood has undertaken limited collections of Phone Logs from some custodians to respond to RFPD No. 60. To date, such collections have occurred as follows:

- **John Moody:** December 10, 2025
- **Brian McLarrin:** December 11, 2025
- **Joe Cincotta:** December 10, 2025
- **Brett Hester:** February 9, 2026

Discovery remains ongoing and Pacific Seafood continues to coordinate collections of Phone Logs responsive to RFPD No. 60 from other custodians.

Each personal mobile device from which Phone Logs were collected is or was owned by the respective custodian. Pacific Seafood does not own or control the agreed custodians' personal mobile devices, and accordingly does not know the "physical location" of each custodians' mobile phone except that Pacific Seafood understands each phone to be in the custody and control of each respective custodian.

Pacific Seafood's collection is ongoing and it reserves the right to supplement this response.

**INTERROGATORY NO. 16:**

Identify any person on the list attached hereto as **Exhibit A** who has ever been Your owner, principal, employee, or agent, providing for each such person: (a) the position(s) and/or agency relationship(s) that the person had with You; and (b) the dates during which the person had each such position and/or agency relationship with You.

**RESPONSE:**

Pacific Seafood incorporates the General Objections and Objections to Definitions and Instructions. Pacific Seafood objects to this Interrogatory on the basis that it is vague, overbroad, unduly burdensome, not proportional to the needs of the case, and seeks information not relevant or not reasonably calculated to lead to the discovery of admissible evidence including, without limitation, because it uses vague and ambiguous terms such as "owner," "principal," "employee," and "agent," and because it is overbroad and unduly burdensome in asking whether any person has "ever been" any such person, without a reasonable time limitation. Pacific Seafood further objects to the term "agent" as undefined and calling for a legal conclusion. By identifying certain personnel below, Pacific Seafood does not concede that any such personnel are Pacific Seafood's agent. Pacific Seafood further objects to the extent this Interrogatory seeks information beyond the Pacific Seafood Defendants as a result of Plaintiffs' overbroad definitions of "You" and "Your," or seeks information not within Pacific Seafood's possession, custody, or control. Pacific Seafood further objects that this Interrogatory is unnecessary, duplicative, and cumulative because Plaintiffs sought the same information in Plaintiffs' previous Interrogatories, which Pacific Seafood has already answered.

Subject to and without waiving the foregoing objections: Pacific Seafood provides the following list of current and former Pacific Seafood personnel who appeared on Plaintiff's Exhibit A, based on a reasonable and diligent search.

| **Name** | **Position** | **Dates** |
|---|---|---|
| Ashton Meier | VP of Resource Sales | January 2019 to present |
| Benjamin Bale | Unable to locate | Unable to locate |
| Bill Weidman | GM of Processing | July 1998 to July 2024 |

| | | |
|---|---|---|
| Brett Hester | Dock Manager | December 2015 to 2026 |
| Brian Boudreau | Fleet Manager | September 2022 to present |
| Brian McLarrin | GM of Processing | August 2002 to present |
| Brian Pereira | Buyer | October 1987 to present |
| Charles Kirschbaum | Senior Sales & Category Manager | September 1990 to present |
| Dan "Clutch" Kammerer | Dock Manager | 2022 to present |
| Dan Obradovich | Director of Business Development | December 1982 to present |
| Frank Dulcich | Owner | 1984 to present |
| George Sargent | GM of Processing; Plant Manager | November 2017 to March 2026 |
| Joe Cincotta | GM of Processing | January 2006 to December 2013; August 2015 to June 2017; March 2021 to present |
| John Moody | GM of Processing | February 2003 to present |
| Jon Steinman | VP of Resource Sales | March 2011 to November 2022 |
| Juan Delgado | GM of Processing | March 2022 to present |
| Justin Ottman | Director of Finance | October 2018 to December 2023 |
| Kolt DaPron | Inside Sales Manager I | June 2020 to December 2023 |
| Mickey Flanigan | Former Employee of Keltic | Unable to locate |
| Mike Koskela | Plant Manager | 2023 to present |
| Mike Wilson | Outside Sales Rep | January 2026 to present |
| Ricardo Garcia Fernandez | Plant Manager | January 2019 to present |
| Richard Morgan | Transportation Supervisor II | November 2002 to December 2022 |
| Richard Morgan | Dock Supervisor | January 2025 to present |
| Rick Harris | Processing Excellence Manager | January 2011 to present |
| Ron Hensley | Production Supervisor I | November 2022 to present |
| Ross Fluharty | Resource Sales Rep | January 2021 to present |
| Tyson Yeck | VP of Corporate Key Accounts | October 1999 to present |

**INTERROGATORY NO. 17:**

Identify any person on the list attached hereto as **Exhibit B** who has ever been Your owner, principal, employee, or agent, providing for each such person: (a) the position(s) and/or agency

relationship(s) that the person had with You; and (b) the dates during which the person had each such position and/or agency relationship with You.

**RESPONSE:**

Pacific Seafood incorporates the General Objections and Objections to Definitions and Instructions. Pacific Seafood objects to this Interrogatory on the basis that it is vague, overbroad, unduly burdensome, not proportional to the needs of the case, and seeks information not relevant or not reasonably calculated to lead to the discovery of admissible evidence including, without limitation, because it uses vague and ambiguous terms such as “owner,” “principal,” “employee,” and “agent,” and because it is overbroad and unduly burdensome in asking whether any person has “ever been” any such person, without a reasonable time limitation. Pacific Seafood further objects to the term “agent” as undefined and calling for a legal conclusion. By identifying certain personnel below, Pacific Seafood does not concede that any such personnel are Pacific Seafood’s agent. Pacific Seafood further objects to the extent this Interrogatory seeks information beyond the Pacific Seafood Defendants as a result of Plaintiffs’ overbroad definitions of “You” and “Your,” or seeks information not within Pacific Seafood’s possession, custody, or control. Pacific Seafood further objects that this Interrogatory is unnecessary, duplicative, and cumulative because Plaintiffs have sought the same information from Plaintiffs’ previous Interrogatories, which Pacific Seafood has already answered.

Subject to and without waiving the foregoing objections: Pacific Seafood provides the following list of current and former Pacific Seafood personnel who appeared on Plaintiff’s Exhibit B, based on a reasonable and diligent search.

| **Name** | **Position** | **Dates** |
|---|---|---|
| Denise Collins | Administration Assistant | December 2024 to present |
| John Muren | Ships Husband | June 2012 to present |
| Stuart Arnold | GM – Pacific Fishing | January 2022 to present |

DATED: June 12, 2026

STOEL RIVES LLP

*/s/ Timothy W. Snider*

CHARLES H. SAMEL
charles.samel@stoel.com
EDWARD C. DUCKERS
ed.duckers@stoel.com
TIMOTHY W. SNIDER (appearing *pro hac vice)*
timothy.snider@stoel.com
MATTHEW D. SEGAL
matthew.segal@stoel.com
MICHELLE J. ROSALES
michelle.rosales@stoel.com

*Attorneys for Pacific Seafood Defendants*

**PROOF OF SERVICE**

I, Zachary W. Teters, declare:

I am a citizen of the United States and employed in Portland, Oregon. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 760 SW Ninth Avenue, Suite 3000 Portland, OR 97205. On June 12, 2026, I served a copy of the following documents:

**PACIFIC SEAFOOD DEFENDANTS' RESPONSES TO PLAINITIFFS' INTERROGATORIES TO ALL DEFENDANTS, SET THREE**

by transmitting on this date via email a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

**SERVICE LIST**

**PLAINTIFFS' COUNSEL**

| | |
|---|---|
| Stuart G. Gross<br>Jan Jorritsma<br>Travis H.A. Smith<br>Gross Klein PC<br>The Embarcadero, Pier 9, Suite 100<br>San Francisco, CA 94111<br>Tel: 415-671-4628<br>Email: jjorritsma@grosskleinlaw.com<br>tsmith@grosskleinlaw.com<br>sgross@grosskleinlaw.com<br>iatkinsonyoung@grosskleinlaw.com | Counsel for Plaintiffs and the Proposed Classes |
| Matthew W Ruan<br>Freed Kanner London & Millen LLC<br>100 Tri-State International, Suite 128<br>Lincolnshire, IL 60069<br>Tel: 224-632-4500<br>Email: mruan@fklmlaw.com | Counsel for Plaintiffs and the Proposed Classes |

| | |
|---|---|
| Matthew Sinclair Weiler<br>Raymond S. Levine<br>Schneider Wallace Cottrell Konecky LLP<br>2000 Powell Street, Suite 1400<br>Emeryville, CA 94612<br>Tel: 510-740-2930<br>Email: mweiler@schneiderwallace.com<br>rlevine@schneiderwallace.com | Counsel for Plaintiffs and the Proposed Classes |
| Steven Noel Williams<br>Steven Williams Law, P.C.<br>201 Spear Street, Suite 1100<br>San Francisco, CA 94105<br>Tel: 415-260-7909<br>Email: swilliams@stevenwilliamslaw.com | Counsel for Plaintiffs and the Proposed Classes |

**DEFENSE COUNSEL**

| | |
|---|---|
| Sean Paul Gates<br>Illovsky Gates & Calia LLP<br>155 N. Lake Ave., Suite 800<br>Pasadena, CA 91101<br>Tel: 626-508-1715<br>Email: sean@illovskygates.com | Counsel for Defendants Blue River Seafood, Inc., Safe Coast Seafoods, LLC, Safe Coast Seafoods Washington, LLC |
| Eva Krisztina Schueller<br>Illovsky Gates & Calia LLP<br>1611 Telegraph Ave., Ste 806<br>Oakland, CA 94612<br>Tel: 415-535-3459<br>Email: eschueller@illovskygates.com | Counsel for Defendants Blue River Seafood, Inc., Safe Coast Seafoods, LLC, Safe Coast Seafoods Washington, LLC |
| Brian A. E. Smith<br>Joseph John Fraresso<br>Bartko LLP<br>1100 Sansome Street<br>San Francisco, CA 94111<br>Tel: 415-956-1900<br>Email: bsmith@bartkolaw.com<br>jfraresso@bartkolaw.com | Counsel for Defendant Ocean Gold Seafoods, Inc. |

| | |
|---|---|
| Christopher J. Kayser<br>Elizabeth E. Parker<br>Larkins Vacura Kayser LLP<br>121 SW Morrison Street, Ste # 700<br>Portland, OR 97204<br>Tel: 503-222-4424<br>Email: cjkayser@lvklaw.com<br>eparker@lvklaw.com | Counsel for Defendant Ocean Gold Seafoods, Inc. |
| Huechi Wong<br>HH Legal Group<br>2443 Fillmore St. #380-4372<br>San Francisco, CA 94115<br>Tel: 510-402-5333<br>Email: hwonglegal@gmail.com<br>huechi@hhdisputes.com | Counsel for Defendants Nor-Cal Seafood, Inc. and Kevin Lee |
| Sean T. Tamura-Sato<br>Minami Tamaki LLP<br>101 Montgomery Street, Suite 825<br>San Francisco, CA 94104<br>Tel: 415-788-9000<br>Email: seant@minamitamaki.com | Counsel for Defendant American Seafood Exp, Inc. |
| William Scott Cameron<br>Josiah Prendergast<br>Weintraub Tobin<br>400 Capitol Mall, Suite 1100<br>Sacramento, CA 95814<br>Tel: 916-558-6000<br>Email: scameron@weintraub.com<br>jprendergast@weintraub.com<br>JMelendez@weintraub.com | Counsel for Defendants California Shellfish Company, Inc. and Robert Bugatto Enterprises, Inc. |
| Lukas Sosnicki<br>Thompson Coburn LLP<br>10100 Santa Monica Boulevard, Suite 500<br>Los Angeles, CA 90067<br>Tel: (310) 282-2500<br>Email: lsosnicki@thompsoncoburn.com | Counsel for Defendants Alaska Ice Seafoods, Inc. and Long Fisheries, Inc. |

| | |
|---|---|
| Micah Chadric Allred<br>Timothy B. Fitzgerald<br>McNaul Ebel Nawrot & Helgren PLLC<br>One Union Square<br>600 University Street<br>Ste 2700<br>Seattle, WA 98101<br>Tel: 206-467-1816<br><br>Email: mallred@mcnaul.com<br>tfitzgerald@mcnaul.com | Counsel for Defendants Alaska Ice Seafoods, Inc. and Long Fisheries, Inc. |
| Colin W Morrow<br>Vannucci Momsen Morrow, An Association of Sole Practitioners<br>P.O. Box 1214<br>Mendocino, CA 95460<br>Tel: 707-380-1070<br><br>Email: cmorrow@vmm-law.com | Counsel for Defendant Caito Fisheries, Inc. |
| Sarah Van Buiten<br>Steven J. Goon<br>Rutan & Tucker<br>18575 Jamboree Road, 9th Floor<br>Irvine, CA 92612<br>Tel: 714-641-5100<br><br>Email: svanbuiten@rutan.com<br>sgoon@rutan.com<br>cpatel@rutan.com | Counsel for Defendants Caito Fisheries LLC and Southwind Foods, LLC |
| Steven Daniel McLellan<br>Claire Melehani<br>McLellan Law Group, LLP<br>20665 4th Street, Suite 202<br>Saratoga, CA 95070<br>Tel: 650-383-1266<br><br>Email: steven@mclellanlawgroup.com<br>claire@mclellanlawgroup.com<br>sara@mclellanlawgroup.com<br>elizabeth@mclellanlawgroup.com | Counsel for Defendant Fisherman's Catch, Inc. |

| | |
|---|---|
| Ann Anh Phuong Nguyen<br>Bonnie Margaret Ross<br>Messner Reeves LLP<br>160 W. Santa Clara St., Su 1000<br>San Jose, CA 95113<br>408/298-7120<br>Fax: 408/298-0477<br><br>Email: anguyen@messner.com<br>bross@messner.com<br>akitagawa@messner.com | Counsel for Defendant Global Quality Foods, Inc. |
| Bao-Quan P. Pham<br>Law Office of Bao-Quan P. Pham<br>345 N. 18th Street<br>San Jose, CA 95112<br>Tel: 408-275-6701<br><br>Email: baopham408@sbcglobal.net | Counsel for Defendant Global Quality Seafood LLC |
| Philip J. Wang<br>Traci Michelle Keith<br>Putterman \| Yu LLP<br>345 California Street, Suite 1160<br>San Francisco, CA 94104<br>Tel: (415) 839-8779<br><br>Email: pwang@plylaw.com<br>tkeith@plylaw.com | Counsel for Defendant Ocean King Fish Inc. |
| Michael James Stortz<br>K&L Gates LLP<br>Four Embarcadero Center, Suite 1200<br>San Francisco, CA 94111<br>Tel: 415-882-8200<br><br>Email: Michael.Stortz@klgates.com | Counsel for Defendants Bornstein Seafoods, Inc. and Astoria Pacific Seafoods, LLC |
| Henry Brockway<br>K&L Gates LLP<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA 98104-1158<br>Tel: 206-370-5813<br><br>Email: henry.brockway@klgates.com | Counsel for Defendants Bornstein Seafoods, Inc. and Astoria Pacific Seafoods, LLC |

| | |
|---|---|
| J. Timothy Hobbs, Jr<br>K & L Gates<br>1501 Commerce Street, Suite 1500<br>Nashville, TN 37203<br>Tel: 615-514-1811<br><br>Email: tim.hobbs@klgates.com | Counsel for Defendants Bornstein Seafoods, Inc. and Astoria Pacific Seafoods, LLC |
| Victoria Salmi Pereira Duarte<br>K&L Gates<br>70 W. Madison St., Suite 3100<br>Chicago, IL 60602<br>Tel: 312-807-4215<br><br>Email: Victoria.Duarte@klgates.com | Counsel for Defendants Bornstein Seafoods, Inc. and Astoria Pacific Seafoods, LLC |

I declare under the penalty of perjury under the laws of the United States of America and the State of Oregon that the foregoing is true and correct.

DATE: June 12, 2026

*/s/ Zachary W. Teters*
Zachary W. Teters