# EXHIBIT 7

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

Brand Little
*Plaintiff*
v.
Pacific Seafood Procurement, LLC, et al.
*Defendant*

Civil Action No. 23-cv-1098

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Nor - Cal Seafood, Inc.
c/o Hubert Wong, 2810 E 7th St, Oakland, CA 94601

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Gross Klein PC<br>The Embarcadero, Pier 9, Suite 100<br>San Francisco, CA 94111 | Date and Time:<br>July 19, 2024 |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 12, 2024

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintif Brand Little individually and on behalf of all others similarly situated, who issues or requests this subpoena, are:

Stuart G. Gross, The Embarcadero, Pier 9, Ste 100, S.F., CA 94111, sgross@grosskleinlaw.com (415) 671-4628

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**NOR-CAL SEAFOOD, INC.**

**SCHEDULE A**

## I. DEFINITIONS

As used in the Requests herein, the following terms shall have the definitions and constructions listed below. Terms not defined shall have the meanings assigned to them, if any, by the Federal Rules of Civil Procedure and or Local Rules.

1. The terms "**You**" and "**Your**," including its possessive, refer to Nor-Cal Seafood, Inc., and any predecessors, successors, subsidiaries, departments, divisions, affiliates, and any organization or entity which the responding person or entity manages, controls, or has an ownership interest in, or did manage, control or have an ownership interest in, as well as all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding person or entity.

2. The phrase "**this Action**," including its possessive, refers to the instant action, *Brand Little v. Pacific Seafood Procurement, LLC, et al.* No. 23-cv-01098 (N.D. Cal.).

3. The term "**Plaintiff**," including its possessive, refers to Plaintiff Brand Little;

4. The term "**Defendants**," including its possessive, refers, collectively, to Defendants Pacific Seafood Procurement, LLC; Pacific Seafood Processing, LLC; Pacific Seafood Fleet, LLC; Pacific Seafood Distribution, LLC; Pacific Seafood USA, LLC; and Dulcich, Inc.

5. The term "**Pacific Seafood**," including its possessive, refers, collectively, to Defendants Pacific Seafood Procurement, LLC; Pacific Seafood Processing, LLC; Pacific Seafood Fleet, LLC; Pacific Seafood Distribution, LLC; Pacific Seafood USA, LLC; Dulcich, Inc.; any company owned or controlled by Pacific Seafood; and any company doing business as "Pacific Seafood" or "Pacific Choice."

6. The term "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. Pro. 34(a)(1)(A). Documents include Communications.

7. The term "**Communication**" means the transmission or transfer of information of any kind, orally, in writing, electronically, or in any other manner, at any time or place, and under any circumstances whatsoever. Communication includes, without limitation, emails, text messages, voice records, etc.

8. The term "**Person**" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

9. The term "**Concerning**" means relating to, referring to, applicable to, describing, evidencing or constituting.

10. References to the singular include the plural, and plural includes the singular.

11. The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

12. The use of the disjunctive form, *e.g.* "or," shall be considered to also include within its meaning the conjunctive form, *e.g.* "and," and vice versa.

13. "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

14. "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request, or any other request, in any way.

## INSTRUCTIONS

1. If you have any questions or concerns regarding these instructions or how to respond to these requests, Your or Your attorney should contact Plaintiff's counsel at the email address or phone number immediately.

2. Your response to these Requests must include documents known to You, or in Your possession, custody, or control from any source wherever situated, including but not

limited to, any documents in the possession of Your agents, employees, attorneys, investigators, consultants, and all persons acting on Your behalf or under Your control. You have an affirmative duty to investigate.

3. Documents which are maintained in electronic form in the ordinary course of business shall be produced in such electronic forms, i.e., in their native form, unless another agreement is reached with counsel for Plaintiff, except if the information requested is contained in a database. Thus, for example, excel spreadsheets should be produced as electronic files, with an .xlsx or .xls extension, and emails should be produced as electronic files, with a .eml or .msg or similar extension. If the requested information is contained in a database, You should produce reports from the database that contain the requested information, indicating the type of database (e.g., Quickbooks) from which the report came (Plaintiff reserves all rights to make further requests concerning such databases but will work with you to reduce burdens associated therewith).

4. If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date, and subject matter, and the reasons why the documents were lost or destroyed shall be explained with sufficient particularity.

5. Each Request to produce a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in, or subject to, directly or indirectly, Your control. In addition, each Request should be considered as including a Request for separate production of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (*e.g.*, by reason of difference in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

6. All documents produced in response to the Requests shall be produced in their entirety notwithstanding the fact that portions thereof may contain information not requested.

7. The documents produced in response to these Requests shall include all attachments and enclosures.

8. With respect to any document requested that was once in Your possession, custody, or control, but which no longer is, please indicate the date the document ceased to be Your possession, custody, or control, the manner in which it ceased, and the name and address of its present custodian.

9. If You object to part of any Request, please state the objection and the basis of the objection, including citations to relevant authority, as appropriate, and furnish documents responsive to the remainder of the Request.

10. All documents or portion of documents called for by these Requests, for which You claim a privilege, statutory authority, or regulatory authority as a ground for nonproduction shall be identified in a privilege log containing information sufficient to evaluate the claimed privilege or authority.

11. If anything is deleted or redacted from a document produced, please state: the reason for the deletion; the subject matter of the deletion; and the name of the person or persons who decided to delete such matter.

12. All documents produced in response to these Requests shall be segregated and identified by the Request to which they are primarily responsive. Where required by a particular paragraph of these Requests, documents produced shall be further segregated and identified as indicated in the paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

13. These Requests are continuing in nature; if, after responding, You obtain or become aware of any further information or documents responsive to these Requests, a supplementary answer and/or production is required. Fed. R. Civ. P. 26(c).

14. Please produce each and all of the documents requested herein on or before July 1, 2024 by delivering true and correct copies of such documents by delivery of the appropriate media containing the documents to Stuart G. Gross, Gross & Klein PC, The Embarcadero, Pier 9,

Suite 100, San Francisco, CA 94111, or, if via email or another form of electronic transfer, to sgross@grosskleinlaw.com and iatkinsonyoung@grosskleinlaw.com.

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

All Communications between You and any other ex-vessel buyer of Dungeness Crab in the states of California, Oregon, and/or Washington, including but not limited to Pacific Seafood, Concerning ex vessel prices for crab landed at any port in California, Oregon, and/or Washington during the 2020/21, 2021/22, 2022/23, and/or 2023/24 seasons.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications between You and any other ex-vessel buyer of Dungeness Crab in the states of California, Oregon, and/or Washington, including but not limited to Pacific Seafood, Concerning the opening date of any commercial Dungeness crab fishery in California, Oregon, and/or Washington during the 2020/21, 2021/22, 2022/23, and/or 2023/24 seasons.

**REQUEST FOR PRODUCTION NO. 3:**

All Communications between You and any other ex-vessel buyer of Dungeness Crab in the states of California, Oregon, and/or Washington, including but not limited to Pacific Seafood, Concerning the purchase, from that buyer or another buyer, of Dungeness crab landed in a port in which the buyer has a permanent presence or other type of control.

Civil Action No. 23-cv-1098

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________________________________________________________
______________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________
______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ________________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print | Save As... | Add Attachment | Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).