# EXHIBIT 8

Stuart G. Gross (SBN 251019)
Ross A. Middlemiss (SBN 323737)
Travis H.A. Smith (SBN 331305)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628

*Attorneys for Plaintiffs and the Proposed Classes*
[additional counsel listed on signature page]



**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

**BRAND LITTLE** and **ROBIN BURNS**, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

**PACIFIC SEAFOOD PROCUREMENT, LLC; PACIFIC SEAFOOD PROCESSING, LLC; PACIFIC SEAFOOD FLEET, LLC; PACIFIC SEAFOOD DISTRIBUTION, LLC; PACIFIC SEAFOOD USA, LLC; DULCICH, INC.; PACIFIC SEAFOOD – EUREKA, LLC; PACIFIC SEAFOOD – CHARLESTON, LLC; PACIFIC SEAFOOD – WARRENTON, LLC; PACIFIC SEAFOOD – NEWPORT, LLC; PACIFIC SEAFOOD – BROOKINGS, LLC; PACIFIC SEAFOOD – WESTPORT, LLC; PACIFIC SURIMI – NEWPORT LLC; BLUE RIVER SEAFOOD, INC.; SAFE COAST SEAFOODS, LLC; SAFE COAST SEAFOODS WASHINGTON, LLC; OCEAN GOLD SEAFOODS, INC.; NOR-CAL SEAFOOD, INC.; KEVIN LEE; AMERICAN SEAFOOD EXP, INC.;**

Case No. 3:23-cv-01098-AGT

**PLAINTIFFS' AMENDED REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS, EXCEPT OCEAN KING FISH, INC., SET ONE**

**CALIFORNIA SHELLFISH COMPANY, INC.; ROBERT BUGATTO ENTERPRISES, INC.; ALASKA ICE SEAFOODS, INC.; LONG FISHERIES, INC.; CAITO FISHERIES, INC.; CAITO FISHERIES, LLC; SOUTHWIND FOODS, LLC; FISHERMEN'S CATCH, INC.; GLOBAL QUALITY FOODS, INC.; GLOBAL QUALITY SEAFOOD LLC; OCEAN KING FISH INC.; BORNSTEIN SEAFOODS, INC.; ASTORIA PACIFIC SEAFOODS, LLC; and DOES 30-60,**

Defendants.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

In accordance with Federal Rules of Civil Procedure Rules 26 and 34, Plaintiffs Brand Little and Robin Burns, by counsel, hereby requests all Defendants, except Ocean King Fish, Inc., produce documents to Gross Klein PC, The Embarcadero, Pier 9, Suite 100, San Francisco, CA 94111, as specified below. Documents produced by Defendant must adhere with the Definitions set forth below and conditions of Rule 34 of the Federal Rules of Civil Procedure. Defendant has thirty (30) days from the date of service to comply with the specified production.

Consistent with the parties' agreement, Plaintiffs are serving this single set of document requests on all Defendants, except Ocean King Fish, Inc., and each Defendant, except Ocean King, Inc., should separately respond to these requests.

## DEFINITIONS

As used in the Requests herein, the following terms shall have the definitions listed below. Terms not defined shall have the meanings assigned to them, if any, by the Federal Rules of Civil Procedure and or Local Rules. Unless otherwise indicated, capitalized terms used herein have the meaning assigned to them in the in the Second Amended Complaint, Dkt. No. 255.

The following definitions shall apply to all discovery requests:

1. The term "You" including its possessives, refers to the responding Defendant, and where applicable, its officers, executives, directors, employees, partners, consultants, divisions, branches, offices, and agents, including without limitation legal counsel. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2. The term "Plaintiffs," including its possessive, refers to Plaintiffs Brand Little and Robin Burns.

3. The term "This Action" refers to the instant lawsuit brought by Plaintiff Brand Little and later joined by Plaintiff Robin Burns.

4. The term "Defendants," including its possessives, refers collectively to Pacific Seafood Procurement, LLC, Pacific Seafood Distribution, LLC, Pacific Seafood Processing, LLC, Pacific Seafood USA, LLC, Dulcich, Inc., Pacific Seafood – Eureka, LLC; Pacific Seafood – Charleston, LLC, Pacific Seafood – Warrenton, LLC, Pacific Seafood – Newport, LLC, Pacific Seafood – Brookings, LLC, Pacific Seafood – Westport, LLC, and Pacific Surimi – Newport

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

LLC, (collectively, "Pacific Seafood"), Blue River Seafood, Inc.; Safe Coast Seafoods, LLC; Safe Coast Seafoods Washington, LLC (collectively, "Safe Coast"), Ocean Gold Seafoods, Inc. ("Ocean Gold"), Nor-Cal Seafood, Inc. ("Nor-Cal"), Kevin Lee ("Lee"), American Seafood Exp, Inc. ("ASE"), California Shellfish Company, Inc. and Robert Bugatto Enterprises, Inc. (collectively, "Hallmark"), Alaska Ice Seafoods, Inc. and Long Fisheries, Inc. (collectively, "Fathom Seafood"), Caito Fisheries, Inc. ("Caito Fisheries, Inc."), Caito Fisheries, LLC, and Southwind Foods, LLC (collectively, "Caito/Southwind"), Fishermen's Catch, Inc. ("Fishermen's Catch"), Global Quality Foods, Inc. ("Global Quality Foods") and Global Quality Seafood LLC ("Global Quality Seafood"), Ocean King Fish Inc. ("Ocean King"), Bornstein Seafoods, Inc. and Astoria Pacific Seafoods, LLC (collectively, "Bornstein"), and where applicable, their officers, executives, directors, owners, employees, partners, consultants, divisions, branches, affiliates, offices, and agents, including without limitation legal counsel.

5. The term "Commercial Dungeness Crab Industry" refers to the harvest, procurement, processing, marketing and sale of Dungeness crab.

6. The term "Pacific NW Area" refers to all areas off the coasts of California, Oregon and Washington in which commercial Dungeness crab fishing is permitted. The Pacific NW Area excludes the Puget Sound Area.

7. The term "Puget Sound Area" refers to areas within and adjacent to Puget Sound, Washington, where commercial Dungeness crab fishing is permitted.

8. The term "Crabber," including its possessives, refers to individuals that participate in commercial Dungeness crab fishing, either as a licensed captain and/or operator of a commercial Dungeness crab fishing vessel or as a crew member of a commercial Dungeness crab fishing vessel.

9. The term "Fisher," including its possessives, refers to individuals that participate in commercial fishing, either as a licensed captain and/or operator of a commercial fishing vessel or as a crew member of a commercial fishing vessel.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

10. The term "Buyer" refers to a Person who purchases Dungeness crab and/or other fishes directly from a Fisher with the purpose of reselling the fish, with or without further processing.

11. The term "Ex Vessel" refers to a purchase of fresh commercial seafood by a licensed buyer directly from the vessel that caught the commercial seafood.

12. The term "Ex Vessel Price" refers to the price paid per pound for Ex Vessel seafood.

13. The term "Fish Ticket," including its possessives, refers to an individual landing record made each time commercial seafood is unloaded from a licensed fishing vessel, and recorded by the Department of Fish and Wildlife of the state in which the seafood is landed, that provides the unique ticket number, date, location, vessel name, Fisher license number, vessel number, species landed, weight landed, Ex Vessel price, total price, condition of the seafood, the name of the entity buying the seafood, and license number of the buyer, among other information that varies by state.

14. The term "Out the Back Door" refers to a transaction between two licensed seafood buyers where one buyer purchases Dungeness crab Ex Vessel, and is listed as the buyer on the corresponding Fish Ticket, and then sells that same unprocessed Dungeness crab to the other licensed seafood buyer.

15. The term "Processed Dungeness Crab" refers to commercial Dungeness crab that has been cooked after its Ex Vessel purchase and before its sale.

16. The term "Second Amended Complaint" refers to the Second Amended Complaint filed by Plaintiffs in this action (Dkt. No. 255).

17. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. Pro. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. Handwritten or other notations of any kind on a copy, including inter alia "Post-It" Notes, render it a non-identical copy. The term "document" includes communications, as well as any written, electronic, printed, typed, recorded, copied, magnetic, graphic information or other material in

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

any medium of any kind or nature, however produced or reproduced, whether or not sent or received, private or confidential, wherever located, including drafts and copies bearing notations or marks not found on the original, in which information can be embodied, translated, conveyed or stored. This includes, but is not limited to, all correspondence, electronic messages (including without limitation text messages, Facebook messages, Snapchat messages, imessages, PIN messages, Skype messages, and chats), audio files, telephone conversation and conference reports (including without limitation transcripts, notes, notations and memoranda concerning or recording a telephone conference or conversation), memoranda, notes, records, books, papers, video files, worksheets, reports, transcripts, facsimiles, envelopes, financial reports, and statements, checks, notes, letters, telegrams, studies, analyses, comparisons, demands, data, schedules, recordings, papers, data sheets, publications, books, magazines, newspapers, booklets, circulars, brochures, bulletins, notices, instructions, drafts, notebooks, calendars, diaries, appointment books, desk calendars, sketches, diagrams, forms, manuals, lists, minutes or transcriptions of meetings, written communications of any type, surveys, photographs, drawings, evaluations, projections, tabulations, work papers, charts, notes of conversations, records of conversations, records, work papers, invoices, statements, summaries, opinions, journals, statistical records, questionnaires, graphs, articles, microfilms, punch cards, magnetic tapes, computer files, computer tapes, computer discs, CD-ROMS, computer printouts, hard drives, memory in cell phones and personal electronic devices, electronic mail, calendars, Facebook postings, tweets, or other social media messages, voicemails, data cells, drums, printouts, and other data compilations from which information can be obtained.

18. The term "Communication" means the transmission or transfer of information of any kind, orally, in writing, electronically, or in any other manner, at any time or place, and under any circumstances whatsoever, including without limitation, in-person conversations, telephone conversations, letters, memoranda, notes, summaries, photographs, video files, audio files, videotapes, computer telecommunications, electronic media, electronic mail, text messages, iMessages, Shapchat messages, chats, WhatsApp messages, Facebook messages, Linkedin messages calendars, Facebook postings, Linkedin postings, tweets, or other social

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

media messages and postings, voicemails or other materials or memorials of communications, meetings or any occasion of joint or mutual presence, as well as the transfer of any document from one person to another. Communications with any entity include communications by or with its subsidiaries, divisions, subdivisions, affiliates, predecessor and successor entities, partners, officers, directors, employees, agents, legal counsel, or any other person acting on its behalf.

19. "Electronically Stored Information," abbreviated as "ESI" has the same meaning as used in Fed. R. Civ. Pro. 34(a)(1)(A) and includes, without limitation, the following:

a. Structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at *www.thesedonaconference.org/publications*;

b. Activity listings of electronic mail receipts and/or transmittals;

c. Output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d. Any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e. Any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, and social websites listed at *http://en.wikipedia.org/wiki/List of social networking websites*); and

f. Any and all data, data compilations, and data analyses.

20. The term "Person" is defined as any natural person or any legal entity, including,

without limitation, any business or governmental entity or association.

21. The term "Concerning" means relating to, referring to, applicable to, describing, evidencing or constituting.

22. Unless otherwise indicated, the term "Interrogatory" means an interrogatory served on You by Plaintiffs.

23. Unless otherwise indicated, the phrase "Interrogatory No." followed by a number means the particular Interrogatory of that number.

24. Unless otherwise indicated, the term "RFA" means a request for admission served on You by Plaintiffs.

25. Unless otherwise indicated, the phrase "RFA No." followed by a number means the particular RFA of that number.

26. The term "Requests" means, collectively, the instant Requests for Production of Documents.

27. The phrase "Request No." followed by a number means the particular Request of that number.

28. References to the singular include the plural, and plural includes the singular.

29. The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

30. The use of the disjunctive form, e.g., "or," shall be considered to also include within its meaning the conjunctive form, e.g., "and," and vice versa.

## INSTRUCTIONS

1. Per agreement of the parties, though these Requests are directed at all Defendants, except Ocean King, Inc., the Requests should be separately answered by each Defendant, except Ocean King, i.e., by You.

2. Unless otherwise indicated the temporal scope of the Requests is from January 1, 2005 to the date of Your responses.

3. Your response to these Requests must include Documents known to You, or in Your possession, custody, or control from any source wherever situated, including but not limited

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

to, any Documents in the possession of Your agents, employees, attorneys, investigators, consultants, and all persons acting on Your behalf or under Your control. This specifically include Documents on the personal electronic devices of Your employees and/or Your owners.

4. If You do not possess Documents to respond to a Request, You are under a duty to make a reasonable effort to obtain such information or Documents. You have an affirmative duty to investigate.

5. If any Documents requested herein have been lost or destroyed, the Documents so lost or destroyed shall be identified by author, date, and subject matter, and the reasons why the Documents were lost or destroyed shall be explained with sufficient particularity.

6. Each Request to produce a Document or Documents shall be deemed to call for the production of the original Document or Documents to the extent that they are in, or subject to, directly or indirectly, Your control. In addition, each Request should be considered as including a Request for separate production of all copies and, to the extent applicable, preliminary drafts of Documents that differ in any respect from the original or final draft or from each other (e.g., by reason of difference in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

7. All Documents produced in response to the Requests shall be produced in their entirety notwithstanding the fact that portions thereof may contain information not requested.

8. The Documents produced in response to these Requests shall include all attachments and enclosures.

9. With respect to any Document requested that was once in Your possession, custody, or control, but which no longer is, please indicate the date the Document ceased to be Your possession, custody, or control, the manner in which it ceased, and the name and address of its present custodian.

10. If You object to part of any Request, please state the objection and the basis of the objection, including citations to relevant authority, as appropriate, and furnish Documents responsive to the remainder of the Request.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

11. All Documents or portion of Documents called for by these Requests, for which You claim a privilege, statutory authority, or regulatory authority as a ground for nonproduction shall be identified as follows:

a. the place, date, and manner of recording or otherwise preparing the Document;

b. the name and title of the sender;

c. the identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the Documents, including without limitation the Document's author(s);

d. the identity and title, if any, of the person or persons supplying Your attorney with the information requested above;

e. the identity of each person to whom the contents of the Document have heretofore been communicated by copy, exhibition, sketch, reading, or substantial summarization, the dates of said Communication, and the employer and title of said person at the time of said Communication;

f. type of Document;

g. subject matter (without revealing the relevant information for which privilege or statutory authority is claimed);

h. the identity of the claimed privilege, or statutory or regulatory authority which provided the claimed ground for nonproduction; and

i. factual and legal basis for the claimed privilege, or statutory or regulatory authority which provided the claimed ground for nonproduction.

12. If anything is deleted or redacted from a Document produced, please state: the reason for the deletion; the subject matter of the deletion; and the name of the person or persons who decided to delete such matter.

13. Documents which are maintained as ESI in the ordinary course of business shall be produced in accordance with the following protocol, in the absence of a different agreed upon protocol:

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

a. Except as indicated in subparagraph (k) below, all ESI shall be produced in 300 DPI Group IV Monochrome Tagged Image File Format (TIFF or .TIF) files, with linked native files. TIFF files shall be produced in single-page format, along with all metadata and image load files (.DAT file and .OPT file and .LFP file). All ESI shall be provided with extracted, document level (multi-page) searchable text (.TXT) files, to the extent available. A party is under no obligation to produce a text file for a document (e.g., via OCR) if the text data is not present in the original file. These text files and image load files should indicate page breaks, to the extent available. The metadata load file shall contain a link to the produced native files through data values called "NATIVE LINK."

b. During the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed and/or modified to TIFF, metadata values identified below should be extracted and produced in a load file ("metadata load file"). The parties reserve their rights to object to the use of metadata for any purpose. With the sole exception of the fields identified in subsection (d) below, the parties are not obligated to populate manually any metadata fields if such fields cannot automatically be extracted from a document. To the extent any ESI contains information subject to a claim of privilege or any other applicable protection, its respective metadata may be redacted or withheld. If metadata is redacted or withheld, the producing party shall so inform the requesting party through an appropriate privilege log entry. Extracted and manually populated metadata shall be provided in metadata load files (.DAT file using standard Concordance delimiters).

c. The parties will extract and produce the following metadata values for ESI, to the extent available:

- Document Type [DOC_TYPE]
- File Extension [DOC_EXT]
- File Size [FILESIZE]
- MD5 Hash [MD5]
- Comments (inclusive of any tags or similar indicators) [COMMENTS]
- Original File Name [FILENAME]
- Original File Path [RELATIVEPATH][1]

[1] In the event that ESI is directly extracted from a storage location of Counsel, the RELATIVEPATH field may be populated with the word "Counsel" in lieu of other values.

- Author [AUTHOR]
- Last Edited By [LASTEDITOR]
- Created Date [DATECREATED]
- Date Added [DATEADD]
- Last Saved Date [DATELASTSAVE]
- Last Modified Date [DATELASTMOD]
- Last Date Opened [DATELASTOPEN]]
- Time Zone [TIMEZONE]
- Time Created [TIMECREATED]
- Time Added [TIMEADDED]
- Last Saved Date [TIMLASTSAVE]
- Last Modified Date [TIMELASTMOD]
- Last Time Opened [TIMELASTOPEN]
- Subject [SUBJECT]
- To [TO]
- From [FROM]
- Sender Combination [SENDERCOMB]
- Recipients [RECIPIENTS]
- Importance [IMPORTANCE]
- CC [CC]
- BCC [BCC]
- Received Date [DATERCVD]
- Received Time [TIMERCVD]
- Sent Date [DATESENT]
- Sent Time [TIMESENT]
- Email Folder (the folder the email was in) [FOLDER];

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

d. In addition, all ESI will be produced with the following added metadata values:

- Production Number Begin [BEGPROD]
- Production Number End [ENDPROD]
- Production Attachment Range Number Begin [PRODBEG_ATT]
- Production Attachment Range Number End [PRODEND_ATT]
- Attachment Name(s) (if applicable) [ATTACHLIST]
- Attachment Count [ATTACHCOUNT]
- Page count [SOURCE]:
- Custodian [CUSTODIAN]
- Doc Properties [DOC PROPS] (populated with the confidentiality status and/or redacted if the document was subjected to redaction);

e. Parent/child relationships among email and attachments shall be maintained by ensuring that attachments immediately follow their parent email, and setting the PRODBEG_ATT and PRODEND ATT metadata fields appropriately.

f. With respect to ESI gathered from an individual's hard drive or from an individual's email account, the CUSTODIAN field shall provide, to the extent available, metadata

sufficient to identify the custodian from whose hard drive or email account such ESI has been gathered; for ESI gathered from other sources, the Custodian field shall provide metadata sufficient to identify the location from which such ESI has been gathered (e.g., "Albany office network shared drive" or "John Doe's Dropbox Account").

g. The parties may de-duplicate identical ESI within and across custodians by MD5hash. In the event that a party does so, the party shall provide with its production of the relevant ESI a report that indicates, by de-duplicated ESI, the identity of all custodians from whom the de-duplicated ESI was gathered but not produced.

h. If available, audio and video files are to be produced in the native audio or video file format in which they were maintained in the ordinary course of business and in any processed format, including but not limited to, .WAV files, or compressed formats, e.g., mp3, as well as any format that reflects processing for use in a database or to increase sound quality. Additionally, to the extent it exists, a log should be provided with the produced native audio or video files listing all information relating to the recordings, including but not limited to the date, time, and location of the recorded conversation, who is involved in the conversation, and any other descriptive information, including MD5 hash value. Producing parties are not required to create a log that does not already exist or populate a log with additional information.

i. If a file that originates in ESI needs to be redacted before production, the file shall be rendered in TIFF, and the TIFF shall be redacted and produced. However, to the extent that the text is searchable in the native format, the producing party shall still provide searchable text for those portions of the document that have not been redacted.

j. For any ESI that exists in encrypted format or is password-protected, the producing party shall undertake reasonable efforts to provide the propounding party a means to gain access to those native files (e.g., by supplying passwords).

k. To the extent it would be impractical to produce responsive, non-objectionable, ESI consistent with the above protocol because of complexities associated with how certain software, programs, systems, or databases store data (such as may be the case with data stored in Access, Oracle or SQL databases), the parties will meet and confer on a manner for production of

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

such ESI. However, in the absence of an agreement reached through such meeting and conferring covering their production, the following types of ESI shall be produced as follows: Microsoft Excel or similar; audio files; video files; database files; and other "un-TIFFable" file types. For the foregoing types of ESI, in lieu of rendered TIFFs the producing party shall produce a TIFF slip sheet that indicates that the document was produced in native format, which native format, and the Bates number assigned to the file. The other requirements of this protocol shall remain unchanged.

14. Documents which are maintained in paper form in the ordinary course of business ("Paper Documents") shall be produced in accordance with the following protocol, in the absence of a different agreed upon protocol:

a. All Paper Documents shall be scanned and produced as .TIFF or .TIF files. All of the pages of each Paper Document shall be scanned and produced as a single multi-page TIFF file in a manner that preserves the entirety of the document. b. The TIFF files shall be produced along with all metadata and image load files (.DAT file and .OPT file and .LFP file). All Paper Documents shall be provided with extracted, document level (multi-page) searchable text (.TXT) files, to the extent available. If the text data is not present in the original file, a text file shall be provided for the document via OCR or another means. These text files and image load files should indicate page breaks, to the extent available.

b. During the process of converting Paper Documents to TIFF, metadata values identified in Paragraph 11(d) above should be add to and produced in a load file ("metadata load file") in accordance with that paragraph.

15. For all productions, Bates number and any confidentiality designation should be electronically branded on each produced TIFF image. The parties shall use reasonable efforts to ensure that bates numbers: (1) be unique across the entire document production; (2) maintain a constant length (0-padded) across the entire production; (3) contain no special characters or embedded spaces; and (4) be sequential within a given document.

16. The producing party shall use an FTP site (or its equivalent), email, or appropriate electronic media (CD, DVD, or hard drive) to produce ESI and Paper Documents, and shall

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

cooperate in good faith to use the highest-capacity available media to minimize associated overhead. The producing party shall label any physical media so used with the producing party, production date, media volume name, and document number range (if applicable). If an FTP site, its equivalent, or email is used, the producing party shall employ a labeling protocol by which the same categories of information are communicated.

17. All Documents produced in response to these Requests shall be segregated and identified by the Request to which they are primarily responsive. Where required by a particular paragraph of these Requests, Documents produced shall be further segregated and identified as indicated in the paragraph. For any Documents that are stored or maintained in files in the normal course of business, such Documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such Documents were taken.

18. These Requests are continuing in nature. If, after responding, You obtain or become aware of any further information or Documents responsive to these Requests, a supplementary answer and/or production is required. Fed. R. Civ. P. 26(c).

19. Please produce each and all of the things in evidence, other than Documents maintained in computerized data format, identified above on or before thirty days from the service of this request at the office of Gross Klein PC, The Embarcadero, Pier 9, Suite 100, San Francisco, CA 94111, and permit the inspection, copying, and photographing thereof. Notwithstanding the above request, you may avoid a personal appearance on the date and place set forth above by furnishing on or before that date by submitting CD-Rom or DVD discs containing true and correct copies of all such Documents, accompanied by a verification of an authorized representative or custodian of records that said copies are accurate and complete and constitute all Documents responsive to these Requests.

20. Please produce each and all of the things in evidence identified above that are maintained in computerized data format on or before thirty days from the service of this request by delivering electronic containing true and correct copies of such Documents at the office of Gross Klein PC, The Embarcadero, Pier 9, Suite 100, San Francisco, CA 94111, sgross@grosskleinlaw.com.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

**DOCUMENTS TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show Your business registration and formation, including but not limited to corporate charter, articles of incorporation, operating agreements, bylaws and statements of information. This Request is not subject to the temporal limitation described in Instruction No. 2.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show Your ownership interest in any entity, including but not limited to partnerships, corporations, and limited liability corporations, involved in the Commercial Dungeness Crab Industry. This Request is not subject to the temporal limitation described in Instruction No. 2.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show all partnerships You have with entities involved in the Commercial Dungeness Crab Industry. This Request is not subject to the temporal limitation described in Instruction No. 2.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show all of Your acquisitions of businesses, physical and non-physical assets from other businesses involved in the Commercial Dungeness Crab Industry, including, without limitation, boats and other equipment. This Request is not subject to the temporal limitation described in Instruction No. 2.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Concerning any liabilities of any business acquired by You or of any business whose assets you acquired.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show Your relationship with any affiliated company. This Request is not subject to the temporal limitation described in Instruction No. 2.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show the identities and positions of Your employees, including without limitation any organizational chart or its equivalent.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show all licenses, permits and/or registrations held by You, now or in the past, concerning the Dungeness Crab Industry or any other seafood industry, including, without limitation, concerning harvesting, receiving, purchasing, or processing Dungeness crab and/or other seafood species. This includes, without limitation, any such licenses, permits and/or registrations associated with any vessels.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Concerning analyses of the Commercial Dungeness Crab Industry, including, but not limited, to forecasted or actual demand, forecasted or actual prices (ex vessel and otherwise), costs (production, storage, shipping, and otherwise), and the timing of season openings and closing. This Request is not subject to the temporal limitation described in Instruction No. 2.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents related to Your policies, practices, procedures, and decision-making protocols Concerning the timing, quantity, type and price of Your purchases of Dungeness crab or any other seafood species.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents related to Your policies, practices, procedures, and decision-making protocols Concerning the timing, quantity, type and price of Your Dungeness crab sales.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Concerning any agreement between You and the owners, operators, and/or crew of Dungeness crab boats.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents Concerning any agreement between You and other Ex Vessel Dungeness crab Buyer, including, without limitation, any other Defendant.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Concerning any agreement between You and operators of any Dungeness crab facilities, including but not limited to wharves, hoists, processing plants, and storage locations.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents Concerning any Ex Vessel purchase of Dungeness crab by You.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show Your Ex Vessel purchases of seafood species other than Dungeness crab.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents Concerning any consideration provided by You to any Crabber, including, but not limited to, any monetary payment for the Ex Vessel Price listed on a Fish Ticket associated with an Ex Vessel purchase, any monetary payments exceeding, or made in addition to, the Ex Vessel Price listed on a Fish Ticket associated with an Ex Vessel purchase, and any in-kind consideration such as free bait, fuel or ice provided to any Crabber.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents Concerning consideration provided by You to the operator of any Dungeness crab facility, including, but not limited, to wharves, hoists, processing plants, and storage locations.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents Concerning Out the Back Door purchases of Dungeness crab made by You.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show any Out the Back Door purchases of seafood species other than Dungeness crab made by You.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents Concerning Out the Back Door sales of Dungeness crab made by You.

**REQUEST FOR PRODUCTION NO. 22:**

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

Documents sufficient to show any Out the Back Door sales of seafood species other than Dungeness crab made by You.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents Concerning Your purchases of Processed Dungeness crab.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to show Your purchases of processed seafood other than Dungeness crab.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to show Your sales of processed seafood other than Dungeness crab to another Buyer.

**REQUEST FOR PRODUCTION NO. 26:**

All Communications between You and any Ex Vessel Dungeness crab Buyer, including, without limitation, any other Defendant.

**REQUEST FOR PRODUCTION NO. 27:**

All Communications involving any state official, or member or representative of a state-sanctioned group or task force, Concerning the Dungeness Crab Industry, including, without limitation, the opening date of any Commercial Dungeness crab fishery, the quality or quantity of.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents Concerning any meetings with any state official, or member or representative of a state-sanctioned group or task force, Concerning the Dungeness Crab Industry

**REQUEST FOR PRODUCTION NO. 29:**

All Documents obtained by You from any governmental entity in connection with This Action and/or Concerning the subject matter of This Action.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents produced by You to any governmental entity Concerning the subject matter of this action and/or the Dungeness Crab Industry.

**REQUEST FOR PRODUCTION NO. 31:**

All Communications Concerning either Plaintiff or Kenny Burns.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

**REQUEST FOR PRODUCTION NO. 32:**

All Communications with either Plaintiff or Kenny Burns.

**REQUEST FOR PRODUCTION NO. 33:**

All Communications with any Dungeness crab fisher.

**REQUEST FOR PRODUCTION NO. 34:**

All Communications Concerning This Action, including but not limited to the allegations in the Second Amended Complaint.

**REQUEST FOR PRODUCTION NO. 35:**

All Communications Concerning document preservation.

**REQUEST FOR PRODUCTION NO. 36:**

All Your Communications Concerning Triple G Seafood, Ozzie Gregorio, and/or the owners, employees, agents or representatives of Triple G Seafood.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents Concerning the processing of Dungeness crab, including but not limited to the cost, volume, processing location, and type of processing.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents Concerning the storage of processed and unprocessed Dungeness crab, including but not limited to costs, type of product, storage location, and inventory.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents Concerning the shipping or transportation of processed and unprocessed Dungeness crab, including but not limited to costs, volume, origin, destination, and shipping method.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents Concerning sales, by volume, price, purchaser, condition or quality grade and type of processing if applicable, of processed and unprocessed Dungeness crab.

**REQUEST FOR PRODUCTION NO. 41:**

Your profit and loss statements, cashflow statements, balance sheets, and general ledgers.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

**REQUEST FOR PRODUCTION NO. 42:**

All Documents Concerning loans or other types of financial assistance provided by You to any other commercial seafood business, including, but not limited to, any other Buyer or Defendant.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents Concerning loans or other types of financial assistance received by You from any commercial seafood business, including, but not limited to, any other Buyer, Defendant, other private entity, or government entity.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents Concerning agreements for the use or occupation of facilities used for Your activities Concerning the Commercial Dungeness Crab Industry, including but not limited to dock space, hoists, storage, processing or shipping facilities.

**REQUEST FOR PRODUCTION NO. 45:**

Documents sufficient to show Your document retention policies at each location where physical records are stored.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to show Your document retention policies Concerning electronically stored Documents.

**REQUEST FOR PRODUCTION NO. 47:**

All Communications Concerning Your destruction of Documents, physical or digital, Concerning Your commercial Dungeness crab business.

**REQUEST FOR PRODUCTION NO. 48:**

Any Document referred to by You in any filings with the Court in This Action.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents You intend to rely on at trial.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents referred to by any of Your employees, agents or representatives in a deposition Concerning This Action.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

**REQUEST FOR PRODUCTION NO. 51:**

All Documents referred to in any response by You to any Interrogatory.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents Concerning any response by You to any Requests for Admission, if such a response is anything but an unqualified admission.

**REQUEST FOR PRODUCTION NO. 53:**

All Documents identified in Your Rule 26 initial disclosures.

Dated: March 11, 2025

By: */s/ Stuart G. Gross*

Stuart G. Gross (SBN 251019)
Travis H.A. Smith (SBN 331305)
Ross A. Middlemiss (SBN 323737)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628
*sgross@grosskleinlaw.com*
*tsmith@grosskleinlaw.com*
*rmiddlemiss@grosskleinlaw.com*

Matthew W. Ruan (SBN 264409)
**FREED KANNER LONDON & MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
(224) 632-4500
*mruan@fklmlaw.com*

Matthew S. Weiler (SBN 236052)
Raymond S. Levine (SBN 348030)
**SCHNEIDER WALLACE COTTRELL KONECKY, LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608

(415) 421-7100
mweiler@schneiderwallace.com
*rlevine@schneiderwallace.com*

Steven N. Williams (SBN 175489)
**STEVEN WILLIAMS LAW, P.C.**
201 Spear St, Suite 1100
San Francisco, CA 94105
(415) 671-4628
*swilliams@stevenwilliamslaw.com*

*Counsel for Plaintiffs and the Proposed Classes*

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

**PROOF OF SERVICE**

I, Ian Atkinson-Young, declare:

I am a citizen of the United States and employed in San Francisco, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Pier 9, Suite 100, The Embarcadero, San Francisco, CA 94111. On March 11, 2025, I served a copy of the following documents:

**PLAINTIFFS' AMENDED REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS, EXCEPT OCEAN KING FISH, INC., SET ONE**

☒ **BY EMAIL:** by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

**SERVICE LIST**

| | |
|---|---|
| Edward C. Duckers<br>Charles H. Samel<br>Stoel Rives LLP<br>1 Montgomery Street, Suite 3230<br>San Francisco, CA 94104<br><br>Matthew D. Segal<br>Michelle J. Rosales<br>Stoel Rives LLP<br>500 Capitol Mall, Suite 1600<br>Sacramento, CA 95814<br><br>Timothy W. Snider<br>Stoel Rives LLP<br>760 SW Ninth Avenue, Suite 3000<br>Portland, OR 97205<br><br>charles.samel@stoel.com<br>ed.duckers@stoel.com<br>timothy.snider@stoel.com<br>matthew.segal@stoel.com<br>michelle.rosales@stoel.com<br>roxanne.forestiere@stoel.com<br>lauren.markovich@stoel.com | *Counsel for Defendants*<br>Pacific Seafood Procurement, LLC, Pacific Seafood Processing, LLC, Pacific Seafood Fleet, LLC, Pacific Seafood Distribution, LLC, Pacific Seafood Usa, LLC, Dulcich, Inc., Pacific Seafood – Eureka, LLC, Pacific Seafood – Charleston, LLC, Pacific Seafood – Warrenton, LLC, Pacific Seafood – Newport, LLC, Pacific Seafood – Brookings, LLC, Pacific Seafood – Westport, LLC, and Pacific Surimi – Newport LLC |

| | |
|---|---|
| Sean Gates<br>Illovsky Gates & Calia LLP<br>155 N. Lake Avenue, Suite 800<br>Pasadena, California 91101<br><br>Eva Schueller<br>Illovsky Gates & Calia LLP<br>1611 Telegraph Avenue, Suite 806<br>Oakland, California 94612<br><br>sean@illovskygates.com<br>eschueller@illovskygates.com | *Counsel for Defendants*<br>Blue River Seafood, Inc., Safe Coast Seafoods, LLC, and Safe Coast Seafoods Washington, LLC |
| Christopher J. Kayser<br>Elizabeth E. Parker<br>Larkins Vacura Kayser<br>121 SW Morrison St. Suite 700<br>Portland, OR<br><br>Brian A. E. Smith<br>Joseph J. Fraresso<br>Bartko LLP<br>1100 Sansome Street<br>San Francisco, CA 94111<br><br>cjkayser@lvklaw.com<br>eparker@lvklaw.com<br>bsmith@bartkolaw.com<br>jfraresso@bartkolaw.com | *Counsel for Defendants*<br>Ocean Gold Seafoods, Inc. |
| Huechi Wong<br>HH Legal Group<br>2443 Fillmore St #380-4372<br>San Francisco, CA 94115<br>hwonglegal@gmail.com<br>huechi@hhdisputes.com | *Counsel for Defendants*<br>Nor-Cal Seafood, Inc. and Kevin Lee |
| Jonathan W. Thames<br>Kevin Lih<br>Kennedys Law LLP<br>455 Market Street, Suite 1900<br>San Francisco, CA 94105<br>Jonathan.Thames@kennedyslaw.com<br>Kevin.Lih@kennedyslaw.com | *Counsel for Defendants*<br>American Seafood Exp, Inc. |

Gross Klein PC
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111

| | |
|---|---|
| Scott Cameron<br>Josiah Prendergast<br>Weintraub Tobin Chediak Coleman Grodin<br>400 Capitol Mall, 11th Floor<br>Sacramento, California 95814<br><br>scameron@weintraub.com<br>JPrendergast@weintraub.com<br>DAguillen@weintraub.com<br>aespanapurpur@weintraub.com<br>mcantrell@weintraub.com | *Counsel for Defendants*<br>California Shellfish Company, Inc. and Robert Bugatto Enterprises, Inc. |
| Nick Gunn<br>Lauren B. Mauer<br>International Maritime Group PLLC<br>701 Fifth Avenue, 42nd Floor<br>Seattle, WA 98104<br><br>Duncan Macfarlane<br>MACFARLANE LAW<br>710 Ericksen Ave. NE, Suite 201<br>Bainbridge Is, WA 98110<br><br>mauer@maritime.law<br>Hurst@maritime.law<br>Gunn@maritime.law<br>Duncan@Macfarlane-Law.com | *Counsel for Defendants*<br>Alaska Ice Seafoods, Inc. and Long Fisheries, Inc. |
| Colin W. Morrow<br>Vannucci Momsen Morrow<br>45060 Ukiah St., Ste. A<br>P.O. Box 1214<br>Mendocino, CA 95460<br>cmorrow@vmm-law.com | *Counsel for Defendants*<br>Caito Fisheries, Inc. |
| Steven J. Goon<br>Sarah Buiten<br>Rutan & Tucker, LLP<br>18575 Jamboree Road, 9th Floor<br>Irvine, CA 92612<br>sgoon@rutan.com<br>Svanbuiten@rutan.com<br>Dghani@rutan.com | *Counsel for Defendants*<br>Caito Fisheries, LLC and Southwind Foods, LLC |

| | |
|---|---|
| Steven McLellan<br>Claire Melehani<br>McLellan Law Group, LLP<br>McLellan Law Group, LLP<br>20665 4th Street, Suite 202<br>Saratoga, CA 95070<br>Steven@mclellanlawgroup.com<br>claire@mclellanlawgroup.com<br>Sara@mclellanlawgroup.com<br>elizabeth@mclellanlawgroup.com | *Counsel for Defendants*<br>Fishermen's Catch, Inc. |
| Ann A.P. Nguyen<br>Bonnie M. Ross<br>Messner Reeves LLP<br>160 W Santa Clara Street, Suite 1000<br>San Jose, CA 95113<br>anguyen@messner.com<br>bross@messner.com | *Counsel for Defendants*<br>Global Quality Foods, Inc. |
| Bao-Quan P. Pham<br>Bao-Quan Pham Law<br>345 N. 18th Street<br>San Jose, CA 95112<br>baopham408@sbcglobal.net | *Counsel for Defendants*<br>Global Quality Seafood LLC |
| Philip J. Wang<br>Traci Michelle Keith<br>Putterman Yu Wang LLP<br>345 California St. Suite 1160<br>San Francisco, CA 94104<br>pwang@plylaw.com<br>ayoung@plylaw.com | *Counsel for Defendants*<br>Ocean King Fish Inc. |

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

| | |
|---|---|
| J. Timothy Hobbs<br>Trudy D. Tessaro<br>Henry J. Brockway<br>Victoria S. Duarte<br>K&L Gates LLP<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA 98104-1158<br><br>Michael J. Stortz<br>K&L Gates LLP<br>4 Embarcadero Center, Suite 1200<br>San Francisco, California 94111<br><br>Victoria S. Pereira Duarte<br>K&L Gates LLP<br>70 W. Madison Street, Suite 3300,<br>Chicago, Illinois 60602<br><br>tim.hobbs@klgates.com<br>Michael.Stortz@klgates.com<br>trudy.tessaro@klgates.com<br>Henry.Brockway@klgates.com<br>Victoria.Duarte@klgates.com | *Counsel for Defendants*<br>Bornstein Seafoods, Inc. and Astoria Pacific Seafoods, LLC |

I declare under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed March 11, 2025.

By: ___________________________
Ian Atkinson-Young

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111