# EXHIBIT 20

HUECHI WONG (State Bar No. 313536)
2443 Fillmore Street, #380-4372
San Francisco, CA 94115
Tel: (510) 402-5333
Email: hwonglegal@gmail.com

Attorneys for Defendants
Nor-Cal Seafood, Inc. and
Kevin Lee

JONATHAN HERSCHEL BORNSTEIN (SBN 163392)
**BORNSTEIN & BORNSTEIN LAW GROUP**
2701 Telegraph Avenue, Suite 200
Oakland, CA 94612-1715
Telephone: (510) 901-0010
Facsimile: (510) 560-3590
Email: jonathan@bornsteinlaw.com

Attorney for Defendant
Nor-Cal Seafood, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

BRAND LITTLE, ROBIN BURNS, AND CHERRY FISHERIES INC., Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

PACIFIC SEAFOOD PROCUREMENT, LLC, ET AL., *ET AL.*,

Defendants.

CASE NO.: 3:23-cv-01098-AGT

DEFENDANT NOR-CAL SEAFOOD, INC.'S RESPONSES TO PLAINTIFFS BRAND LITTLE, ROBIN BURNS, AND CHERRY FISHERIES INC.'S THIRD SET OF SPECIAL INTERROGATORIES

Discovery Propounded: Special Interrogatories

Propounding Party: Brand Little, Robin Burns, and Cherry Fisheries Inc.

Responding Party: Nor-Cal Seafood, Inc.

Set Number: Three

**RESPONSES TO SPECIAL INTERROGATORIES**

**SPECIAL INTERROGATORY NO. 13:**

For all types of Communications—including, but not limited to, emails, text messages, and WhatsApp or other electronic messages—that You have collected of any person—including, without limitation, from any of Your principals or employees (current or former)—in connection with This Action—including, without limitation, any collection conducted by You in response to any Request for Production of Documents or Subpoena—provide, for each instance that You collected Communications: (a) the Identity of the person whose Communications were collected; (b) the type of Communications that were collected; (c) the date on which the collection took place; (d) the method used for the collection; (e) the earliest send date of each type of Communications collected; (f) the earliest received date of each type of Communications collected; (g) as applicable, the type of device—e.g., mobile phone—or file location—e.g., company email server or local PST of user—from which each type of Communications was collected; (h) the Identity of the owner of the device or file location from which each type of Communications was collected; and (i) the current physical location of each device or file location from which each type of Communications was collected.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Objection. Responding party objects that this interrogatory is compound, complex, overbroad, vague and ambiguous. Responding party further objects that this interrogatory seeks privileged attorney-client communications and violates the attorney work product doctrine. Responding party also objects that this interrogatory is burdensome, unjust and oppressive. Responding party further objects that this interrogatory seeks information that violates responding party's or third-parties' right to privacy. Without waiving said objections:

(a) 1. Hubert Wong, 2. Kevin Lee, 3. Vicky Nowlin, 4. Todd Kirkland;

(b) text messages;

(c) 1. Approximately September 2025, 2. Approximately June 2025, 3 & 4. April 2026;

(d) iMazing, photos;

(g) mobile phone

(i) with each owner.

**SPECIAL INTERROGATORY NO. 14:**

For all types of Communications—including, but not limited to, emails, text messages, and WhatsApp or other electronic messages—that You have collected of any person—including, without limitation, from any of Your principals or employees (current or former)—in connection with This Action—including, without limitation, any collection conducted by You in response to any Request for Production of Documents or Subpoena—explain, by person and by category of Communications, why no Communications sent or received prior to the dates provided in Your response to subsections (e) and (f), respectively, of Interrogatory Number 13 were collected.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Objection. Responding party objects that this interrogatory is compound, complex, overbroad, vague and ambiguous. Responding party further objects that this interrogatory seeks privileged attorney-client communications and violates the attorney work product doctrine. Responding party also objects that this interrogatory is burdensome, unjust and oppressive. Responding party further objects that this interrogatory seeks information that violates responding party's or third-parties' right to privacy. Without waiving said objections: Communications prior to such dates do not exist.

**SPECIAL INTERROGATORY NO. 15:**

Describe any collection by You of any Phone Log of any person, including: (a) the Identity of the person from whose phone the Phone Log was collected; (b) the date(s) on which each Phone Log was collected; (c) the Identity of the owner of the device from which a phone log was collected; and (d) the current physical location of each device from which a phone log was collected.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Objection. Responding party objects that this interrogatory is compound, complex, overbroad,

vague and ambiguous. Responding party further objects that this interrogatory seeks privileged attorney-client communications and violates the attorney work product doctrine. Responding party also objects that this interrogatory is burdensome, unjust and oppressive. Responding party further objects that this interrogatory seeks information that violates responding party's or third-parties' right to privacy. Without waiving said objections: Responding Party is working on obtaining phone logs.

**SPECIAL INTERROGATORY NO. 16:**

Identify any person on the list attached hereto as Exhibit A who has ever been Your owner, principal, employee, or agent, providing for each such person: (a) the position(s) and/or agency relationship(s) that the person had with You; and (b) the dates during which the person had each such position and/or agency relationship with You.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Responding Party objects to this request based on the following: privacy; burdensome; oppressive; beyond the scope of discovery; overbroad; Without waiving said objections:

Vicky Nowlin (a) dock manager (b) since approximately 2001 to present.

Robin Creed (a) dock manager (b) approximately 2023 to present.

Kevin Wilson (a) dock manager (b) approximately 2001 to 2016.

Hubert Wong (a) CEO (b) approximately March 2024 to present

Kevin Lee (a) former CEO (b) approximately 1997 to March 2024

**SPECIAL INTERROGATORY NO. 17:**

Identify any person on the list attached hereto as Exhibit B who has ever been Your owner, principal, employee, or agent, providing for each such person: (a) the position(s) and/or agency relationship(s) that the person had with You; and (b) the dates during which the person had each such position and/or agency relationship with You.

**RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

Responding Party objects to this request based on the following: beyond the scope of discovery; overbroad; oppressive; burdensome; Discovery is continuing. Responding party reserves the right to supplement this response as additional information becomes available.

DATED: June 2, 2026

_______________________________

HUECHI WONG, ESQ.
Attorney for Defendants
Nor-Cal Seafood, Inc. and Kevin Lee