# EXHIBIT 23

W. Scott Cameron, State Bar No. 229828
Josiah M. Prendergast, State Bar No. 292840
Carly M. Moran, State Bar No. 333661
**weintraub tobin** chediak coleman grodin
LAW CORPORATION
400 Capitol Mall, 11th Floor
Sacramento, California 95814
Telephone: 916.558.6000
Facsimile: 916.446.1611
Email: SCameron@weintraub.com
JPrendergast@weintraub.com
CMoran@weintraub.com

*Attorneys for Defendants*
*California Shellfish Company, Inc. and*
*Robert Bugatto Enterprises*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

BRAND LITTLE, and ROBIN BURNS, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

PACIFIC SEAFOOD PROCUREMENT, LLC; PACIFIC SEAFOOD PROCESSING, LLC; PACIFIC SEAFOOD FLEET, LLC; PACIFIC SEAFOOD DISTRIBUTION, LLC; PACIFIC SEAFOOD USA, LLC; DULCICH, INC.; PACIFIC SEAFOOD EUREKA, LLC; PACIFIC SEAFOOD CHARLESTON, LLC; PACIFIC SEAFOOD – WARRENTON, LLC; PACIFIC SEAFOOD – NEWPORT, LLC; PACIFIC SEAFOOD – BROOKINGS, LLC, PACIFIC SEAFOOD – WESTPORT, LLC; PACIFIC SURIMI – NEWPORT, LLC; BLUE RIVER SEAFOOD, INC.; SAFE COAST SEAFOODS, LLC; SAFE COAST SEAFOODS WASHINGTON, LLC; OCEAN GOLD SEAFOODS, INC.; NOR-CAL SEAFOOD, INC.; AMERICAN SEAFOOD EXP, INC.; CALIFORNIA

Case No.: 2:23-cv-01098-AGT

**DEFENDANT CALIFORNIA SHELLFISH COMPANY, INC.'S RESPONSE TO INTERROGATORIES, SET THREE**

Judge: The Honorable Alex G. Tse

weintraub tobin chediak coleman grodin
law corporation

SHELLFISH COMPANY, INC.; ROBERT BUGATTO ENTERPRISES, INC.; ALASKA ICE SEAFOODS, INC.; LONG FISHERIES, INC.; CAITO FISHERIES, INC.; CATIO FISHERIES, LLC; SOUTHWIND FOODS, LLC; FISHERMEN'S CATCH, INC.; GLOBAL QUALITY FOODS, INC.; GLOBAL QUALITY SEAFOOD LLC; OCEAN KING FISH, INC.; SOUTH BEND PRODUCTS LLC; SWANES SEAFOOD HOLDING COMPANY LLC; BORNSTEIN SEAFOODS, INC.; ASTORIA PACIFIC SEAFOODS, LLC; and DOES 29-60,

Defendants.

**PROPOUNDING PARTY:** **PLAINTIFFS BRAND LITTLE AND ROBIN BURNS**

**RESPONDING PARTY:** **CALIFORNIA SHELLFISH COMPANY, INC.**

**SET NUMBER:** **THREE**

Defendant California Shellfish Company, Inc. ("CA Shellfish" or "Responding Party") responds to the Third Set of Interrogatories propounded by Plaintiffs Brand Little and Robin Burns ("Plaintiff") as follows:

**PRELIMINARY STATEMENT**

Responding Party has not completed its investigation and discovery into the facts related to this action. The following responses are based solely upon information presently available to Responding Party. These responses are made without waiving Responding Party's rights to produce any subsequently discovered fact or information. Therefore, Responding Party expressly reserves the right to amend or supplement these responses based upon any subsequently discovered facts or information responsive to the Plaintiff's interrogatories.

The following objections are based on information presently available to Responding Party and, except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact Responding Party has objected or responded to any interrogatory or part thereof should not be taken as an admission Defendant accepts or admits the existence of any facts set forth or assumed by any such interrogatory. The fact Responding Party has objected to part or all of any

///

weintraub tobin chediak coleman grodin
law corporation

interrogatory is not intended and shall not be construed to be a waiver by Responding Party of all or any part of any objections to Plaintiff's interrogatories.

**GENERAL OBJECTIONS**

The following General Objections apply to each of CA Shellfish's responses below and are incorporated into CA Shellfish's specific objections. Notwithstanding the specific response to any Interrogatory, CA Shellfish does not waive any general objections.

1. CA Shellfish objects to the Interrogatories to the extent that they purport to impose discovery obligations on CA Shellfish broader in scope than those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable law. CA Shellfish will respond to the Interrogatories consistent with these rules and applicable laws.

2. CA Shellfish objects to the Interrogatories to the extent that they seek information or documents protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege, or any other applicable privilege, doctrine, or immunity from discovery. CA Shellfish will not produce any information subject to such privileges, doctrines, or immunities, and nothing in these responses and objections is intended to be, or in any way constitutes, a waiver of any such privilege, doctrine, or immunity. To the extent that any inadvertent production of information subject to a privilege, doctrine, or immunity from discovery is made in response to the Interrogatories, such production shall not constitute a waiver of any applicable privilege or protection. Specific objections to an Interrogatory on the grounds of privilege are provided below for emphasis and clarity only, and the absence of a specific objection should not be interpreted as evidence that CA Shellfish does not object to an Interrogatory on the grounds of privilege.

3. To the extent an Interrogatory seeks the disclosure of protected material, including but not limited to trade secrets, business plans and strategies, confidential research, development, or competitively sensitive commercial information, private personally identifiable information, or other sensitive personal information, any disclosure of such information shall be subject to the Protective Order entered on June 26, 2024. (Dkt. No. 63.)

4. CA Shellfish objects to the Interrogatories as overbroad and unduly burdensome to the extent they seek documents created prior to January 1, 2016, given that Plaintiffs allege a Class

weintraub tobin chediak coleman grodin
law corporation

Period beginning January 1, 2016 (Second Amended Complaint, Dkt. No. 255 (the "SAC") ¶ 12: 12-13) and a conspiracy period beginning with the 2015/2016 Dungeness crab season (SAC ¶ 422: 15-21).

5. CA Shellfish objects to each of the Interrogatories seeking "all," "each," "any," "relating to," and "regarding" the referenced information. Such requests are unduly burdensome or expensive, seek cumulative information, and do not describe the information sought with sufficient particularity. CA Shellfish will construe the terms of all Interrogatories to request that CA Shellfish use reasonable diligence to locate responsive non-privileged information, based upon inquiry of those persons who reasonably may be expected to possess such information and on examination of those sources that reasonably may be expected to yield such information.

6. CA Shellfish objects to the Interrogatories to the extent that they are repetitive, duplicative, overly broad, seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive, or to the extent they otherwise impose an undue burden upon CA Shellfish.

7. CA Shellfish objects to the Interrogatories to the extent that they seek information that is not within CA Shellfish's possession, custody, or control.

8. CA Shellfish objects to the Interrogatories to the extent that they seek information that already is within Plaintiffs' possession, custody, or control.

9. CA Shellfish objects to the Interrogatories to the extent that they seek information in the possession, custody, or control of third parties or that is publicly available, and thus equally or more easily available to Plaintiffs from those sources.

10. CA Shellfish objects to the Interrogatories to the extent that they are vague, ambiguous, overboard, and/or unduly burdensome.

11. CA Shellfish objects to the Interrogatories to the extent that they seek information the disclosure of which would violate the terms of agreements entered into with third parties, or violate the intellectual property, contractual, privacy, or other rights of third parties.

///

///

weintraub tobin chediak coleman grodin law corporation

12. CA Shellfish objects to the Interrogatories to the extent that they seek information not relevant to any claim or defense of any party in this action or reasonably calculated to lead to the discovery of admissible evidence.

13. CA Shellfish objects to the Interrogatories to the extent that they call for the premature discovery of expert materials.

14. A response indicating that CA Shellfish will provide information shall not be construed as an admission that such information exists, or that it exists within CA Shellfish's possession, custody, or control.

15. CA Shellfish's responses to these Interrogatories are made without waiving their right to object to the relevance, materiality, or admissibility of any such response in this or any subsequent or related litigation, or their rights to object to other discovery requests concerning the subject matter of these Interrogatories.

16. A partial answer to any Interrogatory that CA Shellfish has objected to is not a waiver of the objection. By asserting certain objections, CA Shellfish does not waive other objections that may become available.

17. The objections and responses set forth herein are based on information known to CA Shellfish at this time and are without prejudice to their rights to supplement their responses or to assert additional objections should they discover additional information or grounds for objection at any time before trial. CA Shellfish reserves the right to amend further these objections and/or responses, or any portion thereof.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. The Interrogatories set forth a time period of January 1, 2005 to the present. CA Shellfish generally objects to this lack of time period on the basis that the Interrogatories are overbroad, unduly burdensome, and inconsistent with the SAC's allegations of a conspiracy period beginning with the 2015/2016 Dungeness crab season (SAC ¶ 422:15–21). In the specific objections and responses below, this objection shall be referred to as the "Relevant Time Period Objection."

2. CA Shellfish objects to the definition of the terms "You" and "Your" to the extent that it includes "its officers, executives, directors, employees, partners, consultants, divisions, branches,

weintraub tobin chediak coleman grodin law corporation

offices, and agents, including without limitation legal counsel." CA Shellfish further objects to the definition of the terms "You" and "Your" on the grounds that they are overly broad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and seeks to require CA Shellfish to produce documents not in CA Shellfish's possession, custody, or control. CA Shellfish will give these terms their ordinary meanings.

3. CA Shellfish objects to the definition of the term "Commercial Dungeness Crab Industry" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to the "harvest, procurement, processing, marketing and sale of Dungeness crab" to the extent "harvest, procurement, processing, marketing and sale" are undefined terms subject to multiple interpretations.

4. CA Shellfish objects to the definition of the term "Fisher" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to "commercial fishing" and "commercial fishing vessel" to the extent such terms are undefined terms subject to multiple interpretations.

5. CA Shellfish objects to the definition of the term "Buyer" on the grounds that the definition is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it includes purchases of "other fishes directly from a Fisher with the purposes of reselling the fish, with or without further processing" not relevant to the claims and defenses in the litigation.

6. CA Shellfish objects to the definition of the term "Ex Vessel" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to "fresh commercial seafood" where "commercial seafood" is undefined.

7. CA Shellfish objects to the definition of the term "Ex Vessel Price" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with the incorporation of the definition of Ex Vessel and "fresh commercial seafood" where "commercial seafood" is undefined.

///

weintraub tobin chediak coleman grodin
law corporation

8. CA Shellfish objects to the definition of the term "Out the Back Door" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to "unprocessed Dungeness crab" and purchases of "Dungeness crab Ex Vessel" that incorporates the vagueness and ambiguity of "Ex Vessel."

9. CA Shellfish objects to the definition of the term "Processed Dungeness Crab" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to "commercial Dungeness crab" and "cooked," as well as "Ex Vessel purchase" that incorporates the vagueness and ambiguity of "Ex Vessel."

10. CA Shellfish objects to the definition of the term "Document" to the extent that it requires CA Shellfish to conduct searches broader than a reasonable and diligent search of reasonably accessible files (including electronic files) where responsive information reasonably would be expected to be found or would to impose on CA Shellfish duties and obligations beyond those imposed by the Federal Rules of Civil Procedure; Local Rules; the Stipulated Protective Order (Dkt. No. 63); any forthcoming Stipulated Order Regarding Production of Electronically Stored Information and Paper Documents; or any other order of the Court. CA Shellfish will give this term its ordinary meaning.

11. CA Shellfish objects to the definition of the term "Communications" to the extent that it requires CA Shellfish to conduct searches broader than a reasonable and diligent search of reasonably accessible files (including electronic files) where responsive information reasonably would be expected to be found or would to impose on CA Shellfish duties and obligations beyond those imposed by the Federal Rules of Civil Procedure; Local Rules; the Stipulated Protective Order (Dkt. No. 63); any forthcoming Stipulated Order Regarding Production of Electronically Stored Information and Paper Documents; or any other order of the Court. CA Shellfish further objects to the definition of "Communications" as imposing undue burden and expense to the extent that, in the context of any particular request, it would encompass emails or other electronically stored information without reasonable limits paced on the number of custodians and keywords to reduce the burden and expense of collection, processing, review, and production. CA Shellfish will give this term its ordinary meaning.

weintraub tobin chediak coleman grodin law corporation

12. CA Shellfish objects to the instruction regarding claiming a privilege, statutory authority, or regulatory authority as a ground for nonproduction (including ¶ 11(a)–(i)) to the extent this requires CA Shellfish to conduct searches broader than a reasonable and diligent search of reasonably accessible files (including electronic files) where responsive information reasonably would be expected to be found or would to impose on CA Shellfish duties and obligations beyond those imposed by the Federal Rules of Civil Procedure; Local Rules; the Stipulated Protective Order (Dkt. No. 63); any forthcoming Stipulated Order Regarding Production of Electronically Stored Information and Paper Documents; or any other order of the Court.

Subject to the foregoing, and without waiver, modification, or limitation, CA Shellfish objects and responds to these Interrogatories as follows.

**INTERROGATORIES AND OBJECTIONS**

**INTERROGATORY NO. 13:**

For all types of Communications—including, but not limited to, emails, text messages, and WhatsApp or other electronic messages—that You have collected of any person—including, without limitation, from any of Your principals or employees (current or former)—in connection with This Action—including, without limitation, any collection conducted by You in response to any Request for Production of Documents or Subpoena—provide, for each instance that You collected Communications: (a) the Identity of the person whose Communications were collected; (b) the type of Communications that were collected; (c) the date on which the collection took place; (d) the method used for the collection; (e) the earliest send date of each type of Communications collected; (f) the earliest received date of each type of Communications collected; (g) as applicable, the type of device—e.g., mobile phone—or file location—e.g., company email server or local PST of user—from which each type of Communications was collected; (h) the Identity of the owner of the device or file location from which each type of Communications was collected; and (i) the current physical location of each device or file location from which each type of Communications was collected.

**RESPONSE TO INTERROGATORY NO. 13:**

CA Shellfish incorporates the General Objections and Objections to Definitions and

weintraub tobin chediak coleman grodin
law corporation

Instructions. In addition, CA Shellfish objects to this Interrogatory on the basis that it is vague, overbroad, unduly burdensome, compound with many subparts, not proportional to the needs of the case, and seeks information not relevant or not reasonably calculated to lead to the discovery of admissible evidence including, without limitation, because it seeks information undefined in its substantive and temporal scope and it seeks information about CA Shellfish's "collection" of Communications when the Parties have agreed to the collection, review, and production of Communications from specific custodians as more fully described below. CA Shellfish further objects to this Interrogatory to the extent that it seeks information protected by the Attorney Client Privilege and Work Product Doctrine. CA Shellfish objects to this Interrogatory as premature as discovery is ongoing and CA Shellfish is still in the process of collecting, reviewing, and producing documents.

Subject to and without waiving the foregoing objections, CA Shellfish responds as follows: CA Shellfish collected data, including text messages, emails, and contact lists, from the mobile phones of the following custodians, each of whom is the owner of the mobile phone from which data was collected:

Eugene Bugatto, Scott Adams, JD Evanow, Robert Green, and Walter Wilkerson. The first collection was performed on or about July 30, 2025, and a second collection was performed in May 2026. A vendor was engaged to perform the collections, and we have not yet received the data from the second collection. As such, we are unable at this time to provide the earliest sent and received dates of each type of communications collected. Moreover, CA Shellfish has not yet completed the collection of emails from other potential custodians. CA Shellfish will supplement this response as it is able.

**INTERROGATORY NO. 14:**

For all types of Communications—including, but not limited to, emails, text messages, and WhatsApp or other electronic messages—that You have collected of any person—including, without limitation, from any of Your principals or employees (current or former)—in connection with This Action—including, without limitation, any collection conducted by You in response to any Request for Production of Documents or Subpoena—explain, by person and by category of

weintraub tobin chediak coleman grodin
law corporation

Communications, why no Communications sent or received prior to the dates provided in Your response to subsections (e) and (f), respectively, of Interrogatory Number 13 were collected.

**RESPONSE TO INTERROGATORY NO. 14:**

CA Shellfish incorporates the General Objections and Objections to Definitions and Instructions. In addition, CA Shellfish objects to this Interrogatory on the basis that it is vague, overbroad, unduly burdensome, compound with many subparts, not proportional to the needs of the case, and seeks information not relevant or not reasonably calculated to lead to the discovery of admissible evidence including, without limitation, because it seeks information undefined in its substantive and temporal scope and it seeks information about CA Shellfish's "collection" of Communications when the Parties have agreed to the collection, review, and production of Communications from specific custodians as more fully described below. CA Shellfish further objects to this Interrogatory to the extent that it seeks information protected by the Attorney Client Privilege and Work Product Doctrine. CA Shellfish objects to this Interrogatory as premature as discovery is ongoing and CA Shellfish is still in the process of collecting, reviewing, and producing documents.

Subject to and without waiving the foregoing objections, CA Shellfish responds as follows: A vendor was engaged to perform the collections, and we have not yet received the data from the second collection. As such, we are unable at this time to provide the earliest sent and received dates of each type of communications collected. Moreover, CA Shellfish has not yet completed the collection of emails from other potential custodians. CA Shellfish will supplement this response as it is able.

**INTERROGATORY NO. 15:**

Describe any collection by You of any Phone Log of any person, including: (a) the Identity of the person from whose phone the Phone Log was collected; (b) the date(s) on which each Phone Log was collected; (c) the Identity of the owner of the device from which a phone log was collected; and (d) the current physical location of each device from which a phone log was collected.

/ / /

weintraub tobin chediak coleman grodin law corporation

**RESPONSE TO INTERROGATORY NO. 15:**

CA Shellfish incorporates the General Objections and Objections to Definitions and Instructions. CA Shellfish objects to this Interrogatory on the basis that it is vague, overbroad, unduly burdensome, compound with many subparts, not proportional to the needs of the case, and seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence including, without limitation, because it seeks information undefined in its substantive and temporal scope and it seeks information about CA Shellfish's "collection" of Communications when the Parties have agreed to the collection, review, and production of Communications from specific custodians as more fully described below. CA Shellfish further objects that this Interrogatory is unnecessary, duplicative, and cumulative because Plaintiffs have sought and obtained (or can obtain) phone log information from third-party sources such as telecommunications carriers and other records, and Plaintiffs have not explained what additional, non-duplicative information they seek or why further collection from custodians' personal devices is necessary. CA Shellfish further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. CA Shellfish objects to this Interrogatory as premature as discovery is ongoing and CA Shellfish is still in the process of collecting, reviewing, and producing documents.

Subject to and without waiving the foregoing objections, CA Shellfish responds as follows: CA Shellfish collected phone logs from Scott Adams, JD Evanow, Robert Green, and Walter Wilkerson in May 2026. CA Shellfish is in the process of collecting phone logs from Eugene Bugatto. Each of the above-named individual is the owner of the mobile telephone from whom phone logs were collected. CA Shellfish does not own or control any of the custodian's personal mobile devices, and accordingly does not know the "physical location" of each custodian's mobile phone. CA Shellfish's collection is ongoing and it reserves the right to supplement this response.

**INTERROGATORY NO. 16:**

Identify any person on the list attached hereto as **Exhibit A** who has ever been Your owner, principal, employee, or agent, providing for each such person: (a) the position(s) and/or agency relationship(s) that the person had with You; and (b) the dates during which the person had each such position and/or agency relationship with You.

weintraub tobin chediak coleman grodin law corporation

**RESPONSE TO INTERROGATORY NO. 16:**

CA Shellfish incorporates the General Objections and Objections to Definitions and Instructions. CA Shellfish objects to this Interrogatory on the basis that it is vague, overbroad, unduly burdensome, not proportional to the needs of the case, and seeks information not relevant or not reasonably calculated to lead to the discovery of admissible evidence including, without limitation, because it uses vague and ambiguous terms such as "owner," "principal," "employee," and "agent," and because it is overbroad and unduly burdensome in asking whether any person has "ever been" any such person, without a reasonable time limitation. CA Shellfish further objects to the term "agent" as undefined and calling for a legal conclusion. By identifying certain personnel below, CA Shellfish does not concede that any such personnel are CA Shellfish's agent. CA Shellfish further objects to the extent this Interrogatory seeks information beyond CA Shellfish as a result of Plaintiffs' overbroad definitions of "You" and "Your," or seeks information not within CA Shellfish's possession, custody, or control. CA Shellfish further objects that this Interrogatory is unnecessary, duplicative, and cumulative because Plaintiffs sought the same information in Plaintiffs' previous Interrogatories, which CA Shellfish has already answered.

Subject to and without waiving the foregoing objections, CA Shellfish provides the following list of current and former CA Shellfish personnel who appear on Plaintiffs' Exhibit A, based upon a reasonable and diligent search:

Crystal Adams (Hallmark Asst Plant Mgr) 10-05-2008 thru 12-02-2023

Eugene Bugatto (Hallmark & The Tides Owner) 07-04-1982 thru Present

JD Evanow (Hallmark Live Dock Mgr) 10-16-2023 thru Present

Michael Bugatto (Corp Secretary, Cal Shellfish) 06-11-2012 thru Present

Robert Green (Hallmark Dock Mgr) 12/01/1997 thru Present

Scott Adams (Hallmark Plant Mgr) 06-15-1976 thru Present

Thomas Thompson (Hallmark – Newport Port Mgr) 10-15-1997 thru 04-30-2025

Edward "Tony" Cotter (Hallmark – Port Orford Port Mgr (Deceased)) 11/29-93 thru 11/01/2022

Lorraine Cotter (Hallmark – Port Orford Port Mgr) 11/01/2022 thru Present

weintraub tobin chediak coleman grodin
law corporation

Walter Wilkerson (Hallmark Dock Mgr) 10/14/2011 thru Present

Michael Ryder (Hallmark – Port of Brookings Port Mgr) 10/10/2016 thru 04/30/2025

**INTERROGATORY NO. 17:**

Identify any person on the list attached hereto as **Exhibit B** who has ever been Your owner, principal, employee, or agent, providing for each such person: (a) the position(s) and/or agency relationship(s) that the person had with You; and (b) the dates during which the person had each such position and/or agency relationship with You.

**RESPONSE TO INTERROGATORY NO. 17:**

CA Shellfish incorporates the General Objections and Objections to Definitions and Instructions. CA Shellfish objects to this Interrogatory on the basis that it is vague, overbroad, unduly burdensome, not proportional to the needs of the case, and seeks information not relevant or not reasonably calculated to lead to the discovery of admissible evidence including, without limitation, because it uses vague and ambiguous terms such as "owner," "principal," "employee," and "agent," and because it is overbroad and unduly burdensome in asking whether any person has "ever been" any such person, without a reasonable time limitation. CA Shellfish further objects to the term "agent" as undefined and calling for a legal conclusion. By identifying certain personnel below, CA Shellfish does not concede that any such personnel are CA Shellfish's agent. CA Shellfish further objects to the extent this Interrogatory seeks information beyond CA Shellfish as a result of Plaintiffs' overbroad definitions of "You" and "Your," or seeks information not within CA Shellfish's possession, custody, or control. CA Shellfish further objects that this Interrogatory is unnecessary, duplicative, and cumulative because Plaintiffs sought the same information in Plaintiffs' previous Interrogatories, which CA Shellfish has already answered.

Subject to and without waiving the foregoing objections, CA Shellfish states that there are no current or former CA Shellfish personnel who appear on Plaintiffs' Exhibit B, based upon a reasonable and diligent search.

/ / /

/ / /

/ / /

weintraub tobin chediak coleman grodin law corporation

Dated: June 18, 2026

**weintraub tobin** chediak coleman grodin
LAW CORPORATION

By: [signature]
W. SCOTT CAMERON Attorneys for CALFORNIA SHELLFISH COMPANY, INC., dba HALMARK FISHERIES

**weintraub tobin** chediak coleman grodin
law corporation

**VERIFICATION**

I, Eugene Bugatto, declare:

I am the owner and CEO of CALIFORNIA SHELLFISH COMPANY, INC., Defendant in the above referenced action. I have read the foregoing RESPONSE TO SPECIAL INTERROGATORIES, SET THREE ("RESPONSE"), and know the contents thereof. I believe, based on a reasonable inquiry and investigation, that the answers contained in the RESPONSE are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California on Jun 18, 2026 | 1:38 PM PDT.

[signature]

Eugene Bugatto

weintraub tobin chediak coleman grodin law corporation

weintraub tobin chediak coleman grodin
law corporation

**PROOF OF SERVICE**

I, the undersigned, declare:

I am a citizen of the United States, employed in the City and County of Sacramento, California. My business address is 400 Capitol Mall, 11th Floor, Sacramento, California 95814 and my email address is daguillen@weintraub.com. I am over the age of 18 years and not a party to the within action.

On the date below, I caused to be served the attached, and all exhibits thereto:

**DEFENDANT CALIFORNIA SHELLFISH COMPANY, INC.'S RESPONSE TO INTERROGATORIES, SET THREE**

[ X ] (VIA EMAIL) I caused each such document to be sent by electronic mail to the addressees at the email addresses listed below.

**SERVICE LIST:**

| | |
|---|---|
| Stuart G. Gross<br>Travis H.A. Smith<br>Jan Jorritsma<br>Gross Klein PC<br>The Embarcadero Pier 9, Suite 100<br>San Francisco, CA 94111<br>(415) 671-4628<br><br>*sgross@grosskleinlaw.com*<br>*tsmith@grosskleinlaw.com*<br>*iatkinsonyoung@grosskleinlaw.com*<br>*jjorritsma@grosskleinlaw.com* | Counsel for Plaintiffs and the Proposed Classes |
| Matthew W. Ruan<br>Samantha Maria Gupta<br>Freed Kanner London & Millen LLC<br>100 Tri-State International, Suite 128<br>Lincolnshire, IL 60069<br>(224) 632-4500<br><br>mruan@fklmlaw.com<br>sgupta@fklmlaw.com | Counsel for Plaintiffs and the Proposed Classes |

Matthew S. Weiler
Raymond S. Levine
Schneider Wallace Cottrell Konecky, LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
(415) 421-7100

*mweiler@schneiderwallace.com*
*rlevine@schneiderwallace.com*

Counsel for Plaintiffs and the Proposed Classes

Steven N. Williams
Steven Williams Law, P.C.
201 Spear St, Suite 1100
San Francisco, CA 94105
(415) 671-4628

swilliams@stevenwilliamslaw.com
hhaile@stevenwilliamslaw.com
khoward@stevenwilliamslaw.com
lnewcombe@stevenwilliamslaw.com

Counsel for Plaintiffs and the Proposed Classes

Todd Gregorian
Jonathan Tamimi
Fenwick & West LLP
33 Front St., San Francisco, CA 94111

tgregorian@fenwick.com
jtamimi@fenwick.com

Counsel for Plaintiffs and the Proposed Classes

weintraub tobin chediak coleman grodin
law corporation

Edward C. Duckers
Charles H. Samel
Stoel Rives LLP
1 Montgomery Street, Suite 3230
San Francisco, CA 94104

Matthew D. Segal
Michelle J. Rosales
Stoel Rives LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814

Timothy W. Snider
Stoel Rives LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205

*charles.samel@stoel.com*
*ed.duckers@stoel.com*
*timothy.snider@stoel.com*
*matthew.segal@stoel.com*
*michelle.rosales@stoel.com*
*roxanne.forestiere@stoel.com*

Counsel for Defendants
Pacific Seafood Procurement, LLC, Pacific Seafood Processing, LLC, Pacific Seafood Fleet, LLC, Pacific Seafood Distribution, LLC, Pacific Seafood Usa, LLC, Dulcich, Inc., Pacific Seafood – Eureka, LLC, Pacific Seafood – Charleston, LLC, Pacific Seafood – Warrenton, LLC, Pacific Seafood – Newport, LLC, Pacific Seafood – Brookings, LLC, Pacific Seafood – Westport, LLC, and Pacific Surimi – Newport LLC

Sean Gates
Illovsky Gates & Calia LLP
155 N. Lake Avenue, Suite 800
Pasadena, California 91101

Eva Schueller
Illovsky Gates & Calia LLP
1611 Telegraph Avenue, Suite 806
Oakland, California 94612

*sean@illovskygates.com*
*eschueller@illovskygates.com*

Counsel for Defendants
Blue River Seafood, Inc., Safe Coast Seafoods, LLC, and Safe Coast Seafoods Washington, LLC

weintraub tobin chediak coleman grodin
law corporation

Christopher J. Kayser
Elizabeth E. Parker
Larkins Vacura Kayser
121 SW Morrison St. Suite 700
Portland, OR 97204

Brian A. E. Smith
Joseph J. Fraresso
Bartko LLP
1100 Sansome Street
San Francisco, CA 94111

*cjkayser@lvklaw.com*
*eparker@lvklaw.com*
*anieves@lvklaw.com*
*bsmith@bartkolaw.com*
*jfraresso@bartkolaw.com*

Counsel for Defendants
Ocean Gold Seafoods, Inc.

Huechi Wong HH Legal Group
2443 Fillmore St #380-4372
San Francisco, CA 94115
*hwonglegal@gmail.com*
*huechi@hhdisputes.com*

Jonathan H. Bornstein, Esq.
Bornstein & Bornstein
2701 Telegraph Avenue, Suite 200
Oakland, CA 94612-1715
P: (510) 901-0010 Extn. 101
F: (510) 560-3590

calendar@bornsteinlaw.com;
jonathan@bornsteinlaw.com;
erika@bornsteinlaw.com; and
lindsi@bornsteinlaw.com

Counsel for Defendants
Nor-Cal Seafood, Inc. and Kevin Lee

Sean Tamura-Sato
Minami Tamaki LLP
101 Montgomery Street, Suite 825
San Francisco, CA 94104
Phone: 415-788-9000

*seant@minamitamaki.com*
*creyes@minamitamaki.com*
*nruparel@minamitamaki.com*,

Counsel for Defendants
American Seafood Exp, Inc.

weintraub tobin chediak coleman grodin
law corporation

Tim Fitzgerald
Micah Allred
McNaul Ebel
One Union Square
600 Universitty Street, Suite 2700
Seattle, WA 98101

Lukas Sosnicki
Thompson Coburn LLP
10100 Santa Monica Boulevard, Suite 500
Los Angeles, CA 90067
Tel: (310) 282-2500

*TFitzgerald@mcnaul.com*
*MAllred@mcnaul.com*
*ozimmerman@mcnaul.com*
*lnelson@mcnaul.com*
*JHickman@mcnaul.com*
lsosnicki@thompsoncoburn.com

Counsel for Defendants
Alaska Ice Seafoods, Inc. and Long Fisheries, Inc.

Colin W. Morrow
Vannucci Momsen Morrow
45060 Ukiah St., Ste. A
P.O. Box 1214
Mendocino, CA 95460

*cmorrow@vmm-law.com*

Counsel for Defendants
Caito Fisheries, Inc.

Steven J. Goon
Sarah Buiten
Rutan & Tucker, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612

*sgoon@rutan.com*
*Svanbuiten@rutan.com*
*Dghani@rutan.com*
*cpatel@rutan.com*

Counsel for Defendants
Caito Fisheries, LLC and Southwind Foods, LLC

weintraub tobin chediak coleman grodin
law corporation

Steven McLellan
Claire Melehani
McLellan Law Group, LLP
20665 4th Street, Suite 202
Saratoga, CA 95070

*Steven@mclellanlawgroup.com*
*claire@mclellanlawgroup.com*
*Sara@mclellanlawgroup.com*
*elizabeth@mclellanlawgroup.com*

Counsel for Defendants
Fishermen's Catch, Inc

Ann A.P. Nguyen
Bonnie M. Ross
Messner Reeves LLP
160 W Santa Clara Street, Suite 1000
San Jose, CA 95113

*anguyen@messner.com*
*bross@messner.com*
*akitagawa@messner.com*
*rmartinez@messner.com*

Counsel for Defendants
Global Quality Foods, Inc.

Bao-Quan P. Pham
Bao-Quan Pham Law
345 N. 18th Street
San Jose, CA 95112

*baopham408@sbcglobal.net*

Counsel for Defendants
Global Quality Seafood LLC

Philip J. Wang
Traci Michelle
Keith Putterman
Yu Wang LLP
345 California St. Suite 1160
San Francisco, CA 94104

*pwang@plylaw.com*
*ayoung@plylaw.com*

Counsel for Defendants
Ocean King Fish Inc.

weintraub tobin chediak coleman grodin
law corporation

J. Timothy Hobbs
Trudy D. Tessaro
Henry J. Brockway
Victoria S. Duarte
K&L Gates LLP
925 Fourth Ave, Suite 2900
Seattle, WA 98104

Counsel for Defendants Bornstein Seafoods, Inc. and Astoria Pacific Seafoods, LLC

Michael J. Stortz
K&L Gates LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111

Victoria S. Pereira Duarte
K&L Gates LLP
70 W. Madison Street, Suite 3300,
Chicago, Illinois 60602

*tim.hobbs@klgates.com*
*Michael.Stortz@klgates.com*
*trudy.tessaro@klgates.com*
*Henry.Brockway@klgates.com*
*Victoria.Duarte@klgates.com*

Theresa H. Rava
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4000
Seattle, WA 98101

Counsel for Defendant Pacific Dream Seafood Inc.

trava@williamskastner.com

Robert Green
Law Offices of Robert A. Green, Inc., P.S.
PO Box 40179
Bellevue, WA 98015

robert@rgreenlaw.com

Colin Vincent Quinlan
John Ryan Danos
Wilson Elser Moskowitz Edelman & Dicker
555 South Flower Street Suite 2900
Los Angeles, CA 90071

Counsel for Defendant Da Yang Seafood Inc.

colin.quinlan@wilsonelser.com
john.danos@wilsonelser.com
david.aveni@wilsonelser.com

weintraub tobin chediak coleman grodin
law corporation

Robert P. Soran
Sarah Nagle
Downey Brand
455 Market Street | Suite 1500
San Francisco, CA 94105
rsoran@downeybrand.com
snagle@downeybrand.com
whoney@downeybrand.com

Counsel for Defendants
Frank Alioto Fish Co. and Angela Cincotta

Jose L. Lua Valencia
Thompson Coburn LLP
10100 Santa Monica Boulevard
Suite 500
Los Angeles, CA 90067
(310) 282-2564
jlua-valencia@thompsoncoburn.com
bgutierrez@thompsoncoburn.com

Counsel for Defendants
Alaska Ice Seafoods, Inc., and Long Fisheries, Inc.

Michael Stephen Myers
Christoper M. Wyant
(appearing pro hac vice)
Jessica Rizzo
Ballard Spahr LLP
2029 Century Park East Suite 1400
Los Angeles, CA 90067

Email: myersm@ballardspahr.com
wyantc@ballardspahr.com
tizzoj@ballardspahr.com

Counsel for Defendant Great Ocean Seafood Inc.

I declare under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed at Sacramento, California, on June 18, 2026

Deseree Aguillen