# EXHIBIT 28

GROSS KLEIN PC

**Ian Atkinson-Young <iatkinsonyoung@grosskleinlaw.com>**

## RE: [EXTERNAL] Little, et al. v. Pacific Seafood Procurement LLC, et al.

1 message

**Scott Cameron** <scameron@weintraub.com> Tue, Apr 8, 2025 at 1:14 PM
To: Stuart Gross <sgross@grosskleinlaw.com>
Cc: Ross Middlemiss <rmiddlemiss@grosskleinlaw.com>, Ian Atkinson-Young <iatkinsonyoung@grosskleinlaw.com>, Travis Smith <tsmith@grosskleinlaw.com>, Matthew Ruan <mruan@fklmlaw.com>, "Matthew S. Weiler" <mweiler@schneiderwallace.com>, "Josiah M. Prendergast" <JPrendergast@weintraub.com>, "Raymond S. Levine" <rlevine@schneiderwallace.com>

Stuart,

I have not been able to make contact with the Oregon DOJ yet, so I don't have an answer regarding a second deposition of Ms. Adams. I will respond to the rest of the issues you raised as soon as I can coordinate with the Oregon DOJ. I will say that there is nothing inconsistent in what I have told you. I don't recall Ms. Adams' exact words when I first spoke to her. I don't remember if she said she deleted the texts, got rid of them, or just that she didn't have them any longer. Later, when I tried to clarify, she explained that she traded her phone in and it's just gone. The data from the old phone was not transferred to her new phone, and she lost everything. Thanks,

Scott

**Scott Cameron**

Of Counsel

**Direct:** 916.558.6149

**Email:** SCameron@weintraub.com

**From:** Stuart Gross <sgross@grosskleinlaw.com>
**Sent:** Monday, April 7, 2025 12:34 PM
**To:** Scott Cameron <scameron@weintraub.com>
**Cc:** Ross Middlemiss <rmiddlemiss@grosskleinlaw.com>; Ian Atkinson-Young <iatkinsonyoung@grosskleinlaw.com>; Travis Smith <tsmith@grosskleinlaw.com>; Matthew Ruan <mruan@fklmlaw.com>; Matthew S. Weiler <mweiler@schneiderwallace.com>; Josiah M. Prendergast <JPrendergast@weintraub.com>; Raymond S. Levine <rlevine@schneiderwallace.com>
**Subject:** Re: [EXTERNAL] Little, et al. v. Pacific Seafood Procurement LLC, et al.

Scott,

Thank you for your call the other day. After our call, I looked back at our previous email exchanges and the preservation letter that we sent Hallmark in 2023.

In our call, you indicated that Ms. Adams had traded her phone in after leaving Hallmark. However, your email from a week or two ago stated: "I will tell you that she advised me that she deleted all of her text messages when she left California Shellfish in 2023, long before it was named a party to the litigation."

In our call, you indicated that the scope of our March 2023 preservation letters (attached) were much narrower in scope than the communications that Plaintiffs are seeking from her now. However, the letters state *inter alia:*

> Given the claims at issue in the aforementioned lawsuit, the material to be preserved includes but is not limited to documents and communications relating to:
>
> - the ex vessel price for Dungeness crab;
> - the wholesale price for Dungeness crab;
> - the retail price for Dungeness crab;
> - any discussions, negotiations, or reference to how any of the aforementioned prices were set;
> - Hallmark Seafoods' actual purchases and sales of Dungeness crab; and
> - any communication with or about a Pacific Seafood entity (or entities), the agents of a Pacific Seafood entity (or entities), or the owner of Pacific Seafood, Frank Dulcich.

That substantially overlaps with the categories of communications that Plaintiffs have requested from Ms. Adams.

Given the foregoing and the other reasons I stated during our call, Plaintiffs believe that it is appropriate to take Ms. Adams deposition in short order regarding preservation matters, with a substantive deposition occurring after progress has been made on the document discovery. Please let me know if Hallmark/Ms. Adams remains unwilling to sit twice for a deposition, deferring the 7hr time limit issue for the time being. If so, we will need to tee things up for the Court to resolve; thus, let me know when you'd be able to have a zoom conference this week. Also, please let me know if you'd like to take me up on the offer to split the document subpoena up into two subpoenas, with one regarding pre-separation documents and one regarding post-separation documents, as I offered.

Best,

Stu

Stuart G. Gross
Gross Klein PC
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
t 415.671.4628 (x101)
f 415.480.6688
sgross@grosskleinlaw.com

CONFIDENTIALITY NOTICE: The documents accompanying this email transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this emailed information is strictly prohibited. If you have received this email in error, please notify us by telephone immediately to arrange for the return of the original documents to us.

On Wed, Apr 2, 2025 at 12:51 PM Scott Cameron <scameron@weintraub.com> wrote:

> Stuart, I can talk at 2:00 or after. I don't have an answer regarding a second deposition yet. I believe the Oregon DOJ will be at least joining the representation of Crystal, but I have not been in contact with them yet. Please let me know what time works for you. Thanks,
>
> Scott
>
> ---
>
> **From:** Stuart Gross <sgross@grosskleinlaw.com>
> **Sent:** Wednesday, April 2, 2025 12:04 PM
> **To:** Scott Cameron <scameron@weintraub.com>
> **Cc:** Ross Middlemiss <rmiddlemiss@grosskleinlaw.com>; Ian Atkinson-Young <iatkinsonyoung@grosskleinlaw.com>; Travis Smith <tsmith@grosskleinlaw.com>; Matthew Ruan <mruan@fklmlaw.com>; Matthew S. Weiler <mweiler@schneiderwallace.com>; Josiah M. Prendergast <JPrendergast@weintraub.com>; Raymond S. Levine <rlevine@schneiderwallace.com>
> **Subject:** Re: [EXTERNAL] Little, et al. v. Pacific Seafood Procurement LLC, et al.
>
> Scott,
>
> Happy to chat. Do you have some time today around 1:30 or so?
>
> In the meantime, can you confirm that your temporal objection concerning her deposition is limited to 7 hr limit, as opposed to the sitting twice? If so, we may not need to go to the Court at this stage. I don't expect this deposition to take very long, as opposed to a more substantive one later. And, we noticed this deposition via zoom and would intend to do a later deposition via zoom as well. Thus, if you are good with her sitting twice for depositions via zoom, I'd be fine with the parties simply reserving whatever arguments they have regarding time limits at this stage.
>
> WRT the document subpoena, let's discuss.
>
> Best,
>
> Stu
>
> Stuart G. Gross
> Gross Klein PC
> The Embarcadero
> Pier 9, Suite 100
> San Francisco, CA 94111
> t 415.671.4628 (x101)
> f 415.480.6688
> sgross@grosskleinlaw.com
>
> CONFIDENTIALITY NOTICE: The documents accompanying this email transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure,

copying, distribution, or the taking of any action in reliance on the contents of this emailed information is strictly prohibited. If you have received this email in error, please notify us by telephone immediately to arrange for the return of the original documents to us.

On Apr 2, 2025, at 11:01 AM, Scott Cameron <scameron@weintraub.com> wrote:

Stuart,

Let's set a time to talk. I cannot agree to a deposition of Ms. Adams that does not count as her deposition or count against the 7 hour deposition limit. Many of your "related queries" go too far into discovery, and should be answered in a deposition, not by counsel. But that doesn't mean that you automatically get to depose Ms. Adams twice. I'm happy to talk with you regarding your related queries, but only up to a certain point.

More importantly, many of the categories in your document subpoena are directed to the time after she left Hallmark. They go to the time she was employed as the Executive Director of the Oregon Dungeness Crab Commission. Many of the documents responsive to the subpoena would be ODCC documents, not Hallmark's. Ms. Adams, Hallmark (California Shellfish), and I agreed that I would represent her for the purposes of her subpoena and subsequent deposition based on the understanding that the subject matter would be limited to her employment with Hallmark. Given the scope of the subpoena, I can only assume that her deposition testimony would similarly not be limited to her employment with Hallmark. Therefore, I now must involve the ODCC, and I imagine they will want to play a significant role in representing her. I do not represent her in her capacity as Executive Director of the ODCC.

Please let me know if you want to withdraw the subpoena and issue a different one limited to her employment with Hallmark. Also let me know if you want to discuss whether a deposition is necessary at this point. Thanks,

Scott

**Scott Cameron**

Of Counsel

**Direct:** 916.558.6149

**Email:** SCameron@weintraub.com

**From:** Stuart Gross <sgross@grosskleinlaw.com>
**Sent:** Tuesday, April 1, 2025 5:25 PM
**To:** Scott Cameron <scameron@weintraub.com>
**Cc:** Ross Middlemiss <rmiddlemiss@grosskleinlaw.com>; Ian Atkinson-Young <iatkinsonyoung@grosskleinlaw.com>; Travis Smith <tsmith@grosskleinlaw.com>; Matthew Ruan <mruan@fklmlaw.com>; Matthew S. Weiler <mweiler@schneiderwallace.com>; Raymond S. Levine <rlevine@schneiderwallace.com>
**Subject:** [EXTERNAL] Fwd: Little, et al. v. Pacific Seafood Procurement LLC, et al.

Scott,

We will obviously meet and confer with you regarding a convenient date for Ms. Adams' deposition. Please let us know if the noticed date will work or, if not, what date would work better.

It is Plaintiffs' position that, given the preservation issues that have surfaced with regards to Ms. Adams and the lack of answers to our related queries, that the scheduled deposition, which will focus on those issues, should not count against Plaintiffs' 7 hour deposition limit for Ms. Adams, nor bar Plaintiffs from deposing Ms. Adams later regarding substantive matters not covered in this deposition. If you are amenable to that, I'd be happy to discuss an appropriate time limit to this deposition. If you are not amenable to this, please let me know your availability this week to have the meet and confer required to tee up the issue for resolution by the Court.

Best,

Stu

Stuart G. Gross
Gross Klein PC
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
t 415.671.4628 (x101)
f 415.480.6688
sgross@grosskleinlaw.com

CONFIDENTIALITY NOTICE: The documents accompanying this email transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this emailed information is strictly prohibited. If you have received this email in error, please notify us by telephone immediately to arrange for the return of the original documents to us.

---------- Forwarded message ---------
From: **Ian Atkinson-Young** <iatkinsonyoung@grosskleinlaw.com>
Date: Tue, Apr 1, 2025 at 5:17 PM
Subject: Little, et al. v. Pacific Seafood Procurement LLC, et al.
To: Scott Cameron <scameron@weintraub.com>, Josiah M. Prendergast <JPrendergast@weintraub.com>, Deseree Aguillen <DAguillen@weintraub.com>, Adele Espana-Purpur <aespanapurpur@weintraub.com>, Maria Cantrell <mcantrell@weintraub.com>
Cc: Stuart Gross <sgross@grosskleinlaw.com>, Ross Middlemiss <rmiddlemiss@grosskleinlaw.com>, Matthew Ruan <mruan@fklmlaw.com>, Matthew S. Weiler <mweiler@schneiderwallace.com>, Raymond S. Levine <rlevine@schneiderwallace.com>

Counsel:

Please see the attached subpoenas to Crystal Adams.

Thank you,

Ian Atkinson-Young
Paralegal

Gross Klein PC
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111

t 415.671.4628 (x104)
f 415.480.6688
iatkinsonyoung@grosskleinlaw.com

CONFIDENTIALITY NOTICE: The documents accompanying this email transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this emailed information is strictly prohibited. If you have received this email in error, please notify us by telephone immediately to arrange for the return of the original documents to us.

**weintraub | tobin**

**weintraub tobin chediak coleman grodin** law corporation

400 Capitol Mall, 11th Floor, Sacramento, California 95814 | 916.558.6000 | www.weintraub.com

---

Sacramento | Los Angeles | Newport Beach | San Diego | San Francisco

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.