# EXHIBIT 29

---

**Subject:** RE: [EXTERNAL] Dungeness Crab Antitrust - meets and confer re Hallmark ESI and employee devices
**Date:** Thursday, March 20, 2025 at 5:56:18 PM Pacific Daylight Time
**From:** Scott Cameron
**To:** Ross Middlemiss
**CC:** Stuart Gross, Ian Atkinson-Young, Matthew Ruan, Matthew S. Weiler, Raymond S. Levine, Travis Smith, Josiah M. Prendergast
**Priority:** High

Ross,

Thanks for reaching out. Our position has not really changed that an employee's personal cell phone is not within the employer's care, custody, or control for purposes of document collection. However, given that Plaintiffs would simply subpoena the individuals and be able to obtain the text messages, in the end it wouldn't make much difference. Therefore, I have discussed with my client a proposal that we would collect all responsive text messages from the employees and include it in our production. My client has agreed with this. The only exception being if an employee objects to this on privacy grounds. In that case, you would need to subpoena the employee to obtain those records. To be clear, I would explain that to the employee and let them know that they would still be subject to a subpoena. (I have already had that conversation with several employees.) To date, none of the employees I have spoken to have objected to having their responsive text messages included in California Shellfish's or Robert Bugatto Enterprises' document collection and production. If any employee does raise an objection, and that employee is likely to have discoverable information, I will provide you with the information for those employees. However, I don't anticipate there will be any such objections.

Crystal Adams is in a different situation. She is not an employee of California Shellfish. She left in 2023 to assume her current role as Executive Director of the Oregon Dungeness Crab Commission. If you want her documents, you will need to subpoena her, and I am authorized to accept service of a subpoena. I will tell you that she advised me that she deleted all of her text messages when she left California Shellfish in 2023, long before it was named a party to the litigation. She explained that her text messages were generally with crabbers, and consisted mainly of blast texts to the entire fleet or all crabbers that were in the water concerning scheduling and the like. She does not recall ever texting with any other buyers. California Shellfish does still have her emails from when she was with the company, so any emails responsive to Plaintiffs' document requests will be included in our production. You don't need to subpoena those.

Please let me know if you have any questions regarding this, or would like to discuss it further. Given the above, I do not believe it will be necessary to involve the court. Thanks,

Scott

**Scott Cameron**
Of Counsel

**Direct:** 916.558.6149
**Email:** SCameron@weintraub.com

**From:** Ross Middlemiss <rmiddlemiss@grosskleinlaw.com>
**Sent:** Thursday, March 20, 2025 5:30 PM
**To:** Scott Cameron <scameron@weintraub.com>
**Cc:** Stuart Gross <sgross@grosskleinlaw.com>; Ian Atkinson-Young <iatkinsonyoung@grosskleinlaw.com>; Matthew Ruan <mruan@fklmlaw.com>; Matthew S. Weiler <mweiler@schneiderwallace.com>; Raymond S. Levine <rlevine@schneiderwallace.com>; Travis Smith <tsmith@grosskleinlaw.com>
**Subject:** [EXTERNAL] Dungeness Crab Antitrust - meets and confer re Hallmark ESI and employee devices

Scott,

I hope your week is going well. I'm following up Mr. Ruan's Feb. 27th letter, attached, which identifies topics covered, and further information needs identified, during meet and confer regarding the Hallmark Defendants and ESI. While this email concerns only one of the letter's requests that is outstanding, we are still expecting a response on the other outstanding issues, so please provide such a response as soon as possible.

During meet and confer you reiterated your client's position that it does not have possession, custody or control over its employees' personal electronic devices used in the course of their employment, and therefore Plaintiffs would need to subpoena those individual employees to obtain any data contained on those personal devices. We do not agree with your position, and assuming that your position has not changed, we will need to tee this up for resolution by the Court, per the Court's instruction during the recent case management conference. I will put together a draft joint letter brief laying out Plaintiffs' position, and circulate it early next week so that you can add Hallmark's position.

You also indicated during meet and confer that your office would likely represent Scott Adams and Crystal Adams, and presumably any other Hallmark employees, concerning a subpoena in connection with this case. If the Court ultimately directs Plaintiffs to subpoena individual Hallmark employees to obtain the records on their electronic devices, please confirm whether or not you will represent the Hallmark employees concerning those subpoenas, whether you'll accept service on their behalf, and please provide the names and contact information of all employees that may have responsive data on their personal devices.

Feel free to reach out if you have any questions.

Thanks,
Ross

--
Ross A. Middlemiss
Gross Klein PC
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
t 415.671.4628 (x102)
f 415.480.6688
rmiddlemiss@grosskleinlaw.com

Confidentiality Notice: The documents accompanying this email transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this emailed information is strictly prohibited. If you have received this email in error, please notify us by telephone immediately to arrange for the return of the original documents to us.

weintraub|tobin
**weintraub tobin chediak coleman grodin** law corporation

400 Capitol Mall, 11th Floor, Sacramento, California 95814 | 916.558.6000 | www.weintraub.com
Sacramento | Los Angeles | Newport Beach | San Diego | San Francisco

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.