# EXHIBIT 35

K&L GATES

J. Timothy Hobbs
Partner
Tim.Hobbs@klgates.com

T + 615.514.1811

December 9, 2025

Raymond S. Levine, Esq.
Schneider Wallace Cottrell Konecky LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608

**Re: *Little, et al. v. Pacific Seafood Procurement, LLC, et al.* (Case No. 3:23-cv-01098-AG) – Bornstein Seafoods' Discovery Responses and Productions to Date**

Dear Ray:

Thank you for your November 21, 2025 letter. We appreciate the dialogue and write to respond to the matters you raised in your letter.

**I. Additional Custodian – Moises Mandujano**

We must again disagree with Plaintiffs' position regarding Mr. Mandujano.

As we explained in our October 3, 2025 and November 10, 2025 letters, the single document Plaintiffs rely upon does not demonstrate that Mr. Mandujano is an appropriate custodian. His participation at the referenced Oregon Department of Agriculture meeting—attended by crabbers, crab buyers, and overseen by the Oregon DOJ—was purely representative. He relayed information regarding what buyers were offering; he did not announce or set Bornstein's price. During the meeting, he received direction and guidance via text message from two Bornstein individuals who do have pricing authority—both of whom are already designated as custodians.

Mr. Mandujano has no decision-making or price-setting authority and no independent ability to determine or set Bornstein's price. To the extent he may have conveyed any information or provided input to the individuals who make those decisions, Plaintiffs will receive those communications from the actual custodians with that authority.

If Plaintiffs have additional documents—beyond the single text exchange already provided—that substantively support designating Mr. Mandujano as a custodian, we remain willing to review

them. But one document showing him acting solely as a conduit of information in a state-facilitated meeting does not remotely justify expanding the custodian list to include him.

We also note that Plaintiffs served their first set of RFPs on February 21, 2025 (later amended on March 11, 2025) and their first set of interrogatories on March 21, 2025—many months ago—and this is the first time Plaintiffs have raised an issue with Bornstein's limitation related to its response to Interrogatory No. 3. While discovery is ongoing—and while we appreciate that Plaintiffs may request additional documents as Defendants and third parties continue making productions—the process requires some order. Each time Plaintiffs ask that we add a new custodian, we must coordinate renewed collections and incur significant labor, processing, and hosting costs associated with those collections. Plaintiffs' proposed standard—that anyone "involved in the purchasing of Dungeness crab" or who "appears in text messages regarding Dungeness crab purchasing" should be added as a custodian—is extremely broad. It would encompass numerous individuals who, aside from those identified in Bornstein's response to Interrogatory No. 3, have no decision-making authority with respect to pricing or purchasing and no substantive role in determining Bornstein's conduct at issue in this litigation.

We must draw a reasonable line. The custodians already designated are the individuals with actual authority to make pricing and purchasing decisions. Plaintiffs are receiving (and will continue to receive) communications relating to the pricing and purchasing of Dungeness crab (subject to certain limitations where applicable) from those custodians—the individuals who made the decisions and received any relevant input. To the extent conversations involving non-decisionmakers exist, those communications will be produced from the agreed-upon custodians' files. Designating additional individuals with no pricing authority will not yield new substantive information and is therefore not proportional to the needs of the case, and would only impose unnecessary burden and cost.

Plaintiffs' current request—based on a single document—does not justify those burdens. Bornstein therefore does not agree to add Mr. Mandujano as a custodian.

## II. Additional Custodian – Marco Vargas

Marco Vargas left Bornstein in fall 2024. Mr. Vargas was a General Manager, who was responsible for staffing and production management. He had no involvement in price-setting or purchasing of Dungeness crab. Fishermen would occasionally contact him to confirm offloading times and may have asked him what the price was, but he had no authority to negotiate or determine the company's price of Dungeness crab. Accordingly, we do not believe he is an appropriate custodian.

Mr. Vargas is no longer employed by Bornstein. Should Plaintiffs wish to subpoena Mr. Vargas, we can accept service on his behalf.

## III. Status of Custodial Productions

We have agreed to produce text messages and emails (subject to certain limitations where applicable) from the agreed-upon custodians—Andrew Bornstein, Colin Bornstein, Mike Shirley, Darren Freels, and Doug Heater (to the extent documents still exist that are in Bornstein's custody,

control, and/or possession). We have and are producing text messages, to the extent they exist, between the agreed-upon custodians and the buyers and crabbers identified in Plaintiffs' contact lists on a rolling basis. We have also produced numerous internal text messages and messages with third-parties not on Plaintiffs' contacts lists. However, before we can proceed with our review and production of the remaining custodial collections, we need agreement on search terms and other limitations—including time period, geographic scope, and species. As you know, the parties are currently in discussions to negotiate and finalize these issues. Once those issues are resolved, we will be able to move forward efficiently with the remainder of our custodial review and production.

We remain willing to meet and confer as necessary to address any outstanding issues.

Respectfully,

*/s/ J. Timothy Hobbs*

J. Timothy Hobbs