# EXHIBIT 37

**K&L GATES LLP**
J. Timothy Hobbs, Jr. (*pro hac vice*)
501 Commerce Street, Ste. 1500
Nashville, Tennessee 37203
Telephone: (615) 780-6700
Tim.Hobbs@klgates.com

Henry J. Brockway (*pro hac vice*)
925 Fourth Avenue, Ste. 2900
Seattle, Washington 98104
Telephone: (206) 623-7580
Henry.Brockway@klgates.com

**K&L GATES LLP**
Victoria S. Pereira Duarte (*pro hac vice*)
70 W. Madison St., Ste. 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
Victoria.Duarte@klgates.com

Michael Stortz (SBN 139386)
4 Embarcadero Ctr., Ste 1200
San Francisco, California 94111
Telephone: (415) 882-8200
Michael.Stortz@klgates.com

*Attorneys for Non-Party Marco Vargas*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

BRAND LITTLE and ROBIN BURNS, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

PACIFIC SEAFOOD PROCUREMENT, LLC; PACIFIC SEAFOOD PROCESSING, LLC; PACIFIC SEAFOOD FLEET, LLC; PACIFIC SEAFOOD DISTRIBUTION, LLC; PACIFIC SEAFOOD USA, LLC; DULCICH, INC.; PACIFIC SEAFOOD – EUREKA, LLC; PACIFIC SEAFOOD – CHARLESTON, LLC; PACIFIC SEAFOOD – WARRENTON, LLC; PACIFIC SEAFOOD – NEWPORT, LLC; PACIFIC SEAFOOD – BROOKINGS, LLC; PACIFIC SEAFOOD – WESTPORT, LLC; PACIFIC SURIMI – NEWPORT LLC; BLUE RIVER SEAFOOD, INC.; SAFE COAST SEAFOODS, LLC; SAFE COAST SEAFOODS WASHINGTON, LLC; OCEAN GOLD SEAFOODS, INC.; NOR-CAL SEAFOOD, INC.; KEVIN LEE; AMERICAN SEAFOOD EXP, INC.; CALIFORNIA SHELLFISH COMPANY, INC.; ROBERT BUGATTO ENTERPRISES, INC.; ALASKA ICE SEAFOODS, INC.; LONG FISHERIES, INC.;

Case No.: 3:23-cv-01098-AGT

**NON-PARTY MARCO VARGAS'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS AS ISSUED BY PLAINTIFFS**

Judge: Honorable Alex G. Tse

CAITO FISHERIES, INC.; CAITO FISHERIES, LLC; SOUTHWIND FOODS, LLC; FISHERMEN'S CATCH, INC.; GLOBAL QUALITY FOODS, INC.; GLOBAL QUALITY SEAFOOD LLC; OCEAN KING FISH INC.; BORNSTEIN SEAFOODS, INC.; ASTORIA PACIFIC SEAFOODS, LLC; DA YANG SEAFOOD INC.; GREAT OCEAN SEAFOOD INC.; PACIFIC DREAM SEAFOOD, INC. and DOES 33-60,

Defendants.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure a, non-party Marco Vargas ("Vargas") by and through undersigned counsel, hereby objects and responds to the Subpoena to Produce Documents issued by Plaintiffs (collectively, the "Requests," each a "Request"), dated January 21, 2026, as follows:

## GENERAL OBJECTIONS

The General Objections set forth below apply to the Requests generally and to each Definition, Instruction, and Request specifically. Unless otherwise stated, the General Objections shall apply as if set forth in full in response to each Request. The express mention of a particular General Objection within a Response and Specific Objection is solely for emphasis and shall not be construed as a concession or indication that the General Objection applies only to that Request. Any undertaking to respond to any Request remains subject to the General Objections.

1. Vargas objects generally to the Requests, Instructions, and Definitions set forth or incorporated therein, to the extent that they call for the disclosure and/or production of documents or information that constitutes, reflects, or reveals information or communications protected by any privilege, protection, or immunity, including without limitation the attorney-client privilege, the work product doctrine, joint defense privilege, the common interest privilege, or any other available and valid grounds for withholding information from disclosure. Nothing contained in these objections and responses is intended to be, or in any way constitutes, a waiver of any applicable privilege, protection, or immunity. Any disclosure or production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise protected or immune from discovery shall not be construed to relinquish or constitute a waiver of any such privilege nor of any other basis for objecting to the use of such material or its subject matter.

2. Vargas objects generally to the Requests, Instructions, and Definitions set forth or incorporated therein, to the extent those Requests, Instructions, and Definitions seek to impose obligations and demands upon Vargas beyond those required by Rule 45 of the Federal Rules of Civil Procedure.

3. Vargas objects generally to the Requests, Instructions, and Definitions set forth or incorporated therein, to the extent that they require Vargas to search and/or review electronically stored information and data, including but not limited to databases and electronic mail, that is not reasonably accessible because of undue burden, undue cost, technological complication, and/or that is not reasonably

specified by the Request.

4. Vargas objects generally to the Requests, Instructions, and Definitions set forth or incorporated therein, to the extent they are overly broad, unduly burdensome, oppressive, purport to require the search for and production of documents, data, or information that is not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible evidence, and/or not proportional to the needs of this case.

5. Vargas objects generally to the Requests to the extent that they seek documents or information not in the possession, custody, or control of Vargas.

6. Vargas objects generally to the Requests to the extent that they seek documents or information in the possession, custody, or control of the parties or that is publicly available and thus, is equally or more easily available and accessible to Plaintiffs from those sources.

7. Vargas objects generally to the Requests to the extent that they seek documents or information that is already within Plaintiffs' possession, custody, or control.

8. Vargas objects generally to Requests, Instructions, and Definitions set forth or incorporated therein, to the extent that they seek information or require the production or disclosure of documents, data, or information that comprise or reveal trade secrets, or confidential, proprietary, or competitively sensitive business information of Bornstein Seafoods, Inc. and Astoria Pacific Seafoods, LLC (collectively, "Bornstein"), Vargas's former employer, where any purported marginal benefit of production or disclosure of the requested information, documents, or data is outweighed by the burden associated with producing such highly sensitive materials. Any production or disclosure of such documents, data, or information shall be subject to the Protective Order entered on June 26, 2024 (ECF 63).

9. Vargas objects generally to the Requests to the extent that they seek documents, data, or information where such disclosure would violate the terms of agreements entered into with third parties during Vargas's former employment at Bornstein, or violate the intellectual property, contractual, privacy, or other rights of third parties and/or Bornstein.

10. Vargas objects generally to the Requests, Instructions, and Definitions set forth or incorporated therein, to the extent that they are vague, ambiguous, or incomprehensible, contain terms that

are not adequately defined, or otherwise lack sufficient precision, and thereby require Vargas to engage in conjecture as to their meaning.

11. Vargas objects to each of the Requests, Instructions, and Definitions set forth or incorporated therein, to the extent that they include legal conclusions or assumptions.

12. Vargas objects generally to the Requests, Instructions, and Definitions set forth or incorporated therein, on the ground that, taken cumulatively, they are unreasonably burdensome, duplicative, vexatious, and the burden of responding to these Requests far outweighs the value of any information that they are intended to solicit.

13. Vargas objects generally to the Requests, Instructions, and Definitions set forth or incorporated therein, to the extent that they are repetitive, duplicative, overly broad, seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive, or to the extent they otherwise impose an undue burden upon Vargas.

14. Vargas reserves the right to amend, supplement, modify, correct, qualify, and/or otherwise clarify its objections and responses to these Requests as further investigation and discovery may make appropriate.

15. The responses and information contained herein and the documents produced in response to these Requests are for use in this litigation only and shall be used for no other purpose.

16. Responses provided to individual Requests are subject to, and without waiver of, these General Objections and those specific objections raised with respect to each particular Request. A response to any Request should not be construed as an admission that the information is relevant, material, or admissible or that the response can be used as the basis for a contention that the requesting party is entitled to any response more specific than that provided. Further, any response should not be construed as an admission that such documents requested exist or are in Vargas's possession, custody, or control.

17. Vargas is providing these Responses and any information contained herein without waiver of or prejudice to his right, at any later time, to raise objections to: (a) any further Requests involving or relating to matters sought or raised in these Requests, or in information provided in response thereto; or

(b) the relevance, materiality, or admissibility of (i) matters sought or raised in these Requests, or any part thereof, (ii) statements made in response to these Requests, or any part thereof, or (iii) any information provided pursuant to these Requests.

18. Vargas's Response that it will search, provide, or produce certain documents, data, or information is not a representation that such documents, data, or information exist or that it is within his possession, custody, or control, but instead such Response indicates that Vargas will produce any such documents, data, or information that can be located in its possession, custody, or control after a reasonable search and effort.

19. Any documents or data produced by Vargas in response to these Requests shall be subject to current or future protective orders and confidentiality orders or other court orders effective in the above-captioned action.

20. Subject to and without waiving the foregoing objections, Vargas is continuing to investigate the extent to which responsive, non-privileged documents are reasonably accessible and is willing to meet and confer regarding these Requests. These responses are based upon information currently available to Vargas and are made without prejudice to his right to present subsequently discovered facts or facts known but, as to which the relevance, significance, or applicability has not yet been ascertained.

**OBJECTIONS TO DEFINITIONS**

1. Vargas objects to each of the Definitions set forth in the Requests to the extent they seek to impose obligations and demands upon Vargas beyond those required by the Federal Rules of Civil Procedure and/or the Local Rules of the Northern District of California ("Local Rules").

2. Vargas objects to the definition for "You" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent this definition purports to bring within the ambit of the Requests persons and entities other than Vargas. Vargas cannot respond on behalf of persons and entities other than himself. Vargas further objects to this definition on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks to require Vargas to produce documents not in his possession, custody, or control. In responding to these

Requests, Vargas construes "You" as referring only to Vargas individually, and no other entity or person.

3. Vargas objects to the definition for "Defendants" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent this definition purports to include persons or entities other than those persons or entities that have been named in this lawsuit. Therefore, in responding to these Requests, Vargas will interpret and use "Defendants" to mean any Defendant named in this lawsuit. For avoidance of doubt, those Defendants are: Pacific Seafood Procurement, LLC; Pacific Seafood Processing, LLC; Pacific Seafood Fleet, LLC; Pacific Seafood Distribution, LLC; Pacific Seafood USA, LLC; Dulcich, Inc.; Pacific Seafood – Eureka, LLC; Pacific Seafood – Charleston, LLC; Pacific Seafood – Warrenton, LLC; Pacific Seafood – Newport, LLC; Pacific Seafood – Brookings, LLC; Pacific Seafood – Westport, LLC; Pacific Surimi – Newport LLC; Blue River Seafood, Inc.; Safe Coast Seafoods, LLC; Safe Coast Seafoods Washington, LLC; Ocean Gold Seafoods, Inc.; Nor-Cal Seafood, Inc.; Kevin Lee; American Seafood Exp, Inc.; California Shellfish Company, Inc.; Robert Bugatto Enterprises, Inc.; Alaska Ice Seafoods, Inc.; Long Fisheries, Inc.; Caito Fisheries, Inc.; Caito Fisheries, LLC; Southwind Foods, LLC; Fishermen's Catch, Inc.; Global Quality Foods, Inc.; Global Quality Seafood LLC; Bornstein Seafoods, Inc.; Astoria Pacific Seafoods, LLC; Ocean King Fish Inc.; Da Yang Seafood Inc.; Great Ocean Seafood Inc., and Pacific Dream Seafood, Inc.

4. Vargas objects to the definition for "Pacific Seafood" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent this definition purports to include entities other than those entities that have been named in this lawsuit. Therefore, in responding to these Requests, Vargas will interpret and use "Pacific Seafood" to mean: Pacific Seafood Procurement, LLC; Pacific Seafood Processing, LLC; Pacific Seafood Fleet, LLC; Pacific Seafood Distribution, LLC; Pacific Seafood USA, LLC; Dulcich, Inc.; Pacific Seafood – Eureka, LLC; Pacific Seafood – Charleston, LLC; Pacific Seafood – Warrenton, LLC; Pacific Seafood – Newport, LLC; Pacific Seafood – Brookings, LLC; Pacific Seafood – Westport, LLC; and Pacific Surimi – Newport LLC.

5. Vargas objects to the definition for "Safe Coast" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent this definition purports to include entities other than those entities that have been named in this lawsuit. Therefore, in responding to these Requests, Vargas

will interpret and use "Safe Coast" to mean: Blue River Seafood, Inc.; Safe Coast Seafoods, LLC; and Safe Coast Seafoods Washington, LLC.

6. Vargas objects to the definition for "Ocean Gold" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent this definition purports to include entities other than those entities that have been named in this lawsuit. Therefore, in responding to these Requests, Vargas will interpret and use "Ocean Gold" to mean Ocean Gold Seafoods, Inc.

7. Vargas objects to the definition for "Nor-Cal Seafood" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent this definition purports to include entities other than those entities that have been named in this lawsuit. Therefore, in responding to these Requests, Vargas will interpret and use "Nor-Cal Seafood" to mean Nor-Cal Seafood, Inc.

8. Vargas objects to the definition for "ASE" and "American Seafood Exp." as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent this definition purports to include entities other than those entities that have been named in this lawsuit. Therefore, in responding to these Requests, Vargas will interpret and use "ASE" and "American Seafood Exp." to mean American Seafood Exp, Inc.

9. Vargas objects to the definition for "Hallmark" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent this definition purports to include entities other than those entities that have been named in this lawsuit. Therefore, in responding to these Requests, Vargas will interpret and use "Hallmark" to mean: California Shellfish Company, Inc. and Robert Bugatto Enterprises, Inc.

10. Vargas objects to the definition for "Fathom Seafood" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent this definition purports to include entities other than those entities that have been named in this lawsuit. Therefore, in responding to these Requests, Vargas will interpret and use "Fathom Seafood" to mean: Alaska Ice Seafoods, Inc. and Long Fisheries, Inc.

11. Vargas objects to the definition for "Caito Fisheries" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent this definition purports to include entities other than those entities that have been named in this lawsuit. Therefore, in responding to these Requests, Vargas

will interpret and use "Caito Fisheries" to mean: Caito Fisheries, Inc. and Caito Fisheries, LLC.

12. Vargas objects to the definition for "Southwind" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent this definition purports to include entities other than those entities that have been named in this lawsuit. Therefore, in responding to these Requests, Vargas will interpret and use "Southwind" to mean Southwind Foods, LLC.

13. Vargas objects to the definition for "Fishermen's Catch" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent this definition purports to include entities other than those entities that have been named in this lawsuit. Therefore, in responding to these Requests, Vargas will interpret and use "Fishermen's Catch" to mean Fishermen's Catch, Inc.

14. Vargas objects to the definition for "Global Quality" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent this definition purports to include entities other than those entities that have been named in this lawsuit. Therefore, in responding to these Requests, Vargas will interpret and use "Global Quality" to mean: Global Quality Foods, Inc. and Global Quality Seafood LLC.

15. Vargas objects to the definition for "Ocean King" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent this definition purports to include entities other than those entities that have been named in this lawsuit. Therefore, in responding to these Requests, Vargas will interpret and use "Ocean King" to mean Ocean King Fish Inc.

16. Vargas objects to the definition for "Bornstein Seafoods" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent this definition purports to include entities other than those entities that have been named in this lawsuit. Therefore, in responding to these Requests, Vargas will interpret and use "Bornstein Seafoods" to mean: Bornstein Seafoods, Inc. and Astoria Pacific Seafoods, LLC.

17. Vargas objects to the definition for "Puget Sound Area" as vague and ambiguous in that it includes areas adjacent to Puget Sound, Washington but it does not define what areas are considered adjacent to Puget Sound, Washington.

18. Vargas objects to the definition for "Fisher" as vague, ambiguous, overbroad, and not

proportional to the needs of the case to the extent it includes individuals that do not participate in commercial Dungeness crab fishing. Vargas also objects to this definition as vague, ambiguous, overbroad, and not proportional to the needs of the case, specifically with respect to "commercial fishing" and "commercial fishing vessel" to the extent such terms are undefined terms subject to multiple interpretations.

19. Vargas objects to the definition for "Buyer" as overbroad and not proportional to the needs of the case in that it includes persons who purchase "other fishes directly from a Fisher with the purpose of reselling the fish, with or without further processing" and is not limited to those who purchase the species of seafood at issue, Dungeness crab.

20. Vargas objects to the definition for "Ex Vessel" as overbroad, ambiguous, and not proportional to the needs of the case in that it purports to include all "fresh commercial seafood" where "commercial seafood" is undefined and the definition is not limited to the species of seafood at issue, Dungeness crab.

21. Vargas objects to the definition for "Ex Vessel Price" as overbroad and not proportional to the needs of the case in that it purports to include all "seafood" and is not limited to the price paid per pound for the species of seafood at issue, Dungeness crab.

22. Vargas objects to the definition for "Fish Ticket" as overbroad and not proportional to the needs of the case in that it purports to include landing records for all "commercial seafood" and is not limited to the landing record recorded by the Department of Fish and Wildlife of the state in which the species of seafood at issue, Dungeness crab, is landed.

23. Vargas objects to Plaintiffs' use of and definition of the term "Out the Back Door" as pejorative to the extent that the term and/or its definition imply improper or illicit conduct. Vargas further objects to this term to the extent it implies common industry usage or understanding.

24. Vargas objects to the definition for "Processed Dungeness Crab" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to "commercial Dungeness crab" and "cooked", as well as "Ex Vessel purchase" that incorporates the vagueness and ambiguity of "Ex Vessel."

25. Vargas objects to the definition for "Communication" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent this definition purports to bring within the ambit of the Requests communications from and between persons and entities other than Vargas. Vargas cannot respond on behalf of persons and entities other than Vargas. Vargas further objects to this definition to the extent it requires Vargas to conduct searches broader than a reasonable and diligent search of reasonably accessible files (including electronic files) where responsive information reasonably would be expected to be found or seeks to impose obligations and demands upon Vargas beyond those required by the Federal Rules of Civil Procedure. Vargas also objects to this definition as imposing undue burden and expense to the extent that, in the context of any Request, it would encompass emails or other electronically stored information without reasonable temporal or other limits placed to reduce the burden and expense of collection, processing, review, and production. In responding to these Requests, Vargas will give this term its ordinary meaning and will construe this term to include only those communications by or with Vargas and no other entity or person.

26. Vargas objects to the definition for "Concerning" as overbroad and unduly burdensome, in that it would encompass all documents that could be construed to have any implied or implicit relation to the subject at issue in each Request. In responding to these Requests, Vargas will interpret and use "concerning" as Plaintiffs have defined it, as modified throughout by the term "expressly," *i.e.*, "expressly relating to, expressly referring to, expressly applicable to," etc.

**OBJECTIONS TO INSTRUCTIONS**

1. Vargas objects to Instruction No. 1 as unduly burdensome and not proportional to the needs of the case to the extent it seeks documents from a period of more than 10 years from a non-party.

2. Vargas objects to Instruction No. 3 as unduly burdensome and not proportional to the needs of the case to the extent it imposes a burden not required under the Federal Rules of Civil Procedure or the Local Rules. Vargas will comply with those rules and will search for and produce non-privileged documents within his possession, custody, and control.

3. Vargas objects to Instruction No. 4 to the extent it imposes a burden not required under the Federal Rules of Civil Procedure, the Local Rules, the Stipulated Protective Order (ECF 63), or other

orders of this Court. Vargas further objects to this Instruction to the extent that it requires responses to include "reports from the database that contain the requested information" as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Vargas will comply with the Federal Rules of Civil Procedure and will conduct a reasonable and diligent search for and produce non-privileged responsive documents within his possession, custody, and control.

4. Vargas objects to Instruction No. 5 because it imposes a burden not required under the Federal Rules of Civil Procedure or the Local Rules. Vargas will comply with those rules. In particular, Vargas has no obligation to report if a document no longer exists because it was deleted in the ordinary course of business without violation of any litigation hold. For example, to the extent that a document previously existed but has since been lost, destroyed, or is now otherwise missing, requiring Vargas to provide the reasons why each document no longer exists and the author, date, and subject matter of said document(s) is a time consuming, unduly burdensome, and unreasonable task, especially for a non-party.

5. Vargas objects to Instruction No. 6 as overbroad, vague, unduly burdensome, oppressive, and not proportional to the needs of the case to the extent it requires Vargas to collect, search, and produce documents that are not only in Vargas's control but also documents that are "subject to" Vargas's control "directly or indirectly." Vargas also objects to this Instruction to the extent "each Request should be considered as including a Request for separate production of all copies, and to the extent applicable, preliminary drafts of Documents that differ in any respect from the original or final draft or from each other (*e.g.*, by reason of different in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof)" as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Vargas further objects because it imposes a burden not required under the Federal Rules of Civil Procedure or the Local Rules. Vargas will comply with those rules and will search for and produce non-privileged documents within his possession, custody, and control.

6. Vargas objects to Instruction Nos. 7 and 8 in that they purport to prohibit Vargas from redacting or withholding privileged information or personally sensitive information. Vargas will conduct

a reasonable search for documents responsive to Plaintiffs' Requests and will produce complete document families as they are kept in the ordinary course of business, subject to any requirement(s) in the ESI protocol or any other relevant court order.

7. Vargas objects to Instruction No. 9 because it imposes a burden not required under the Federal Rules of Civil Procedure or the Local Rules. Vargas will comply with those rules. Requiring Vargas to provide the date the document ceased to be in Vargas's possession, custody, or control, the manner which it ceased, and the name and address of its present custodian of said document(s) is a time consuming, unduly burdensome, and unreasonable task, especially for a non-party.

8. Vargas objects to Instruction Nos. 10 and 11 to the extent it imposes a burden not required under the Federal Rules of Civil Procedure, the Local Rules, the ESI protocol, or any other court order. Vargas will comply with those rules, the ESI protocol, and court orders.

9. Vargas objects to Instruction No. 12 to the extent it imposes a burden not required under the Federal Rules of Civil Procedure and the Local Rules. Vargas will comply with those rules.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All text messages, WhatsApp messages, and Communications from any other messaging applications between You and any Ex Vessel Dungeness crab Buyer other than Your employer, at the time of the message.

**RESPONSE TO REQUEST NO. 1:**

Vargas, as a non-party to this litigation, objects to Request No. 1 because it is overbroad, unduly burdensome, and seeks information not relevant or proportional to the needs of this case because it is not sufficiently limited in scope in that it seeks "all text messages, WhatsApp messages, and Communications from any other messaging applications" with "any Ex Vessel Dungeness crab Buyer other than Your employer" with no regard as to whether those crab Buyers or communications are relevant to this lawsuit. Vargas further objects to this Request as unduly burdensome because it seeks documents from a non-party for over a 10-year period. Vargas also objects to this Request because it unduly and unnecessarily invades his privacy as a non-party individual. Vargas also objects to this Request to the extent the information it

seeks can be obtained from other sources that are more convenient, more efficient, more practical, less burdensome, and/or less expensive. Vargas further objects to this Request to the extent it seeks documents that Plaintiffs already have in their possession or have already obtained or will obtain from Defendants or other sources. Subject to and without waiving these objections, Vargas's last day of employment at Bornstein was on or around February 13, 2025. He no longer has possession of any cellphone or computer used during his employment at Bornstein. Therefore, Vargas has no documents responsive to this Request in his possession, custody, or control.

**REQUEST NO. 2:**

All text messages, WhatsApp messages, and Communications from any other messaging applications between You and anyone else employed by Your employer, at the time of the message, concerning the opening or closing date of any Dungeness crab season.

**RESPONSE TO REQUEST NO. 2:**

Vargas, as a non-party to this litigation, objects to Request No. 2 because it is overbroad, unduly burdensome, and seeks information not relevant or proportional to the needs of this case because it is not sufficiently limited in scope in that it seeks "all text messages, WhatsApp messages, and Communications from any other messaging applications" between "You and anyone else employed by Your employer" with no regard as to whether those individuals or communications are relevant to this lawsuit. Vargas further objects to this Request as unduly burdensome because it seeks documents from a non-party for over a 10-year period. Vargas also objects to this request because it unduly and unnecessarily invades his privacy as a non-party individual. Vargas also objects to this Request to the extent the information it seeks can be obtained from other sources that are more convenient, more efficient, more practical, less burdensome, and/or less expensive. Vargas further objects to this Request to the extent it seeks documents that Plaintiffs already have in their possession or have already obtained or will obtain from Defendants or other sources. Subject to and without waiving these objections, Vargas's last day of employment at Bornstein was on or around February 13, 2025. He no longer has possession of any cellphone or computer used during his employment at Bornstein. Therefore, Vargas has no documents responsive to this Request in his possession, custody, or control.

**REQUEST NO. 3:**

All text messages, WhatsApp messages, and Communications from any other messaging applications between You and anyone else employed by Your employer, at the time of the message, concerning any Ex Vessel price for Dungeness crab (whether offered or paid and whether by Your employer or any other Buyer).

**RESPONSE TO REQUEST NO. 3:**

Vargas, as a non-party to this litigation, objects to Request No. 3 because it is overbroad, unduly burdensome, and seeks information not relevant or proportional to the needs of this case because it is not sufficiently limited in scope in that it seeks "all text messages, WhatsApp messages, and Communications from any other messaging applications" between "You and anyone else employed by Your employer" with no regard as to whether those individuals or communications are relevant to this lawsuit. Vargas further objects to this Request as unduly burdensome because it seeks documents from a non-party for over a 10-year period. Vargas also objects to this request because it unduly and unnecessarily invades his privacy as a non-party individual. Vargas also objects to this Request to the extent the information it seeks can be obtained from other sources that are more convenient, more efficient, more practical, less burdensome, and/or less expensive. Vargas further objects to this Request to the extent it seeks documents that Plaintiffs already have in their possession or have already obtained or will obtain from Defendants or other sources. Subject to and without waiving these objections, Vargas's last day of employment at Bornstein was on or around February 13, 2025. He no longer has possession of any cellphone or computer used during his employment at Bornstein. Therefore, Vargas has no documents responsive to this Request in his possession, custody, or control.

**REQUEST NO. 4:**

All text messages, WhatsApp messages, and Communications from any other messaging applications between You and anyone else employed by Your employer, at the time of the message, concerning the timing, location, and/or amount of Ex Vessel Dungeness crab purchases (whether past, future, or present and whether by Your employer or another Buyer).

**RESPONSE TO REQUEST NO. 4:**

Vargas, as a non-party to this litigation, objects to Request No. 4 because it is overbroad, unduly burdensome, and seeks information not relevant or proportional to the needs of this case because it is not sufficiently limited in scope in that it seeks "all text messages, WhatsApp messages, and Communications from any other messaging applications" between "You and anyone else employed by Your employer" with no regard as to whether those individuals or communications are relevant to this lawsuit. Vargas further objects to this Request as unduly burdensome because it seeks documents from a non-party for over a 10-year period. Vargas also objects to this request because it unduly and unnecessarily invades his privacy as a non-party individual. Vargas also objects to this Request to the extent the information it seeks can be obtained from other sources that are more convenient, more efficient, more practical, less burdensome, and/or less expensive. Vargas further objects to this Request to the extent it seeks documents that Plaintiffs already have in their possession or have already obtained or will obtain from Defendants or other sources. Subject to and without waiving these objections, Vargas's last day of employment at Bornstein was onor around February 13, 2025. He no longer has possession of any cellphone or computer used during his employment at Bornstein. Therefore, Vargas has no documents responsive to this Request in his possession, custody, or control.

**REQUEST NO. 5:**

All text messages, WhatsApp messages, and Communications from any other messaging applications between You and anyone else employed by Your employer, at the time of the message, concerning supply of Dungeness crab.

**RESPONSE TO REQUEST NO. 5:**

Vargas, as a non-party to this litigation, objects to Request No. 5 because it is overbroad, unduly burdensome, and seeks information not relevant or proportional to the needs of this case because it is not sufficiently limited in scope in that it seeks "all text messages, WhatsApp messages, and Communications from any other messaging applications" between "You and anyone else employed by Your employer" with no regard as to whether those individuals or communications are relevant to this lawsuit. Vargas further objects to this Request as unduly burdensome because it seeks documents from a non-party for over a 10-year period. Vargas also objects to this request because it unduly and unnecessarily invades his

privacy as a non-party individual. Vargas also objects to this Request to the extent the information it seeks can be obtained from other sources that are more convenient, more efficient, more practical, less burdensome, and/or less expensive. Vargas further objects to this Request to the extent it seeks documents that Plaintiffs already have in their possession or have already obtained or will obtain from Defendants or other sources. Subject to and without waiving these objections, Vargas's last day of employment at Bornstein was on or around February 13, 2025. He no longer has possession of any cellphone or computer used during his employment at Bornstein. Therefore, Vargas has no documents responsive to this Request in his possession, custody, or control.

**REQUEST NO. 6:**

All Communications between You and any Crabber sent or received in the course of your employment.

**RESPONSE TO REQUEST NO. 6:**

Vargas, as a non-party to this litigation, objects to Request No. 6 because it is overbroad, unduly burdensome, and seeks information not relevant or proportional to the needs of this case because it is not sufficiently limited in scope in that it seeks "all Communications" between "You and any Crabber" with no regard as to whether those individuals or communications are relevant to this lawsuit. Vargas further objects to this Request as unduly burdensome because it seeks documents from a non-party for over a 10-year period. Vargas also objects to this request because it unduly and unnecessarily invades his privacy as a non-party individual. Vargas also objects to this Request to the extent the information it seeks can be obtained from other sources that are more convenient, more efficient, more practical, less burdensome, and/or less expensive. Vargas further objects to this Request to the extent it seeks documents that Plaintiffs already have in their possession or have already obtained or will obtain from Defendants or other sources. Subject to and without waiving these objections, Vargas's last day of employment at Bornstein was on or around February 13, 2025. He no longer has possession of any cellphone or computer used during his employment at Bornstein. Therefore, Vargas has no documents responsive to this Request in his possession, custody, or control.

Dated: February 18, 2026

Respectfully submitted,

*/s/ J. Timothy Hobbs, Jr.*

**K&L GATES LLP**
J. Timothy Hobbs, Jr. (*pro hac vice*)
501 Commerce Street, Ste. 1500
Nashville, Tennessee 37203
Telephone: (615) 780-6700
Tim.Hobbs@klgates.com

Henry J. Brockway (*pro hac vice*)
925 Fourth Avenue, Ste. 2900
Seattle, Washington 98104
Telephone: (206) 623-7580
Henry.Brockway@klgates.com

Victoria S. Pereira Duarte (*pro hac vice*)
70 W. Madison St., Ste. 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
Victoria.Duarte@klgates.com

Michael Stortz (SBN 139386)
4 Embarcadero Ctr., Ste 1200
San Francisco, California 94111
Telephone: (415) 882-8200
Michael.Stortz@klgates.com

*Attorneys for Non-Party Marco Vargas*

**DECLARATION OF SERVICE**

I, Victoria S. Pereira Duarte, declare that I am over the age of eighteen years and not a party to this action. I am employed by K&L Gates LLP in Cook County, State of Illinois. My business address is 70 W. Madison St., Ste. 3300, Chicago, Illinois 60602, my email address is Victoria.Duarte@klgates.com. On February 18, 2025, in Chicago, Illinois, I served the following document via email:

- **NON-PARTY MARCO VARGAS'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS**

on the following parties:

**PLAINTIFFS' COUNSEL**

| | |
|---|---|
| Stuart G. Gross<br>Ross Andrew Middlemiss<br>Travis H.A. Smith<br>Gross Klein PC<br>The Embarcadero, Pier 9, Suite 100<br>San Francisco, CA 94111<br>Tel: 415-671-4628<br>Email: rmiddlemiss@grosskleinlaw.com<br>tsmith@grosskleinlaw.com<br>sgross@grosskleinlaw.com<br>iatkinsonyoung@grosskleinlaw.com | *Counsel for Plaintiffs and the Proposed Classes* |
| Matthew W Ruan<br>Freed Kanner London & Millen LLC<br>100 Tri-State International, Suite 128<br>Lincolnshire, IL 60069<br>Tel: 224-632-4500<br>Email: mruan@fklmlaw.com | *Counsel for Plaintiffs and the Proposed Classes* |
| Matthew Sinclair Weiler<br>Raymond S. Levine<br>Schneider Wallace Cottrell Konecky LLP<br>2000 Powell Street, Suite 1400<br>Emeryville, CA 94612<br>Tel: 510-740-2930<br>Email: mweiler@schneiderwallace.com<br>rlevine@schneiderwallace.com | *Counsel for Plaintiffs and the Proposed Classes* |
| Steven Noel Williams<br>Steven Williams Law, P.C.<br>201 Spear Street, Suite 1100<br>San Francisco, CA 94105<br>Tel: 415-260-7909<br>Email: swilliams@stevenwilliamslaw.com | *Counsel for Plaintiffs and the Proposed Classes* |

**DEFENSE COUNSEL**

| | |
|---|---|
| Sean Paul Gates<br>Illovsky Gates & Calia LLP<br>155 N. Lake Ave., Suite 800<br>Pasadena, CA 91101<br>Tel: 626-508-1715<br>Email: sean@illovskygates.com | *Counsel for Defendants Blue River Seafood, Inc., Safe Coast Seafoods, LLC, Safe Coast Seafoods Washington, LLC* |
| Eva Krisztina Schueller<br>Illovsky Gates & Calia LLP<br>1611 Telegraph Ave., Ste 806<br>Oakland, CA 94612<br>Tel: 415-535-3459<br>Email: eschueller@illovskygates.com | *Counsel for Defendants Blue River Seafood, Inc., Safe Coast Seafoods, LLC, Safe Coast Seafoods Washington, LLC* |
| Brian A. E. Smith<br>Joseph John Fraresso<br>Bartko LLP<br>1100 Sansome Street<br>San Francisco, CA 94111<br>Tel: 415-956-1900<br>Email: bsmith@bartkolaw.com<br>jfraresso@bartkolaw.com | *Counsel for Defendant Ocean Gold Seafoods, Inc.* |
| Christopher J. Kayser<br>Elizabeth E. Parker<br>Larkins Vacura Kayser LLP<br>121 SW Morrison Street, Ste # 700<br>Portland, OR 97204<br>Tel: 503-222-4424<br>Email: cjkayser@lvklaw.com<br>eparker@lvklaw.com | *Counsel for Defendant Ocean Gold Seafoods, Inc.* |
| Huechi Wong<br>HH Legal Group<br>2443 Fillmore St. #380-4372<br>San Francisco, CA 94115<br>Tel: 510-402-5333<br>Email: hwonglegal@gmail.com<br>huechi@hhdisputes.com | *Counsel for Defendants Nor-Cal Seafood, Inc. and Kevin Lee* |
| Sean Tamura-Sato<br>Minami Tamaki LLP<br>101 Montgomery Street, Suite 825<br>San Francisco, CA 94104<br>Tel: 415-788-9000<br>Email: seant@MinamiTamaki.com | *Counsel for Defendant American Seafood Exp, Inc.* |
| William Scott Cameron<br>Josiah Prendergast<br>Weintraub Tobin Chediak Coleman Grodin<br>400 Capitol Mall, Suite 1100<br>Sacramento, CA 95814<br>Tel: 916-558-6000<br>Email: scameron@weintraub.com<br>jprendergast@weintraub.com | *Counsel for Defendants California Shellfish Company, Inc. and Robert Bugatto Enterprises, Inc.* |
| Micah C. Allred<br>Timothy B. Fitzgerald<br>McNaul Ebel Nawrot & Helgren PLLC | *Counsel for Defendants Alaska Ice Seafoods, Inc. and Long Fisheries, Inc.* |

| | |
|---|---|
| 600 University Street, Suite 2700<br>Seattle, WA 98101<br>Tel: 206-467-1816<br>Email: mallred@mcnaul.com<br>tfitzgerald@mcnaul.com | |
| Lukas Sosnicki<br>Thompson Coburn LLP<br>10100 Santa Monica Blvd, Suite 500<br>Los Angeles, CA 90067<br>Tel: 310-282-2500<br>Email: lsosnicki@thompsoncoburn.com | *Counsel for Defendants Alaska Ice Seafoods, Inc. and Long Fisheries, Inc.* |
| Sarah Van Buiten<br>Steven J. Goon<br>Cameron Patel<br>Rutan & Tucker<br>18575 Jamboree Road, 9th Floor<br>Irvine, CA 92612<br>Tel: 714-641-5100<br>Email: svanbuiten@rutan.com<br>sgoon@rutan.com<br>cpatel@rutan.com | *Counsel for Defendants Caito Fisheries LLC and Southwind Foods, LLC* |
| Steven Daniel McLellan<br>Claire Melehani<br>McLellan Law Group, LLP<br>20665 4th Street, Suite 202<br>Saratoga, CA 95070<br>Tel: 650-383-1266<br>Email: steven@mclellanlawgroup.com<br>claire@mclellanlawgroup.com | *Counsel for Defendant Fisherman's Catch, Inc.* |
| Ann Anh Phuong Nguyen<br>Bonnie Margaret Ross<br>Messner Reeves LLP<br>160 W. Santa Clara St., Su 1000<br>San Jose, CA 95113<br>Tel: 408-298-7120<br>Email: anguyen@messner.com<br>bross@messner.com | *Counsel for Defendant Global Quality Foods, Inc.* |
| Bao-Quan P. Pham<br>Law Office of Bao-Quan P. Pham<br>345 N. 18th Street<br>San Jose, CA 95112<br>Tel: 408-275-6701<br>Email: baopham408@sbcglobal.net | *Counsel for Defendant Global Quality Seafood LLC* |
| Philip J. Wang<br>Traci Michelle Keith<br>Putterman \| Yu LLP<br>345 California Street, Suite 1160<br>San Francisco, CA 94104<br>Tel: 415-839-8779<br>Email: pwang@plylaw.com<br>tkeith@plylaw.com | *Counsel for Defendant Ocean King Fish Inc.* |

| | |
|---|---|
| Edward C. Duckers<br>Charles H. Samel<br>Stoel Rives LLP<br>1 Montgomery Street, Suite 3230<br>San Francisco, CA 94104<br><br>Matthew D. Segal<br>Michelle J. Rosales<br>Stoel Rives LLP<br>500 Capitol Mall, Suite 1600<br>Sacramento, CA 95814<br><br>Timothy W. Snider<br>Stoel Rives LLP<br>760 SW Ninth Avenue, Suite 3000<br>Portland, OR 97205<br><br>Email: charles.samel@stoel.com<br>ed.duckers@stoel.com<br>timothy.snider@stoel.com<br>matthew.segal@stoel.com<br>michelle.rosales@stoel.com<br>brandon.vinsant@stoel.com<br>lauren.markovich@stoel.com<br>linda.vallin@stoel.com | *Counsel for Pacific Seafood Procurement, LLC; Pacific Seafood Processing, LLC; Pacific Seafood Fleet, LLC; Pacific Seafood Distribution, LLC; Pacific Seafood USA, LLC; Dulcich, Inc.; Pacific Seafood – Eureka, LLC; Pacific Seafood – Charleston, LLC; Pacific Seafood – Warrenton, LLC; Pacific Seafood – Newport, LLC; Pacific Seafood – Brookings, LLC; Pacific Seafood –Westport, LLC; Pacific Surimi – Newport LLC* |