# EXHIBIT 38

GROSS KLEIN PC
San Francisco | New York
The Embarcadero, Pier 9, Suite 100, San Francisco, CA 94111 ph: 415.671.4628 fx: 415.480.6688
www.grosskleinlaw.com

sender's email: sgross@grosskleinlaw.com

May 14, 2026

***Via Email only***
J. Timothy Hobbs
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-115
*tim.hobbs@klgates.com*

***Re: Crab AT – Mandujano, Vargas, Delgado, Heater, Current Cell Phone Data Preservation Measures***

Dear Tim:

We write in response to your May 1, 2026 letter, which raises significant preservation concerns, as well as concerning related matters.

## I. Additional Custodian - Moises Mandujano and Related Preservation

There is no agreement that only persons with "decision-making role[s]"are appropriate custodians. We have consistently disputed this.[1]

Please confirm, by the EOD, tomorrow, May 15, you agree to the below joint letter brief schedule to seek the Court's guidance on whether Moises Mandujano is an appropriate custodian:

- Plaintiffs provide their portion 5/22/2026
- Bornstein provides its portion 5/26/2026
- Plaintiffs file the letter brief 5/27/2026

[1] RSL ltr. to JTH (Apr. 13, 2026) (confirming Mr. Mandujano is an appropriate custodian because he is, *inter alia*, a conduit for the flow of pricing information between Bornstein, its competitors, and crabbers); RSL ltr. to JTH (Dec. 17, 2025) (Mr. Mandujano's propriety as a custodian does not rest on 'decision-making or price-setting authority.' The question is whether Mr. Mandujano has relevant documents in his possession, custody, or control; he does."); RSL ltr. to JTH (Nov. 21, 2025) (rejecting "Bornstein's unilaterally dictated limitation for involvement in pricing decisions"); RSL ltr. to JTH (Oct. 28, 2025) ("We never agreed to Bornstein's proffered limiting principle of 'making purchasing decisions for ex vessel Dungeness crab in the commercial Dungeness crab industry in the Pacific Northwest from November 1, 2015, to the present.'").

Please also provide the following information by the end of the day May 21:

- Confirmation that the text messages and other information on Mr. Mandujano's company-issued cell phone are currently being preserved.
- The exact date on which Bornstein began preserving text messages and other information on Mr. Mandujano's company-issued cell phone.
- The earliest date of any text message on Mr. Mandujano's company-issued cell phone.

## II. Preservation of Marco Vargas's Custodial File

Please provide the following information by the end of the day May 21:

- The exact dates on which Mr. Vargas was employed at Bornstein.
- Mr. Vargas's official title(s) while employed at Bornstein.
- Mr. Vargas's job responsibilities while employed at Bornstein.
- The location(s) at which Mr. Vargas worked while employed at Bornstein.
- The identity of Mr. Vargas's direct supervisor(s) while employed at Bornstein.
- The date on which Mr. Vargas returned his company-issued cell phone to Bornstein.
- The identify of the person at Bornstein to whom Mr. Vargas returned his company-issued cell phone.
- The date on which Bornstein "reset" Mr. Vargas's company-issued cell phone.
- The identify of the person who decided to "reset" Mr. Vargas's company-issued cell phone.
- A copy of any written preservation instructions provided to the person who decided to "reset" Mr. Vargas's company-issued cell phone.
- A description of any oral preservation instructions provided to the person who decided to "reset" Mr. Vargas's company-issued cell phone.
- The date(s) on which the person who decided to "reset" Mr. Vargas's company-issued cell phone was provided preservation instructions.
- The identity(s) of the person(s) who provided preservation instructions to the person who decided to "reset" Mr. Vargas's company-issued cell phone.
- Whether Mr. Vargas's company-issued cell phone was an iphone or an android.

- Whether any backups exist of the data formerly on Mr. Vargas's company-issued cell phone.
- A description of any efforts by Bornstein taken to recover the data that was lost when Mr. Vargas's company-issued cell phone was reset.
- A description and copy of any policy of Borstein regarding backing up of company-issued cell phone data.
- The effective dates of any policy of Borstein regarding backing up of company-issued cell phone data.
- The date on which your office first discovered that Mr. Vargas's company-issued cell phone had been "reset."

## III. Preservation of Juan Delgado's Custodial File

Please provide the following information by the end of the day May 21:

- The exact dates on which Mr. Delgado was employed at Bornstein.
- Mr. Delgado's official title while employed at Bornstein.
- The date on which Mr. Delgado returned his company-issued cell phone to Bornstein.
- The date on which Bornstein "reset" Mr. Delgado's company-issued cell phone.
- Whether Mr. Delgado's company-issued cell phone was an iphone or an android.
- Whether any backups exist of the data formerly on Mr. Delgado's company-issued cell phone.
- A description of any efforts by Bornstein taken to recover the data that was lost when Mr. Delgado's company-issued cell phone was reset.

## IV. Preservation of Doug Heater's Custodial File

Please provide the following information by the end of the day May 21:

- The exact dates on which Mr. Heater was employed at Bornstein.
- The date Mr. Heater returned his company-issued cell phone to Bornstein.
- Whether Bornstein "reset" Mr. Heater's company-issued cell phone and, if so, the date on which it did so.
- Whether Mr. Heater's company-issued cell phone was an iphone or an android.

GROSS KLEIN PC



- Whether any backups exist of the data formerly on Mr. Heater's company-issued cell phone.

- A description of any efforts by Bornstein taken to recover the data that was on Mr. Heater's company-issued cell phone.

**V. Bornstein's On-going Preservation of Text Messages**

Please provide the following information by the end of the day May 21:

- A description of the measures that Bornstein is taking to ensure that relevant text messages are being preserved, including any backup policies and/or measures that Bornstein has implemented.
- The date on which such measures were initiated.
- The persons whose text messages are subject to such preservation measures.
- For each such person who are subject to such preservation measures, whether their cell phones are company-issued or personal.
- For each such person who are subject to such preservation measures, whether their cell phones are iphones or android phones.

Sincerely,

Stuart G. Gross

cc: Henry Brockway
Victoria Duarte
Matthew W. Ruan
Samantha M. Gupta
Matthew S. Weiler
Raymond S. Levine
Todd R. Gregorian
Johnathan Tamini
Ross A. Middlemiss
Ian Atkinson-Young