# EXHIBIT 39

**K&L GATES LLP**
J. Timothy Hobbs, Jr. (*pro hac vice*)
501 Commerce Street, Ste. 1500
Nashville, Tennessee 37203
Telephone: (615) 780-6700
Tim.Hobbs@klgates.com

Henry J. Brockway (*pro hac vice*)
925 Fourth Avenue, Ste. 2900
Seattle, Washington 98104
Telephone: (206) 623-7580
Henry.Brockway@klgates.com

**K&L GATES LLP**
Victoria S. Pereira Duarte (*pro hac vice*)
70 W. Madison St., Ste. 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
Victoria.Duarte@klgates.com

Michael Stortz (SBN 139386)
4 Embarcadero Ctr., Ste 1200
San Francisco, California 94111
Telephone: (415) 882-8200
Michael.Stortz@klgates.com

*Attorneys for Defendants Bornstein Seafoods, Inc. and Astoria Pacific Seafoods, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

BRAND LITTLE and ROBIN BURNS, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

PACIFIC SEAFOOD PROCUREMENT, LLC; PACIFIC SEAFOOD PROCESSING, LLC; PACIFIC SEAFOOD FLEET, LLC; PACIFIC SEAFOOD DISTRIBUTION, LLC; PACIFIC SEAFOOD USA, LLC; DULCICH, INC.; PACIFIC SEAFOOD – EUREKA, LLC; PACIFIC SEAFOOD – CHARLESTON, LLC; PACIFIC SEAFOOD – WARRENTON, LLC; PACIFIC SEAFOOD – NEWPORT, LLC; PACIFIC SEAFOOD – BROOKINGS, LLC; PACIFIC SEAFOOD – WESTPORT, LLC; PACIFIC SURIMI – NEWPORT LLC; BLUE RIVER SEAFOOD, INC.; SAFE COAST SEAFOODS, LLC; SAFE COAST SEAFOODS WASHINGTON, LLC; OCEAN GOLD SEAFOODS, INC.; NOR-CAL SEAFOOD, INC.; KEVIN LEE; AMERICAN SEAFOOD EXP, INC.; CALIFORNIA SHELLFISH COMPANY, INC.; ROBERT BUGATTO ENTERPRISES, INC.; ALASKA ICE

Case No.: 3:23-cv-01098-AGT

**BORNSTEIN DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES TO ALL DEFENDANTS, SET THREE**

Judge: Honorable Alex G. Tse

SEAFOODS, INC.; LONG FISHERIES, INC.; CAITO FISHERIES, INC.; CAITO FISHERIES, LLC; SOUTHWIND FOODS, LLC; FISHERMEN'S CATCH, INC.; GLOBAL QUALITY FOODS, INC.; GLOBAL QUALITY SEAFOOD LLC; OCEAN KING FISH INC.; BORNSTEIN SEAFOODS, INC.; ASTORIA PACIFIC SEAFOODS, LLC; DA YANG SEAFOOD INC.; GREAT OCEAN SEAFOOD INC.; PACIFIC DREAM SEAFOOD, INC.; JOHN CAITO; JOSEPH CAITO; JAMES CAITO; JEANETTE CAITO; and DOES 37-60,

Defendants.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33 of the Civil Local Rules for the Northern District of California (the "Local Rules"), Defendants Bornstein Seafoods, Inc. and Astoria Pacific Seafoods, LLC (collectively, "Bornstein"), by and through undersigned counsel, hereby respond and object to Plaintiffs' Interrogatories to All Defendants, Set Three dated April 30, 2026 (collectively, "Interrogatories," each an "Interrogatory") as follows:

## GENERAL OBJECTIONS

The General Objections set forth below apply to the Interrogatories generally and to each Definition, Instruction, and Interrogatory specifically. Unless otherwise stated, the General Objections shall apply as if set forth in full in response to each Interrogatory. The express mention of a particular General Objection within a Response and Specific Objection is solely for emphasis and shall not be construed as a concession or indication that the General Objection applies only to that Interrogatory. Any undertaking to respond to any Interrogatory remains subject to the General Objections.

1. Bornstein objects generally to the Interrogatories, Instructions, and Definitions set forth or incorporated therein, to the extent that they call for the disclosure of information or documents that constitutes, reflects, or reveals information or communications protected by any privilege, protection, or immunity, including without limitation the attorney-client privilege, the work product doctrine, joint defense privilege, the common interest privilege, or any other available and valid grounds for withholding information from disclosure. Nothing contained in these objections and responses is intended to be, or in any way constitutes, a waiver of any applicable privilege, protection, or immunity. Any disclosure or production of information or documents protected by the attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise protected or immune from discovery shall not be construed to relinquish or constitute a waiver of any such privilege nor of any other basis for objecting to the use of such material or its subject matter. Specific objections to an Interrogatory on the grounds of privilege are provided below for emphasis and clarity only, and the absence of a specific objection should not be interpreted as evidence that Bornstein does not object to an Interrogatory on the grounds of privilege.

2. Bornstein objects generally to the Interrogatories, Instructions, and Definitions set forth or incorporated therein, to the extent those Interrogatories, Instructions, and Definitions seek to impose

obligations and demands upon Bornstein beyond those required by Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rules. Bornstein will respond to the Interrogatories consistent with these rules.

3. Bornstein objects generally to the Interrogatories, Instructions, and Definitions set forth or incorporated therein, to the extent they are overly broad, unduly burdensome, and/or oppressive.

4. Bornstein objects generally to the Interrogatories, Instructions, and Definitions set forth or incorporated therein, to the extent they seek information that is not relevant to any party's claims or defenses, is not reasonably calculated to lead to the discovery of admissible evidence, and/or is not proportional to the needs of this case.

5. Bornstein objects generally to the Interrogatories to the extent that they seek information not in the possession, custody, or control of Bornstein.

6. Bornstein objects generally to the Interrogatories to the extent that they seek information in the possession, custody, or control of third parties or that is publicly available and thus, is equally or more easily available and accessible to Plaintiffs from those sources.

7. Bornstein objects generally to the Interrogatories to the extent that they seek information that is already within Plaintiffs' possession, custody, or control.

8. Bornstein objects generally to Interrogatories, Instructions, and Definitions set forth or incorporated therein, to the extent that they seek information or require the disclosure of documents, data, or information that comprise or reveal trade secrets, or confidential, proprietary, or competitively sensitive business information of Bornstein, where any purported marginal benefit of disclosure of the requested information, documents, or data is outweighed by the burden associated with disclosure of such highly sensitive information or materials. Any production or disclosure of such documents, data, or information shall be subject to the Protective Order entered on June 26, 2024 (ECF 63).

9. Bornstein objects generally to the Interrogatories to the extent that they seek information where such disclosure would violate the terms of agreements entered into with third parties, or violate the intellectual property, contractual, privacy, or other rights of third parties.

10. Bornstein objects generally to the Interrogatories, Instructions, and Definitions set forth or

incorporated therein, to the extent that they are vague, ambiguous, or incomprehensible, contain terms that are not adequately defined, or otherwise lack sufficient precision, and thereby require Bornstein to engage in conjecture as to their meaning.

11. Bornstein objects to each of the Interrogatories, Instructions, and Definitions set forth or incorporated therein, to the extent that they include legal conclusions or assumptions.

12. Bornstein objects generally to Interrogatories, Instructions, and Definitions set forth or incorporated therein, to the extent they seek information that is a matter of public record, is equally available to Plaintiff, or is available to Plaintiff from more convenient or less burdensome sources.

13. Bornstein objects generally to the Interrogatories, Instructions, and Definitions set forth or incorporated therein, on the ground that, taken cumulatively, they are unreasonably burdensome, duplicative, vexatious, and the burden of responding to these Interrogatories far outweighs the value of any information that they are intended to solicit.

14. Bornstein objects generally to the Interrogatories, Instructions, and Definitions set forth or incorporated therein, to the extent that they are repetitive, duplicative, overly broad, seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive, or to the extent they otherwise impose an undue burden upon Bornstein.

15. Bornstein's investigation regarding the facts relating to this case is ongoing. Bornstein reserves the right to amend, supplement, qualify, and/or otherwise change its Responses to these Interrogatories as further investigation and discovery may make appropriate in accordance with Bornstein's obligations under the Federal Rules of Civil Procedure.

16. The responses and information contained herein in response to these Interrogatories are for use in this litigation only and shall be used for no other purpose.

17. Responses provided to individual Interrogatories are subject to, and without waiver of, these General Objections and those Specific Objections raised with respect to each particular Interrogatory. A response to any Interrogatory should not be construed as an admission that the information is relevant, material, or admissible or that the response can be used as the basis for a contention

that the requesting party is entitled to any response more specific than that provided.

18. Bornstein is providing these Responses and any information contained herein without waiver of or prejudice to its right, at any later time, to raise objections to: (a) any further Interrogatories, or discovery involving or relating to matters sought or raised in these Interrogatories, or in information provided in response thereto; or (b) the relevance, materiality, or admissibility of (i) matters sought or raised in these Interrogatories, or any part thereof, (ii) statements made in response to these Interrogatories, or any part thereof, or (iii) any information provided pursuant to these Interrogatories.

19. Bornstein's Response that it will provide information is not a representation that such information exists or that it exists within Bornstein's possession, custody, or control.

20. Any documents or information provided by Bornstein in response to these Interrogatories shall be subject to current or future protective orders, confidentiality orders, and discovery agreements or other court orders effective in the above-captioned action.

21. These responses and objections set forth herein are based upon information currently known to Bornstein and are made without prejudice to its right to present subsequently discovered facts or facts known but, as to which the relevance, significance, or applicability has not yet been ascertained.

**OBJECTIONS TO DEFINITIONS**

1. Bornstein objects to each of the Definitions set forth in the Interrogatories to the extent they seek to impose obligations and demands upon Bornstein beyond those required by the Federal Rules of Civil Procedure and/or the Local Rules of the Northern District of California.

2. Bornstein objects to the definition for "You" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent this definition purports to bring within the ambit of the Interrogatories persons and entities other than Bornstein. Bornstein cannot respond on behalf of persons and entities other than Bornstein. Bornstein further objects to this definition on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks to require Bornstein to produce documents not in their possession, custody, or control. In responding to these Interrogatories, Bornstein construes "You" as referring only to Bornstein and no other entity or person.

3. Bornstein objects to the definition for "Defendants" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent this definition purports to include persons or entities other than those persons or entities that have been named in this lawsuit. Therefore, in responding to these Interrogatories, Bornstein will interpret and use "Defendants" to mean any other defendant named in this lawsuit. For avoidance of doubt, those Defendants are: Pacific Seafood Procurement, LLC; Pacific Seafood Processing, LLC; Pacific Seafood Fleet, LLC; Pacific Seafood Distribution, LLC; Pacific Seafood USA, LLC; Dulcich, Inc.; Pacific Seafood – Eureka, LLC; Pacific Seafood – Charleston, LLC; Pacific Seafood – Warrenton, LLC; Pacific Seafood – Newport, LLC; Pacific Seafood – Brookings, LLC; Pacific Seafood – Westport, LLC; Pacific Surimi – Newport LLC; Blue River Seafood, Inc.; Safe Coast Seafoods, LLC; Safe Coast Seafoods Washington, LLC; Ocean Gold Seafoods, Inc.; Nor-Cal Seafood, Inc.; Kevin Lee; American Seafood Exp, Inc.; California Shellfish Company, Inc.; Robert Bugatto Enterprises, Inc.; Alaska Ice Seafoods, Inc.; Long Fisheries, Inc.; Caito Fisheries, Inc.; Caito Fisheries, LLC; Southwind Foods, LLC; Fishermen's Catch, Inc.; Global Quality Foods, Inc.; Global Quality Seafood LLC; Ocean King Fish Inc.; Da Yang Seafood Inc.; Great Ocean Seafood Inc.; Pacific Dream Seafood, Inc.; John Caito; Joseph Caito; James Caito; and Jeanette Caito.

4. Bornstein objects to the definition for "Commercial Dungeness Crab Industry" as vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to the "harvest, procurement, processing, marketing and sale of Dungeness crab" to the extent "harvest, procurement, processing, marketing and sale" are undefined terms subject to multiple interpretations.

5. Bornstein objects to the definition for "Puget Sound Area" as vague and ambiguous in that it includes areas "adjacent to Puget Sound, Washington" but it does not define what areas are considered adjacent to Puget Sound, Washington.

6. Bornstein objects to the definition for "Fisher" as vague, ambiguous, overbroad, and not proportional to the needs of the case to the extent it includes individuals that do not participate in commercial Dungeness crab fishing. Bornstein also objects to this definition as vague, ambiguous, overbroad, and not proportional to the needs of the case, specifically with respect to "commercial fishing"

and "commercial fishing vessel" to the extent such terms are undefined terms subject to multiple interpretations.

7. Bornstein objects to the definition for "Buyer" as overbroad and not proportional to the needs of the case in that it includes persons who purchase "other fishes directly from a Fisher with the purpose of reselling the fish, with or without further processing" and is not limited to those who purchase the species of seafood at issue, Dungeness crab.

8. Bornstein objects to the definition for "Ex Vessel" as overbroad, ambiguous, and not proportional to the needs of the case in that it purports to include all "fresh commercial seafood" where "commercial seafood" is undefined and the definition is not limited to the species of seafood at issue, Dungeness crab.

9. Bornstein objects to the definition for "Ex Vessel Price" as overbroad and not proportional to the needs of the case in that it purports to include all "seafood" and is not limited to the price paid per pound for the species of seafood at issue, Dungeness crab.

10. Bornstein objects to the definition for "Fish Ticket" as overbroad and not proportional to the needs of the case in that it purports to include landing records for all "commercial seafood" and is not limited to the landing record recorded by the Department of Fish and Wildlife of the state in which the species of seafood at issue, Dungeness crab, is landed.

11. Bornstein objects to Plaintiffs' use of and definition of the term "Out the Back Door" as pejorative to the extent that the term and/or its definition imply improper or illicit conduct. Bornstein further objects to this term to the extent it implies common industry usage or understanding.

12. Bornstein objects to the definition for "Processed Dungeness Crab" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to "commercial Dungeness crab" and "cooked", as well as "Ex Vessel purchase" which incorporates the vagueness and ambiguity of "Ex Vessel."

13. Bornstein objects to the definition for "Unprocessed Dungeness Crab" on the grounds that the definition is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to "commercial Dungeness crab" and "has not been cooked", as well

as "Ex Vessel purchase" which incorporates the vagueness and ambiguity of "Ex Vessel."

14. Bornstein objects to the definition for "Document" as overbroad and not proportional to the needs of the case to the extent it seeks to impose obligations and demands upon Bornstein beyond those required by the Federal Rules of Civil Procedure and Local Rules. Bornstein further objects to this definition to the extent it requires Bornstein to conduct searches broader than a reasonable and diligent search of reasonably accessible files (including electronic files) where responsive information reasonably would be expected to be found.

15. Bornstein objects to the definition for "Communication" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent this definition purports to bring within the ambit of the Interrogatories communications from and between persons and entities other than Bornstein. Bornstein cannot respond on behalf of persons and entities other than Bornstein. Bornstein further objects to this definition to the extent it requires Bornstein to conduct searches broader than a reasonable and diligent search of reasonably accessible files (including electronic files) where responsive information reasonably would be expected to be found or seeks to impose obligations and demands upon Bornstein beyond those required by the Federal Rules of Civil Procedure and Local Rules. In responding to these Interrogatories, Bornstein will give this term its ordinary meaning and will construe this term to include only those communications by or with Bornstein and no other entity or person.

16. Bornstein objects to the definition for "Electronically Stored Information" as overbroad and not proportional to the needs of the case to the extent it seeks to impose obligations and demands upon Bornstein beyond those required by the Federal Rules of Civil Procedure and Local Rules.

17. Bornstein objects to the definition for "Concerning" as overbroad and unduly burdensome, in that it would encompass all documents that could be construed to have any implied or implicit relation to the subject at issue in each Interrogatory. In responding to these Interrogatories, Bornstein will interpret and use "concerning" as Plaintiffs have defined it, as modified throughout by the term "expressly," *i.e.*, "expressly relating to, expressly referring to, expressly regarding, expressly applicable to," etc.

18. Bornstein objects to the definition for "Identify (with respect to persons)" on the grounds that the definition demands private information, such as "present or last known address, phone number,

and email address." Bornstein will not provide such information for their own employees, who may only be contacted by and through undersigned counsel.

**OBJECTIONS TO INSTRUCTIONS**

1. Bornstein objects to Instruction No. 2 as overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. In the Fifth Amended Complaint ("5AC"), Plaintiffs define the proposed Class Period from January 1, 2016 to the present and allege a conspiracy period beginning with the 2015/2016 Dungeness crab season. *See* 5AC ¶¶ 12, 495. This Instruction, however, defines the temporal scope of these Interrogatories, unless otherwise indicated, as January 1, 2005 to the date of Bornstein's responses to these Interrogatories—a period of more than twenty years. Plaintiffs' Instruction thereby disregards any notion of proportionality, as required by the Federal Rules of Civil Procedure, and imposes a significant and undue burden on Bornstein by requiring that it provide information from a substantially longer period than that which is reasonably calculated to lead to the discovery of information relevant to the parties' claims and defenses. Unless otherwise stated or negotiated, Bornstein will provide information relevant to the Commercial Dungeness Crab Industry in the Pacific NW Area beginning with the date January 1, 2015 and ending with the present. Because Plaintiffs purport to incorporate this Instruction into each Interrogatory (unless otherwise stated), Bornstein incorporates this objection into each of its Responses to each Interrogatory.

2. Bornstein objects to Instruction Nos. 3 and 4 to the extent it imposes a burden not required under the Federal Rules of Civil Procedure, the Local Rules, the ESI protocol entered by the Court (ECF 335), or any other applicable court order. Bornstein will comply with those rules, the ESI protocol, and court orders.

**INTERROGATORIES**

**INTERROGATORY NO. 13:**

For all types of Communications—including, but not limited to, emails, text messages, and WhatsApp or other electronic messages—that You have collected of any person—including, without limitation, from any of Your principals or employees (current or former)—in connection with This Action—including, without limitation, any collection conducted by You in response to any Request for

Production of Documents or Subpoena—provide, for each instance that You collected Communications: (a) the Identity of the person whose Communications were collected; (b) the type of Communications that were collected; (c) the date on which the collection took place; (d) the method used for the collection; (e) the earliest send date of each type of Communications collected; (f) the earliest received date of each type of Communications collected; (g) as applicable, the type of device—e.g., mobile phone—or file location—e.g., company email server or local PST of user—from which each type of Communications was collected; (h) the Identity of the owner of the device or file location from which each type of Communications was collected; and (i) the current physical location of each device or file location from which each type of Communications was collected.

**RESPONSE TO INTERROGATORY NO. 13:**

Bornstein objects to Interrogatory No. 13 on the grounds that it seeks information protected by the attorney-client privilege and attorney work product doctrine because it calls for disclosure of litigation collection efforts undertaken in connection with this action, including counsel's decisions regarding custodians, sources, collection methods, timing, and scope, all of which reflect counsel's mental impressions, legal theories, and case strategy. Bornstein further objects because the request is overbroad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks this information for "all types of Communications" collected "of any person," including "without limitation" principals or employees current or former, and requires device-by-device and repository-by-repository detail, including the "current physical location" of each source. Defendant further objects to the extent the interrogatory seeks information not relevant to any claim or defense.

Subject to and without waiving these objections, Bornstein is willing to meet and confer regarding whether a narrowed response can be provided limited to non-privileged, high-level information about categories of non-privileged ESI sources searched or collected, without disclosing privileged collection strategy, counsel's mental impressions, or the location of devices.

**INTERROGATORY NO. 14:**

For all types of Communications—including, but not limited to, emails, text messages, and WhatsApp or other electronic messages—that You have collected of any person—including, without

limitation, from any of Your principals or employees (current or former)—in connection with This Action—including, without limitation, any collection conducted by You in response to any Request for Production of Documents or Subpoena—explain, by person and by category of Communications, why no Communications sent or received prior to the dates provided in Your response to subsections (e) and (f), respectively, of Interrogatory Number 13 were collected.

**RESPONSE TO INTERROGATORY NO. 14:**

Bornstein objects to Interrogatory No. 14 on the grounds that it expressly seeks disclosure of the reasons underlying Bornstein's collection decisions in this litigation and therefore calls for information protected by the attorney-client privilege and attorney work product doctrine, including counsel's judgments concerning custodians, date limitations, preservation, collection sequencing, proportionality, and responsiveness. Bornstein further objects because this Interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case in requiring a person-by-person and category-by-category explanation of why earlier communications were not collected. Preparing such a response would require substantial investigation into litigation collection history and would necessarily reveal protected strategy and internal decision-making.

Subject to and without waiving these objections, Bornstein is willing to meet and confer regarding whether Plaintiffs seek non-privileged information about any temporal limitations.

**INTERROGATORY NO. 15:**

Describe any collection by You of any Phone Log of any person, including: (a) the Identity of the person from whose phone the Phone Log was collected; (b) the date(s) on which each Phone Log was collected; (c) the Identity of the owner of the device from which a phone log was collected; and (d) the current physical location of each device from which a phone log was collected.

**RESPONSE TO INTERROGATORY NO. 15:**

Bornstein objects to Interrogatory No. 15 on the grounds that it seeks information protected by the attorney-client privilege and attorney work product doctrine to the extent it inquires into litigation-related collection of phone logs, including whose devices were targeted, when collection occurred, and from what devices, because those facts may reveal counsel's mental impressions and investigative strategy in this

action. Bornstein further objects because this Interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information concerning "any person" and demands disclosure of the current physical location of each device, which is intrusive, may implicate privacy and security concerns, and is not proportional. Bornstein also objects to the extent the interrogatory seeks information about devices or data not within Defendant's possession, custody, or control. Additionally, Bornstein objects to this Interrogatory to the extent the information it seeks can be obtained from other sources that are more convenient, more efficient, more practical, less burdensome, and/or less expensive. Bornstein further objects to this Interrogatory to the extent such documents have already been subpoenaed in this matter from third-parties.

Subject to and without waiving these objections, Bornstein is willing to meet and confer regarding whether a narrowed response can be provided from collections from Bornstein-controlled sources without identifying device locations or disclosing privileged litigation strategy, and that is not duplicative of documents Plaintiffs have already obtained from other sources including by subpoenas issued to cell phone carriers.

**INTERROGATORY NO. 16:**

Identify any person on the list attached hereto as **Exhibit A** who has ever been Your owner, principal, employee, or agent, providing for each such person: (a) the position(s) and/or agency relationship(s) that the person had with You; and (b) the dates during which the person had each such position and/or agency relationship with You.

**RESPONSE TO INTERROGATORY NO. 16:**

Bornstein objects to Interrogatory No. 16 to the extent it is overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks information about "any person" on a lengthy exhibit who has "ever been" an owner, principal, employee, or agent of Bornstein, without any reasonable limitation tied to the needs of the case. This Interrogatory would require an extensive historical personnel and agency investigation, including for former personnel and agents over many years. Bornstein also objects to this Interrogatory because **Exhibit A** contains entries with incomplete identifying information such as unknown last names making it unreasonable, unduly burdensome, and potentially speculative for

Bornstein to respond as it would require Bornstein to attempt to search and match incomplete or ambiguous identities to its records. Bornstein further objects to the extent the term "agent" is vague and ambiguous and may call for legal conclusions or information not readily ascertainable from ordinary business records. Bornstein also objects to the extent this Interrogatory seeks information already known to Plaintiff and/or contained in documents previously produced or otherwise available to Plaintiff.

Subject to and without waiving these objections, Bornstein is willing to meet and confer regarding a reasonable narrowing of this Interrogatory, including limiting it to relevant time periods or persons reasonably believed to have involvement in the matters alleged.

**INTERROGATORY NO. 17:**

Identify any person on the list attached hereto as **Exhibit B** who has ever been Your owner, principal, employee, or agent, providing for each such person: (a) the position(s) and/or agency relationship(s) that the person had with You; and (b) the dates during which the person had each such position and/or agency relationship with You.

**RESPONSE TO INTERROGATORY NO. 17:**

Bornstein objects to Interrogatory No. 17 on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of the case. **Exhibit B** contains an extensive list of names, including entries with incomplete identifying information such as unknown last names and the Interrogatory asks whether any such person has "ever been" Bornstein's owner, principal, employee, or agent and to provide positions and dates. Responding would require an unreasonable and potentially speculative historical investigation, including attempts to match incomplete or ambiguous identities to its records. Bornstein further objects to the term "agent" as vague and ambiguous and to the extent the Interrogatory may call for legal conclusions or information not readily ascertainable from ordinary business records. Bornstein also objects to the extent this Interrogatory seeks information already known to Plaintiff and/or contained in documents previously produced or otherwise available to Plaintiff.

Subject to and without waiving these objections, Bornstein is willing to meet and confer regarding reasonable limitations, including limiting the inquiry to a relevant time period and to persons connected to the allegations in this action.

Dated: June 1, 2026

Respectfully submitted,


/s/ J. Timothy Hobbs, Jr.

**K&L GATES LLP**
J. Timothy Hobbs, Jr. (*pro hac vice*)
501 Commerce Street, Ste. 1500
Nashville, Tennessee 37203
Telephone: (615) 780-6700
Tim.Hobbs@klgates.com

Henry J. Brockway (*pro hac vice*)
925 Fourth Avenue, Ste. 2900
Seattle, Washington 98104
Telephone: (206) 623-7580
Henry.Brockway@klgates.com

Victoria S. Pereira Duarte (*pro hac vice*)
70 W. Madison St., Ste. 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
Victoria.Duarte@klgates.com

Michael Stortz (SBN 139386)
4 Embarcadero Ctr., Ste 1200
San Francisco, California 94111
Telephone: (415) 882-8200
Michael.Stortz@klgates.com

*Attorneys for Defendants Bornstein Seafoods, Inc. and Astoria Pacific Seafoods, LLC*

**VERIFICATION OF INTERROGATORY ANSWERS**

I, Colin Bornstein, am CEO of Bornstein Seafoods, Inc. and Astoria Pacific Seafoods, LLC. I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on June 1, 2026

Colin Bornstein

**DECLARATION OF SERVICE**

I, Victoria S. Pereira Duarte, declare that I am over the age of eighteen years and not a party to this action. I am employed by K&L Gates LLP in Cook County, State of Illinois. My business address is 70 W. Madison St., Ste. 3300, Chicago, Illinois 60602, my email address is Victoria.Duarte@klgates.com. On June 1, 2026, in Chicago, Illinois, I served the following document via email:

- **BORNSTEIN DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES TO ALL DEFENDANTS, SET THREE**

on the following parties:

**PLAINTIFFS' COUNSEL**

| | |
|---|---|
| Stuart G. Gross<br>Ross Andrew Middlemiss<br>Travis Smith<br>Gross Klein PC<br>The Embarcadero, Pier 9, Suite 100<br>San Francisco, CA 94111<br>Tel: 415-671-4628<br>Email: rmiddlemiss@grosskleinlaw.com<br>tsmith@grosskleinlaw.com<br>sgross@grosskleinlaw.com<br>iatkinsonyoung@grosskleinlaw.com | *Counsel for Plaintiffs and the Proposed Classes* |
| Matthew W Ruan<br>Samantha M. Gupta<br>Justice Jagher London & Millen LLC<br>100 Tri-State International, Suite 128<br>Lincolnshire, IL 60069<br>Tel: 224-632-4500<br>Email: mruan@jjlmlaw.com<br>sgupta@jjlmlaw.com | *Counsel for Plaintiffs and the Proposed Classes* |
| Matthew Sinclair Weiler<br>Raymond S. Levine<br>Schneider² Wallace Cottrell Konecky LLP<br>2000 Powell Street, Suite 1400<br>Emeryville, CA 94612<br>Tel: 510-740-2930<br>Email: mweiler@schneiderwallace.com<br>rlevine@schneiderwallace.com | *Counsel for Plaintiffs and the Proposed Classes* |
| Steven Noel Williams<br>Steven Williams Law, P.C.<br>201 Spear Street, Suite 1100<br>San Francisco, CA 94105<br>Tel: 415-260-7909<br>Email: swilliams@stevenwilliamslaw.com | *Counsel for Plaintiffs and the Proposed Classes* |

| | |
|---|---|
| Jonathan Gordon Tamimi<br>Fenwick & West LLP<br>401 Union Street, 5th Floor<br>Seattle, WA 98101<br>Tel: 206-389-4510<br>Email: Jtamimi@fenwick.com<br><br>Todd Richard Gregorian<br>Fenwick & West LLP<br>One Front Street Ste 33rd Floor<br>San Francisco, CA 94111<br>Tel: 415-875-2402<br>Email: Tgregorian@fenwick.com | *Counsel for Plaintiffs and the Proposed Classes* |

**DEFENSE COUNSEL**

| | |
|---|---|
| Sean Paul Gates<br>Illovsky Gates & Calia LLP<br>155 N. Lake Ave., Suite 800<br>Pasadena, CA 91101<br>Tel: 626-508-1715<br>Email: sean@illovskygates.com<br><br>Eva Krisztina Schueller<br>Illovsky Gates & Calia LLP<br>1611 Telegraph Ave., Ste 806<br>Oakland, CA 94612<br>Tel: 415-535-3459<br>Email: eschueller@illovskygates.com | *Counsel for Defendants Blue River Seafood, Inc., Safe Coast Seafoods, LLC, Safe Coast Seafoods Washington, LLC* |
| Brian A. E. Smith<br>Joseph John Fraresso<br>Bartko LLP<br>1100 Sansome Street<br>San Francisco, CA 94111<br>Tel: 415-956-1900<br>Email: bsmith@bartkolaw.com<br>jfraresso@bartkolaw.com<br><br>Christopher J. Kayser<br>Elizabeth E. Parker<br>Larkins Vacura Kayser LLP<br>121 SW Morrison Street, Ste # 700<br>Portland, OR 97204<br>Tel: 503-222-4424<br>Email: cjkayser@lvklaw.com<br>eparker@lvklaw.com | *Counsel for Defendant Ocean Gold Seafoods, Inc.* |
| Huechi Wong<br>HH Legal Group<br>2443 Fillmore St. #380-4372<br>San Francisco, CA 94115<br>Tel: 510-402-5333<br>Email: hwonglegal@gmail.com<br>huechi@hhdisputes.com<br><br>Jonathan Herschel Bornstein | *Counsel for Defendants Nor-Cal Seafood, Inc. and Kevin Lee* |

| | |
|---|---|
| Bornstein & Bornstein Law Group<br>2701 Telegraph Avenue, Suite 200<br>Oakland, CA 94612<br>Tel: 510-901-0010<br>E-mail: jonathan@bornsteinlaw.com | |
| Sean Tamura-Sato<br>Minami Tamaki LLP<br>101 Montgomery Street, Suite 825<br>San Francisco, CA 94104<br>Tel: 415-788-9000<br>Email: seant@MinamiTamaki.com | *Counsel for Defendant American Seafood Exp, Inc.* |
| William Scott Cameron<br>Josiah Prendergast<br>Carly M. Moran<br>Weintraub Tobin Chediak Coleman Grodin<br>400 Capitol Mall, Suite 1100<br>Sacramento, CA 95814<br>Tel: 916-558-6000<br>Email: scameron@weintraub.com<br>jprendergast@weintraub.com<br>cmoran@weintraub.com | *Counsel for Defendants California Shellfish Company, Inc. and Robert Bugatto Enterprises, Inc.* |
| Micah C. Allred<br>Timothy B. Fitzgerald<br>McNaul Ebel Nawrot & Helgren PLLC<br>600 University Street, Suite 2700<br>Seattle, WA 98101<br>Tel: 206-467-1816<br>Email: mallred@mcnaul.com<br>tfitzgerald@mcnaul.com<br><br>Lukas Sosnicki<br>Jose L. Lua Valencia<br>Thompson Coburn LLP<br>10100 Santa Monica Blvd, Suite 500<br>Los Angeles, CA 90067<br>Tel: 310-282-2500<br>Email: lsosnicki@thompsoncoburn.com<br>jlua-Valencia@thompsoncoburn.com | *Counsel for Defendants Alaska Ice Seafoods, Inc. and Long Fisheries, Inc.* |
| Colin W Morrow<br>Vannucci Momsen Morrow, An Association of Sole Practitioners<br>P.O. Box 1214<br>Mendocino, CA 95460<br>Tel: 707-380-1070<br>Email: cmorrow@vmm-law.com | *Counsel for Defendants Caito Fisheries, Inc., John Caito, Joesph Caito, Jeanette Caito, and James Caito* |
| Steven J. Goon<br>Cameron Patel<br>Rutan & Tucker LLP<br>18575 Jamboree Road, 9th Floor<br>Irvine, CA 92612<br>Tel: 714-641-5100<br>Email: sgoon@rutan.com | *Counsel for Defendants Caito Fisheries LLC and Southwind Foods, LLC* |

| | |
|---|---|
| cpatel@rutan.com | |
| Steven Daniel McLellan<br>Claire Melehani<br>McLellan Law Group, LLP<br>20665 4th Street, Suite 202<br>Saratoga, CA 95070<br>Tel: 650-383-1266<br>Email: steven@mclellanlawgroup.com<br>claire@mclellanlawgroup.com | *Counsel for Defendant Fishermen's Catch, Inc.* |
| Ann Anh Phuong Nguyen<br>Bonnie Margaret Ross<br>Messner Reeves LLP<br>160 W. Santa Clara St., Su 1000<br>San Jose, CA 95113<br>Tel: 408-298-7120<br>Fax: 408-298-0477<br>Email: anguyen@messner.com<br>bross@messner.com | *Counsel for Defendant Global Quality Foods, Inc.* |
| Bao-Quan P. Pham<br>Law Office of Bao-Quan P. Pham<br>345 N. 18th Street<br>San Jose, CA 95112<br>Tel: 408-275-6701<br>Email: baopham408@sbcglobal.net | *Counsel for Defendant Global Quality Seafood LLC* |
| Philip J. Wang<br>Traci Michelle Keith<br>George Eugene Chikovani<br>Putterman \| Yu LLP<br>345 California Street, Suite 1160<br>San Francisco, CA 94104<br>Tel: (415) 839-8779<br>Email: pwang@plylaw.com<br>tkeith@plylaw.com<br>gchikovani@plylaw.com | *Counsel for Defendant Ocean King Fish Inc.* |
| Edward C. Duckers<br>Charles H. Samel<br>Stoel Rives LLP<br>1 Montgomery Street, Suite 3230<br>San Francisco, CA 94104<br><br>Matthew D. Segal<br>Michelle J. Rosales<br>Stoel Rives LLP<br>500 Capitol Mall, Suite 1600<br>Sacramento, CA 95814<br><br>Timothy W. Snider<br>Alex Van Rysselberghe<br>Alexandra Choi Giza<br>Stoel Rives LLP<br>760 SW Ninth Avenue, Suite 3000<br>Portland, OR 97205<br>Email:<br>ed.duckers@stoel.com | *Counsel for Pacific Seafood Procurement, LLC; Pacific Seafood Processing, LLC; Pacific Seafood Fleet, LLC; Pacific Seafood Distribution, LLC; Pacific Seafood USA, LLC; Dulcich, Inc.; Pacific Seafood – Eureka, LLC; Pacific Seafood – Charleston, LLC; Pacific Seafood – Warrenton, LLC; Pacific Seafood – Newport, LLC; Pacific Seafood – Brookings, LLC; Pacific Seafood –Westport, LLC; Pacific Surimi – Newport LLC .* |

| | |
|---|---|
| charles.samel@stoel.com<br>matthew.segal@stoel.com<br>michelle.rosales@stoel.com<br>timothy.snider@stoel.com<br>alex.vanrysselberghe@stoel.com<br>alexandra.giza@stoel.com<br>brandon.vinsant@stoel.com<br>lauren.markovich@stoel.com<br>linda.vallin@stoel.com | |
| Colin Vincent Quinlan<br>John Ryan Danos<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>555 S. Flower Street Ste 29th Floor<br>Los Angeles, CA 90071<br>Email: Colin.Quinlan@wilsonelser.com<br>John.Danos@wilsonelser.com | *Counsel for Da Yang Seafood Inc.* |
| Christopher M. Wyant<br>Ballard Spahr LLP 1301 Second Avenue<br>Suite 2800 Seattle, WA 98101<br><br>Michael Stephen Myers<br>Ballard Spahr LLP 2029 Century Park East<br>Suite 1400 Los Angeles, CA 90067<br><br>Jessica Rizzo<br>Ballard Spahr LLP Pa - Pennsylvania 1735<br>Market Street Philadelphia, PA 19103<br>Email: Wyantc@ballardspahr.com<br>Myersm@ballardspahr.com<br>Rizzoj@ballardspahr.com | *Counsel for Great Ocean Seafood Inc.* |