UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAND LITTLE, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>PACIFIC SEAFOOD PROCUREMENT,<br>LLC, et al.,<br><br>        Defendants. | Case No.  23-cv-01098-AGT<br><br>**ORDER ON MOTIONS TO SEAL**<br>Re: Dkt. Nos. 746, 769 |

Pacific Seafood seeks permission to redact paragraphs 587 and 594–98 in Plaintiffs' sixth amended complaint. Those paragraphs quote text messages sent or received by Pacific Seafood employees on their cell phones. Pacific Seafood maintains that the messages are "not probative of any of the claims or defenses in this action" and that Plaintiffs quote them "solely to embarrass and harass" the employees and Pacific Seafood. Dkt. 756 at 2. The Court concludes otherwise and denies the request to redact these paragraphs *in toto*.

The text messages relate to alleged retaliation by Pacific Seafood and other Defendants against Ozzie Gregorio (Plaintiff's Confidential Informant #1) when Gregorio allegedly refused to cooperate with cartel activity. While the Court isn't making any ultimate findings in this sealing order, it appears that the messages are plausibly relevant to Plaintiffs' claims.

Retaliation against Gregorio could make the existence of a conspiracy more likely.

The Court concludes that Plaintiffs aren't seeking to use these messages "to gratify private spite, promote public scandal, [or] circulate libelous statements." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). And although the messages may cause embarrassment, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Pacific Seafood cannot redact *in toto* the paragraphs in question from the sixth amended complaint.[1]

Alternatively, Pacific Seafood asks the Court to enter an order that would protect the identity of the text-message participants in paragraphs 587 and 594–98. The Court will take this less drastic step. Because of the inflammatory nature of these particular text messages (which use profane language and express a desire to assault Gregario), the Court will allow Pacific Seafood to redact the names of the participants and substitute in their place identifiers like "Pacific Seafood Employee A." Doing so will balance non-party privacy interests and the public's interest in understanding Plaintiffs' allegations.[2]

By August 3, 2026, Pacific Seafood must provide Plaintiffs with a copy of the sixth amended complaint that includes the limited redactions approved herein. Barring a dispute over the Pacific Seafood–provided redactions, Plaintiffs shall file that version of the sixth amended complaint by August 6, 2026. Except for the names of the message participants in

---

[1]  For the same reasons articulated above, the Court denies Pacific Seafood's request to redact Plaintiffs' summaries of the disputed complaint paragraphs in Plaintiffs' brief in opposition to Pacific Seafood's sealing request. *See* Dkts. 769, 781. Plaintiffs must file an unredacted version of that brief by August 6, 2026.

[2] The balance may change later in the litigation, however, and there may come a time when the message participants' identities will need to be publicly revealed.

paragraphs 587 and 594–98, all other parts of the sixth amended complaint must be unsealed.

**IT IS SO ORDERED.**

Dated: July 29, 2026

Alex G. Tse
United States Magistrate Judge