UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAND LITTLE, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>PACIFIC SEAFOOD PROCUREMENT,<br>LLC, et al.,<br><br>        Defendants. | Case No.  23-cv-01098-AGT<br><br>**ORDER RE: MOTION FOR<br>PRELIMINARY APPROVAL**<br><br>Re: Dkt. No. 740 |

On behalf of the proposed class, Plaintiffs seek preliminary approval of three settlement agreements that resolve Plaintiffs' claims against Defendants Pacific Dream Seafoods, Inc., Caito Fisheries, Inc., the Caito Siblings (James, Jeanette, John, and Joseph), and non-parties Fisherman's Choice LLC and Gerard Wetle, Jr. *See* Dkt. 740-2, -3, -4 (settlement agreements). Pacific Dream has agreed to pay $1 million to settle Plaintiffs' claims; the Caito Defendants have agreed to pay $1.25 million; and Fisherman's Choice and Wetle have agreed to cooperate with Plaintiffs in ongoing litigation against the non-settling Defendants.

Before preliminarily approving a class settlement, the Court must make a preliminary finding that the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To do so, the Court often compares the settlement amount to the estimated value of the class's claims. *See Cotter v. Lyft, Inc.*, 176 F. Supp. 3d 930, 935 (N.D. Cal. 2016) (referring to the comparison between "plaintiffs' expected recovery" and "the value of the settlement offer" as "perhaps the most important factor to consider"). Here, Plaintiffs haven't offered any

details about the estimated value of the class's claims. They've identified the settling defendants' market share, *see* dkt. 740-1, Gross Decl. ¶¶ 27, 34, but market share doesn't reveal how much the claims are worth. Without that missing detail, the Court cannot determine whether the settlements are fair and reasonable. *See Livingston v. MiTAC Digital Corp.*, No. 18-CV-05993-JST, 2019 WL 8504695, at *4 (N.D. Cal. Dec. 4, 2019) ("[A]ny fraction has a denominator, and without knowing what it is the Court cannot balance plaintiffs' expected recovery against the proposed settlement amount.").

By August 11, 2026, Plaintiffs must publicly file a supplemental submission in which they estimate the value of their claims. Plaintiffs needn't disclose in detail how they arrived at their estimate, but they should provide the Court with some reasoning. Plaintiffs should also provide the Court with an explanation for why the ratio of the amount recovered in settlement to the amount that could have been obtained at trial is reasonable. Any party may submit a response to Plaintiffs' supplemental submission by August 18, 2026.

**IT IS SO ORDERED.**

Dated: July 31, 2026

Alex G. Tse
United States Magistrate Judge