Michael S. Myers (SBN 305011)
  myersm@ballardspahr.com
Christopher M. Wyant (pro hac vice)
  wyantc@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, California 90067
Telephone:    (424) 204-4400

Attorneys for Defendant Great Ocean Seafood Inc.

David J. Aveni (SBN 251197)
  david.aveni@wilsonelser.com
John R. Danos (SBN 210964)
  john.danos@wilsonelser.com
Colin V. Quinlan (SBN 332225)
  colin.quinlan@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:    (213) 443-5100

Attorneys for Defendant Da Yang Seafood Inc.

[additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Brand LITTLE, et al.,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>PACIFIC SEAFOOD PROCUREMENT, LLC, et al.,<br><br>                    Defendants. | Case No. 3:23-cv-01098-AGT<br><br>**STIPULATION BETWEEN PLAINTIFFS AND DEFENDANTS GREAT OCEAN SEAFOOD INC.  AND DA YANG SEAFOOD INC. WITH [PROPOSED] ORDER REGARDING DISMISSAL OF GREAT OCEAN SEAFOOD, INC.**<br><br>Judge:    Honorable Alex G. Tse |

1

Defendants Da Yang Seafood, Inc. ("Da Yang") and Great Ocean Seafood, Inc. ("Great Ocean") previously moved to dismiss the claims against them in Plaintiffs' Third, Fourth and Fifth Amended Complaints (Dkt. No. 483);

On February 10, 2026, the Court granted Da Yang's and Great Ocean's motion to dismiss without prejudice (Dkt. No. 600);

On June 29, 2026, Plaintiffs filed the Sixth Amended Complaint, naming Great Ocean and Da Yang as defendants (Dkt. No. 745);

On July 20, 2026, Great Ocean filed a motion to dismiss the Sixth Amended Complaint (Dkt. No. 780);

Plaintiffs, Great Ocean, and Da Yang hereby, stipulate, subject to court approval, to the following:

1.      Pursuant to Federal Rule of Civil Procedure 41(a)(2), Great Ocean is dismissed without prejudice and without an award of costs or attorneys' fees to any party.

2.      The statute of limitations for Plaintiffs' claims against Great Ocean in the Sixth Amended Complaint shall be tolled until such date that all claims by Plaintiffs against Da Yang have been resolved, whether by dismissal with prejudice, judgment, or settlement. Any renewed claims by Plaintiffs against Great Ocean shall relate back to the date Great Ocean was first named as a defendant in this action in substitution for a Doe defendant. In any future claims by Plaintiffs against Great Ocean, the terms of this stipulation shall not be used as evidence that Great Ocean is an alter ego of, or single enterprise with, Da Yang.

3.      Great Ocean's employee, Kyle Horgan, will appear for a single deposition pursuant Federal Rule of Civil Procedure 30(b)(1) to occur on a date mutually agreed between Plaintiffs and Great Ocean at a location in the greater Portland, Oregon metropolitan area or by video conference. Great Ocean shall provide reasonable cooperation in facilitating such deposition, including, without limitation, the acceptance of service of any subpoena for such deposition.

4.    Kyle Horgan will be deemed a custodian of Da Yang, and the documents previously produced by Great Ocean from Kyle Horgan's records will be deemed to have been produced by Da Yang. Da Yang shall have the full authority to enter stipulations concerning such documents. Da Yang reserves all objections and arguments regarding Kyle Horgan's agency, authority to act or not act on behalf of Da Yang, and to object to any further requests for production directed at Kyle Horgan's documents.

5.    Da Yang and Plaintiffs agree to work in good faith to confer regarding potential stipulations concerning the authenticity and admissibility of produced documents of which Kyle Horgan is the custodian. Such efforts to confer shall be completed in advance of any deposition of Mr. Horgan.

6.    Da Yang agrees that, for the purposes of discovery in this litigation, it has access to and can produce transactional data regarding Great Ocean's purchases and sales of Dungeness Crab. Da Yang shall have authority to enter into stipulations regarding the authenticity and admissibility of transactional data regarding Great Ocean's purchases and sales of Dungeness Crab. Da Yang reserves all objections and arguments regarding the discoverability and admissibility of such transactional data.

7.    Great Ocean has no remaining documents in its possession, custody and control that are not either accessible by Da Yang or located on Kyle Horgan's mobile device. Access to the data available on Kyle Horgan's mobile device has been provided to Da Yang.

8.    Great Ocean's motion to dismiss the Sixth Amended Complaint (Dkt. No. 780) is hereby withdrawn. Da Yang's separate motion to dismiss remains pending.

9.    Nothing in the foregoing limits any rights that Plaintiffs may have to conduct additional discovery with regards to or upon Great Ocean—including, without limitation, to move the Court for an order compelling Great Ocean to make Mr. Horgan available for additional deposition testimony—or waives any objections to, or grounds to oppose, such discovery held by Great Ocean.

STIPULATION BETWEEN PLAINTIFFS AND DEFENDANTS GREAT OCEAN SEAFOOD, DA YANG SEAFOOD WITH [PROPOSED] ORDER RE DISMISSAL OF GREAT OCEAN SEAFOOD - 23-cv-01098-AGT

Dated: August 4, 2026                                      Respectfully submitted,


                                                           BALLARD SPAHR LLP


                                              By:     */s/ Christopher Wyant*
                                                      Michael S. Myers
                                                      Christopher M. Wyant (pro hac vice)
                                                      Jessica Rizzo (pro hac vice)

                                                      *Attorneys for Defendant*
                                                      *Great Ocean Seafood Inc.*


                                                      WILSON, ELSER, MOSKOWITZ,
                                                      EDELMAN & DICKER LLP


                                              By:     */s/ John Danos*
                                                      David J. Aveni
                                                      John R. Danos
                                                      Colin V. Quinlan

                                                      *Attorneys for Defendant*
                                                      *Da Yang Seafood Inc.*


                                                      GROSS KLEIN PC

                                              By: */s/ Stuart Gross*
                                                      Stuart G. Gross
                                                      Jan W. Jorritsma
                                                      Travis H.A. Smith

                                                      *Attorneys for Plaintiffs Brad Little and*
                                                      *Robin Burns and the Proposed Classes*

[PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED:

Dated:  August 10, 2026

                                                      _____
                                                      Hon. Alex G. Tse.
                                                      United States Magistrate Judge

4

STIPULATION BETWEEN PLAINTIFFS AND DEFENDANTS GREAT OCEAN SEAFOOD, DA YANG
SEAFOOD WITH [PROPOSED] ORDER RE DISMISSAL OF GREAT OCEAN SEAFOOD - 23-cv-01098-AGT

## **LOCAL RULE 5-1(i) ATTESTATION**

I attest that each of the other signatories concur in the filing of this document.

By:*/s/ Christopher Wyant*
Christopher M. Wyant

STIPULATION BETWEEN PLAINTIFFS AND DEFENDANTS GREAT OCEAN SEAFOOD, DA YANG SEAFOOD WITH [PROPOSED] ORDER RE DISMISSAL OF GREAT OCEAN SEAFOOD - 23-cv-01098-AGT