Stuart G. Gross (SBN 251019)
Travis H.A. Smith (SBN 331305)
Jan W. Jorritsma (SBN 326772)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628

*Attorneys for Plaintiffs and the Proposed Classes*
[additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

**BRAND LITTLE, ROBIN BURNS,** and **CHERRY FISHERIES INC.**, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

**PACIFIC SEAFOOD PROCUREMENT, LLC; PACIFIC SEAFOOD PROCESSING, LLC; PACIFIC SEAFOOD FLEET, LLC; PACIFIC SEAFOOD DISTRIBUTION, LLC; PACIFIC SEAFOOD USA, LLC; DULCICH, INC.; PACIFIC SEAFOOD – EUREKA, LLC; PACIFIC SEAFOOD – CHARLESTON, LLC; PACIFIC SEAFOOD – WARRENTON, LLC; PACIFIC SEAFOOD – NEWPORT, LLC; PACIFIC SEAFOOD – BROOKINGS, LLC; PACIFIC SEAFOOD – WESTPORT, LLC; PACIFIC SURIMI – NEWPORT LLC; BLUE RIVER SEAFOOD, INC.; SAFE COAST SEAFOODS, LLC; SAFE COAST SEAFOODS WASHINGTON, LLC; OCEAN GOLD SEAFOODS, INC.; NOR-CAL SEAFOOD, INC.; KEVIN LEE; AMERICAN SEAFOOD EXP, INC.; CALIFORNIA SHELLFISH COMPANY, INC.; ROBERT BUGATTO ENTERPRISES, INC.; ALASKA ICE SEAFOODS, INC.; LONG FISHERIES, INC.; CAITO FISHERIES, INC.; CAITO FISHERIES, LLC; SOUTHWIND FOODS, LLC; FISHERMEN'S CATCH, INC.; GLOBAL QUALITY FOODS, INC.; GLOBAL QUALITY SEAFOOD LLC; OCEAN KING**

Case No. 3:23-cv-01098-AGT

**PLAINTIFFS' REPLY IN SUPPORT OF RENEWED MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS NOR-CAL SEAFOOD INC. AND KEVIN LEE SHOULD NOT BE HELD IN CONTEMPT**

Date: N/A
Time: N/A
Courtroom: A, 15th Floor
Judge: Alex G. Tse

**FISH INC.; BORNSTEIN SEAFOODS, INC.; ASTORIA PACIFIC SEAFOODS, LLC; DA YANG SEAFOOD INC.; GREAT OCEAN SEAFOOD INC.; PACIFIC DREAM SEAFOOD, INC.; JOHN CAITO; JOSEPH CAITO; JAMES CAITO; JEANETTE CAITO; and DOES 37-60,**

Defendants.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

**REPLY IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR ORDER TO SHOW CAUSE**

On July 31, 2026, in Response to Plaintiffs' Renewed Motion for Order to Show Cause ("Renewed Motion"), Dkt. 759, the Court entered an Order to Show Cause ("Show Cause Order"), Dkt. 804, directing Defendants Kevin Lee and Nor-Cal Seafood, Inc. (collectively, "Nor-Cal/Lee") to show cause why the Court should not hold it in contempt for continued violations of this Court's Order setting a discovery compliance schedule ("Stipulation and Court Order"), Dkt. 732.

On August 7, 2026, Jonathan Bornstein, Esq. entered an appearance on behalf of Defendants Nor-Cal/Lee and filed a Reply to the Court's Show Cause Order the same day. Dkts. 810, 811. Plaintiffs submit this Reply to provide the Court with a more fulsome update on the current status of Nor-Cal/Lee's discovery compliance and lack thereof.

***<u>First</u>***, since Plaintiffs' Renewed Motion, Nor-Cal has continued to violate the Stipulation and Court Order. Paragraph 3 of the Stipulation and Court Order states, "Hubert Wong's text messages by Nor-Cal/Lee will be completed by July 31, 2026. These further productions will be made based on a full ESI extraction of text messages (including all related metadata)." Dkt. 732 at ¶ 3. Plaintiffs have not received any production of Mr. Wong's text messages since the Court entered the Stipulation and Order. Gross Dec., ¶ 3, and Ex. A. If true, Nor-Cal/Lee's submission in response to the Court's July 31, 2026 Show Cause Order indicates Nor-Cal/Lee is still in the process of collecting these messages. Dkt. 811 at 2.

***<u>Second</u>,*** Nor-Cal/Lee's submission to the Court states, "[t]o date, Defendants provided supplemental responses to Interrogatory #3 and #5." *Id.* That is incorrect. As Plaintiffs' stated in their Renewed Motion, "Nor-Cal/Lee has also technically breached its obligation to provide complete Interrogatory responses to Interrogatories #3 and #5. However, Nor-Cal/Lee provided a substantial portion of the information requested, albeit after the stipulated deadline, and their counsel has represented that complete answers will be provided in the near future." Dkt. 759 at 6 n.2 (citing Dkt. 759-1 (Supplemental Declaration of Stuart G. Gross), ¶ 15). Since that time, however, Nor-Cal/Lee have not, in fact, provided any additional supplemental responses completing their answers to those Interrogatories, as represented on the parties' July 1, 2026 meet and confer. Gross Dec., ¶

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

4; Dkt. 759-1, ¶ 15.

***Third***, Plaintiffs filed their Renewed Motion in response to Nor-Cal/Lee's failure to produce Kevin Lee's remaining unproduced text messages by the deadline set out in Paragraph 2 of the Stipulation and Court Order. Dkt. 759 at 4, 6. Nor-Cal/Lee's explanation for this violation of the Stipulation and Court Order is that counsel Chris Wong, Esq.'s computer suffered some sort of catastrophe, making these documents inaccessible just before they were due to be produced. Dkt. 759-1, ¶ 16. During the parties' July 1, 2026 meet and confer, Mr. Wong represented that, as a result of his computer malfunction, Mr. Lee's text messages would have to be recollected. *Id.*; Dkt. 811 at 2. Nor-Cal/Lee's most recent submission provides no indication Nor-Cal/Lee have taken any steps to recollect and/or produce those messages. Dkt. 811.

***Fourth***, since Plaintiffs filed their Renewed Motion, Nor-Cal/Lee has made two productions. The first, received on August 4, 2026, comprises of 113 PDFs, which appear to be portions of email threads. Gross Dec., ¶ 5, Ex. B. The second, received on August 13, 2026, comprises of twenty-eight (28) files in .rmsf file format, which Nor-Cal/Lee have represented are text messages collected from Todd Kirkland's cell phone sometime after the date Mr. Kirkland stopped deleting messages on "an almost daily basis." Gross Dec., ¶ 6 and Ex. A; *see also* Dkt. 785-1, ¶ 30 and Ex. 19.

***Fifth***, Nor-Cal/Lee state in their Reply, Dkt. 811, that "[P]laintiff[s] would not meet and confer on deadlines" set out in the Stipulation and Court Order, Dkt.732. That is false. Plaintiffs did meet and confer with Nor-Cal/Lee's counsel, Chris Wong, Esq. on July 1, 2026. During that meet and confer Mr. Wong proposed substituting Nor-Cal/Lee's obligation under the Stipulation and Court Order to produce Kevin Lee's remaining text messages no later than June 30, 2026, with a promise to produce Vicky Nowlin's text messages at an unspecified future date. Plaintiffs refused, in part because Nor-Cal/Lee's deadline to produce Mr. Lee's messages had ***already passed***, and in part because Nor-Cal/Lee had already advised Plaintiffs that Ms. Nowlin has spoliated that vast majority of her responsive text messages. Gross Dec., ¶ 7; Dkt. 759-1, ¶ 30, and Ex. 19. More recently, Nor-Cal/Lee have now advised Plaintiffs that "two discovery vendors have said they cannot support Vicky's flip phone" suggesting that Nor-Cal/Lee now maintains that Ms. Nowlin's messages are completely unavailable. Gross Dec., Ex. A at 1.

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

***Sixth***, in their Reply, Nor Cal/Lee states, "On August 14, 2026, Defendants can provide representations under oath as requested by plaintiff about dates on which plaintiff can expect discovery." Dkt. 811. As of the time of filing—after close of business on Friday, August 14, 2026—no such representations have been provided to the Court or to Plaintiffs in any form. Gross Dec., ¶ 8. This continues Nor-Cal/Lee's long pattern of failing to provide what it promised to provide on the date it promised to provide it.

At this point, the possibility of Nor-Cal/Lee's ultimate compliance with their discovery obligations appears vanishingly unlikely, and Plaintiffs' repeated exhortations to Nor-Cal/Lee's counsel in an attempt to secure their compliance have been demonstrably futile. And Nor-Cal/Lee's failure to comply with its discovery obligations materially prejudices Plaintiffs. Text message communications are the most important category of document evidence in this case. And Nor-Cal/Lee's custodians' text messages are likely the only surviving copy of highly relevant exchanges, given spoliation issues involving various Defendants, including Nor-Cal. *See* Dkt. 785 at 15-24 (discussing messages not available from another source). For these reasons, Plaintiffs believe that a hearing and additional briefing are necessary to (a) ascertain what documents Nor-Cal/Lee is actually able to produce within the discovery period in this case, (b) determine what sanction will induce Nor-Cal/Lee to produce those documents; and (c) decide what sanction are necessary to address the prejudice caused to Plaintiffs by Nor-Cal/Lee's failure to comply with this Court's previous discovery orders.

## I. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court schedule a hearing regarding Nor-Cal/Lee's ongoing contempt to ascertain what discovery Nor-Cal/Lee can realistically produce prior to the date that all parties are obligated to substantially complete their document productions, and set a briefing schedule on the appropriate sanctions should be issued to (a) secure Nor-Cal/Lee's compliance with its discovery obligations to the extent possible; and (b) remedy the prejudice caused by Nor-Cal/Lee's failures to comply with the Court's discovery orders.

[signatures on following page]

GROSS KLEIN PC
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111

Respectfully Submitted,

Dated: August 14, 2026

GROSS KLEIN PC

By: */s/ Stuart G. Gross*
STUART G. GROSS

Stuart G. Gross (SBN 251019)
Travis H. A. Smith (SBN 331305)
Jan W. Jorritsma (SBN 326772)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628
*sgross@grosskleinlaw.com*
*tsmith@grosskleinlaw.com*
*jjorritsma@grosskleinlaw.com*

Matthew W. Ruan (SBN 264409)
Samantha Gupta (*admitted pro hac vice*)
**JUSTICE JAGHER LONDON & MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
(224) 632-4500
*mruan@jjlmlaw.com*
*sgupta@jjlmlaw.com*

Matthew S. Weiler (SBN 236052)
Raymond S. Levine (SBN 348030)
**SCHNEIDER WALLACE COTTRELL KONECKY, LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
(415) 421-7100
*mweiler@schneiderwallace.com*

Todd R. Gregorian (SBN 236096)
Jonathan G. Tamimi (SBN 305493)
**FENWICK & WEST LLP**
One Front Street, Floor 33
San Francisco, CA 94111
(415) 875-2300
*tgregorian@fenwick.com*
*jtamimi@fenwick.com*

*Counsel for Plaintiffs and the Proposed Classes*