UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

BRAND LITTLE, ROBIN BURNS, and CHERRY FISHERIES INC., Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

PACIFIC SEAFOOD PROCUREMENT, LLC, et al.,

Defendants.

Case No. 3:23-cv-01098-AGT

**PARTIES' JOINT STIPULATION AND ~~[PROPOSED]~~ ORDER RE REVISED CASE SCHEDULE**

Judge: The Honorable Alex G. Tse

Pursuant to Civil Local Rules 6-2 and 7-12, Plaintiffs Brand Little ("Little"), Robin Burns ("Burns"), and Cherry Fisheries Inc. ("Cherry Fisheries") (collectively, "Plaintiffs") and Defendants Pacific Seafood Procurement, LLC, Pacific Seafood Distribution, LLC, Pacific Seafood Processing, LLC, Pacific Seafood USA, LLC, Dulcich, Inc., Pacific Seafood – Eureka, LLC; Pacific Seafood – Charleston, LLC, Pacific Seafood – Warrenton, LLC, Pacific Seafood – Newport, LLC, Pacific Seafood – Brookings, LLC, Pacific Seafood – Westport, LLC, and Pacific Surimi – Newport LLC (collectively, "Pacific Seafood"); Blue River Seafood, Inc.; Safe Coast Seafoods, LLC; Safe Coast Seafoods Washington, LLC; Ocean Gold Seafoods, Inc.; American Seafood Exp, Inc.; California Shellfish Company, Inc.; Robert Bugatto Enterprises, Inc.; Alaska Ice Seafoods, Inc.; Long Fisheries, Inc.; Caito Fisheries, LLC; Southwind Foods, LLC; Fisherman's Catch, Inc.; Global Quality Foods, Inc.; Ocean King Fish Inc.; Bornstein Seafoods, Inc.; Astoria Pacific Seafoods, LLC; Da Yang Seafood Inc.; Caito Fisheries, Inc.; Joseph Caito; John Caito; Jeanette Caito; James Caito; and Does 37–60 (collectively, "Defendants") (Plaintiffs and Defendants together, the "Parties") by and through their counsel of record, hereby stipulate as follows:

WHEREAS, on March 4, 2025, the Court set the case schedule for this action, adopting the schedule jointly proposed by Plaintiffs and Defendants, with the exception of a proposed substantial completion deadline of March 9, 2026 (Dkt. 282);

WHEREAS, on August 29, 2025, the Parties submitted a Joint Case Management Statement requesting a deadline of March 9, 2026 for the substantial completion of document production (Dkt. 392), which the Court did not ultimately order;

WHEREAS, on February 27, 2026, in advance of the March 6, 2026 Case Management Conference ("CMC"), the Parties jointly requested extensions of the case schedule, including a proposed September 1, 2026 deadline for substantial completion of document production (Dkt. 629 at 14);

WHEREAS, at the March 6, 2026 CMC, the Court did not modify the case schedule and indicated it wanted to see what progress the Parties could make by the next status conference on June 5, 2026 (See Dkt. 642);

WHEREAS, on April 15, 2026, Plaintiffs and Pacific Seafood submitted a Joint Discovery Letter Brief regarding the substantial completion of document production deadline and associated case schedules wherein Plaintiffs proposed several interim discovery deadlines, including a substantial completion date of June 1, 2026, and Pacific Seafood proposed a substantial completion deadline of September 1, 2026 (Dkt. 671);

WHEREAS, on April 21, 2026, the Court issued an order declining to adopt Plaintiffs' proposed interim deadlines and requested that the Parties submit a revised case schedule following Plaintiffs' filing of a statement discussing their need to take the Rule 30(b)(1) depositions of 75 of Defendants' principals and employees (Dkt. 683);

WHEREAS, on May 25, 2026, the Court entered the Revised Case Schedule, which included a September 1, 2026 deadline for substantial completion of document production (Dkt. 710);

WHEREAS, the Parties have continued to meet and confer regarding the substantial completion deadline and the time necessary to complete document production, review documents produced on or near the substantial-completion deadline, and conduct fact discovery in an orderly manner;

WHEREAS, the Parties disagree on whether Plaintiffs and all Defendants have been making diligent discovery progress throughout the discovery period, but all Parties represented in this Stipulation have taken steps in the past six weeks to complete their outstanding discovery obligations;

WHEREAS, on September 1, 2026, the Court granted Plaintiffs' motion to compel recollection from Pacific Seafood custodians for the 2025-2026 Dungeness crab season and ordered Plaintiffs and Pacific Seafood to meet and confer by September 2, 2026 to set a schedule for production of recollected documents to occur (Dkt. 838);

WHEREAS, other Defendants have also raised objections to recollecting from their custodians for the 2025-26 Dungeness crab season, and Plaintiffs anticipate meeting and conferring further with such Defendants regarding such objections in light of the Court's September 1, 2026 Order;

WHEREAS, each of the following Parties provide the following update regarding the status of their substantial completion of document production by Defendant group:

a. Alaska Ice Seafoods, Inc. and Long Fisheries, Inc. ("Fathom Defendants"): Fathom Defendants have made significant progress in document discovery, including substantially completing production of all text messages between Fathom Defendants and crabbers or crab buyers through date of collection. Fathom Defendants have also produced structured financial data showing purchases and sales of Dungeness crab through mid-August 2026, as well as other "go-get" items like formation documents and phone logs. Fathom Defendants are meeting and conferring with Plaintiffs regarding search terms to identify the bulk of remaining potentially responsive documents. Fathom Defendants have spent considerable time and resources running and analyzing Plaintiffs' proposed search terms, have suggested modifications to limit overly broad terms, and have agreed to use Plaintiffs' proposed sampling method to eliminate additional terms. Even though final search terms have not been resolved, Fathom Defendants agreed to and have begun producing text messages, emails, and other ESI responsive to a subset of Plaintiffs' proposed terms while negotiating the others. Fathom Defendants are willing to commit significant time and resources to substantially complete their review and production of search-term responsive ESI by the proposed November 10, 2026 substantial completion deadline and will work with Plaintiffs to reach agreement upon a reasonable set of search terms to accomplish that goal.

b. American Seafood Exp, Inc. ("ASE"): ASE has been working diligently to produce documents in accordance with the Revised Case Schedule entered on or about May 25, 2026. ASE anticipates producing another large set of documents this week that ASE believes will, barring unforeseen circumstances, substantially complete its production of documents in its possession, custody, or control. Nonetheless, ASE stipulates to the proposed revised case schedule. ASE anticipates smaller productions of supplemental

and follow-up materials identified through its continued process of locating, collecting, and reviewing potentially responsive documents.

c. Blue River Seafood, Inc.; Safe Coast Seafoods, LLC; and Safe Coast Seafoods Washington, LLC: Blue River and Safe Coast have made substantial progress in producing documents responsive to Plaintiffs' requests. Despite the fact that the companies ceased operations earlier this year, they have produced thousands of text messages, financial documents, phone logs, and other materials responsive to Plaintiffs' requests. The main set of materials remaining involve internal communications, which require segregating irrelevant materials, such as sensitive personal communications, and will take time to sort through. Blue River and Safe Coast have been in discussions with Plaintiffs on how to handle such information.

d. Bornstein Seafoods, Inc. and Astoria Pacific Seafoods, LLC (collectively, "Bornstein"): Bornstein has made significant progress in document discovery, including the substantial completion of production of all text messages between Bornstein custodians and crabbers or crab buyers through the date of collection. The sole exception is an employee that Bornstein recently agreed to add as a custodian; Bornstein is currently collecting, reviewing, and preparing that custodian's text messages for production.

Bornstein has also devoted substantial time and resources to analyzing Plaintiffs' proposed search terms for internal text messages and negotiating modifications to narrow the terms. Bornstein agreed to begin reviewing and producing text messages responsive to thousands of undisputed search terms, while reserving the relatively small number of disputed terms for further discussion after the review and production of documents responsive to the undisputed terms are complete. Bornstein has begun producing responsive text messages identified by the undisputed search terms as well as Plaintiffs' catch-all terms.

In addition, Bornstein has collected emails from relevant custodians and has begun reviewing and producing responsive emails. Bornstein is also continuing to collect, review, and produce other responsive documents, some of which are maintained in

paper form or stored in legacy systems. Based on its ongoing efforts and the progress made to date, Bornstein believes it will substantially complete its document production within the timeframe requested in this Stipulation.

e. California Shellfish Company, Inc. and Robert Bugatto Enterprises, Inc. ("Hallmark"): Hallmark has produced responsive text messages between Hallmark employees and crabbers and other buyers requested by Plaintiffs. Hallmark has completed a second collection of text messages from its custodians, but has encountered several issues with its vendor that Hallmark believes will be resolved very soon. Hallmark will produce responsive text messages from this second collection within the next several weeks. Hallmark has also collected emails from relevant custodians and is preparing to produce responsive emails. Remaining documents responsive to Plaintiffs' requests are primarily maintained by Hallmark in paper form, and Hallmark has begun identifying and collecting relevant, responsive documents. Hallmark believes it will substantially complete document production within the time requested in this Stipulation.

f. Fisherman's Catch, Inc.: Fishermen's Catch has produced a large volume of documents and text messages, and is currently undergoing obtaining and producing further text messages of individuals that opposing counsel has identified. The parties continue to meet and confer over the scope of particular search terms in text messages that are not part of the crab buyer's list that Plaintiffs have circulated. The search terms generated approximately 99,000 documents. The In-Season set (1,493 terms) returned 31,885 unique documents; the Pre-Season set (1,473 terms) returned 31,152 unique documents; and the Off-Season set (1,222 terms) returned 14,415 unique documents. Deduplicated across all three sets, the terms collectively hit 34,638 unique documents. The additional time is needed to allow the parties to finish those meet and confer discussions and then review and produce the agreed upon documents.

g. Global Quality Foods, Inc. ("GQF"): GQF already produced responsive texts, emails and other relevant documents months ago. However, Plaintiffs want the production in a different format, so the parties have been meeting and conferring regarding that issue.

In addition, the parties have been negotiating search terms for subsequent requests propounded by Plaintiffs. GQF ceased operation of its seafood business in 2021 and has had difficulties responding to Plaintiffs' extensive demands due to lack of resources and staff. The additional time requested will allow GQF to complete the meet and confer negotiation with Plaintiffs and then complete the document production.

h. Ocean Gold Seafoods, Inc.: Ocean Gold expects to substantially complete document discovery within four-to-six weeks of the September 1, 2026 deadline. It is completing quality-control review of its final text messages production and will be making a significant production soon. It is also nearing completion of its review of emails responsive to RFPs 26 and 33 and is preparing the remainder of its email review. Ocean Gold may make subsequent smaller productions after that date, including any remaining non-substantive, supplemental, or follow-up productions that are identified through continued review, quality-control processes, or meet-and-confer efforts.

i. Ocean King Fish Inc. ("Ocean King"): Ocean King believes that it will have substantially completed its document production as of September 1, 2026. Ocean King has produced all text messages and emails between it and crabbers and between it and other crab buyers through the date of collection. Ocean King has also produced structured financial data regarding purchases and sales of Dungeness crab through the date of collection. Ocean King has also completed review of its other emails and text messages - based on the search terms provided by Plaintiffs - through the date of collection, and responsive documents should be produced by September 1, 2026. Finally, Ocean King is still working on collecting and producing some one-off documents, but the volume of these is very small. However, Ocean King does not oppose and stipulates to the proposed modification of the case schedule and deadlines.

j. Pacific Seafood Defendants: Pacific Seafood has made significant progress in completing document discovery, intends to be substantially complete with its document production, including communications through the 2024–2025 crab season, within three-to-four weeks of the current substantial completion deadline of September 1,

2026. Following protracted negotiation and agreement with Plaintiffs on over 1,000 search terms, Pacific Seafood has been consistently producing text messages and other ESI. Specifically, to date, Pacific Seafood has made 36 productions, consisting of over 450,000 pages of ESI, including email correspondence and text messages. Pacific Seafood has also produced transactional data following extensive meet-and-confer efforts with Plaintiffs regarding the scope and format of that data. Pacific Seafood anticipates producing over 300,000 additional pages of ESI over the course of the next three-to-four weeks. The remaining documents to produce include a final round of responsive email communications and text messages recently collected from a small subset of custodians. Pacific Seafood may make subsequent smaller productions after that date, including to address any remaining non-substantive, supplemental, or follow-up productions that are identified through continued review, quality-control processes, or meet-and-confer efforts.

k. Southwind Foods, LLC and Caito Fisheries, LLC ("Southwind"): Southwind has made substantial progress in its document-discovery efforts and is continuing to review and produce responsive emails and text messages. To manage the large volume of potentially responsive documents generated by Plaintiffs' search terms, Southwind has been implementing a statistical sampling methodology designed to reduce the review population by identifying and eliminating search terms that are unlikely to yield responsive documents. Application of that methodology to Southwind's email data has resulted in the elimination of approximately 85 search terms and a reduction of the email review population from 455,449 documents to 397,355 documents. Southwind expects to continue refining and applying the process to both email and text-message data, which currently consists of approximately 187,664 documents. The remaining work includes additional rounds of search-term sampling and validation, review of responsive email and text-message communications, and production of responsive non-privileged documents identified through those efforts. Based on its review progress to date and current staffing resources, Southwind currently estimates that it will require

approximately fifteen additional weeks to complete its review and production of remaining responsive emails and text messages. Southwind is also evaluating the use of AI-assisted review tools and other efficiencies that may reduce that timeline to meet the proposed 10-week extension.

l. Plaintiffs: Plaintiffs have substantially completed their document production. Plaintiffs expect they may make small productions of a handful of documents to complete all remaining discovery in the coming days or weeks. Plaintiffs also expect to reproduce certain third-party or Defendant materials as those are produced to Plaintiffs;

WHEREAS, neither Plaintiffs nor Defendants can adopt or independently verify the other side's foregoing descriptions;

WHEREAS, Defendants Global Quality Seafood LLC, Nor-Cal Seafood, Inc., and Kevin Lee did not provide a requested update of the progress of their efforts to meet the substantial completion deadline, and Plaintiffs represent that all such defendants are substantially out of compliance with their discovery obligations;

WHEREAS, good cause for an extension exists, because the Parties who are making diligent efforts to complete their outstanding discovery obligations will not be able to do so by the existing substantial completion deadline;

WHEREAS, the Parties agree that all Parties will need sufficient time to review documents produced on or near the substantial completion deadline in advance of depositions;

WHEREAS, the Parties agree that a ten-week extension of the substantial completion deadline is warranted, and that a fourteen-week extension of the overall fact-discovery period and other case deadlines is appropriate to account for the time necessary to review documents produced on or directly before substantial completion before commencing depositions;

WHEREAS, because expert discovery, class-certification briefing, and related case-management deadlines depend on the completion of fact discovery, the Parties agree that those downstream deadlines should be extended by fourteen weeks to preserve the sequencing contemplated by the existing schedule;

WHEREAS, the Parties agree that depositions shall be noticed no sooner than December 15, 2026, four weeks from the date of substantial completion, to permit all Parties to review documents received on or directly before substantial completion of written discovery in advance of commencing depositions;

WHEREAS, in the event the majority of documents, by document count or by page count, that Defendants produce in the period from the date of this Stipulation to the substantial completion date are received within two weeks of the substantial completion deadline, the Parties agree that additional time will be necessary for review before depositions commence;

WHEREAS, if that circumstance occurs, the Parties shall meet and confer in good faith to select a date in January 2027 on which to commence depositions;

WHEREAS, any such extension of the deposition commencement date will require a corresponding extension to the fact-discovery period;

WHEREAS, in light of the Court's order requiring Pacific Seafood to recollect documents (Dkt. 838), additional schedule modifications may be necessary in connection with that recollection and/or with that of other Parties, and the Parties reserve all rights to address any such requested extension if and when that issue arises;

**NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS, SUBJECT TO THE COURT'S APPROVAL:**

The Parties submit the following proposed revised schedule:

| **EVENT** | **CURRENT SCHEDULE** | **PROPOSED REVISED SCHEDULE** |
|---|---|---|
| Substantial Completion of All Document Production | September 1, 2026 | November 10, 2026 |
| Further Case Management Conference | October 2, 2026 | October 2, 2026 |

| EVENT | CURRENT SCHEDULE | PROPOSED REVISED SCHEDULE |
|---|---|---|
| Further Case Management Conference | January 8, 2027 | January 8, 2027 |
| Further Case Management Conference | April 2, 2027 | April 2, 2027 |
| Further Case Management Conference | August 6, 2027 | August 6, 2027 |
| Close of Fact Discovery | June 9, 2027 | September 15, 2027 |
| Last Day to File Joint Discovery Letter Briefs (Fact Discovery) | July 7, 2027 | October 13, 2027 |
| Further Case Management Conference | | November 5, 2027 |
| Plaintiffs' Initial Expert Reports Due | August 10, 2027 | November 16, 2027 |
| Defendants' Rebuttal Expert Reports Due | November 10, 2027 | February 16, 2028 |
| Plaintiffs' Reply Expert Reports Due | December 21, 2027 | March 28, 2028 |
| Further Case Management Conference | | April 7, 2028 |

| EVENT | CURRENT SCHEDULE | PROPOSED REVISED SCHEDULE |
|---|---|---|
| Close of Expert Discovery | January 11, 2028 | April 18, 2028 |
| Plaintiffs' Motion for Class Certification & All Daubert Motions Due | February 23, 2028 | May 31, 2028 |
| Further Case Management Conference | March 3, 2028 | June 9, 2028 |
| Opposition to Class Certification & Daubert Motions Due | April 4, 2028 | July 11, 2028 |
| Replies in Support of Class Certification & Daubert Motions Due | May 2, 2028 | August 3, 2028 |
| Hearing on Class Certification & Daubert Motions | June 16, 2028 | September 22, 2028 |

/ / /

/ / /

/ / /

/ / /

/ / /

Respectfully submitted,

Dated: September 10, 2026

GROSS KLEIN PC

*/s/ Stuart G. Gross*
STUART G. GROSS

Stuart G. Gross (SBN 251019)
Travis H.A. Smith (SBN 331305)
Ross A. Middlemiss (SBN 323737)
**GROSS KLEIN PC**
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
(415) 671-4628
*sgross@grosskleinlaw.com*
*tsmith@grosskleinlaw.com*

Matthew W. Ruan (SBN 264409)
Samantha Gupta (*admitted pro hac vice*)
**JUSTICE JAGHER LONDON & MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
(224) 632-4500
*mruan@jjlmlaw.com*
*sgupta@jjlmlaw.com*

Matthew S. Weiler (SBN 236052)
Raymond S. Levine (SBN 348030)
**SCHNEIDER WALLACE COTTRELL KONECKY, LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
(415) 421-7100
mweiler@schneiderwallace.com
*rlevine@schneiderwallace.com*

Todd R. Gregorian (SBN 236096)
Jonathan G. Tamimi (SBN 305493)
**FENWICK & WEST LLP**
One Front Street, Floor 33
San Francisco, CA 94111
(415) 875-2300
*tgregorian@fenwick.com*
*jtamimi@fenwick.com*

*Counsel for Plaintiffs and the Proposed Classes*

DATED: September 10, 2026

*/s/ Michelle J. Rosales*
michelle.rosales@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700

*Attorneys for Pacific Seafood Defendants*

DATED: September 10, 2026

*/s/ Christopher J. Kayser*
Christopher J. Kayser
Elizabeth E. Parker
**LARKINS VACURA KAYSER**
121 SW Morrison St. Suite 700
Portland, OR
Telephone: (503) 222-4424
cjkayser@lvklaw.com
eparker@lvklaw.com

Brian A. E. Smith
Joseph J. Fraresso
**BARTKO LLP**
1100 Sansome Street
San Francisco, CA 94111
Telephone: (415) 956-1900
bsmith@bartkolaw.com
jfraresso@bartkolaw.com

*Attorneys for Defendant Ocean Gold Seafoods, Inc.*

DATED: September 10, 2026

*/s/ Sean Tamura-Sato*
Sean Tamura-Sato
**MINAMI TAMAKI LLP**
101 Montgomery Street, Suite 825
San Francisco, CA 94104
Telephone: 415-788-9000
*seant@minamitamaki.com*

*Attorneys for Defendant American Seafood EXP, Inc.*

DATED: September 10, 2026

*/s/ Scott Cameron*
Scott Cameron
Josiah Prendergast
**WEINTRAUB TOBIN CHEDIAK COLEMAN**

**GRODIN**
400 Capitol Mall, 11th Floor
Sacramento, California 95814
Telephone: (916) 558-6000
scameron@weintraub.com
Jprendergast@weintraub.com

*Attorneys for Defendant California Shellfish Company, Inc. and Robert Bugatto Enterprises, Inc.*

DATED: September 10, 2026

*/s/ Colin W. Morrow*

Colin W. Morrow
**VANNUCCI MOMSEN MORROW**
45060 Ukiah St., Ste. A
P.O. Box 1214
Mendocino, CA 95460
Telephone: 707-380-1070
cmorrow@vmm-law.com

*Attorneys for Defendant Caito Fisheries, Inc.*

DATED: September 10, 2026

*/s/ Cameron Patel*

Steven J. Goon
Cameron Patel
**RUTAN & TUCKER, LLP**
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
sgoon@rutan.com
Svanbuiten@rutan.com

*Attorneys for Defendant Caito Fisheries, LLC and Southwind Foods, LLC*

DATED: September 10, 2026

*/s/ Victoria S. Pereira Duarte*

**K&L GATES LLP**
J. Timothy Hobbs, Jr. (*pro hac vice*)
501 Commerce Street, Ste. 1500
Nashville, Tennessee 37203
Telephone: (615) 780-6700
Tim.Hobbs@klgates.com

Henry J. Brockway (*pro hac vice*)
925 Fourth Avenue, Ste. 2900
Seattle, Washington 98104

Telephone: (206) 623-7580
Henry.Brockway@klgates.com

Victoria S. Pereira Duarte (*pro hac vice*)
70 W. Madison St., Ste. 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
Victoria.Duarte@klgates.com

Michael Stortz (SBN 139386)
4 Embarcadero Ctr., Ste 1200
San Francisco, California 94111
Telephone: (415) 882-8200
Michael.Stortz@klgates.com

*Attorneys for Defendant Bornstein Seafoods, Inc., and Astoria Pacific Seafoods, LLC*

DATED: September 10, 2026

*/s/ Sean Gates*

Sean Gates
**ILLOVSKY GATES & CALIA LLP**
155 N. Lake Avenue, Suite 800
Pasadena, California 91101
Telephone: (626) 508-1715
sean@illovskygates.com

*Attorneys for Defendant Safe Coast Seafoods, LLC, Safe Coast Seafoods Washington, LLC, and Blue River Seafood, Inc.*

DATED: September 10, 2026

*/s/ Ann A. P. Nguyen*

Ann A.P. Nguyen
**MESSNER REEVES LLP**
160 W Santa Clara Street, Suite 1000
San Jose, CA 95113
Telephone: (408) 298-7120
anguyen@messner.com

*Attorneys for Defendant Global Quality Foods, Inc.*

DATED: September 10, 2026

*/s/ Micah Allred*

Micah C. Allred
Timothy B. Fitzgerald
**McNaul Ebel Nawrot & Helgren PLLC**
600 University Street, Suite 2700
Seattle, WA 98101
(206) 467-1816
mallred@mcnaul.com
tfitzgerald@mcnaul.com

Lukas Sosnicki
**Thompson Coburn LLP**
10100 Santa Monica Blvd, Suite 500
Los Angeles, CA 90067
(310) 282-2500
lsosnicki@thompsoncoburn.com

*Attorneys for Defendants Alaska Ice Seafoods, Inc. and Long Fisheries, Inc.*

DATED: September 10, 2026

*/s/ Philip J. Wang*

Philip J. Wang
Traci Michelle Keith
**PUTTERMAN YU WANG LLP**
345 California St. Suite 1160
San Francisco, CA 94104
pwang@plylaw.com
tkeith@plylaw.com

*Attorneys for Defendant Ocean King Fish Inc.*

DATED: September 10, 2026

*/s/ Steven McLellan*

Steven McLellan
**MCLELLAN LAW GROUP LLP**
900 E. Hamilton Ave. Suite 100
Campbell, CA 95008
Mclellanlawgroup.com

*Attorneys for Defendant Fisherman's Catch Inc.*

**ATTESTATION UNDER L.R. 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), I attest under the penalty of perjury that the above signatories authorized the use of an electronic signature and concurred in the filing of this document.

Dated: September 1, 2026 *__/s/ Michelle J. Rosales__*

**PURSUANT TO STIPULATION, THE COURT ORDERS AS FOLLOWS:**

The Parties' case schedule is amended as follows:

- Substantial Completion of All Document Production: November 10, 2026;
- Further Case Management Conference: October 2, 2026;
- Further Case Management Conference: April 16, 2027;
- Further Case Management Conference: August 6, 2027
- Close of Fact Discovery: September 15, 2027;
- Last Day to File Joint Discovery Letter Briefs (Fact Discovery): October 13, 2027;
- Further Case Management Conference: November 5, 2027;
- Plaintiffs' Initial Expert Reports Due: November 16, 2027;
- Defendants' Rebuttal Expert Reports Due: February 16, 2028;
- Plaintiffs' Reply Expert Reports Due: March 28, 2028;
- Further Case Management Conference: April 7, 2028;
- Close of Expert Discovery: April 18, 2028;
- Plaintiffs' Motion for Class Certification & All Daubert Motions Due: May 31, 2028;
- Further Case Management Conference: June 9, 2028;
- Opposition to Class Certification & Daubert Motions Due: July 11, 2028;
- Replies in Support of Class Certification & Daubert Motions Due: August 3, 2028;
- Hearing on Class Certification & Daubert Motions: September 22, 2028.

**IT IS SO ORDERED.**

DATED: September 10, 2026

The Honorable Alex G. Tse
United States Magistrate Judge