UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAND LITTLE, et al.,<br>Plaintiffs,<br>v.<br>PACIFIC SEAFOOD PROCUREMENT, LLC, et al.,<br>Defendants. | Case No. 23-cv-01098-AGT<br>**ORDER ON MOTIONS REGARDING SUPPLEMENTAL CLASS NOTICE**<br>Re: Dkt. Nos. 873, 882 |

***Supplemental Notice and Protective Order.*** To assuage putative class members' concerns that if they submit Notices of Intent to Participate in the First Round Settlements their identities will be shared with Defendants and Defendants may retaliate against them, *see* dkt. 873-1, Little Decl. ¶¶ 9–11 (identifying such concerns), the Settlement Administrator, Simpluris, Inc., shall transmit by text message the following supplemental notice:

> From the Settlement Administrator – Important Privacy Update:
>
> If you submit a Notice of Intent to Participate in the First Round Settlements, your decision to participate will not be shared directly with any Defendant.
>
> Attorneys for the Settling Defendants may have access to your participation information, but they are required to keep it confidential.

> Non-Settling Defendants and their attorneys will not have access to the list. If a Non-Settling Defendant later settles, only its attorneys may receive the list to determine who wishes to participate in all settlements, and they must keep the information confidential.
>
> For more information regarding the Settlements, please call 844-804-2977 or visit www.DungenessCrabAntitrustSettlements.com. Txt STOP to OptOut.

Dkt. 873 at 5.

To further the same goal, the Court also issues the following protective order:

- Neither Plaintiffs nor Simpluris shall produce or provide information concerning the identity of those who have chosen to participate in the First Round Settlements to any person other than the attorneys for a Defendant who has entered a settlement agreement with Plaintiffs as part of the First Round Settlement or otherwise (collectively, "Settling Defendants"), absent a further order by the Court.

- Information concerning the identity of those who have chosen to participate in the First Round Settlements produced to Settling Defendants shall be designated Highly Confidential – Attorneys' Eyes Only, and the attorneys for the Settling Defendants shall not share the information with any person other than their staff, absent a further order by the Court.

- Nothing in the foregoing shall restrict any parties' access to or use of information regarding the number of persons who have chosen to participate in the First Round Settlements.

*Id.* at 6.

The supplemental notice will not prejudice Defendants. The notice doesn't mention retaliation or suggest that Defendants have done anything wrong. Also, even if putative class members' concerns about retaliation are unfounded, as certain non-settling Defendants suggest, *see* dkt. 883 at 11–16, some putative class members do have these concerns. *See* Little Decl. ¶¶ 9–10 ("I have had approximately twenty phone and in-person conversations with commercial Dungeness crab fisherman who received class notices. In every single one of

these conversations, the commercial fishermen I have spoken with have expressed concerns about non-settling Defendants learning the identities of commercial fisherman who opt to participate in the first round settlements and retaliating against them.”). The supplemental notice should lessen them.[1]

As for the protective order, the non-settling Defendants haven't identified any compelling need for information that would identify class members who choose to participate in the First Round Settlements.

***Corrective Notice.*** Certain non-settling Defendants have asked the Court to approve a corrective notice "to remedy unauthorized[,] confusing, misleading, and prejudicial notices that have [been] sent" to putative class members. Dkt. 882 at 6 (emphasis omitted); *see also* Dkt. 884 (joinder). The Court denies their request.

First, although the disseminated short-form notice contained a typographical error, omitting the word "claims" from the sentence "[t]he lawsuit [claims] that the named Defendants—of whom there are 38 distinct entities—conspired with one another . . . ," dkt. 882-1 at 46, the Court agrees with Plaintiffs that "this single omission does not somehow convey to class members that the issue of liability has been decided." Dkt. 899 at 10. Indeed, the same short-form notice refers elsewhere to the "alleged conspiracy," dkt. 882-1 at 45 (emphasis omitted), indicating that liability hasn't yet been determined.

Second, although the Court-approved short-form notice stated that "[p]ayments to Class Members from these settlements may occur after the litigation is resolved if funds

[1] Even if Plaintiff Little's statement about the twenty conversations he had with putative class members is hearsay, *see* dkt. 882 at 5, dkt. 883 at 12, Rule 26's "good cause" standard for issuing a protective order is flexible, and Defendants haven't established that Plaintiffs, to obtain a protective order, must offer evidence that would be admissible at trial.

remain," dkt. 740-9 at 3, whereas the disseminated short-form notice stated that payments "will begin after the litigation is resolved," dkt. 882-1 at 46, the Court isn't concerned that this difference in phrasing will materially confuse class members. The short-form notice accurately advised class members that the settlement proceeds "will be used to continue the litigation against the remaining Defendants," *id.*, which is why no payments from the First Round Settlements will be made to class members until the litigation is resolved, if ever. A supplemental text-message notice also made clear that "it is expected that the funds will be used to fund the costs . . . of continuing the litigation . . . , and no distributions to class members from these settlements will be made." Dkt. 882-1 at 19 (emphasis omitted). To the extent that the disseminated short-form notice suggested that class members could certainly expect distributions from the First Round Settlements, the supplemental text-message notice put that misunderstanding to rest.

Third, to the extent that Plaintiffs' initial text-message notice caused confusion about whether putative class members needed to submit a Notice of Intent to Participate form in order to participate in any future settlements, *see* dkt. 899-1, Gross Decl. ¶ 2, that confusion was corrected by a supplemental text-message notice, *see* dkt. 882-1 at 19. Another supplemental notice isn't necessary.

***Pre-Clearance Requirement.*** Although a corrective notice isn't warranted, the discussion above illustrates how the Claims Administrator has made certain modifications to Court-approved class notices without Court approval. The Claims Administrator should not make any such modifications, even if it believes the modifications are minor. To protect against any future errors of the same kind, the Court grants Defendant Ocean Gold Seafoods, Inc.'s request for the following pre-clearance order:

> Until the Court rules on final approval of the First Round Settlements, any further notice or communication to the First Round Settlement Class that is disseminated by or through the Settlement Administrator, or that states that it is authorized by the Court, shall be filed and served at least five court days before dissemination. Any party may file an objection within three court days after service, and no such notice shall be disseminated until the Court has approved it. Nothing in this Order restricts Class Counsel's individual communications with class members.

Dkt. 905 at 9–10.

***Notice-Related Discovery.*** Lastly, Defendant Ocean Gold requests that the Court order Plaintiffs to produce certain documents and communications related to the class-notice process. Dkt. 905 at 10. Given Plaintiffs' response—that "the bulk of the documents that [Ocean Gold] seek[s] have already been produced or will be," dkt. 899 at 14, the Court orders the parties to meet and confer further about these requests. If a dispute remains, the parties may file a joint statement addressing it. *See* AGT Civil Standing Order § VII.B.

**IT IS SO ORDERED.**

Dated: October 28, 2026

Alex G. Tse
United States Magistrate Judge